**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| DAIRYLAND ELECTRIC POWER COOPERATIVE,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | : | No. 04-106C<br>(Chief Judge Damich) |

**JOINT MOTION FOR ENTRY OF AN ORDER GOVERNING THE PRESERVATION OF E-MAIL AND OTHER ELECTRONIC EVIDENCE**

Pursuant to RCFC 7(b), the parties submit this Joint Motion for Entry of an Order Governing the Preservation of E-Mail and Other Electronic Evidence. Both parties agree that an order should be entered in this case governing the parties' obligations concerning the preservation of e-mail and other electronic evidence ("e-mail preservation order"), and the parties agree on the content of such an order. The parties' proposed order is attached as Exhibit 1.[1]

To date, identical or substantially similar orders governing e-mail preservation have been entered in over twenty of the spent nuclear fuel breach of contract cases ("SNF cases") pending in the Court of Federal Claims. The proposed order is identical to the order governing e-mail preservation entered by Judge Braden on October 4, 2004 in *System Fuels, Inc. v. United States*, No. 03-2624C, and is substantially similar to the e-mail preservation orders entered by Judge Williams on November 8, 2004 in *Detroit Edison Company v.*

---

[1] The parties recognize that this case is presently stayed. However, since this proposed order affects the parties' obligations during the stay period, the parties submit that the proposed order should be entered at the present time.

*United States*, No. 02-926C, *System Fuels, Inc. v. United States*, No. 03-2621C, and *Entergy Gulf States, Inc. v. United States*, No. 03-2625C and entered by Judge Lettow on October 28, 2004 in *Entergy Nuclear Indian Point 2, LLC v. United States*, No. 03-2622C, *System Fuels, Inc.v. United States*, 03-2623C, *Entergy Nuclear Generation Co. v. United States*, No. 03-2626C, and on January 4, 2005 in *South Carolina Electric & Gas Co. v. United States*, No. 04-101C. The proposed order is also substantially similar to the e-mail preservation order entered by Judge Sypolt, during the coordinated discovery proceedings, in approximately seventeen early-filed SNF cases.

The proposed order limits the parties' obligation to preserve e-mail to certain backup tapes. It also sets up a cost sharing procedure for searching any such tapes. The parties believe that the proposed order will save substantial litigation costs, promote efficiency in the prosecution of the case, and reduce discovery disputes. As such, entry of the attached proposed order will promote the "just, speedy, and inexpensive determination" of this case. RCFC 1.

The parties respectfully request that the Court enter the parties' proposed order

March 8, 2005

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold Lester, Jr. by s/ Jerry Stouck
HAROLD D. LESTER, JR.
Assistant Director

s/ Russell A. Shultis by s/ Jerry Stouck
RUSSELL A. SHULTIS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 305-7571
Fax: (202) 305-7643

Attorneys for Defendant

OF COUNSEL:
JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

s/ Jerry Stouck
JERRY STOUCK
Spriggs & Hollingsworth
1350 I Street, N.W., Ninth Floor
Washington, D.C. 20005
(202) 898-5800
(202) 682-1639 (Fax)

Attorneys for Plaintiff
Dairyland Electric Power Cooperative

OF COUNSEL:
Robert L. Shapiro
Peter J. Skalaban
SPRIGGS & HOLLINGSWORTH

**Exhibit 1**

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| DAIRYLAND ELECTRIC POWER COOPERATIVE,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | No. 04-106C<br>Filed March __, 2005 |

**<u>ORDER</u>**

For good cause shown, the Court hereby orders the adoption of the salient provisions of the E-mail Plan utilized in the coordinated discovery proceedings as follows:

1. Except as noted in paragraph 2 below, the parties agree that no preservation or retention requirements with respect to e-mail and electronic evidence apply to any of the parties.

2. The parties agree to preserve any e-mail backup tapes that exist from the 1988-96 time frame which may potentially contain relevant information. DOE will only have to preserve such tapes to the extent that they are from the Office of Civilian Radioactive Waste Management ("OCRWM").

3. The parties shall agree to share evenly the costs of any searches of any of the backup tapes preserved pursuant to paragraph 2, which costs should not exceed $15,000 for each tape.

It is so **ORDERED**

__________________________
Edward J. Damich
Chief Judge