IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| DAIRYLAND POWER COOPERATIVE<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | No. 04-0106C<br>(Chief Judge Damich)<br>Electronically filed: January 6, 2006 |

UNOPPOSED MOTION FOR ENLARGEMENT OF TIME TO SUBMIT JOINT PRELIMINARY STATUS REPORT

By Order dated October 13, 2005 (copy attached as Exhibit 1), the Court, among other things, directed the parties to file their Joint Preliminary Status Report ("JPSR") by today, January 6, 2006. On December 15, 2005, Dairyland forwarded to government counsel a draft JPSR which reflected, among other things, the same basic procedural agreement for litigating this case through trial that also was reflected in the parties' Joint Status Report filed September 30, 2005 (copy attached as Exhibit 2). Nonetheless, due to extensive and material changes to the draft JPSR requested by the government and first forwarded to Dairyland's counsel today, January 6, Dairyland unfortunately must request a 14-day enlargement of time, which the government does not oppose, so that Dairyland can 1) respond to the extensive new material added to the draft JPSR by the government today, and 2) otherwise make Dairyland's positions clear to the Court.

This request, which is Dairyland's first request for an enlargement for this purpose, is particularly frustrating because the parties have been discussing matters

required to be set forth in the JPSR at least since September, 2005. Had the government made its positions known at a reasonable time – *i.e.,* prior to today – Dairyland could have responded and no enlargement would have been necessary. Moreover, had Dairyland known that the government would attempt to back off of the basic procedural agreement noted above (and described further below), Dairyland would have brought this matter to the Court long before now.

In order to minimize further inconvenience to the Court, it will be useful to briefly set forth the background leading to this enlargement request. Dairyland, an electric cooperative based in Wisconsin, is a relatively small commercial entity that has a relatively substantial claim for damages arising from the government's breach of Dairyland's spent fuel contract. Accordingly, from the outset, Dairyland has been determined to litigate its damages claim in an efficient way.

Like many spent fuel cases pending at the Court, Dairlyand's case had been stayed pending the Federal Circuit's decision in *Indiana Michigan v United States*, 422 F.3d 1369 (Fed. Cir. 2005), and the Court requested a status report after that decision, which was rendered September 9, 2005. At that time, Dairyland's undersigned counsel discussed with government counsel Dairyland's desire to move forward with its substantial damages claim in an efficient and cost-effective way. In particular, Dairyland did not want to commence discovery until the Court had set a specific trial date. Absent a specified trial date, discovery could go on and on and on, leading to excessive and unnecessary expense. Once a trial date is set, however, the parties can negotiate an efficient pretrial schedule by working backwards from the scheduled trial date to the

commencement of discovery, which usually occurs with the exchange of Rule 26(a) disclosures.

Both parties also believed that useful guidance may be forthcoming in the next year or so from damages decisions in several spent fuel cases that already have been tried, but in which decision are still pending. The parties therefore agreed that it would be reasonable to request a trial of Dairyland's claims in mid to late 2007.

These mutual agreements of the parties are set forth in the parties' September 30, 2005 Joint Status Report, Exhibit 2:

– "both parties believe that discovery and trial in this case are likely to be more efficient and effective for the parties and the Court if the parties have the benefit of decisions that are currently pending, following damages trials, in [five]other spent fuel cases. . . . Those trials were all completed at lest several months ago, and decisions are expected in early to mid-2006," September 30, 2005 Joint Status Report, Exhibit 2, at 2;

– "the parties request this case be set for trial between March and September 2007, subject to the Court's schedule," *id.;*

– "[u]pon learning of the trial date(s), the parties will confer and present to the Court within 30 days a proposed schedule for discovery and other pretrial proceedings," *id.*;

– "[i]n particular, Dairyland believes that discovery should not commence until a trial date is established and a complete pretrial schedule has been formulated and adopted in the manner hereby requested. " *id.;*

In its October 13, 2005 Order, the Court recited the above requests and stated it "would like to accommodate the parties in this manner." Exhibit at 1. However, the

Court also stated it preferred not to skip certain procedural formalities prescribed by the Court's Rules. Accordingly, the Court directed the government to answer the complaint by November 14, 2005, and also directed both parties to file a JPSR by today, January 6. The Court also indicated it would hold an in-court preliminary status conference between January 30 and February 11, 2006.

After the government filed its answer, Dairyland's counsel prepared a first draft of the JPSR, which included statements reflecting the parties' agreement to request a trial in mid to late 2007, and also set out a specific and detailed pretrial schedule leading to trial at that time. Counsel forwarded that draft JPSR to government counsel on December 15, 2005. At that time, a second government attorney became involved in the discussions and indicated he understood the parties had agreed to proceed as reflected in the September 30 Joint Status Report and also in the draft JPSR Dairyland's counsel had tendered for consideration. At no time – until today, January 6 – did government counsel indicate any hesitation about the agreement to request a trial in mid to late 2007, and to negotiate and agree on a pretrial schedule, beginning in approximately mid-2006, leading to that trial date.

However, this morning government counsel forwarded to Dairyland's counsel a draft of the JPSR which government counsel had comprehensively revised in numerous material ways. For example, the government's draft now describes the requested 2007 trial date, and the detailed pretrial schedule leading to that date that Dairyland's counsel had previously discussed extensively with government counsel, as only "Dairyland's position." The government's new draft states the government's position as favoring an indefinite stay of proceedings pending decisions in no less than six other spent fuel cases.

The government's new draft also makes other substantial and material changes (which contradict agreements previously reached by counsel, at least informally), and adds extensive discussion of substantive issues including the issue of Greater Than Class C ("GTCC") waste.

In short, the last-minute changes the government has proposed to the JPSR are disruptive, unhelpful and ultimately dilatory. They are also inexcusable for the reasons outlined above. Going forward, Dairyland – a small company – will be seeking the Court's assistance in encouraging the government to litigate this case in a more efficient way than is reflected in the government's conduct noted above. Indeed, if Dairyland had had any inkling prior to today that the government's prior agreement to request trial in mid to late 2007 and also to request a pretrial schedule leading to that trial date was not a "real" agreement, Dairyland would not have waited until now to bring these matters to the Court's attention. Rather, Dairyland would have filed a motion last Fall requesting the Court to establish a trial date and impose a pretrial schedule along the lines discussed above.

Now, given what Dairyland's counsel learned *this morning* about the government's positions, Dairyland – regrettably – needs two additional weeks to outline its position fully and to respond to the extensive new material inserted into the JPSR by the government. In addition, this additional time will provide the parties an opportunity to attempt to agree on language that preserves the substance of the agreement reflected in the September 30 Joint Status Report. Assuming the JPSR is filed within the next two weeks, Dairyland respectfully requests that the Court not change the time frame for an in-

house status conference set out in the October 13 Order, namely sometime in the January 30 to February 11, 2006 timeframe.

For all these reasons, this motion should be granted and the Court should direct the parties to file their JPSR by January 20, 2006.

Respectfully submitted,

Dated: January 6, 2006

s/ Jerry Stouck

JERRY STOUCK
Greenberg Traurig, LLP
800 Connecticut Avenue, N.W.
Suite 500
Washington, DC 20006
(202) 331-3100 (Telephone)
(202) 261-4751 (Facsimile)
Counsel for Plaintiff
DAIRYLAND POWER COOPERATIVE

Of Counsel:

Robert L. Shapiro
Kevin Stern
GREENBERG TRAURIG, LLP