IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DAIRYLAND POWER COOPERATIVE | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-106C |
| | ) | (Chief Judge Damich) |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFF'S UNOPPOSED MOTION FOR ENLARGEMENT OF TIME TO SUBMIT JOINT PRELIMINARY STATUS REPORT

Defendant, the United States, respectfully responds to plaintiff's unopposed motion for enlargement of time to submit a joint preliminary status report ("motion"), which it filed on Friday, January 6, 2006. As discussed below, even though the Government did not oppose plaintiff's request for additional time, and although the Court granted plaintiff's unopposed motion by order dated January 9, 2006, we believe it necessary briefly to respond to the inaccurate and misleading statements in, and inflammatory nature of, plaintiff's motion.

In its motion, plaintiff, Dairyland Power Cooperative ("Dairyland"), asserts that its counsel learned for the first time on January 6, 2006, of the Government's preference to stay this case pending the outcome of the six so-called "lead" spend nuclear fuel ("SNF") cases identified by this Court. Mot. at 4.[1] This assertion is incorrect. Both counsel for plaintiff and the Court have been well aware for many months of our position in this regard. Indeed, in a motion filed on March 29, 2004, we informed the Court and plaintiff that, given the common issues that run through all of the SNF cases pending before the Court of Federal Claims, such as the scope of the Department of Energy's ("DOE's") contractual obligations under the Standard Contract

---

[1] "Mot. __" refers to plaintiff's January 6, 2006 motion.

between DOE and the nuclear utilities, we believed it would be best to wait for the resolution the six lead cases before this case proceeded. See Defendant's Motion to Stay All Proceedings Or, In The Alternative, For Coordinated Discovery Regarding Rate and Acceptance Issue, at 8-12. Although the Court stayed this case until the United States Court of Appeals for the Federal Circuit issued its decision in Indiana Michigan v. United States, 422 F.3d 1369 (Fed. Cir. 2005), we understood that the Court desired for this case to proceed. Notwithstanding the Court's apparent disagreement with our position, we respectfully believed, and continue to believe, that the best course of action for all of the spent nuclear fuel cases is to wait until the resolution of the six lead SNF cases before litigating the remaining SNF cases. It was against this backdrop that, in September 2005, we agreed with plaintiff that, as plaintiff states in its motion, "it would be reasonable to request a trial of Dairyland's claims in mid to late 2007." Mot. at 3. Despite plaintiff's assertions to the contrary, our position regarding a potential trial date for this matter has not changed since those discussions.

Plaintiff's assertions that we are somehow being "dilatory" by reminding the Court and plaintiff of our position that the best course of action would be to stay this and all SNF cases until the resolution of the six lead SNF cases is also incorrect. Plaintiff seems to agree with this position to some degree since both parties stated in the Joint Status Report filed on September 30, 2005, that discovery and trial would be "more efficient and effective" if the Court had the benefit of "decisions that are currently pending, following damages trials, in three other spent fuel cases pending in this Court . . . ." Joint Status Report, at 1. It is indeed hard to imagine how one can credibly characterize our actions as dilatory given that, during the last several months, we have agreed to hold a trial in this matter next year and have filed an answer to plaintiff's complaint. In short, plaintiff's tired mantra that the Government is engaged in delay tactics in

this or any other SNF case rings hollow.

The Government agreed not to oppose plaintiff's motion for additional time to file a joint preliminary status report so that the parties could work together to resolve scheduling and scope of trial issues as this case moves forward.[2] We plan to do just that and hope that plaintiff chooses to do the same. In the meantime, however, we find it unfortunate that plaintiff has chosen to use its motion as a soapbox to hurl false accusations regarding the Government's conduct in this litigation.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Russell A. Shultis
RUSSELL A. SHULTIS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Phone: (202) 305-7571
Fax: (202) 307-2503

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

January 11, 2006

Attorneys for Defendant

---

[2] This includes counsel for plaintiff's revelation during a telephone call on January 6, 2005, that, despite earlier admissions to the contrary, Dairyland is now claiming it does not possess Greater Than Class C ("GTCC") waste.

CERTIFICATE OF FILING

I hereby certify under penalty of perjury that, on January 11, 2006, a copy of "DEFENDANT'S RESPONSE TO PLAINTIFF'S UNOPPOSED MOTION FOR ENLARGEMENT OF TIME TO SUBMIT JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Russell A. Shultis