IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DAIRYLAND POWER COOPERATIVE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 04-0106C |
| | ) | (Chief Judge Damich) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO THE COURT'S
SHOW CAUSE ORDER DATED FEBRUARY 22, 2006

Pursuant to this Court's February 22, 2006 order, defendant, the United States ("the Government"), submits this response. The Court directed the Government to explain whether the Court's holding in Energy Northwest v. United States, 69 Fed. Cl. 500 (2006) applies in this case.

Although we respectfully disagree with the decision in Energy Northwest, and although the facts in this case may differ in some respects from those in Energy Northwest, we are not currently aware of any facts here that would distinguish this case from the legal reasoning of the Court's opinions in Energy Northwest or in Consumers Energy v. United States, 65 Fed. Cl. 364 (2005).[1] In Energy Northwest, we filed a motion for summary judgment contending that (1) the

[1] To preserve the record in this case, we respectfully incorporate by reference the arguments and briefing that we filed in Energy Northwest and Consumers Energy regarding the liability issues there. In those cases, we argued that no liability should be found unless and until the plaintiffs could establish that they had suffered some damage as a result of the Government's partial breach of contract and that, absent such a showing, a finding of liability, as opposed to a finding of breach, was premature. We further argued that the plaintiffs could not show damage resultant from the breach unless they established that, based upon the rate at which the Department of Energy ("DOE") was obligated to accept the utilities' spent nuclear fuel ("SNF") and/or high-level radioactive waste ("HLW"), DOE was obligated to accept sufficient SNF from them by specific dates that would have precluded them from having to incur particular costs for which they were going to seek recovery.

plaintiff in Energy Northwest had failed to submit any delivery commitment schedules ("DCSs") as provided by the Standard Contract for the Disposal of Spent Nuclear Fuel and/or High-Level Radioactive Waste ("Standard Contract"), the terms of which are published at 10 C.F.R. § 961.11; and (2) the plaintiff in Energy Northwest did not have any allocations providing that DOE had to accept Energy Northwest's SNF within at least the first ten years of the program. Energy Northwest, 69 Fed. Cl. at 503. In response to an order directing the Government to address the Court's decision in Consumers Energy, we attempted to distinguish the Court's liability decision in Consumers Energy, a case in which the plaintiff possessed an approved DCS.[2] Id. at 503-04.

The facts of this case, as we currently understand them, differ somewhat from those addressed in Energy Northwest. Unlike the plaintiff in Energy Northwest, the plaintiff here, Dairyland Power Cooperative ("Dairyland"), submitted DCSs for the years 1998, 1999, 2000, 2001, 2003, 2006, and 2007, requesting that the Department of Energy ("DOE") accept 193 of Dairyland's 333 spent nuclear fuel assemblies in specific years.[3] Additionally, unlike the plaintiff in Consumers Energy, Dairyland has satisfied the obligation to pay its one-time fee. However, an important distinguishing characteristic between this case and Energy Northwest, and between this case and Consumers Energy, is that all of Dairyland's nuclear operations

---

[2] One of the issues in Consumers Energy dealt with the plaintiff's failure to pay the one-time fee that, we argued, was a condition of the Government's duty to accept SNF. Consumers Energy, 65 Fed. Cl. at 367. The one-time fee payment was not at issue in Energy Northwest.

[3] All of Dairyland's DCSs were submitted and approved in 1992. When expressed in terms of Metric Tons of Uranium ("MTUs"), it appears that Dairyland's DCSs would account for 21.68 MTUs of its 37 MTUs of SNF.

ceased in 1987 – well before any breach of the Standard Contract occurred. Since that time, Dairyland has stored its SNF in its spent fuel pool. Based upon the facts of this case as we currently understand them, Dairyland, regardless of DOE's delay, would still be continuing to store some of its SNF at the present time and running its spent fuel pool under the acceptance schedule contemplated by the DCSs that Dairyland submitted. This fact should have a significant effect upon Dairyland's ability to claim that it has been damaged at this point in time by DOE's delay.

After Dairyland identifies for us what its damages claims will be in this litigation, and after we have had an opportunity to learn more about Dairyland's claim, it is possible that motions for summary judgment on various issues may be appropriate. If the costs that Dairyland would have incurred to date "but for" DOE's delay are no greater than those that it has actually incurred, it is possible that it may become appropriate to file a motion for summary judgment dealing with some of the issues that were raised in Energy Northwest and Consumers Energy.[4] Further, depending upon the scope of damages that Dairyland seeks, particularly to the extent that it seeks damages that post-date the filing of its complaint, a motion relating to Dairyland's ability to recover future damages in a partial breach case may be appropriate. Nevertheless, we would anticipate that any such motions would not be filed until after we have had an opportunity to learn about Dairyland's damages claims and, for some possible motions, to obtain at least some discovery upon those claims.

[4] It is also possible that the Court may wish to revisit these issues after decisions have been issued in Yankee Atomic Electric Company v. United States, No. 98-126C (Fed. Cl. ) and Sacramento Municipal Utility District v. United States, No. 98-488C (Fed. Cl.).

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/Russell A. Shultis
RUSSELL A. SHULTIS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-9640
Fax: (202) 307-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

March 22, 2006

CERTIFICATE OF FILING

I hereby certify that on this 22nd day of March 2006, a copy of foregoing "DEFENDANT'S RESPONSE TO THE COURT'S SHOW CAUSE ORDER DATED FEBRUARY 22, 2006" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Harold D. Lester, Jr.