IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Filed electronically on May 10, 2006

| | |
|---|---|
| DAIRYLAND POWER COOPERATIVE<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | No. 04-0106C<br>(Chief Judge Damich) |

DAIRYLAND POWER COOPERATIVE'S MOTION FOR ENLARGEMENT OF TIME TO EXCHANGE RCFC 26(a)(1) INITIAL DISCLOSURES AND RESPOND TO DEFENDANT'S DISCOVERY REQUESTS

Pursuant to RCFC 6 and 6.1, Plaintiff Dairyland Power Cooperative ("Dairyland") respectfully requests that the Court grant it an enlargement of time of thirty (30) days, to and including August 28, 2006, within which to provide the government with its RCFC 26(a)(1) Initial Disclosures and to respond to the government's First Set of Interrogatories and First Set of Requests for Production. Pursuant to the Court's Scheduling Order dated May 1, 2006, Dairyland's Initial Disclosures are currently due on July 28, 2006 and the government has indicated that it expects Dairyland to respond to its discovery requests by July 28, 2006. Dairyland has not previously sought an enlargement of time for this purpose.[1] The government has represented that it opposes this motion.

[1] As the government's discovery requests were served by mail on April 26, 2006, Dairyland's responses would ordinarily be due on May 29, 2006. Consistent with RCFC 29, the government has agreed that Dairyland need not respond to the requests before July 28, 2006.

The government has asserted that it believes there exists sufficient time between now and July 28 for Dairyland to search for, review, organize and produce its Initial Disclosures and respond to the government's 41 document requests and 19 interrogatories (Exhibit A). However, the fact of the matter is that Dairyland's lead counsel is currently immersed in preparing for the trial of the *PG&E* spent fuel case scheduled for June 5-16, 2006, and they will be working on several post-trial filings in that case during the month of July. In addition, Dairyland's other litigation counsel is expecting the birth of a child in mid-July. Accordingly, Dairyland seeks a 30-day enlargement of time so it will have sufficient time to provide the government with an appropriately detailed computation of damages, compile a large array of documents and detailed cost data, identify potential witnesses, and respond to the government's discovery requests.

Dairyland is mindful that it sought the July 28, 2006 deadline for Initial Disclosures in the parties' Joint Preliminary Status Report ("JPSR"). That report, however, was filed more than three months ago, on January 20, 2006, and Dairyland's suggested time frame contemplated the Court issuing its scheduling order shortly after the filing of the JPSR. In light of various issues raised by the government in the JPSR and the resulting uncertainty as to how and when the Court would resolve them -- and given Dairyland's determination to litigate this case in an efficient, cost effective manner -- Dairyland did not commence the substantial work to prepare its Initial Disclosures until after it received the Court's May 1, 2006 Scheduling Order. Although Dairyland is now working very diligently to prepare its Initial Disclosures and gather documents in response to the government's discovery requests, that fact is that there are now three less

months to complete these tasks as compared to the time frame available when Dairyland requested the July 28 date.

The government will not be prejudiced by the granting of this enlargement of time. By allowing Dairyland additional time to put together its Initial Disclosures and respond to the government's discovery requests, Dairyland will be able to provide a much more detailed and comprehensive damages claim up front, thereby substantially reducing the government's need to take additional discovery. Moreover, under the current Scheduling Order, fact discovery is not scheduled to commence until August 28, 2006, and is to be completed by February 16, 2007. Experience in other spent fuel cases has shown that depositions typically commence a month or so after Initial Disclosures are made, which would mean that the government will have more than four months to depose Dairyland's fact witnesses. In addition, because Dairyland does not anticipate taking more than a few fact depositions of government witnesses, the bulk of the fact discovery period will be available to the government to schedule and complete its depositions.

For these reasons, Dairyland respectfully requests that the Court enlarge its time to provide its Initial Disclosures and respond to the government's First Set of Interrogatories and First Set of Requests for Production of Documents through August 28, 2006.

Respectfully submitted,

Dated: May 10, 2006

s/ Jerry Stouck

JERRY STOUCK
Greenberg Traurig, LLP
800 Connecticut Avenue, N.W.
Suite 500
Washington, DC 20006
(202) 331-3100 (Telephone)
(202) 261-4751 (Facsimile)

*Counsel for Plaintiff*
DAIRYLAND POWER COOPERATIVE

Of Counsel:

Robert L. Shapiro
Kevin E. Stern
GREENBERG TRAURIG, LLP