IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DAIRYLAND POWER COOPERATIVE | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-106C |
| | ) | (Chief Judge Damich) |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

# DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUEST FOR AN ENLARGEMENT OF TIME TO EXCHANGE INITIAL DISCLOSURES AND TO RESPOND TO DISCOVERY REQUESTS

Defendant, the United States, respectfully responds to plaintiff's motion for an enlargement of time to exchange initial disclosures pursuant to RCFC 26(a)(1) and for the plaintiff, Dairyland Power Cooperative ("Dairyland"), to respond to the Government's first request for production of documents. Even though Dairyland agreed, in the Joint Preliminary Status Report ("JPSR"), to provide this information to the Government by July 28, 2006, Dairyland now seeks to be allowed until August 28, 2006 to do so. As discussed below, the Government opposes Dairyland's request because it prejudices the Government's ability to take discovery within the time limits provided by the already aggressive scheduling order in this case. If the Court elects to grant Dairyland's motion, the Government respectfully requests that the Court make a corresponding adjustment in all of the other deadlines in the scheduling order to minimize the adverse effect of Dairyland's request upon the Government or, alternatively, that the Court change the scheduling order and allow discovery to proceed to conclusion, after which (or the near conclusion of which) the Court will set a trial date.

Last January, Dairyland advocated an aggressive discovery schedule with the goal of

obtaining a trial date in the fall of 2007. In the JPSR, Dairyland opposed the commencement of discovery until the Court set a firm trial date allegedly because experience "teaches that commencing discovery before the end-date for discovery is established can promote unfocused and inefficient discovery efforts." JPSR at 7. With that goal in mind, Dairyland agreed to provide its initial disclosures pursuant to RCFC 26(a)(1) and to respond to the Government's first document production requests by July 28, 2006, assuming that the Government submitted its requests to Dairyland by June 28, 2006. JPSR at 17. Relying upon Dairyland's representations in the JPSR, the Government submitted its first requests for production of documents and first set of interrogatories to counsel for Dairyland on April 26, 2006.

Dairyland is now seeking additional time to submit its initial disclosures as well as to respond to the Government' requests for production of documents.[1] However, granting Dairyland's request for additional time would allow Dairyland to unfairly limit the Government's ability to take discovery. As we stated in the JPSR, the Government has already made extensive discovery from its files available to all spent nuclear fuel plaintiffs, including Dairyland. Counsel for Dairyland has had, and continues to have, access to that extensive discovery that the Government began producing in 1999, including access to dozens of depositions of Government witnesses previously taken in these cases. Conversely, the Government has not obtained <u>any</u> discovery from Dairyland regarding the damages that it will be claiming in this litigation. Given that Dairyland admits that it will seek little additional discovery from the Government, a

[1] Although Government counsel was aware that Dairyland would be seeking additional time to respond to the Government's document production requests, until receiving this motion, Government counsel was not aware that Dairyland would be seeking additional time for the exchange of initial disclosures as well. See May 8, 2006 Letter, a copy of which it attached to this motion.

shortened time period unfairly limits the Government's ability to learn about the facts of this case while Dairyland is not similarly prejudiced.

Additionally, Dairyland clearly represented in the JPSR that it would respond to the Government's request for document production by July 28, 2006. Because of the time required to review those documents and to digest and organize that information prior to using it in depositions, Dairyland's representation that it would respond to our request for production of documents by July 28, 2006 was critical to the Government's planning in this case. It was hoped that, after receiving information from the document production requests in the summer of 2006, the Government would be able to begin depositions in an efficient manner by the fall of 2006. Allowing Dairyland to delay its response prevents the Government from beginning its preparations and effectively shortens an already brief fact discovery period. Therefore, the Government is clearly prejudiced by the Dairyland's requested delay.

