IN THE UNITED STATES COURT OF FEDERAL CLAIMS
Electronically filed on July 27, 2006

| | | |
|---|---|---|
| DAIRYLAND POWER COOPERATIVE, | ) | |
| Plaintiff, | ) | No. 04-0106C |
| v. | ) | (Chief Judge Damich) |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

DAIRYLAND'S EMERGENCY MOTION FOR ENTRY OF PROTECTIVE ORDER AND STAY OF THE PARTIES' EXCHANGE OF CONFIDENTIAL MATERIAL

Pursuant to RCFC 26(c), Dairyland Power Cooperative ("Dairyland") respectfully submits this Emergency Motion for Entry of Protective Order and Stay of the Parties' Exchange of Confidential Material.

Pursuant to the Court's Orders of May 1, 2006 and May 23, 2006, the parties are scheduled to exchange their RCFC 26(a)(1) initial disclosures on July 28, 2006. Because several of the documents and materials Dairyland is planning on producing in connection with its initial disclosures and in subsequent discovery in this case contain confidential and proprietary information, Dairyland delivered the proposed protective order attached as Exhibit A to the government for comment on July 10, 2006. *See* Exhibit B. At this time, Dairyland specifically advised the government that Dairyland needed a protective order in place before the parties exchanged initial disclosures on July 28. *See id.* Because Dairyland's proposed protective order is almost identical to protective orders that have been entered in other spent fuel cases, Dairyland reasonably believed that it would be an unopposed, non-controversial issue. However, despite Dairyland's counsel having had numerous follow-up telephone conversations with government

counsel, including conversations on July 18, 21, 24 and 26, wherein government counsel repeatedly promised to provide a response to Dairyland's proposed protective order, the government has yet to respond or identify any reason why the proposed order should not be entered as proposed.

Given the government's failure to identify any specific concerns regarding the language in the proposed protective order, Dairyland respectfully requests that the Court enter the proposed order attached as Exhibit A. Dairyland's proposed protective order mirrors the language used in protective orders that have been entered in other spent fuel cases, including the protective order that was entered in the common discovery proceedings before Judge Sypolt (Exhibit C). The only substantive difference with these other protective orders is that, while protective orders in other spent fuel cases have typically allowed for disclosure of a party's confidential material to attorneys in the other spent fuel cases, Dairyland's proposed protective order would, absent written consent from the producing party, limit disclosure and use of confidential material to attorneys for the parties in this case and the persons regularly employed in such attorneys' offices, as well as other persons as reasonably necessary for the litigation of this action. This provision is similar in substance to the language the government stipulated to in *Northern States Power Company v. United States* (*see* Exhibit D). Like Northern States Power, Dairyland believes this slight modification to the protective order utilized in other spent fuel cases is necessary to prevent disclosure of its confidential, proprietary and/or trade secret information to its competitors and to protect against the use of such information in other cases.

Thus, in order to expedite resolution of the protective order issue and completion of the initial disclosures, Dairyland respectfully requests that the Court schedule a telephonic hearing on July 28, 2006 or as soon as is practicable.

Furthermore, while Dairyland is otherwise fully prepared to serve its initial disclosures on July 28, due solely to the government's dilatory and non-responsive approach to the protective order issue, Dairyland must respectfully request that the Court stay the parties' production of any confidential material, including any confidential material that is to be exchanged in connection with the parties' initial disclosures, pending entry of a protective order.[1]

For these reasons, the Court should grant Dairyland's emergency motion and enter the proposed protective order attached as Exhibit A and stay the parties' production of any confidential material until such protective order is entered.

Respectfully submitted,

July 27, 2006

s/ Jerry Stouck
JERRY STOUCK
Greenberg Traurig, LLP
800 Connecticut Avenue, NW
Suite 500
Washington, DC 20006
(202) 331-3100 (Telephone)
(202) 261-4751 (Facsimile)
*Counsel for Plaintiff*
DAIRYLAND POWER COOPERATIVE

Of Counsel:
Robert L. Shapiro
Kevin E. Stern
GREENBERG TRAURIG, LLP

[1] Dairyland will vigorously oppose any attempt by the government to delay or adjust the other deadlines and schedule in this case where any delay in producing any confidential material would be solely the result of the government's dilatory approach to the protective order issue.

# EXHIBIT A

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| DAIRYLAND POWER COOPERATIVE<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | No. 04-0106C<br>(Chief Judge Damich) |

PROTECTIVE ORDER

Discovery and other proceedings in this case and the other cases pending before the court concerning the Standard Contract, 10 C.F.R. Part 961 (hereinafter referred to as "the spent nuclear fuel cases") may require the parties to disclose Confidential Material (as defined herein) of the parties. Accordingly, the court orders the following:

1. The term "Confidential Material" shall refer to confidential, financial, trade secret, privileged, competitively-sensitive information, or records falling within the scope of the Privacy Act, 5 U.S.C. § 552a, disclosed in discovery or other proceedings in this case. Subject to the provisions of Paragraph 8 below, material shall be deemed Confidential Material when so designated in the manner described in Paragraph 2 below. After disclosure of any Confidential Material, all copies made of that material, all notes made therefrom, all summaries thereof and all references made or relating thereto contained in other documents, of any kind whatsoever, shall also constitute Confidential Material.

2. The designation of Confidential Material may be made by the disclosing party by placing or affixing on documents disclosed the word "confidential" or by stating in a letter to counsel for the receiving party or parties that all or any portion of the documents accompanying that letter are Confidential Material within the meaning of this protective order.

3. Each person receiving Confidential Material shall maintain such Confidential Material in his or her possession in a manner sufficient to protect such material against unauthorized disclosure.

4. Absent written consent from the producing party, Confidential Material shall be used by the receiving party solely for the purpose of conducting this litigation and not for any business or other purpose whatsoever, except as provided in this protective order. Confidential Material shall be disclosed only to attorneys for plaintiff, attorneys for the United States in this action, persons regularly employed in such attorneys' offices, or, subject to the provisions of Paragraph 5 below, other persons as reasonably necessary for the litigation of this action. Nothing contained in this protective order shall prevent or in any way limit or impair the right of counsel for the United States to disclose to any agency of the United States (including other divisions and branches of the Department of Justice) any document or information regarding any potential violation of law or regulation or, subject to procedures that maintain the confidentiality of Confidential Material consistent with this protective order, prevent or limit in any way the use of such documents and information by an agency in any proceeding regarding any potential violation of law or regulation.

