No. 03-2663C
(Chief Judge Damich)

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

DAIRYLAND POWER COOPERATIVE,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

---

# DEFENDANT'S RESPONSE TO PLAINTIFF'S EMERGENCY MOTION FOR ENTRY OF PROTECTIVE ORDER AND STAY OF THE PARTIES' EXCHANGE OF CONFIDENTIAL MATERIAL

---

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

HAROLD D. LESTER, JR.
Assistant Director

RUSSELL A. SHULTIS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, NW, 8th Floor
Washington, D.C. 20530
Telephone: (202) 305-9640
Facsimile: (202) 307-2503

OF COUNSEL:

JANE K. TAYLOR
Office of the General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington D.C. 20585

August 4, 2006

Attorneys for Defendant

## TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

DEFENDANT'S RESPONSE TO PLAINTIFF'S EMERGENCY MOTION FOR ENTRY OF PROTECTIVE ORDER AND STAY OF THE PARTIES' EXCHANGE OF CONFIDENTIAL MATERIAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

I. DAIRYLAND HAS FAILED TO SHOW GOOD CAUSE FOR ENTRY OF A PROTECTIVE ORDER THAT DIFFERS SIGNIFICANTLY FROM THE EXISTING PROTECTIVE ORDERS IN THESE CASES AND ELIMINATES THE GOVERNMENT'S ABILITY TO USE INFORMATION PRODUCED BY DAIRYLAND IN OTHER SNF CASES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

II. THE GOVERNMENT'S PROPOSED PROTECTIVE ORDERS PROVIDE FOR ANY NEEDED ADDITIONAL PROTECTION OF MATERIAL, BUT ENSURES THAT DAIRYLAND SHOWS 'GOOD CAUSE' FOR THE DESIGNATION OF MATERIAL AS SUBJECT THIS HEIGHTENED PROTECTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

ATTACHMENT -- PROPOSED PROTECTIVE ORDERS

## TABLE OF AUTHORITIES

### CASES

Adolph Coors Co. v. American Ins. Co.,
164 F.R.D. 507 (D. Colo. 1993) . . . . . . . . . . 5

American Standard, Inc. v. Pfizer, Inc.,
828 F.2d 734 (Fed. Cir. 1987) . . . . . . . . . . 4, 7

Cipollone v. Liggett Group, Inc.,
785 F.2d 1108 (3rd Cir. 1986) . . . . . . . . . . 4, 7

Deford v. Schmid Products Co.,
120 F.R.D. 648 (D. Md. 1987) . . . . . . . . . . 4

Forest Prods. Northwest v. United States,
No. 05-5007, 2006 WL 1817073 (Fed. Cir. July 5, 2006) . . . . . . . . . . 4, 7

Miles v. Boeing Co.,
154 F.R.D. 112 (E.D. Pa. 1994) . . . . . . . . . . 4

Northern States Power Co. v. United States,
No. 98-484C (Weise, S.J.) . . . . . . . . . . 6, 7, 8, 10

Reliance Ins. Co. v. Barron's,
428 F. Supp. 200 (S.D.N.Y. 1977) . . . . . . . . . . 4

Rice v. United States,
39 Fed. Cl. 747 (1997) . . . . . . . . . . 4

THK America, Inc. v. NSK Co.,
157 F.R.D. 637 (N.D. Ill. 1993) . . . . . . . . . . 10

United States v. Hooker Chemical & Plastics,
90 F.R.D. 421 (W.D. N.Y. 1981) . . . . . . . . . . 4

Vermont Yankee Nuclear Power Corp. v. United States,
No. 02-898C (Feb. 15, 2006) . . . . . . . . . . 2

**MISCELLANEOUS**

C. Wright, A. Miller & R. Marcus, Federal Practice & Procedure § 2043 (2d ed. 1994) . . . . . . . 4

Restatement (Second) of Contracts § 211 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DAIRYLAND POWER COOPERATIVE,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ) ) ) ) ) ) ) ) ) | No. 04-0106C<br>(Chief Judge Damich) |

DEFENDANT'S RESPONSE TO PLAINTIFF'S EMERGENCY MOTION FOR ENTRY OF PROTECTIVE ORDER AND STAY OF THE PARTIES' EXCHANGE OF CONFIDENTIAL MATERIAL

Pursuant to the Court's order dated August 2, 2006, defendant, the United States, respectfully responds to the emergency motion for entry of protective order and stay filed by plaintiff, Dairyland Power Cooperative ("Dairyland"). While the Government agrees that the Court should issue a protective order regarding the treatment of confidential and privileged information disclosed during the discovery process in this case, we oppose the entry of a protective order that differs in substance from the orders entered in the other spent nuclear fuel ("SNF") cases pending before this Court.

