IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Electronically filed: August 8, 2006

| | | |
|---|---|---|
| DAIRYLAND POWER COOPERATIVE, | ) | |
| Plaintiff, | ) | No. 04-0106C |
| v. | ) | (Chief Judge Damich) |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

DAIRYLAND'S REPLY IN SUPPORT OF ITS
EMERGENCY MOTION FOR ENTRY OF PROTECTIVE ORDER

There is no substantive dispute between the parties that Dairyland needs to be able to restrict distribution of its confidential material to other utilities or third parties, including restricting the use of such material in other spent fuel cases. The government freely acknowledges its agreement by proposing an alternative protective order that accommodates Dairyland's need for such restrictions on its confidential material. But the government's alternative, two-order proposal is overly cumbersome and largely unworkable. It should be rejected, and the Court should enter Dairyland's proposed order, which achieves the objective the parties agree on in a much more straightforward way.

Initially, it bears emphasis that Dairyland does have a very real need for the level of confidentiality that both parties agree it needs. Many of the documents that Dairyland has marked as confidential are to or from third parties with which Dairyland has separate confidentiality agreements that obligate Dairyland to maintain the confidentiality of those documents and the information they contain. Use of such documents in another spent fuel case

would result in automatic breach of those confidentiality agreements because the plaintiff in the other spent fuel case would get access. Other documents Dairyland has marked as confidential contain proprietary or other sensitive business information that also could harm Dairyland if disclosed to other spent fuel plaintiffs or third parties. And as Dairyland's counsel noted at the August 1 conference, in recent pretrial and trial proceedings in Pacific Gas & Electric Co. ("PG&E") spent fuel case, No. 04-074C & -075C (consolidated), we saw for the first time documents the government apparently had obtained in discovery from other spent fuel plaintiffs, a number of which documents were explicitly marked "confidential" and/or "privileged." Yet those documents were used in pretrial proceedings and introduced at the PG&E trial *without restriction.* So Dairyland does have a real need for the confidentiality protection it seeks here, as both parties recognize.

The alternative protective order arrangement that the government has belatedly proposed should be rejected. The dispositive point here is that the government will be provided with all of the confidential documents in question, since Dairyland will be producing them to the government as soon as a protective order is entered. So the government will have the opportunity to review the documents fully in order to consider whether any could be useful to the government in other spent fuel cases. Given that fact, the government's suggestion that Dairyland create a "log" of the confidential documents is both makework – the government will have *full access* to the documents in question – and punitive. There is no reason why Dairyland's cost of litigation should be increased needlessly simply so that it may appropriately protect certain material from disclosure to third parties. Indeed, the government suggests no use of such a log other than as a means of discouraging (*i.e.*, punishing) Dairyland from restricting access to its confidential documents from third parties. *See* Gov't Response at 10.

And if the government determines that it would like to use a document obtained from Dairyland in another spent fuel case, the protective order Dairyland has proposed allows the government to seek to do so, either by challenging its confidentiality designation, by raising the matter with Dairyland and obtaining its agreement or by seeking leave of Court. The government is either deliberately misleading the Court, or simply not paying attention, when it states: "Dairyland's proposed protective order would only allow the Government to use this information in other cases 'upon written consent' of Dairyland." Gov't Response at 6. That is not true. While Dairyland's proposed order does explicitly note the opportunity for the government to obtain Dairyland's consent (an unnecessary provision, since such consent could always be sought), Dairyland's proposed order also states: "Nothing in the foregoing provisions of this protective order shall be deemed to preclude plaintiffs, the United States or third parties . . . from seeking and obtaining leave to disclose documents or other discovery material beyond the terms of this protective order." *See* Dairyland Mot., Exh. A ¶ 7.

Far from imposing a flat prohibition on use of confidential documents obtained from Dairyland in other spent fuel cases, the order Dairyland proposes simply contemplates that the government will bring such documents and their potential use to Dairyland's attention and seek Dairyland's consent or obtain leave of Court – in either case perhaps accompanied by conditions that will accommodate the government's desire to use the documents while also accommodating Dairyland's confidentiality interest, or obligation.[1]

[1] The only category of Dairyland documents the government notes in its motion – and also at the August 1 conference – that it may want to use in other cases concerns "the industry's understandings of the contract terms and the industry's views of the implementation of the contract," i.e., "contract formation"-type documents. *See* Gov't Response at 5. But as Dairyland's counsel stated at the August 1 conference, we do not believe any such documents have been marked as confidential. To the extent they may have been, however, under Dairyland's proposed protective order the government can raise the matter with Dairyland and/or

The government's complaint about the need for uniform protective orders in all the spent fuel cases is a red herring. The government candidly admits that various different orders already exist, including at least eight that contain the exact same restriction (in substance, if not language) on use of documents in other cases that Dairyland proposes here. *See* Gov't Response at 2-3, n.2; *id.* at 7 (discussing order in *Northern States* case).[2] More importantly, it is not credible for the government to suggest that its counsel cannot, or will not, comply with the protective order Dairyland proposes. In fact, there is no reason to believe that government counsel will have any difficulty whatsoever complying with that protective order. Consistent with the proposed order and the practice Dairyland's undersigned counsel has followed in all spent fuel cases, Dairyland will mark all documents subject to the order with a legend noting the order and its restrictions. Government counsel in this case will know that before any such document may be used in another spent fuel case, counsel must either obtain Dairyland's consent or the Court's leave. The fact that protective orders in *other cases* may contain differing provisions (or may not, as discussed above) provides no reason or occasion for government counsel to not know, and understand, and be bound by, and comply with, the terms of the protective order in *this* case. To suggest otherwise is akin to suggesting that because the facts of individual spent fuel cases differ, at times markedly, government counsel cannot litigate any individual case without becoming hopelessly confused by the differing facts of other cases. That

---

the Court, and Dairyland would anticipate a ready resolution of the matter since Dairyland does not believe such documents should raise any significant confidentiality concerns.

[2] The government is less than candid in failing to make clear that the prior protective orders did not clearly provide for use of material marked as confidential in other spent fuel cases. One of the government's changes from prior orders in the order it proposes here is to expand the permitted use of material marked as confidential in "the above entitled litigation" to "litigation of all the spent nuclear fuel cases." *See* Gov't Response at 9.

is absurd, to say the least. Counsel are officers of the Court and are fully capable of adhering to the particular orders entered in particular cases.

Furthermore, the government's proposed protective order arrangement is awkward at best. The Court and the parties in this cases should not be required to consult multiple protective orders addressing confidential material. Nor should the parties need to provide multiple layers of marking on documents. In addition, the government's effort to make material produced by Dairyland available in all other spent fuel cases is confusing, as paragraph two of its proposed "regular" order refers vaguely to protective orders in the spent nuclear fuel litigation without specifying just which of the dozens of protective orders the recipient of such a marked document should consult to determine whether and how to document may be disclosed.

## CONCLUSION

For these reasons, and the reasons Dairyland set forth in its motion for entry of a protective order and at the August 1 telephonic conference, the Court should enter the protective order that Dairyland proposed and attached as Exhibit A to its motion.

Respectfully submitted,

August 8, 2006

s/ Jerry Stouck
JERRY STOUCK
Greenberg Traurig, LLP
800 Connecticut Avenue, NW
Suite 500
Washington, DC 20006
(202) 331-3100 (Telephone)
(202) 261-4751 (Facsimile)
*Counsel for Plaintiff*
DAIRYLAND POWER COOPERATIVE

Of Counsel:
Robert L. Shapiro
Kevin E. Stem
GREENBERG TRAURIG, LLP