# In the United States Court of Federal Claims

No. 04-106 C
(Filed: August 17, 2006)

*************************************
**DAIRYLAND POWER COOPERATIVE,**

Plaintiff,

v.

**THE UNITED STATES,**

Defendant.
*************************************

## PROTECTIVE ORDER

Discovery and other proceedings in this case and the other cases pending before the court concerning the Standard Contract, 10 C.F.R. Part 961 (hereinafter referred to as "the spent nuclear fuel cases") may require the parties to disclose Confidential Material (as defined herein) of the parties. Accordingly, the court orders the following:

1. The term "Confidential Material" shall refer to financial, trade secret, privileged, or competitively-sensitive information, or records falling within the scope of the Privacy Act, 5 U.S.C. § 552a, disclosed in discovery or other proceeding in this case. Subject to the provisions of paragraph 10 below, material shall be deemed Confidential Material when so designated in the manner described in paragraph 4 below. After disclosure of any Confidential Material, all copies made of that material, all notes made therefrom, all summaries thereof and all references made or relating thereto contained in other documents, of any kind whatsoever, shall also constitute Confidential Material.

2. Plaintiff in particular should avoid designating as Confidential Material documents that simply concern "'the industry's understandings of the contract terms and the industry's views of the implementation of the contract,' i.e., 'contract formation'-type documents," *see* Pl.'s Reply in support of its emergency motion for a protective order at n.1, unless such documents qualify as Confidential Material on other grounds pursuant to this Protective Order. *See also Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1122-23 (3rd Cir. 1986) (including n.17).

3. If any party believes a document not described in paragraph 1 above should nevertheless be considered Confidential Material, it shall make a particularized showing of good cause as to that document in a supplemental motion for a protective order.

4. Confidential Material shall be so designated, after review by an attorney for the disclosing party, by placing or affixing on each page so disclosed the word "confidential."

5. Each person receiving Confidential Material shall maintain such Confidential Material in his or her possession in a manner sufficient to protect such material against unauthorized disclosure.

6. Absent written consent from the producing party, Confidential Material shall be used by the receiving party solely for the purpose of conducting this litigation and not for any business or other purpose whatsoever, except as provided in this protective order. Confidential Material shall be disclosed only to attorneys for plaintiff, attorneys for the United States in this action, persons regularly employed in such attorneys' offices, or, subject to the provisions of Paragraph 7 below, other persons as reasonably necessary for the litigation of this action. Nothing contained in this protective order shall prevent or in any way limit or impair the right of counsel for the United States to disclose to any agency of the United States (including other divisions and branches of the Department of Justice) any document or information regarding any potential violation of law or regulation or, subject to procedures that maintain the confidentiality of Confidential Material consistent with this protective order, prevent or limit in any way the use of such documents and information by an agency in any proceeding regarding any potential violation of law or regulation.

7. With the exception of attorneys for plaintiff, attorneys for the United States in this action, and persons regularly employed in such attorneys' offices, any person to whom Confidential Material is to be disclosed by the receiving party shall first be advised by an attorney for the receiving party or parties that pursuant to this protective order such person may not divulge any such Confidential Material to any other person not authorized under Paragraph 6 above to have access to such Confidential Material. The attorney shall secure from each person a declaration in the form attached hereto, stating that such person has read this protective order and agrees to be bound by it. Such declaration shall be maintained in the possession of the attorney securing the declaration until further order of the court.

8. Subject to order of the court, that portion of any pleading, motion, deposition transcript or other document submitted or presented to or filed with the court containing Confidential Material shall be placed under seal and shall not be available to persons other than the court and authorized employees of the court,

the attorneys of record in this case, and persons authorized by this protective order. In the event that any Confidential Material is used in any deposition or court proceeding herein, the parties shall attempt to further stipulate as to the procedures for use of the Confidential Material in such proceedings. If necessary, any dispute regarding the procedures for use of Confidential Material in depositions or court proceedings shall be submitted to the court for resolution. Any Confidential Material in question shall be treated as Confidential Material until resolution of the dispute by the court and shall be treated thereafter in accordance with any court order or direction resolving the matter.

9. Nothing in the foregoing provisions of this protective order shall be deemed to preclude plaintiff, the United States, or third parties from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material or from seeking and obtaining leave to disclose documents or other discovery material beyond the terms of this protective order.

10. If a party determines that a previously produced document inadvertently was not identified as containing Confidential Material, the producing party shall give notice in writing that the document is to be treated as containing Confidential Material, and thereafter the designated document shall be treated as Confidential Material in accordance with this protective order or, if the written notice also states that the previously produced document contains privileged material, the document shall be returned to the producing party.

11. Nothing in the foregoing provisions of this protective order shall be deemed to preclude plaintiff or the United States from objecting to the designation of documents or other discovery material as Confidential Material. The party objecting to the designation shall first make a good-faith effort to resolve such a dispute with opposing counsel. If the dispute cannot be resolved by the parties, the party objecting to the designation shall file a Notice of objection to such designation. Such Notice of objection shall be filed on or before 30 days after receipt of the document(s) in question. In such event, the party designating the documents or other discovery materials as Confidential Material shall have the burden to file, on or before two weeks after the Notice of objection, a response to the Notice, making a particularized showing of good cause to designate the documents or materials as such and demonstrating that they properly are subject to treatment under this protective order. Documents and materials addressed in any such motion shall be treated as Confidential Material until resolution of the motion, and thereafter shall be treated in accordance with the court's disposition of the motion.

12. Within ninety (90) days after the conclusion of this litigation or after the conclusion of extant related case litigation, whichever date is later, by plaintiff against defendant for damages allegedly incurred as a result of the Department of

Energy's delay in accepting spent nuclear fuel, the parties shall undertake reasonable and prudent efforts to return all original Confidential Material to the disclosing party and to destroy all copies of Confidential Material and, further, the parties shall certify to the court that such reasonable and prudent efforts have been undertaken; EXCEPT THAT each party may maintain one copy of any Confidential Material in its master file for this case, provided that any copies of any Confidential Material are clearly stamped "confidential" or affixed with a similar legend indicating that the materials are subject to this protective order.

13. For information sought that is or may be covered by the Privacy Act, defendant, in response to any discovery properly propounded pursuant to the Rules of the United States Court of Federal Claims, is hereby authorized, pursuant to 5 U.S.C. § 552a(b)(11), to release to opposing counsel records which are relevant to this action, and which may be the subject to the Privacy Act, without obtaining prior written consent of the individual to whom such records pertain. Such disclosures shall be deemed authorized by law.

s/ Edward J. Damich
EDWARD J. DAMICH
Chief Judge