IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DAIRYLAND POWER COOPERATIVE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-0106C |
| | ) | (Chief Judge Damich) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

# DEFENDANT'S MOTION FOR AN ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFF'S DISCOVERY REQUESTS

Pursuant to Rule 6(b) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests an enlargement of time of eight days, to and including Friday, December 8, 2006, within which to respond to plaintiff's First Request for Production of Document and First Set of Interrogatories. Our responses and objections are currently due on Thursday, November 30, 2006. This is defendant's second request for an enlargement of time for this purpose, the Court having previously granted us an enlargement of 21 days.[1] Counsel for plaintiff has represented that plaintiff, Dairyland Power Cooperative, opposes our request.

The discovery requests at issue seek, among other things, information to be provided by the Department of Energy ("DOE") and the Nuclear Regulatory Commission ("NRC"). Some of the topics about which Dairyland seeks information and documentation are seemingly unrelated to this litigation and are not issues that we have previously addressed in discovery, including, for example, all documents in the Government's possession relating to the transportation, aging and

[1] With the requested enlargement, the Government's responses would be submitted 59 days after plaintiff served its discovery requests. As the Court may recall, Dairyland took 124 days after the Government served its discovery requests to respond to them.

disposal ("TAD") canister system and an alleged relationship between the Global Nuclear Energy Partnership and the civilian radioactive waste management program, topics that have never before been the subject of discovery requests in the spent nuclear fuel litigation before this Court. We have not yet been able to obtain sufficient information about these topics to respond appropriately to these discovery requests, and we did not anticipate until yesterday and today, as we attempted to focus additional efforts to the completion of these discovery requests, the problems that we would have in obtaining complete information about these new topics. Our difficulties have been compounded by the fact that, in recent weeks, key employees of DOE, as well as members of the Government's trial team in this case, have been engaged in the trial of another spent nuclear fuel case, Northern States Power Company v. United States, No. 98-484C (Fed. Cl.), a trial that began in Minneapolis, Minnesota, on October 24, 2006, and, although originally scheduled to conclude on November 17, 2006, in Washington, D.C., has extended past that date and is now continuing through at least tomorrow, December 1, 2006. The Government has been required to devote significant time and resources to this continuing effort in lieu of other matters, such as completing the discovery responses in this case. Finally, the Court's recent order in yet another spent nuclear fuel case, Nebraska Public Power District v. United States, No. 01-116C (Fed. Cl.), in which the Court held that the writ of mandamus that the United States Court of Appeals for the District of Columbia Circuit issued in Northern States Power Co. v. United States Department of Energy, 128 F.3d 754 (D.C. Cir. 1997), barring the Department of Energy from relying upon the "Unavoidable Delays" clause of the Standard Contract is void, coupled with the Court's request for briefing on the substantive merits of the "unavoidable delays" clause and the plaintiff's request in that case for certification of the Court's decision for

interlocutory appeal, has required us to focus resources upon the matters that the decision implicates.[2] The requested enlargement will permit Government counsel and DOE additional necessary time to complete the Northern States trial and to prepare a more comprehensive response to plaintiff's discovery requests.

For the foregoing reasons, we respectfully request that the Court grant this motion for an enlargement of time.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/Russell A. Shultis
RUSSELL A. SHULTIS
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7571
Fax: (202) 307-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

November 30, 2006

[2] We have also been required to defend or take several depositions in various other spent nuclear fuel cases in the past three weeks, including System Fuels, Inc. v. United States, No. 03-2623C (Fed. Cl.); and Boston Edison Co. v. United States, No. 99-447C (Fed. Cl.).

CERTIFICATE OF FILING

I hereby certify that on this 30th day of November 2006, a copy of foregoing "DEFENDANT'S MOTION FOR AN ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFF'S DISCOVERY REQUESTS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Russell A. Shultis