IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Electronically Filed December 1, 2006

| | |
|---|---|
| DAIRYLAND POWER COOPERATIVE, Plaintiff, | No. 04-0106C |
| v. | (Chief Judge Damich) |
| UNITED STATES OF AMERICA, Defendant. | |

DAIRYLAND'S OPPOSITION TO GOVERNMENT MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO DISCOVERY REQUESTS

Dairyland, for the reasons set forth below, strongly opposes any further delay in the due date for the government's responses to Dairyland's first request for documents and first set of interrogatories.

Fact discovery in this case commenced more than three months ago on August 28, *see* May 1, 2006 Scheduling Order, and is scheduled to end in less than three more months, on February 16, 2007, *see id*. Yet to date the government has not provided any discovery responses at all to Dairyland. Although Dairyland agreed to the government's prior request for a 21-day enlargement of time to respond to Dairyland's first discovery requests, given the dwindling remaining time for fact discovery, Dairyland cannot agree to any further enlargement. Dairyland expects that at least some motions practice may be necessary to get complete discovery responses from the government, and after receiving complete responses, Dairyland intends to take depositions of several government witnesses. Granting the additional enlargement the government now requests would unfairly and inappropriately constrain Dairyland's ability to

obtain the discovery it needs and then to take the depositions it plans to take within the time remaining for fact discovery.

Indeed, the government's dilatory response to Dairyland's first discovery requests is not the only factor impeding Dairyland's ability to obtain discovery in this case. Although Dairyland requested in a November 10 letter that the government cooperate in scheduling depositions of four government witnesses, *see* 11/10/06 Letter from Shapiro to Shultis, Exh.A hereto, to date the government has not responded to that request. As stated in the letter, Dairyland expects that motions practice may also be necessary to schedule those depositions, which will further impinge on Dairyland's ability to actually conduct the depositions in the time remaining before the scheduled end of fact discovery on February 16, 2007. For this additional reason, Dairyland cannot agree to any further delay in the government's response to its first written discovery requests.

If the government's current request were to be granted, Dairyland would not get discovery responses until December 8, just two weeks before the Christmas and New Year's holidays. Necessary motions likely would not be heard until January, and given the Court's schedule, it is not even clear when in January they could be heard. Dairyland simply cannot wait that long to get the government's first response to Dairyland's discovery requests.

Nor does the government provide any good reason for its request. The government's first excuse, *see* motion at 1-2, is difficulty getting documents and information about two topics "that have never before been the subject of discovery requests in the spent nuclear fuel litigation before this Court." But even assuming *arguendo* that that was a proper excuse for needing additional time to address those two topics, it is no excuse at all for responding to the balance of

Dairyland's discovery requests. At a minimum, the Court should order the government to respond immediately to all Dairyland's requests except on those two topics.

The only other "reason" offered by the government for its current enlargement request is the press of business in other spent fuel cases. Dairyland's counsel appreciates the demands that multiple cases can impose, as we represent nine different plaintiffs in spent fuel cases (and numerous clients in other cases). But the fact that the Justice Department is defending numerous spent fuel cases cannot possibly be a legitimate reason for the government to avoid, or delay, meeting its responsibilities to any spent fuel plaintiffs except those in the case or cases to which the government unilaterally decides to devote its resources.

Finally, the government's suggestion in a footnote that Dairyland "took" 124 days to respond to the government's discovery requests is both misleading and disingenuous. Dairyland served its Rule 26(a)(1) initial disclosures on July 28, 2006 (and provided about 90,000 pages of accompanying documents on August 2) – one month *before* the actual start of fact discovery as set forth in the May 1, 2006 Scheduling Order. Then, on August 28, the day that fact discovery *started* pursuant to that Order, Dairyland provided 60,000 pages of additional documents responsive to the government's discovery requests. Thus, the government received copies of virtually all the documents it had requested from Dairyland literally before the discovery period commenced. The reason it "took" Dairyland 124 days after the government served its document requests was simply that the government served those requests extremely prematurely. In contrast to the very real prejudice to Dairyland arising from the government's continuing delays in providing discovery, any suggestion that the government was prejudiced from receiving virtually complete discovery responses by the day fact discovery *commenced* is ridiculous.

For these reasons, the government's motion for enlargement should be denied and the Court should direct the government immediately to provide Dairyland responses to its first discovery requests.

Respectfully submitted,

December 1, 2006

/s/ Jerry Stouck
JERRY STOUCK
Greenberg Traurig, LLP
800 Connecticut Avenue, NW
Suite 500
Washington, DC 20006
(202) 331-3100 (Telephone)
(202) 261-4751 (Facsimile)
*Counsel for Plaintiff*
DAIRYLAND POWER COOPERATIVE

Of Counsel:
Robert L. Shapiro
Kevin E. Stern
GREENBERG TRAURIG, LLP

# EXHIBIT A

Greenberg Traurig

Robert Shapiro
Tel. 202-331-3174
Fax 202-261-4752
shapiror@gtlaw.com

November 10, 2006

**VIA FACSIMILE**

Mr. Russell A. Shultis
U.S. Department of Justice
Commercial Litigation Branch
Federal Claims Section
1100 L Street, NW
Washington, D.C. 20530

Re: Dairyland Power Cooperative v. United States, No. 04-106C

Dear Russ:

Given that both parties plan to take depositions in the case in addition to those that have been scheduled for December, it behooves us to start work on scheduling them. We plan to depose Messrs. Kouts, Zabransky and Pollog. We would like to take these depositions in the last month of the period for fact discovery. Please let us know these individuals' availability during this period. In addition, we plan to depose a governmental designee pursuant to RCFC 30(b)(6). We will provide a list of matters for this examination in the next few weeks. We are aware that the government has objected to depositions of these government personnel by some plaintiffs in the spent fuel cases. We do not believe that these objections are meritorious. But if the government is inclined to object to Dairyland's depositions, you should let us know promptly so that the parties may take appropriate steps to present this issue to the Court for resolution in a timely manner. Also, please confirm which additional depositions the government intends to take and inform of us of any preferences you have for the scheduling of those depositions so that we may start collecting information on the witnesses' availability.

Please let us know if you have any questions regarding these matters. We look forward to hearing from you.

Sincerely,

Robert L. Shapiro

ALBANY
AMSTERDAM
ATLANTA
BOCA RATON
BOSTON
CHICAGO
DALLAS
DENVER
FORT LAUDERDALE
LOS ANGELES
MIAMI
NEW JERSEY
NEW YORK
ORANGE COUNTY, CA
ORLANDO
PHILADELPHIA
PHOENIX
SILICON VALLEY
TALLAHASSEE
TYSONS CORNER
WASHINGTON, D.C.
WEST PALM BEACH
WILMINGTON
ZURICH