# ATTACHMENT 2

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DAIRYLAND POWER COOPERATIVE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-0106C |
| | ) | (Chief Judge Damich) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSES TO PLAINTIFF'S
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, provides the following response to the first request for production of documents served by plaintiff, Dairyland Power Cooperative ("Dairyland").

GENERAL OBJECTIONS

1. Defendant objects to each and every production request to the extent that it calls for the disclosure of material or information that is subject to any claim of privilege or protection, including without limitation, the attorney-client privilege, the work-product doctrine, or any Government privilege. Defendant will not produce privileged or protected documents, materials or information in response to the document requests. The inadvertent production by defendant of documents protected by the attorney-client privilege, or any other privilege, shall not constitute a waiver of the applicable privilege or protection as to any document so produced, or as to any other document.

2. Defendant objects to the instructions and definitions incorporated by reference into plaintiff's document requests to the extent that such instructions and definitions attempt to

impose obligations on defendant other than those imposed by RCFC 26 and 34 and the Court's prior orders, including but not limited to:

a. Pursuant to the Court's March 14, 2005 order, limitations upon the parties' obligations to preserve and search for electronic mail, to the extent that it has not been stored or has been retained only in an electronic form, were established.

b. The definition of DOE is overly broad by seeking to impose obligations in excess of those previously ordered by the Court.

c. The instructions contained in the fourth paragraph of Dairyland's request for production is objectionable to the extent that it seeks to impose requirements beyond those contained in RCFC 26(e)(1) - (3). Defendant will seasonably supplement its responses only to the extent required by RCFC 26(e).

d. The instructions contained in paragraphs 5 and 6 of the plaintiffs' requests are objectionable regarding the information to be provided regarding the defendant's claims of privilege. In connection with its prior productions, the defendant has provided a privilege log that contains sufficient information to support the defendant's assertion of privilege over the documents identified. To the extent additional any documents are withheld from production based upon claims of privilege, similar privilege logs will be produced through posting upon the production website.

e. The instructions contained in paragraph 3 of Dairyland's request for production are objectionable because they seek to impose obligations beyond those contained in RCFC 34(a). Defendant will produce or make available for inspection those documents within its possession, custody or control.

3. Defendant objects to these requests to the extent that they require the Government to search for documents available on the Record Information System database ("RIS-Web") maintained by the Office of Civilian Radioactive Waste Management ("OCRWM"), and produce any documents found there. Defendant continues to make this database available to Dairyland, and the burden to search for and request documents is the same for Dairyland as it is for the defendant. Accordingly, the defendant will not undertake any searches of the RIS-web in response to these production requests or produce any documents responsive to these requests that may be found there.

4. Defendant objects to these requests to the extent that they require the defendant to produce documents that are publicly available to Dairyland. Publicly available documents would include documents available through websites maintained by either the Department of Energy ("DOE") or the Nuclear Regulatory Commission ("NRC") or available from the public document room maintained by the NRC. To the extent that documents are available from these sources, the Government will not undertake the effort to produce them.

5. Defendant objects to the production requests upon the grounds and to the extent that, by them, Dairyland seeks to have defendant make certain legal conclusions and/or conclusions as to the legal significance of certain documents and/or events which it is not required to make.

6. Defendant objects to the production requests upon the grounds and to the extent that, by them, Dairyland seeks from defendant information prepared and/or developed in anticipation of litigation and/or for trial.

7. Defendant objects to the production requests upon the grounds and to the extent that, by them, Dairyland seeks the discovery of information which is irrelevant and immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

8. Defendant objects to the production requests upon the grounds that the manner in which they are worded, when read with their definitions and general instructions, are so vague, broad, general, and all inclusive that they do not permit a proper or reasonable response and are, therefore, unduly burdensome and oppressive.

9. Defendant objects to the production requests upon the grounds that, by them, Dairyland seeks to require defendant to make legal conclusions and/or conclusions concerning the legal significance of certain documents and/or events which must be determined by the United States Court of Federal Claims in this action and upon the grounds that, to respond to them, the defendant would be required to make an extensive investigation, research, compilation, and evaluation of data and records in its possession, which would constitute annoyance, harassment, oppression, undue burden and undue expense to defendant.

10. Defendant objects to any inference that can be drawn from any portion of the request for production or the responses to them that the documents requested or events referred in the requests actually exist or occurred. The failure to object to each such inference in no way constitutes an admission by defendant that such information exists or that such events actually occurred.

11. The objections set forth above apply to each of the numbered paragraphs of the requests for production.

12. Defendant objects to the production requests to the extent that they are wholly duplicative of production requests propounded by other utility plaintiffs and seek production of documents that the Government has already made available to plaintiff. To the extent that plaintiff believes that it needs additional documents beyond those already produced, plaintiff will need to narrow its request so that it targets information that will lead to the discovery of information relevant to this litigation.

