IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Electronically filed: January 16, 2007

| | |
|---|---|
| DAIRYLAND POWER COOPERATIVE, Plaintiff, | No. 04-0106C |
| v. | (Chief Judge Damich) |
| UNITED STATES OF AMERICA, Defendant. | |

## DAIRYLAND'S OPPOSITION TO THE GOVERNMENT'S MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO MOTION TO COMPEL DISCOVERY RESPONSES

The government's latest motion for an extension of time reflects a pattern of delay and refusal to provide Dairyland meaningful discovery that should be thwarted by the Court. Dairyland is mindful that the Court may be reluctant to forego any response from the government on Dairyland's motion to compel interrogatory responses and the production of documents, but given the government's pattern of delay, there may be no other means of keeping this case reasonably on schedule.

Dairyland served its discovery requests on October 10, 2006, and it attempted to schedule depositions starting in November. To date, the government has not produced a single page of documents, has refused to schedule a single deposition, and has failed to provide almost any meaningful interrogatory answers. The government obtained two enlargements of time to respond to Dairyland's requests for written discovery, and it also obtained two enlargements of the time for its response to Dairyland's motion to compel depositions. In the interests of cooperation and the avoidance of disputes requiring the Court's intervention, Dairyland has not

opposed all of these requests. But the government's continued delays are prejudicing Dairyland's ability to complete discovery in a timely manner; thus, Dairyland has reached the limits of its tolerance of the government's delays.

Dairyland had hoped that its motion to compel interrogatory answers and the production of documents could be addressed at the hearing scheduled for January 19.[1] But if the government is permitted until January 18 or even the 17th to file its response, the ability of the Court to fully address the issues raised in Dairyland's motion may be limited. At a minimum, the government's delay will hamper Dairyland's ability to address points raised in the government's response at the hearing. Indeed, if the government responds on the 18th, it will have taken 21 days to respond to the arguments made in Dairyland's motion, leaving less than a day before the hearing for Dairyland to respond to the government's arguments.

The government asserts that it needs additional time to respond to Dairyland's motion because its counsel are involved in the litigation of another spent fuel case. But if Dairyland's case is to proceed to trial reasonably on the schedule set by this Court, continual delays on that ground should not be permitted. In fact, the government has pointed to the demands of other spent fuel cases as the reason for its need for most of the enlargements of time it has sought. The government's November 9 and November 30 motions cite the trial in *Northern States Power v. United States*; the January 10 and present government motions cite the trial in *Systems Fuels,*

[1] The government materially misrepresented Dairyland's position regarding the government's January 10, 2007 motion for additional time to respond to the motion to compel depositions. Dairyland's counsel represented that Dairyland would not oppose that motion provided the government filed its response to Dairyland's motion to compel discovery (the subject of the government's current motion for enlargement) in time for the motion to be considered at the hearing scheduled for January 19. Dairyland's counsel understood that the government's response would be filed by January 16 in order to meet that requirement. The government's January 10, 2007 motion erroneously represented Dairyland's position as merely seeking filing of the government's response prior to the January 19 hearing.

*Inc. v. United States*. Yet, the government's response to Dairyland's motion to compel depositions (at p. 13) notes that the government will be engaged in four additional spent fuel trials between now and the trial of Dairyland's spent fuel case. Undoubtedly, the government will be engaged in much other spent fuel litigation and other litigation before the Court during this time as well. By breaching all of its contracts with the commercial nuclear industry, the government spawned approximately 60 cases in this Court, and the government may not have devoted adequate resources to defend itself in those cases. But the consequences of that failure must be borne by the government, not plaintiffs like Dairyland. Having waived its sovereign immunity and breached its contracts, the government should not be permitted by rationing its assignment of counsel and other litigation resources to the spent fuel cases to hinder the ability of Dairyland and other spent fuel plaintiffs to obtain prompt and fair litigation of their claims in this Court.

For these reasons, the government's motion for an enlargement of time should be denied.

Respectfully submitted,

January 16, 2007

s/ Jerry Stouck

JERRY STOUCK
Greenberg Traurig, LLP
800 Connecticut Avenue, NW
Suite 500
Washington, DC 20006
(202) 331-3100 (Telephone)
(202) 261-4751 (Facsimile)
*Counsel for Plaintiff*
DAIRYLAND POWER COOPERATIVE

Of Counsel:
Robert L. Shapiro
Kevin E. Stern
GREENBERG TRAURIG, LLP