IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DAIRYLAND POWER COOPERATIVE,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ) | No. 04-0106C<br>(Chief Judge Damich) |

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR AN ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFF'S MOTION TO COMPEL

Defendant, the United States, respectfully submits this reply to plaintiff's response to the Government's motion for a two-day enlargement of time, which we filed yesterday.

The representations that plaintiff, Dairyland Power Cooperative, has made in its response to our motion are simply outrageous. First, plaintiff's assertion that the Government has produced no documents and sat for no depositions in this case is simply wrong. While it may be true that no Government witness has been deposed in this particular case, Government witnesses have sat for more than 140 days of depositions in connection with these spent fuel cases, and plaintiff's attorneys have been involved in the vast majority of those depositions. Indeed, plaintiff's attorneys – in their other cases – have made free use of discovery taken in the other spent fuel cases and in coordinated discovery. Moreover, more than a million pages of documents have been produced in connection with these cases and the plaintiff's counsel has had access to these documents – and has used them in prior trials – for years.

Second, the fact that the Government has been subject to extensive discovery – a fact that plaintiff disregards and, indeed, misrepresents in its response – complicates responding to the plaintiff's motion. As will be set forth in our response, the plaintiff is seeking the repetitive and cumulative discovery – using the fact that a different named plaintiff now is before the Court to

justify new forays into old and well-worn issues. However, plaintiff's response – as well as its requests – ignore the significant role that plaintiff's attorneys played in both the coordinated discovery and in discovery in other cases. Moreover, the plaintiff seeks significant discovery that concerns the Department of Energy's future plans to perform which is not relevant to this past damages case. Had the plaintiff served narrowly-defined requests and reasonable deposition notices, responding would be much simpler. Plaintiff chose a different path that, as the Court will see, seeks to subject the Government to unreasonable, overly burdensome, irrelevant, and cumulative discovery

Third, plaintiff cannot explain how a two-day enlargement will affect the trial schedule. The Government has made no effort to delay trial in this case and has proposed moving the fact discovery deadline so as to allow the parties to resolve discovery disputes without affecting the expert report deadlines or trial. Finally, suggestions that we materially misrepresented the plaintiff's position in a prior motion are outrageous. To the extent that is so, the plaintiff could have contacted counsel to ask that the motion be amended or, in the alternative, could have filed a responsive pleading clarifying the alleged error. However, in the face of a "material misrepresentation" the plaintiff sat silent raising the issue in a way that makes it difficult for the Government to correct the perceived error. Any alleged "misrepresentation" was unintentional; indeed, counsel for the Government, John C. Ekman, advised counsel for the plaintiff, Jerry Stouck, during the telephone call concerning the second enlargement upon plaintiff's motion to compel depositions that a brief enlargement request related to this motion was possible before consent to the enlargement was granted. Plaintiff cannot claim to have been surprised by the request or to have been lulled into agreeing to a prior enlargement by a material

misrepresentation. Additionally, we offered to correct the alleged misrepresentation in the enlargement motion filed yesterday and include language in the motion that our response would be filed so that the motion to compel discovery could be heard on Friday, January 19, 2007 with the other pending discovery motion. However, we were advised by plaintiff's counsel, Robert Shapiro, that he did not want us representing to the Court that the parties desired that the motion to compel discovery be heard at the Friday, January 19, 2007 hearing. Based upon that request, the Government did not include the language – now reflected in plaintiff's response – in its motion.

Plaintiff's case will be heard in a timely manner and this enlargement request has no effect upon the timing of this case. For the foregoing reasons and those set forth in our initial motion, we respectfully request that the Court grant this motion for an enlargement of time.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/Russell A. Shultis
RUSSELL A. SHULTIS
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 353-0897
Fax: (202) 307-2503

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

PATRICK B. BRYAN
JOHN C. EKMAN
SONIA M. ORFIELD
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530

January 17, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 17th day of January 2007, a copy of foregoing "DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR AN ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFF'S MOTION TO COMPEL" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/John C. Ekman