Pacific Gas and Electric v. United States
United States Court of Federal Claims 04-74C
Table of Challenges

| REFNO | BEGNO | ENDNO | PRIV LOG | DESCRIPTION | PRIV CLAIM |
|---|---|---|---|---|---|
| 358 | HQR2580550 | HQR2580555 | 12/2003 | E-mail forwarding draft responses to questions from the office of inspector general in connection with audit conducted by DOE-ig; withheld as privileged under the deliberative process privilege because it reflects proposed response from OCRWM to ig report; same document as HQR250 0298-0304 which was subject of court's August 25, 2003, order upholding the government's assertion of deliberative process. | DP |
| 359 | HQR2580556 | HQR2580562 | 12/2003 | E-mail forwarding draft responses to questions from the office of inspector general in connection with audit conducted by DOE-ig; withheld as privileged under the deliberative process privilege because it reflects proposed response from OCRWM to ig report; same document as HQR250 0298-0304 which was subject of court's August 25, 2003, order upholding the government's assertion of deliberative process. | DP |
| 360 | HQR2640021 | HQR2640040 | 5/2004 | Presentation titled, "impacts of accelerated waste acceptance;" presentation provides information requested by Undersecretary Card in connection with consideration of decisions to be made in connection with waste acceptance. An earlier version of this document is numbered at HQR250 0977-0980 which was the subject of the court's August 25, 2003, ruling upholding the government's assertion of privilege. A duplicate version of this document appears at CTR174 0004-0030. | DP |
| 361 | HQR2640041 | HQR2640085 | 5/2004 | Presentation titled, "rw waste acceptance analyses;" presentation made to Undersecretary Card at his request; information and recommendations made to the Undersecretary in deliberations regarding how to proceed on decisions regarding waste acceptance | DP |
| 362 | HQR2640086 | HQR2640099 | 5/2004 | Presentation to Undersecretary Card regarding program strategy, waste acceptance and transportation; materials provide recommendations to the Undersecretary regarding decisions to be made in areas of transportation, waste acceptance, and submission of license application. | DP |
| 363 | HQR2890012 | HQR2890015 | 5/2004 | Three copies of a draft white paper titled "evaluation of alternative waste acceptance scenarios." this document was prepared in the process of formulating a recommendation to Undersecretary Card regarding waste acceptance scenarios; the information was conveyed in the presentation set forth on the log at HQR289 0138-0183. | DP |
| 364 | HQR2890016 | HQR2890033 | 5/2004 | Notes, draft white paper, and tables regarding alternatives for waste acceptance and a model for analyzing alternatives. These documents were prepared in the process of formulating a recommendation to Undersecretary Card regarding waste acceptance scenarios. The information was conveyed in a presentation set forth at HQR289 0138-0183. | DP |
| 365 | HQR2890034 | HQR2890137 | 5/2004 | Notes, slides, tables, and draft white paper regarding alternatives for waste acceptance. These documents were prepared in the process of formulating a recommendation to Undersecretary Card regarding waste acceptance scenarios. The information was conveyed in the presentation set forth at HQR289 0138-0183. | DP |
| 366 | HQR2890138 | HQR2890183 | 5/2004 | Three copies of presentation titled, "rw waste acceptance analyses;" marked "predecisional, preliminary draft;" presented to Undersecretary Card, Dr. Chu, and t. Garrish; this presentation includes information and recommendations requested by Card, Chu, and garrish regarding possible waste acceptance scenarios to be followed by DOE when waste acceptance begins in 2010 and reflects DOE's policy deliberations. | DP |
| 367 | HQR2890184 | HQR2890198 | 5/2004 | Draft presentation titled "proposed approach to initiating modifications to the utility disposal contracts." this document was prepared at the request of Undersecretary Card, provides recommendations regarding modifications to the standard contract, and reflects deliberations regarding those modifications. | DP |
| 368 | HQR2890199 | HQR2890200 | 5/2004 | Draft memorandum regarding the resumption of disposal contract scheduling process. This document was prepared for Undersecretary Card and Dr. Chu, provides recommendations regarding how to restart scheduling process for 2010 acceptance, and reflects deliberations regarding that process. The document bears the legend, "prepared at the direction of an attorney."®AC attorney: J. Taylor (DOE-OGC) | DP, AC |
| 369 | HQR2890201 | HQR2890240 | 5/2004 | Various drafts of a presentation titled, "proposed approach to intiating modifications to the utility disposal contracts;" presentation was prepared at the request of Undersecretary Card, provides recommendations regarding possible modifications to the standard contract, and reflects deliberations regarding those modifications. | DP |
| 370 | HQR2930031 | HQR2930044 | 5/2004 | OCRWM presentation titled "FY 2005 OMB review budget;" this presentation reflects the DOE's deliberations regarding the budget request which it prepared for submission to the office of management and budget (OMB). | DP |
| 371 | HQR2950001 | HQR2950003 | 5/2004 | Notes from meeting with the Undersecretary reflecting analysis requested by the Undersecretary including advice sought for budget submittals; redacted document to be released. | DP |
| 372 | HQR3010001 | HQR3010009 | 5/2004 | E-mail forwarding attached draft report to the Secretary of energy regarding the inspector general's audit of the licensing support network; document was prepared as part of an ongoing audit by the DOE-ig and reflects analysis and recommendations by the DOE-ig to the Secretary. | DP |

Pacific Gas and Electric v. United States
United States Court of Federal Claims 04-74C
Table of Challenges

| REFNO | BEGNO | ENDNO | PRIV LOG | DESCRIPTION | PRIV CLAIM |
|---|---|---|---|---|---|
| 373 | HQR3030001 | HQR3030009 | 5/2004 | Memo forwarding attached white paper regarding need to replan budget for FY2003 due to extended continuing resolution. This document was requested by and provided to Dr. Chu, provides recommendations, and forms part of the deliberative process regarding budget matters. | DP |
| 374 | HQR3030010 | HQR3030021 | 5/2004 | Presentation regarding need to replan budget for FY2003 due to extended continuing resolution. This document was requested by and provided to Dr. Chu, provides recommendations, and forms part of the deliberative process regarding budget matters. | DP |
| 375 | HQR3030022 | HQR3030023 | 5/2004 | White paper regarding need to replan budget for FY2003 due to extended continuing resolution. This document was requested by and provided to Dr. Chu, provides recommendations, and forms part of the deliberative process regarding budget matters. | DP |
| 376 | HQR3030024 | HQR3030027 | 5/2004 | White paper regarding need to replan budget for FY2003 due to extended continuing resolution. This document was requested by and provided to Dr. Chu, provides recommendations, and forms part of the deliberative process regarding budget matters. | DP |
| 377 | HQR3060001 | HQR3060022 | 5/2004 | Memo to the Secretary regarding identification of a preferred rail corridor to Yucca Mountain; the memorandum reflects deliberations regarding the decision and recommendations of OCRWM personnel to the Secretary | DP |
| 378 | HQR3080001 | HQR3080038 | 5/2004 | Draft copies of slides prepared for a graphic presentation regarding possible waste acceptance scenarios. The final presentation is set forth on the privilege log at HQR289 0138-0183. These slides reflect the deliberations of DOE personnel and form part of the deliberative process regarding policy decisions. ®®this document previously appeared on the log under entry HQR 266. | DP |
| 379 | HQR3080039 | HQR3080072 | 5/2004 | Copies of slides prepared for a draft graphic presentation regarding transportation options for a repository at Yucca Mountain. These slides reflect the recommendations of DOE personnel and form part of the deliberative process. A substantially similar version of this document appears at HQR 254 0056-0083, which was the subject of the court's August 25, 2003 ruling upholding the government's assertion of privilege.®®this document previously appeared on the log under entry HQR 266. | DP |
| 380 | HQR3080073 | HQR3080085 | 5/2004 | Graphs, tables, and a list of assumptions regarding receipt rates and cost impacts; prepared in response to questions and issues raised by Undersecretary Card as part of the deliberative process to assist DOE in making policy decisions in formulating budget requests for OCRWM.®®this document previously appeared on the log under entry HQR 266. | DP |
| 381 | HQR3130001 | HQR3130004 | 5/2004 | Graphs and tables regarding the effect of options regarding the rate of SNF acceptance. These documents were prepared in the process of formulating a recommendation for consideration by the Undersecretary of energy and reflect DOE's policy deliberations in the budgetary process. | DP |
| 382 | HQR3130004 | HQR3130022 | 5/2004 | Package of notes and draft agenda prepared in connection with briefing to Undersecretary Card regarding the design of a repository; the documents were prepared in the process of formulating a recommendation to Undersecretary Card regarding repository design and reflect DOE's deliberations regarding the design of the repository. | DP |
| 383 | HQR3130023 | HQR3130096 | 5/2004 | Binder of drawings and other material prepared in connection with briefing to Undersecretary Card regarding the design of the repository; the documents were prepared in the process of formulating a recommendation to Undersecretary Card regarding repository design and reflect DOE's deliberations regarding the design of the repository. | DP |
| 384 | HQR3190112 | HQR3190131 | 11/2004 | Four copies of a draft white paper summarizing a meeting involving the DOE office of general counsel regarding an EIS regarding the disposal of GTCC waste; draft action memorandum to the Secretary regarding issuance of the advance notice of intent to prepare an EIS regarding the disposal of GTCC radioactive waste; document reveals the deliberations of DOE regarding the preparation of an EIS for the disposal of GTCC waste and forms part of the deliberative process. | AC, DP |
| 385 | HQR3190496 | HQR3190498 | 11/2004 | Draft presentation regarding the legal and regulatory framework for disposal of GTCC waste; document reveals the deliberations of DOE regarding the preparation of an EIS for the disposal of GTCC waste and forms part of the deliberative process. | DP |
| 386 | HQR3200390 | HQR3200391 | 3/2005 | White paper re: potential scope of environmental impact statement for disposition of Greater-Than-Class-C low level radiocactive waste; document reveals the deliberations of DOE regarding the preparation of an EIS for the disposal of GTCC waste and forms part of the deliberative process. | DP |
| 387 | HQR339 | HQR339 | 12/2004 | Draft action memorandum to the Secretary, prepared for Dr. Chu, Director, OCRWM, and to be reviewed by the Undersecretary, regarding the issuance of the 2004 ACR/APR and the DCS process; memorandum contains recommendations to the Secretary, reveals the deliberations of DOE regarding the issuance of the 2004 ACR/APR and the DCS process, and forms part of the deliberative process. | DP |

