IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DAIRYLAND POWER COOPERATIVE, Plaintiff, | ) | |
| v. | ) | No. 04-0106C (Chief Judge Damich) |
| UNITED STATES OF AMERICA, Defendant. | ) | |

DEFENDANT'S MOTION FOR LEAVE TO FILE TWO DOCUMENTS RELEVANT TO PLAINTIFF'S JANUARY 23, 2007 "REPLY ON ITS MOTION TO COMPEL DEPOSITIONS"

Defendant, the United States, respectfully requests leave to supplement the existing record relating to "Dairyland's Reply On Its Motion To Compel Depositions," which plaintiff, Dairyland Power Cooperative ("Dairyland"), filed on January 23, 2007. A copy of the two documents that we wish to include in the record accompanies this motion.

In its January 23, 2007 reply brief, one of the justifications that Dairyland asserts as a basis for its request to take new depositions of individuals who have already been deposed on multiple occasions is its assertion that the Government's theory of the case differed when these prior depositions were taken and that Dairyland "should be permitted to take discovery that focuses on the government's current theory on this issue." Dairyland Reply, at 5-6. Specifically, Dairyland asserts that, when Department of Energy officials were previously deposed, "the government's primary argument regarding the rate of spent fuel acceptance was that its obligation was limited by the extent to which it had approved [delivery commitment schedules ('DSCs')] for a utility, and that such approved DCSs are binding," citing to the Government's arguments in <u>Commonwealth Edison Co. v. United States</u>, 56 Fed. Cl. 652 (2003). Dairyland Reply, at 5. Dairyland then asserts that, "[m]ore recently, the government has argued

that the Standard Contracts create a 'mechanism' for the development of a spent fuel acceptance schedule," Dairyland Reply, at 5, and cites to the Government's recent briefing in System Fuels, Inc. v. United States, No. 03-2624C (Fed. Cl. Dec. 20, 2006), to support its assertion that the Government's arguments have somehow changed. Dairyland Reply, at 5-6 (citing the pleading from System Fuels beginning at page 19 of the appendix to its reply brief).

We seek to supplement the record in this case to include relevant portions of the Government's briefs from the Commonwealth Edison case, which directly contradict Dairyland's representations. The Government's argument regarding that the Standard Contract creates a "mechanism" for the development of a spent nuclear fuel acceptance schedule – specifically, a mechanism by which nuclear utilities submit DCSs and final delivery schedules ("FDSs") to the Department of Energy for consideration and approval – is the same now as it was in the Commonwealth Edison case. For example, at pages 16 and 17 of the Commonwealth Edison reply brief attached to this motion, we made the same argument that we made in the System Fuels brief at pages 20 through 22 of the appendix to Dairyland's reply brief, using extremely similar language.[1] Dairyland's assertion that the Commonwealth Edison argument was somehow different than the System Fuels argument is absolutely untrue.

We do not have sufficient time to prepare our own complete reply briefing responding to all of the issues addressed in Dairyland's reply brief before the hearing upon Dairyland's motions to compel, which is scheduled to be held tomorrow, January 25, 2007, at 10 a.m. As a

[1] The same argument was set forth at pages 12 through 14 of the Government's original motion for summary judgment in the Commonwealth Edison case, a copy of which is also attached to this motion. We have also attached pages from the motion and from the reply brief in Commonwealth Edison that address the other matters identified in the excerpt from the System Fuels brief that Dairyland attached to its reply brief.

result, we will have to address those issues during tomorrow's hearing. However, we need to refer to the actual briefing in Commonwealth Edison to support our position that our arguments then, and our arguments now, have been consistent and to assist in establishing that Dairyland's position regarding some type of change in the Government's theories as somehow justifying the reopening of the extensive record of depositions is meritless. To allow us to refer to this past briefing in support of our position on this point, we respectfully request that the Court grant us leave to file the attached portions of the Commonwealth Edison briefing as part of the record on the pending motions to compel and to refer to them during argument upon the motions to compel on January 25, 2007.

For the foregoing reasons, we respectfully request that the Court grant this motion.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/Russell A. Shultis
RUSSELL A. SHULTIS
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 353-0897
Fax: (202) 307-2503

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

PATRICK B. BRYAN
JOHN C. EKMAN
SONIA M. ORFIELD
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530

January 24, 2007

Attorneys for Defendant

# ATTACHMENTS