IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DAIRYLAND POWER COOPERATIVE,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ) | No. 04-0106C<br>(Chief Judge Damich) |

DEFENDANT'S MOTION TO STRIKE OR DENY
PLAINTIFF'S JANUARY 18, 2007 MOTION TO COMPEL

Defendant, the United States, respectfully requests that the Court strike "Dairyland's Motion To Compel Documents Withheld Under The 'Deliberative Process' And Attorney-Client Privileges," which plaintiff, Dairyland Power Cooperative ("Dairyland"), filed on January 18, 2007, based upon Dairyland's failure to comply with RCFC 37(a)(2)(B) and paragraph 10 of Appendix A to this Court's rules before the motion was filed. To the extent that the Court denies that request and declines to deny that motion without prejudice to its refiling after Dairyland complies with RCFC 37(a)(2)(B) and Appendix A, we respectfully request that the Court enlarge the time within which we may respond to that motion by 21 days, to and including February 26, 2007. Our response to Dairyland's motion is currently due by February 5, 2007 and we have not previously requested an enlargement of time for this purpose. Counsel for the Government contacted counsel for Dairyland regarding the Government's motion, in the alternative, for an enlargement of time, but counsel for Dairyland has not relayed its position regarding the Government's motion as of the time of filing. In support of this motion, we rely upon the following memorandum and accompanying appendix.

## SUMMARY OF ARGUMENT

RCFC 37(a)(2) and paragraph 10 of Appendix A to this Court's rules both require that, prior to filing a motion to compel the production of documents, the party seeking to compel production must confer or attempt to confer with the other party in an effort to secure the demanded disclosure without the Court's involvement, and that the party seeking to compel production must certify in its motion that it has, in good faith, made such an effort. For the third time in this case, Dairyland has filed a motion to compel without satisfying this obligation. In this particular instance, Dairyland's motion was delivered to us in paper-copy form with a letter informing us that, after the filing of the motion to compel, Dairyland would be in a position to begin conferring, presumably in accordance with RCFC 37(a)(2)(B). With its motion, Dairyland asks the Court and counsel for the Government to revisit other decisions of the Court regarding the Government's assertions of the deliberative process privilege and review the Government's assertions of attorney-client and work product privileges, although Dairyland has never notified the Government of its challenge to these privilege assertions prior to the filing of its motion. Particularly in light of Dairyland's repeated violations of the requirement to confer in good faith before filing a motion to compel, the Court should strike Dairyland's January 18, 2007 motion or, in the alternative, deny it without prejudice to its refiling once Dairyland has adequately satisfied the requirements of this Court's rules.

## ARGUMENT

RCFC 37(a)(2)(B) provides that, in any motion to compel the production of documents, the party seeking to compel production "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in

an effort to secure the information or materials without court action." RCFC 37(a)(2)(B); see RCFC Appendix A ¶ 10 ("A motion to compel . . . shall contain a statement that the movant has in good faith conferred or attempted to confer to resolve the matters in dispute."). "The entire purpose of the meet-and-confer rule is to force litigants to attempt to resolve, or [at] least narrow, the disputed issues to prevent the unnecessary waste of time and effort on any given motion." Alexander v. Federal Bureau of Investigation, 186 F.R.D. 197, 199 (D.D.C. 1999) (interpreting local district court rule); see Hasbro, Inc. v. Serafino, 168 F.R.D. 99, 101 (D. Mass. 1996) (construing analogous Fed. R. Civ. P. 37(a)(2)(A)).

To this end, courts require a party moving to compel to conduct "a personal or telephonic consultation during which the parties engage in meaningful negotiations" in a "genuine effort to avoid judicial intervention." Shuttle Master, Inc. v. Progressive Games, Inc., 170 F.R.D. 166, 171, 172 (D. Nev. 1996); see Powers v. CSX Transportation, Inc., No. 99-0326, 2001 WL 1190243, at *4 (S.D. Ala. July 16, 2001); Soto v. City of Concord, 162 F.R.D. 603, 623 (N.D. Cal. 1995). Moreover, courts "will not condone a violation [of the meet-and-confer requirement] simply because the potential for compromise appears bleak," because "[d]isagreement . . . is an obvious precursor to negotiated compromise, and thus, is a necessary component of the meet-and-confer prerequisite to bringing a motion to compel." Tri-Star Pictures, Inc. v. Unger, 171 F.R.D. 94, 99, 100 (S.D.N.Y. 1997). These requirements exist because, as the one district court stated, "[i]t is not up to the Court to expend its energies when the parties have not sufficiently expended their own." Hasbro, 168 F.R.D. at 101.

