IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Electronically filed: February 1, 2007

| | | |
|---|---|---|
| DAIRYLAND POWER COOPERATIVE, | ) | |
| Plaintiff, | ) | No. 04-0106C |
| v. | ) | (Chief Judge Damich) |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

DAIRYLAND'S RESPONSE TO MOTION TO STRIKE OR DENY MOTION TO COMPEL
(OR, IN THE ALTERNATIVE, FOR AN ENLARGEMENT OF TIME)

Noticeably absent from the government's motion to strike is any indication that the government has any interest in discussing Dairyland's motion to compel, much less resolving it consensually in whole or in part. Ultimately, therefore, the motion appears to demand a useless act.

In any event, the factual premise of the government's motion is completely false. The undersigned counsel, in a phone conversation with government counsel that is referenced in the January 18, 2007 letter attached to the government's motion, *did* discuss the substance of Dairyland's motion to compel prior to filing the motion (as the January 18 letter recounts). Based on that conversation it was apparent that Dairyland's motion would have to be filed. For that reason, and in view of the then-existing deadline for fact discovery, the undersigned told government counsel that Dairyland was going to file its motion (which also would allow the government to see exactly what Dairyland was seeking and why), with the understanding that Dairyland remained ready and willing to discuss a consensual resolution if the government was

interested in such after seeing the motion. Our January 18 letter, which forwarded the service copy of Dairyland's motion, says exactly that.

In response, Dairyland has received nothing but silence – no indication whatsoever that the government has any interest in resolving all or any part of Dairyland's motion. That is not surprising because, as the government notes in its motion to strike, the "deliberative process" privilege issues raised by Dairyland's motion have been the subject of contentious prior litigation in these spent fuel cases. As explained in Dairyland's motion, in the PG&E case the government flatly refused to release any of the 458 documents it withheld on deliberative process privilege grounds, and when the Court in that case ordered production of all those documents the government *still* resisted – moving for reconsideration instead. The implicit suggestion of the government's motion to strike that discussion with Dairyland's counsel might lead the government to voluntarily produce documents that the government resisted producing even in the face of a Court Order is ludicrous. Indeed, the government's silence in response to Dairyland's January 18 letter soliciting discussions is an apt and accurate reflection of the government's view about the prospect that such discussions would or could be productive. They wouldn't be, and the government knows it. The motion to strike is a sideshow. It should be denied.

Ultimately, giving any credence at all to the government's motion would suggest that a party can unilaterally hold up a discovery motion simply by failing to take a position, or by failing to respond to requests to confer about the motion. That, in turn, would invite delay and gamesmanship – as the government's motion here demonstrates.

For similar reasons the Court should deny the government's alternative request for a three-week enlargement of time. As noted above, and as the government acknowledges, the issues of deliberative process privilege raised in Dairyland's motion have been briefed previously

in the spent fuel litigation. The government, accordingly, should not need any additional time to respond to Dairyland's motion beyond the two week provided in the Rules. And although Dairyland is generally agreeable to reasonable requests for enlargement's of time, the government's request here is not reasonable. Had the government devoted its time to responding to the motion rather than whining – falsely – about Dairyland's purported failure to seek a consensual resolution of its motion, the government's response would likely be complete by now and ready to file by the existing February 5 deadline. And even if the government has not yet completed a draft response to the motion, it still has time to meet the February 5 deadline and should be required to do so. The government should not be rewarded for its dilatory motion to strike. Indeed, the government's prior dilatory and unmeritorious discovery tactics have already led the Court to extend the fact discovery deadline once, and further delays should not be tolerated. [1]

Finally, Dairyland acknowledges that the Rules require discovery motions to include a certification about good faith meet-and-confer efforts, and that Dairyland's motion to compel does not contain such a certification (even though counsel did engage in appropriate pre-motion discussions). Dairyland will include the required certification in any future motions.

For these reasons, the Court should deny the government's motion to strike and motion for enlargement, and direct the government to file a response to Dairyland's motion by February 5.

---

[1] The government states in its motion that it sought Dairyland's position on the motion and Dairyland had not yet responded when the motion was filed. What the government fails to state is that its phone call soliciting Dairyland position was made only immediately before the government's motion was filed, and Dairyland's counsel was out of town at depositions in this case, making an immediate response impractical. It is more than a little ironic that the government deems such a belated phone call sufficient to satisfy its own meet-and-confer obligations.

Respectfully submitted,

February 1, 2007

s/ Jerry Stouck
JERRY STOUCK
Greenberg Traurig, LLP
800 Connecticut Avenue, NW
Suite 500
Washington, DC 20006
(202) 331-3100 (Telephone)
(202) 261-4751 (Facsimile)
*Counsel for Plaintiff*
DAIRYLAND POWER COOPERATIVE

Of Counsel:
Robert L. Shapiro
Kevin E. Stern
GREENBERG TRAURIG, LLP