# In the United States Court of Federal Claims

No. 04-106 C
(Filed: February 5, 2007)

**************************************
DAIRYLAND POWER COOPERATIVE,

Plaintiff,

v.

THE UNITED STATES,

Defendant.
**************************************

## ORDER

On December 28, 2006, Plaintiff filed a Motion to Compel Discovery Responses relating to interrogatories and document requests. Briefing was completed on January 24 and oral argument held in court on January 25, 2007.

As to interrogatories, Plaintiff alleges that Defendant has interposed unjustified objections (relevance, overbreadth, undue burden), given inadequate answers, improperly relied on Rule 33(d) of the Rules of the Court of Federal Claims (RCFC), etc. The Court does not accept, at least for purposes of discovery, that, as Defendant avers, "discovery into DOE [Department of Energy]'s current projections about the future [is] irrelevant to any analysis of causation or damages." Def.'s Resp. at 11. While the Court may indeed eventually discount the value of evidence regarding plans, activities, or actions of the government subsequent to the date of Defendant's partial breach of its contract with Plaintiff or since the date of Plaintiff's claim for damages, discovery (whether interrogatories or documents requests) of such matters at this stage in the litigation appears within the bounds of that "reasonably calculated to lead to the discovery of admissible evidence." RCFC 26(b)(1).

Furthermore, Defendant's reliance on RCFC 33(d), referring Plaintiff wholesale to a relatively undifferentiated mass of documents in lieu of identifying such documents with reasonable particularity, is unconvincing. In addition, the Court concurs with Plaintiff that identifying persons who merely "may" have had involvement in the preparation of certain documents or communications is evasive. Instead, to whatever extent Defendant intends to rely on RCFC 33(d) to respond to Plaintiff's interrogatories, Defendant shall identify such documents with reasonable particularly and indicate where such documents can reasonably be found in the government's proferred database(s). Where Plaintiff has requested the identify of persons involved in the review or preparation, etc., of certain documents or communications, Defendant shall identify those individuals whose involvement was reasonably material, substantive, or the like (rather than those whose involvement was solely ministerial or secretarial), but not those who merely *may* have had such involvement.

In addition, to the extent that Plaintiff has requested that Defendant identify "all aspects" of any person's involvement in review or preparation, etc., of certain documents or communications, Plaintiff's request is literally overbroad. Instead, Defendant shall identify the nature of such involvement, etc., with reasonably particularity.

Defendant shall provide a clearer answer to Plaintiff's Interrogatory No. 1. If Defendant is not in a position to identify the "five people with the most knowledge" in response to Interrogatory No.18, it shall instead identify all those individuals whose knowledge is reasonably material, substantive, or the like, relating to the removal of spent fuel from the La Crosse Boiling Water Reactor (LACBWR). Defendant shall promptly supplement its answer to this interrogatory if further identifications are warranted during the course of this litigation.

As to document requests, to the extent that the government has already produced documents in earlier coordinated discovery in the spent nuclear fuel litigation or otherwise, Defendant shall at least identify with reasonable particularity those documents it deems responsive to Plaintiff's specific requests. To the extent that there are responsive documents not previously produced or made available to Plaintiff, Defendant shall provide documents responsive to Plaintiff's requests 3, 5, 6-9, 11, 14-18, 34, and 36-39. However, as to request 17, Plaintiff shall first provide its definition of its term, "potential past removals." Similarly, documents responsive to Plaintiff's requests 4, 12, 13,19-26, 28-35, and 40-42 shall also be provided. The Court finds Plaintiff's document requests 1 and 2 overly broad; Defendant shall respond to these requests to the extent that there are any documents that reflect DOE's (or its employees' or contractors') recommendations of, comments on, or responses to such efforts or proposals.

The Court shares Defendant's concern regarding the ambiguity of Plaintiff's document request 10. Defendant shall provide documents responsive to this request to the extent such documents relating to Plaintiff's spent fuel or Plaintiff's spent fuel disposal contract cite Plaintiff by name or the LACBWR in particular.

Plaintiff's motion to compel discovery responses is thus GRANTED consonant with the Court's prescriptions noted above. Defendant's motion for protective order is DENIED. Defendant shall provide the discovery responses ordered above on or before March 9, 2007. Plaintiff is reminded, however, of its obligation pursuant to RCFC 37(a)(2) to meet and confer with opposing counsel before moving to compel.

Plaintiff's request for sanctions is DENIED.

s/ Edward J. Damich
EDWARD J. DAMICH
Chief Judge