IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DAIRYLAND POWER COOPERATIVE,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ) | No. 04-0106C<br>(Chief Judge Damich) |

DEFENDANT'S MOTION FOR AN ENLARGEMENT OF TIME

Pursuant to Rule 6(b) of the Rules of the United States Court of Federal Claims, defendant, the United States, respectfully requests an enlargement of time of (1) 14 days, to and including Friday, March 23, 2007, within which to complete our compliance with the Court's order regarding "Plaintiff Dairyland's Motion To Compel Depositions" and (2) 31 days, to and including Monday, April 30, 2007, for the parties to complete fact discovery in this case. Currently, the Government is required to complete production of documents in response to the plaintiff's motion to compel by March 9, 2007, and fact discovery is scheduled to close on March 30, 2007. This is defendant's first request for an enlargement of time for either purpose. Counsel for plaintiff, Robert Shapiro, has represented that plaintiff, Dairyland Power Cooperative, cannot agree to the request to extend the date to complete our response to the Court's order regarding Dairyland's motion to compel, but that it will determine whether to file a response to this motion and will determine its position regarding the extension of the fact discovery deadline after reviewing this motion.

As the Court is aware, the Court granted plaintiff's motion to compel the production of several extremely broad ranges and categories of documents. We have been working diligently with the Department of Energy ("DOE") and the Nuclear Regulatory Commission ("NRC") to

attempt to comply with the Court's order. In response to that order, both DOE and the NRC have conducted, and are continuing to conduct, extensive searches among wide ranges of employees and offices within their agencies, having forwarded requests for production of responsive documents to hundreds of agency employees and contractor employees. We are prepared to begin producing documents responsive to Dairyland's requests by the current deadline of March 9, 2007. However, to date, we have received more than 50,000 documents from DOE and the NRC that purportedly are responsive to those portions of Dairyland's requests to which we previously objected but that the Court has ordered us to satisfy, the large majority of which have been provided to us within the last few days. We have been working extremely long hours – with a team of approximately 10 attorneys, numerous consultants, and numerous litigation support contractor employees – to attempt to review the documents for responsiveness and for privilege, categorize them in accordance with Dairyland's specific document production requests, and prepare them for production with appropriate Bates-stamp coding. Although our efforts have allowed us to process many of these documents, we have been unable, despite long hours and diligent effort, to complete all of this time-consuming review and processing. In addition, we have just learned that several thousand additional documents are continuing to be delivered to DOE's Office of General Counsel from offices in the western portion of the United States and from contractors, following extensive document gathering efforts in those offices, which we have been informed should be delivered to us immediately upon receipt. Although we have made every effort to attempt to gather all documents responsive to Dairyland's broad requests and process them for production by March 9, 2007, the sheer volume of the responses that are continuing to come from various offices has made the task impossible.

At the same time, we have been working to comply with that portion of the Court's order that requires us to identify, in response to each Dairyland document production request, those documents that are responsive to each request. As the Court is aware, since early 1999, the Government has produced more than one million pages of documents over the course of discovery in the various spent nuclear fuel cases. We have tasked numerous individuals to work together to review the entirety of the Government's past productions to categorize all documents by reference to Dairyland's document production requests. Although that effort is well-developed, we have been informed that, despite extensive efforts, those individuals do not believe that they will be able to complete that task by March 9, 2007, even with round-the-clock attention to the continuing effort.

Finally, we have discussed with Mr. Shapiro problems in responding to the breadth of the document production requests, particularly with reference to Request No. 42, which seeks all documents related to "DOE's consideration of or planning for the relationship between the Global Nuclear Energy Partnership ('GNEP') and the civilian radioactive waste management system." GNEP is a fairly new "comprehensive strategy to increase U.S. and global energy security, reduce the risk of nuclear proliferation, encourage clean development around the world, and improve the environment." "Global Nuclear Energy Partnership Fact Sheet," available at www.gnep.energy.gov. This partnership has "the potential," at some point in the future, "to decrease the toxicity and volume of waste requiring disposal" through the recycling of spent nuclear fuel ("SNF"). Id. We have been informed that the office within DOE responsible for this project has estimated that more than 500,000 documents are likely responsive to the literal terms of Dairyland's request. We are working to develop narrowed and more targeted request

language, upon which we would hope to reach an agreement with counsel for Dairyland, that would pinpoint the information regarding GNEP that Dairyland is actually seeking, rather than all documents containing tangential references that "relate to" the topic at issue which may satisfy the literal terms of Dairyland's request but that provide no useful information about any planning for a repository. We are still working upon this issue.

Despite the extraordinary breadth of material that Dairyland seeks, we intend to begin production of documents to Dairyland by March 9, 2007, and to continue that production on a rolling basis until it is complete. However, we cannot produce all of the more than 50,000 documents that the agencies have identified as responsive to Dairyland's broad requests by that date. Further, we cannot respond to the written portion of Dairyland's document production requests, which require us to detail the documents responsive to each Dairyland request, by March 9, 2007, despite diligent efforts upon our part to meet that deadline.[1] The effort to review these documents for privilege, to review them for responsiveness, and to categorize them in accordance with Dairyland's specific document production requests is taking us substantially more time and effort than we anticipated. Because of the enormity of this effort, we respectfully request that the Court enlarge our time for completing it through March 23, 2007.[2] We are

[1] Because of the trial in System Fuels, Inc. v. United States, No. 03-2623C (Fed. Cl.), which began on February 12, 2007, and concluded on March 1, 2007, but is scheduled to resume in mid-April 2007, several of our attorneys were unable to join in the effort to respond to Dairyland's production requests, as ordered by the Court, until the conclusion of that trial. Further, we have still been obligated to satisfy our discovery and other obligations in other spent nuclear fuel cases, including, among others, demands in Boston Edison Co. v. United States, No. 99-447C (Fed. Cl.); and Entergy Nuclear Generation Co. v. United States, No. 03-2626C (Fed. Cl.).

[2] To the extent that Dairyland complains about prejudice resulting from the time necessary for us to process the volume of documents that Dairyland has sought, we note that,

hopeful that we can process the bulk of these materials by that time.[3] To eliminate any prejudice to Dairyland, we request that the time for completing discovery in this case be extended to April 30, 2007, both to allow the Government to complete the bulk of its document production responsive to the Court's order on Dairyland's motion to compel before Dairyland is required to complete depositions and, further, to allow the Government to focus its efforts upon completing the document review and production processes before focusing on any remaining depositions that the Government still needs to take. We anticipate that, even with this enlargement, we will be devoting significant and continuous resources to this effort. Nevertheless, we are making, and will continue to make, every effort to comply with the full scope and spirit of the Court's order on Dairyland's motion to compel.

For the foregoing reasons, we respectfully request that the Court grant this motion for an enlargement of time.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

---

although Dairyland provided a written response to our second requests for production of documents on February 12, 2007, and informed us in that written response that documents responsive to our requests would be forthcoming, we have yet to receive any production of documents in response to those requests and are still awaiting that production.

[3] Documents that are stored in electronic systems which may not be compatible with systems that we have available to us at the Department of Justice create complications in terms of time and effort, as we have to locate and load a compatible system to assist us in processing those documents.

s/Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

PATRICK B. BRYAN
SONIA M. ORFIELD
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530

March 7, 2007

s/Russell A. Shultis
RUSSELL A. SHULTIS
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-7571
Fax: (202) 307-2503

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 7th day of March 2007, a copy of foregoing "DEFENDANT'S MOTION FOR AN ENLARGEMENT OF TIME" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Harold D. Lester, Jr.