IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Electronically filed: March 8, 2007

| | | |
|---|---|---|
| DAIRYLAND POWER COOPERATIVE, | ) | |
| Plaintiff, | ) | No. 04-0106C |
| v. | ) | (Chief Judge Damich) |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

DAIRYLAND'S RESPONSE TO THE
GOVERNMENT'S MOTION FOR AN ENLARGEMENT OF TIME

The government's requested enlargements would further delay proceedings in this case and further prejudice Dairyland. The government has not established a need for such enlargements, and the Court should not permit this result.

The government's motion confuses the Orders at issue. It requests a 14-day enlargement of the time to comply with the Court's Order regarding "Plaintiff Dairyland's Motion to Compel Depositions." Govt. Mot. at 1. That Order, dated January 29, 2007, did not require the government to produce documents or respond to interrogatories. The Court's February 5, 2007 Order is the applicable directive. That Order can be viewed as containing four requirements for government compliance: (1) provide appropriate responses to Dairyland's interrogatories, *id.* at 1-2, (2) "to the extent that the government has already produced documents in earlier coordinated discovery in the spent nuclear fuel litigation or otherwise, Defendant shall at least identify with reasonable particularity those documents it deems responsive to Plaintiff's specific requests," *id.*, (3) production of the documents responsive to Dairyland's requests to which the

government did not raise objections (requests 3, 5, 6-9, 11, 14-18, 34, and 36-39), *id.* and (4) production of additional documents responsive to Dairyland's requests 4, 12, 13, 19-26, 28-35, and 40-42. *Id.*

The government's motion primarily only attempts to justify additional time "to complete production of documents responsive to plaintiff's motion to compel," Govt. Mot. at 1. Thus, the government's motion provides no good cause for enlarging the government's time for compliance with the first requirement noted above. Regarding the second requirement, the government's only claim to good cause for an enlargement is that it has had other spent fuel cases to defend. Govt. Mot. at 4 and n.1. But that is always the situation, and the government does not attempt to explain why the month the Court allotted for compliance with this requirement has been inadequate. Accordingly, the Court should reject the government's generalized request to enlarge the time for its compliance with the Court's Order and reaffirm that the government must complete compliance with these first two requirements by March 9, 2007.

Regarding the production of documents, the government's motion does not attempt to distinguish between production of documents the government had previously agreed to produce from those the Court compelled production of in its February 5, 2007 Order. Regarding the first group (set out in the third requirement noted above), it is simply not credible that the government needs more time to complete production of these materials. Dairyland served its document requests on October 10, 2006, and the government served its formal response to those requests in which it agreed to produce documents responsive to these requests on December 8, 2006. The Court's Order provided the government with a full three months in which to make good on that promise (and five full months since the discovery requests were served). Unless the government

was simply sitting on its hands regarding these documents, even after promising their production (and even further after the Court ordered production), there can be no reason why they are not produced within the time allotted by the Court.[1] If the government was sitting on its hands, as appears may have been the case, then it has no good cause for an enlargement, and it should be sanctioned if it does not comply with the February 5, 2007 Order.

Regarding the documents that the government had not previously agreed to produce but which the Court directed production in its February 5, 2007 Order (the documents responsive to the requests noted in requirement four above), although the Court cannot require the impossible, Court should direct the production no later than March 23 and also take steps to limit prejudice of this additional delay to Dairyland. By March 23, 2007, five and a half months will have elapsed since service of Dairyland's discovery requests. The government must devote the necessary resources to respond in a much more timely manner. The Court should also make clear that any further delay in compliance of discovery obligations by the government will result in appropriate sanctions.

In addition, the government should not be permitted to delay compliance with its discovery obligations (or make it difficult for Dairyland to find responsive document) by willfully misinterpreting Dairyland's discovery requests too broadly. For example, the government claims that more than 500,000 documents may be responsive to request 42. Govt.

