IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Electronically filed: March 14, 2007

| | |
|---|---|
| DAIRYLAND POWER COOPERATIVE<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. 04-0106C<br><br>(Chief Judge Damich) |

UNOPPOSED MOTION FOR ENLARGEMENT OF TIME TO SUBMIT REPLY TO DEFENDANT'S RESPONSE TO MOTION TO COMPEL DOCUMENTS WITHHELD UNDER THE DELIBERATIVE PROCESS AND ATTORNEY-CLIENT PRIVILEGES

Pursuant to Rules 6(b) and 6.1 of the United States Court of Federal Claims, Dairyland Power Cooperative "Dairyland" respectfully requests an additional four business days, to and including March 22, 2007 to file its reply to the government's response to Dairyland's motion to compel documents withheld under the deliberative process privilege. The reply is currently due March 16. This is the first request for an enlargement of time for this reply. Counsel for Dairyland has conferred with government counsel, who does not oppose the enlargement requested here.

Ordinarily Dairyland would be reluctant to request any enlargement of time frames for pre-trial activity. However, as the Court is aware there already have been significant delays in pretrial proceedings in this case, and both the trial date and various pretrial deadlines have been pushed back. Moreover, there unfortunately could be further delays: although the government represented to the Court that it would begin last Friday

(March 9) producing to Dairyland documents that the Court previously ordered produced, to date (March 14) the government has not produced any of those documents or anything else the Court's February 5 Order compelled the government to produce. *See* Order of March 9, 2007 (granting additional time to government "[b]ased foremost on Defendant's representation that it is 'prepared to begin producing documents responsive to Dairyland's requests by the current deadline of March 9, 2007'").[1] Given the prior delays in this case, the four-day enlargement requested here should not have any material effect on the overall pretrial schedule. In addition, despite this requested enlargement of time to March 22, Dairyland will attempt and believes it may be able to file the reply before that time.

To the extent this enlargement becomes necessary, the reason is an unexpected convergence of deadlines in other matters during the latter part of the weeks of March 12 and 19, combined with Dairyland's counsel's previously scheduled travel plans the week of March 19. Moreover, the government's arguments against the release of the documents discussed in Dairyland's motion continue to be moving targets. It also persists in raising issues it litigated and lost in the *PG&E* case, and despite the clearly reasoned opinions by Judge Hewitt rejecting the government's arguments, it has burdened Dairyland and the Court with a response of over 180 pages (including appendix material). In light of the other, government-caused delays in this case and Dairyland's sincere desire for a timely and just resolution to this motion, the enlargement of an

[1] Although the government notified us at 10:09 p.m. on March 9 that it had posted new documents to its production website, there has been no indication or communication from the government that these documents responsive to Dairyland's requests. In fact, the government's production CD list on the website identifies these documents as from Booz Allen Hamilton, which to our knowledge has no relationship to this case.

additional four business days will allow for a more thorough analysis of the government's response, providing for a more concise, and well-reasoned reply to the government's extensive response.

For these reasons, Dairyland requests an enlargement of four business days, until March 22, 2007 in which to submit its reply.

Respectfully submitted,

Dated: March 14, 2007

/s/ Jerry Stouck

JERRY STOUCK
Greenberg Traurig, LLP
800 Connecticut Avenue, NW
Suite 500
Washington, DC 20006
(202) 331-3100 (Telephone)
(202) 261-4751 (Facsimile)
Counsel for Plaintiff
DAIRYLAND POWER COOPERATIVE

Of Counsel:

Robert L. Shapiro
Kevin Stern
GREENBERG TRAURIG, LLP