IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DAIRYLAND POWER COOPERATIVE,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ) | No. 04-0106C<br>(Chief Judge Damich) |

DEFENDANT'S MOTION FOR AN ENLARGEMENT OF TIME AND
FOR MODIFICATION OF THE COURT'S FEBRUARY 5, 2007 ORDER

Pursuant to Rule 6(b) of the Rules of the United States Court of Federal Claims, defendant, the United States, respectfully requests that the Court grant defendant an additional 14 days, to and including April 6, 2007, to complete the bulk of its actual production of documents in response to the Court's February 5, 2007 order upon plaintiff's motion to compel and, further, that the Court modify its order, dated February 5, 2007, to allow for the possible delayed production of files that we have, to date, been unable to open because of electronic file corruption or software issues or that may be unexpectedly provided to us in the future from currently unknown sources. Currently, defendant is to produce all such documents by March 23, 2007. The Court previously granted defendant an enlargement of 14 days for this purpose. We left a detailed voicemail message for counsel for plaintiff, Jerry Stouck, earlier today, but we have not yet heard that position that plaintiff, Dairyland Power Cooperative ("Dairyland"), will take regarding this motion.

We interpret the Court's February 5 and March 9, 2007 orders as requiring us to complete our document production in response to those expansive requests by March 23, 2007. However, for the reasons explained below, although we have reviewed for responsiveness and privilege the bulk of the more than 50,000 documents that we have been provided as potentially

responsive to Dairyland's expansive requests, our litigation support contractor cannot complete the processing of all of the thousands of documents that need to be produced by that date. Further, because some of the files that we have been provided in electronic form are corrupted or otherwise reliant upon software that we have not yet been able to identify, we do not know when, or whether, we will be able to open those files to make determinations regarding responsiveness or privilege, making it difficult to identify an "end date" by which every document possibly responsive to Dairyland's requests might be produced. Nevertheless, our litigation support contractor believes that, assuming that no additional documents are identified by the two agencies at issue, the Department of Energy ("DOE") and the Nuclear Regulatory Commission ("NRC"), it should be able to process the bulk of these materials and complete their production by Friday, April 6, 2007. The documents that we might not be able to produce by that date would relate to electronic files that, by that date, we have still not been able to open and any other documents – we presume a very small number, if any – that are provided to us from random sources within DOE and/or the NRC after the deadlines that the agencies had established for identifying and providing us with copies of responsive documents.

As the Court is aware, the Court granted plaintiff's motion to compel the production of several extremely broad ranges and categories of documents. We have been working diligently with DOE and the NRC to attempt to comply with the Court's order. As we explained in our prior motion for an enlargement of time, both DOE and the NRC have conducted extensive searches among wide ranges of employees and offices within their agencies, having forwarded requests for production of responsive documents to hundreds of agency employees and contractor employees. Contrary to Dairyland's representations in a prior motion that it filed with

the Court, we began producing additional documents responsive to Dairyland's requests in response to the Court's order, in addition to those that had previously been produced, on March 9, 2007, and we have continued to produce additional documents – not only to Dairyland, but to all of the spent nuclear fuel ("SNF") plaintiffs in this Court on the Government's production website – throughout the past two weeks. To date, we have produced more than 8,200 documents, or 30,000 images, to Dairyland and the other SNF plaintiffs, the bulk of which relate to Dairyland's production requests.[1] In addition, we currently anticipate that, later today, we will be producing an additional 19 containers of documents responsive to Dairyland's document production requests, containing approximately 1,916 files (approximately 6,900 pages of material).

However, as we explained in our prior March 7, 2007 motion, DOE and the NRC provided us with more than 50,000 documents that purportedly might be responsive to those portions of Dairyland's requests to which we previously objected but that the Court has ordered us to satisfy. With a team of approximately 15 attorneys and consultants, we have been able to complete our review of the large majority of those documents for responsiveness and for privilege, working extremely long hours to do so. Although we have been able to determine that many of the documents are not responsive to Dairyland's expansive requests, with regard to the more than 30,000 thousands of documents that we have identified as responsive,[2] our litigation

---

[1] Some of the files that we have produced in the past two weeks are responsive to document production requests that we received from the plaintiffs in Delmarva Power & Light Co. v. United States, No. 04-0033C (Fed. Cl.), another SNF case. We have made those documents available to all of the SNF plaintiffs.

[2] In its March 9, 2007 filing, Dairyland suggested that it appeared that the Government was attempting to produce too many documents in response to Dairyland's requests and that

support contractor has been unable to maintain pace with the review process and has been unable to process the entirety of those documents through Bates-stamp labeling, electronic conversation for electronic production, and quality control. Further, the thousands of documents that were provided to us in electronic form came in many different formats and different types of images, creating additional problems for our litigation support contractor in terms of identifying methods by which the documents can properly be Bates-stamp labeled and produced.

By the current deadline of March 23, 2007, we expect to provide Dairyland with revised written responses to its written discovery requests, including a container-by-container identification tying the documents in each container from past document productions to each of Dairyland's current written discovery requests. We will also have reviewed most of the documents that DOE and the NRC have provided us to date as potentially responsive to Dairyland's current requests, with the exceptions being limited to documents that we have not yet been able to open and a few other containers of documents that have created administrative problems. Further, we have already begun the production of documents responsive to those expansive requests and expect to continue to produce them on a rolling basis as they become available. Nevertheless, our litigation support contractor, even with the heightened effort that it

---

such an overproduction should not be permitted. We do not understand Dairyland's argument. Dairyland promulgated incredibly broad document production requests. It then sought to compel production of all documents responsive to those incredibly broad requests, and the Court, in large part, granted that motion. To the extent that Dairyland finds numerous documents that are not relevant to this litigation, it ignored our relevance objections to its original requests and sought to compel production in accordance with the literal terms of its requests. Other than with regard to documents relating to the Global Nuclear Energy Partnership and its relation to the civilian radioactive waste management system, which we have searched to limit to the category of documents that we understand Dairyland to be seeking, we are attempting to comply with the Court's order to satisfy the literal terms of Dairyland's production requests, without making relevance objections that the Court has overruled.

is undertaking, cannot process all of the documents that it is being required to process by March 23, 2007. We seek permission to allow our litigation support contractor to continue its efforts and to allow us to continue our rolling production of documents for an additional two weeks, through April 6, 2007, during which we hope to complete the bulk, if not all, of our production. However, in light of the nature of document production, the possibility that we may obtain some additional documents in the future from sources about which we are currently unaware that are potentially responsive to Dairyland's expansive requests, and the difficulties that we are having in opening some documents because of software issues and electronic file corruption issues, we respectfully request that the Court modify its existing order to provide for the possibility that small quantities of additional documents may be located or produced after that deadline. Through this request, we do not intend to avoid our obligation to produce all documents in a timely manner. We are making a good faith effort to identify and produce all responsive non-privileged documents. However, we need to account for the possibility that factors beyond our control, such as late productions from individuals of whom we are currently unaware or delayed resolution of software issues or corrupted electronic file issues, may affect our ability to satisfy a deadline to produce every possible document responsive to Dairyland's requests by the Court's deadline.

For the foregoing reasons, we respectfully request that the Court grant this motion for an enlargement of time and for modification of the Court's February 5, 2007 order.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/Russell A. Shultis
RUSSELL A. SHULTIS
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-7571
Fax: (202) 307-2503

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

PATRICK B. BRYAN
SONIA M. ORFIELD
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530

March 22, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 22nd day of March 2007, a copy of foregoing "DEFENDANT'S MOTION FOR AN ENLARGEMENT OF TIME" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Harold D. Lester, Jr.