IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Electronically filed: March 23, 2007

| | | |
|---|---|---|
| DAIRYLAND POWER COOPERATIVE, | ) | |
| Plaintiff, | ) | No. 04-0106C |
| v. | ) | (Chief Judge Damich) |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

DAIRYLAND'S RESPONSE TO THE GOVERNMENT'S MOTION FOR AN ENLARGEMENT OF TIME AND MODIFICATION OF FEBRUARY 5, 2007 ORDER

The government's continued failures to timely meet its discovery obligations are delaying this litigation and prejudicing Dairyland. The court should not tolerate further government delay.

Dairyland opposes the government's request for two additional weeks to complete production of additional documents compelled in the Court's February 5, 2007 Order. Instead, Dairyland urges the Court to permit the government one additional business day, until March 26, 2007, to complete its production and to make clear that no further enlargements will be granted. First, the government's conduct indicates that absent such a limitation and admonition, the government will continue to delay compliance with its discovery obligations. It now is clear that the government's March 7, 2007 motion for an enlargement of time to complete its compliance with the Court's February 5, 2007 Order was disingenuous. The government apparently had no intention of meeting the March 23 deadline sought in that motion.

Second, there is no merit to the government's claimed need for additional time. The government asserts that it has completed its review of documents, *see* Govt. Mot. at 3, but that its litigation support contractor needs two more weeks to "process" the documents. *Id.* at 4. The government does not attempt to explain or justify such a processing delay and there can be no reasonable justification. The government should just copy the documents or, as RCFC 34 provides, make them available to Dairyland for copying. That could and should be done with no delay. So far, the government has been producing documents on its production web site. It is possible that this posting mechanism is more time consuming and burdensome – it is certainly more burdensome for Dairyland than having documents produced directly to it. But the government cannot justify its failure to comply with the Court's discovery Orders by adopting more cumbersome production procedures.

Third, the government's repeated gripe that the categories of documents the Court has compelled the government to produce are "extremely broad," *see* Govt. Mot. at 2, is wrong and beside the point. The Court has already ruled that Dairyland's discovery requests are not too broad by compelling the government to respond to them, and the time provided by the Court with compliance by the government has been more than adequate – nearly seven weeks since the February 5, 2007 Order and a remarkable five and a half months since Dairyland served its discovery requests.

Fourth, and perhaps most importantly, the Court should limit the enlargement granted the government to keep this case on track. The Court has already been required to delay the trial schedule once due to the government's discovery delays, and the government's continued delays

threaten to delay trial further.[1] The Court has moved the deadline for the completion of fact depositions until April 30, but if the government does not complete its production of documents by March 30, it will be difficult for Dairyland to review and make use of the documents being produced at the depositions of the government witnesses (whose depositions have been compelled by the Court). The government should not be permitted to game discovery so as to effectively deny Dairyland the opportunity to ask the government's witnesses at depositions about the documents the Court has compelled the government to produce.

The government's request for a modification of the Court's Order to essentially give the government no deadline for completing its document production is outrageous and should be denied. Absent firm deadlines and in light of the government's prior conduct, it is doubtful if Dairyland would ever see additional documents. The government claims that its modification request is justified "in light of the nature of the document production" and the "possibility that [it] may obtain some additional documents in the future from sources about which [it is] currently unaware." Govt. Mot. at 5. But the government does not explain what it is about the nature of the production that requires special treatment or why it is possible that it has not gathered all responsive documents compelled by the Court. The government has been required to exercise diligence in responding to Dairyland's discovery requests and in complying with the Court's Orders. There always exists the possibility that a responsive document will get produced late even with the exercise of reasonable diligence, and RCFC 26(e)(2) already provides a mechanism for addressing those circumstances. The government has not justified any additional

[1] Discussions with the Court indicated that trial would be rescheduled to start on January 28, 2008, but the Court has not yet issued an Order resetting the trial date. Dairyland urges the Court to do so to help further clarify that time is of the essence.

special treatment that would lessen its obligation to exercise diligence to ensure that its document production is fully completed within the time provided by the Court.

Importantly, the government's motion does not clearly address the part of the Court's February 5, 2007 Order requiring the government to provide revised interrogatory answers. The motion does not seek more time for such answers, and no more time should be provided. The Court should make clear that if revised responses are not provided today, March 23, 2007, then sanctions will result. The February 5, 2007 Order explicitly held that the government's irrelevance objection regarding "the future" is meritless. Although the Order did not specify which interrogatory responses had to be revised as a result of that ruling (and command that revised discovery responses "consonant with the Court's prescriptions noted" be provided by March 9, 2007), those interrogatories are clearly set out in Dairyland's motion to compel – interrogatories 6, 7, 8 and 12. *See* Dairyland' Motion to Compel Discovery Responses at 4. Similarly, the February 5 Order explicitly disallowed the government's reliance on RCFC 33(d) and its reference to individuals who "may" have knowledge. The applicable interrogatories that must be revised accordingly are 1, 2, 4, 10, 11, 17 and 18. *See* Dairyland's Motion to Compel Discovery Responses at 9.

For these reasons, the government should be limited to one additional day to complete its document production, and the Court's February 5, 2007 Order should not be modified.

Respectfully submitted,

March 23, 2007

s/ Jerry Stouck

JERRY STOUCK
Greenberg Traurig, LLP
800 Connecticut Avenue, NW
Suite 500
Washington, DC 20006
(202) 331-3100 (Telephone)
(202) 261-4751 (Facsimile)
*Counsel for Plaintiff*
DAIRYLAND POWER COOPERATIVE

Of Counsel:
Robert L. Shapiro
Kevin E. Stern
GREENBERG TRAURIG, LLP