# EXHIBIT 1

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DAIRYLAND POWER COOPERATIVE,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 04-0106C<br>(Chief Judge Damich) |

DEFENDANT'S RESPONSES TO PLAINTIFF'S
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
AS AMENDED IN RESPONSE TO THE COURT'S FEBRUARY 5, 2007 ORDER

Pursuant to Rule 34 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, provides the following response to the first request for production of documents served by plaintiff, Dairyland Power Cooperative ("Dairyland"), as amended in response to the Court's order dated February 5, 2007, requiring supplementation of our original responses.

GENERAL OBJECTIONS

1. Defendant objects to each and every production request to the extent that it calls for the disclosure of material or information that is subject to any claim of privilege or protection, including without limitation, the attorney-client privilege, the work-product doctrine, or any Government privilege. Defendant will not produce privileged or protected documents, materials or information in response to the document requests. The inadvertent production by defendant of documents protected by the attorney-client privilege, or any other privilege, shall not constitute a waiver of the applicable privilege or protection as to any document so produced, or as to any other document.

2. Defendant objects to the instructions and definitions incorporated by reference into plaintiff's document requests to the extent that such instructions and definitions attempt to impose obligations on defendant other than those imposed by RCFC 26 and 34 and the Court's prior orders, including but not limited to:

a. Pursuant to the Court's March 14, 2005 order, limitations upon the parties' obligations to preserve and search for electronic mail, to the extent that it has not been stored or has been retained only in an electronic form, were established.

b. The definition of DOE is overly broad by seeking to impose obligations in excess of those previously ordered by the Court.

c. The instructions contained in the fourth paragraph of Dairyland's request for production is objectionable to the extent that it seeks to impose requirements beyond those contained in RCFC 26(e)(1) - (3). Defendant will seasonably supplement its responses only to the extent required by RCFC 26(e).

d. The instructions contained in paragraphs 5 and 6 of the plaintiffs' requests are objectionable regarding the information to be provided regarding the defendant's claims of privilege. In connection with its prior productions, the defendant has provided a privilege log that contains sufficient information to support the defendant's assertion of privilege over the documents identified. To the extent additional any documents are withheld from production based upon claims of privilege, similar privilege logs will be produced through posting upon the production website.

e. The instructions contained in paragraph 3 of Dairyland's request for production are objectionable because they seek to impose obligations beyond those contained in

RCFC 34(a). Defendant will produce or make available for inspection those documents within its possession, custody or control.

3. Defendant objects to these requests to the extent that they require the Government to search for documents available on the Record Information System database ("RIS-Web") maintained by the Office of Civilian Radioactive Waste Management ("OCRWM"), and produce any documents found there. Defendant continues to make this database available to Dairyland, and the burden to search for and request documents is the same for Dairyland as it is for the defendant. Accordingly, the defendant will not undertake any searches of the RIS-web in response to these production requests or produce any documents responsive to these requests that may be found there.

4. Defendant objects to these requests to the extent that they require the defendant to produce documents that are publicly available to Dairyland. Publicly available documents would include documents available through websites maintained by either the Department of Energy ("DOE") or the Nuclear Regulatory Commission ("NRC") or available from the public document room maintained by the NRC. To the extent that documents are available from these sources, the Government will not undertake the effort to produce them.

5. Defendant objects to the production requests upon the grounds and to the extent that, by them, Dairyland seeks to have defendant make certain legal conclusions and/or conclusions as to the legal significance of certain documents and/or events which it is not required to make.

6. Defendant objects to the production requests upon the grounds and to the extent that, by them, Dairyland seeks from defendant information prepared and/or developed in anticipation of litigation and/or for trial.

7. Defendant objects to the production requests upon the grounds and to the extent that, by them, Dairyland seeks the discovery of information which is irrelevant and immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

8. Defendant objects to the production requests upon the grounds that the manner in which they are worded, when read with their definitions and general instructions, are so vague, broad, general, and all inclusive that they do not permit a proper or reasonable response and are, therefore, unduly burdensome and oppressive.

9. Defendant objects to the production requests upon the grounds that, by them, Dairyland seeks to require defendant to make legal conclusions and/or conclusions concerning the legal significance of certain documents and/or events which must be determined by the United States Court of Federal Claims in this action and upon the grounds that, to respond to them, the defendant would be required to make an extensive investigation, research, compilation, and evaluation of data and records in its possession, which would constitute annoyance, harassment, oppression, undue burden and undue expense to defendant.

