which the Government responded on October 9, 2001. Defendant also objects to this request to the extent that it seeks documents that are publicly available.

Without waiving these objections, and to the extent required by the Court's February 5, 2007 order, defendant will produce or make available all non-privileged documents within its control responsive to this request, to the extent that these documents have not previously been produced or made available to plaintiff and to the extent that they can be located after a reasonable search. The documents that we have been able to locate in our database of past document productions, following a reasonable effort, which appear to be responsive to this request are identified below:

| CONTAINER | FIRST IMAGE | LAST IMAGE |
|---|---|---|
| HQR001 | HQR0012705 | HQR0012792 |
| CTR003 | CTR0031055 | CTR0031056 |
| HQR001 | HQR0012610 | HQR0012704 |
| CTR006 | CTR0060075 | CTR0060085 |
| HQR002 | HQR0020235 | HQR0020236 |
| HQR001 | HQR0012487 | HQR0012609 |
| EDB001 | EDB0011518 | EDB0011519 |
| HQR002 | HQR0020797 | HQR0020859 |
| EDB001 | EDB0011662 | EDB0011663 |
| EDB001 | EDB0011764 | EDB0011765 |
| HQR001 | HQR0012315 | HQR0012353 |
| HQR029 | HQR0290676 | HQR0290745 |
| COF002 | COF0021657 | COF0021658 |

Containers of documents from past document production efforts with additional documents that are potentially responsive to this request are identified in Attachment 1 to these responses.

12. DOCUMENTS RELATED TO research, plans or projections concerning the rate of DOE's acceptance of commercial SPENT FUEL in the civilian radioactive waste management system.

RESPONSE: Defendant objects to this production request because it seeks purely speculative information about the rate at which DOE may accept spent nuclear fuel in the future.

In accordance with the decision in Indiana Michigan Power Co. v. United States, 422 F.3d 1369 (Fed. Cir. 2005), future damages are not recoverable in a partial breach of contract case, rendering the information sought through this production request irrelevant to this litigation. Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant also objects to this request to the extent that it seeks documents that are publicly available or seeks the same documents that the Government provided previously in response to Request No. 6 in the Utility Plaintiffs' Joint First Set of Requests for Production.

Without waiving these objections, and to the extent required by the Court's February 5, 2007 order, defendant will produce or make available all non-privileged documents within its control responsive to this request, to the extent that these documents have not previously been produced or made available to plaintiff and to the extent that they can be located after a reasonable search. Containers of documents from past document production efforts with documents that are potentially responsive to this request are identified in Attachment 1 to these responses.

13. DOCUMENTS RELATED TO research, plans or projections concerning the order or sequence among utilities in which DOE will accept SPENT FUEL from utilities in the civilian radioactive waste management system, including but not limited to the order in which DOE will accept SPENT FUEL from utilities when DOE begins accepting SPENT FUEL from utilities, and any plans, projections or estimates by DOE of the order or sequence in which DOE would have accepted or will accept SPENT FUEL from utilities.

RESPONSE: Defendant objects to this production request because it seeks purely speculative information about the rate at which DOE may accept spent nuclear fuel in the future.

In accordance with the decision in Indiana Michigan Power Co. v. United States, 422 F.3d 1369 (Fed. Cir. 2005), future damages are not recoverable in a partial breach of contract case, rendering the information sought through this production request irrelevant to this litigation. Defendant further objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant also objects to this request to the extent that it seeks documents that are publicly available or seeks the same documents that the Government provided in response to Request No. 7 in the Utility Plaintiffs' Joint First Set of Requests for Production.

Without waiving these objections, and to the extent required by the Court's February 5, 2007 order, defendant will produce or make available all non-privileged documents within its control responsive to this request, to the extent that these documents have not previously been produced or made available to plaintiff and to the extent that they can be located after a reasonable search. Containers of documents from past document production efforts with documents that are potentially responsive to this request are identified in Attachment 1 to these responses.

