# EXHIBIT 5

U.S. Department of Justice

Civil Division

PDK:JED:HDL:RAShultis
154-04-106

Telephone: (202) 305-7571
Facsimile: (202) 307-2503

*Washington, D.C. 20530*

March 28, 2007

**VIA FACSIMILE AND UNITED STATES MAIL**

Kevin Stern
Greenberg Traurig, LLP
800 Connecticut Avenue, N.W.
Suite 500
Washington, D.C. 20006

Re: *Dairyland Power Cooperative v. United States*, No. 04-0106C (Fed. Cl.)

Dear Mr. Stern:

I am writing in response to your telephone call regarding our response to Dairyland Power Cooperative's first set of interrogatories. You stated that our response to interrogatories 5, 9, and 13-17 are not sufficient and that, if we did not supplement our responses further, you intend to file a motion to compel seeking sanctions against the Government.

We have reviewed Chief Judge Damich's February 5, 2007 order which was issued pursuant to your motion to compel. Even though you argued that our responses to interrogatories 5, 9, and 13-17 were not sufficient, the February 5, 2007 does not suggest that our responses to those interrogatories were inadequate. The Rules provide that a court may order that contention interrogatories need not be answered until after designated discovery has been completed or other later time. RCFC 33(c). A party filing contention interrogatories before discovery has been completed has the burden of showing why it must receive its answers any earlier. Fisher & Porter, 143 F.R.D 93, 96 (E.D. Pa. 1992). Therefore, in light of the fact that the February 5, 2007 order does not suggest otherwise, it would appear that our response to your contention interrogatories is not required until sometime after the close of fact discovery.

You also suggested that, because we have taken discovery since we responded to your motion to compel on January 18, 2007, we cannot continue to claim that any response to your contention interrogatories is premature. As you are well aware, we have not taken any depositions since early February because you prevented Dairyland witnesses from answering questions regarding Dairyland's claim. Yesterday, pursuant to our motion to compel, Chief Judge Damich issued an order allowing us to reopen the deposition of one of those witnesses, Michael Brasel. Because we have similar pending motions regarding the depositions of Charles

Sans Crainte and Keith Stubbendick, we hope to be able to reopen their depositions as well. Moreover, we agreed to wait to take the depositions of William Berg, Michael Johnsen, Larry Nelson, and Lake Barrett until Chief Judge Damich issued his order. Thus, we have not taken all of the fact depositions that we wished to take and you agreed to this delay.

Finally, we received the documents in response to our second request for document production on March 9, 2007 and received your expert reports on March 23, 2007. However, we have not yet received all of the supporting documentation to those expert reports. Until we have been able to review this information, we cannot provide a complete answer to your questions.

In short, we believe that our responses to your interrogatories are appropriate and fully consistent with the Court's order. If you have any questions, please do not hesitate to contact me.

Sincerely,

RUSSELL A. SHULTIS
Trial Attorney
Commercial Litigation Branch