IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Electronically filed: April 11, 2007

| | | |
|---|---|---|
| DAIRYLAND POWER COOPERATIVE, | ) | |
| Plaintiff, | ) | No. 04-106C |
| v. | ) | (Chief Judge Damich) |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

DAIRYLAND'S REPLY ON ITS MOTION FOR CLARIFICATION OF ORDER OF MARCH 27, 2007

The government's response to Dairyland's motion for clarification makes clear that clarification from the Court is necessary to ensure that fact discovery is this case is appropriately confined. The government is not satisfied with asking Messrs. Brasel, Sans Crainte and Stubbendick the limited journalistic questions set out in the March 27, 2007 Order. Instead, the government seeks to open the entirety of the depositions "to learn what costs are being claimed to understand the basis for including those costs in damages." Govt. Resp. at 5. The Court should reject this wasteful approach.

First, the government ignores the limited basis for its motion to compel and Dairyland's very limited invocation of the work product doctrine. The government was only precluded from asking a narrow category of questions regarding preparation of Dairyland's damages claim. In its March 27, 2007 Order at 3, the Court credited Dairyland's explanation that this case is about Dairyland's damages, not its efforts to compile those damages. The Order is limited to permitting the government to ask only certain limited questions about the compilation effort.

The government has already had and used its opportunity to ask these witnesses questions about Dairyland's damages.

Second, the government's claim that Dairyland seeks to deprive the government of the opportunity to learn about what costs are being claimed and to understand the basis for inclusion of those costs as damages, Govt. Resp. at 5-6, is meritless. In fact, consistent with the full intent of RCFC 26(a)(1), the government did not need any depositions to understand these issues; Dairyland appropriately disclosed this information in its initial disclosures. Dairyland provided comprehensive documentation setting forth its claim for damages, and that claim is neither complicated nor unusual. Indeed, the government long ago has demonstrated its understanding of even the small details of Dairyland's damages claim by asking precise questions about the damages. *See, e.g.,* letter from Shultis to Stern dated November 14, 2006 asking questions about individual journal entries, exhibit 1. Furthermore, Messrs. Sans Crainte, Subbendick and Brasel (and the other Dairyland deponents) have answered many hours of detailed government questions addressing Dairyland's damages.[1]

Third, the government's claim that Dairyland asserts "that any testimony from fact witnesses is unnecessary because Dairyland recently submitted expert witness reports," Govt. Rep. at 2, badly misreads Dairyland's argument. Dairyland will no doubt offer fact testimony at trial. But as the Court recognized at the February 8, 2006 hearing, fact discovery traditionally precedes and is concluded before expert discovery. The government's argument for departing from this traditional rule and from the procedure set out by the Court at the February 8, 2006

[1] The government has already deposed Mr. Sans Crainte for 5 hours 11 minutes, Mr. Stubbendick for 4 hours 50 minutes and Mr. Brasel for 4 hours 21 minutes (all exclusive of breaks). Thus, pursuant to the seven hour duration limit of RCFC 30(d)(2), the government would have had limited additional time for deposing these individuals in any event. That remaining time is more than sufficient to permit the limited questioning contemplated by the March 27, 2007 Order.

hearing is that Dairyland's experts have received information from Dairyland witnesses (or in two instances have merely read the deposition transcripts of Dairyland's fact witnesses). Govt. Resp. at 6-7. This is no justification at all for the Court to depart from its established procedure. It is entirely ordinary for experts to receive information from fact witnesses or to read deposition transcripts. The traditional rule contemplates that the experts can and will be questioned about the information they received at their own depositions. Ultimately, it is the experts' recollection and understanding of the information that they received that is relevant to the experts' opinions.[2]

Having no real need to further depose Dairyland's fact witnesses at this time, the government makes clear that its real aim is to redepose Dairyland's fact witnesses after it deposes Dairyland's experts in a fishing expedition for material that might somehow impeach the experts' work. *See* Letter from Shultis to Shapiro of April 11, 2007, exhibit 2. Remarkably, the government does even suggest dates when it might be willing to depose Dairyland's fact witnesses, flouting the Court's April 30, 2007 cutoff for fact discovery. The government's claim that it has had no opportunity to complete depositions since early February is flat wrong. The government knows well that Dairyland has offered (and still has available) dates next week when all of the remaining depositions the government has sought can be concluded.

---

[2] The government asserts that Dairyland admitted at the February 8, 2006 hearing that it would be appropriate for the government to obtain fact discovery regarding information provided to experts. Govt. Resp. at 7. The government misrepresents the record. Dairyland's counsel clearly referred to instances where an expert's report might reasonably raise questions about the underlying facts that the expert cannot answer. There has been no demonstration of such a situation in Dairyland's case, and that situation cannot apply to questions regarding what information was provided to the expert.

Respectfully submitted,

April 11, 2007

s/ Jerry Stouck
JERRY STOUCK
Greenberg Traurig, LLP
800 Connecticut Avenue, NW
Suite 500
Washington, DC 20006
(202) 331-3100 (Telephone)
(202) 261-4751 (Facsimile)
*Counsel for Plaintiff*
DAIRYLAND POWER COOPERATIVE

Of Counsel:
Robert L. Shapiro
Kevin E. Stern
GREENBERG TRAURIG, LLP

Exhibit 1

U.S. Department of Justice

Civil Division

PDK:DMC:HDL:RAShultis
154-04-106

Telephone: (202) 305-7561
Facsimile: (202) 307-2503

*Washington, D.C. 20530*

November 14, 2006

**VIA FACSIMILE AND UNITED STATES MAIL**

Kevin Stern
Greenberg Traurig, LLP
800 Connecticut Avenue, N.W.
Suite 500
Washington, D.C. 20006

Re: *Dairyland Power Cooperative v. United States*, No. 04-0106C (Fed. Cl.)

