# In the United States Court of Federal Claims

No. 04-106 C
(Filed: April 16, 2007)

*************************************
**DAIRYLAND POWER COOPERATIVE,**

Plaintiff,

v.

**THE UNITED STATES,**

Defendant.
*************************************

## ORDER

On March 19, 2007, Defendant filed a second Motion to Compel Deposition Testimony regarding the depositions of Messrs. Charles Sans Crainte and Keith Stubbendick. On April 2, 2007, Plaintiff filed a response and "motion" for clarification and a request for expedited consideration in light of the Court's pending April 30, 2007, deadline for the conclusion of fact discovery. Defendant filed a reply on April 9, and Plaintiff filed a sur-reply on April 11. A discovery hearing was held at the court on April 12, 2007.

At the hearing, both parties indicated that they perceived no difficulty in construing the Court's Order of March 27, 2007, regarding Defendant's earlier motion to compel deposition testimony of Mr. Michael Brasel, another of Dairyland's fact witnesses, nor in applying the guidelines set forth in that order to deposition testimony of Messrs. Sans Crainte and Stubbendick. The nub of the instant discovery dispute seems to be Defendant's desire to conduct depositions of Plaintiff's experts prior to re-opening the depositions of Messrs. Brasel, Sans Crainte, and Stubbendick (and perhaps other fact witnesses). Defendant argues that it is simply seeking to ascertain, in the most efficient method, the basis of Plaintiff's damages claim. Thus, subsequent to the depositions of Plaintiff's expert witnesses, Defendant seeks to question these fact witnesses regarding information from them on which the experts relied. Defendant acknowledged at the hearing that its proposed discovery scenario would necessarily require yet another extension of the period of fact discovery, which has already been extended twice since the original deadline in the Court's first scheduling order.

The Court's difficulty with Defendant's proposed deferral of these fact witness depositions is that it reverses the timetable for discovery – particularly as to the sequence of fact and expert discovery deadlines – which the Court adopted after thorough debate more than one year ago. Defendant's counsel had proposed that completion of fact discovery be held open until after the close of expert discovery:

> I mean, the fact is that when we get the expert reports we need to know the factual basis of those so why set into the schedule what is certain to be another discovery dispute? You know, the expert reports essentially lay out a good deal of the theory of the case, and it is our right to check to see what the factual basis of that theory is. Until we get the report, we don't know what to check for.

Tr., 35:12-20, Feb. 8, 2006.

The Court, however, opted for the more traditional approach to the discovery sequence: first, completion of fact discovery, then completion of expert discovery. The Court, nevertheless, advised the parties, and Plaintiff in particular, that if Plaintiff's initial disclosures did not put Defendant on notice of Plaintiff's theory of damages, then the Court "would of course be very open" to allowing Defendant extra fact discovery. Despite the most recent enlargement – to April 30, 2007 – of the fact discovery period, the Court did not order, nor did either of the parties request, that the late March 2007 deadline for service of Plaintiff's expert report(s) be enlarged in tandem. Accordingly, and in order to help keep the litigation schedule on track, Plaintiff has found itself in the position of having served its expert reports before the completion of fact discovery, a circumstance not intended by the Court's original discovery schedule. It is only through this happenstance that Defendant has been afforded the posture of alleging the inadequacy of Plaintiff's fact witness deposition testimony – as such testimony relates to expert witness reports – prior to the close of the fact discovery period.

In February 2008, the Court granted in large part Plaintiff's motion to compel document production and answers to interrogatories despite Defendant's strong objections on the bases of relevance, undue burden, etc. In endeavoring to accommodate Defendant's conscientious efforts to comply with the Court's order, the Court has granted Defendant a couple of enlargements of the deadline to comply. As of the hearing on the instant motion, the Court understands from the parties that compliance is still underway on a rolling basis. Because of this circumstance, Plaintiff noted at the recent hearing that it may yet need to schedule another Rule 30(b)(6) deposition. Just as the Court expects Plaintiff to be reasonable as to Defendant's efforts to comply with the Court's quite liberal grant of Plaintiff's extensive document requests, so too Defendant is expected to understand Plaintiff's deserved need for extra time to review such documents before scheduling, if necessary, its final 30(b)(6) deposition, even beyond the April 30 fact discovery deadline.

The Court hereby GRANTS Defendant's motion to compel deposition testimony of Messrs. Sans Crainte and Stubbendick, within the guidelines set forth in its Order of March 27, 2007, regarding the deposition testimony of Mr. Brasel. Defendant shall take these re-opened depositions (and any other fact witness depositions) before the April 30, 2007, close of the fact discovery period. These depositions shall not be conditioned upon the prior depositions of any of Plaintiff's experts. Nothing in this order shall be construed to preclude Defendant from moving the Court to reopen fact discovery subsequent to the completion of its discovery of Plaintiff's experts if such is warranted in light of the claim of damages, or theory of damages, addressed in Plaintiff's initial disclosures or otherwise.

s/ Edward J. Damich
EDWARD J. DAMICH
Chief Judge