IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DAIRYLAND POWER COOPERATIVE, Plaintiff, | ) | |
| v. | ) | No. 04-0106C (Chief Judge Damich) |
| UNITED STATES OF AMERICA, Defendant. | ) | |

DEFENDANT'S MOTION TO STRIKE PORTIONS OF PLAINTIFF'S MARCH 19, 2007 REPLY BRIEF AND ACCOMPANYING APPENDIX ON "DAIRYLAND'S MOTION TO COMPEL DOCUMENTS WITHHELD UNDER THE DELIBERATIVE PROCESS AND ATTORNEY-CLIENT PRIVILEGES"

Pursuant to Rule 37(b) of the Rules of the Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court strike pages 4, 5, 6, 15, and 16 of the "Reply In Support of Dairyland's Motion To Compel Documents Withheld Under The 'Deliberative Process' And Attorney-Client Privileges," and pages 9 through 433 of the accompanying appendix that plaintiff, Dairyland Power Cooperative ("Dairyland"), filed on March 19, 2007.

BACKGROUND

By motion filed January 18, 2007, Dairyland sought to compel the production of documents that the Government has withheld based upon the invocation by the Department of Energy ("DOE") of the deliberative process privilege, as well as documents protected by the attorney-client privilege and the attorney work product doctrine. Many of the documents the production of which Dairyland sought to compel through its January 18, 2007 motion are those that Judge Hewitt had ordered the Government to produce to counsel for the plaintiff in Pacific Gas & Electric Co. v. United States, Nos. 04-74C & -75C (Fed. Cl.), based upon a showing by the plaintiff in that case, Pacific Gas & Electric Company ("PG&E"), that it had a compelling

need for the documents. App. 9, 10, 11 (Pacific Gas & Elec. Co. v. United States, No. 04-74C & -75C, slip op. at 3, 4, 5 (Fed. Cl. May 14, 2006)).[1]

In the order that the Pacific Gas Court issuing requiring the original production of these documents in that case, the Court ordered that distribution of the documents at issue would be limited to counsel for PG&E "in this litigation only:"

> Every document ordered to be produced by this Order shall be subject to the protective order issued by the Court on April 21, 2005. However, for the purposes of this Order, the Court AMENDS the Protective Order to limit the disclosure and/or use of all documents mentioned in this Order to the attorneys for the plaintiffs in this litigation only, rather than, as stated in the Protective Order, the "attorneys for plaintiffs in the spent nuclear fuel cases."

App. 8-9 (May 14, 2006 order in Pacific Gas, at 2-3 n.3 (citing Protective Order, entered April 21, 2005) (emphasis in original).

Pursuant to the Court's order in Pacific Gas, the Government produced 211 documents, all stamped with a protective order legend that read, "Restricted Distribution, Protected Material, With Non-Government Distribution Limited To Attorneys For PG&E, As Defined By Note 3 In the Court's Order Dated May 14, 2006 (PG&E v. US, 04-74) For Use Only In PG&E Case." Although PG&E added several of these documents to its exhibit list, it did not ultimately seek admission of any of them at trial. Subsequently, after the conclusion of trial in this case, the Court issued final judgment on October 13, 2006, and denied PG&E's motion for reconsideration on December 22, 2006. PG&E's appeal of the Court's judgment in Pacific Gas

---

[1] "App. ___" refers to the appendix to this motion.

and the Government's cross-appeal are currently pending before the United States Court of Appeals for the Federal Circuit.

Counsel for PG&E in this case also serves as counsel for Dairyland in this case. Dairyland's January 18, 2007 motion to compel seeks to compel the production of some of the same documents subject to the deliberative process privilege that the Court ordered produced in Pacific Gas, as well as many of the privileged documents – both those subject to the deliberative process privilege and those subject to the attorney-client privilege or the attorney work product doctrine – that the Court considered in Pacific Gas but did not order the Government to produce. The Government opposed the motion to compel, in part because Dairyland had not shown a "compelling need" for the documents, which was the basis for the Court's ordering their production in Pacific Gas.

On March 19, 2007, in this case, Dairyland filed, under seal, its reply to the Government's opposition to Dairyland's motion to compel. In the appendix to this reply, Dairyland included 35 documents that the Court ordered the Government to produce in Pacific Gas pursuant to the restrictions of footnote 3 of the Court's May 14, 2006 order. Appendix to "Reply In Support Of Dairyland's Motion To Compel Documents Withheld Under The Deliberative Process And Attorney-Client Privileges" ("Dairyland Reply Brief"), at pages 9 to 433 (filed March 19, 2007). These documents are endorsed with a protective order legend restricting their disclosure and use to the Pacific Gas case only. In the reply brief that it filed with those documents, Dairyland characterizes the content of many of these documents and urges the Court to review the documents. Dairyland Reply Brief, at 4-6 and 15-17 (filed March 19, 2007). Many of the documents that Dairyland attached to and described in its reply brief

relate to issues surrounding Greater-Than-Class-C radioactive waste ("GTCC waste"), an issue about which Dairyland, in its motion to compel, represented that it was not seeking to compel production because "the government has not yet made GTCC waste an issue in [the Dairyland] case." Dairyland's Motion To Compel Of Documents Withheld Under The 'Deliberative Process' And Attorney-Client Privileges," at 9 (Jan. 18, 2007), filed in Dairyland Power Cooperative v. United States, No. 04-0106C (Fed. Cl.).

