IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Electronically filed: June 4, 2007

| | | |
|---|---|---|
| DAIRYLAND POWER COOPERATIVE, | ) | |
| Plaintiff, | ) | No. 04-0106C |
| v. | ) | (Chief Judge Damich) |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

DAIRYLAND'S OPPOSITION TO THE GOVERNMENT'S MOTION
FOR AN ENLARGEMENT OF TIME TO SERVE EXPERT WITNESS REPORTS

The government's motion for an enlargement of time to serve its expert witness reports reflects a flagrant disregard of both this Court's orders, lacks any merit and threatens to further disrupt the orderly conduct of this litigation. The Court should deny the motion.

The government's motion fails to comply with the requirement in the Court's Special Procedures Order that "[r]equests for enlargement must be filed as early as possible." Order of October 13, 2005, ¶ 4.a.i. The government has intended to seek an enlargement of time to serve its expert reports since April. *See* Dairyland's Reply on Its Motion to Enforce February 5, 2007 Order and for Sanctions at 11, n.5. Yet the government has waited until now to file its motion in the apparent hope that the Court will feel forced to grant the government additional time lest it not hear any expert witnesses from the government. The Court's Special Procedures Order is clearly intended to prohibit such gamesmanship, and the Court should not countenance it here.

There is no merit to the government's request for additional time. The government's primary justification for an enlargement is that its attorneys and experts are engaged in a trial in

*Boston Edison Co. v. United States*, No. 99-447. *See* Govt. Mot. at 1-3. But the confluence of the expert witness report due date in this case and that trial has been known since the Court issued a revised scheduling order governing discovery on February 22, 2007. Moreover, it warrants reminding that this revised Scheduling Order and the related delay in the trial date were caused by other government failures to timely comply with its discovery obligations. In light of the many spent fuel and other cases before the Court, if the Court permits the government to delay proceedings in this case merely because the government has other cases to litigate, there can be no hope that this case (or any case) will proceed on an orderly manner. More generally, the government's apparent strategy of attempting to litigate one spent fuel case at a time sets up a highly undesirable situation pitting the various judges of the Court against one another such that only the most forceful judges will gain sufficient attention from the government to permit their dockets to proceed in an orderly manner. Obviously, the government has had ample time to plan to meet its obligations in all of the litigation before this Court. If the government has failed to do so, then the government, and not Dairyland, must bear the consequences of that failure.

The other grounds for the enlargement sought by the government are also meritless. The government notes that it has only recently deposed three of Dairyland's experts and that it is not scheduled to depose Dairyland's fourth expert, Mr. Graves, until later this month. *See* Govt. Mot. at 2-3. But Dairyland has made its experts available at the times requested by the government. Moreover, the parties had agreed to hold Mr. Graves' deposition before Memorial Day, but the government later canceled that date. Having failed to schedule its depositions of Dairyland's experts earlier, the government should not be heard to use the timing of those depositions as grounds for delaying service of its expert witness reports. The government's claim that it needs to review 15,000 images (primarily photographs of the Dairyland site)

produced in May similarly does not justify an enlargement. As the government notes, it only requested these documents on March 30.[1] The government has provided no explanation that these pictures and other documents are important for the government's expert witness reports. And if the government thought that they were, the government should have requested them far earlier than the last day to request documents in the extended period for fact discovery.

The government's assertion that the enlargement it requests should not delay any other deadline, *see* Govt. Mot. at 3, is wrong. The February 22, 2007 scheduling Order (which granted Dairyland's proposal that was unopposed by the government) appropriately provided the parties with equal time (seven weeks each) to respond to each other's expert witness reports. The government's motion would provide it ten weeks to respond to Dairyland's requests and limit Dairyland to only four weeks (in the middle of the summer vacation season) to respond to the government's reports. Further, because the government has otherwise refused to respond to many of Dairyland's contention interrogatories or provide required Rule 30(b)(6) deposition testimony regarding the government's contentions on the ground that they depend on the government's expert witness reports, any additional delay in service of the government's expert witness reports will extend the delay in the completion of this other discovery.

---

[1] The government's insinuation that Dairyland has been tardy in producing these documents is galling in light of the government's failure to comply with its discovery deadlines, even when those are ordered by the Court. Indeed, the government's March 30 requests for documents were only arguably timely because the Court enlarged the period for fact discovery in light of the government's delays in meetings its discovery obligations. Further, the many pictures the government has sought are hardly relevant (especially since the government and its experts have been to the Dairyland site and were provided other pictures related to that visit. Rather than refusing to respond to the government's requests on that reasonable ground, Dairyland timely served its formal response to the government's request for documents and has promptly produced the requested documents. The contrast between Dairyland's prompt production of documents the government's production of documents in response to Dairyland's requests is stark.

For these reasons, the government's motion for an enlargement of time should be denied.

Respectfully submitted,

June 4, 2007

s/ Jerry Stouck

JERRY STOUCK
Greenberg Traurig, LLP
800 Connecticut Avenue, NW
Suite 500
Washington, DC 20006
(202) 331-3100 (Telephone)
(202) 261-4751 (Facsimile)
*Counsel for Plaintiff*
DAIRYLAND POWER COOPERATIVE

Of Counsel:
Robert L. Shapiro
Kevin E. Stern
GREENBERG TRAURIG, LLP