# In the United States Court of Federal Claims

No. 04-106 C
(Filed: June 29, 2007)

*************************************
*
**DAIRYLAND POWER COOPERATIVE,** *
*
Plaintiff, *
*
v. *
*
**THE UNITED STATES,** *
*
Defendant. *
*
*************************************

## OPINION AND ORDER

On May 3, 2007, Defendant filed a "Motion to Strike Portions of Plaintiff's March 19, 2007 Reply Brief and Accompanying Appendix on 'Dairyland's Motion To Compel Documents Withheld Under The Deliberative Process And Attorney-Client Privileges'." On May 9, 2007, Plaintiff filed its response, to which Defendant replied on May 25, 2007.

## Background

On January 18, 2007, Plaintiff, Dairyland Power Cooperative ("Dairyland"), moved the court to compel the disclosure of documents which the Government has retained primarily under the deliberative process privilege. In that motion, Dairyland sought, inter alia, documents that had been ordered produced in the course of litigation in *Pacific Gas & Electric Co. v. United States*, Nos. 04-74C & -75C (Fed. Cl.). *See Pacific Gas & Electric Co. v. United States*, Nos. 04-74C & -75C, slip op. at 3-5 (Fed. Cl. May 14, 2006). In the *Pacific Gas* court's Order of May 14, 2006, that court referenced and amended its Protective Order of April 21, 2005 with the following language:

> Every document ordered to be produced by this Order shall be subject to the protective order issued by the Court on April 21, 2005. However, for the purposes of this Order, the court AMENDS the Protective Order to limit the disclosure and/or use of all documents mentioned in this Order to the attorneys for the plaintiffs in this litigation only, rather than, as stated in the Protective Order, the "the attorneys for plaintiffs in the spent nuclear fuel cases."

*Pacific Gas & Electric Co. v. United States*, Nos. 04-74C & -75C, slip op. at 2-3 n.3 (Fed. Cl. May 14, 2006) (citing Protective Order, entered April 21, 2005) (emphases in original). In

response to the *Pacific Gas* Order of May 14, 2006, the Government disclosed 211 documents each marked with the legend, "Restricted Distribution, Protected Material, With Non-Government Distribution Limited To Attorneys For PG&E, As Defined By Note 3 In the Court's Order Dated May 14, 2006 (PG&E v. US, 04-74) For Use Only In PG&E Case." Def's Mot. to Strike at 2.

In the present litigation, the Government opposed "Dairyland's Motion To Compel Documents Withheld Under The Deliberative Process And Attorney-Client Privileges" and has not disclosed any of the 211 documents ordered produced in the *Pacific Gas* Order of May 14, 2006. *See* "Defendant's Response To Dairyland's Motion To Compel Documents Withheld Under The Deliberative Process And Attorney-Client Privileges" (Feb. 28, 2007). Dairyland appended 35 of these documents to its reply to the Government's response to Dairyland's motion to compel. Dairyland requested that this Court review those documents as part of an effort to persuade this Court that the claims of deliberative process privilege that the Government has asserted over them were without merit. *See* "Reply In Support Of Dairyland's Motion To Compel Documents Withheld Under the Deliberative Process And Attorney-Client Privileges" at 3 (March 19, 2007). Believing that Dairyland's inclusion of these documents violated the *Pacific Gas* court's Order of May 14, 2006, the Government filed a "Motion to Strike Portions of Plaintiff's March 19, 2007 Reply Brief and Accompanying Appendix on 'Dairyland's Motion To Compel Documents Withheld Under The Deliberative Process And Attorney-Client Privileges'" on May 3, 2007.