Further, Dairyland has failed to adequately explain why it cannot comply within the agreed upon time limit. While we sympathize with the constraints imposed by opposing counsel's preparation for trial in Pacific Gas & Electric Co. v. United States, Nos. 04-0074 & 0075 (Fed. Cl.), the Government is currently addressing the requirements of approximately 58 spent nuclear fuel cases, including PG&E. Although Dairyland seeks to delay beginning any activity in this case until its counsel has fully completed his PG&E activities, asserting that counsel is "immersed" in that case, the Government is currently scheduled to participate in numerous SNF trials, including trials in September and December 2006 in System Fuels, Inc. v. United States, No. 03-2624C (Fed. Cl.); in October and November 2006 in Northern States Power Co. v. United States, No. 98-484C (Fed. Cl.); and in early to mid-2007 in several other

SNF cases. In addition, we are required to engage in active discovery in numerous SNF cases during the same period. Dairyland's originally proposed schedule did not provide the Government with any additional time to take fact or expert discovery here due to the work required in these other cases. Indeed, counsel for Dairyland apparently seeks a luxury - handling only one SNF case at a time - that he has not been willing to allow his opposing counsel. Nevertheless, balancing the requirements of all of the spent nuclear fuel cases is one of the reasons that the Government depended upon the representations that Dairyland made in the JPSR. In light of the fact that Dairyland has more than 90 days, or more than three times the amount provided by the rules, RCFC 32(b), to respond to our requests, Dairyland has failed to make a showing that would justify its request for additional time.

Should the Court choose to grant Dairyland's request, we respectfully request that the Court amend the scheduling order to account for Dairyland's requested delay in the commencement of this case. Because granting Dairyland's request would effectively eliminate a month from fact discovery, before it even begins, in a schedule that was already very aggressive, we respectfully request that each of the deadlines in the scheduling order, beginning with the completion of fact discovery through the date for completion of expert discovery and the date for trial, be extended by 30 days. By doing so, we hope that the effect of Dairyland's request would not unfairly prejudice either party's ability to obtain the discovery information that they need in accordance with the scheduling order.

Alternatively, the Government respectfully requests that the Court change the scheduling order and elect to allow discovery to proceed to conclusion, after which (or the near conclusion of which) the Court will set a trial date. In several of the SNF cases, we have seen plaintiffs

insist that a trial date be established at the outset of discovery, with tight discovery deadlines established by reference to the need to reach that trial date. We then see the plaintiffs stalling, or significantly delaying the Government's discovery, but arguing that the scheduled trial date should never be moved, making it extremely difficult for the Government to obtain sufficient discovery. As discussed above, Dairyland has every motive to delay in providing the Government with discovery while there is a firm trial date simply because Dairyland, which already has access to the Government's document production website and past depositions, does not need discovery as much as the Government does. It would seem that the best way to address this imbalance of incentives would be to avoid setting of a trial date until after or near the close of discovery. That way, the parties are motivated to deal with the discovery process fairly and efficiently with the goal of achieving a reasonable, realistic, and informed position - knowing that adequate discovery is essentially complete - when the parties seek a trial date. The current schedule provides for expert discovery to be completed by June 15, 2007. Thus, amending the scheduling order by eliminating the trial date and, instead, setting a status conference to discuss that issue sometime near June 15, 2007, would be the most reasonable manner in which to proceed in this case.

For the foregoing reasons, we respectfully request that the Court deny Dairyland's request for an enlargement of time to exchange initial disclosures and to respond to the Government's discovery requests. If the Court elects to grant Dairyland's request, we respectfully request that the Court either enlarge all of the subsequent deadlines set out in the scheduling order by 30 days or delay setting the date for trial until discovery is completed or nearly completed.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Russell A. Shultis
RUSSELL A. SHULTIS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Phone: (202) 305-7561
Fax: (202) 307-2503

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

May 18, 2006

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify under penalty of perjury that, on May 18, 2006, a copy of "DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUEST FOR AN ENLARGEMENT OF TIME TO EXCHANGE INITIAL DISCLOSURES AND TO RESPOND TO DISCOVERY REQUESTS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Russell A. Shultis