5. With the exception of attorneys for plaintiff, attorneys for the United States

in this action, and persons regularly employed in such attorneys' offices, any person to whom Confidential Material is to be disclosed by the receiving party shall first be advised by an attorney for the receiving party or parties that pursuant to this protective order such person may not divulge any such Confidential Material to any other person not authorized under Paragraph 4 above to have access to such Confidential Material. The attorney shall secure from each person a declaration in the form attached hereto, stating that such person has read this protective order and agrees to be bound by it. Such declaration shall be maintained in the possession of the attorney securing the declaration until further order of the court.

6. Subject to order of the court, that portion of any pleading, motion, deposition transcript or other document submitted or presented to or filed with the court containing Confidential Material shall be placed under seal and shall not be available to persons other than the court and authorized employees of the court, the attorneys of record in this case, and persons authorized by this protective order. In the event that any Confidential Material is used in any deposition or court proceeding herein, the parties shall attempt to further stipulate as to the procedures for use of Confidential Material in such proceedings. If necessary, any dispute regarding the procedures for use of Confidential Material in deposition or court proceedings shall be submitted to the court for resolution. Any Confidential Material in question shall be treated as Confidential Material until resolution of the dispute by the court and shall be treated thereafter in accordance with any court order or direction resolving the matter.

7. Nothing in the foregoing provisions of this protective order shall be deemed to preclude plaintiff, the United States, or third parties from seeking and

obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material or from seeking and obtaining leave to disclose documents or other discovery material beyond the terms of this protective order.

8. If a party determines that a previously produced document inadvertently was not identified as containing Confidential Material, the producing party shall give notice in writing that the document is to be treated as containing Confidential Material, and thereafter the designated document shall be treated as Confidential Material in accordance with this protective order or, if the written notice also states that the previously produced document contains privileged material, the document shall be returned to the producing party.

9. Nothing in the foregoing provisions of this protective order shall be deemed to preclude plaintiff or the United States from objecting to the designation of documents or other discovery material as Confidential Material. In such event, the party designating the documents or other discovery materials as Confidential Material shall have the burden to file a motion for a protective order with the court demonstrating that there is good cause to designate the documents or materials as such and that they properly are subject to treatment under this protective order. Documents and materials addressed in any such motion shall be treated as Confidential Material until resolution of the motion, and thereafter shall be treated in accordance with the court's disposition of the motion.

10. Within ninety (90) days after the conclusion of this litigation, the parties shall undertake reasonable and prudent efforts to return all original Confidential Material to the disclosing party and to destroy all copies of

Confidential Material and, further, the parties shall certify to the court that such reasonable and prudent efforts have been undertaken; EXCEPT THAT each party may maintain one copy of any Confidential Material in its master file for this case, provided that any copies of any Confidential Material are clearly stamped "confidential" or affixed with a similar legend indicating that the materials are subject to this protective order.

11. For information sought that is or may be covered by the Privacy Act, defendant, in response to any discovery properly propounded pursuant to the Rules of the United States Court of Federal Claims, is hereby authorized, pursuant to 5 U.S.C. § 552a(b)(11), to release to opposing counsel in the spent nuclear fuel cases records which are relevant to this action, and which may be subject to the Privacy Act, without obtaining prior written consent of the individual to whom such records pertain. Such disclosures shall be deemed authorized by law.

IT IS SO ORDERED.

EDWARD J. DAMICH
CHIEF JUDGE

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DAIRYLAND POWER COOPERATIVE | ) | |
| Plaintiff, | ) | No. 04-0106C |
| v. | ) | (Chief Judge Damich) |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**DECLARATION OF**

______________________________

1. My name is ______________________________.

2. My business address is ______________________________.

3. My present employer is ______________________________.

4. My present occupation or job description is ________________________.

5. I have received a copy of the Protective Order entered by the court in connection with the above-captioned matter.

6. I have carefully read and understand the provisions of the Protective Order.

7. I certify that I am eligible to have access to the Confidential Material under paragraph 4 of the Protective Order.

8. I will comply with all of the provisions of the Protective Order.

9. I will hold all Confidential Material in confidence, will not disclose such information to anyone not specifically entitled to access under the Protective Order, and will use the information solely for purposes of this litigation, except as provided by the Protective Order.

10. At the conclusion of this litigation, I will return all originals of all Confidential Material and any copies of Confidential Material, whether prepared by me or anyone else, to counsel for the party by whom I am employed or retained.

Further declarant sayeth naught.

__________________________________
(signature)

DATED: __________________________

wdc-fs1\288032v03

# EXHIBIT B

**Greenberg Traurig**

Kevin E. Stern
Tel. 202.331.3100
Fax 202.331.3101
sternk@gtlaw.com

July 10, 2006

***VIA FACSIMILE AND FIRST-CLASS MAIL***

Russell A. Shultis
Trial Attorney
Department of Justice
Commercial Litigation Branch
Civil Division -- Classification Unit
8th Floor Mailroom
1100 L Street, NW
Washington, DC 20530

Re: *Dairyland Power Cooperative v. United States*

Dear Russ:

In connection with the parties' exchange of initial disclosures on July 28 and responding to the government's discovery requests, Dairyland anticipates that it will be producing confidential information. Before producing such material, Dairyland will need entry of a protective order that will protect against public disclosure of its confidential material. Enclosed is a proposed protective order that we would ask for your consent to be entered in this case. As you will see, our proposed order mirrors the language used in protective orders that have been entered in other spent fuel cases with one exception: while protective orders in other spent fuel cases have typically allowed for disclosure of a party's confidential material to attorneys in the other spent fuel cases, Dairyland's proposed protective order would, absent written consent from the producing party, limit disclosure and use of confidential material to attorneys for the parties in this case and the persons regularly employed in such attorneys' offices, as well as other persons as reasonably necessary for the litigation of this action. (For your convenience, I have also enclosed a redline version of our proposed protective order that shows modifications from the order that was entered in the *PG&E* case.)

Our proposed language is similar to the language the government stipulated to in *Northern States Power Company v. United States* (see enclosed). Like Northern States Power, Dairyland believes this slight modification is necessary to prevent disclosure of its confidential,

proprietary and/or trade secret information to competitors and to protect against the use of such information in other cases.

As we need the protective order in place before the parties exchange initial disclosures on July 28, please let me know as promptly as possible whether the government consents to its entry or if you have any questions or proposed changes.