BACKGROUND

There are 58 SNF cases pending before the Court. They all involve claims arising from the Department of Energy's ("DOE") delay in beginning SNF acceptance pursuant to the Standard Contract, 10 C.F.R. § 961.11. On May 9, 2002, Judge Sypolt, in the coordinated discovery proceedings, granted the Government's motion for a protective order that protected "Confidential Material," which was defined as "confidential, financial, trade secret, privileged, competitively-sensitive or records falling within the scope of the Privacy Act." Order (May 9,

2002) ¶ 1 (hereinafter "CD Order").[1] This order was entered in the 18 SNF cases then pending before the Court and allows protected information to be shared between these 18 cases. Pursuant to that protective order, "Confidential Material shall be used by the receiving party solely for the purpose of conducting the above-entitled litigation and not for any business or other purpose." CD Order, ¶ 4. The protective order further provides that "[n]othing in the foregoing provisions of this agreement and protective order shall be deemed to preclude plaintiffs, the United States, or third parties from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material or from seeking and obtaining leave to disclose documents or other discovery material beyond the terms of this agreement and protective order." CD Order, ¶ 7. Since entry of this order in the coordinated discovery proceedings, protective orders have been entered in 18 additional cases that are substantially similar to the coordinated discovery protective order. Most of these subsequent orders indicate that "Confidential Material shall be used by the receiving party solely for the purpose of conducting litigation in the spent nuclear fuel cases pending in the United States Court of Federal Claims and not for any business or other purpose whatsoever." See, e.g., Order in Vermont Yankee Nuclear Power Corp. v. United States, No. 02-898C (Feb. 15, 2006), ¶ 4 (emphasis added).[2]

---

[1] The order entered by Judge Sypolt is exhibit C to Dairyland's motion.

[2] As we conducted a comprehensive review of the existing protective orders, we discovered that, in seven individual SNF cases, the Court entered in those cases the coordinated discovery proceedings protective order as it was written there. In the coordinated order, the Court limited distribution of protected material to "the above-entitled litigation," but the case caption listed all 18 cases. The language "the above-entitled litigation" was changed to "litigation in the spent nuclear fuel cases" in protective orders entered in several individual SNF cases, permitting the sharing of documents in other SNF cases in which a protective order had

Dairyland, with its motion, seeks the entry of a protective order that differs significantly from the intent of the protective order in place in all of these other cases. Instead of restricting access to protected material to counsel for plaintiffs in all of the SNF cases pending before the Court, Dairyland seeks to restrict the use of protected material to only this case. Proposed Order, ¶ 4. Moreover, Dairyland's proposed order restricts the Government's ability further to disclose protected material by making any further disclosure subject to Dairyland's "written consent." Id.

## ARGUMENT

### I. DAIRYLAND HAS FAILED TO SHOW GOOD CAUSE FOR ENTRY OF A PROTECTIVE ORDER THAT DIFFERS SIGNIFICANTLY FROM THE EXISTING PROTECTIVE ORDERS IN THESE CASES AND ELIMINATES THE GOVERNMENT'S ABILITY TO USE INFORMATION PRODUCED BY DAIRYLAND IN OTHER SNF CASES

Dairyland seeks entry of a protective order which would restrict the use of any information that it designates as subject to the protective order to counsel in this case only. As noted above, this proposed change is a dramatic change to the intent of the existing protective order. Dairyland has failed, however, to explain the need for these heightened restrictions, above and beyond the restrictions upon use present in the protective orders existing in most of the other active cases.[3] Because Dairyland has not and cannot provide a reasoned explanation as to why

been entered. See, e.g., Vermont Yankee Order, ¶ 4. However, in seven cases, the language "the above-entitled litigation" was not modified, but a single case name was place in the case caption. Accordingly, in those seven cases, it appears that, through inadvertence, document sharing is not permitted. Now that we have discovered this error, we expect to seek modifications to those orders in those seven cases.

[3] Five of the cases in which protective orders have been entered have been closed or dismissed.

the protective order in this case should restrict the Government's use of any documents in other cases, Dairyland's proposed protective order should be rejected.