13. Without waiving the above objections, defendant will provide relevant, non-privileged information and documents currently available to it, subject only to the requirements for supplementation of responses contained in the Rules of the United States Court of Federal Claims.

DEFENDANT'S RESPONSES TO PLAINTIFF'S DOCUMENT REQUESTS

1. DOCUMENTS RELATED TO any federal legislative proposal for federal storage or disposal of SPENT FUEL from CIVILIAN NUCLEAR POWER REACTORS.

RESPONSE: Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant further objects to this request as irrelevant because the matters at issue in this case involve the schedule against which the Court will assess damages pursuant to the Standard Contract, not legislative proposals that have not been enacted and, thus, have no effect upon the Standard Contract or the parties' obligations pursuant to the Standard Contract. Defendant also objects to this request to the extent that it seeks documents that are publicly available.

2. DOCUMENTS RELATED TO any efforts or proposals to amend the NWPA.

RESPONSE: Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant further objects to this request as irrelevant because the matters at issue in this case involve the schedule against which the Court will assess damages pursuant to the terms of the Standard Contract, not legislative proposals that have not been enacted and, thus, have no effect upon the Standard Contract or the parties' obligations pursuant to the Standard Contract. Defendant also objects to this request to the extent that it seeks documents that are publicly available.

3. DOCUMENTS RELATED TO the development, proposal, or promulgation of amendments to any utility's contract for the disposal of SPENT FUEL.

RESPONSE: Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant further objects to this request as irrelevant. Defendant also objects to this request to the extent that it seeks documents that are publicly available.

Without waiving these objections, defendant will produce or make available all non-privileged documents within its control responsive to this request, to the extent that these documents have not previously been produced or made available to plaintiff and to the extent that they can be located after a reasonable search.

4. DOCUMENTS RELATED TO the development of potential contracts between utilities and the government concerning the storage and/or disposal of spent nuclear fuel and high-level radioactive waste from nuclear reactors that are currently contemplated but not yet built.

RESPONSE: Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant further objects to this request as irrelevant because the matters at issue in this case involve the schedule against which the Court will assess damages pursuant to the terms of the existing Standard Contract, not the content of new contracts into which the Government may or may not enter for the disposal of spent nuclear fuel from nuclear plants that have not yet been constructed. Such potential future contracts have no effect upon the Court's determination of the parties' obligations pursuant to the existing Standard

Contract. Defendant also objects to this request to the extent that it seeks documents that are publicly available.

5. DOCUMENTS RELATED TO any interpretation of DAIRYLAND'S SPENT FUEL disposal contract.

RESPONSE: Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests, and "any interpretation of," which would include matters wholly unrelated to any issue in the case. Similarly, defendant objects to this request as irrelevant. Plaintiff's request includes matters unrelated to any issue in this case, including past disputes regarding whether fees under the Standard Contract were to be calculated upon the amount of electricity generated or, alternatively, upon the basis of the amount of electricity generated and sold. Defendant also objects to this request to the extent that it seeks documents that are publicly available.

Without waiving these objections, defendant will produce or make available all non-privileged documents within its control responsive to this request, to the extent that these documents have not previously been produced or made available to plaintiff and to the extent that they can be located after a reasonable search.

6. DOCUMENTS RELATED TO any interpretation of the STANDARD CONTRACT for the disposal of SPENT FUEL.

RESPONSE: Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests, and "any interpretation of," which would include matters

wholly unrelated to any issue in the case. Similarly, defendant objects to this request as irrelevant. Plaintiff's request includes matters unrelated to any issue in this case, including past disputes regarding whether fees under the Standard Contract were to be calculate upon the amount of electricity generated or, alternatively, upon the basis of the amount of electricity generated and sold. Defendant also objects to this request to the extent that it seeks documents that are publicly available or seeks the same documents that the Government provided in response to Request No. 3 in the Utility Plaintiffs' Joint First Set of Requests for Production.

Without waiving these objections, defendant will produce or make available all non-privileged documents within its control responsive to this request, to the extent that these documents have not previously been produced or made available to plaintiff and to the extent that they can be located after a reasonable search.

7. DOCUMENTS RELATED TO any request(s) by DAIRYLAND that priority be accorded to SPENT FUEL removed from LACBWR because the reactor was shut down permanently.

RESPONSE: Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant also objects to this request to the extent that it seeks documents that are publicly available.

Without waiving these objections, defendant will produce or make available all non-privileged documents within its control responsive to this request, to the extent that these documents have not previously been produced or made available to plaintiff and to the extent that they can be located after a reasonable search.

8. DOCUMENTS RELATED TO the according of priority to SPENT FUEL removed from a CIVILIAN NUCLEAR POWER REACTOR that has reached the end of its useful life or has been shut down permanently.