Pacific Gas and Electric v. United States
United States Court of Federal Claims 04-74C
Table of Challenges

| REFNO | BEGNO | ENDNO | PRIV LOG | DESCRIPTION | PRIV CLAIM |
|---|---|---|---|---|---|
| 388 | HQR339 | HQR339 | 12/2004 | Draft action memorandum to the Secretary, prepared for Dr. Chu, Director, OCRWM, and to be reviewed by the Undersecretary, regarding the issuance of the 2004 ACR/APR and the DCS process; memorandum contains recommendations to the Secretary, reveals the deliberations of DOE regarding the issuance of the 2004 ACR/APR and the DCS process, and forms part of the deliberative process. | DP |
| 389 | HQR339 | HQR339 | 12/2004 | Draft of cover letter from contracting officer to contract holders to accompany 2004 ACR/APR; document reveals the deliberations of DOE regarding the issuance of the 2004 ACR/APR and forms part of the deliberative process. | DP |
| 390 | HQR3420001 | HQR3420009 | 12/2004 | Draft action memorandum to the Secretary, prepared for Dr. Chu, Director, OCRWM, and to be reviewed by the Undersecretary, regarding the issuance of the 2004 ACR/APR and the DCS process; memorandum contains recommendations to the Secretary, reveals the deliberations of DOE regarding the issuance of the 2004 ACR/APR and the DCS process and forms part of the deliberative process. | DP |
| 391 | HQR3440001 | HQR3440001 | 12/2004 | E-mail message regarding status of discussions among senior leaders at DOE about the issuance of an EIS for the disposal of GTCC waste; document reveals the deliberations of DOE regarding the scope of the EIS and forms part of the deliberative process. | DP |
| 392 | HQR3440002 | HQR3440003 | 12/2004 | Draft response to questions from house appropriations committee regarding the disposal of llw in commercial or DOE facilities; document reveals the deliberations of DOE regarding its response to congress and forms part of the deliberative process. | DP |
| 393 | HQR3440004 | HQR3440012 | 12/2004 | E-mail regarding request for information to be sent to organizations within DOE in connection with preparation of EIS to be issued for the disposal of GTCC waste; e-mail forwards draft of 'data call' request to be distributed; 'data call' has been previously produced; e-mail and attached document reveals the deliberations of DOE regarding the scope of the EIS and forms part of the deliberative process. | DP |
| 394 | HQR3440013 | HQR3440022 | 12/2004 | Draft presentation outlining issues to be resolved regarding the scope of an EIS to be issued for the disposal of GTCC waste; document reveals the deliberations of DOE regarding the scope of the EIS and forms part of the deliberative process. | DP |
| 395 | HQR3440023 | HQR3440024 | 12/2004 | E-mail chain regarding DOE review of proposed Senate bill s. 1045; chain includes request for review by counsel and results of review by counsel for legal sufficiency; e-mail chain reveals the deliberations of DOE regarding its review of the pending legislation and forms part of the deliberative process.;AC attorney: b. McRae (DOE-OGC). | DP, AC |
| 396 | HQR3440025 | HQR3440026 | 12/2004 | E-mail chain regarding status of discussions among office within DOE regarding responsibility for GTCC disposal issues; document reveals the deliberations of DOE regarding assignment of responsibility and forms part of the deliberative process. | DP |
| 397 | HQR3440027 | HQR3440029 | 12/2004 | White paper outlining status of activities and decisions to be made regarding the issuance of EIS for disposal of GTCC waste; document reveals the deliberations of DOE regarding the issuance of the EIS and forms part of the deliberative process. | DP |
| 398 | HQR3440030 | HQR3440033 | 12/2004 | E-mail chain regarding DOE review of proposed Senate bills s. 1045; e-mail chain reveals the deliberations of DOE regarding its review of the pending legislation and forms part of the deliberative process. | DP |
| 399 | HQR3440034 | HQR3440043 | 12/2004 | Marked up version of proposed Senate bill s. 1045; document reveals the deliberations of DOE regarding its review of the pending legislation and forms part of the deliberative process. | DP |
| 400 | HQR3440044 | HQR3440045 | 12/2004 | E-mail message regarding status of discussions among senior leaders at DOE about the issuance of an EIS for the disposal of GTCC waste; document reveals the deliberations of DOE regarding the scope of the EIS and forms part of the deliberative process. | DP |
| 401 | Memorandum reg | HQR1660021 | 12/2003 | Informal note from Patty Bubar , DOE-EM, to Jesse Roberson, DOE-EM, re: response to letter from U.S. EPA region 6 administrator. Released, with redaction; redacted portion discusses legal issue being reviewed by DOE-OGC; document previously released with bates numbers HQR1650187-0193. Memorandum regarding proposed response to request from U.S. Environmental Protection Agency Region 6 Administrator for DOE to accept GTCC waste (Gloveboxes Etc.) from superfund cleanup in Houston by accepting waste; attached is whitepaper titled, "Established policy for greater-than-class C waste"; document provides recommendations to EM-1 regarding proposed response to EPA, reveals the deliberations of DOE regarding how to response to EPA'S request and forms part of the deliberative process. | DP |

Pacific Gas and Electric v. United States
United States Court of Federal Claims 04-74C
Table of Challenges

| REFNO | BEGNO | ENDNO | PRIV LOG | DESCRIPTION | PRIV CLAIM |
|---|---|---|---|---|---|
| 402 | NRC0030013 | NRC0030017 | 12/2003, 1/31/03 | Exchange of e-mails between k. Mcconnell and n. Jensen, nrc-ogc, requesting legal review of nrc's draft response to request by a. Kadak that nrc redefine GTCC as hlw, and legal advice provided in response to the request for review; attached to the e-mail is a draft of the letter from chairman meserve to dr. Kadak, which contains marginalia by n. Jensen concerning recommended changes to letter; documents reveal the deliberations of nrc regarding how to respond to dr. Kadak's letter and form part of the deliberative process; the nrc's assertion of deliberative process over other draft versions of nrc's response generated in its deliberations over its response to mr. Kadak's request was upheld by judge sypolt's October 9, 2002 order on utility plaintiffs' motions to compel.®AC attorney: n. Jensen (nrc-ogc). | AC, DP |
| 403 | NRC0030021 | NRC0030024 | 12/2003, 1/31/03 | Exchange of e-mails between k. Mcconnell and n. Jensen, nrc-ogc, requesting legal review of nrc's draft response to request by a. Kadak that nrc redefine GTCC as hlw, and legal advice provided in response to the request for review; attached to the e-mail is a draft of the letter from chairman meserve to dr. Kadak, which contains marginalia by n. Jensen concerning recommended changes to letter; documents reveal the deliberations of nrc regarding how to respond to dr. Kadak's letter and form part of the deliberative process; the nrc's assertion of deliberative process over other draft versions of nrc's response generated in its deliberations over its response to mr. Kadak's request was upheld by judge sypolt's October 9, 2002 order on utility plaintiffs' motions to compel.®AC attorney: n. Jensen (nrc-ogc). | AC, DP |
| 404 | NRC0030025 | NRC0030026 | 12/2003, 1/31/03 | E-mail forwarding to n. Jensen (nrc-ogc) and a. Capoferri (DOE-OGC) draft of letter from chairman meserve to andrew kadak in response to dr. Kadak's request that nrc redefine GTCC on hlw; e-mail requests review of letter for legal sufficiency; documents reveal the deliberations of nrc regarding how to respond to dr. Kadak's letter and form part of the deliberative process; the nrc's assertion of deliberative process over other draft versions of nrc's response generated in its deliberations over its response to mr. Kadak's request was upheld by judge sypolt's October 9, 2002 order on utility plaintiffs' motions to compel.®AC/AW attorneys: n. Jensen (nrc-ogc) and a. Capoferri (DOE-OGC). | AC, AW, DP |
| 405 | NRC0030027 | NRC0030027 | 12/2003, 1/31/03 | Nrc briefing materials concerning April 4, 2001, meeting between counsel for nrc and DOE about nrc's response to the 10/24/2000 letter by dr. Andrew kadak; document identifies legal issues to be discussed between counsel and describes nrc's deliberations and options for responding to dr. Kadak's request that nrc redefine GTCC as hlw; document reveals the deliberations of nrc regarding how to respond to dr. Kadak's letter and forms part of the deliberative process; the nrc's assertion of deliberative process over documents of the same character generated in its deliberations over its response to mr. Kadak's request was upheld by judge sypolt's October 9, 2002 order on utility plaintiffs' motions to compel. | AC, DP |
| 406 | NRC0030029 | NRC0030030 | 12/2003, 1/31/03 | An undated draft response from Chairman Meserve to Dr. Andrew Kadak in response to Dr. Kadak's October 24, 2000 letter, requesting that NRC redefine GTCC as HLW; document contains marginalia by N. Jensen (NRC-OGC) suggesting changes to the letter, based upon his review of the letter for legal sufficiency; this draft was not provided to Dr. Kadak; document reveals the deliberations of NRC regarding how to respond to Dr. Kadak's letter and forms part of the deliberative process; the NRC's assertion of deliberative process over other draft versions of NRC's response generated in its deliberations over its response to Mr.Kadak's request was upheld by Judge Sypolt's October 9, 2002 order on utility plaintiffs' motions to compel.®AC attorney: N. Jensen (NRC-OGC). | AC, DP |
| 407 | NRC0030031 | NRC0030033 | 12/2003 | Letter from J. Taylor (DOE-OGC) to N. Jensen (NRC-OGC) regarding GTCC radioactive waste disposal issues; prepared in connection with nuclear claims litigation that GTCC radioactive waste is governed by the standard contract; provides legal advice and DOE's legal analysis of GTCC issues in SNF litigation; bears legend "privileged and confidential"; duplicate of document bate numbered HQR054 0020-0022 and subject of utility plaintiffs' motion to compel, which was denied in its entirety by Judge Sypolt, by order dated Cctober 9, 2002. ®AC/AW attorneys: J. Taylor (DOE-OGC); N. Jensen (NRC-OGC). | AC, AW |
| 408 | NRC0030036 | NRC0030038 | | Background information relating to nrc's response to dr. Kadak's request that nrc redefine GTCC as hlw; document contains discussion of potential responses to dr. Kadak and the bases for those responses; document reveals the deliberations of nrc regarding how to respond to mr. Kadak's letter and forms part of the deliberative process; the nrc's assertion of deliberative process over documents of the same character generated in its deliberations over its response to mr. Kadak's request was upheld by judge sypolt's October 9, 2002 order on utility plaintiffs' motions to compel. | DP |
| 409 | NRC0030039 | NRC0030042 | 12/2003, 1/31/03 | E-mail forwarding to a. Capoferri (DOE-OGC) draft of letter from chairman meserve to andrew kadak in response to dr. Kadak's request that nrc redefine GTCC on hlw; e-mail requests review of letter for legal sufficiency; documents reveal the deliberations of nrc regarding how to respond to dr. Kadak's letter and forms part of the deliberative process; the nrc's assertion of deliberative process over other draft versions of nrc's response generated in its deliberations over its response to mr. Kadak's request was upheld by judge sypolt's October 9, 2002 order on utility plaintiffs' motions to compel.®AC/AW attorneys: n. Jensen (nrc-ogc) and a. Capoferri (DOE-OGC). | AC, DP |