Therefore, when a party moving to compel does not attempt to resolve the disputes short of judicial intervention, courts do not hesitate to deny the motion upon this ground. E.g., Sattar

v. Motorola, Inc., 138 F.3d 1164, 1171-72 (7th Cir. 1998) (affirming denial of motion to compel for failure to confer); Alexander, 186 F.R.D. at 199 (denying motion to compel for failure to confer); Doe v. Lepley, 185 F.R.D. 605, 606 (D. Nev. 1999) (failure to "make a sincere effort to personally consult" with opposing counsel constitutes grounds for denying motion); Tri-Star Pictures, 171 F.R.D. at 99-100 (denying motion to compel for failure to confer in good faith); Shuffle Master, 170 F.R.D. at 171-72 (same); Hasbro, 168 F.R.D. at 101-02 (same); Ballou v. University of Kansas Med. Ctr., 159 F.R.D. 558, 560 (D. Kan. 1994).

Here, Dairyland has included no certification in its motion that it has conferred in good faith with the Government to attempt to resolve the parties' dispute prior to filing its motion. Like the prior two motions to compel that it filed in this case, Dairyland's motion fails even to mention the certification requirement or the requirement that it attempt to resolve the dispute in good faith before it files a motion to compel. In fact, in a letter that accompanied the delivery to the Government of a paper copy of Dairyland's January 18, 2007 motion to compel, Dairyland acknowledged that it was filing its motion to compel before it attempted to determine whether the parties could reach agreement on any of the issues that it had raised in the motion:

> As I discussed with John Ekman [an attorney with the Department of Justice] by phone when I briefing outlined the substance of this motion [just before it was filed], we thought it would be best for a number of reasons (including that we requested relief in the alternative) to deliver this motion and let you see our arguments before trying to determine whether the parties could reach agreement on some or all of the issues raised by the motion. We remain eager to try to resolve some or all of the issues by agreement if that is possible. After you have reviewed the motion, let us know if you believe such a[n] agreement can be reached.

App. 1 (emphasis added).[1] For this reason alone, Dairyland's motion should be stricken or, in the alternative, denied without prejudice to its refiling based upon Dairyland's failure to comply with RCFC 37(a)(2)(B) and paragraph 10 of RCFC Appendix A.

The need for Dairyland to confer in this instance is highlighted by a comparison of the substance of its requests in its motion to compel and the discovery that it actually requested in this case. It is axiomatic that, before a party can seek to compel discovery, that party must have propounded a discovery request seeking that information in the first instance. See RCFC 37(a)(2)(B) (permitting motion to compel "if a party, in response to a request for inspection submitted under RCFC 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested . . .," and permitting the moving party to seek "an order compelling inspection in accordance with the request"). While dedicating the vast majority of its motion to compel to agreeing and disagreeing selectively with past rulings on privilege issues by Judge Hewitt in Pacific Gas & Electric Co. v. United States, Nos. 04-0074C & -0075C (Fed. Cl.), Dairyland has included a demand that, to the extent that the Government "take[s] the position here that [Greater-Than-Class-C radioactive waste ('GTCC waste')] affects Dairyland's damages," the Court should compel production of documents in this case relating to GTCC waste. Pl. Br. 17. Yet, in its document production requests, Dairyland has not requested any documents relating to GTCC waste. See App. 8-12 (Dairyland's First Request for the Production of Documents).[2] Had Dairyland sought to confer with the Government in good faith

[1] "App. __" refers to the appendix to this response. "Pl. Br. __" refers to plaintiff's January 18, 2007 motion to compel."