[1] The government's effort to equate its delay with Dairyland's conduct, Govt. Mot at 4, n.2, is meritless. The government did not serve its second set of requests for documents on Dairyland until January 12, 2007, and Dairyland served its formal response to the government's requests within the time provided by the Court's Rules. Both in that response and elsewhere, Dairyland has made clear that it had already produced many of the responsive documents. When asked by the government for the first time on March 7, 2007 when the balance of the documents would be produced, Dairyland's counsel informed the government that the remaining documents are expected to be produced by March 9, 2007. Thus, the government will have the documents it sought in its second request (in addition to the tens of thousands produced in the Summer of 2006) within two months of serving its request.

Mot. 3-4. Counsel discussed this issue by telephone on March 7, 2007. Mr. Lester explained then that this huge number of documents results because DOE's GNEP office includes boilerplate language on most of its documents noting that GNEP may reduce the volume of waste to be disposed of at Yucca Mountain. But as Dairyland's counsel explained during that telephone call, request 42 does not seek all documents referencing any relationship between GNEP and the Yucca Mountain program. Rather, only documents related to "consideration of or planning for the relationship" are requested.

Further, the government's claim of burdensomeness of producing tens of thousands of responsive documents is remarkable given the assertions in the government's response to Dairyland's motion to compel that it had already produced most responsive documents and made them available on its production web site. *See* Govt. Resp. filed January 18, 2007 at 33-38. The government's motion for enlargement confirms the inaccuracy of its prior assertions.

The government's request for a generalized extension of fact discovery cannot be justified. As the Court is aware, the government's failure to comply with its discovery obligations has already resulted in a three-month delay in trial, to Dairyland's prejudice. The government's requested enlargement could delay trial further and further prejudice Dairyland. Any enlargement of fact discovery should be one-sided. Dairyland should have additional time to complete its depositions of government officials in order to make use of the interrogatory and document responses directed in the Court's February 5, 2007 Order. Dairyland should also have appropriate time to complete any additional discovery that grows out of the discovery directed by the Court in its Orders of February 5 and January 29, 2007. Dairyland is not yet in a position to estimate this amount of time given that it has not received the government's discovery responses.

Conversely, the government has already taken most of its depositions. The government has indicated an interest in potentially taking four additional depositions, those of Lake Barrett, William Berg, Michael Johnsen and Larry Nelson. The parties had agreed that it made sense to delay these depositions until the Court resolved the government's motion to compel deposition testimony and documents from Dairyland. In particular, the government noted that depending on the outcome of that motion, it would not seek to depose Mr. Johnsen. In addition, the government indicated that it would reevaluate its need to depose Mr. Berg after it completed other depositions in February. If the Court resolves the government's motion soon, these depositions can still be completed by March 30 or soon thereafter.[2] Importantly, Dairyland has sought to minimize any overlap between fact and expert discovery, and the Court's scheduling orders have been consistent with this goal. In particular, the government should not be permitted to protract depositions and other fact discovery by inquiring into issues addressed in Dairyland's expert witness reports. At present, it is too soon to say that the government will need any additional time to complete these depositions.

[2] Dairyland is mindful of the Court's Order of March 8, 2007 directing the production of documents relevant to that motion for *in camera* review, and Dairyland expects to deliver those to the Court no later than March 9, 2007.

For these reasons, the Court should deny the government's motion for an enlargement of time to comply with the Court's Order of February 5, 2007 regarding requirements 1, 2 and 3 set out above. The Court should confirm that all remaining documents the production of which was compelled in its February 5, 2007 Order must be produced by March 23, 2007. The Court should deny the government's request for a generalized request for an enlargement of fact discovery. Dairyland, however, should be permitted to complete its depositions of government witnesses within a reasonable time after the completion of production of documents by the government.

Respectfully submitted,

March 8, 2007

s/ Jerry Stouck
JERRY STOUCK
Greenberg Traurig, LLP
800 Connecticut Avenue, NW
Suite 500
Washington, DC 20006
(202) 331-3100 (Telephone)
(202) 261-4751 (Facsimile)
*Counsel for Plaintiff*
DAIRYLAND POWER COOPERATIVE

Of Counsel:
Robert L. Shapiro
Kevin E. Stern
GREENBERG TRAURIG, LLP