10. Defendant objects to any inference that can be drawn from any portion of the request for production or the responses to them that the documents requested or events referred in the requests actually exist or occurred. The failure to object to each such inference in no way constitutes an admission by defendant that such information exists or that such events actually occurred.

11. The objections set forth above apply to each of the numbered paragraphs of the requests for production.

12. Defendant objects to the production requests to the extent that they are wholly duplicative of production requests propounded by other utility plaintiffs and seek production of documents that the Government has already made available to plaintiff. To the extent that plaintiff believes that it needs additional documents beyond those already produced, plaintiff will need to narrow its request so that it targets information that will lead to the discovery of information relevant to this litigation.

13. Without waiving the above objections, defendant will provide relevant, non-privileged information and documents currently available to it, subject only to the requirements for supplementation of responses contained in the Rules of the United States Court of Federal Claims.

DEFENDANT'S RESPONSES TO PLAINTIFF'S DOCUMENT REQUESTS

1. DOCUMENTS RELATED TO any federal legislative proposal for federal storage or disposal of SPENT FUEL from CIVILIAN NUCLEAR POWER REACTORS.

RESPONSE: Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant further objects to this request as irrelevant because the matters at issue in this case involve the schedule against which the Court will assess damages pursuant to the Standard Contract, not legislative proposals that have not been enacted and, thus, have no effect upon the Standard Contract or the parties' obligations pursuant to the Standard Contract. Defendant also objects to this request to the extent that it seeks documents that are publicly available.

Without waiving these objections, defendant states that the Court's February 5, 2007 order limited defendant's obligation to respond to this request "to the extent that there are any documents that reflect DOE's (or its employees' or contractors') recommendations of, comments on, or responses to such efforts or proposals." In compliance with that order, defendant will produce or make available all non-privileged documents within its control responsive to this request, as limited by the Court's February 5, 2007 order, to the extent that these documents have not previously been produced or made available to plaintiff and to the extent that they can be located after a reasonable search. Containers of documents from past document production efforts with documents that are potentially responsive to this request are identified in Attachment 1 to these responses.

2. DOCUMENTS RELATED TO any efforts or proposals to amend the NWPA.

RESPONSE: Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant further objects to this request as irrelevant because the matters at issue in this case involve the schedule against which the Court will assess damages pursuant to the terms of the Standard Contract, not legislative proposals that have not been enacted and, thus, have no effect upon the Standard Contract or the parties' obligations pursuant to the Standard Contract. Defendant also objects to this request to the extent that it seeks documents that are publicly available.

Without waiving these objections, defendant states that the Court's February 5, 2007 order limited defendant's obligation to respond to this request "to the extent that there are any documents that reflect DOE's (or its employees' or contractors') recommendations of, comments on, or responses to such efforts or proposals." In compliance with that order, defendant will produce or make available all non-privileged documents within its control responsive to this request, as limited by the Court's February 5, 2007 order, to the extent that these documents have not previously been produced or made available to plaintiff and to the extent that they can be located after a reasonable search. Containers of documents from past document production efforts with documents that are potentially responsive to this request are identified in Attachment 1 to these responses.

3. DOCUMENTS RELATED TO the development, proposal, or promulgation of amendments to any utility's contract for the disposal of SPENT FUEL.

RESPONSE: Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the

"Definitions" section of its requests. Defendant further objects to this request as irrelevant. Defendant also objects to this request to the extent that it seeks documents that are publicly available.

Without waiving these objections, and to the extent required by the Court's February 5, 2007 order, defendant will produce or make available all non-privileged documents within its control responsive to this request, to the extent that these documents have not previously been produced or made available to plaintiff and to the extent that they can be located after a reasonable search. Containers of documents from past document production efforts with documents that are potentially responsive to this request are identified in Attachment 1 to these responses.

4. DOCUMENTS RELATED TO the development of potential contracts between utilities and the government concerning the storage and/or disposal of spent nuclear fuel and high-level radioactive waste from nuclear reactors that are currently contemplated but not yet built.

RESPONSE: Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant further objects to this request as irrelevant because the matters at issue in this case involve the schedule against which the Court will assess damages pursuant to the terms of the existing Standard Contract, not the content of new contracts into which the Government may or may not enter for the disposal of spent nuclear fuel from nuclear plants that have not yet been constructed. Such potential future contracts have no effect upon the Court's determination of the parties' obligations pursuant to the existing Standard

Contract. Defendant also objects to this request to the extent that it seeks documents that are publicly available.