14. DOCUMENTS RELATED TO the development of an ISFSI at LACBWR.

RESPONSE: Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant further objects to this request as irrelevant. NRC may possess documents covered by this request concerning regulations related to the development of ISFSIs that are wholly unrelated to matters to be decided by the Court in this case. Defendant also objects to this request to the extent that it seeks documents that are publicly available or are within Dairyland's custody, possession, and/or control, particularly to the extent that Dairyland is

seeking the production of documents that it submitted to the Government. See Pacific Gas & Electric Co. v. United States, 69 Fed. Cl. 323, 325-26 (2005).

Without waiving these objections, and to the extent required by the Court's February 5, 2007 order, defendant will produce or make available all non-privileged documents within its control responsive to this request, to the extent that these documents have not previously been produced or made available to plaintiff and to the extent that they can be located after a reasonable search. The documents that we have been able to locate in our database of past document productions, following a reasonable effort, which appear to be responsive to this request are identified below:

| CONTAINER | FIRSTIMAGE | LASTIMAGE |
|---|---|---|
| EXS001 | EXS0010214 | EXS0010231 |
| HQR024 | HQR0240014 | HQR0240015 |

A container of documents from past document production efforts with additional documents that are potentially responsive to this request is identified in Attachment 1 to these responses.

15. DOCUMENTS RELATED TO the possible location of an ISFSI at LACBWR.

RESPONSE: Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant further objects to this request as irrelevant. NRC may possess documents covered by this request concerning regulations related to where ISFSIs may be located that are wholly unrelated to matters to be decided by the Court in this case. Defendant also objects to this request to the extent that it seeks documents that are publicly available or are within Dairyland's custody, possession, and/or control, particularly to the extent

that Dairyland is seeking the production of documents that it submitted to the Government. See Pacific Gas & Electric Co. v. United States, 69 Fed. Cl. 323, 325-26 (2005).

Without waiving these objections, and to the extent required by the Court's February 5, 2007 order, defendant will produce or make available all non-privileged documents within its control responsive to this request, to the extent that these documents have not previously been produced or made available to plaintiff and to the extent that they can be located after a reasonable search. The documents that we have been able to locate in our database of past document productions, following a reasonable effort, which appear to be responsive to this request are identified below:

| CONTAINER | FIRSTIMAGE | LASTIMAGE |
|---|---|---|
| HQR088 | HQR0880210 | HQR0880210 |

A container of documents from past document production efforts with additional documents that are potentially responsive to this request is identified in Attachment 1 to these responses.

16. DOCUMENTS RELATED TO plans for the future removal of SPENT FUEL from LACBWR.

RESPONSE: Defendant objects to this production request to the extent that it seeks purely speculative information about DOE's plans for the acceptance of spent nuclear fuel in the future. In accordance with the decision in Indiana Michigan Power Co. v. United States, 422 F.3d 1369 (Fed. Cir. 2005), future damages are not recoverable in a partial breach of contract case, rendering the information sought through this production request irrelevant to this litigation. Defendant further objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant also objects to this request to the extent that it

seeks documents that are publicly available or are within Dairyland's custody, possession and/or control.

Without waiving these objections, and to the extent required by the Court's February 5, 2007 order, defendant will produce or make available all non-privileged documents within its control responsive to this request, to the extent that these documents have not previously been produced or made available to plaintiff and to the extent that they can be located after a reasonable search.

17. DOCUMENTS RELATED TO actual or potential past removals of SPENT FUEL from LACBWR.

RESPONSE: Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests, and the phrase "potential past removals," which is undefined. The NRC may possess documents covered by this request that are wholly unrelated to matters to be decided by the Court in this case, and it does not maintain its non-public files in a manner that would allow the NRC easily to locate and retrieve those files. Defendant also objects to this request to the extent that it seeks documents that are publicly available or are within Dairyland's custody, possession, and/or control, particularly to the extent that Dairyland is seeking the production of documents that it submitted to the Government. See Pacific Gas & Electric Co. v. United States, 69 Fed. Cl. 323, 325-26 (2005).