Dear Mr. Stern:

After reviewing the materials that you provided to us on October 30, 2006, we still have questions regarding certain costs claimed under the "journal entries" category. The costs under that category total approximately $165,000, comprised of 311 individual transactions. Because we have determined that 14 of those journal entries account for almost $140,000 of the total cost, we would like, at least initially, to focus upon those 14 journal entries. Please see the enclosed list.

To obtain an understanding of the purpose of each entry and the nature of the underlying cost, please provide the invoices, or any other similar documentation, regarding the 14 listed entries. After you have done so, we believe that a short conference call with Mr. Stubbendick may be in order.

After you have had a chance to discuss these matters with your client, please call me.

Sincerely,

RUSSELL A. SHULTIS
Trial Attorney
Commercial Litigation Branch

Enclosure

## LACBWR JOURNAL ENTRIES ACTIVITY DETAIL (10-13-06)
### (1999 - 2005, 2006 January-June)

| | | | | | | | 14 |
|---|---|---|---|---|---|---|---|
| | | | | | | | 139,755.40 |
| | ACTIVITY | YEAR | ACCOUNT | MONTH | SOURCE | JOURNAL ENTRY LINE DESCRIPTION | AMOUNT |
| 1 | 0 | 2001 | 51700 | 4 | GL | LACBWR - EXPENSED | 55,000.00 |
| 2 | 0 | 2001 | 51700 | 3 | GL | LACBWR-EXPENSED | 39,293.02 |
| 3 | 0 | 2002 | 53002 | 9 | GL | LACBWR HAS BEEN EXPENSED | 9,524.74 |
| 4 | 0 | 2000 | 53002 | 11 | GL | EXPENSE LACBWR WORK ORDER | 6,578.70 |
| 5 | 0 | 2004 | 51700 | 11 | GL | Adjustment to A&G | 14,435.91 |
| 6 | 0 | 2004 | 51700 | 11 | GL | Adjustment to A&G | 7,993.45 |
| 7 | P6815 | 2005 | 52404 | 12 | GL | SARGENT & LUNDY PO# 39187 | 11,375.00 |
| 8 | 0 | 2004 | 51793 | 3 | GL | Jan Wheeler Charges | 8,816.48 |
| 9 | 0 | 2000 | 51792 | 12 | RJ | Gas&Htg Oil-Plt&Veh. | 7,786.13 |
| 10 | 0 | 2001 | 51792 | 1 | RJ | Gas&Htg Oil-Plt&Veh. | 6,069.66 |
| 11 | 0 | 2001 | 51792 | 2 | RJ | Gas&Htg Oil-Plt&Veh. | 5,103.40 |
| 12 | P6564 | 2006 | 51700 | 5 | GL | NFS LACBWR decimmissioning | (6,935.15) |
| 13 | P6564 | 2006 | 51700 | 3 | GL | NFS LACBWR decommissioning | (9,052.32) |
| 14 | P6564 | 2006 | 51700 | 4 | GL | NFS LACBWR decommissioning | (16,233.62) |

Exhibit 2

**U.S. Department of Justice**

Civil Division

PDK:JED:HDL:RAShultis
154-04-106

Telephone: (202) 305-7571
Facsimile: (202) 307-2503

*Washington, D.C. 20530*

April 11, 2007

**VIA FACSIMILE AND UNITED STATES MAIL**

Robert Shapiro
Greenberg Traurig, LLP
800 Connecticut Avenue, N.W.
Suite 500
Washington, D.C. 20006

Re: *Dairyland Power Cooperative v. United States*, No. 04-0106C (Fed. Cl.)

Dear Mr. Shapiro:

I am writing regarding several deposition issues.

We would like to take Lake Barrett's deposition on April 24, 2007. If you cannot make Mr. Barrett available on that day, please propose the dates when you can make Mr. Barrett available. Our deposition of Mr. Barrett will take place in Washington, D.C.

As you are well aware, we agreed to wait to take the depositions of William Berg, Michael Johnsen, Larry Nelson, and Lake Barrett until Chief Judge Damich ruled upon our motion to reopen the depositions of Messrs. Michael Brasel, Charles Sans Crainte, and Keith Stubbendick. Even though Chief Judge Damich recently issued an order allowing us to reopen Michael Brasel's deposition and our motion regarding the depositions of Charles Sans Crainte and Keith Stubbendick was nearly identical to the one we filed regarding Mr. Brasel's deposition, you have continued to oppose our request to reopen the depositions of Messrs. Sans Crainte and Stubbendick.

In light of the fact that we have not been able to take any depositions since early February, it is quite clear that we will not be able to depose all of the fact witnesses before April 30, 2007. Further, even a cursory reading of your expert reports shows that several Dairyland fact witnesses, including Messrs. Sans Crainte and Stubbendick, provided information upon which your expert relied. Consequently, we believe that the more efficient course, at this point, would provide for our deposing your expert witnesses before we return to LaCrosse, Wisconsin, to depose any of Dairyland's fact witnesses.

Once you have had a chance to discuss this matter with your witnesses, I would appreciate your getting back to me before the end of this week. Since fact discovery is quickly coming to a close, we will likely need to address this matter with the Court.

Sincerely,

RUSSELL A. SHULTIS
Trial Attorney
Commercial Litigation Branch