In response to Dairyland's filing, we notified counsel for Dairyland of our objection to Dairyland's submission to the Court in the Dairyland case copies of documents that were subject to the deliberative process privilege and requested that counsel for Dairyland withdraw those portions of its reply brief that discuss the content of protected documents and that it withdraw the protected documents themselves from the record of the Dairyland case. App. 1-3. We informed counsel for Dairyland that its submission of these documents and descriptions of their contents violated this Court's May 14, 2006 order. In response, counsel for Dairyland informed us that its submission to the Court in the Dairyland case did not constitute a "disclosure" of the documents or a "use" of the documents. App. 4-5. Accordingly, Dairyland declined to withdraw them from the record in the Dairyland case.

## SUMMARY OF ARGUMENT

Although final judgment has already issued in the Pacific Gas case and the parties' appeals of that final judgment are pending before the United States Court of Appeals for the Federal Circuit, the Court's protective order in that case remains in effect. In its May 14, 2006 order, the Court in Pacific Gas required the Government to produce certain documents that were otherwise protected by the deliberative process privilege to counsel for PG&E, but it ordered that

the "disclosure and use of all documents mentioned in th[at] Order" would be limited "to the attorneys for the plaintiffs in this litigation only, rather than, as stated in the [April 21, 2005] Protective Order, the 'attorneys for plaintiffs in the spent nuclear fuel cases.'" App. 8-9.

In an appendix to a reply brief that counsel for PG&E, who is now representing another spent nuclear fuel plaintiff in this case, Dairyland Power Cooperative v. United States, No. 04-106C (Fed. Cl.), filed on March 19, 2007, in support of Dairyland's motion to compel, counsel for Dairyland, and for PG&E, filed more than 400 pages of documents that had been produced to counsel for PG&E in the Pacific Gas case subject to the limitations of the May 14, 2006 "disclosure and/or use" restriction. Counsel for Dairyland has violated the terms of the protective order that the Pacific Gas Court entered on May 14, 2006. Defendant requests that the Court honor the terms of the Court's protective order in Pacific Gas and strike pages 9 through 433 of the appendix to Dairyland's March 19, 2007 reply brief, as well as pages 4 through 6, 15, and 16 of the reply brief itself.

ARGUMENT

Pursuant to its authority under RCFC 26(c), the Court in Pacific Gas entered a protective order that limited the ability of counsel for the plaintiff in that case to disclose or use particular documents outside the context of that particular case. The Court in that case acted well within its authority under RCFC 26(c), which permits the Court to issues orders which require that "disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place." Despite the restrictions of the Pacific Gas Court's May 14, 2006 order, counsel for Dairyland, who also served as counsel for the plaintiff in Pacific Gas, attached to its March 19, 2007 reply brief many of the documents that the Government produced

subject to the specific limitations on disclosure and use imposed by the Pacific Gas Court's May 14, 2006 order and that counsel for Dairyland had obtained only through his representation of the plaintiff in the Pacific Gas case. Dairyland also discussed the contents of many of those documents in its reply brief. The Court's order in Pacific Gas clearly precluded Dairyland from disclosing and using those documents in that manner. See Eagle Comtronics, Inc. v. Arrow Communication Laboratories, Inc., 305 F.3d 1303, 1314-1315 (Fed. Cir. 2002) (filing of documents in another forum violated express terms of protective order, which stated that any documents marked as subject to protective order could not "be used for any purpose other than for this action"); Lion Raisins, Inc. v. United States, 64 Fed. Cl. 536 (2005) (finding protective order had been violated when Government counsel provided documents to agency that were subject to a protective order, which required the return of all documents to counsel for the producing party upon conclusion of action).

To ensure compliance with the Court's protective order in Pacific Gas, this Court should strike from the record in this case those documents that Dairyland obtained in violation of this Court's order in Pacific Gas, as well as Dairyland's discussion of those documents. The situation here is similar to the situation discussed in Yates v. Applied Performance Technologies, Inc., 205 F.R.D. 497 (S.D. Ohio 2002). There, the plaintiffs attached to their opposition to the defendant's motion to dismiss the case transcripts of deposition testimony that were subject to a protective order in another case, which provided that confidential material "shall be used solely in connection with this judicial proceeding and shall not be used for any other purposes except as otherwise ordered by this Court." Id. at 500. The district court recognized that the protective order from the other court "survives the termination of the underlying litigation," given that it