In its motion, Defendant asks the Court to strike pages 4, 5, 6, 15, and 16 of Plaintiff's March 19, 2007, reply brief, as well as pages 9 through 433 of the appendix to that motion. These pages include copies of, excerpts from, and references to 35 documents that were ordered disclosed under the *Pacific Gas* amended protective order. Defendant argues that counsel for Plaintiff "violated the terms of the protective order entered by the *Pacific Gas* Court on May 14, 2006," because counsel for Dairyland, contrary to the plain meaning of the protective order, both "used" and "disclosed" documents protected by that order. Def.'s Mot. to Strike at 5.

In its response, Plaintiff makes four points. First, Plaintiff points out that counsel for Dairyland are in fact the same attorneys to whom disclosure was limited in the *Pacific Gas*, Order of May 14, 2006, utilizing the apparent ambiguity of the protective order limiting disclosure to "plaintiffs in this litigation only." *Pacific Gas*, Order of May 14, 2006, 2-3 n.3 (emphasis omitted). Second, Plaintiff argues it did not violate the provisions of the *Pacific Gas* protective order because it did not "disclose" the documents at issue, inasmuch as they were submitted to this Court under seal, and furthermore, it did not "use" the documents at issue because it did not employ the documents for any "substantial evidentiary or discovery use." Pl.'s Resp. at 2. Third, Plaintiff contends that granting Defendant's Motion to Strike would result in an "elongated and more costly process" that will inevitably culminate with the Court's review of these same documents *in camera*. Pl.'s Resp. at 4. Finally, Plaintiff argues that the Government's position in its Motion to Strike is generally at odds with Defendant's consistent willingness to have the documents reviewed *in camera* to determine the applicability of the invoked privileges. Pl.'s Resp. at 3. Thus, Plaintiff concludes, "the government's motion is a waste of everyone's time [and] . . . should be summarily denied." Pl.'s Resp. at 3.

**Analysis**

While consideration of Defendant's Motion to Strike has slightly prolonged resolution of the pending deliberative process privilege issue, the Court concludes that Plaintiff has violated the spirit if not the letter of the *Pacific Gas* court's protective order because it impermissibly "used" and "disclosed" the 35 documents by incorporating them into its March 19, 2007, reply. Specifically, the Court agrees with Defendant that Dairyland "used" these documents because "by submitting [them] to the Court in this case in support of its motion to compel, counsel for Dairyland "put [the documents] into action or service . . . to attain an end." Def.'s Mot. to Strike at 8 (citing *Black's Law Dictionary* 1541 (6th ed. 1990)). Moreover, Plaintiff's narrow reading of "use" as "substantive evidentiary or discovery use," Pl.'s Reply at 2, is in tension with the Federal Circuit's decision in *Eagle Comtronics, Inc v. Arrow Communications Laboratories, Inc.*, 305 F.3d 1303, 1313-14 (Fed. Cir. 2002) (ruling that submitting documents subject to a protective order as part of a patent request violated the terms of the protective order which stated that the documents could not "be used for any purpose other than for this action"). The Court also finds Defendant's definition of "disclosure" as "[t]o bring into view by uncovering . . . to reveal to knowledge" is appropriate, Def.'s Mot. to Strike at 8 (citing *Black's Law Dictionary* 464 (6th ed. 1990)), and agrees that Plaintiff did "disclose" the documents on this reading of the term. Plaintiff's concerns about efficiency do not outweigh the *Pacific Gas* protective order and the court's strong interest in the uniform enforcement of its judicial decrees. *See Yates v. Applied Performance Technologies, Inc.*, 205 F.R.D. 497, 501 (S.D.Ohio 2002).

Therefore, the Court **GRANTS** Defendant's Motion to Strike with respect to pages 4, 5, 6, 15, and 16 of Plaintiff's "Reply In Support Of Dairyland's Motion to Compel Documents Withheld Under The Deliberative Process And Attorney-Client Privileges." Additionally, the court **GRANTS** Defendant's Motion to Strike with respect to pages 9 through 433 of the appendix accompanying Plaintiff's Reply.

s/ Edward J. Damich
EDWARD J. DAMICH
Chief Judge