Very truly yours,

Kevin E. Stern

Enclosures

# EXHIBIT C

# In the United States Court of Federal Claims

(Filed May 9, 2002)

| | | |
|---|---|---|
| ***************************************** | * | |
| YANKEE ATOMIC ELECTRIC COMPANY | * | |
| CONNECTICUT YANKEE ATOMIC POWER COMPANY | * | |
| MAINE YANKEE ATOMIC POWER COMPANY | * | |
| FLORIDA POWER & LIGHT COMPANY | * | |
| NORTHERN STATES POWER COMPANY | * | Case Nos. |
| DUKE POWER, A Division of DUKE ENERGY CORP. | * | 98-126C, 98-154C, 98-474C, 98-483C, |
| INDIANA MICHIGAN POWER COMPANY | * | 98-484C, 98-485C, |
| SACRAMENTO MUNICIPAL UTILITY DISTRICT | * | 98-486C, 98-488C, 98-614C, 98-621C, |
| SOUTHERN NUCLEAR OPERATING COMPANY, et al. | * | 99-447C, 00-440C, |
| COMMONWEALTH EDISON COMPANY | * | 00-697C, 00-703C, 01-115C, 01-116C, |
| BOSTON EDISON COMPANY | * | 01-249C, 01-551C |
| GPU NUCLEAR, INCORPORATED | * | |
| WISCONSIN ELECTRIC POWER COMPANY | * | |
| POWER AUTHORITY OF THE STATE OF NEW YORK | * | UNCONSOLIDATED |
| OMAHA PUBLIC POWER DISTRICT | * | |
| NEBRASKA PUBLIC POWER DISTRICT | * | |
| TENNESSEE VALLEY AUTHORITY | * | |
| PSEG NUCLEAR LLC | * | Judge Diane Gilbert Sypolt |
| Plaintiffs, | * | |
| v. | * | Discovery Judge |
| THE UNITED STATES, | * | |
| Defendant. | * | |
| ***************************************** | * | |

**Order**

On May 8, 2002, defendant filed an unopposed motion for entry of an amended agreement and protective order. The motion is granted.

DIANE GILBERT SYPOLT*
Judge, U.S. Court of Federal Claims

* Appointed as Judge Diane Gilbert Weinstein.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| YANKEE ATOMIC ELECTRIC COMPANY | ) |
| CONNECTICUT YANKEE ATOMIC POWER COMPANY | ) |
| MAINE YANKEE ATOMIC POWER COMPANY | ) |
| FLORIDA POWER & LIGHT COMPANY | ) |
| NORTHERN STATES POWER COMPANY | ) Case Nos. 98-126C, |
| DUKE POWER, A Division of DUKE ENERGY CORP. | ) 98-154C, 98-474C, |
| INDIANA MICHIGAN POWER COMPANY | ) 98-483C, 98-484C, |
| SACRAMENTO MUNICIPAL UTILITY DISTRICT | ) 98-485C, 98-486C, |
| SOUTHERN NUCLEAR OPERATING COMPANY, et al. | ) 98-488C, 98-614C, |
| COMMONWEALTH EDISON COMPANY | ) 98-621C, 99-447C, |
| BOSTON EDISON COMPANY | ) 00-440C, 00-697C, |
| GPU NUCLEAR, INCORPORATED | ) 00-703C, 01-115C, |
| WISCONSIN ELECTRIC POWER COMPANY | ) 01-116C, 01-249C |
| POWER AUTHORITY OF THE STATE OF NEW YORK | ) 01-551C |
| OMAHA PUBLIC POWER DISTRICT | ) |
| NEBRASKA PUBLIC POWER DISTRICT | ) Judge Sypolt |
| TENNESSEE VALLEY AUTHORITY | ) (Discovery Judge) |
| PSEG NUCLEAR LLC, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

MOTION FOR ENTRY OF AMENDED AGREEMENT AND PROTECTIVE ORDER, AND MOTION FOR EXPEDITED CONSIDERATION[1]

On May 6, 2002, the Court ordered the Government to produce two categories of documents, one of which is documents covered by the Privacy Act, 5 U.S.C. § 552a. In order to control the dissemination of these documents covered by the Privacy Act after they are produced and to govern future disclosure of documents covered by the Privacy Act, the Government respectfully requests that the Court to enter an amended agreement and protective order, as set forth in Exhibit A of this motion, to govern the disclosure of confidential materials, including

[1] So that the Government may comply with the Court's order, dated May 6, 2002, to produce documents covered by the Privacy Act, we respectfully request expedited consideration of this motion.

those covered by the Privacy Act, in connection with this case. Counsel for the Utility Plaintiffs have informed the Government that the Utility Plaintiffs do not oppose this motion.

Respectfully submitted,

ROBERT D. MCCALLUM, JR.
Assistant Attorney General

David M. Cohen /by HD Lester

DAVID M. COHEN
Director

Harold D. Lester, Jr.

HAROLD D. LESTER, JR.
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-6288

May 8, 2002

Attorneys for Defendant

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| YANKEE ATOMIC ELECTRIC COMPANY | ) | |
| CONNECTICUT YANKEE ATOMIC POWER COMPANY | ) | |
| MAINE YANKEE ATOMIC POWER COMPANY | ) | |
| FLORIDA POWER & LIGHT COMPANY | ) | |
| NORTHERN STATES POWER COMPANY | ) | Case Nos. 98-126C, |
| DUKE POWER, A Division of DUKE ENERGY CORP. | ) | 98-154C, 98-474C, |
| INDIANA MICHIGAN POWER COMPANY | ) | 98-483C, 98-484C, |
| SACRAMENTO MUNICIPAL UTILITY DISTRICT | ) | 98-485C, 98-486C, |
| SOUTHERN NUCLEAR OPERATING COMPANY, et al. | ) | 98-488C, 98-614C, |
| COMMONWEALTH EDISON COMPANY | ) | 98-621C, 99-447C, |
| BOSTON EDISON COMPANY | ) | 00-440C, 00-697C, |
| GPU NUCLEAR, INCORPORATED | ) | 00-703C, 01-115C, |
| WISCONSIN ELECTRIC POWER COMPANY | ) | 01-116C, 01-249C |
| POWER AUTHORITY OF THE STATE OF NEW YORK | ) | 01-551C |
| OMAHA PUBLIC POWER DISTRICT | ) | |
| NEBRASKA PUBLIC POWER DISTRICT | ) | Judge Sypolt |
| TENNESSEE VALLEY AUTHORITY | ) | (Discovery Judge) |
| PSEG NUCLEAR LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

AGREEMENT AND PROTECTIVE ORDER

Discovery and other proceedings in this case and the other cases pending before the Court concerning the Standard Contract, 10 C.F.R. Part 961 (hereinafter referred to as the "spent nuclear fuel cases") may require the parties to disclose confidential information (as defined herein) of the parties. Accordingly, it is hereby AGREED BETWEEN THE PARTIES AND THEIR COUNSEL, AND ORDERED BY THE COURT:

1. The term "Confidential Material" shall refer to confidential, financial, trade secret, privileged, competitively-sensitive information or records falling within the scope of the Privacy Act, 5 U.S.C. § 552a, disclosed in discovery or other proceedings in this case. Subject to the

provisions of Paragraph 8 below, material shall be deemed Confidential Material when so designated in the manner described in paragraph 2 below. After disclosure of any "Confidential Material," all copies made of that material, and all notes made therefrom and all references made thereto, of any kind whatsoever, shall also constitute "Confidential Material."