It is the burden of the party seeking to protect documents and to limit their distribution to establish good cause for that protection. See, e.g., Forest Prods. Northwest v. United States, No. 05-5007, 2006 WL 1817073, at *5 (Fed. Cir. July 5, 2006); Miles v. Boeing Co., 154 F.R.D. 112, 114 (E.D. Pa. 1994); Reliance Ins. Co. v. Barron's, 428 F. Supp. 200, 202 (S.D.N.Y. 1977). See generally 8 C. Wright, A. Miller & R. Marcus, Federal Practice & Procedure § 2043, at 556-57 (2d ed. 1994)("[b]esides showing that the information qualifies for protection, the moving party must also show good cause for restricting dissemination on the ground that it would be harmed by its disclosure."). "To overcome the presumption" that documents should be publicly available and establish "good cause" for subjecting documents to a protective order, "the party seeking the protective order must . . . demonstrat[e] a particular need for protection." Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3rd Cir. 1986). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26© test." Id.; see United States v. Hooker Chemical & Plastics, 90 F.R.D. 421, 425 (W.D. N.Y. 1981) (court refused to issue protective order based upon "conclusory" allegations of the harm of disclosure). "Moreover, harm must be significant, not a mere trifle." Cipollone, 785 F.2d at 1121.

When ruling on a motion for entry of a protective order, "a court must balance the need of one litigant to access proprietary information in order to present his case, and the potential that irreparable harm may be suffered by the disclosing party." Rice v. United States, 39 Fed. Cl. 747, 750 (1997) (citing American Standard, Inc. v. Pfizer, Inc., 828 F.2d 734, 741 (Fed. Cir.

1987)). Preserving the ability to "[s]har[e] discovery materials may be particularly appropriate where multiple individual plaintiffs assert essentially the same alleged wrongs . . . ." Deford v. Schmid Products Co., 120 F.R.D. 648, 653 (D. Md. 1987) (citations omitted); see also Adolph Coors Co. v. American Ins. Co., 164 F.R.D. 507, 513-14 (D. Colo. 1993) ("A protective order is intended to operate as the producing party's shield *against the receiving party's misuse of information*. It is not intended to operate as a sword which the producing party can thereafter wield in other litigation by urging that it has once produced the requested documents under the protective order and that any later production or use of the documents in the other litigation is therefore excused, precluded, or subject to earlier protective order.").

With its proposed order, Dairyland seeks to limit the Government's use of material that it designates subject to the protective order to this case only. Dairyland has not articulated why the information it will produce in this case requires this additional protection, while materials that its counsel as well as materials produced by other SNF plaintiffs in other cases did not require this limitation on use. The Government, however, will be burdened by the entry of Dairyland's proposed protective order in several ways.

First, Dairyland's proposed protective order will severely limit the Government's ability to use information produced by Dairyland in this case in its defense of other cases. Dairyland's case arises from the same Standard Contract at issue in all of the SNF cases pending before the Court. 10 C.F.R. §961.11. The Government expects that, in presenting its defenses in this case as well as other cases, it will need to rely upon materials produced by Dairyland and other utility plaintiffs regarding the industry's understandings of the contract's terms and the industry's views of the implementation of the contract. To the extent that parol evidence is necessary to interpret

DOE's obligations under the Standard Contract, the understanding and views of other utilities and the industry as a whole are relevant to the Court's interpretation of the Standard Contract. Restatement (Second) of Contracts § 211 (1981). Dairyland should not be allowed to restrict the Government's ability to present that evidence in other cases by imposition of its proposed protective order. Moreover, Dairyland's proposed protective order would only allow the Government to use this information in other cases "upon written consent" of Dairyland, essentially shifting to the Government the burden of establishing cause to remove material from the protective order. This requirement is a significant change from the intent of the existing protective orders, which allow the receiving party to seek leave of the Court to remove the restrictions of the protective order.

Second, Dairyland's proposed protective order will increase the Government's case management burdens tremendously. The Government is actively litigating or will litigate 58 SNF cases. Currently, the Government operates under the same or substantially similar protective orders in these cases. If the Court enters Dairyland's proposed protective order, we will have to undertake additional document management procedures to ensure compliance with a protective order that imposes different requirements for the use and disclosure of information. In addition, as noted above, the protective order proposed by Dairyland could preclude the Government's ability to use other documents produced by other SNF plaintiffs subject to the common protective order in this case, given that the protections of the protective orders will not be co-extensive. Given the commonality of the claims and the existing restrictions upon the use of information available in the existing protective order, the Government should not be subject to these additional burdens.