RESPONSE: Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant also objects to this request to the extent that it seeks documents that are publicly available or seeks documents that the Government provided previously in response to Request No. 33 in the Utility Plaintiffs' Joint First Set of Requests for Production.

Without waiving these objections, defendant will produce or make available all non-privileged documents within its control responsive to this request, to the extent that these documents have not previously been produced or made available to plaintiff and to the extent that they can be located after a reasonable search.

9. DOCUMENTS RELATED TO the exchange of approved DELIVERY COMMITMENT SCHEDULES among parties with contracts with DOE for the disposal of SPENT FUEL.

RESPONSE: Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant also objects to this request to the extent that it seeks documents that are publicly available or seeks documents that the Government provided in response to Request No. 34 in the Utility Plaintiffs' Joint First Set of Requests for Production.

Without waiving these objections, defendant will produce or make available all non-privileged documents within its control responsive to this request, to the extent that these documents have not previously been produced or made available to plaintiff and to the extent that they can be located after a reasonable search.

10. DOCUMENTS RELATED TO any DOE or NRC meetings concerning the acceptance and/or disposal of DAIRYLAND'S SPENT FUEL or amending DAIRYLAND'S spent fuel disposal contract.

RESPONSE: Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests, and the words "any meeting," which could include all meetings conducted at either agency regarding any aspect of the acceptance or disposal of spent fuel from the nuclear industry since the Standard Contract was promulgated. If plaintiff could identify the specific topics and the specific time periods for which it would like the Government to search for documents, the Government will consider this narrowed request. However, as currently written, the Government is simply unable to conduct a meaningful search for documents responsive to this request. Defendant also objects to this request to the extent that it seeks documents that are publicly available.

11. DOCUMENTS RELATED TO any Annual Capacity Reports or Acceptance Priority Reports prepared by DOE in connection with the SPENT FUEL disposal program, including but not limited to all DOCUMENTS used in the preparation of such reports.

RESPONSE: Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the

"Definitions" section of its requests. Defendant further objects that this request is the same as Request Nos. 17 and 19 in the Utility Plaintiffs' Joint First Set of Requests for Production, to which the Government responded on October 9, 2001. Defendant also objects to this request to the extent that it seeks documents that are publicly available.

Without waiving these objections, defendant will produce or make available all non-privileged documents within its control responsive to this request, to the extent that these documents have not previously been produced or made available to plaintiff and to the extent that they can be located after a reasonable search.

12. DOCUMENTS RELATED TO research, plans or projections concerning the rate of DOE's acceptance of commercial SPENT FUEL in the civilian radioactive waste management system.

RESPONSE: Defendant objects to this production request because it seeks purely speculative information about the rate at which DOE may accept spent nuclear fuel in the future. In accordance with the decision in Indiana Michigan Power Co. v. United States, 422 F.3d 1369 (Fed. Cir. 2005), future damages are not recoverable in a partial breach of contract case, rendering the information sought through this production request irrelevant to this litigation. Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant also objects to this request to the extent that it seeks documents that are publicly available or seeks the same documents that the Government provided previously in response to Request No. 6 in the Utility Plaintiffs' Joint First Set of Requests for Production.

Without waiving these objections, defendant states that it has previously produced or made available numerous non-privileged documents within its control responsive to this request that have been made available to plaintiff, including all non-privileged documents that it could locate after a reasonable search relating to research, plans, or projections concerning the rate of DOE's acceptance of commercial SNF in the civilian radioactive waste management system that were generated before the commencement of DOE's delay in beginning SNF acceptance. To the extent that plaintiff believes that it needs additional documents beyond those previously produced, plaintiff will need to narrow its request so that it targets information that will lead to the discovery of information relevant to this litigation.

13. DOCUMENTS RELATED TO research, plans or projections concerning the order or sequence among utilities in which DOE will accept SPENT FUEL from utilities in the civilian radioactive waste management system, including but not limited to the order in which DOE will accept SPENT FUEL from utilities when DOE begins accepting SPENT FUEL from utilities, and any plans, projections or estimates by DOE of the order or sequence in which DOE would have accepted or will accept SPENT FUEL from utilities.

RESPONSE: Defendant objects to this production request because it seeks purely speculative information about the rate at which DOE may accept spent nuclear fuel in the future. In accordance with the decision in Indiana Michigan Power Co. v. United States, 422 F.3d 1369 (Fed. Cir. 2005), future damages are not recoverable in a partial breach of contract case, rendering the information sought through this production request irrelevant to this litigation. Defendant further objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the

"Definitions" section of its requests. Defendant also objects to this request to the extent that it seeks documents that are publicly available or seeks the same documents that the Government provided in response to Request No. 7 in the Utility Plaintiffs' Joint First Set of Requests for Production.