Pacific Gas and Electric v. United States
United States Court of Federal Claims 04-74C
Table of Challenges

| REFNO | BEGNO | ENDNO | PRIV LOG | DESCRIPTION | PRIV CLAIM |
|---|---|---|---|---|---|
| 410 | NRC0030045 | NRC0030047 | 12/2003, 1/31/03 | **Identical to nrc0030031-0033** - Letter from j. Taylor (DOE-OGC) to n. Jensen (nrc-ogc) regarding GTCC radioactive waste disposal issues; prepared in connection with nuclear claims litigation that GTCC radioactive waste is governed by the standard contract; provides legal advice and DOE's legal analysis of GTCC issues in SNF litigation; bears legend "privileged and confidential"; duplicate of document bate numbered hqr054 0020-0022 and subject of utility plaintiffs' motion to compel, which was denied in its entirety by judge sypolt, by order dated October 9, 2002. ®AC/AW attorneys: j. Taylor (DOE-OGC); n. Jensen (nrc-ogc). | DP |
| 411 | NRC0030054 | NRC003054 | 12/2003, 1/31/03 | Letter from andrew kadak to chairman meserve requesting that NRC redefine GTCC as hlw; document contains marginalia by n. Jensen (NRC-ogc) reflecting legal analysis by mr. Jensen in furtherance of mr. Jensen's provision of legal services to the NRC in formulating a response to dr. Kadak's request; copy of letter without marginalia was provided at NRC0030012.®AC attorney: n. Jensen (NRC-ogc). | AC, DP |
| 412 | NRC0030055 | NRC0030057 | 12/2003, 1/31/03 | An undated draft response from chairman meserve to dr. Andrew kadak in response to dr. Kadak's October 24, 2000 letter, requesting that nrc redefine GTCC as hlw; document reveals the deliberations of nrc regarding how to respond to dr. Kadak's letter and forms part of the deliberative process; the nrc's assertion of deliberative process over other draft versions of nrc's response generated in its deliberations over its response to mr. Kadak's request was upheld by judge sypolt's October 9, 2002 order on utility plaintiffs' motions to compel. | DP |
| 413 | NRC0030058 | NRC0030058 | 12/2003, 1/31/03 | E-mail from c.w. reamer (NRC) to N. Jensen (NRC-OGC) providing information and seeking legal advice in conjunction with NRC's deliberations concerning how to respond to Dr. Kadak's request that the NRC redefine GTCC as HLW; document reveals the deliberations of NRC regarding how to respond to Dr. Kadak's letter and forms part of the deliberative process; the NRC's assertion of deliberative process over documents of the same character generated in its deliberations over its response to Mr.Kadak's request was upheld by Judge Sypolt's October 9, 2002 order on utility plaintiffs' motions to compel.®AC attorney: N. Jensen (NRC-OGC). | AC, DP |
| 414 | NRC0030064 | NRC0030067 | 12/2003, 1/31/03 | Same document as document described for nrc0030031, except this document also includes a fax transmittal sheet from j. Taylor to n. Jensen, which briefly describes content of letter. ®AC/AW attorneys: n. Jensen (nrc-ogc), j. Taylor (DOE-OGC). | AC, AW, DP |
| 415 | NRC0030068 | NRC0030071 | 12/2003 | **Identical to nrc0040142 - nrc0040145.** - Draft of letter to neil jensen (nrc-ogc), regarding GTCC radioactive waste disposal issues, for review within DOE-OGC and DOE-rw and accompanying fax transmittal sheet; prepared in connection with nuclear utility claims in the Court of Federal Claims litigation that GTCC radioactive waste is governed by the standard contract; provides legal advice and DOE's legal analysis of GTCC issues in SNF litigation. Bears the legend "privileged and confidential;" draft of document bate numbered hqr054 0020-0022 and subject of utility plaintiffs' motion to compel, which was denied in its entirety by judge sypolt, by order dated October 9, 2002; the nrc's assertion of deliberative process over this document, a duplicate of nrc0020001-0004, was upheld by judge sypolt's October 9, 2002 order on utility plaintiffs' motions to compel.®AC/AW attorneys: j. Taylor (DOE-OGC); n. Jensen (nrc-ogc). | AC, AW, DP |
| 416 | NRC0030072 | NRC0030072 | 12/2003, 1/31/03 | E-mail from j. Kennedy (nrc) to n. Jensen (nrc-ogc) providing information and seeking legal advice in conjunction with nrc's deliberations concerning how to respond to dr. Kadak's request that the nrc redefine GTCC as hlw; document reveals the deliberations of nrc regarding how to respond to dr. Kadak's letter and forms part of the deliberative process; the nrc's assertion of deliberative process over documents of the same character generated in its deliberations over its response to mr. Kadak's request was upheld by judge sypolt's October 9, 2002 order on utility plaintiffs' motions to compel.®AC attorney: n. Jensen (nrc-ogc). | AC, DP |
| 417 | NRC0030073 | NRC0030073 | 12/2003, 1/31/03 | E-mail from n. Jensen (nrc-ogc) to j. Kennedy (nrc) concerning mr. Jensen's provision of legal services to nrc relating to nrc's response to dr. Kadak's request that the nrc redefine GTCC as hlw and to nrc's request for legal services from DOE-OGC concerning the legal effects of declaring GTCC to be hlw; document reveals the deliberations of nrc regarding how to respond to dr. Kadak's letter and forms part of the deliberative process; the nrc's assertion of deliberative process over documents of the same character generated in its deliberations over its response to mr. Kadak's request was upheld by judge sypolt's October 9, 2002 order on utility plaintiffs' motions to compel.®AC attorney: n. Jensen (nrc-ogc). | AC, DP |

Pacific Gas and Electric v. United States
United States Court of Federal Claims 04-74C
Table of Challenges

| REFNO | BEGNO | ENDNO | PRIV LOG | DESCRIPTION | PRIV CLAIM |
|---|---|---|---|---|---|
| 418 | NRC0030075 | NRC0030075 | 12/2003, 1/31/03 | Exchange of e-mail messages between c.w. reamer (nrc) and neil jensen (nrc-ogc), in which mr. Jensen provides legal advice in conjunction with nrc's deliberations concerning how to respond to dr. Kadak's request that the nrc redefine GTCC as hlw; mr. Jensen's e-mail message sent in response to e-mail from mr. Reamer described at document # nrc0030058; document reveals the deliberations of nrc regarding how to respond to dr. Kadak's letter and forms part of the deliberative process; the nrc's assertion of deliberative process over documents of the same character generated in its deliberations over its response to mr. Kadak's request was upheld by judge sypolt's October 9, 2002 order on utility plaintiffs' motions to compel.®AC attorney: n. Jensen (nrc-ogc). | AC, DP |
| 419 | NRC0030076 | NRC0030080 | 12/2003, 1/31/03 | Whitepaper titled, "GTCC disposal status, regulations, and other information," prepared for the purpose of deciding how to respond to dr. Kadak's October 24, 2000, letter requesting that the nrc redefine GTCC as hlw; earlier version of document described at nrc004121-0124; document reveals the deliberations of nrc regarding how to respond to mr. Kadak's letter and forms part of the deliberative process; the nrc's assertion of deliberative process over documents of the same character generated in its deliberations over its response to mr. Kadak's request was upheld by judge sypolt's October 9, 2002 order on utility plaintiffs' motions to compel. | DP |
| 420 | NRC0030087 | NRC0030087 | 12/2003, 1/31/03 | An undated draft response from Chairman Meserve to Dr. Andrew Kadak in response to Dr. Kadak's October 24, 2000 letter, requesting that NRC redefine GTCC as HLW; document contains concurrence chain for NRC's response; document reveals the deliberations of NRC regarding how to respond to Dr. Kadak's letter and forms part of the deliberative process; the NRC's assertion of deliberative process over other draft versions of NRC's response generated in its deliberations over its response to Mr.Kadak's request was upheld by Judge Sypolt's October 9, 2002 order on utility plaintiffs' motions to compel. | DP |
| 421 | NRC0040106 | NRC0040107 | 12/2003, 1/31/03 | Whitepaper discussing possible NRC responses to Dr. Kadak's October 24, 2000, letter requesting that the NRC redefine GTCC as HLW; document reveals the deliberations of NRC regarding how to respond to Mr.Kadak's letter and forms part of the deliberative process; the NRC's assertion of deliberative process over documents of the same character generated in its deliberations over its response to Mr.Kadak's request was upheld by Judge Sypolt's October 9, 2002 order on utility plaintiffs' motions to compel. | DP |
| 422 | NRC0040108 | NRC0040108 | 12/2003, 1/31/03 | Whitepaper discussing possible NRC responses to Dr. Kadak's October 24, 2000, letter requesting that the NRC redefine GTCC as HLW; document reveals the deliberations of NRC regarding how to respond to Mr.Kadak's letter and forms part of the deliberative process; the NRC's assertion of deliberative process over documents of the same character generated in its deliberations over its response to Mr.Kadak's request was upheld by Judge Sypolt's October 9, 2002 order on utility plaintiffs' motions to compel. | DP |
| 423 | NRC0040109 | NRC0040110 | 12/2003, 1/31/03 | Draft of a response to Dr. Andrew Kadak from william d. Travers in response to Dr. Kadak's October 24, 2002, request that NRC redefine GTCC as HLW; document contains comments and marginalia for suggested changes and additions to the letter; document reveals the deliberations of NRC regarding how to respond to Mr.Kadak's letter and forms part of the deliberative process; the NRC's assertion of deliberative process over other draft versions of NRC's response generated in its deliberations over its response to Mr.Kadak's request was upheld by Judge Sypolt's October 9, 2002 order on utility plaintiffs' motions to compel. | DP |
| 424 | NRC0040111 | NRC0040111 | 12/2003, 1/31/03 | Memorandum discussing relevant statutes relating to Dr. Kadak's October 24, 2000, request that NRC redefine GTCC as HLW; document also discusses potential conclusions and an analysis of Dr. Kadak's request; document reveals the deliberations of NRC regarding how to respond to Mr.Kadak's letter and forms part of the deliberative process; the NRC's assertion of deliberative process over documents of the same character generated in its deliberations over its response to Mr.Kadak's request was upheld by Judge Sypolt's October 9, 2002 order on utility plaintiffs' motions to compel. | DP |
| 425 | NRC0040120 | NRC0040120 | 12/2003, 1/31/03 | Whitepaper identiFYing issues to be discussed at a December 6, 2000, meeting regarding NRC's response to Dr. Kadak's October 24, 2000, letter requesting that NRC to redefine GTCC as HLW; document provides possible options for NRC's response to the letter, reveals the deliberations of NRC regarding how to respond to Mr.Kadak's letter and forms part of the deliberative process; the NRC's assertion of deliberative process over documents of the same character generated in its deliberations over its response to Mr.Kadak's request was upheld by Judge Sypolt's October 9, 2002 order on utility plaintiffs' motions to compel. | DP |
| 426 | NRC0040121 | NRC0040124 | 12/2003, 1/31/03 | Whitepaper titled, "GTCC disposal status, regulations, and other information," prepared for the purpose of deciding how to respond to Dr. Kadak's October 24, 2000, letter requesting that the NRC redefine GTCC as HLW; document reveals the deliberations of NRC regarding how to respond to Mr.Kadak's letter and forms part of the deliberative process; the NRC's assertion of deliberative process over documents of the same character generated in its deliberations over its response to Mr.Kadak's request was upheld by Judge Sypolt's October 9, 2002 order on utility plaintiffs' motions to compel. | DP |