[2] In other spent nuclear fuel cases in which counsel for Dairyland served as counsel for the plaintiff, the plaintiffs expressly requested production of documents relating to GTCC waste.

before filing its motion to compel, we could have identified to Dairyland the fact that it was complaining that we had not produced documents that are not responsive to its discovery requests and, potentially, allowed Dairyland to withdraw its unfounded complaint about these documents' non-production.

In addition, Dairyland is asking this Court to compel the production of several documents that were withheld under claims of attorney-client privilege or other privileges, even though (1) no challenge to those claims of privilege was ever previously presented to the Court in Pacific Gas & Electric and (2) Dairyland has never previously notified us of any objection to those privilege claims. The complete lack of notice regarding these privilege challenges, before they were set forth in a motion to compel, is directly contrary to the purposes of RCFC 37(a)(2)(B) and paragraph 10 of Appendix A to this Court's rules. The Government certainly should have an opportunity to be informed of a challenge to those privilege claims, review and evaluate them, and respond to them before a motion to compel their production is filed.

Finally, the deliberative process privilege is unique to the United States. The procedures that accompany its invocation are time-consuming and require a great deal of effort by attorneys for the Government. See, e.g., Walsky Construction Co. v. United States, 20 Cl. Ct. 317, 320 (1990) (discussing procedure that Government must follow for invoking and supporting deliberative process privilege claims, including affidavits from appropriate agency officials). For the fourth time, counsel for Dairyland is again seeking to compel production of documents over which the Government previously asserted the deliberative process privilege (having previously raised such challenges in Yankee Atomic Electric Co. v. United States, No. 98-126C

---

No similar request was made in this case.

(Fed. Cl.); in the coordinated discovery proceedings for the spent nuclear fuel cases; and in the Pacific Gas case) and will require us to engage, yet again, in the complicated and time-consuming processes associated with the submission of a brief in response to a motion challenging that privilege invocation.[3] Before we are again required to engage in that effort, Dairyland should be required to make an effort to attempt to negotiate with us, in compliance with RCFC 37(a)(2)(B) and Appendix A, to attempt to reduce the scope of any dispute, to refine the scope of the documents that Dairyland will seek to compel, and to reduce potentially the amount of internal work within the Government that will be necessary to support the privilege assertion. We should not be compelled to perform all of this work at the same time that we are, simultaneously, being forced to attempt to negotiate a narrowing of any dispute with counsel for Dairyland. By filing its motion to compel in the manner that it has, without any pre-filing good faith attempt to resolve any portion of its perceived dispute or any attempt to allow us to convince Dairyland that some of its demands to compel are unfounded or unjustified, Dairyland will increase the Government's work substantially. To ensure further compliance with RCFC 37(a)(2)(B) and Appendix A, the Court should strike Dairyland's motion. To the extent that the Court does not strike the motion or deny it without prejudice to its refiling following Dairyland's good faith efforts to resolve its dispute, the Court should grant the Government an enlargement of 21 days, to and including February 26, 2007, to submit any response to Dairyland's motion –

[3] To the extent that Dairyland continues to seek to compel production of all of these deliberative process documents, we are hopeful that we will be able to rely upon much of the past work that was performed in other spent nuclear fuel cases in supporting these deliberative process privilege claims. However, it is not yet clear what new and additional work, outside of our office within the Department of Justice and the relevant program office at the Department of Energy, to support these claims will be necessary.

to permit the Government some time to attempt to discuss Dairyland's demands for production, to attempt to narrow any dispute, and to attempt to perform the extensive internal work that may be necessary to satisfy the requirements for responding to a motion to compel the production of documents over which a claim of deliberative process privilege has been invoked.

## CONCLUSION

For the foregoing reasons, Dairyland's motion to compel should be stricken or, in the alternative, denied without prejudice. To the extent that the Court does not strike or deny Dairyland's motion, it should grant the Government an enlargement of 21 days, to and including February 26, 2007, to respond to that motion.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/Russell A. Shultis
RUSSELL A. SHULTIS
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 353-0897
Fax: (202) 307-2503

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

PATRICK B. BRYAN
JOHN C. EKMAN
SONIA M. ORFIELD
MARIAN E. SULLIVAN
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530

January 29, 2007

Attorneys for Defendant