Without waiving these objections, and to the extent required by the Court's February 5, 2007 order, defendant will produce or make available all non-privileged documents within its control responsive to this request, to the extent that these documents have not previously been produced or made available to plaintiff and to the extent that they can be located after a reasonable search.

5. DOCUMENTS RELATED TO any interpretation of DAIRYLAND'S SPENT FUEL disposal contract.

RESPONSE: Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests, and "any interpretation of," which would include matters wholly unrelated to any issue in the case. Similarly, defendant objects to this request as irrelevant. Plaintiff's request includes matters unrelated to any issue in this case, including past disputes regarding whether fees under the Standard Contract were to be calculated upon the amount of electricity generated or, alternatively, upon the basis of the amount of electricity generated and sold. Defendant also objects to this request to the extent that it seeks documents that are publicly available.

Without waiving these objections, and to the extent required by the Court's February 5, 2007 order, defendant will produce or make available all non-privileged documents within its control responsive to this request, to the extent that these documents have not previously been produced or made available to plaintiff and to the extent that they can be located after a

reasonable search. Documents responsive to this request may include documents with the Bates stamp numbers COF 010 0139-0538, COF010 1038-1153, COF026 1630-1906, and COF036 0883-0908, which are documents from DOE's contract and delivery commitment schedule files for Dairyland's contract. Containers of documents from past document production efforts with additional documents that are potentially responsive to this request are identified in Attachment 1 to these responses.

6. DOCUMENTS RELATED TO any interpretation of the STANDARD CONTRACT for the disposal of SPENT FUEL.

RESPONSE: Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests, and "any interpretation of," which would include matters wholly unrelated to any issue in the case. Similarly, defendant objects to this request as irrelevant. Plaintiff's request includes matters unrelated to any issue in this case, including past disputes regarding whether fees under the Standard Contract were to be calculate upon the amount of electricity generated or, alternatively, upon the basis of the amount of electricity generated and sold. Defendant also objects to this request to the extent that it seeks documents that are publicly available or seeks the same documents that the Government provided in response to Request No. 3 in the Utility Plaintiffs' Joint First Set of Requests for Production.

Without waiving these objections, and to the extent required by the Court's February 5, 2007 order, defendant will produce or make available all non-privileged documents within its control responsive to this request, to the extent that these documents have not previously been produced or made available to plaintiff and to the extent that they can be located after a

reasonable search. Containers of documents from past document production efforts with documents that are potentially responsive to this request are identified in Attachment 1 to these responses.

7. DOCUMENTS RELATED TO any request(s) by DAIRYLAND that priority be accorded to SPENT FUEL removed from LACBWR because the reactor was shut down permanently.

RESPONSE: Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant also objects to this request to the extent that it seeks documents that are publicly available.

Without waiving these objections, and to the extent required by the Court's February 5, 2007 order, defendant will produce or make available all non-privileged documents within its control responsive to this request, to the extent that these documents have not previously been produced or made available to plaintiff and to the extent that they can be located after a reasonable search. The documents that we have been able to locate in our database of past document productions, following a reasonable effort, which appear to be responsive to this request are identified below:

| CONTAINER | FIRST IMAGE | LAST IMAGE |
|---|---|---|
| YMP012 | YMP0121929 | YMP0121956 |
| HQR088 | HQR0880201 | HQR0880201 |
| HQR088 | HQR0880209 | HQR0880209 |
| HQR088 | HQR0880211 | HQR0880213 |
| HQR088 | HQR0880214 | HQR0880215 |
| COF026 | COF0261673 | COF0261675 |
| COF026 | COF0261780 | COF0261785 |
| COF026 | COF0261840 | COF0261840 |

Containers of documents from past document production efforts with additional documents that are potentially responsive to this request are identified in Attachment 1 to these responses.

8. DOCUMENTS RELATED TO the according of priority to SPENT FUEL removed from a CIVILIAN NUCLEAR POWER REACTOR that has reached the end of its useful life or has been shut down permanently.

RESPONSE: Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant also objects to this request to the extent that it seeks documents that are publicly available or seeks documents that the Government provided previously in response to Request No. 33 in the Utility Plaintiffs' Joint First Set of Requests for Production.