Without waiving these objections, and to the extent required by the Court's February 5, 2007 order, defendant will produce or make available all non-privileged documents within its control responsive to this request, to the extent that these documents have not previously been

produced or made available to plaintiff and to the extent that they can be located after a reasonable search. Containers of documents from past document production efforts with documents that are potentially responsive to this request are identified in Attachment 1 to these responses.

18. DOCUMENTS RELATED TO the removal and disposal of LACBWR'S Reactor Pressure Vessel.

RESPONSE: Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. The NRC may possess documents covered by this request that are wholly unrelated to matters to be decided by the Court in this case, and it does not maintain its non-public files in a manner that would allow the NRC easily to locate and retrieve all such files. Defendant also objects to this request to the extent that it seeks documents that are publicly available or are within Dairyland's custody, possession and/or control, particularly to the extent that Dairyland is seeking the production of documents that it submitted to the Government. See Pacific Gas & Electric Co. v. United States, 69 Fed. Cl. 323, 325-26 (2005).

Without waiving these objections, and to the extent required by the Court's February 5, 2007 order, defendant will produce or make available all non-privileged documents within its control responsive to this request, to the extent that these documents have not previously been produced or made available to plaintiff and to the extent that they can be located after a reasonable search.

19. DOCUMENTS RELATED TO DOE's projection that it will begin accepting SPENT FUEL from utilities starting in 2017.

RESPONSE: Defendant objects to this production request because it seeks speculative information about the date upon which DOE may accept spent nuclear fuel in the future. In accordance with this Court's decision in Indiana Michigan Power Co. v. United States, 422 F.3d 1369 (Fed. Cir. 2005), future damages are not recoverable in a partial breach of contract case, rendering the information sought through this production request irrelevant to this litigation. Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant also objects to this request to the extent that it seeks documents that are publicly available.

Without waiving these objections, and to the extent required by the Court's February 5, 2007 order, defendant will produce or make available all non-privileged documents within its control responsive to this request, to the extent that these documents have not previously been produced or made available to plaintiff and to the extent that they can be located after a reasonable search.

20. DOCUMENTS RELATING TO the planned rate of acceptance based upon a 2017 start date for DOE's acceptance of SPENT FUEL from utilities.

RESPONSE: Defendant objects to this production request because it seeks speculative information about the date upon which DOE may accept spent nuclear fuel in the future. In accordance with this Court's decision in Indiana Michigan Power Co. v. United States, 422 F.3d 1369 (Fed. Cir. 2005), future damages are not recoverable in a partial breach of contract case, rendering the information sought through this production request irrelevant to this litigation. Defendant objects to this request as overly broad and unduly burdensome, particularly given its

use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant also objects to this request to the extent that it seeks documents that are publicly available.

Without waiving these objections, and to the extent required by the Court's February 5, 2007 order, defendant will produce or make available all non-privileged documents within its control responsive to this request, to the extent that these documents have not previously been produced or made available to plaintiff and to the extent that they can be located after a reasonable search.

21. DOCUMENTS RELATED TO analysis supporting or contradicting a 2017 start date for DOE's acceptance of SPENT FUEL from utilities.

RESPONSE: Defendant objects to this production request because it seeks speculative information about the date upon which DOE may accept spent nuclear fuel in the future. In accordance with this Court's decision in Indiana Michigan Power Co. v. United States, 422 F.3d 1369 (Fed. Cir. 2005), future damages are not recoverable in a partial breach of contract case, rendering the information sought through this production request irrelevant to this litigation. Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant also objects to this request to the extent that it seeks documents that are publicly available.

Without waiving these objections, and to the extent required by the Court's February 5, 2007 order, defendant will produce or make available all non-privileged documents within its control responsive to this request, to the extent that these documents have not previously been

produced or made available to plaintiff and to the extent that they can be located after a reasonable search.