"clearly imposes obligations meant to survive the termination of the litigation." Id. at 501. The court stated that, "[i]f parties were free to disclose confidential information upon dismissal of a case, protective orders would cease to fulfill their intended purpose which is to encourage full disclosure of all relevant information." Id. It recognized that the other court "retained jurisdiction to modify the protective order and, if Plaintiffs wished to use deposition testimony subject to that order in support of their memorandum in opposition, they should have sought modification of that order from the issuing court." Id.; see Public Citizen v. Liggett Group, 858 F.2d 775, 780-82 (1st Cir. 1988) (issuing court necessarily has power to enforce protective order that it issued at any point that it is in effect, even after final judgment); see also United Nuclear Corp. v. Cranford Ins. Co., 905 F.2d 1424, 1427 (10th Cir. 1990) (as long as protective order remains in effect, issuing court retains jurisdiction to modify it, even if underlying suit has been dismissed). The district court determined that it "lack[ed] authority to formally sanction Plaintiffs' counsel for violating a protective order that was entered by another court," but it "refuse[d] to allow Plaintiffs to use the fruits of that violation to their benefit in this litigation." Yates, 205 F.R.D. at 501. Accordingly, it granted the defendant's motion to "strike the deposition testimony" at issue "in its entirety." Id.

Before filing this motion, we requested that Dairyland voluntarily withdraw the protected documents from the record in Dairyland and withdraw its discussion of the content of those documents from its reply brief. App. 1-3. Dairyland declined, informing us that it had not actually "used" the documents, since the Pacific Gas Court, by referencing the word "use," meant "some substantive evidentiary or discovery use" rather than their submission in a discovery motion. App. 4. Yet, the word "use" is defined as follows: "Act of employing

everything, or state of being employed. . . . The purpose served; a purpose, object or end for useful or advantageous nature. To put or bring into action or service; to employ for or apply to a given purpose. To avail oneself of; to employ; to utilize; to carry out a purpose or action by means of; to put into action or service, especially to attain an end." Black's Law Dictionary 1541 (6th ed. 1990). Certainly, by submitting these documents to the Court in this case in support of its motion to compel, counsel for Dairyland "put [the documents] into action or service . . . to attain an end." That is, Dairyland submitted the documents to this Court to attempt to persuade the Court, through the Court's review of these documents and through Dairyland's discussion of their contents, to order the production of all of the other documents over which Government had invoked the deliberative process and other privileges, including those that this Court had declined to require the Government to produce in this action.

Counsel for Dairyland also asserted that it had not made any "disclosure" of the documents, as that term was used in the Court's May 14, 2006 Pacific Gas order, because it filed the documents under seal in the Dairyland case. App. 5. However, the term "disclosure" means the following: "Act of disclosing. Revelation; the impartation of that which is secret or not fully understood." Black's Law Dictionary 464 (6th ed. 1990). Similarly, the term "disclose" means "[t]o bring into view by uncovering; to expose; to make known; to lay bare; to reveal to knowledge; to free from secrecy or ignorance, or make known." Id. Plainly, Dairyland has "disclosed" the documents at issue to the Court in the Dairyland case, and they are now a part of the record in this case. Dairyland's assertions to the contrary are unsupported.

Further, Dairyland informed us that, by submitting the documents to the Court and the record in this case, it "has done nothing more (or less) than request Judge Damich to review the

documents *in camera* in the course of deciding the deliberative process privilege issues in [the Dairyland] case," which is "exactly . . . what the Court did, in PG&E." App. 5. However, Dairyland did not request an in camera review by placing them in the appendix to its reply brief and by discussing their contents in its reply brief, but, instead, included the protected documents in the record of the Dairyland case.

Further, with regard to many of the protected documents that Dairyland attached to its reply brief, Dairyland is not actually seeking to compel their production to Dairyland. That is, many of the documents that it has attached to its reply are documents that were produced under the restrictive protective order in PG&E based upon PG&E's showing of compelling need, but that Dairyland has not requested here because they are irrelevant to Dairyland's case. Specifically, many of the more than 400 pages of protected documents that Dairyland has attached to its reply brief relate to issues surrounding the Government's acceptance of Greater-Than-Class-C ("GTCC") radioactive waste. In its motion to compel, Dairyland represented that its "motion thus does not yet seek those GTCC waste documents" because "the government has not yet made GTCC waste an issue in [the Dairyland] case." Dairyland's Motion To Compel Of Documents Withheld Under The 'Deliberative Process' And Attorney-Client Privileges," at 9 (Jan. 18, 2007), filed in Dairyland Power Cooperative v. United States, No. 04-0106C (Fed. Cl.). Accordingly, there would be no reason for the Court in Dairyland, to review these protected and privileged documents in camera because they are not being sought in this case. Instead, Dairyland apparently submitted them to the Court to attempt to persuade the Court to order the production of the other documents withheld under the deliberative process privilege.