2. The designation of Confidential Material may be made by the disclosing party by placing or affixing on documents disclosed the word "confidential" or by stating in a letter to counsel for the receiving party or parties that all or any portion of the documents accompanying that letter are "Confidential Material" within the meaning of this agreement and order.

3. Each person receiving Confidential Material shall maintain such Confidential Material in his or her possession in a manner sufficient to protect such material against unauthorized disclosure.

4. Confidential Material shall be used by the receiving party solely for the purpose of conducting the above-entitled litigation and not for any business or other purpose whatsoever, except as provided in this agreement and protective order. Confidential Material shall be disclosed only to attorneys for plaintiffs, attorneys for the United States, persons regularly employed in such attorneys' offices, or, subject to the provisions of paragraph 5 below, other persons as reasonably necessary for the litigation of this action. Nothing contained in this agreement and protective order shall prevent or in any way limit or impair the right of counsel for the United States to disclose to any agency of the United States (including other divisions and branches of the Department of Justice) any document or information regarding any potential violation of law or regulation or, subject to procedures that maintain the confidentiality of Confidential Material consistent with this agreement and protective order, prevent or limit in any way the use of such

documents and information by an agency in any proceeding regarding any potential violation of law or regulation.

5. With the exception of attorneys for plaintiffs in the spent nuclear fuel cases, attorneys for the United States, and persons regularly employed in such attorneys' offices, any person to whom Confidential Material is to be disclosed by the receiving party shall first be advised by an attorney for the receiving party or parties that pursuant to this agreement and protective order such person may not divulge any such Confidential Material to any other person not authorized under paragraph 4 above to have access to such Confidential Material. The attorney shall secure from each person a declaration in the form attached hereto, stating that such person has read this agreement and protective order and agrees to be bound by it. Such declaration shall be maintained in the possession of the attorney securing the declaration until further order of the Court.

6. Subject to order of the Court, that portion of any pleading, motion, deposition transcript or other document submitted or presented to or filed with the Court containing Confidential Material shall be placed under seal and shall not be available to persons other than the Court and authorized employees of the Court, the attorneys of record for the parties to the spent nuclear fuel case, and persons authorized by this agreement and protective order. In the event that any Confidential Material is used in any deposition or Court proceeding herein, the parties shall attempt to further stipulate as to the procedures for use of Confidential Material in such proceedings. If necessary, any dispute regarding the procedures for use of Confidential Material in deposition or Court proceedings shall be submitted to the Court for resolution.

7. Nothing in the foregoing provisions of this agreement and protective order shall be deemed to preclude plaintiffs, the United States, or third parties from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material or from seeking and obtaining leave to disclose documents or other discovery material beyond the terms of this agreement and protective order.

8. If a party determines that a previously produced document inadvertently was not identified as containing protected information, the producing party shall give notice in writing that the document is to be treated as containing protected information, and thereafter the designated document shall be treated in accordance with this Order or returned to the producing party if the material is identified as privileged.

9. Nothing in the foregoing provisions of this agreement and protective Order shall be deemed to preclude plaintiffs or the United States from objecting to the designation of documents or other discovery material as Confidential Material. In such event, the party designating the documents or other discovery materials as Confidential Material shall have the burden to file a motion for a protective order with the Court demonstrating that there is good cause to designate the documents or materials as such and that they properly are subject to treatment under this agreement and protective order.

10. Within ninety (90) days after the conclusion of this litigation, the parties shall undertake reasonable and prudent efforts to return all original Confidential Material to the disclosing party and to destroy all copies of and all notes, summaries, and references relating to such Confidential Material and, further, the parties shall certify to the Court that such reasonable and prudent efforts have been undertaken; EXCEPT THAT each party may maintain one copy of any

Confidential Material in its master file for this case, including one copy of any notes or summaries relating to such Confidential Material, provided that any copies of any Confidential Material or notes or summaries relating to such Confidential Material are clearly stamped "Confidential" or affixed with a similar legend indicating that the materials are subject to this agreement and protective order.

11. For information sought that is or may be covered by the Privacy Act, defendant, in response to any discovery properly propounded pursuant to the Rules of the United States Court of Federal Claims, is hereby authorized, pursuant to 5 U.S.C. § 552a(b)(11), to release to opposing counsel in these cases records which are relevant to this action, and which may be subject to the Privacy Act, without obtaining prior written consent of the individual to whom such records pertain. Such disclosures shall be deemed authorized by law.

ORDERED:

____________________________
Judge Diane Gilbert Sypolt

Dated: ________________

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| YANKEE ATOMIC ELECTRIC COMPANY | ) |
| CONNECTICUT YANKEE ATOMIC POWER COMPANY | ) |
| MAINE YANKEE ATOMIC POWER COMPANY | ) |
| FLORIDA POWER & LIGHT COMPANY | ) |
| NORTHERN STATES POWER COMPANY | ) Case Nos. 98-126C, |
| DUKE POWER, A Division of DUKE ENERGY CORP. | ) 98-154C, 98-474C, |
| INDIANA MICHIGAN POWER COMPANY | ) 98-483C, 98-484C, |
| SACRAMENTO MUNICIPAL UTILITY DISTRICT | ) 98-485C, 98-486C, |
| SOUTHERN NUCLEAR OPERATING COMPANY, et al. | ) 98-488C, 98-614C, |
| COMMONWEALTH EDISON COMPANY | ) 98-621C, 99-447C, |
| BOSTON EDISON COMPANY | ) 00-440C, 00-697C, |
| GPU NUCLEAR, INCORPORATED | ) 00-703C, 01-115C, |
| WISCONSIN ELECTRIC POWER COMPANY | ) 01-116C, 01-249C |
| POWER AUTHORITY OF THE STATE OF NEW YORK | ) 01-551C |
| OMAHA PUBLIC POWER DISTRICT | ) |
| NEBRASKA PUBLIC POWER DISTRICT | ) Judge Sypolt |
| TENNESSEE VALLEY AUTHORITY | ) (Discovery Judge) |
| PSEG NUCLEAR LLC, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

DECLARATION OF ____________________

1. My name is ______________________________.

2. My business address is _________________________

_________________________________________________________.

3. My present employer is _________________________

_________________________________________________________.

4. My present occupation or job description is

_________________________________________________________.

5. I have received a copy of the Agreement and Protective Order entered by the Court in connection with the above-captioned matter.