Dairyland is incorrect in its assertion that the Government has already agreed to a protective order like the one that it proposes in Northern States Power Co. v. United States, No. 98-484C (Weise, S.J.). In Northern States, the primary protective order remains the one entered by Judge Sypolt in the coordinated discovery proceedings. Coordinated Order at 1. However, that protective order provides that either party may seek additional protections for documents, if necessary. Coordinated Order, ¶ 7. Northern States asked for, and the Government consented to, the additional protections provided in the amendment to the protective order for documents containing "proprietary information" or "trade secrets" that Northern States did not want released to other nuclear utilities. Motion for Entry of Order Based Upon Joint Stipulation Regarding Proprietary Information And Trade Secrets, filed in Northern States, Feb. 24, 2006.[4] As noted in the motion and subject to discussions between counsel for the parties before the supplemental order was requested and assurances by counsel for Northern States regarding the scope of the documents that would fall within the supplement, the number of documents designated to this supplemental protective order are a small subset of all the documents produced in that case that, at least as represented by counsel for plaintiff, are irrelevant to any other case. The modification to the protective order in Northern States does not constitute a wholesale restriction upon the use of all protected material produced in that litigation.

Dairyland has failed to articulate any reason for the additional restrictions upon the use of the information produced subject to the protective order that it proposes, either in its motion to the Court or its correspondence with counsel for the Government. Forest Prods. Northwest, 2006 WL 1817073, at *5. Absent any showing of the specific harm that would result from the

[4] This motion is exhibit D to Dairyland's motion.

disclosure of documents to counsel for the other SNF plaintiffs, the Court should not enter Dairyland's proposed order. American Standard, 828 F.2d at 740; Cipollone, 785 F.2d at 1121.

## II. THE GOVERNMENT'S PROPOSED PROTECTIVE ORDERS PROVIDE FOR ANY NEEDED ADDITIONAL PROTECTION OF MATERIAL, BUT ENSURES THAT DAIRYLAND SHOWS 'GOOD CAUSE' FOR THE DESIGNATION OF MATERIAL AS SUBJECT THIS HEIGHTENED PROTECTION

During the telephonic status conference convened by the Court on August 1, 2006, the Court asked the Government to provide a proposed protective order. That proposed order is attached. As the Court will see, the order is substantially similar to the intent of the protective orders entered in the other spent nuclear fuel cases, allowing for the use of the majority of protected documents and other information in other SNF cases. However, we propose to add another tier of protection to address Dairyland's apparent need for additional restrictions on access to specific documents that, for currently unidentified reasons, Dairyland believes need an additional level of protection and believes should not be distributed outside of this specific case. These additional protections are set forth in the attached supplemental protective order.[5]

The Government proposes that the Court enter a protective order in this case that is substantially similar to the protective orders entered in the other SNF cases pending before the Court. The attached proposed order differs from the coordinated discovery protective order in

---

[5] As we evaluated this issue following the parties' status conference on August 1, 2006, we determined that the supplemental protective order in Northern States, which provides for more limited disclosure and a heightened level of protection for certain documents beyond that provided by the standard protective order, does not adequately describe the manner in which documents subject to this heightened level of confidentiality should be handled. Accordingly, in addition to the standard protective order that we attach to this response applicable to "Confidential Material," we have also drafted and attach a proposed supplemental protective order that would apply to "Highly Confidential Material," as that term is described in the draft supplemental protective order.

three significant ways: (1) in paragraph 4 of the standard protective order, we have changed the language "the above-entitled litigation" to "litigation in the spent nuclear fuel cases" to ensure that documents protected under the basic protective order may be used in spent nuclear fuel cases in which protective orders have been entered; (2) in paragraph 10 of the standard protective order, we have modified the language that previously read "[w]ithin ninety (90) days after the conclusion of this litigation" to "[w]ithin ninety (90) days after the conclusion of the spent nuclear fuel litigation in this Court" to ensure that, when Dairyland files subsequent suits for damages allegedly incurred in the future as a result of DOE's delay in accepting SNF, the Government will still have copies of the documents that Dairyland previously produced and will not have to seek reproduction of those documents; and (3) in paragraph 2 of the standard protective order, we added the requirement that the following legend be placed on each page of any protected document: "PROTECTED MATERIAL TO BE DISCLOSED ONLY IN ACCORDANCE WITH U.S. COURT OF FEDERAL CLAIMS PROTECTIVE ORDERS IN SPENT NUCLEAR FUEL LITIGATION." This last change is necessary because other SNF plaintiffs, pursuant to the existing protective orders, have merely identified, often without great specificity, categories of documents that they want protected. To ensure that these documents were not inadvertently provided to other parties, the Government has been required to incur significant expense endorsing documents with protective order legends. With a requirement that protected documents being produced actually contain a protective legend, we can eliminate much of this expense.