Without waiving these objections, defendant states that it has previously produced or made available numerous non-privileged documents within its control responsive to this request that have been made available to plaintiff, including all non-privileged documents that it could locate after a reasonable search relating to research, plans, or projections concerning the rate at which DOE thought it might accept commercial SNF in the civilian radioactive waste management system that were generated before the commencement of DOE's delay in beginning SNF acceptance. To the extent that plaintiff believes that it needs additional documents beyond those previously produced, plaintiff will need to narrow its request so that it targets information that will lead to the discovery of information relevant to this litigation.

14. DOCUMENTS RELATED TO the development of an ISFSI at LACBWR.

RESPONSE: Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant further objects to this request as irrelevant. NRC may possess documents covered by this request concerning regulations related to the development of ISFSIs that are wholly unrelated to matters to be decided by the Court in this case. Defendant also objects to this request to the extent that it seeks documents that are publicly available or are within Dairyland's custody, possession, and/or control, particularly to the extent

that Dairyland is seeking the production of documents that it submitted to the Government. See Pacific Gas & Electric Co. v. United States, 69 Fed. Cl. 323, 325-26 (2005).

Without waiving these objections, defendant states that it will produce all non-privileged documents within its control responsive to this request, to the extent that these documents have not previously been produced or made available to plaintiff and to the extent that they can be located after a reasonable search, from the files of DOE. With regard to the files of the NRC, documents responsive to this request would be available on the NRC's ADAMS database, which is publicly available, to the extent that the NRC has any such documents; those documents that the NRC would not place upon its public ADAMS database would be those that Dairyland submitted to the NRC with a request for confidentiality and public non-disclosure; however, Dairyland should already have copies of such documents, if any, given that it generated those documents.

15. DOCUMENTS RELATED TO the possible location of an ISFSI at LACBWR.

RESPONSE: Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant further objects to this request as irrelevant. NRC may possess documents covered by this request concerning regulations related to where ISFSIs may be located that are wholly unrelated to matters to be decided by the Court in this case. Defendant also objects to this request to the extent that it seeks documents that are publicly available or are within Dairyland's custody, possession, and/or control, particularly to the extent that Dairyland is seeking the production of documents that it submitted to the Government. See Pacific Gas & Electric Co. v. United States, 69 Fed. Cl. 323, 325-26 (2005).

Without waiving these objections, defendant incorporates by reference its response to Request for Production No. 14.

16. DOCUMENTS RELATED TO plans for the future removal of SPENT FUEL from LACBWR.

RESPONSE: Defendant objects to this production request to the extent that it seeks purely speculative information about DOE's plans for the acceptance of spent nuclear fuel in the future. In accordance with the decision in Indiana Michigan Power Co. v. United States, 422 F.3d 1369 (Fed. Cir. 2005), future damages are not recoverable in a partial breach of contract case, rendering the information sought through this production request irrelevant to this litigation. Defendant further objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant also objects to this request to the extent that it seeks documents that are publicly available or are within Dairyland's custody, possession and/or control.

Without waiving these objections, defendant will produce all non-privileged documents within its control responsive to this request related to DOE's investigation of Dairyland's facilities and the methods by which spent nuclear fuel can be removed from Dairyland's site, to the extent that these documents have not previously been produced or made available to plaintiff and to the extent that they can be located after a reasonable search.

17. DOCUMENTS RELATED TO actual or potential past removals of SPENT FUEL from LACBWR.

RESPONSE: Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests, and the phrase "potential past removals," which is undefined. The NRC may possess documents covered by this request that are wholly unrelated to matters to be decided by the Court in this case, and it does not maintain its non-public files in a manner that would allow the NRC easily to locate and retrieve those files. Defendant also objects to this request to the extent that it seeks documents that are publicly available or are within Dairyland's custody, possession, and/or control, particularly to the extent that Dairyland is seeking the production of documents that it submitted to the Government. See Pacific Gas & Electric Co. v. United States, 69 Fed. Cl. 323, 325-26 (2005).

Without waiving these objections, defendant will produce all non-privileged documents from the files of DOE within its control responsive to this request, to the extent that these documents have not previously been produced or made available to plaintiff and to the extent that they can be located after a reasonable search. To the extent that Dairyland believes that it needs additional documents responsive to this request from the NRC's files, beyond those that are already available to it in the public ADAMS database, plaintiff will need to narrow its request so that it will lead to the discovery of information relevant to this litigation.

18. DOCUMENTS RELATED TO the removal and disposal of LACBWR'S Reactor Pressure Vessel.

RESPONSE: Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. The NRC may possess documents covered by this request

that are wholly unrelated to matters to be decided by the Court in this case, and it does not maintain its non-public files in a manner that would allow the NRC easily to locate and retrieve all such files. Defendant also objects to this request to the extent that it seeks documents that are publicly available or are within Dairyland's custody, possession and/or control, particularly to the extent that Dairyland is seeking the production of documents that it submitted to the Government. See Pacific Gas & Electric Co. v. United States, 69 Fed. Cl. 323, 325-26 (2005).