Pacific Gas and Electric v. United States
United States Court of Federal Claims 04-74C
Table of Challenges

| REFNO | BEGNO | ENDNO | PRIV LOG | DESCRIPTION | PRIV CLAIM |
|---|---|---|---|---|---|
| 427 | NRC0040125 | NRC0040128 | 12/2003, 1/31/03 | Whitepaper titled, "GTCC disposal status, regulations, and other information," prepared for the purpose of deciding how to respond to Dr. Kadak's October 24, 2000, letter requesting that the NRC redefine GTCC as HLW; document contains marginalia, reveals the deliberations of NRC regarding how to respond to Mr.Kadak's letter and forms part of the deliberative process; the NRC's assertion of deliberative process over documents of the same character generated in its deliberations over its response to Mr.Kadak's request was upheld by Judge Sypolt's October 9, 2002 order on utility plaintiffs' motions to compel; different version of document described at NRC0040125. | DP |
| 428 | NRC0040138 | NRC0040139 | 12/2003, 1/31/03 | An undated draft response from Chairman Meserve to Dr. Andrew Kadak in response to Dr. Kadak's October 24, 2000 letter, requesting that NRC redefine GTCC as HLW; document reflects suggested edits by Chairman Meserve's staff, reveals the deliberations of NRC regarding how to respond to Dr. Kadak's letter and forms part of the deliberative process; the NRC's assertion of deliberative process over other draft versions of NRC's response generated in its deliberations over its response to Mr.Kadak's request was upheld by Judge Sypolt's October 9, 2002 order on utility plaintiffs' motions to compel. | DP |
| 429 | NRC0040140 | NRC0040141 | 12/2003, 1/31/03 | An undated draft response from Chairman Meserve to Dr. Andrew Kadak in response to Dr. Kadak's October 24, 2000 letter, requesting that NRC redefine GTCC as HLW; document also contains concurrence sheet for proposed response; document reveals the deliberations of NRC regarding how to respond to Dr. Kadak's letter and forms part of the deliberative process; the NRC's assertion of deliberative process over other draft versions of NRC's response generated in its deliberations over its response to Mr.Kadak's request was upheld by Judge Sypolt's October 9, 2002 order on utility plaintiffs' motions to compel.. | DP |
| 430 | NRC0040142 | NRC0040145 | 12/2003, 1/31/03 | Draft of letter to neil jensen (nrc-ogc), regarding GTCC radioactive waste disposal issues, for review within DOE-OGC and DOE-rw and accompanying fax transmittal sheet; prepared in connection with nuclear utility claims in the Court of Federal Claims litigation that GTCC radioactive waste is governed by the standard contract; provides legal advice and DOE's legal analysis of GTCC issues in SNF litigation. Bears the legend "privileged and confidential;" draft of document bate numbered hqr054 0020-0022 and subject of utility plaintiffs' motion to compel, which was denied in its entirety by judge sypolt, by order dated October 9, 2002; the nrc's assertion of deliberative process over this document, a duplicate of nrc0020001-0004, was upheld by judge sypolt's October 9, 2002 order on utility plaintiffs' motions to compel.®AC/AW attorneys: j. Taylor (DOE-OGC); n. Jensen (nrc-ogc). | AC, AW, DP |
| 431 | NRC0040146 | NRC0040148 | 12/2003, 1/31/03 | Identical document to that described at NRC0030031-0033. | DP |
| 432 | NRC0040149 | NRC0040152 | 12/2003, 1/31/03 | Fax transmittal sheet, forwarding for review and comment an undated draft response from Chairman Meserve to Dr. Andrew Kadak in response to Dr. Kadak's October 24, 2000 letter, requesting that NRC redefine GTCC as HLW; document reveals the deliberations of NRC regarding how to respond to Dr. Kadak's letter and forms part of the deliberative process; the NRC's assertion of deliberative process over this document, a duplicate of NRC0020005-0008, was upheld by Judge Sypolt's October 9, 2002 order on utility plaintiffs' motions to compel. | DP |
| 433 | NRC0040153 | NRC0040154 | 12/2003, 1/31/03 | Fax transmittal sheet, forwarding for review and comment an undated draft response from Chairman Meserve to Dr. Andrew Kadak in response to Dr. Kadak's October 24, 2000 letter, requesting that NRC redefine GTCC as HLW; document reveals the deliberations of NRC regarding how to respond to Dr. Kadak's letter and forms part of the deliberative process; the NRC's assertion of deliberative process over this document, a duplicate of NRC0020009-0010, was upheld by Judge Sypolt's October 9, 2002 order on utility plaintiffs' motions to compel. | DP |
| 434 | NRC0040155 | NRC0040155 | 12/2003, 1/31/03 | E-mail exchange between c. Poland and p. Tressler, regarding dates for finalizing NRC response to Dr. Kadak's oCT. 24, 2000 letter; document contains discussion regarding reviews by DOE and the department of justice in connection with litigation currently pending in Court of Federal Claims; document reveals the deliberations of NRC regarding how to respond to Dr. Kadak's letter and forms part of the deliberative process; the NRC's assertion of deliberative process over over documents of the same character generated in its deliberations over its response to Mr.Kadak's request was upheld by Judge Sypolt's October 9, 2002 order on utility plaintiffs' motions to compel. | DP |
| 435 | NRC0050010 | NRC0050012 | 12/2003, 1/31/03 | Two copies of one-page memorandum prepared by w. Parler, general counsel of nrc, for e. Beckjord, director, nrc office of nuclear regulatory research, containing legal advice for revision to staff paper on "10 cfr 61 - land disposal of radioactive waste" and federal register notice, based upon review of staff paper for legal sufficiency; concurrence sheet for the office of general counsel is attached; documents were created prior to the publication of the final rule and forms part of the deliberative process. | DP |
| 436 | NRC0060007 | NRC0060009 | 12/2003, 1/31/03 | Request for review and comments upon draft of final rule on the interim storage for GTCC; includes a request for review for legal sufficiency; document also reveals the deliberations of NRC regarding content of final rule and forms part of the deliberative process. | DP |

Pacific Gas and Electric v. United States
United States Court of Federal Claims 04-74C
Table of Challenges

| REFNO | BEGNO | ENDNO | PRIV LOG | DESCRIPTION | PRIV CLAIM |
|---|---|---|---|---|---|
| 437 | NRC0060010 | NRC0060014 | 12/2003, 1/31/03 | Memorandum requesting approval to release final rule for interim storage of GTCC; document describes the deliberations of NRC in formulating final rule, contains recommendations to the commissioners and forms part of the deliberative process. | DP |
| 438 | NRC0060015 | NRC0060090 | 12/2003, 1/31/03 | Draft version of the final rule for the interim storage of GTCC; document indicates where the draft is incomplete, reveals the deliberations of NRC regarding the final rule and forms part of the deliberative process. | DP |
| 439 | NRC0060091 | NRC0060101 | 12/2003, 1/31/03 | Memorandum titled, "regulatory analysis for rulemaking on interim storage of GTCC"; document analyzes bases for rulemaking, discusses options for proceeding with rulemaking, makes recommendations regarding rulemaking and forms part of the deliberative process. | DP |
| 440 | NRC0060106 | NRC0060131 | 12/2003, 1/31/03 | Draft of proposed rule for the interim storage of GTCC with marginalia indicating changes to be made to the draft of the proposed rule; attached to the draft proposed rule are: a draft letter with requested changes to Dr. Ivan itkin, DOE-OCRWM, from w. Kane, NRC, requesting comments from DOE; the changes to the letter relate to changes in the draft proposed rule; draft environmental assessment for the proposed rule with suggested changes; draft regulatory analysis with suggested changes; document reveals the deliberations of NRC regarding the final rule and forms part of the deliberative process. | DP |
| 441 | NRC0060135 | NRC0060140 | 12/2003, 1/31/03 | Comments and suggested changes to proposed rule for interim storage of GTCC by the office of nuclear reactor regulations; document reveals the deliberations of NRC regarding the final rule and forms part of the deliberative process. | DP |
| 442 | NRC0060192 | NRC0060206 | 12/2003, 1/31/03 | Draft of environmental assessment and finding of no significant impact for the proposed rule for interim storage of GTCC; document discusses options for proceeding with rulemaking, contains recommendations, reveals the deliberations of NRC regarding the final rule and forms part of the deliberative process. | DP |
| 443 | NRC0060207 | NRC0060212 | 12/2003, 1/31/03 | Memorandum titled, "regulatory analysis for rulemaking on interim storage of GTCC"; document analyzes bases for rulemaking, discusses options for proceeding with rulemaking, makes recommendations regarding rulemaking and forms part of the deliberative process. | DP |
| 444 | NRC0100096 | NRC0100098 | 12/2003, 1/31/03 | Comments and suggested changes to proposed rule for interim storage of GTCC by the Director of industrial and medical nuclear safety; document reveals the deliberations of NRC regarding the final rule and forms part of the deliberative process | DP |
| 445 | NRC0100099 | NRC0100101 | 12/2003, 1/31/03 | An undated draft response from Chairman Meserve to Dr. Andrew Kadak in response to Dr. Kadak's October 24 2000, letter requesting that NRC redefine GTCC as HLW. Document reveals the deliberations of NRC regarding how to respond to Dr. Kadak's letter and forms part of the deliberative process. The NRC's assertion of deliberative process over other draft versions of NRC's response generated in ins deliberations over its response to Mr.Kadak's request was upheld by Judge Sypolt's October 9, 2002, order on utility plaintiff's motion to compel. | DP |
| 446 | NRC013 | NRC013 | 11/2004 | E-mail re: llrwpaa and GTCC disposal and requesting review by the NRC office of general counsel; document reveals the deliberations of the NRC regarding the authority for GTCC disposal and forms part of the deliberative process.®AC attorney: e. Neil jensen (NRC OGC).®. | AC, DP |
| 447 | NRC013 | NRC013 | 11/2004 | NRC outline document re: regulatory evaluation of GTCC waste and use of 10 CFR part 60/61; document reveals the deliberations of NRC regarding regulatory evaluations of GTCC waste and forms part of the deliberative process; document also assigns review for legal sufficiency to the NRC office of general counsel. | AC, DP |
| 448 | NRC013 | NRC013 | 11/2004 | Typewritten memorandum to the file, prepared by N. Jensen (NRC-OGC), regarding meeting between attorneys for the NRC, DOE, and doj regarding NRC's draft response to the October 24, 2000, letter from Dr. Kadak; memorandum reflects the provision of legal advice and discussion of the legal issues presented by the NRC's proposed response; memorandum also reveals the deliberations of NRC regarding how to respond to Dr. Kadak's letter and forms part of the deliberative process; NRC's assertion of deliberative process privilege over similar materials relating to the deliberations regarding how to respond to Dr. Kadak's letter were upheld by the court's order dated October 9, 2002.®AC attorney: e. Neil jensen (NRC-OGC). | AC, DP |
| 449 | NRC013 | NRC013 | 11/2004 | Outline of policy and legal issues regarding the disposal of Greater-Than-Class-C waste and an environmental impact statement; the document reveals the deliberations of NRC regarding disposal of GTCC wastes and forms part of the deliberative process; document also indicates issues on which legal advice will be sought from the NRC office of general counsel. | AC, DP |
| 450 | NRC013 | NRC013 | 11/2004 | Memorandum requesting concurrence for denial of a petition from pge dated November 2, 1995, for a rulemaking re: storage of GTCC waste under 10 CFR part 72; attached is a memo from joseph callan to the NRC commissioners re: denial of the petition; documents reveal the deliberations of the NRC regarding the denial of the pge petition rulemaking and form part of the deliberative process; document also evidences a request to counsel to review the attached memo for legal sufficiency.®AC attorney: karen cyr (NRC OGC). | AC, DP |