Without waiving these objections, and to the extent required by the Court's February 5, 2007 order, defendant will produce or make available all non-privileged documents within its control responsive to this request, to the extent that these documents have not previously been produced or made available to plaintiff and to the extent that they can be located after a reasonable search. The documents that we have been able to locate in our database of past document productions, following a reasonable effort and in addition to those documents identified in response to Request No. 7, which appear to be responsive to this request are identified below:

| CONTAINER | FIRST IMAGE | LAST IMAGE |
|---|---|---|
| CTR013 | CTR0131249 | CTR0131256 |
| CTR013 | CTR0131568 | CTR0131575 |
| CTR013 | CTR0131881 | CTR0131923 |
| CTR013 | CTR0132992 | CTR0132993 |

| | | |
|---|---|---|
| HQR017 | HQR0170715 | HQR0170760 |
| HQR032 | HQR0320069 | HQR0320069 |
| HQR032 | HQR0320070 | HQR0320070 |
| HQR032 | HQR0320071 | HQR0320071 |
| HQR032 | HQR0320072 | HQR0320073 |
| HQR035 | HQR0350927 | HQR0350944 |
| HQR036 | HQR0360472 | HQR0360505 |
| HQR036 | HQR0360554 | HQR0360600 |
| HQR036 | HQR0361684 | HQR0361834 |
| PNL070 | PNL0701889 | PNL0701932 |
| PNL070 | PNL0703487 | PNL0703530 |
| CTR024 | CTR0240454 | CTR0240507 |
| CTR025 | CTR0251709 | CTR0251709 |
| CTR025 | CTR0251710 | CTR0251755 |
| CTR025 | CTR0251757 | CTR0251802 |
| YMP003 | YMP0031011 | YMP0031357 |
| YMP003 | YMP0031503 | YMP0031580 |
| PNL170 | PNL1700585 | PNL1700630 |
| PNL170 | PNL1700813 | PNL1700855 |
| PNL170 | PNL1700939 | PNL1700994 |
| PNL170 | PNL1700997 | PNL1701049 |
| PNL170 | PNL1701050 | PNL1701101 |
| PNL170 | PNL1701102 | PNL1701153 |
| PNL170 | PNL1701167 | PNL1701218 |
| PNL170 | PNL1701220 | PNL1701284 |
| PNL170 | PNL1701294 | PNL1701345 |
| PNL170 | PNL1701352 | PNL1701395 |
| PNL170 | PNL1701396 | PNL1701438 |
| PNL170 | PNL1701441 | PNL1701483 |
| PNL170 | PNL1701485 | PNL1701526 |
| PNL170 | PNL1701529 | PNL1701573 |
| PNL170 | PNL1701576 | PNL1701621 |
| PNL170 | PNL1701624 | PNL1701666 |
| PNL170 | PNL1701697 | PNL1701750 |
| PNL170 | PNL1701751 | PNL1701800 |
| PNL170 | PNL1701801 | PNL1701853 |
| PNL170 | PNL1701854 | PNL1701883 |
| PNL170 | PNL1701884 | PNL1701910 |
| PNL170 | PNL1701911 | PNL1701939 |
| PNL170 | PNL1701941 | PNL1701988 |
| FER002 | FER0021826 | FER0022011 |
| PNL037 | PNL0370001 | PNL0370162 |
| PNL055 | PNL0550255 | PNL0550421 |
| EDB004 | EDB0040299 | EDB0040323 |
| EDB004 | EDB0040872 | EDB0040896 |
| HQR055 | HQR0552145 | HQR0552158 |
| HQR055 | HQR0552204 | HQR0552210 |
| HQR055 | HQR0552298 | HQR0552344 |
| HQR055 | HQR0552705 | HQR0552729 |
| HQR055 | HQR0552732 | HQR0552756 |
| HQR055 | HQR0552791 | HQR0552815 |