22. COMMUNICATIONS between DOE and NRC concerning a 2017 start date for DOE's acceptance of SPENT FUEL from utilities.

RESPONSE: Defendant objects to this production request because it seeks speculative information about the date upon which DOE may accept spent nuclear fuel in the future. In accordance with the decision in Indiana Michigan Power Co. v. United States, 422 F.3d 1369 (Fed. Cir. 2005), future damages are not recoverable in a partial breach of contract case, rendering the information sought through this production request irrelevant to this litigation. Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant also objects to this request to the extent that it seeks documents that are publicly available.

Without waiving these objections, and to the extent required by the Court's February 5, 2007 order, defendant will produce or make available all non-privileged documents within its control responsive to this request, to the extent that these documents have not previously been produced or made available to plaintiff and to the extent that they can be located after a reasonable search. A container of documents from past document production efforts with documents that are potentially responsive to this request is identified in Attachment 1 to these responses.

23. COMMUNICATIONS between DOE and Congress concerning a 2017 start date for DOE's acceptance of SPENT FUEL from utilities.

RESPONSE: Defendant objects to this production request because it seeks speculative information about the date upon which DOE may accept spent nuclear fuel in the future. In accordance with this Court's decision in Indiana Michigan Power Co. v. United States, 422 F.3d 1369 (Fed. Cir. 2005), future damages are not recoverable in a partial breach of contract case, rendering the information sought through this production request irrelevant to this litigation. Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant also objects to this request to the extent that it seeks documents that are publicly available.

Without waiving these objections, and to the extent required by the Court's February 5, 2007 order, defendant will produce or make available all non-privileged documents within its control responsive to this request, to the extent that these documents have not previously been produced or made available to plaintiff and to the extent that they can be located after a reasonable search.

24. DOCUMENTS RELATING TO any Mission Plan, program plan, or program reassessment (including any amendments thereto) for DOE's activities pursuant to the NWPA, including but not limited to all DOCUMENTS used to prepare such plans or reassessments.

RESPONSE: Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant further objects to this request as irrelevant because DOE's program plans do not define the parties' obligations pursuant to the Standard Contract. Defendant also objects to this request to the extent that it seeks documents that are

publicly available or seeks the same documents that the Government provided in response to Request No. 20 in the Utility Plaintiffs' Joint First Set of Requests for Production, as well as in response to Request No. 18 of the plaintiff's First Request For Production Of Documents in Pacific Gas & Electric Co. v. United States, Nos. 04-0074C & -0075C (Fed. Cl.).

Without waiving these objections, and to the extent required by the Court's February 5, 2007 order, defendant will produce or make available all non-privileged documents within its control responsive to this request, to the extent that these documents have not previously been produced or made available to plaintiff and to the extent that they can be located after a reasonable search. The documents that we have been able to locate in our database of past document productions, following a reasonable effort, which appear to be responsive to this request are identified below:

| CONTAINER | FIRST IMAGE | LAST IMAGE |
|---|---|---|
| HQR003 | HQR0031088 | HQR0031620 |
| YMP001 | YMP0011045 | YMP0012123 |
| HQR003 | HQR0031621 | HQR0032143 |
| HQR025 | HQR0255201 | HQR0255309 |
| HQR003 | HQR0030798 | HQR0031012 |

Containers of documents from past document production efforts with additional documents that are potentially responsive to this request are identified in Attachment 1 to these responses.

25. DOCUMENTS RELATED TO facilities and/or processes for picking up or transporting SPENT FUEL from CIVILIAN NUCLEAR POWER REACTORS for storage or disposal by DOE.