Dairyland's actions undermine the Court's order in Pacific Gas and make it difficult for the Government to have any confidence that documents produced subject to protective orders will not be willfully produced outside the parameters of those protective orders. To remedy the willful violation of this Court's order in this case, and to enforce compliance with the Court's order in Pacific Gas, the Government requests that the Court strike pages 4, 5, 6, 15, and 16 of Dairyland's reply brief and pages 9 through 433 of the appendix to that reply brief.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court strike pages 4, 5, 6, 15, and 16 of Dairyland's reply brief and pages 9 through 433 of the appendix to Dairyland's reply brief.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

PATRICK B. BRYAN
SONIA M. ORFIELD
MARIAN E. SULLIVAN
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530

s/Russell A. Shultis by Harold D. Lester, Jr.
RUSSELL A. SHULTIS
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 353-0897
Fax: (202) 307-2503

May 3, 2007

Attorneys for Defendant

# APPENDIX

# INDEX TO APPENDIX


DOCUMENT PAGE

Letter from Marian E. Sullivan, Department of Justice, to Jerry Stouck, counsel for Dairyland Power Cooperative, dated April 2, 2007 . . . . . . . . . . . . . . . . . . . . . 1

Letter from Jerry Stouck to Marian E. Sullivan, dated April 4, 2007 . . . . . . . . . . . . . . . . . . . . . . 4

Order, Pacific Gas & Electric Co. v. United States, Nos. 04-74C & -75C (Fed. Cl. May 14, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

U.S. Department of Justice

Civil Division

PDK:JED:HDL:MESullivan
154-04-106

Telephone: (202) 307-0365
Facsimile: (202) 307-2503

*Washington, D.C. 20530*

April 2, 2007

VIA FACSIMILE AND UNITED STATES MAIL

Jerry Stouck
Robert Shapiro
Greenberg Traurig, LLP
800 Connecticut Avenue, N.W.
Suite 500
Washington, D.C. 20006

Re: *Pacific Gas & Electric Co. v. United States*, Nos. 04-74C & -75C (Fed. Cl.), and *Dairyland Power Cooperative v. United States*, No. 04-106C (Fed. Cl.)

Dear Messrs. Stouck and Shapiro:

I write concerning your violation of the terms of the protective order entered by the Court in Pacific Gas & Electric Co. v. United States, Nos. 04-74C & -75C (Fed. Cl.), as amended by the Court's order, dated May 14, 2006, with the filing of your reply brief to your motion to compel the production of documents withheld on the basis of deliberative process privilege in Dairyland Power Cooperative v. United States, No. 04-106C, on March 19, 2007. If you do not take action to remedy promptly this violation of the protective order, we plan to notify the Court in both cases of the violation and ask that the Court take any and all actions that are necessary and appropriate to remedy the violation.

As you know, as a result of your motion to compel the production of documents withheld on the basis of deliberative process privilege in Pacific Gas, the Court ordered the production of 211 documents, based upon the showing by plaintiff, Pacific Gas & Electric Co. ("PG&E"), of a "compelling need" for these documents. Pacific Gas & Electric Co. v. United States, Nos. 04-74C & -75C slip op. (Fed. Cl. May 14, 2006). However, in the order to produce these documents, the Court also ordered that,

> "[e]very document ordered to be produced by this Order shall be subject to the protective order issued by the Court on April 21, 2005. However, for the purposes of this Order, the Court

> AMENDS the Protective Order to limit the disclosure and/or use of all documents mentioned in this Order to the attorneys for the plaintiffs in this litigation only, rather than, as stated in the Protective Order, the 'attorneys for plaintiffs in the spent nuclear fuel cases.'"

Id., at 2-3 n.3 (citing Protective Order, entered April 21, 2005) (emphasis in the original). Pursuant to the Court's order in Pacific Gas, the Government produced 211 documents, all stamped with a protective order legend that read, "Restricted Distribution, Protected Material, With Non-Government Distribution Limited To Attorneys For PG&E, As Defined By Note 3 In the Court's Order Dated May 14, 2006 (PG&E v. US, 04-74) For Use Only In PG&E Case."

On March 19, 2007, you filed upon behalf of Dairyland the reply to the Government's response to Dairyland's motion to compel the production of documents withheld on the basis of the assertion of deliberative process privilege. The appendix to this reply contains 35 documents that the Court ordered the Government to produce in Pacific Gas, pursuant to the Court's May 14, 2006 order. Appendix at 9-433. All of these documents are endorsed with the protective order legend restricting their disclosure and use to the Pacific Gas case only. In the reply brief itself, you characterize the content of many of these documents and urge the Court to review the documents contained in the appendix. Reply at 4-6 and 15-17.

Clearly, the inclusion of the documents in the appendix to the reply brief violates the terms of the protective order, as amended by the May 14, 2006 order, which "limit[s] the disclosure and/or use of all documents mentioned in this Order to the attorneys for the plaintiffs in this litigation only . . .. " You clearly understood this fact with the filing of the original motion to compel in Dairyland, wherein you asked the Court to order the production of the documents that Judge Hewitt had ordered produced in Pacific Gas. Dairyland cannot use these documents absent the Court ordering that the documents be produced in its case. Given your understanding of this limitation, we cannot understand how you could then use the documents themselves to buttress your arguments for their production in your reply brief in Dairyland.

To remedy this violation of the protective order in Pacific Gas, we expect you to withdraw those portions of Dairyland's reply brief and the accompanying appendix that either contain or discuss documents that were subject to the terms of Judge Hewitt's May 14, 2007 order in Pacific Gas. Absent such action on your part, we will file a motion to strike those portions of Dairyland's reply brief in Dairyland and take any other appropriate action.

Please advise me by close of business on Wednesday, April 4, 2007, as to whether you will remedy your violation of the protective order in the manner outlined. You may contact me at (202) 307-0365 if you have any questions about this matter.