6. I have carefully read and understand the provisions of the Agreement and Protective Order.

7. I certify that I am eligible to have access to the Confidential Material under paragraph 4 of the Agreement and Protective Order.

8. I will comply with all of the provisions of the Agreement and Protective Order.

9. I will hold all Confidential Material and any duplicates, notes, abstracts or summaries thereof in confidence, will not disclose such information to anyone not specifically entitled to access under the Agreement and Protective Order, and will use the information solely for purposes of this litigation, except as provided by the Agreement and Protective Order.

10. At the conclusion of this litigation, I will return all originals of all Confidential Materials and any duplicates, notes, abstracts or summaries thereof, whether prepared by me or anyone else, to counsel for the party by whom I am employed or retained.

Further declarant sayeth naught.

______________________________

(signature)

DATED: ____________________

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 8th day of May, 2002, I caused to served by facsimile and United States mail (postage prepaid, first-class mail) copies of " MOTION FOR ENTRY OF AGREEMENT AND PROTECTIVE ORDER," addressed as follows:

Counsel for:

Boston Edison Co. v. United States, No. 99-447C (Fed. Cl.) (Allegra, J.);
Duke Power Co. v. United States, No. 98-485C (Fed. Cl.) (Tidwell, S.J.);
Florida Light & Power Co. v. United States, No. 98-483C (Fed. Cl.) (Andewelt, J.);
GPU Nuclear, Inc. v. United States, No. 00-440C (Fed. Cl.) (Bush, J.);
Indiana Michigan Power Co. v. United States, No. 98-429C (Fed. Cl.) (Hodges, J.);
Northern States Power Co. v. United States, No. 98-484C (Fed. Cl.) (Wiese, J.);
Power Authority of the State of New York v. United States, No. 00-703C (Fed. Cl.) (Damich, J.);
Omaha Public Power District v. United States, No. 01-115C (Bush, J.); and,
Nebraska Public Power District v. United States, No. 01-116C (Weinstein, J.);
PSEG Nuclear, LLC v. United States, No. 01-551C (Turner, J.)

ALEX D. TOMASZCZUK
Shaw Pittman
1650 Tysons Boulevard
McLean, Virginia 22102-4859

Counsel for:

Connecticut Yankee Atomic Power Co. v. United States, No. 98-154C (Fed. Cl.) (Merow, S.J.);
Maine Yankee Atomic Power Co. v. United States, No. 98-474C (Fed. Cl.) (Merow, S.J.); and
Yankee Atomic Electric Co. v. United States, No. 98-126C (Fed. Cl.) (Merow, S.J.):

JERRY STOUCK
Spriggs & Hollingsworth
1350 I Street, N.W.
Ninth Floor
Washington, D.C. 20005-3305

Counsel for:

Sacramento Municipal Irrigation District v. United States, No. 98-488C (Fed. Cl.) (Yock, S.J.):

MELVIN C. GARBOW
Arnold & Porter
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206

Counsel for:

Southern Nuclear Operating Co. v. United States, No. 98-614C) (Fed. Cl.) (Merow, S.J.):

M. STANFORD BLANTON
Balch & Bingham LLP
1710 Sixth Avenue North
Birmingham, Alabama 35203

Counsel for:

Wisconsin Electric Power Co. v. United States, No. 00-697C (Fed. Cl.) (Merow, S.J.):

RICHARD W. OEHLER
Perkins Coie LLP
1201 Third Avenue
40th Floor
Seattle, Washington 98101-3099

Counsel for:

Commonwealth Edison Co. v. United States, No. 98-621C (Judge Hewitt):

RICHARD C. JOHNSON
Jenner & Block
601 Thirteenth Street, N.W.
Suite 1200 South
Washington, D.C. 20005

Counsel for:

Tennessee Valley Authority v. United States, No. 01-249C (Bruggink, J.)

PETER K. SHEA
Office of the General Counsel
Tennessee Valley Authority
400 West Summit Hill Drive
Knoxville, Tennessee 37902-1401

# EXHIBIT D

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
(Electronically Filed on February 24, 2006)

| | | |
|---|---|---|
| **NORTHERN STATES POWER COMPANY,**<br>Plaintiff,<br>v.<br>**THE UNITED STATES,**<br>Defendant. | ) | No. 98-484C<br>(Senior Judge Wiese) |

**MOTION FOR ENTRY OF ORDER BASED ON JOINT STIPULATION REGARDING PROPRIETARY INFORMATION AND TRADE SECRETS**

Pursuant to RCFC 7 and the Protective Order ¶¶ 6, 7 in this case, the Plaintiff Northern States Power Company ("NSP") and the Defendant (the "Government") submit this joint stipulation and a proposed order to be entered in this case.

Generally, the Protective Order allows a party to designate "Confidential Material" and provides for filing under seal these materials in pleadings, motions, deposition transcripts, or other documents submitted to the Court. *See* Protective Order ¶ 5 (Attachment 1 - Order entering Protective Order and "Agreement and Protective Order"). For the vast bulk of documents produced in this case, the parties agree that the current protective order provides adequate protection. However, NSP is preparing to produce documents, some of which have been marked as "proprietary" or designated as including "trade secrets" of NSP (or third-parties). Documents with these designations include, for example, documents filed with the Minnesota Public Utility Commission and grant contracts between NSP and third-parties.

Under the Protective Order, the parties may seek "additional protection with respect to the confidentiality of documents or other discovery material . . . ." *Id.* ¶ 7. In this regard, the

parties seek this additional protection, because the Protective Order would otherwise allow attorneys in any of the spent nuclear fuel cases (not just the instant case) and any of their clients to have access to these proprietary documents. The Protective Order, as it stands, also potentially allows the Government to use these documents in other cases. The parties agree that this additional protection should cover all produced documents with "proprietary" or "trade secrets" legends.

To assure that these materials are adequately protected and consistent with the procedure in Protective Order ¶ 2, the parties stipulate that documents (or other material) produced during discovery that include a "proprietary" or "trade secrets" legend placed or affixed on such documents or as designated in a letter from counsel for the disclosing party to counsel for the receiving party accompanying these documents will be given additional protection under Protective Order ¶ 7. Documents produced to the Government prior to the date of this joint stipulation will not be covered by this stipulation, unless such documents are specifically identified by bates number in a letter from counsel for NSP to counsel for the Government requesting additional protection per the terms of this stipulation. Pursuant to this stipulation, such confidential documents will be used only by NSP, its counsel, the Government's counsel, or those working with NSP or the Government in connection with the instant case, and such documents will not be further used, disclosed, or disseminated without the written consent of NSP. The parties further stipulate that they will use best efforts to prevent the disclosure of such documents to any persons, parties, or entities not necessary to the prosecution or defense of the instant case. Notwithstanding this stipulation, a party may challenge the designation of any such documents consistent with the terms of Protective Order ¶ 9.