The supplemental protective order would allow either party to designate materials for use in this case only with the protective order legend, "SPECIALLY PROTECTED MATERIAL TO

BE DISCLOSED ONLY IN ACCORDANCE WITH U.S. COURT OF FEDERAL CLAIMS SUPPLEMENTAL PROTECTIVE ORDER IN DAIRYLAND POWER COOPERATIVE V. US, NO. 04-106C (FED. CL.)." Although Dairyland has not explained the need for such additional protection, we understand that there may be particular documents that are so highly sensitive or proprietary that an entity may desire further restrictions than the standard protective order provides. Nevertheless, the need for this heightened level of protection should be rare, as the existing protective order already provides for restrictions upon access to and the use of documents subject to that order. Therefore, the Government's proposed protective order requires, to the extent that either party wants to place documents under this heightened protective order, that the producing party be required to justify that heightened protection in a log that accompanies the protection of documents subject to the different designation. The party designating the documents subject to this heightened protection would identify the documents designated and describe with specificity the harm that would result from disclosure of that specific document to counsel for the other nuclear utility plaintiffs. It would eliminate the need for any specific categorization, prior to production, of those types of documents that might be subjected to heightened protection, but would also attempt to protect against unwarranted designations of documents as "highly confidential." Any burden associated with such an effort should be small, given that the number of documents that fall into this heightened level of protection should be relatively small. See THK America, Inc. v. NSK Co., 157 F.R.D. 637, 643-44 (N.D. Ill. 1993). Because of the burdens that the restrictions of disclosure creates administratively, the burden of justifying the heightened level of restriction is warranted.

This proposed two-tier protective order is consistent with the modification to the protective order entered in Northern States. However, it also preserves the Government's ability to use the bulk of the documents to be produced by Dairyland to use in its other SNF cases and attempts to minimize the burden of the Government's continuing discovery efforts in all of these cases.

## CONCLUSION

For the foregoing reasons, defendant respectfully requests that the Court deny Dairyland's motion for entry of its protective order and enter the Government's proposed standard protective order and supplemental protective order in this case.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/Russell A. Shultis
RUSSELL A. SHULTIS
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-9640
Fax: (202) 307-2503

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

August 4, 2006

Attorneys for Defendant

# ATTACHMENTS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DAIRYLAND POWER COOPERATIVE,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 04-0106C<br>(Chief Judge Damich) |

PROTECTIVE ORDER

Discovery and other proceedings in this case and the other cases pending before the Court concerning the Standard Contract, 10 C.F.R. Part 961 (hereinafter referred to as the "spent nuclear fuel cases") may require the parties to disclose confidential information (as defined herein) of the parties. Accordingly, it is hereby ORDERED BY THE COURT:

1. The term "Confidential Material" shall refer to confidential, financial, trade secret, privileged, competitively-sensitive information, or records falling within the scope of the Privacy Act, 5 U.S.C. § 552a, disclosed in discovery or other proceedings in this case. Subject to the provisions of Paragraph 8 below, material shall be deemed Confidential Material when so designated in the manner described in Paragraph 2 below. After disclosure of any "Confidential Material," all copies made of that material, and all notes made therefrom and all references made thereto, of any kind whatsoever, shall also constitute "Confidential Material."

2. The designation of Confidential Material may be made by the disclosing party by placing or affixing on each page of documents disclosed the following language: "PROTECTED MATERIAL TO BE DISCLOSED ONLY IN ACCORDANCE WITH U.S. COURT OF FEDERAL CLAIMS PROTECTIVE ORDERS IN SPENT NUCLEAR FUEL LITIGATION."

3. Each person receiving Confidential Material shall maintain such Confidential Material in his or her possession in a manner sufficient to protect such material against unauthorized disclosure.