Without waiving these objections, defendant will produce all non-privileged documents from the files of DOE within its control responsive to this request, to the extent that these documents have not previously been produced or made available to plaintiff and to the extent that they can be located after a reasonable search. To the extent that Dairyland believes that it needs additional documents responsive to this request from the NRC's files, beyond those that are already available to it in the public ADAMS database, plaintiff will need to narrow its request so that it will lead to the discovery of information relevant to this litigation.

19. DOCUMENTS RELATED TO DOE's projection that it will begin accepting SPENT FUEL from utilities starting in 2017.

RESPONSE: Defendant objects to this production request because it seeks speculative information about the date upon which DOE may accept spent nuclear fuel in the future. In accordance with this Court's decision in Indiana Michigan Power Co. v. United States, 422 F.3d 1369 (Fed. Cir. 2005), future damages are not recoverable in a partial breach of contract case, rendering the information sought through this production request irrelevant to this litigation. Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions"

section of its requests. Defendant also objects to this request to the extent that it seeks documents that are publicly available.

20. DOCUMENTS RELATING TO the planned rate of acceptance based upon a 2017 start date for DOE's acceptance of SPENT FUEL from utilities.

RESPONSE: Defendant objects to this production request because it seeks speculative information about the date upon which DOE may accept spent nuclear fuel in the future. In accordance with this Court's decision in Indiana Michigan Power Co. v. United States, 422 F.3d 1369 (Fed. Cir. 2005), future damages are not recoverable in a partial breach of contract case, rendering the information sought through this production request irrelevant to this litigation. Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant also objects to this request to the extent that it seeks documents that are publicly available.

21. DOCUMENTS RELATED TO analysis supporting or contradicting a 2017 start date for DOE's acceptance of SPENT FUEL from utilities.

RESPONSE: Defendant objects to this production request because it seeks speculative information about the date upon which DOE may accept spent nuclear fuel in the future. In accordance with this Court's decision in Indiana Michigan Power Co. v. United States, 422 F.3d 1369 (Fed. Cir. 2005), future damages are not recoverable in a partial breach of contract case, rendering the information sought through this production request irrelevant to this litigation. Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions"

section of its requests. Defendant also objects to this request to the extent that it seeks documents that are publicly available.

22. COMMUNICATIONS between DOE and NRC concerning a 2017 start date for DOE's acceptance of SPENT FUEL from utilities.

RESPONSE: Defendant objects to this production request because it seeks speculative information about the date upon which DOE may accept spent nuclear fuel in the future. In accordance with the decision in Indiana Michigan Power Co. v. United States, 422 F.3d 1369 (Fed. Cir. 2005), future damages are not recoverable in a partial breach of contract case, rendering the information sought through this production request irrelevant to this litigation. Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant also objects to this request to the extent that it seeks documents that are publicly available.

23. COMMUNICATIONS between DOE and Congress concerning a 2017 start date for DOE's acceptance of SPENT FUEL from utilities.

RESPONSE: Defendant objects to this production request because it seeks speculative information about the date upon which DOE may accept spent nuclear fuel in the future. In accordance with this Court's decision in Indiana Michigan Power Co. v. United States, 422 F.3d 1369 (Fed. Cir. 2005), future damages are not recoverable in a partial breach of contract case, rendering the information sought through this production request irrelevant to this litigation. Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions"

section of its requests. Defendant also objects to this request to the extent that it seeks documents that are publicly available.

24. DOCUMENTS RELATING TO any Mission Plan, program plan, or program reassessment (including any amendments thereto) for DOE's activities pursuant to the NWPA, including but not limited to all DOCUMENTS used to prepare such plans or reassessments.

RESPONSE: Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant further objects to this request as irrelevant because DOE's program plans do not define the parties' obligations pursuant to the Standard Contract. Defendant also objects to this request to the extent that it seeks documents that are publicly available or seeks the same documents that the Government provided in response to Request No. 20 in the Utility Plaintiffs' Joint First Set of Requests for Production, as well as in response to Request No. 18 of the plaintiff's First Request For Production Of Documents in Pacific Gas & Electric Co. v. United States, Nos. 04-0074C & -0075C (Fed. Cl.).

Without waiving these objections, defendant has previously produced or made available all non-privileged documents within its control responsive to this request through at least July 2005. To the extent that plaintiff believes that it needs additional documents beyond those previously produced and generated after July 2005, plaintiff will need to identify the relevance of those documents to this litigation in light of the appellate court's decision in Indiana Michigan Power Co. v. United States, 422 F.3d 1369 (Fed. Cir. 2005), which precludes the award of future damages in a partial breach of contract case.

25. DOCUMENTS RELATED TO facilities and/or processes for picking up or transporting SPENT FUEL from CIVILIAN NUCLEAR POWER REACTORS for storage or disposal by DOE.