Pacific Gas and Electric v. United States
United States Court of Federal Claims 04-74C
Table of Challenges

| REFNO | BEGNO | ENDNO | PRIV LOG | DESCRIPTION | PRIV CLAIM |
|---|---|---|---|---|---|
| 451 | NRC013 | NRC013 | 11/2004 | E-mail chain regarding contact with waste control specialists concerning the storage of Greater-Than-Class-C waste; documents reveal the deliberations of the NRC regarding the storage of GTCC waste and form part of the deliberative process; documents also evidence request for agency review by counsel.®AC attorney: s. Salomon (DOE-OGC). | AC, DP |
| 452 | NRC013 | NRC013 | 11/2004 | E-mail exchange regarding a petition concerning the interim storage of Greater-Than-Class-C waste and review of this petition including review by counsel for legal sufficiency; memoranda attached to the e-mails are part of the analysis of the petition; documents reveal the deliberations of the NRC regarding how to respond to the petition and form part of the deliberative process.®AC attorney: e. Neil jensen (OGC). | AC, DP |
| 453 | NRC013 | NRC013 | 11/2004 | E-mail submission of a document entitled "status of interim storage of GTCC waste rulemaking plan;" attached document is the draft document referred to in the e-mail. The documents reveal the deliberations of the NRC regarding a rulemaking plan and form part of the deliberative process; attachment also evidences review by counsel for legal sufficiency.®AC attorneys: w. Reamer, w. Olmstead (NRC OGC). | AC, DP |
| 454 | NRC013 | NRC013 | 11/2004 | Handwritten notes prepared by N. Jensen (NRC-OGC) regarding meeting with NRC staff and subsequent meeting with DOE and doj personnel regarding NRC's response to the October 24, 2000, letter from Dr. Kadak to Chairman Meserve; notes reflect the provision of legal advice by counsel regarding legal issues presented by Dr. Kadak's inquiry to Chairman Meserve; notes also reveal the deliberations of NRC regarding how to respond to Dr. Kadak's letter and form part of the deliberative process; NRC's assertion of deliberative process privilege over similar materials relating to the deliberations regarding how to respond to Dr. Kadak's letter were upheld by the court's order dated October 9, 2002; notes also contain notation that documents related to issue have been provided to doj in connection with litigation pending in the Court of Federal Claims.®AC/AW attorney: e. Neil jensen (NRC-OGC). | AW, DP, AC |
| 455 | NRC013 | NRC013 | 11/2004 | An undated draft response prepared for Chairman Meserve to Dr. Andrew Kadak in response to Dr. Kadak's October 24, 2000 letter, requesting that NRC redefine GTCC as HLW; document reveals the deliberations of NRC regarding how to respond to Dr. Kadak's letter and forms part of the deliberative process; the NRC's assertion of deliberative process over other draft versions of NRC's response generated in its deliberations over its response to Mr.Kadak's request was upheld by Judge Sypolt's October 9, 2002 order on utility plaintiffs' motions to compel. | DP |
| 456 | NRC013 | NRC013 | 11/2004 | E-mail regarding guidance for GTCC waste petition denial; the document reveals the deliberations of the NRC regarding GTCC waste petition and forms part of the deliberative process. | DP |
| 457 | NRC013 | NRC013 | 11/2004 | E-mail regarding response to June 26, 2001, telephone call from paula craighead re: Maine Yankee GTCC waste and isfsi storage; the document reveals the deliberations of the NRC regarding the storage of GTCC waste at an on-site isfsi and forms part of the deliberative process. | DP |
| 458 | NRC013 | NRC013 | 11/2004 | E-mail and attached draft regulatory analysis for proposed rulemaking regarding interim storage of GTCC waste and changes to 10 CFR part 72; documents reveal the deliberations of the NRC regarding the proposed rulemaking and form part of the deliberative process. | DP |
| 459 | NRC013 | NRC013 | 11/2004 | E-mail summary of a meeting held on February 11, 2003, between john greeves and martin virgilio (NRC) and Jesse Roberson (DOE) re: GTCC waste and an EIS; the document reveals the deliberations of the NRC regarding disposal of GTCC waste and forms part of the deliberative process. | DP |
| 460 | NRC013 | NRC013 | 11/2004 | Information paper re: viablity of entOMBment as decommissioning option for power reactors; document reveals the deliberations of the NRC regarding the viability of entOMBment and forms part of the deliberative process. | DP |
| 461 | NRC013 | NRC013 | 11/2004 | Rulemaking issue (affirmation) paper requesting NRC approval for notice of a final rulemaking to be published in the federal register regarding GTCC waste and proposed amendments to 10 CFR part 61; the document reveals the deliberations of the NRC regarding the disposal of GTCC waste and forms part of the deliberative process. | DP |
| 462 | NRC013 | NRC013 | 11/2004 | Notes Regarding A March 5th (Year Unknown) Telephone Conference Between The NRC And The State Of South Carolina Regarding The Disposal Of Greater-Than-Class-C Waste; Document Reveals The Deliberations Of The NRC Reagarding The Regulation Of GTCC Waste And Forms Part Of The Deliberative Processs. | DP |
| 463 | NRC013 | NRC013 | 11/2004 | Draft memorandum regarding options for the interim storage of Greater-Than-Class-C waste from commercial reactors; document reveals the deliberations of the NRC regarding the storage of GTCC waste and forms part of the deliberative process. | DP |
| 464 | NRC013 | NRC013 | 11/2004 | Facsimile cover sheet for a draft outline for environmental assessment for interim storage of GTCC waste in isfsi's or mrs's; attached is the draft outline; documents reveal the deliberations of the NRC regarding the development of an environmental assessment for GTCC waste and form part of the deliberative process. | DP |

Pacific Gas and Electric v. United States
United States Court of Federal Claims 04-74C
Table of Challenges

| REFNO | BEGNO | ENDNO | PRIV LOG | DESCRIPTION | PRIV CLAIM |
|---|---|---|---|---|---|
| 465 | NRC013 | NRC013 | 11/2004 | E-mail re: extended interim storage of low-level radioactive waste; attached document is a draft June, 1994, NRC generic letter re: extended interim storage of low level radioactive waste. The documents reflect the deliberations of the NRC regarding the substance of the generic letter.®AC attorney: e. Neil jensen (NRC OGC). | DP, AC |

# MILNER AFFIDAVIT

| Page | Paragraph | Document | Exhibit |
|---|---|---|---|
| 30 | 18.26. | COF0261673-675 (E105) | E105 |
| 30 | 18.26. | COF0261780-781 (E106) | E106 |
| 30 | 18.26. | COF0261782-785 (E107) | E107 |
| 30 | 18.27. | CTR0141786-787 (E108) | E108 |
| 30 | 18.27. | CTR0141798-799 (E109) | E109 |
| 14 | 18.7. | CTR191370-383 (E110) | E110 |
| 26 | 18.22. | CTR0193318-319 (E111) | E111 |
| 17 | 18.10. | CTR0400568-583 (E112) | E112 |
| 44 | 18.42. | CTR0451252-269 (E113) | E113 |
| 53 | 18.51. | CTR1600035-055 (E114) | E114 |
| 31 | 18.28. | CTR1600071-085 (E115) | E115 |
| 53 | 18.51. | CTR1600091-105 (E116) | E116 |
| 54 | 18.52. | CTR1600106-111 (E117) | E117 |
| 57 | 18.56. | CTR1600112-117 (E118) | E118 |
| 56 | 18.55. | CTR1600143-149 (E119) | E119 |
| 53 | 18.51. | CTR1600208-225 (E120) | E120 |
| 53 | 18.51. | CTR1600301-353 (E121) | E121 |
| 56 | 18.55. | CTR1610016-020 (E122) | E122 |
| 46 | 18.46. | CTR620001-002 (E123) | E123 |
| 57 | 18.56. | CTR1620003-007 (E124) | E124 |
| 68 | 18.71. | CTR1620008-011 (E125) | E125 |
| 53 | 18.51. | CTR1620012-027 (E126) | E126 |
| 57 | 18.56. | CTR1620028-032 (E127) | E127 |
| 54 | 18.53. | CTR1620033-046 (E128) | E128 |
| 44 | 18.42. | CTR1660055-060 (E129) | E129 |
| 41 | 18.38. | CTR66061-070 (E130) | E130 |
| 65 | 18.67. | CTR1680001-025 (E131) | E131 |
| 54 | 18.53. | CTR1720001-027 (E133) | E133 |
| 54 | 18.53. | CTR1720028-047 (E134) | E134 |
| 55 | 18.53. | CTR1720048-055 (E135) | E135 |
| 34 | 18.31. | CTR1720056-058 (E136) | E136 |
| 34 | 18.31. | CTR1720059 (E137) | E137 |
| 61 | 18.61. | CTR1740001-003 (E138) | E138 |
| 54 | 18.53. | CTR1740004-030 (E139) | E139 |
| 61 | 18.61. | CTR1740031-039 (E140) | E140 |
| 34 | 18.31. | CTR1740067-069 (E141) | E141 |
| 54 | 18.53. | CTR1740070-089 (E142) | E142 |
| 56 | 18.55. | CTR1760001-004 (E143) | E143 |
| 54 | 18.52. | CTR1770001-006 (E144) | E144 |
| 57 | 18.56. | CTR1770007-010 (E145) | E145 |
| 57 | 18.56. | CTR1770011-014 (E146) | E146 |
| 53 | 18.51. | CTR1770015-022 (E147) | E147 |
| 53 | 18.51. | CTR1770023-049 (E148) | E148 |
| 53 | 18.51. | CTR1770050-058 (E149) | E149 |
| 22 | 18.16. | HQR0240155-182 (E150) | E150 |
| 16 | 18.9. | HQR0283563-588 (E151) | E151 |
| 23 | 18.17. | HQR0284037-045 (E152) | E152 |
| 19 | 18.12. | HQR0290044-051 (E153) | E153 |
| 18 | 18.11. | HQR0290177-190 (E154) | E154 |
| 25 | 18.20. | HQR0290307-325 (E155) | E155 |