| | | |
|---|---|---|
| HQR055 | HQR0552872 | HQR0552918 |
| HQR059 | HQR0593163 | HQR0593165 |
| HQR059 | HQR0593166 | HQR0593168 |
| HQR059 | HQR0593169 | HQR0593170 |
| PNL119 | PNL1190881 | PNL1190897 |
| CTR042 | CTR0420134 | CTR0420323 |
| CTR044 | CTR0440075 | CTR0440082 |
| CTR044 | CTR0440276 | CTR0440277 |
| CTR044 | CTR0440745 | CTR0440753 |
| CTR045 | CTR0450397 | CTR0450554 |
| GPE001 | GPE0010001 | GPE0010003 |
| HQR114 | HQR1140001 | HQR1140102 |
| HQR088 | HQR0880201 | HQR0880201 |
| CTR001 | CTR0010641 | CTR0010739 |
| CTR001 | CTR0011459 | CTR0011502 |
| CTR001 | CTR0011510 | CTR0011552 |
| CTR001 | CTR0011622 | CTR0011629 |
| CTR001 | CTR0012664 | CTR0012717 |
| CTR003 | CTR0030805 | CTR0030873 |
| HQR001 | HQR0010109 | HQR0010116 |
| HQR003 | HQR0030139 | HQR0030298 |
| HQR006 | HQR0060236 | HQR0060243 |
| HQR006 | HQR0060348 | HQR0060348 |
| HQR006 | HQR0060451 | HQR0060467 |
| HQR007 | HQR0070659 | HQR0070816 |
| HQR007 | HQR0070817 | HQR0070862 |
| HQR008 | HQR0080045 | HQR0080047 |
| HQR009 | HQR0091394 | HQR0091397 |
| HQR010 | HQR0102152 | HQR0102153 |
| HQR010 | HQR0102154 | HQR0102157 |
| CTR041 | CTR0410525 | CTR0410526 |
| CTR041 | CTR0410581 | CTR0410589 |
| CTR041 | CTR0410619 | CTR0410619 |
| CTR041 | CTR0410633 | CTR0410639 |
| HQR239 | HQR2391739 | HQR2391826 |
| DEP001 | DEP0010051 | DEP0010093 |
| DEP001 | DEP0010867 | DEP0010909 |
| DEP007 | DEP0070192 | DEP0070272 |
| DEP008 | DEP0081005 | DEP0081047 |
| DEP010 | DEP0101062 | DEP0101141 |
| CTR135 | CTR1350001 | CTR1350061 |
| CTR139 | CTR1390042 | CTR1390086 |
| CTR139 | CTR1390097 | CTR1390256 |
| CTR139 | CTR1390276 | CTR1390321 |
| HQR288 | HQR2880106 | HQR2880106 |
| HQR288 | HQR2880107 | HQR2880107 |
| CTR130 | CTR1302835 | CTR1302872 |
| CTR130 | CTR1303850 | CTR1303867 |
| CTR132 | CTR1320919 | CTR1320919 |
| CTR129 | CTR1291487 | CTR1291578 |
| CTR129 | CTR1291579 | CTR1291669 |

Containers of documents from past document production efforts with additional documents that are potentially responsive to this request are identified in Attachment 1 to these responses.

9. DOCUMENTS RELATED TO the exchange of approved DELIVERY COMMITMENT SCHEDULES among parties with contracts with DOE for the disposal of SPENT FUEL.

RESPONSE: Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant also objects to this request to the extent that it seeks documents that are publicly available or seeks documents that the Government provided in response to Request No. 34 in the Utility Plaintiffs' Joint First Set of Requests for Production.

Without waiving these objections, and to the extent required by the Court's February 5, 2007 order, defendant will produce or make available all non-privileged documents within its control responsive to this request, to the extent that these documents have not previously been produced or made available to plaintiff and to the extent that they can be located after a reasonable search. Containers of documents from past document production efforts with documents that are potentially responsive to this request are identified in Attachment 1 to these responses.

10. DOCUMENTS RELATED TO any DOE or NRC meetings concerning the acceptance and/or disposal of DAIRYLAND'S SPENT FUEL or amending DAIRYLAND'S spent fuel disposal contract.

RESPONSE: Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the

"Definitions" section of its requests, and the words "any meeting," which could include all meetings conducted at either agency regarding any aspect of the acceptance or disposal of spent fuel from the nuclear industry since the Standard Contract was promulgated. If plaintiff could identify the specific topics and the specific time periods for which it would like the Government to search for documents, the Government will consider this narrowed request. However, as currently written, the Government is simply unable to conduct a meaningful search for documents responsive to this request. Defendant also objects to this request to the extent that it seeks documents that are publicly available.

Without waiving these objections, and to the extent required by the Court's February 5, 2007 order, defendant will produce or make available all non-privileged documents within its control responsive to this request, to the extent that these documents have not previously been produced or made available to plaintiff and to the extent that they can be located after a reasonable search. Containers of documents from past document production efforts with documents that are potentially responsive to this request are identified in Attachment 1 to these responses.

11. DOCUMENTS RELATED TO any Annual Capacity Reports or Acceptance Priority Reports prepared by DOE in connection with the SPENT FUEL disposal program, including but not limited to all DOCUMENTS used in the preparation of such reports.

RESPONSE: Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant further objects that this request is the same as Request Nos. 17 and 19 in the Utility Plaintiffs' Joint First Set of Requests for Production, to