RESPONSE: Defendant objects to this production request to the extent that it seeks purely speculative information about DOE's plans for the transportation of spent nuclear fuel in the future. In accordance with the decision in Indiana Michigan Power Co. v. United States, 422

F.3d 1369 (Fed. Cir. 2005), future damages are not recoverable in a partial breach of contract case, rendering the information sought through this production request irrelevant to this litigation. Defendant further objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant further objects to this request as irrelevant. Defendant also objects to this request to the extent that it seeks documents that are publicly available or seeks the same documents that the Government provided previously in response to Request Nos. 26, 28 and 43 in the Utility Plaintiffs' Joint First Set of Requests for Production.

Without waiving these objections, and to the extent required by the Court's February 5, 2007 order, defendant will produce or make available all non-privileged documents within its control responsive to this request, to the extent that these documents have not previously been produced or made available to plaintiff and to the extent that they can be located after a reasonable search. Containers of documents from past document production efforts with documents that are potentially responsive to this request are identified in Attachment 1 to these responses.

26. COMMUNICATIONS between DAIRYLAND and DOE or NRC RELATED TO SPENT FUEL.

RESPONSE: Defendant objects to this request because it seeks documents that plaintiff should already possess, given that the request involves documents that came either to or from plaintiff, and the burden to locate these documents is no greater for plaintiff than it is for defendant. See Pacific Gas & Electric Co. v. United States, 69 Fed. Cl. 323, 325-26 (2006). Defendant further objects to this request as overly broad and unduly burdensome, particularly given its use of the words "communications" and "related to," which plaintiff has defined very

broadly in the "Definitions" section of its requests. Defendant further objects to this request as irrelevant, particularly to the extent that plaintiff is seeking production of all communications with NRC relating to licensing of its nuclear reactor or other matters, for which spent nuclear fuel may not the primary matter at issue. Defendant also objects to this request to the extent that it seeks documents that are publicly available.

Without waiving these objections, and to the extent required by the Court's February 5, 2007 order, defendant will produce or make available all non-privileged documents within its control responsive to this request, to the extent that these documents have not previously been produced or made available to plaintiff and to the extent that they can be located after a reasonable search. Defendant states that it has previously produced DOE's contract and delivery commitment schedule files for Dairyland's Standard Contract (documents with the Bates stamp numbers COF 010 0139-0538, COF010 1038-1153, COF026 1630-1906, and COF036 0883-0908), which contain communications between DOE and Dairyland regarding spent fuel. Defendant further states that numerous communications between Dairyland and the NRC, to the extent that they exist, may be publicly available on the NRC's public ADAMS database. Containers of documents from past document production efforts with additional documents that are potentially responsive to this request are identified in Attachment 1 to these responses.

27. DOCUMENTS RELATED TO DOE's acceptance, ownership, storage or plans for disposal of HIGH LEVEL WASTE from CIVILIAN NUCLEAR POWER REACTORS other than those obligations arising under the STANDARD CONTRACTS.

RESPONSE: Defendant objects to this request as vague because plaintiff's definition of "high level waste" is different from the definition set forth in the Standard Contract and includes

"irradiated reactor fuel" which is defined as "spent nuclear fuel" in the Standard Contract. Defendant further objects to this request as overly broad and unduly burdensome because plaintiff's definition of "high level waste" includes "spent nuclear fuel," thereby rendering it impossible for the Government properly to search for and produce documents responsive to plaintiff's request. Further, plaintiff's request is irrelevant, given that, applying the definition of "high-level radioactive waste" under the Standard Contract, no commercial nuclear utility currently possesses any "high-level radioactive waste," eliminating the need to create plans for its disposal. Defendant also objects to this request to the extent that it seeks documents that are publicly available.

28. DOCUMENTS RELATED TO the storage or disposal of commercial utility SPENT FUEL at sites other than CIVILIAN NUCLEAR POWER REACTORS.

RESPONSE: Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant further objects to this request as irrelevant. The issue in this case involve whether plaintiff has incurred incremental costs as a result of DOE's delay in beginning spent nuclear fuel acceptance, and this request is unrelated to that issue. Defendant also objects to this request to the extent that it seeks documents that are publicly available. Defendant objects to this request upon the grounds that it is vague and ambiguous with respect to the phrase "at sites other than civilian nuclear reactors."