Sincerely,

MARIAN E. SULLIVAN
Trial Attorney
Commercial Litigation Branch

Greenberg
Traurig

Jerry Stouck
Tel. 202.331.3100
Fax 202.331.3101
stouckj@gtlaw.com

April 4, 2007

VIA FACSIMILE, E-MAIL & U.S. MAIL

Marian E. Sullivan
U.S. Department of Justice
Civil Division
Commercial Litigation Branch 1100 L Street, N.W.
Washington, D.C. 20530

**Re: Dairyland Power Cooperative v. US, No. 04-106C**

Dear Marian:

This is in response to your letter of April 2 concerning plaintiff's motion in the Dairyland case, filed under seal, addressing the government's deliberative process privilege claims.

We are perplexed by your letter for several reasons, and object to this additional effort to multiply the complexity and burden of dealing with these privilege issues.

Apart from the ambiguity in the *PG&E* protective order noted in our motion in the Dairyland case, *see* Motion to compel filed electronically 1/18/07 at 7,[1] Dairyland's motion filed under seal in its case and attaching certain of the documents in question is in full compliance with Judge Hewitt's Order even under the government's alternative reading of that Order. As emphasized in your letter, "the terms of the [*PG&E*] protective order, as amended by the May 14, 2006 order, . . . 'limit[s] disclosure and/or **use** of all documents mentioned in this Order to the attorneys for the plaintiffs in this litigation only. . . .'" 4/2/07 letter Sullivan to Stouck/Shapiro at 2 (bold added in Sullivan letter). In the Dairyland case, the plaintiff by submitting the documents for *in camera* review is simply not "using" the documents in question. Fairly interpreted, the "use" Judge Hewitt had in mind is some substantive evidentiary or discovery use. Here, Dairyland *seeks* to use the documents in its

[1] As noted in that motion, given the ambiguity in the *PG&E* Order, Dairyland does not view any type of use here "in this litigation" by the undersigned attorneys (who also were "attorneys for plaintiffs") as being inconsistent with the Order. *See* Motion at 7. Of course, we also acknowledged in the motion the government's apparently differing view. *See id.*

ALBANY
AMSTERDAM
ATLANTA
BOCA RATON
BOSTON
BRUSSELS*
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON*
LOS ANGELES
MIAMI
MILAN*
NEW JERSEY
NEW YORK
ORANGE COUNTY
ORLANDO
PHILADELPHIA
PHOENIX
ROME*
SACRAMENTO
SILICON VALLEY
TALLAHASSEE
TAMPA
TOKYO*
TYSONS CORNER
WASHINGTON, D.C.
WEST PALM BEACH
ZURICH
*Strategic Alliance
Tokyo-Office/Strategic Alliance

case, which is precisely why it filed the motion now pending before Judge Damich. Nor have the documents been "disclosed," given that Dairyland's motion was filed *under seal*. In short, Dairyland took care to comply with Judge Hewitt's Order, not to violate it as the government asserts.

More fundamentally, it was the government that suggested *in camera* review of these documents in *PG&E*, *see* Gov't motion for reconsideration filed electronically March 21, 2006 in *PG&E* at 22, and Judge Hewitt accepted that suggestion and agreed that *in camera* review of the documents was appropriate. *See* Order of March 23, 2006 in *PG&E* at 2, copy attached ("The court accepts the government's offer . . . and will conduct an *in camera* review of those documents over which defendant continues to assert the privilege."). The government's reversal of position on the appropriateness of *in camera* review is not merely self-serving. Having prevailed on its argument for *in camera* review in *PG&E*, principles of judicial estoppel *preclude* the government from advancing the opposite position here. *See* James Wm. Moore et al. § 134.30 at 134.64 (3d ed. 2006) (explaining that in *New Hampshire v. Maine*, 532 U.S. 742 (2001), the Supreme Court "generally described the [judicial estoppel] doctrine as follows: when a party assumes a certain position in a legal proceeding and succeeds in maintaining that position, that party may not thereafter, simply because his or her interests have changed, assume a contrary position, especially if it is to the prejudice of another party.").

More fundamentally still, the government in its opposition to Dairyland's motion explicitly repeated its request that the Court (i.e., Chief Judge Damich) review the documents *in camera*. *See* Gov't response to Dairyland's motion to compel filed electronically 2/28/07 at 24 n.12 ("[P]rior to the Court ordering the production of any of these documents to Dairyland, the Government asks that the Court undertake the same *in camera* review that the Court performed in Pacific Gas.").[2]

Simply stated, Dairyland has done nothing more (or less) than request Judge Damich to review the documents *in camera* in the course deciding the deliberative process privilege issues in this case – which is exactly what the government requested, and the Court did, in *PG&E*, and exactly what the government has also requested in Dairyland's own case. For reasons stated above this does not violate the *PG&E* protective order, and the government cannot properly claim that it does. For the same reasons, Dairyland does not believe it was (or is) necessary to ask Judge Damich to order *in camera* review in Dairyland's case. However, to the extent the government believes that such an order is appropriate before the Court in Dairyland accepts the

[2] Dairyland's position is that comprehensive *in camera* review of all the documents is not only unnecessary to decide the deliberative process privilege issues, but is an inappropriate burden on the Court and Dairyland. *See* Reply on motion to compel filed electronically 3/19/07 at 7-8. But that position does not prevent Dairyland from agreeing with the government in part, *arguendo*, and submitting for *in camera* review certain documents which demonstrate on their face they are not subject to the privilege.

government's (and Dairyland's) request for *in camera* review of the documents Dairyland submitted under seal, we encourage you to file a motion requesting such an order. Dairyland will join that motion (though as stated we do not believe it is necessary).

If the government does file such a motion, or if the government carries out its threat to file a motion to strike or take other "appropriate" action that may involve one or more filings in court, please attach this letter to the government's filing(s) so that the Court will know Dairyland's response.

Very truly yours,

Jerry Stouck

JS/jd

# In the United States Court of Federal Claims

No. 04-74C
(into which has been consolidated No. 04-75C)

(E-Filed: May 14, 2006)

PACIFIC GAS AND ELECTRIC COMPANY,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

## ORDER

Before the court is Pacific Gas & Electric's Second Motion to Compel the Production of Documents Withheld Under the "Deliberative Process" Privilege (Pl.'s Mot. or Motion). Pursuant to Rule 37(a)(2) of the Rules of the Court of Federal Claims (RCFC), plaintiff moves the court "to compel the government to produce 209 responsive documents that the government continues to withhold from disclosure due to its 'deliberative process' privilege claims." Pl.'s Mot. at 2. For the foregoing reasons, plaintiff's Motion is GRANTED-IN-PART and DENIED-IN-PART.

In the court's Order of April 27, 2006, the court provided brief analyses of various descriptions of documents provided in the ex parte affidavits submitted to the court on April 11, 2006 for the purpose of permitting the parties to analogize the examples to disputed documents not mentioned in the court's April 27, 2006 Order and thereby to resolve any further discovery disputes involving the deliberative process privilege that may have arisen. 4/27/06 Order at 8. The parties were also ordered to confer in an effort to resolve any such disputes using the guidance provided by the court's April 27, 2006 Order. Id. Nevertheless, despite the court's guidance, the parties were unable to come to an agreement with respect to 209 documents that plaintiff now seeks to be produced. The court now proceeds to address each of these documents as categorized in plaintiff's

Motion to determine whether plaintiff has made "'a showing of evidentiary need . . . that outweighs the harm that disclosure of such information may cause to the defendant.'"[1] Pac. Gas & Elec. Co. v. United States (PG&E), No. 04-74C, 2006 U.S. Claims LEXIS 63, at *17 (Fed. Cl. Mar. 14, 2006) (quoting Alaska v. United States, 16 Cl. Ct. 5, 11 (1988)); see also Marriott Int'l Resorts, L.P. v. United States, 437 F.3d 1302, 1304, 1307 (Fed. Cir. 2006) ("[A] showing of compelling need can overcome the qualified deliberative process privilege.").

I. Documents Which the Government has Agreed to Produce Based on the Court's April 27, 2006 Order

In a letter written to plaintiff on May 10, 2006, defendant states that it "will not contest" the production of a number of documents that it believes to "have a similar subject matter to those that the [c]ourt ordered [defendant] to produce in its April 27, 2006 [O]rder." Pl.'s Mot. Ex. D at 2. Defendant states that, "[b]ecause [it] do[es] not want to create any opportunity for any SNF plaintiff, or any plaintiff in other current or future litigation with [the Department of Energy (DOE)], to have any grounds for arguing that the [g]overnment somehow waived any privilege claims relating to the rate of acceptance, we request that [plaintiff] ask the [c]ourt for an order compelling the production of these documents." Id. at 2-3. Accordingly, plaintiff has requested the court to enter an order compelling the production of these documents. Pl.'s Mot. at 3. The court agrees to this request. Defendant is hereby ORDERED to PRODUCE to plaintiff Document Nos.[2] 118, 119, 122, 124, 125, 127, 135, 138, 140, 143, 145, 146, 188-89, 190-96, 202-03, 205, 207-08, 212-16, 220, 224, 226, 233, 236, 238, 240-46, 248-49, 54, 256, 262, 264, 266-70, 272, 274-84, 287, 290, 311, 313, 319, 322, 333-36, 341, 346, 348, 350, 361, 363–66 and 378.[3]

---

[1]The court has reviewed in camera the following documents and also has the government's responses to plaintiff's requests to produce the following documents in the form of letters written to plaintiff that post-date the court's April 27, 2006 Order. See Pl.'s Mot. Exhibit (Ex.) B, C, and D. Accordingly, the court does not require a response to plaintiff's Motion in order to make its final determinations with respect to the deliberative process privilege.

[2]All document numbers refer to those from the Table of Challenges in the Appendix to PG&E's Motion.

[3]Every document ordered to be produced by this Order shall be subject to the Protective Order issued by the court on April 21, 2005. However, for the purposes of this Order, the court AMENDS the Protective Order to limit the disclosure and/or use of all documents mentioned in this Order to the attorneys for the plaintiffs in this litigation only, rather than, as stated in the

(continued...)

II. Documents Related to GTCC Waste

In the court's April 27, 2006 Order, the court stated that it agreed that:

> if defendant takes a "litigation position" in this case that the continued storage of GTCC waste at PG&E's storage facilities after January 31, 1998 "would obviate or reduce damages" claimed by plaintiff, then plaintiff's evidentiary need for production of documents related to GTCC waste and described in the Virgilio Declaration, the Marcinowski Declaration, or any other declaration before the court, see, e.g., Milner Decl. at 29, would potentially outweigh defendant's interest in maintaining the confidentiality of these documents. However, as of the date of this Order, the court is not aware that defendant has indicated such a "litigation position" in this case.

4/27/06 Order at 13. Defendant has since taken such a "litigation position." See Defendant's Memorandum of Contentions of Fact and Law at 66-67. Accordingly, and for the reasons stated in plaintiff's Motion, see Pl.'s Mot. at 7-14, the court agrees that plaintiff's evidentiary need for the production of documents related to GTCC waste outweighs defendant's interest in maintaining their confidentiality.[4] The court's examination in camera of these documents supports this finding. Defendant is hereby ORDERED to PRODUCE to plaintiff Document Nos. 2, 12-13, 16-18, 51-53, 55-59, 62-68, 71-77, 80-103, 186-187, 289, 300-301, 384-386, 391-392, 396, 400-434, 436-459, 462 and 464. Accord Order of August 25, 2003 in Yankee Atomic Electric Co. v. United States, No. 98-126C ("Thus, the Government's plans with respect to its obligation . . . to dispose of GTCC, must be fully disclosed to enable the court to make a finding(s) on the

---

[3](...continued)
Protective Order, the "attorneys for plaintiffs in the spent nuclear fuel cases," 4/21/05 Order ¶ 5.

[4]The court has noted defendant's letter to plaintiff that refers to these documents, see Pl.'s Mot. Ex. B at 2-4, and the court disagrees with the defendant's assessment of the potential relevance of the documents listed to this litigation. Although many of the documents are "deliberative" and "predecisional," almost all of them address various aspects of the government's plans for the handling of GTCC waste, information that is vital to making "an evidentiary finding as to whether GTCC material will be left on a reactor site after [SNF] and/or [HLW] is removed," Order of August 25, 2003 in Yankee Atomic Electric Co. v. United States, No. 98-126C, as well as making an evidentiary finding as to whether the Standard Contract covers GTCC waste, see Pl.'s Mot. at 7.

validity of this defense defendant asserts. It appears there may only be inchoate plans, or recommended plans, but it is concluded that unless defendant abandons its GTCC defense against monetary claims in this matter, there exists a compelling necessity for the production of all documentation which can contribute to an evidentiary finding as to whether GTCC material will be left on a reactor site after [SNF] and/or [HLW] is removed.") (emphasis added).

III. Documents Related to the Government's Rate of Acceptance

In the court's April 27, 2006 Order, the court stated that

> documents regarding the potential rate of acceptance by the government of SNF from nuclear utilities – which could be helpful in determining the rate of acceptance the government would have used had it began to perform the Standard Contract on January 31, 2006 – are highly relevant to this litigation and . . . there may be no other way for plaintiff to obtain evidence that serves the same purpose as these documents.

4/27/06 Order at 15. Accordingly, and for the reasons stated in plaintiff's Motion, see Pl.'s Mot. at 14-17, the court finds that all documents which relate to the potential rate of acceptance by the government of SNF from nuclear utilities should be produced. After examining in camera the 20 documents that plaintiff identifies as "clearly involv[ing] what the [c]ourt has termed the 'highly relevant' rate of acceptance issue," Pl.'s Mot. at 17, the court agrees that the plaintiff's evidentiary need for these documents, listed in footnote three of plaintiff's Motion, outweighs defendant's interest in maintaining their confidentiality. However, after examining in camera the 54 documents that plaintiff identifies as being potentially "'helpful in determining the rate of acceptance the government would have used had it began to perform,'" Pl.'s Mot. at 20 (quoting 4/27/06 Order at 14-15), the court does not find that plaintiff's evidentiary need for these documents, listed in footnote 4 of plaintiff's Motion, outweighs defendant's interest in maintaining their confidentiality. For the foregoing reasons, defendant is hereby ORDERED to PRODUCE to plaintiff Document Nos. 132, 167, 170, 223, 255, 285, 286, 320, 323-327, 330, 340, 347, 349, 362, 381 and 260.

IV. Documents Related to the DOE's Annual Capacity Report/Annual Priority Report and the Delivery Commitment Schedules Related Thereto

After examining in camera Document Nos. 387-390 and 368, which plaintiff describes as "highly relevant," Pl.'s Mot. at 22, the court finds that plaintiff's evidentiary need for these documents does not outweigh defendant's interest in maintaining the

confidentiality. The court agrees with defendant that "[t]hese documents are not relevant to this litigation." Pl.'s Mot. Ex. D at 9.

V. Documents Related to the DOE's Adoption of a "Market-Driven Acquisition Approach" for the Office of Civilian Radioactive Waste Management

After examining in camera Document Nos. 108 and 109, which plaintiff describes as "highly relevant to the rate and schedule issue," Pl.'s Mot. at 23, the court finds that plaintiff's evidentiary need for these documents does not outweigh defendant's interest in maintaining their confidentiality. The court agrees with defendant that these documents are not relevant to this litigation. See Pl.'s Mot. Ex. D at 6.

VI. Document Related to Spent Fuel Storage Costs

After examining in camera Document No. 123, which plaintiff describes as "address[ing] a key disputed issue in this case," Pl.'s Mot. at 24, the court agrees and finds that plaintiff's evidentiary need for this document outweighs defendant's interest in maintaining its confidentiality. Accordingly, defendant is hereby ORDERED to produce to plaintiff Document No. 123.

VII. Documents Related to DOE Proposals to Modify or Amend the Spent Fuel Contracts

After examining in camera Document Nos. 367 and 369, which plaintiff describes as highly relevant, see Pl.'s Mot. at 24, the court finds that plaintiff's evidentiary need for these documents does not outweigh defendant's interest in maintaining their confidentiality. The court agrees with defendant that these documents are "irrelevant to this litigation." Pl.'s Mot. Ex. D at 5.

VIII. Documents Over Which Defendant Asserts Attorney-Client Privilege Because They are "Under Legal Review"

Plaintiff requests the court to reject defendant's assertion of attorney-client privilege over documents not authored by a lawyer that defendant claims merely to be "under legal review." Pl.'s Mot. at 25. Plaintiff has previously chosen not to contest defendant's assertion of attorney-client privilege or work product protection over the 92 documents over which defendant has also claimed the deliberative process privilege. See PG&E's Opposition to Motion for Reconsideration at 13. Accordingly, the court has ruled that:

> defendant shall not be required to produce any portion of the 92 documents as to which a privilege in addition to the deliberative process privilege, i.e., attorney-client privilege or work product protection, was asserted and not challenged. However, to the extent that this Order – either directly or through its guidance – resolves in plaintiff's favor the question of whether defendant may continue to protect any of these 92 documents under the deliberative process privilege, defendant shall PRODUCE to plaintiff the documents with the attorney-client or work product material redacted.

4/27/06 Order (citations omitted). That Order remains in full force and effect. To the extent that the court has ordered any of these 92 documents to be produced in this Order, see supra Parts I-VI, defendant is entitled to produce these documents with the attorney-client or work product material redacted. The court declines to review in camera each and every document that defendant describes as "under legal review" to determine if it should be protected by the attorney-client privilege. Indeed, defendant has redacted small portions of some of the documents which plaintiff now challenges in its submission to the court for in camera review, see, e.g., Document No. 202, and therefore the court cannot ascertain whether the small amount of material redacted should in fact be privileged. When making these submissions, defendant stated that:

> because PG&E has represented that it does not intend to challenge the Government's assertions of [attorney-client] privilege, we have begun, but not completed, the process of attempting to redact privileged information from those 92 documents. To the extent that we have been able to redact particular documents from the list of 92 identified in our motion for reconsideration, we have done so before submitting the documents to the [c]ourt, both to minimize the time that the [c]ourt needs to expend reviewing particular documents and to reduce the amount of privileged material that we are presenting to the [c]ourt.

Attachment to Court Document No. 190, at 2. The court declines to revisit defendant's unchallenged assertions of the attorney-client privilege at this late date.

IX. Conclusion

For the foregoing reasons, plaintiff's Motion is GRANTED-IN-PART and DENIED-IN-PART. Defendant is hereby ORDERED to produce to plaintiff, on or before Wednesday, May 17, Document Nos. 118, 119, 122, 124, 125, 127, 135, 138, 140, 143, 145, 146, 188-89, 190-96, 202-03, 205, 207-08, 212-16, 220, 224, 226, 233, 236, 238, 240-46, 248-49, 54, 256, 262, 264, 266-70, 272, 274-84, 287, 290, 311, 313, 319, 322,

333-36, 341, 346, 348, 350, 361, 363–66, 378, 2, 12-13, 16-18, 51-53, 55-59, 62-68, 71-77, 80-103, 186-187, 289, 300-301, 384-386, 391-392, 396, 400-434, 436-459, 462, 464, 132, 167, 170, 223, 255, 285, 286, 320, 323-327, 330, 340, 347, 349, 362, 381, 260 and 123.

IT IS SO ORDERED.

s/ Emily C. Hewitt
EMILY C. HEWITT
Judge

CERTIFICATE OF FILING

I hereby certify that on this 3rd day of April 2007, a copy of foregoing "DEFENDANT'S MOTION TO STRIKE PORTIONS OF PLAINTIFF'S MARCH 19, 2007 REPLY BRIEF AND ACCOMPANYING APPENDIX ON 'DAIRYLAND'S MOTION TO COMPEL DOCUMENTS WITHHELD UNDER THE DELIBERATIVE PROCESS AND ATTORNEY-CLIENT PRIVILEGES'" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Harold D. Lester, Jr.