A proposed order is included as part of this joint stipulation.

Dated: February 24, 2006

Respectfully submitted,

s/ Alex D. Tomaszczuk by s/ Daniel S. Herzfeld
Alex D. Tomaszczuk
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
1650 Tysons Boulevard
McLean, Virginia 22102-4859
(703) 770-7940
(703) 770-7901 (fax)
Counsel of Record for Plaintiff
Northern States Power Company

Of Counsel:

Jay E. Silberg
Daniel S. Herzfeld
Jack Y. Chu
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
2300 N Street, N.W.
Washington, D.C. 20037-1128
(202) 663-8000
(202) 663-8007 (fax)

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Heide L. Herrmann
HEIDE L. HERRMANN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 305-3315
Fax: (202) 307-2503
Attorneys for Defendant

OF COUNSEL:
JANE K. TAYLOR
MARTHA S. CROSLAND
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

**PROPOSED ORDER**
**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
(Electronically Filed on February __, 2006)

| | | |
|---|---|---|
| **NORTHERN STATES POWER COMPANY,**<br><br>Plaintiff,<br><br>v.<br><br>**THE UNITED STATES,**<br><br>Defendant. | ) | No. 98-484C<br>(Senior Judge Wiese) |

**ORDER**

In accordance with the parties' stipulation and consistent with the procedure in Protective Order ¶ 2, documents (or other material) produced during discovery that include a "proprietary" or "trade secrets" legend placed or affixed on such documents or as designated in a letter from counsel for the disclosing party to counsel for the receiving party accompanying these documents will be given additional protection under Protective Order ¶ 7. Documents produced to the United States ("Government") prior to the date of the parties' joint stipulation will not be covered by this Order, unless such documents are specifically identified by bates number in a letter from counsel for Northern States Power Company ("NSP") to counsel for the Government requesting additional protection per the terms of the parties' stipulation and this Order. Such confidential documents will be used only by NSP, its counsel, the Government's counsel, or those working with NSP or the Government in connection with the instant case, and such documents will not be further used, disclosed, or disseminated without the written consent of NSP. The parties must use their best efforts to prevent the disclosure of such documents to any

persons, parties, or entities not necessary to the prosecution or defense of the instant case. Notwithstanding this order, a party may challenge the designation of any such documents consistent with the terms of Protective Order ¶ 9.

John P. Wiese
Judge

# In the United States Court of Federal Claims

(Filed May 9, 2002)

| | | |
|---|---|---|
| YANKEE ATOMIC ELECTRIC COMPANY<br>CONNECTICUT YANKEE ATOMIC POWER COMPANY<br>MAINE YANKEE ATOMIC POWER COMPANY<br>FLORIDA POWER & LIGHT COMPANY<br>NORTHERN STATES POWER COMPANY<br>DUKE POWER, A Division of DUKE ENERGY CORP.<br>INDIANA MICHIGAN POWER COMPANY<br>SACRAMENTO MUNICIPAL UTILITY DISTRICT<br>SOUTHERN NUCLEAR OPERATING COMPANY, et al.<br>COMMONWEALTH EDISON COMPANY<br>BOSTON EDISON COMPANY<br>GPU NUCLEAR, INCORPORATED<br>WISCONSIN ELECTRIC POWER COMPANY<br>POWER AUTHORITY OF THE STATE OF NEW YORK<br>OMAHA PUBLIC POWER DISTRICT<br>NEBRASKA PUBLIC POWER DISTRICT<br>TENNESSEE VALLEY AUTHORITY<br>PSEG NUCLEAR LLC<br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | * | **Case Nos.**<br>**98-126C, 98-154C, 98-474C, 98-483C, 98-484C, 98-485C, 98-486C, 98-488C, 98-614C, 98-621C, 99-447C, 00-440C, 00-697C, 00-703C, 01-115C, 01-116C, 01-249C, 01-551C**<br><br>**UNCONSOLIDATED**<br><br>**Judge Diane Gilbert Sypolt**<br><br>**Discovery Judge** |

**Order**

On May 8, 2002, defendant filed an unopposed motion for entry of an amended agreement and protective order. The motion is granted.

DIANE GILBERT SYPOLT*
Judge, U.S. Court of Federal Claims

* Appointed as Judge Diane Gilbert Weinstein.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| YANKEE ATOMIC ELECTRIC COMPANY<br>CONNECTICUT YANKEE ATOMIC POWER COMPANY<br>MAINE YANKEE ATOMIC POWER COMPANY<br>FLORIDA POWER & LIGHT COMPANY<br>NORTHERN STATES POWER COMPANY<br>DUKE POWER, A Division of DUKE ENERGY CORP.<br>INDIANA MICHIGAN POWER COMPANY<br>SACRAMENTO MUNICIPAL UTILITY DISTRICT<br>SOUTHERN NUCLEAR OPERATING COMPANY, et al.<br>COMMONWEALTH EDISON COMPANY<br>BOSTON EDISON COMPANY<br>GPU NUCLEAR, INCORPORATED<br>WISCONSIN ELECTRIC POWER COMPANY<br>POWER AUTHORITY OF THE STATE OF NEW YORK<br>OMAHA PUBLIC POWER DISTRICT<br>NEBRASKA PUBLIC POWER DISTRICT<br>TENNESSEE VALLEY AUTHORITY<br>PSEG NUCLEAR LLC,<br><br>Plaintiffs,<br><br>UNITED STATES,<br><br>Defendant. | Case Nos. 98-126C, 98-154C, 98-474C, 98-483C, 98-484C, 98-485C, 98-486C, 98-488C, 98-614C, 98-621C, 99-447C, 00-440C, 00-697C, 00-703C, 01-115C, 01-116C, 01-249C 01-551C<br><br>Judge Sypolt<br>(Discovery Judge) |

MOTION FOR ENTRY OF AMENDED AGREEMENT AND PROTECTIVE ORDER, AND MOTION FOR EXPEDITED CONSIDERATION[1]

On May 6, 2002, the Court ordered the Government to produce two categories of documents, one of which is documents covered by the Privacy Act, 5 U.S.C. § 552a. In order to control the dissemination of these documents covered by the Privacy Act after they are produced and to govern future disclosure of documents covered by the Privacy Act, the Government respectfully requests that the Court to enter an amended agreement and protective order, as set forth in Exhibit A of this motion, to govern the disclosure of confidential materials, including

[1] So that the Government may comply with the Court's order, dated May 6, 2002, to produce documents covered by the Privacy Act, we respectfully request expedited consideration of this motion.

those covered by the Privacy Act, in connection with this case. Counsel for the Utility Plaintiffs have informed the Government that the Utility Plaintiffs do not oppose this motion.

Respectfully submitted,

ROBERT D. MCCALLUM, JR.
Assistant Attorney General

David M. Cohen / by HD Lester

DAVID M. COHEN
Director

Harold D. Lester, Jr.

HAROLD D. LESTER, JR.
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-6288

May 8, 2002

Attorneys for Defendant

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| YANKEE ATOMIC ELECTRIC COMPANY | ) |
| CONNECTICUT YANKEE ATOMIC POWER COMPANY | ) |
| MAINE YANKEE ATOMIC POWER COMPANY | ) |
| FLORIDA POWER & LIGHT COMPANY | ) |
| NORTHERN STATES POWER COMPANY | ) Case Nos. 98-126C, |
| DUKE POWER, A Division of DUKE ENERGY CORP. | ) 98-154C, 98-474C, |
| INDIANA MICHIGAN POWER COMPANY | ) 98-483C, 98-484C, |
| SACRAMENTO MUNICIPAL UTILITY DISTRICT | ) 98-485C, 98-486C, |
| SOUTHERN NUCLEAR OPERATING COMPANY, et al. | ) 98-488C, 98-614C, |
| COMMONWEALTH EDISON COMPANY | ) 98-621C, 99-447C, |
| BOSTON EDISON COMPANY | ) 00-440C, 00-697C, |
| GPU NUCLEAR, INCORPORATED | ) 00-703C, 01-115C, |
| WISCONSIN ELECTRIC POWER COMPANY | ) 01-116C, 01-249C |
| POWER AUTHORITY OF THE STATE OF NEW YORK | ) 01-551C |
| OMAHA PUBLIC POWER DISTRICT | ) |
| NEBRASKA PUBLIC POWER DISTRICT | ) Judge Sypolt |
| TENNESSEE VALLEY AUTHORITY | ) (Discovery Judge) |
| PSEG NUCLEAR LLC, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

AGREEMENT AND PROTECTIVE ORDER

Discovery and other proceedings in this case and the other cases pending before the Court concerning the Standard Contract, 10 C.F.R. Part 961 (hereinafter referred to as the "spent nuclear fuel cases") may require the parties to disclose confidential information (as defined herein) of the parties. Accordingly, it is hereby AGREED BETWEEN THE PARTIES AND THEIR COUNSEL, AND ORDERED BY THE COURT:

1. The term "Confidential Material" shall refer to confidential, financial, trade secret, privileged, competitively-sensitive information or records falling within the scope of the Privacy Act, 5 U.S.C. § 552a, disclosed in discovery or other proceedings in this case. Subject to the

provisions of Paragraph 8 below, material shall be deemed Confidential Material when so designated in the manner described in paragraph 2 below. After disclosure of any "Confidential Material," all copies made of that material, and all notes made therefrom and all references made thereto, of any kind whatsoever, shall also constitute "Confidential Material."

2. The designation of Confidential Material may be made by the disclosing party by placing or affixing on documents disclosed the word "confidential" or by stating in a letter to counsel for the receiving party or parties that all or any portion of the documents accompanying that letter are "Confidential Material" within the meaning of this agreement and order.

3. Each person receiving Confidential Material shall maintain such Confidential Material in his or her possession in a manner sufficient to protect such material against unauthorized disclosure.

4. Confidential Material shall be used by the receiving party solely for the purpose of conducting the above-entitled litigation and not for any business or other purpose whatsoever, except as provided in this agreement and protective order. Confidential Material shall be disclosed only to attorneys for plaintiffs, attorneys for the United States, persons regularly employed in such attorneys' offices, or, subject to the provisions of paragraph 5 below, other persons as reasonably necessary for the litigation of this action. Nothing contained in this agreement and protective order shall prevent or in any way limit or impair the right of counsel for the United States to disclose to any agency of the United States (including other divisions and branches of the Department of Justice) any document or information regarding any potential violation of law or regulation or, subject to procedures that maintain the confidentiality of Confidential Material consistent with this agreement and protective order, prevent or limit in any way the use of such

documents and information by an agency in any proceeding regarding any potential violation of law or regulation.

5. With the exception of attorneys for plaintiffs in the spent nuclear fuel cases, attorneys for the United States, and persons regularly employed in such attorneys' offices, any person to whom Confidential Material is to be disclosed by the receiving party shall first be advised by an attorney for the receiving party or parties that pursuant to this agreement and protective order such person may not divulge any such Confidential Material to any other person not authorized under paragraph 4 above to have access to such Confidential Material. The attorney shall secure from each person a declaration in the form attached hereto, stating that such person has read this agreement and protective order and agrees to be bound by it. Such declaration shall be maintained in the possession of the attorney securing the declaration until further order of the Court.

6. Subject to order of the Court, that portion of any pleading, motion, deposition transcript or other document submitted or presented to or filed with the Court containing Confidential Material shall be placed under seal and shall not be available to persons other than the Court and authorized employees of the Court, the attorneys of record for the parties to the spent nuclear fuel case, and persons authorized by this agreement and protective order. In the event that any Confidential Material is used in any deposition or Court proceeding herein, the parties shall attempt to further stipulate as to the procedures for use of Confidential Material in such proceedings. If necessary, any dispute regarding the procedures for use of Confidential Material in deposition or Court proceedings shall be submitted to the Court for resolution.

7. Nothing in the foregoing provisions of this agreement and protective order shall be deemed to preclude plaintiffs, the United States, or third parties from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material or from seeking and obtaining leave to disclose documents or other discovery material beyond the terms of this agreement and protective order.

8. If a party determines that a previously produced document inadvertently was not identified as containing protected information, the producing party shall give notice in writing that the document is to be treated as containing protected information, and thereafter the designated document shall be treated in accordance with this Order or returned to the producing party if the material is identified as privileged.

9. Nothing in the foregoing provisions of this agreement and protective Order shall be deemed to preclude plaintiffs or the United States from objecting to the designation of documents or other discovery material as Confidential Material. In such event, the party designating the documents or other discovery materials as Confidential Material shall have the burden to file a motion for a protective order with the Court demonstrating that there is good cause to designate the documents or materials as such and that they properly are subject to treatment under this agreement and protective order.

10. Within ninety (90) days after the conclusion of this litigation, the parties shall undertake reasonable and prudent efforts to return all original Confidential Material to the disclosing party and to destroy all copies of and all notes, summaries, and references relating to such Confidential Material and, further, the parties shall certify to the Court that such reasonable and prudent efforts have been undertaken; EXCEPT THAT each party may maintain one copy of any

Confidential Material in its master file for this case, including one copy of any notes or summaries relating to such Confidential Material, provided that any copies of any Confidential Material or notes or summaries relating to such Confidential Material are clearly stamped "Confidential" or affixed with a similar legend indicating that the materials are subject to this agreement and protective order.

11. For information sought that is or may be covered by the Privacy Act, defendant, in response to any discovery properly propounded pursuant to the Rules of the United States Court of Federal Claims, is hereby authorized, pursuant to 5 U.S.C. § 552a(b)(11), to release to opposing counsel in these cases records which are relevant to this action, and which may be subject to the Privacy Act, without obtaining prior written consent of the individual to whom such records pertain. Such disclosures shall be deemed authorized by law.

ORDERED:

________________________
Judge Diane Gilbert Sypolt

Dated: ________________

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| YANKEE ATOMIC ELECTRIC COMPANY | ) | |
| CONNECTICUT YANKEE ATOMIC POWER COMPANY | ) | |
| MAINE YANKEE ATOMIC POWER COMPANY | ) | |
| FLORIDA POWER & LIGHT COMPANY | ) | |
| NORTHERN STATES POWER COMPANY | ) | Case Nos. 98-126C, |
| DUKE POWER, A Division of DUKE ENERGY CORP. | ) | 98-154C, 98-474C, |
| INDIANA MICHIGAN POWER COMPANY | ) | 98-483C, 98-484C, |
| SACRAMENTO MUNICIPAL UTILITY DISTRICT | ) | 98-485C, 98-486C, |
| SOUTHERN NUCLEAR OPERATING COMPANY, et al. | ) | 98-488C, 98-614C, |
| COMMONWEALTH EDISON COMPANY | ) | 98-621C, 99-447C, |
| BOSTON EDISON COMPANY | ) | 00-440C, 00-697C, |
| GPU NUCLEAR, INCORPORATED | ) | 00-703C, 01-115C, |
| WISCONSIN ELECTRIC POWER COMPANY | ) | 01-116C, 01-249C |
| POWER AUTHORITY OF THE STATE OF NEW YORK | ) | 01-551C |
| OMAHA PUBLIC POWER DISTRICT | ) | |
| NEBRASKA PUBLIC POWER DISTRICT | ) | Judge Sypolt |
| TENNESSEE VALLEY AUTHORITY | ) | (Discovery Judge) |
| PSEG NUCLEAR LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DECLARATION OF ____________________

1. My name is ______________________________.

2. My business address is _________________________

______________________________________________________________.

3. My present employer is _________________________

______________________________________________________________.

4. My present occupation or job description is

______________________________________________________________.

5. I have received a copy of the Agreement and Protective Order entered by the Court in connection with the above-captioned matter.

6. I have carefully read and understand the provisions of the Agreement and Protective Order.

7. I certify that I am eligible to have access to the Confidential Material under paragraph 4 of the Agreement and Protective Order.

8. I will comply with all of the provisions of the Agreement and Protective Order.

9. I will hold all Confidential Material and any duplicates, notes, abstracts or summaries thereof in confidence, will not disclose such information to anyone not specifically entitled to access under the Agreement and Protective Order, and will use the information solely for purposes of this litigation, except as provided by the Agreement and Protective Order.

10. At the conclusion of this litigation, I will return all originals of all Confidential Materials and any duplicates, notes, abstracts or summaries thereof, whether prepared by me or anyone else, to counsel for the party by whom I am employed or retained.

Further declarant sayeth naught.

______________________________
(signature)

DATED: ______________________

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 8th day of May, 2002, I caused to served by facsimile and United States mail (postage prepaid, first-class mail) copies of " MOTION FOR ENTRY OF AGREEMENT AND PROTECTIVE ORDER," addressed as follows:

Counsel for:

Boston Edison Co. v. United States, No. 99-447C (Fed. Cl.) (Allegra, J.);
Duke Power Co. v. United States, No. 98-485C (Fed. Cl.) (Tidwell, S.J.);
Florida Light & Power Co. v. United States, No. 98-483C (Fed. Cl.) (Andewelt, J.);
GPU Nuclear, Inc. v. United States, No. 00-440C (Fed. Cl.) (Bush, J.);
Indiana Michigan Power Co. v. United States, No. 98-429C (Fed. Cl.) (Hodges, J.);
Northern States Power Co. v. United States, No. 98-484C (Fed. Cl.) (Wiese, J.);
Power Authority of the State of New York v. United States, No. 00-703C (Fed. Cl.) (Damich, J.);
Omaha Public Power District v. United States, No. 01-115C (Bush, J.); and,
Nebraska Public Power District v. United States, No. 01-116C (Weinstein, J.);
PSEG Nuclear, LLC v. United States, No. 01-551C (Turner, J.)

ALEX D. TOMASZCZUK
Shaw Pittman
1650 Tysons Boulevard
McLean, Virginia 22102-4859

Counsel for:

Connecticut Yankee Atomic Power Co. v. United States, No. 98-154C (Fed. Cl.) (Merow, S.J.);
Maine Yankee Atomic Power Co. v. United States, No. 98-474C (Fed. Cl.) (Merow, S.J.); and
Yankee Atomic Electric Co. v. United States, No. 98-126C (Fed. Cl.) (Merow, S.J.):

JERRY STOUCK
Spriggs & Hollingsworth
1350 I Street, N.W.
Ninth Floor
Washington, D.C. 20005-3305

Counsel for:

Sacramento Municipal Irrigation District v. United States, No. 98-488C (Fed. Cl.) (Yock, S.J.):

MELVIN C. GARBOW
Arnold & Porter
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206

Counsel for:

Southern Nuclear Operating Co. v. United States, No. 98-614C) (Fed. Cl.) (Merow, S.J.):

M. STANFORD BLANTON
Balch & Bingham LLP
1710 Sixth Avenue North
Birmingham, Alabama 35203

Counsel for:

Wisconsin Electric Power Co. v. United States, No. 00-697C (Fed. Cl.) (Merow, S.J.):

RICHARD W. OEHLER
Perkins Coie LLP
1201 Third Avenue
40th Floor
Seattle, Washington 98101-3099

Counsel for:

Commonwealth Edison Co. v. United States, No. 98-621C (Judge Hewitt):

RICHARD C. JOHNSON
Jenner & Block
601 Thirteenth Street, N.W.
Suite 1200 South
Washington, D.C. 20005

Counsel for:

Tennessee Valley Authority v. United States, No. 01-249C (Bruggink, J.)

PETER K. SHEA
Office of the General Counsel
Tennessee Valley Authority
400 West Summit Hill Drive
Knoxville, Tennessee 37902-1401