4. Confidential Material shall be used by the receiving party solely for the purpose of conducting litigation in the spent nuclear fuel cases pending in the United States Court of Federal Claims and not for any business or other purpose whatsoever, except as provided in this protective order. Confidential Material shall be disclosed only to attorneys for plaintiffs in those spent nuclear fuel cases in which the Court has entered a protective order, attorneys for the United States, persons regularly employed in such attorneys' offices, or, subject to the provisions of Paragraph 5 below, other persons as reasonably necessary for the litigation of this action. Nothing contained in this protective order shall prevent or in any way limit or impair the right of counsel for the United States to disclose to any agency of the United States (including other divisions and branches of the Department of Justice) any document or information regarding any potential violation of law or regulation or, subject to procedures that maintain the confidentiality of Confidential Material consistent with this agreement and protective order, prevent or limit in any way the use of such documents and information by an agency in any proceeding regarding any potential violation of law or regulation.

5. With the exception of attorneys for plaintiffs in spent nuclear fuel cases in which the Court has entered a protective order, attorneys for the United States, and persons regularly employed in such attorneys' offices, any person to whom Confidential Material is to be disclosed by the receiving party shall first be advised by an attorney for the receiving party or parties that pursuant to this protective order such person may not divulge any such Confidential Material to any other person not authorized under Paragraph 4 above to have access to such Confidential

Material. The attorney shall secure from each person a declaration in the form attached hereto, stating that such person has read this protective order and agrees to be bound by it. Such declaration shall be maintained in the possession of the attorney securing the declaration until further order of the Court.

6. Subject to order of the Court, that portion of any pleading, motion, deposition transcript, or other document submitted or presented to or filed with the Court containing Confidential Material shall be placed under seal and shall not be available to persons other than the Court and authorized employees of the Court, the attorneys of record for the parties to this spent nuclear fuel case, and persons authorized by this protective order. In the event that any Confidential Material is used in any deposition or Court proceeding herein, the parties shall attempt to further stipulate as to the procedures for use of Confidential Material in such proceedings. If necessary, any dispute regarding the procedures for use of Confidential Material in deposition or Court proceedings shall be submitted to the Court for resolution.

7. Nothing in the foregoing provisions of this protective order shall be deemed to preclude plaintiffs, the United States, or third parties from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material or from seeking and obtaining leave to disclose documents or other discovery material beyond the terms of this protective order.

8. If a party determines that a previously produced document inadvertently was not identified as containing protected information, the producing party shall give notice in writing that the document is to be treated as containing protected information, and thereafter the designated document shall be treated in accordance with this protective order or returned to the producing party if the material is identified as privileged.

9. Nothing in the foregoing provisions of this protective order shall be deemed to preclude plaintiffs or the United States from objecting to the designation of documents or other discovery material as Confidential Material. In such event, the party designating the documents or other discovery materials as Confidential Material shall have the burden to file a motion for a protective order with the Court demonstrating that there is good cause to designate the documents or materials as such and that they properly are subject to treatment under this protective order.

10. Within ninety (90) days after the conclusion of the spent nuclear fuel litigation, the parties shall undertake reasonable and prudent efforts to return all original Confidential Material to the disclosing party and to destroy all copies of and all notes, summaries, and references relating to such Confidential Material and, further, the parties shall certify to the Court that such reasonable and prudent efforts have been undertaken; EXCEPT THAT each party may maintain one copy of any Confidential Material in its master file for this case, including one copy of any notes or summaries relating to such Confidential Material, provided that any copies of any Confidential Material or notes or summaries relating to such Confidential Material are clearly stamped with the legend identified in paragraph 2 of this protective order or a similar legend indicating that the materials are subject to this protective order.

11. For information sought that is or may be covered by the Privacy Act, defendant, in response to any discovery properly propounded pursuant to the Rules of the United States Court of Federal Claims, is hereby authorized, pursuant to 5 U.S.C. § 552a(b)(11), to release to opposing counsel in these cases records which are relevant to this action, and which may be subject to the Privacy Act, without obtaining prior written consent of the individual to whom such records pertain. Such disclosures shall be deemed authorized by law.

IT IS SO ORDERED.

EDWARD J. DAMICH
Chief Judge

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DAIRYLAND POWER COOPERATIVE,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 04-0106C<br>(Chief Judge Damich) |

**DECLARATION OF**___________________________________

1. My name is _____________________________________.

2. My business address is _____________________________

_______________________________________________.

3. My present employer is ____________________________

________________________________________________.

4. My present occupation or job description is _________

_______________________________________________.

5. I have received a copy of the Protective Order entered by the Court in connection with the above-captioned matter.

6. I have carefully read and understand the provisions of the Protective Order.

7. I certify that I am eligible to have access to the Confidential Material under paragraph 4 of the Protective Order.

8. I will comply with all of the provisions of the Protective Order.

9. I will hold all Confidential Material and any duplicates, notes, abstracts or summaries thereof in confidence, will not disclose such information to anyone not specifically entitled to access under the Protective Order, and will use the information solely for purposes of

this litigation, except as provided by the Protective Order.

10. At the conclusion of this litigation, I will return all originals of all Confidential Materials and any duplicates, notes, abstracts or summaries thereof, whether prepared by me or anyone else, to counsel for the party by whom I am employed or retained.

Further declarant sayeth naught.

_______________________________
(signature)

DATED:________________________

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DAIRYLAND POWER COOPERATIVE,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ) ) ) ) ) ) ) ) ) | No. 04-0106C<br>(Chief Judge Damich) |

SUPPLEMENTAL PROTECTIVE ORDER

Pursuant to paragraph 7 of the protective order that the Court entered in this case on __________________, 2006, which authorizes the parties to seek "additional protection with respect to the confidentiality of documents or other discovery material" beyond the terms of the standard protective order, and upon the plaintiff's request for heightened protection for a limited subset of documents that it anticipates producing in this litigation, it is hereby ORDERED BY THE COURT:

1. The term "Highly Confidential Material" shall refer to highly confidential, financial, trade secret, privileged, and competitively-sensitive information disclosed in discovery or other proceedings in this case for which the protections afforded by the standard protective order entered in this case on _____________, 2006, are insufficient. This definition of "Highly Confidential Material" is limited to that material which cannot be disclosed to counsel for other plaintiffs and the individuals subject to protective orders in those cases because, for reasons that the party articulates in the log identified in paragraph 2 of this supplemental order, disclosure would cause economic or competitive harm to the producing party. Subject to the provisions of Paragraph 8 below, material shall be deemed Highly Confidential Material when so designated in the manner described in Paragraph 2 below. After disclosure of any "Highly Confidential

Material," all copies made of that material, and all notes made therefrom and all references made thereto, of any kind whatsoever, shall also constitute "Highly Confidential Material."

2. The designation of Highly Confidential Material may be made by the disclosing party by placing or affixing on each page of documents disclosed the following language: "SPECIALLY PROTECTED MATERIAL TO BE DISCLOSED ONLY IN ACCORDANCE WITH U.S. COURT OF FEDERAL CLAIMS SUPPLEMENTAL PROTECTIVE ORDER IN DAIRYLAND POWER COOPERATIVE V. US, NO. 04-106C (FED. CL.)." Each document designated as Highly Confidential Material shall be accompanied by a log establishing with specificity the basis for treating material as highly confidential and justifying the necessity of adding additional distribution limitations beyond those set forth in the standard protective order entered in this case on _____________, 2006.

3. Each person receiving Highly Confidential Material shall maintain such Highly Confidential Material in his or her possession in a manner sufficient to protect such material against unauthorized disclosure.

4. Highly Confidential Material shall be used by the receiving party solely for the purpose of conducting litigation in this case pending in the United States Court of Federal Claims and not for any business or other purpose whatsoever, except as provided in this protective order. Highly Confidential Material shall be disclosed only to attorneys for plaintiffs in this case, attorneys for the United States, persons regularly employed in such attorneys' offices, or, subject to the provisions of Paragraph 5 below, other persons as reasonably necessary for the litigation of this action. Nothing contained in this protective order shall prevent or in any way limit or impair the right of counsel for the United States to disclose to any agency of the United States (including other divisions and branches of the Department of Justice) any

document or information regarding any potential violation of law or regulation or, subject to procedures that maintain the confidentiality of Highly Confidential Material consistent with this agreement and protective order, prevent or limit in any way the use of such documents and information by an agency in any proceeding regarding any potential violation of law or regulation.

5. With the exception of attorneys for plaintiff in this case, attorneys for the United States, and persons regularly employed in such attorneys' offices, any person to whom Highly Confidential Material is to be disclosed by the receiving party shall first be advised by an attorney for the receiving party or parties that pursuant to this protective order such person may not divulge any such Highly Confidential Material to any other person not authorized under Paragraph 4 above to have access to such Highly Confidential Material. The attorney shall secure from each person a declaration in the form attached hereto, stating that such person has read this protective order and agrees to be bound by it. Such declaration shall be maintained in the possession of the attorney securing the declaration until further order of the Court.

6. Subject to order of the Court, that portion of any pleading, motion, deposition transcript, or other document submitted or presented to or filed with the Court containing Highly Confidential Material shall be placed under seal and shall not be available to persons other than the Court and authorized employees of the Court, the attorneys of record for the parties to this case, and persons authorized by this protective order. In the event that any Highly Confidential Material is used in any deposition or Court proceeding herein, the parties shall attempt to further stipulate as to the procedures for use of Highly Confidential Material in such proceedings. If necessary, any dispute regarding the procedures for use of Highly Confidential Material in deposition or Court proceedings shall be submitted to the Court for resolution.

7. Nothing in the foregoing provisions of this protective order shall be deemed to preclude plaintiffs or the United States from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material or from seeking and obtaining leave to disclose documents or other discovery material beyond the terms of this protective order.

8. If a party determines that a previously produced document inadvertently was not identified as containing protected information, the producing party shall give notice in writing that the document is to be treated as containing protected information, and thereafter the designated document shall be treated in accordance with this protective order or returned to the producing party if the material is identified as privileged.

9. Nothing in the foregoing provisions of this protective order shall be deemed to preclude plaintiff or the United States from objecting to the designation of documents or other discovery material as Highly Confidential Material. In such event, the party designating the documents or other discovery materials as Highly Confidential Material shall have the burden to file a motion for a protective order with the Court demonstrating that there is good cause to designate the documents or materials as such and that they properly are subject to treatment under this protective order.

10. Within ninety (90) days after the conclusion of this litigation and upon plaintiff's written certification that it will not file any additional suits relating to alleged breaches or partial breaches of the Standard Contract at issue in this case, the parties shall undertake reasonable and prudent efforts to return all original Highly Confidential Material to the disclosing party and to destroy all copies of and all notes, summaries, and references relating to such Highly Confidential Material and, further, the parties shall certify to the Court that such reasonable and

prudent efforts have been undertaken; EXCEPT THAT each party may maintain one copy of any Highly Confidential Material in its master file for this case, including one copy of any notes or summaries relating to such Highly Confidential Material, provided that any copies of any Highly Confidential Material or notes or summaries relating to such Highly Confidential Material are clearly stamped with the legend identified in paragraph 2 of this supplemental protective order.

IT IS SO ORDERED.

EDWARD J. DAMICH
Chief Judge

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DAIRYLAND POWER COOPERATIVE,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 04-0106C<br>(Chief Judge Damich) |

**DECLARATION OF___________________________________**

1. My name is _____________________________________.

2. My business address is _____________________________

_______________________________________________.

3. My present employer is ____________________________

________________________________________________.

4. My present occupation or job description is _________

_______________________________________________.

5. I have received a copy of the Supplemental Protective Order entered by the Court in connection with the above-captioned matter.

6. I have carefully read and understand the provisions of the Supplemental Protective Order.

7. I certify that I am eligible to have access to the Highly Confidential Material under paragraph 4 of the Protective Order.

8. I will comply with all of the provisions of the Supplemental Protective Order.

9. I will hold all Highly Confidential Material and any duplicates, notes, abstracts or summaries thereof in confidence, will not disclose such information to anyone not specifically

entitled to access under the Supplemental Protective Order, and will use the information solely for purposes of this litigation, except as provided by the Supplemental Protective Order.

10. At the conclusion of this litigation, I will return all originals of all Highly Confidential Material and any duplicates, notes, abstracts or summaries thereof, whether prepared by me or anyone else, to counsel for the party by whom I am employed or retained.

Further declarant sayeth naught.

______________________________
(signature)

DATED:_______________________

CERTIFICATE OF FILING

I hereby certify that on this 4th day of August 2006, a copy of foregoing "DEFENDANT'S RESPONSE TO PLAINTIFF'S EMERGENCY MOTION FOR ENTRY OF PROTECTIVE ORDER AND STAY OF THE PARTIES' EXCHANGE OF CONFIDENTIAL MATERIAL" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Marian E. Sullivan