RESPONSE: Defendant objects to this production request to the extent that it seeks purely speculative information about DOE's plans for the transportation of spent nuclear fuel in the future. In accordance with the decision in Indiana Michigan Power Co. v. United States, 422 F.3d 1369 (Fed. Cir. 2005), future damages are not recoverable in a partial breach of contract case, rendering the information sought through this production request irrelevant to this litigation. Defendant further objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant further objects to this request as irrelevant. Defendant also objects to this request to the extent that it seeks documents that are publicly available or seeks the same documents that the Government provided previously in response to Request Nos. 26, 28 and 43 in the Utility Plaintiffs' Joint First Set of Requests for Production.

Without waiving these objections, defendant states that it has previously produced numerous non-privileged documents within its control responsive to this request that have been made available to plaintiff. To the extent that plaintiff believes that it needs additional documents beyond those previously produced, plaintiff will need to narrow its request so that it targets information that will lead to the discovery of information relevant to this litigation.

26. COMMUNICATIONS between DAIRYLAND and DOE or NRC RELATED TO SPENT FUEL.

RESPONSE: Defendant objects to this request because it seeks documents that plaintiff should already possess, given that the request involves documents that came either to or from plaintiff, and the burden to locate these documents is no greater for plaintiff than it is for defendant. See Pacific Gas & Electric Co. v. United States, 69 Fed. Cl. 323, 325-26 (2006). Defendant further objects to this request as overly broad and unduly burdensome, particularly given its use of the words "communications" and "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant further objects to this request as irrelevant, particularly to the extent that plaintiff is seeking production of all communications with NRC relating to licensing of its nuclear reactor or other matters, for which spent nuclear fuel may not the primary matter at issue. Defendant also objects to this request to the extent that it seeks documents that are publicly available.

Without waiving these objections, defendant states that it has previously produced DOE's contract files for Dairyland's Standard Contract, which contain communications between DOE and Dairyland regarding spent fuel. Defendant further states that numerous communications between Dairyland and the NRC, to the extent that they exist, may be publicly available on the NRC's public ADAMS database. To the extent that plaintiff believes that it needs additional documents responsive to this request, plaintiff will need to narrow its request so that it targets information that will lead to the discovery of information relevant to this litigation and, further, explain the reasons that Dairyland does not already possess copies of those communications in its own files.

27. DOCUMENTS RELATED TO DOE's acceptance, ownership, storage or plans for disposal of HIGH LEVEL WASTE from CIVILIAN NUCLEAR POWER REACTORS other than those obligations arising under the STANDARD CONTRACTS.

RESPONSE: Defendant objects to this request as vague because plaintiff's definition of "high level waste" is different from the definition set forth in the Standard Contract and includes "irradiated reactor fuel" which is defined as "spent nuclear fuel" in the Standard Contract. Defendant further objects to this request as overly broad and unduly burdensome because plaintiff's definition of "high level waste" includes "spent nuclear fuel," thereby rendering it impossible for the Government properly to search for and produce documents responsive to plaintiff's request. Further, plaintiff's request is irrelevant, given that, applying the definition of "high-level radioactive waste" under the Standard Contract, no commercial nuclear utility currently possesses any "high-level radioactive waste," eliminating the need to create plans for its disposal. Defendant also objects to this request to the extent that it seeks documents that are publicly available.

28. DOCUMENTS RELATED TO the storage or disposal of commercial utility SPENT FUEL at sites other than CIVILIAN NUCLEAR POWER REACTORS.

RESPONSE: Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant further objects to this request as irrelevant. The issue in this case involve whether plaintiff has incurred incremental costs as a result of DOE's delay in beginning spent nuclear fuel acceptance, and this request is unrelated to that issue. Defendant also objects to this request to the extent that it seeks documents that are publicly

available. Defendant objects to this request upon the grounds that it is vague and ambiguous with respect to the phrase "at sites other than civilian nuclear reactors."

Without waiving these objections, defendant states that it has previously produced numerous non-privileged documents within its control responsive to this request that have been made available to plaintiff. To the extent that plaintiff believes that it needs additional documents beyond those previously produced, plaintiff will need to narrow its request so that it targets information that will lead to the discovery of information relevant to this litigation.

29. DOCUMENTS RELATED TO consideration, development, or plans for DOE acceptance of casks, canisters or similar devices and systems from CIVILIAN NUCLEAR POWER REACTORS as part of the civilian radioactive waste management system.

<u>RESPONSE</u>: Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant also objects to this request to the extent that it seeks documents that are publicly available.

Without waiving these objections, defendant states that it has previously produced numerous non-privileged documents within its control responsive to this request that have been made available to plaintiff. To the extent that plaintiff believes that it needs additional documents beyond those previously produced, plaintiff will need to narrow its request so that it targets information that will lead to the discovery of information relevant to this litigation.

30. DOCUMENTS RELATED TO the storage, disposal, transportation, packaging, inspection, or pickup from utilities by DOE of FAILED FUEL.

RESPONSE: Defendant objects to this request as vague and ambiguous, as plaintiff does not define the meaning of "storage, disposal, transportation, packaging, inspection, and pickup." Assuming that these terms are broadly defined, as they appear to be, defendant further objects to this request as overly broad, unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff is requesting that defendant search the entire Federal Government for every document within the Federal Government that has any connection to an incredibly broad category of information. The Department of Energy has previously produced various documents from its files that pertain to failed fuel, and we have previously produced those documents to plaintiff, to the extent that they were not privileged. Plaintiff's current request is too broad and unduly burdensome to allow us to conduct any additional searches for information, particularly since this broad request is not reasonably calculated to lead to the discovery of information that would be either relevant or admissible.

Without waiving these objections, defendant states that it has previously produced numerous non-privileged documents within its control responsive to this request that have been made available to plaintiff. To the extent that plaintiff believes that it needs additional documents beyond those previously produced, plaintiff will need to narrow its request so that it targets information that will lead to the discovery of information relevant to this litigation.

31. DOCUMENTS RELATED TO DOE's consideration of whether to accept canisterized SPENT FUEL at Yucca Mountain.

RESPONSE: Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the

"Definitions" section of its requests. Defendant also objects to this request to the extent that it seeks documents that are publicly available.

Without waiving these objections, defendant states that it has previously produced numerous non-privileged documents within its control responsive to this request that have been made available to plaintiff. To the extent that plaintiff believes that it needs additional documents beyond those previously produced, plaintiff will need to narrow its request so that it targets information that will lead to the discovery of information relevant to this litigation.

32. DOCUMENTS RELATED TO DOE's proposal, development or implementation of transportation, aging and disposal ("TAD") canister system for the civilian radioactive waste management system.

RESPONSE: Defendant objects to this production request because it seeks speculative information about a current planning initiative regarding the manner in which DOE may accept and transport fuel in the future. The issue in this case involve whether plaintiff has incurred incremental costs as a result of DOE's delay in beginning spent nuclear fuel acceptance, and this request is unrelated to that issue. Defendant also objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant also objects to this request to the extent that it seeks documents that are publicly available.

33. DOCUMENTS RELATED TO DOE's consideration of whether or not to accept SPENT FUEL stored in dual-purpose casks or canisters or in any other non-TAD canister as part of the civilian radioactive waste management system.

RESPONSE: Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant also objects to this request to the extent that it seeks documents that are publicly available.

Without waiving these objections, defendant states that it has previously produced numerous non-privileged documents within its control responsive to this request that have been made available to plaintiff. To the extent that plaintiff believes that it needs additional documents beyond those previously produced, plaintiff will need to narrow its request so that it targets information that will lead to the discovery of information relevant to this litigation.

34. DOCUMENTS RELATED TO the decommissioning of LACBWR, excluding any DOCUMENTS created by or submitted to the NRC by DAIRYLAND.

RESPONSE: Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant further objects to this request as irrelevant because the NRC is likely to have numerous documents covered by this request that are not relevant to the determination of damages in this litigation. Defendant also objects to this request to the extent that it seeks documents that are publicly available.

Without waiving these objections, defendant will produce all non-privileged documents within its control from the files of the Department of Energy responsive to this request, to the extent that these documents have not previously been produced or made available to plaintiff and to the extent that they can be located after a reasonable search. To the extent that Dairyland believes that it needs additional documents responsive to this request from the NRC's files,

beyond those that are already available to it in the public ADAMS database, plaintiff will need to narrow its request so that it will lead to the discovery of information relevant to this litigation.

35. DOCUMENTS RELATED TO the date by which DOE will begin accepting SPENT FUEL from utilities, including but not limited to any milestone schedules, critical path activities or sensitivity analyses conducted by or on behalf of DOE.

RESPONSE: Defendant objects to this production request because it seeks speculative information about the date upon which DOE may accept spent nuclear fuel in the future. In accordance with the decision in Indiana Michigan Power Co. v. United States, 422 F.3d 1369 (Fed. Cir. 2005), future damages are not recoverable in a partial breach of contract case, rendering the information sought through this production request irrelevant to this litigation. Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant also objects to this request to the extent that it seeks documents that are publicly available.

36. Organizational charts and/or personnel rosters for the Office of Civilian Radioactive Waste Management from 2002 to the present.

RESPONSE: Defendant objects to this request to the extent that it seeks documents that are publicly available.

Without waiving this objection, defendant will produce or make available all non-privileged documents within its control from the files of the Department of Energy responsive to this request, to the extent that these documents have not previously been produced or made available to plaintiff and to the extent that they can be located after a reasonable search.

37. DOCUMENTS RELATED TO any proposed DELIVERY COMMITMENT SCHEDULES or FINAL DELIVERY SCHEDULES submitted to DOE by DAIRYLAND.

RESPONSE: Defendant objects to this request to the extent that it seeks documents that are publicly available to Dairyland or are otherwise within it's the possession, custody, and control. Defendant further objects to this request as overly broad and unduly burdensome, given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant also objects to this request to the extent that it seeks documents that are publicly available or seeks the same documents that the Government provided in response to Request No. 18 in the Utility Plaintiffs' Joint First Set of Requests for Production.

Without waiving these objections, defendant will produce or make available all non-privileged documents within its control responsive to this request, to the extent that these documents have not previously been produced or made available to plaintiff and to the extent that they can be located after a reasonable search.

38. DOCUMENTS RELATED TO DOE's decision to request new proposed DELIVERY COMMITMENT SCHEDULES from utilities in 2004.

RESPONSE: Defendant objects to this production request because it seeks information that is not relevant to the determination of damages arising from DOE's delay in accepting spent nuclear fuel beginning in 1998. In accordance with this Court's decision in Indiana Michigan Power Co. v. United States, 422 F.3d 1369 (Fed. Cir. 2005), future damages are not recoverable in a partial breach of contract case, rendering the information sought through this production request irrelevant to this litigation. Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very

broadly in the "Definitions" section of its requests. Defendant also objects to this request to the extent that it seeks documents that are publicly available.

Without waiving these objections, defendant will produce or make available all non-privileged documents within its control responsive to this request, to the extent that these documents have not previously been produced or made available to plaintiff and to the extent that they can be located after a reasonable search.

39. DOCUMENTS RELATED TO DOE's decision to suspend the approval and submittal of proposed DELIVERY COMMITMENT SCHEDULES in 2004.

RESPONSE: Defendant objects to this production request because it seeks information that is not relevant to the determination of damages arising from DOE's delay in accepting spent nuclear fuel beginning in 1998. In accordance with this Court's decision in Indiana Michigan Power Co. v. United States, 422 F.3d 1369 (Fed. Cir. 2005), future damages are not recoverable in a partial breach of contract case, rendering the information sought through this production request irrelevant to this litigation. Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant also objects to this request to the extent that it seeks documents that are publicly available.

Without waiving these objections, defendant will produce or make available all non-privileged documents within its control responsive to this request, to the extent that these documents have not previously been produced or made available to plaintiff and to the extent that they can be located after a reasonable search.

40. DOCUMENTS RELATED TO PFS, except any already publicly available DOCUMENTS RELATED TO PFS's license application with the NRC.

RESPONSE: Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests, and clearly would encompass a tremendous number of documents, including the NRC's entire record of evaluation of the license application.

Without waiving these objections, defendant states that it has previously produced numerous non-privileged documents within its control responsive to this request that have been made available to plaintiff. To the extent that plaintiff believes that it needs additional documents beyond those previously produced, plaintiff will need to narrow its request so that it targets information that will lead to the discovery of information relevant to this litigation.

41. DOCUMENTS RELATED TO PFS's offer or proposal to allow government use of its temporary spent fuel storage site located in Skull Valley, Utah.

RESPONSE: Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant further objects to this request as irrelevant. The issue in this case involve whether plaintiff has incurred incremental costs as a result of DOE's delay in beginning spent nuclear fuel acceptance, and this request is unrelated to that issue. Defendant also objects to this request to the extent that it seeks documents that are publicly available.

Without waiving these objections, defendant states that it has previously produced numerous non-privileged documents within its control responsive to this request that have been

made available to plaintiff. To the extent that plaintiff believes that it needs additional documents beyond those previously produced, plaintiff will need to narrow its request so that it targets information that will lead to the discovery of information relevant to this litigation.

42. DOCUMENTS RELATED TO DOE's consideration of or planning for the relationship between the Global Nuclear Energy Partnership ("GNEP") and the civilian radioactive waste management system.

RESPONSE: Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant further objects to this request as irrelevant. The issue in this case involve whether plaintiff has incurred incremental costs as a result of DOE's delay in beginning spent nuclear fuel acceptance, and this request is unrelated to that issue. Defendant also objects to this request to the extent that it seeks documents that are publicly available.

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

RUSSELL A. SHULTIS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7571
Fax: (202) 307-2503

December 8, 2006

Attorneys for Defendant

CERTIFICATE OF SERVICE

I certify under penalty of perjury that, on this 8th day of December 2006, I caused to be served by overnight courier (Federal Express, for next business-day delivery) a copy of "DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS," addressed as follows:

JERRY STOUCK
Greenberg Traurig, LLP
800 Connecticut Avenue, N.W.
Suite 500
Washington, D.C. 20006

[signature]