# MILNER AFFIDAVIT

| Page | Paragraph | Document | Exhibit |
|---|---|---|---|
| 23 | 18.18. | HQR0390820-832 (E156) | E156 |
| 24 | 18.19. | HQR0290839-841 (E157) | E157 |
| 16 | 18.9. | HQR290966-970 (E158) | E158 |
| 28 | 18.24. | HQR0291737-739 (E159) | E159 |
| 13 | 18.6. | HQR0292342-353(E160) | E160 |
| 19 | 18.12. | HQR0292365-368 (E161) | E161 |
| 19 | 18.12. | HQR0292428-434 (E162) | E162 |
| 20 | 18.13. | HQR0320151-156 (E163) | E163 |
| 23 | 18.17. | HQR320166-174 (E164) | E164 |
| 20 | 18.13. | HQR0320176-181 (E165) | E165 |
| 17 | 18.10. | HQR0320182-197 (E166) | E166 |
| 20 | 18.14. | HQR0320199-206 (E167) | E167 |
| 20 | 18.13. | HQR0320207-212 (E168) | E168 |
| 20 | 18.13. | HQR0320213-220 (E169) | E169 |
| 20 | 18.13. | HQR0320221-227 (E170) | E170 |
| 18 | 18.11. | HQR0320231-245 (E171) | E171 |
| 23 | 18.17. | HQR0320280-288 (E172) | E172 |
| 23 | 18.17. | HQR0320321-327 (E173) | E173 |
| 9 | 18.1. | HQR0380108-111 (E174) | E174 |
| 21 | 18.15. | HQR0381321 (E175) | E175 |
| 10 | 18.2. | HQR0390447-454 (E176) | E176 |
| 28 | 18.24. | HQR0392003-005 (E177) | E177 |
| 18 | 18.11. | HQR04214.52-214.64 (E178) | E178 |
| 25 | 18.21. | HQR0430019 (E179) | E179 |
| 11 | 18.3. | HQR0510001-007 (E180) | E180 |
| 12 | 18.4. | HQR0510008-011 (E181) | E181 |
| 15 | 18.8. | HQR0510012 (E182) | E182 |
| 13 | 18.5. | HQR0510018 (E183) | E183 |
| 15 | 18.8. | HQR0510020-024 (E184) | E184 |
| 27 | 18.23. | HQR0950014-025 (E185) | E185 |
| 59 | 18.59. | HQR202 ID NO 7422 (E188) | E188 |
| 59 | 18.59. | HQR202 ID NO 7425 (E189) | E189 |
| 59 | 18.59. | HQR2020001-105 (E190) | E190 |
| 59 | 18.59. | HQR2020106-284 (E191) | E191 |
| 59 | 18.59. | HQR2020285-311 (E192) | E192 |
| 55 | 18.54. | HQR2030001-004 (E193) | E193 |
| 53 | 18.51. | HQR2030005-017 (E194) | E194 |
| 55 | 18.54. | HQR2030018-031 (E195) | E195 |
| 55 | 18.54. | HQR2030032-041 (E196) | E196 |
| 62 | 18.62. | HQR2040001-005 (E197) | E197 |
| 44 | 18.42. | HQR2040006 (E198) | E198 |
| 44 | 18.42. | HQR2040007-008 (E199) | E199 |
| 44 | 18.42. | HQR2040009-011 (E200) | E200 |
| 44 | 18.42. | HQR2040012-014 (E201) | E201 |
| 55 | 18.54. | HQR2040015-047 (E202) | E202 |
| 59 | 18.59. | HQR2050001-005 (E203) | E203 |
| 62 | 18.62. | HQR2050006-011 (E204) | E204 |
| 60 | 18.60. | HQR2050012-014 (E205) | E205 |
| 41 | 18.38. | HQR2050015-018 (E206) | E206 |
| 55 | 18.54. | HQR2050019 (E207) | E207 |

# MILNER AFFIDAVIT

| Page | Paragraph | Document | Exhibit |
|---|---|---|---|
| 59 | 18.59. | HQR2060003-059 (E208) | E208 |
| 62 | 18.62. | HQR2070001-005 (E209) | E209 |
| 72 | 18.77. | HQR2500611-623 (E21) | E21 |
| 44 | 18.42. | HQR2070006-008 (E210) | E210 |
| 44 | 18.42. | HQR2070009-011 (E211) | E211 |
| 55 | 18.54. | HQR2070012-055 (E212) | E212 |
| 61 | 18.61. | HQR2080001-005 (E213) | E213 |
| 61 | 18.61. | HQR2080006-018 (E214) | E214 |
| 61 | 18.61. | HQR2080019-042 (E215) | E215 |
| 55 | 18.54. | HQR2090001, 003 (E216) | E216 |
| 45 | 18.44. | HQR2100004 (E218) | E218 |
| 44 | 18.42. | HQR2100005-007 (E219) | E219 |
| 55 | 18.54. | HQR2100008-018 (E220) | E220 |
| 62 | 18.62. | HQR2100021-025 (E222) | E222 |
| 66 | 18.68. | HQR2130001-003 (E224) | E224 |
| 62 | 18.62. | HQR2130004-006 (E225) | E225 |
| 66 | 18.68. | HQR2130007-015 (E226) | E226 |
| 62 | 18.62. | HQR2130016-027 (E227) | E227 |
| 46 | 18.45. | HQR2130028-031 (E228) | E228 |
| 62 | 18.62. | HQR2130032-042 (E229) | E229 |
| 62 | 18.62. | HQR2140001-014 (E230) | E230 |
| 46 | 18.45. | HQR2140015-018 (E231) | E231 |
| 44 | 18.42. | HQR142140019 (E232) | E232 |
| 53 | 18.51. | HQR2150001-064 (E234) | E234 |
| 62 | 18.62. | HQR2160001-013 (E235) | E235 |
| 59-60 | 18.59. | HQR2160014-015 (E236) | E236 |
| 53 | 18.51. | HQR2170001-023 (E239) | E239 |
| 60 | 18.59. | HQR2170034-031 (E240) | E240 |
| 63 | 18.63. | HQR2170032-064 (E241) | E241 |
| 60 | 18.59. | HQR2170065-080 (E242) | E242 |
| 63 | 18.63. | HQR2170081-100 (E243) | E243 |
| 63 | 18.63. | HQR2170101-108 (E244) | E244 |
| 63 | 18.63. | HQR2170109-112 (E245) | E245 |
| 68 | 18.71. | HQR2170113-122 (E246) | E246 |
| 53 | 18.51. | HQR2180001-002 (E247) | E247 |
| 67 | 18.70. | HQR2180003-004 (E248) | E248 |
| 63 | 18.64. | HQR2180005-026 (E249) | E249 |
| 53 | 18.51. | HQR2180027-039 (E250) | E250 |
| 55 | 18.54. | HQR2180040-057 (E251) | E251 |
| 68 | 18.71. | HQR2180137-144 (E252) | E252 |
| 55 | 18.54. | HQR2190001-013 (E253) | E253 |
| 55 | 18.54. | HQR2190014-024(E254) | E254 |
| 55-56 | 18.54. | HQR2190033-038 (E256) | E256 |
| 67 | 18.70. | HQR2190033-038 (E256) | E256 |
| 46 | 18.45. | HQR2190039-040 (E257) | E257 |
| 62 | 18.62. | HQR2190041-045 (E258) | E258 |
| 41 | 18.38. | HQR2190046-052 (E259) | E259 |
| 62 | 18.62. | HQR2190053 (E260) | E260 |
| 34 | 18.31. | HQR2190054 (E261) | E261 |
| 58 | 18.57. | HQR2640041-085 (E361) | E261 |

# MILNER AFFIDAVIT

| Page | Paragraph | Document | Exhibit |
|---|---|---|---|
| 68 | 18.71. | HQR2190055-056 (E262) | E262 |
| 34 | 18.31. | HQR2190057-074 (E263) | E263 |
| 68 | 18.71. | HQR2190075-152 (E264) | E264 |
| 45 | 18.44. | HQR2200001-012 (E265) | E265 |
| 68 | 18.71. | HQR2200013 (E266) | E266 |
| 68 | 18.71. | HQR2210001 (E267) | E267 |
| 56 | 18.54. | HQR2210002-013 (E268) | E268 |
| 67 | 18.70. | HQR2220001-004 (E269) | E269 |
| 68 | 18.71. | HQR2220005-010 (E270) | E270 |
| 62 | 18.62. | HQR2220011-026 (E271) | E271 |
| 68 | 18.71. | HQR2220027 -042 (E272) | E272 |
| 62 | 18.62. | HQR2230001-007 (E273) | E273 |
| 68 | 18.71. | HQR2230008-015 (E274) | E274 |
| 68 | 18.71. | HQR2240001-002 (E275) | E275 |
| 68 | 18.71. | HQR2250001 (E276) | E276 |
| 68 | 18.71. | HQR2280001 (E279) | E279 |
| 68 | 18.71. | HQR2290001 (E280) | E280 |
| 68 | 18.71. | HQR2300001-008 (E281) | E281 |
| 35 | 18.32. | HQR3130004-022 (E382) | E282 |
| 68 | 18.71. | HQR2310001 (E282) | E282 |
| 66 | 18.69. | HQR2320001-018 (E283) | E283 |
| 60 | 18.59. | HQR2330001-003 (E284) | E284 |
| 56 | 18.54. | HQR2360001-012 (E287) | E287 |
| 53 | 18.51. | HQR2360013-029 (E288) | E288 |
| 29 | 18.25. | HQR2360030-037 (E289) | E289 |
| 56 | 18.54. | HQR2360038-055 (E290) | E290 |
| 69 | 18.72. | HQR2500001-020 (E291) | E291 |
| 47 | 18.47. | HQR2500021-025 (E292) | E292 |
| 48 | 18.48. | HQR2500026-028 (E293) | E293 |
| 52 | 18.49. | HQR2500031-043 (E294) | E294 |
| 69 | 18.72. | HQR2500044-062 (E295) | E295 |
| 52 | 18.49. | HQR2500063-076 (E296) | E296 |
| 68 | 18.72. | HQR2500168-180 (E297) | E297 |
| 73 | 18.78. | HQR250212-213 (E299) | E299 |
| 70 | 18.73. | HQR2500214-215.4 (E300) | E300 |
| 70 | 18.73. | HQR2500216-217 (E301) | E301 |
| 27 | 18.23. | HQR2500218-225 (E302) | E302 |
| 70 | 18.74. | HQR2500226 (E303) | E303 |
| 27 | 18.23. | HQR2500227-234 (E304) | E304 |
| 76 | 18.82. | HQR2500235-239 (E305) | E305 |
| 76 | 18.82. | HQR2500247-260 (E307) | E307 |
| 76 | 18.82. | HQR2500266-359 (E310) | E310 |
| 56 | 18.55. | HQR2500400A-400B (E311) | E311 |
| 71 | 18.75. | HQR2500407-421 (E312) | E312 |
| 56 | 18.55. | HQR2500424-439 (E313) | E313 |
| 71 | 18.75. | HQR2500440-445 (E314) | E314 |
| 64 | 18.65. | HQR2500446-510 (E315) | E315 |
| 72 | 18.76. | HQR2500511-511.6 (E316) | E316 |
| 45 | 18.44. | HQR2100001-003 (E317) | E317 |
| 64 | 18.65. | HQR2500512-558 (E317) | E317 |

# MILNER AFFIDAVIT

| Page | Paragraph | Document | Exhibit |
|---|---|---|---|
| 64 | 18.65. | HQR2500559-563 (E318) | E318 |
| 72 | 18.77. | HQR2500565-609 (E319) | E319 |
| 65 | 18.66. | HQR2500610 (E320) | E320 |
| 56 | 18.55. | HQR2500624-645 (E322) | E322 |
| 64 | 18.65. | HQR2500646-654 (E323) | E323 |
| 72 | 18.77. | HQR2500655-656 (E324) | E324 |
| 64 | 18.65. | HQR2500661-790 (E326) | E326 |
| 44 | 18.43. | HQR2500791-911 (E327) | E327 |
| 54 | 18.53. | HQR2500912-915 (E328) | E328 |
| 44 | 18.43. | HQR2500916-976 (E329) | E329 |
| 54 | 18.53. | HQR2500977-980 (E330) | E330 |
| 40 | 18.37. | HQR2500981-981.45 (E331) | E331 |
| 52 | 18.50. | HQR2501051-053 (E333) | E333 |
| 56 | 18.55. | HQR2501054-119 (E334) | E334 |
| 61 | 18.61. | HQR2501120-123 (E335) | E335 |
| 65 | 18.65. | HQR2501124-134 (E336) | E336 |
| 59 | 18.58. | HQR2501135-137 (E337) | E337 |
| 60 | 18.60. | HQR2501140-156 (E338) | E338 |
| 53 | 18.51. | HQR2501157-232 (E339) | E339 |
| 60 | 18.60. | HQR2501233-235 (E340) | E340 |
| 57 | 18.56. | HQR2501236-245 (E341) | E341 |
| 44 | 18.43. | HQR2501246-272 (E342) | E342 |
| 53 | 18.51. | HQR2501273-326 (E343) | E343 |
| 54 | 18.52. | HQR2501327-334 (E344) | E344 |
| 53 | 18.51. | HQR2501335-470 (E345) | E345 |
| 63 | 18.64. | HQR2501471-696 (E346) | E346 |
| 60 | 18.60. | HQR2501697 (E347) | E347 |
| 64 | 18.65. | HQR2501698-705 (E348) | E348 |
| 60 | 18.60. | HQR2501706-710 (E349) | E349 |
| 56 | 18.54. | HQR2501711-733 (E350) | E350 |
| 74 | 18.79. | HQR2502017-080 (E351) | E351 |
| 75 | 18.80. | HQR2502100-101 (E353) | E353 |
| 68 | 18.72. | HQR2502102 (E354) | E354 |
| 75 | 18.81. | HQR2502103-115 (E355) | E355 |
| 43 | 18.41. | HQR2540001-083 (E356) | E356 |
| 76 | 18.82. | HQR2580544-549 (E357) | E357 |
| 76 | 18.82. | HQR2580550-555 (E358) | E358 |
| 76 | 18.82. | HQR2580556-562 (E359) | E359 |
| 54 | 18.53. | HQR2640021-040 (E360) | E360 |
| 37 | 18.35. | HQR2640086-099 (E362) | E362 |
| 59 | 18.58. | HQR2890012-015 (E363) | E363 |
| 59 | 18.58. | HQR2890016-033 (E364) | E364 |
| 59 | 18.58. | HQR2890034-137 (E365) | E365 |
| 58 | 18.57. | HQR2890138-183 (E366) | E366 |
| 59 | 18.58. | HQR2890138-183 (E366) | E366 |
| 37 | 18.36. | HQR2890184-198 (E367) | E367 |
| 32 | 18.29. | HQR2890199-200 (E368) | E368 |
| 37 | 18.36. | HQR2890201-240 (E369) | E369 |
| 42 | 18.40. | HQR2930031-044 (E370) | E370 |
| 35 | 18.33. | HQR2950001-003 (E371) | E371 |

# MILNER AFFIDAVIT

| Page | Paragraph | Document | Exhibit |
|---|---|---|---|
| 33 | 18.30. | HQR3010001-009 (E372) | E372 |
| 42 | 18.39. | HQR3030001-009 (E373) | E373 |
| 42 | 18.39. | HQR3030010-021 (E374) | E374 |
| 42 | 18.39. | HQR3030022-023 (E375) | E375 |
| 42 | 18.39. | HQR3030024-027 (E376) | E376 |
| 36 | 18.34. | HQR3060001-022 (E377) | E377 |
| 58 | 18.57. | HQR3080001-038 (E378) | E378 |
| 58 | 18.57. | HQR2080039-072 (E379) | E379 |
| 65 | 18.67. | HQR3080039-072 (E379) | E379 |
| 54 | 18.53. | HQR3080073-085 (E380) | E380 |
| 35 | 18.32. | HQR3130001-003 (E381) | E381 |
| 35 | 18.32. | HQR3130023-096 (E383) | E383 |
| 32 | 18.29. | HQR3390001-003 (E387) | E387 |
| 32 | 18.29. | HQR3390004-006 (E388) | E388 |
| 32 | 18.29. | HQR3420001-009 (E390) | E390 |
| 72 | 18.77. | HQR2500565 | |
| 73 | 18.77. | HQR2500609 | |

# In the United States Court of Federal Claims

No. 04-74C
(into which has been consolidated No. 04-75C)

(E-Filed: April 14, 2006)

PACIFIC GAS & ELECTRIC COMPANY,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

## ORDER

The court has before it Defendant's Motion to Compel the Production of Documents Improperly Withheld by Plaintiff on the Basis of Privilege, in Compliance With the Court's Order Dated January 25, 2006 (Def.'s Mot. or Motion), PG&E's Response to the Government's Motion to Compel (Pl.'s Resp. or Response), and Defendant's Reply to Plaintiff's Response to Motion to Compel the Production of Documents Improperly Withheld by Plaintiff on the Basis of Privilege, in Compliance With the Court's Order Dated January 25, 2006 (Def.'s Reply or Reply). On January 25, 2006, the court issued an Opinion granting-in-part and denying-in-part defendant's October 26, 2005 motion to compel the production of documents and deposition testimony improperly withheld on the basis of privilege (Opinion). Pac. Gas & Elec. Co. v. United States (PG&E), 69 Fed. Cl. 784 (2006). The court directed the parties to use the guidelines provided in its Opinion to determine whether there continued to be any disputes regarding the claims made by plaintiff, Pacific Gas & Electric Company (PG&E), of attorney-client privilege or work product protection over documents listed in plaintiff's privilege logs. See id. at 808-09. To the extent that the parties could not resolve any remaining discovery disputes regarding documents withheld by PG&E, the court directed defendant to proceed with another motion to compel those documents still in dispute. See id. at 809.

Case 1:04-cv-00076-EJD Document 60-7 Filed 01/18/2007 Page 18 of 24

Defendant filed such a motion on February 28, 2006. On March 1, the court ordered plaintiff, at the time of the filing of its response to defendant's Motion, to cause to be delivered to chambers for review in camera the documents that defendant sought to be produced in its Motion that then remained unproduced. See Order of March 1, 2006. After responsive briefing concluded, based on plaintiff's suggestion, see Pl.'s Resp. at 2, the court ordered seven documents from plaintiff's Supplemental Privilege Log[1] to be produced to defendant. See Order of March 15, 2006. Moreover, in its Response, plaintiff stated that it will "not further dispute" the privileged or protected status of nine documents, five from its Initial Privilege Log[2] and four from its Supplemental Privilege Log,[3] see Pl.'s Resp. at 2; Def.'s Reply at 1-2, and that it "will promptly produce copies of these documents," Pl.'s Resp. at 2. On March 22, 2006, plaintiff's counsel represented to the court that it had produced these documents to defendant. See Transcript of Oral Argument of March 22, 2006 (Tr.) at 68:10-17.[4] Therefore, as defendant states, "all of the remaining PG&E documents that remain in dispute are contained in PG&E's Supplemental Privilege Log." Def.'s Reply at 3.[5] There are eighteen documents that remain in dispute. The court proceeds now to address each of these documents, grouped together where appropriate, in turn.

Document Nos. 825 and 828

Plaintiff argues that Document Nos. 825 and 828 are protected by the attorney-client privilege because they "clearly reflect communications with counsel." Pl.'s Resp. at 3. However, as the court stated in its Opinion,

---

[1]PG&E has produced two privilege logs relevant to this Order: (1) "Privilege Log Corresponding to Documents Gathered for Purposes of Initial Disclosures," dated June 21, 2005 and revised November 7, 2005 (Initial Privilege Log); and (2) "Privilege Log Corresponding to Documents Gathered in Response to Defendant's First Request for Production of Documents," dated November 7, 2005 (Supplemental Privilege Log). Def.'s Reply at 1 n.1.

[2]Specifically, Document Nos. 76, 77, 79 and 593.

[3]Specifically, Document Nos. 310, 311, 654 and 786.

[4]To the extent that these documents have not been produced, the court ORDERS plaintiff to produce to defendant Document Nos. 76, 77, 79, 80 and 593 from plaintiff's Initial Privilege Log and Doc Nos. 310, 311, 654 and 786 from plaintiff's Supplemental Privilege Log.

[5]Accordingly, all Document Nos. to which the court refers below are those listed in plaintiff's Supplemental Privilege Log.

> The attorney-client privilege only affords protection to confidential communications seeking or rendering legal, rather than business, advice. United States v. Defazio, 899 F.2d 626, 635 (7th Cir. 1990). "Only when an attorney is giving advice concerning the legal implications of conduct, whether past or proposed, is the privilege properly invoked." Burton, 170 F.R.D. at 484 (citing Hercules Inc. v. Exxon Corp., 434 F. Supp. 136 (D. Del. 1977)). For the privilege to apply, "[l]egal advice must predominate . . . . The privilege does not apply where the legal advice is merely incidental to business advice." Id. (citations omitted).
>
> . . . "[C]ommunications made by and to the same in-house lawyer with respect to business matters, management decisions or business advice are not protected by the privilege." [Boca Investerings P'ship v. United States, 31 F. Supp. 2d 9, 11 (D.D.C. 1998)].

PG&E, 69 Fed. Cl. at 811. After reviewing Document Nos. 825 and 828 in camera, the court concludes that these documents, which are identical, reveal business, rather than legal, advice. See id. Accordingly, the court ORDERS plaintiff to PRODUCE to defendant Document Nos. 825 and 828 in their entirety.

Document No. 827

Plaintiff argues that Document No. 827, an attachment to an email, is protected by the attorney-client privilege because it "reflect[s] Mr. Warner's [a PG&E attorney] legal advice to his company clients on legal issues regarding a draft board presentation." Pl.'s Resp. at 3. After reviewing Document No. 827 in camera, the court concludes that a large majority of this document contains merely business advice, or legal advice incidental to business advice. See PG&E, 69 Fed. Cl. at 811. However, it appears to the court that the comments initialed "CJW," presumably referring to Chris Warner, a PG&E attorney, provide predominantly legal advice. See Pl.'s Resp. at 3 (referring to "the typed notes on the document with Mr. Warner's initials"). Accordingly, the court ORDERS plaintiff to PRODUCE to defendant Document No. 827 in redacted form. Plaintiff may REDACT all portions of Document No. 827 that are underlined, italicized, bracketed, in bold print and begin with "CJW comment."

Document Nos. 42, 43, 44, 45, 46, 47 and 48

While plaintiff states that parts of Document Nos. 42 and 43 should be produced, see Pl.'s Resp. at 2, 4, plaintiff argues that the remaining portions of these documents, as well as Document Nos. 44, 45, 46, 47 and 48 are protected by the attorney-client privilege

because "the attorney-client privilege protects communications to counsel for the purpose of obtaining legal advice in addition to counsel's advice to the client," id. at 4. While this is true, after reviewing Document Nos. 42-48 in camera, it is apparent that these documents are, in fact, emails exchanged between PG&E employees that simply include Richard Locke, a PG&E attorney, as a recipient. Moreover, it appears to the court that these emails address business, not legal, matters. See PG&E, 69 Fed. Cl. at 811. Accordingly, the court ORDERS plaintiff to PRODUCE to defendant Document Nos. 42, 43, 44, 45, 46, 47 and 48 in their entirety.

Document No. 64

Plaintiff argues that Document No. 64, a letter from a PG&E employee to other PG&E employees, as well as PG&E counsel, is protected by the attorney-client privilege because "[a]s long as the communication is shared with only those employees who need access to it, the privilege is maintained." Pl.'s Resp. at 4. After reviewing plaintiff's Supplemental Privilege Log, defendant "identified a document that appears to be the same, or substantially similar to, the document described as Document No. 64," Def.'s Reply at 6, that plaintiff has produced to defendant. Defendant attached this produced document for the court's review. See id. Attachment (Attach.) 4. Defendant argues that, if these documents are the same or substantially similar, then plaintiff has no basis to support its assertion of attorney-client privilege over Document No. 64. The court agrees with defendant. Not only is Document No. 64 exactly the same as the document already produced by plaintiff and provided in the attachment to defendant's Reply, compare id. with Document No. 64, but Document No. 64 addresses business, not legal, matters. See PG&E, 69 Fed. Cl. at 811. Accordingly, the court ORDERS plaintiff to PRODUCE to defendant Document No. 64 in its entirety.

Document Nos. 86, 87 and 88

Plaintiff states that Document Nos. 86, 87 and 88, are protected by the attorney-client privilege. See Def.'s Mot. Appendix (App.) at 18 (Documents from Supplemental Privilege Log that Will Not be Released). These documents, which are almost identical, contain emails between PG&E employees, one of which mentions a question asked by PG&E attorney Chris Warner, and another which provides a response to this question. After reviewing Document Nos. 86-88 in camera, it appears to the court that this question, its response, and all other information provided in these emails address predominantly business, not legal, matters. See PG&E, 69 Fed. Cl. at 811. Accordingly, the court ORDERS plaintiff to PRODUCE to defendant Document Nos. 86, 87 and 88 in their entirety.

Document No. 105

Plaintiff argues that Document No. 105 is protected by the attorney-client privilege because it "documents a discussion with legal counsel on a legal issue." Pl.'s Resp. at 4. Document No. 105 was authored by Larry Van Note, presumably a PG&E employee, and states, at the top, "Discussion with Craig Buchsbaum [a PG&E attorney] and Dick Patterson [not identified]." Document No. 105. This is the only indication that Document No. 105 "documents a discussion with legal counsel." The remainder of Document No. 105 is purely informational, and the content of any communication with PG&E counsel cannot be distinguished from content provided by the author himself. The subject is the treatment of certain funds collected from ratepayers. Even assuming that certain tax aspects of the information were gleaned from an attorney – a fact which cannot be ascertained from the document – the information discussed focuses on the business regulatory regime without which plaintiff cannot function. See id. The court views the discussion of the tax treatment of ratepayers' funds as primarily a business matter. See PG&E, 69 Fed. Cl. at 811. Accordingly, the court ORDERS plaintiff to PRODUCE to defendant Document No. 105 in its entirety.

Document No. 138

Plaintiff argues that Document No. 138 is protected by the attorney-client privilege because it contains an email "authored by Mr. Womack [a PG&E employee] and sent to Mr. Lock [a PG&E attorney]." Pl.'s Resp. at 5. Plaintiff states that it is this email that is privileged from discovery, while "[t]he concluding email is not privileged, but it . . . provides no discoverable information." Id. Defendant responds that, "[a]t a minimum, PG&E should be compelled to produce the e-mail that it admits is 'not privileged.'" After reviewing this document in camera, the court concludes that the email authored by Mr. Womack and sent to Mr. Locke is protected by the attorney-client privilege. This email requests primarily legal, rather than business, advice. See PG&E, 69 Fed. Cl. at 811. However, because plaintiff concedes that the "concluding email is not privileged," Pl.'s Resp. at 5, the court ORDERS plaintiff to produce to defendant Document No. 138 in redacted form. Plaintiff may REDACT from Document No. 138 all contents of the email sent from Mr. Womack to Mr. Locke.

Document No. 198

Plaintiff argues that Document No. 198 is protected under the work product doctrine because is a "draft filing [that] was prepared to rebut presumptions issued in the Administrative Law Judge's decision [after a California Public Utilities Commission

(CPUC) investigation]." Pl.'s Resp. at 5. Plaintiff states that this decision "was entered in a proceeding . . . that was initiated against PG&E." Id. at 6.

The court provided guidance in its Opinion on the issue of whether materials created in anticipation of CPUC proceedings are protected under the work product doctrine:

> [P]roceedings before the CPUC can, in some circumstances, resemble "litigation." However, it is also true that initial filings for these proceedings, and any evidence presented or testimony provided to the CPUC thereafter in order accurately to set rates and revenues, can take the form of "primarily ex parte administrative, not . . . adversarial, proceeding[s]." McCook[ Metals L.L.C. v. Alcoa, Inc.], 192 F.R.D. [242,] 260 [(N.D. Ill. 2000)]. Indeed, it appears to the court from the briefing before it that, much like an applicant in a patent application proceeding, an applicant seeking to set rates and the presiding officer "are on fairly neutral grounds." Id. at 262. And it is entirely possible that an applicant may "face[] no opposing parties or adversaries" such that the "proceedings [are] entirely ex parte." In re Grand Jury Subpoenas dated March 9, 2001, 179 F. Supp. 2d [270,] 274 [(S.D.N.Y. 2001)]. Even when another party does intervene in these proceedings before the CPUC, it is simply "participat[ing] in the proceeding to the degree indicated by the presiding officer," see Cal. Code. Regs. tit. 20, § 54, and the purpose of the intervention may not be entirely adversarial, if at all. Given this, and that the ultimate goal of such proceedings is not adversarial but rather accurately to set rates and revenues as required by the CPUC, the court does not believe it would serve the purposes of the work product doctrine to provide the blanket label of "litigation" to every aspect of these proceedings. Cf. In re Grand Jury Subpoena, 220 F.R.D. [130,] 147 [(D. Mass. 2004)] ("'Adversarialness' is the touchstone of this approach to the 'litigation' question, and a number of courts seem to have followed it to a large degree."). Instead, only those aspects of proceedings before the CPUC that are truly adversarial should be treated as "litigation" for the purposes of the work product doctrine.

PG&E, 69 Fed. Cl. at 801-02.

After reviewing Document No. 198 in camera, the court concludes that it was not prepared in anticipation of "litigation" as defined in the court's Opinion. See id. Contrary to plaintiff's assertion, it does not appear to the court that this CPUC proceeding

was "initiated against PG&E." Pl.'s Resp. at 6. Indeed, the document states that the CPUC "instituted an investigation for the purpose of considering present and alternative methods of financing the future decommissioning costs of nuclear generating stations by regulated public utilities," including PG&E. Document No. 98 at 1. This appears to the court to be more akin to a "'primarily ex parte administrative, not . . . adversarial, proceeding[].'" PG&E, 69 Fed. Cl. at 801 (quoting McCook, 192 F.R.D. at 260). Nor does it appear to the court that Document No. 198 was prepared in anticipation of an "adversarial" aspect of this proceeding or for "adversarial" purposes. See id. at 2 ("This material is not intended as argument, nor is it intended to reopen the generic case. Rather it is intended to call the Commission's attention to the magnitude of the problem and to certain of its implications."), 3 ("[T]his is not meant to argue the present titled case but to further inform the Commission as to the magnitude of the problem."); PG&E 69 Fed. Cl. at 801-02. Accordingly, the court ORDERS plaintiff to PRODUCE to defendant Document No. 198 in its entirety.

Document No. 665

Plaintiff argues that Document No. 665 is protected under the work product doctrine because it "is a draft settlement addressing disputes in a ratemaking proceeding," and "[a]bsent an adversarial proceeding, there would be nothing for the settlement agreement to settle." Pl.'s Resp. at 6. Defendant argues that, "[g]iven the nature of the [General Rate Case (GRC)] proceedings before the CPUC, there is no indication that the document, although characterized as a 'settlement agreement,' would not have been prepared to address the setting of rates and revenues in the normal course of business for a utility operating in California." Def.'s Reply at 9. After reviewing Document No. 665 in camera, the court concludes that it is protected under the work product doctrine. It appears to the court that potentially adversarial parties were involved in PG&E's GRC proceeding before the CPUC, see Pl.'s Resp. at 6 ("The document . . . makes clear that the parties included PG&E, the Division of Ratepayer Advocates and the Attorney General of the Statute of California."), and that this document was prepared in response to and as a result of this "adversarialness," see PG&E, 69 Fed. Cl. at 802.

For the foregoing reasons, defendant's Motion is GRANTED-IN-PART and DENIED-IN-PART. Plaintiff is hereby ORDERED to PRODUCE to defendant Document Nos. 825, 828, 42, 43, 44, 45, 46, 47, 48, 64, 86, 87, 88, 105 and 198 in their entirety and, as described above, Document Nos. 827 and 138 in redacted form. To the extent that they have not already been produced, plaintiff is hereby ORDERED to PRODUCE to defendant Document Nos. 76, 77, 79, 80 and 593 from plaintiff's Initial Privilege Log and Doc Nos. 310, 311, 654 and 786 from plaintiff's Supplemental Privilege Log.

IT IS SO ORDERED.

s/ Emily C. Hewitt
EMILY C. HEWITT
Judge