Without waiving these objections, and to the extent required by the Court's February 5, 2007 order, defendant will produce or make available all non-privileged documents within its control responsive to this request, to the extent that these documents have not previously been

produced or made available to plaintiff and to the extent that they can be located after a reasonable search. Containers of documents from past document production efforts with documents that are potentially responsive to this request are identified in Attachment 1 to these responses.

29. DOCUMENTS RELATED TO consideration, development, or plans for DOE acceptance of casks, canisters or similar devices and systems from CIVILIAN NUCLEAR POWER REACTORS as part of the civilian radioactive waste management system.

RESPONSE: Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant also objects to this request to the extent that it seeks documents that are publicly available.

Without waiving these objections, and to the extent required by the Court's February 5, 2007 order, defendant will produce or make available all non-privileged documents within its control responsive to this request, to the extent that these documents have not previously been produced or made available to plaintiff and to the extent that they can be located after a reasonable search. Containers of documents from past document production efforts with documents that are potentially responsive to this request are identified in Attachment 1 to these responses.

30. DOCUMENTS RELATED TO the storage, disposal, transportation, packaging, inspection, or pickup from utilities by DOE of FAILED FUEL.

RESPONSE: Defendant objects to this request as vague and ambiguous, as plaintiff does not define the meaning of "storage, disposal, transportation, packaging, inspection, and pickup." Assuming that these terms are broadly defined, as they appear to be, defendant further objects to this request as overly broad, unduly burdensome, harassing, and not reasonably calculated to lead

to the discovery of admissible evidence. Plaintiff is requesting that defendant search the entire Federal Government for every document within the Federal Government that has any connection to an incredibly broad category of information. The Department of Energy has previously produced various documents from its files that pertain to failed fuel, and we have previously produced those documents to plaintiff, to the extent that they were not privileged. Plaintiff's current request is too broad and unduly burdensome to allow us to conduct any additional searches for information, particularly since this broad request is not reasonably calculated to lead to the discovery of information that would be either relevant or admissible.

Without waiving these objections, and to the extent required by the Court's February 5, 2007 order, defendant will produce or make available all non-privileged documents within its control responsive to this request, to the extent that these documents have not previously been produced or made available to plaintiff and to the extent that they can be located after a reasonable search. Containers of documents from past document production efforts with documents that are potentially responsive to this request are identified in Attachment 1 to these responses.

31. DOCUMENTS RELATED TO DOE's consideration of whether to accept canisterized SPENT FUEL at Yucca Mountain.

RESPONSE: Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant also objects to this request to the extent that it seeks documents that are publicly available.

Without waiving these objections, and to the extent required by the Court's February 5, 2007 order, defendant will produce or make available all non-privileged documents within its

control responsive to this request, to the extent that these documents have not previously been produced or made available to plaintiff and to the extent that they can be located after a reasonable search. Containers of documents from past document production efforts with documents that are potentially responsive to this request are identified in Attachment 1 to these responses.

32. DOCUMENTS RELATED TO DOE's proposal, development or implementation of transportation, aging and disposal ("TAD") canister system for the civilian radioactive waste management system.

RESPONSE: Defendant objects to this production request because it seeks speculative information about a current planning initiative regarding the manner in which DOE may accept and transport fuel in the future. The issue in this case involve whether plaintiff has incurred incremental costs as a result of DOE's delay in beginning spent nuclear fuel acceptance, and this request is unrelated to that issue. Defendant also objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant also objects to this request to the extent that it seeks documents that are publicly available.

Without waiving these objections, and to the extent required by the Court's February 5, 2007 order, defendant will produce or make available all non-privileged documents within its control responsive to this request, to the extent that these documents have not previously been produced or made available to plaintiff and to the extent that they can be located after a reasonable search. The documents that we have been able to locate in our database of past document productions, following a reasonable effort, which appear to be responsive to this request are identified below: