# In the United States Court of Federal Claims

No. 04-106 C
(Filed: June 29, 2007)

**************************************
*
**DAIRYLAND POWER COOPERATIVE,** *
*
Plaintiff, *
*
v. *
*
**THE UNITED STATES,** *
*
Defendant. *
*
**************************************

## OPINION AND ORDER

On January 18, 2007, Plaintiff filed a "Motion to Compel Production of Documents Withheld Under the 'Deliberative Process' and Attorney-Client Privileges." Defendant filed its response on February 28, 2007, and Plaintiff filed a reply on March 19, 2007.

## Background

In its motion, Plaintiff asks the Court to compel the production of 281 documents as to which the Government invokes, inter alia, the deliberative process and/or attorney-client and work product privileges. All of these documents were among a larger group of documents similarly at issue in another spent nuclear fuel (SNF) case before the Court of Federal Claims in *Pacific Gas & Elec. Co. v. United States*, No. 04-74 C (consolidated). In general, Plaintiff seeks: 1) all the documents the Government withheld in *Pacific Gas* on deliberative process grounds except for such documents pertaining to Greater-Than-Class-C (GTCC) waste, subject only to the protective order in this case, or, 2) in the alternative, (a) the documents that the court in *Pacific Gas* ordered to be produced, subject to the protective order in this case (sans GTCC waste-related documents, but only if the Government does not argue that Dairyland's damages should be reduced or eliminated due to such waste), and (b) 55 documents[1] which the court in *Pacific Gas* did not order to be produced. In addition, Plaintiff challenges Defendant's

---

[1] Ref. Nos. E115, E125, E129, E136, E137, E141, E197, E198, E199, E200, E201, E204, E206, E209, E210, E211, E217, E218, E219, E221, E222, E225, E227, E228, E229, E230, E231, E232, E235, E237, E257, E258, E259, E260, E261, E263, E271, E273, E291, E295, E303, E315, E317, E318, E320, E321, E323, E324, E331, E332, E338, E340, E382, E383. *Pacific Gas*, No. 04-74C, Second MOTION to Compel the Production of Documents Withheld Under the Deliberative Process Privilege, April 11, 2006 at 20.)

invocation of the attorney-client privilege as to12 of the documents at issue and seeks their production in unredacted form.[2]

In its reply, Plaintiff urges the Court to "put an end to repetitive litigation of the deliberative process issues," Pl.'s Reply at 2 (capitalized in original), and adopt the "sound, comprehensive, well-supported opinion [in *Pacific Gas*, 70 Fed. Cl. 128 (2006)] that rejected entirely – for three separate reasons – the Government's deliberative process privilege claims over the same documents involved here." Id. at 1. Moreover, Plaintiff argues, "because all spent fuel plaintiffs have essentially the same 'evidentiary need' for these documents, and given both the enormous burden and cost of litigating these privilege issues separately in each case and the protective orders that exist in all the spent fuel cases, this Court should direct the government to produce the above documents for use by all spent fuel plaintiffs." Pl.'s Mot. at 19.

To the extent that this Court determines to grant any of Plaintiff's motion to compel, ordering production of such document(s) for use by *all* SNF plaintiffs, despite the allure of efficiency suggested by Plaintiff here, would be unfair to the Government. This Court cannot overlook that Defendant has repeatedly sought consolidation of the SNF cases before a single judge in order to achieve just such efficiencies and that it has been the SNF plaintiffs in general who successfully opposed such motions. While this Court was favorably inclined towards such consolidation, the course of the SNF litigation before the various judges of the Court of Federal Claims has moved significantly beyond such an approach. Thus, Dairyland's attempt "to champion the cause of other spent nuclear fuel plaintiffs," as Defendant characterizes it, amounts in a practical sense to judge-shopping. In a similar vein, this Court is not a position to "end" repetitive litigation of the deliberative process privilege nor to "enforce" or "reject" the rulings of the presiding judge in *Pacific Gas*. Rather, this Court's determination of Dairyland's motion to compel – as it may be properly informed and persuasively guided by those rulings – must nevertheless be considered in the context of this case.

## Boundaries of the Deliberative Process Privilege

### A. Purposes and Policies Underlying the Deliberative Process Privilege

At the heart of the deliberative process privilege, as Plaintiff notes, is a concern for the potential harm to governmental decision-making from the disclosure of internal documents. *See Kaiser Aluminum & Chem. Corp. V. United States*, 141 Ct. Cl. 38, 49, 157 F.Supp. 939, 946 (1958). The Federal Circuit has said the policy behind the privilege is "protect[ing] agency officials' deliberations, advisory opinions and recommendations in order to promote frank discussion of legal or policy matters in the decision-making process." *Zenith Radio Corp. v. United States*, 764 F.2d 1577, 1580 (Fed. Cir.1985); *see also Kaiser Aluminum & Chemical Corp. v. United States*, 141 Ct.Cl. 38, 49, 157 F.Supp. 939, 946 (1958) ("There is a public policy

---

[2] These 12 documents were identified in Plaintiff's motion as Ref. Nos. E196, E202, E212, E220, E233, E251, E254, E268, E287, E290, E402, and E403. In its reply, Plaintiff explicitly withdrew its challenge to the privilege asserted as to Ref. E251 and implicitly as to Ref. E254. Pl.'s Reply at 15-18.

. . . of open, frank discussion between subordinate and chief concerning administrative action."); *Abramson v. United States*, 39 Fed. Cl. 290, 293 (1997). Two additional rationales for the deliberative process privilege are that it "protect[s] against premature disclosure of proposed policies before they have been finally formulated or adopted; and . . . protect[s] against confusing the issues and misleading the public by dissemination of documents suggesting reasons and rationales for a course of action which were not in fact the ultimate reasons for the agency's action." *Coastal States Gas Corp. v. Department of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980). *See also Jordan v. United States Dep't of Justice*, 591 F.2d 753, 773 (D.C. Cir. 1978) (overruled on other grounds by *Crooker v. Bureau of Alcohol, Tobacco and Firearms*, 670 F.2d 1051 (D.C. Cir.1981)). On the other hand, there exists a countervailing public interest in the production of evidence needed to establish truth through litigation; our "[adversarial] system requires development of all relevant facts to produce real justice through due process." *Cetron Electronic Corp.*, 207 Ct. Cl. 985, 989 (Ct. Cl. 1975). This tension notwithstanding, the deliberative process privilege has gained wide acceptance in federal courts since it was first recognized in *Kaiser Aluminum & Chem. Corp. V. United States*, 141 Ct. Cl. at 49. *See, e.g.*, *United States v. Farley*, 11 F.3d 1385, 1389-1390 (7th Cir. 1993) (citing other cases). Moreover, and determinatively, the Supreme Court itself declared, "[t]he deliberative process privilege rests on the *obvious* realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news." *Dep't of Interior and Bureau of Indian Affairs v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8-9, 121 S. Ct. 1060, 149 L.Ed.2d 87 (2001) (emphasis added).

**B. Procedural Requirements for Invoking the Deliberative Process Privilege.**

In *Walsky Constr. v. United States*, 20 Cl. Ct. 317, 320 (1990), the court identified three procedural requirements for assertion of the privilege: 1) the agency head must assert the privilege after personal consideration; 2) the agency head must state "with particularity" the information subject to the privilege; and 3) the agency must aver "precise and certain" reasons[3] for preserving the confidentiality of the requested document. *See also Pacific Gas*, 70 Fed. Cl. at 133; *Smith v. Federal Trade Com*., 403 F. Supp. 1000, 1016 (D. Del. 1975); *Black v. Sheraton Corp. of America*, 371 F. Supp. 97, 101 (D.D.C. 1974). In *Marriott Int'l Resorts, L.P., v. United States*, the Federal Circuit clarified that an agency head may, "when carefully undertaken," delegate authority to invoke the privilege on the agency's behalf. 437 F.3d 1302, 1308 (2006). The "particularity" and "precise and certain reasons" requirements are echoed in Court of Federal Claims Rule 26(b)(5) and the identical Federal Rule of Civil Procedure 26(b)(5), which require:

> when a party withholds information otherwise discoverable under these rules by claiming that it is privileged . . . the party shall make the claim expressly and shall

[3]Because the Supreme Court has held that it is "obvious" that disclosure of "pre-decisional" and "deliberative" documents publicly or in discovery will chill frank discussions within agencies, *see Klamath,* 532 U.S. 1, 8-9, 121 U.S. 1060, 149 L.Ed.2d 87 (2001), the "precise and certain" reasons procedural requirement may seem somewhat redundant. In practice however it ensures that the articulation of the need for confidentiality is more than the mere recitation of a legal platitude.

> describe the nature of the documents . . . not produced or disclosed in a manner that, without revealing information itself privileged, will enable other parties to assess the applicability of the privilege or protection.

RCFC 26(b)(5). *See also Black v. Sheraton Corp. of America*, 371 F. Supp. at 101 ("A formal and proper claim of executive privilege requires . . . precise and certain reasons for preserving . . . confidentiality [because]. . . [w]ithout this specificity . . . the Court has little more than its sua sponte speculation with which to weigh the applicability of the claim.") (citations omitted). Moreover, the "[s]pecificity of description is necessary to enable the Court to comply with its duty of insuring that the privilege is invoked as narrowly as possible consistent with its objectives." *Resident Advisory Bd. v. Rizzo*, 97 F.R.D. 749, 753 (D. Pa. 1983); *see also EPA v. Mink*, 410 U.S. 73, 93, 93 S.Ct. 827, 839, 35 L.Ed.2d 119 (1973).

**C. Substantive Requirements for Invoking the Deliberative Process Privilege.**

In addition to the procedural requirements, the information sought to be protected must itself meet two substantive tests: it must be both pre-decisional and deliberative in nature. *Abramson*, 39 Fed. Cl. at 294. "Pre-decisional" means "antecedent to the adoption of an agency policy." *Walsky*, 20 Cl. Ct. at 320 (citing *Jordan v. Dep't of Justice*, 591 F.2d at 774). However, the agency invoking the privilege over a document does not need to identify a specific decision for which a document was prepared. *NLRB v. Sears, Roebuck* & Co., 421 U.S. 132, 153 n. 18, 95 S.Ct. 1504 (1975) ("Agencies are, and properly should be, engaged in a continuing process of examining their policies; this process will generate memoranda containing recommendations which do not ripen into agency decisions; and the lower courts should be wary of interfering with this process."). *But see Paisley v. CIA*, 712 F.2d 686, 698 (D.C. Cir. 1983) ("To ascertain whether the documents at issue are pre-decisional, the court must first be able to pinpoint an agency decision or policy to which these documents contributed."). "Deliberative" means "containing opinions, recommendations, or advice pertaining to agency decisions." *Abramson*, 39 Fed. Cl. at 295 (citing *Renegotiation Board v. Grumman Aircraft Eng'g Corp.,* 421 U.S. 168, 184, 95 S. Ct. 1491, 44 L. Ed. 2d 57 (1975)). Essentially, in evaluating the Government's claim of privilege, "the test is whether the material is 'so candid or personal in nature that public disclosure is likely in the future to stifle honest and frank communication within the agency.'" *Exxon Corp. v. Department of Energy*, 91 F.R.D. 26, 43 (D. Tex. 1981) (citing *Coastal States Gas Corp. v. DOE*, supra, 617 F.2d at 866.)

**D. Qualified Nature of the Deliberative Process Privilege.**

**1. Balancing Test**

As a final matter, the deliberative process privilege is not absolute. "The privilege can be overcome upon a showing of evidentiary need weighed against the harm that may result from disclosure." *CACI Field Servs., Inc. v. United States*, 12 Cl. Ct. 680, 687 (1987); *see also Marriott*, 437 F.3d at 1307 (reaffirming that the deliberative process privilege is "qualified" and "subject to judicial oversight"); *Developments in the Law--Privileged Communications*, 98 Harv. L. Rev. 1592, 1621 (1985) ("[C]ourts simply engage in an ad hoc balancing of the evidentiary

need against the harm that may result from disclosure.") However, there is some ambiguity in the Federal Circuit and elsewhere concerning what degree of evidentiary need must be demonstrated to override an agency's properly asserted deliberative process privilege claim. *See e.g.*, *Smith v. Federal Trade Com.*, 403 F. Supp. at 1015 ("[T]he exact showing necessary to surmount a governmental claim of privilege is unclear . . ."). For example the Court of Claims, considering an assertion that a former President of the United States is presumed to have executive privilege over documents created during his presidency, noted that "the rule has long been established that where a *demonstrated need* for documents sought is *clearly sufficient*, on balance to override a claim of privilege, the documents must be produced." *Sun Oil Co. v. United States*, 514 F.2d 1020, 1024 (Ct. Cl. 1975) (emphases added). But in the recent *Pacific Gas* decision, the court required that the plaintiff show a *compelling need* to overcome the Government's proper assertion of deliberative process privilege. 71 Fed. Cl. at 210 (quoting *Marriott*, 437 F.3d at 1307) (emphasis added). In *Marriott,* the Federal Circuit, citing *In Re Sealed Case*, 121 F.3d 729, 737 (D.C. Cir. 1997) as an example, wrote, "a showing of *compelling need* can overcome the qualified deliberative process privilege." *Marriott*, 437 F.3d at 1307 (emphasis added). However, *In Re Sealed Case* does not use that phrase but instead reads "[t]he deliberative process privilege is a qualified privilege and can be overcome by a *sufficient* showing of need." *In re Sealed Case*, 121 F.3d at 737 (emphasis added). The phrase "compelling need" first appeared in *Deuterium Corp. v. United States*, where the court held the plaintiff in that case "ha[d] shown no compelling need for the information sufficient to override the privilege." 4 Cl. Ct. 361, 365 (Cl. Ct. 1984). The Court in *Deuterium Corp.* cited no authority for that language, and in its analysis applied the sufficient showing standard. *Id*. Moreover, as Dairyland notes in its reply, "it would be strange if a much stricter standard of 'compelling need' were properly applicable to the routine, low-level internal agency documents involved here" when such a showing is not required to overcome the executive privilege generally. Pl.'s Reply at 13. This Court agrees that the use of the phrase "compelling need" by the Federal Circuit in *Marriott* did not elevate the standard for overcoming the deliberative process privilege. In evaluating the applicability of the deliberative process privilege, this Court will consider whether Plaintiff's evidentiary need is sufficient[4] to outweigh the Government's interest in confidentiality.

In weighing the plaintiff's need for the evidence against the Government's interest in confidentiality, courts have frequently considered five factors:

> (i) the relevance of the evidence sought to be protected; (ii) the availability of other evidence; (iii) the 'seriousness' of the litigation and the issues involved; (iv) the role of the government in the litigation; and (v) the possibility of future timidity by government employees who will be forced to recognize that their secrets are violable.

---

[4] It appears to this Court that the sufficiency standard provides a great deal of flexibility in balancing the competing policies and interests with respect to the deliberative process privilege. This is consistent with the broad discretion reserved to trial courts for the equitable resolution of discovery disputes.

*In re Subpoena Served upon Comptroller of Currency*, 967 F.2d 630, 634 (D.C. Cir. 1992) (citation omitted) (quoting *In re Franklin Nat'l Bank Securities Litig.*, 478 F. Supp. 577, 583 (E.D.N.Y. 1979)); *see also In re Sealed Case*, 121 F.3d at 737-38. This five factor test has been discussed and cited with approval in recent Court of Federal Claims opinions. *See Deseret Management Corporation v. United States*, 2007 U.S. Claims Lexis 92; *Pacific Gas & Electric, Co.*, 71 Fed. Cl. 205, 210 (2006). It also satisfies this Court's desire for a systematic approach to balancing Plaintiff's evidentiary need against the Government's interest in protecting internal deliberations.

It is important to note that the deliberative process privilege typically arises in two contexts. As it has been in the present litigation, the privilege is often invoked by a government agency involved in litigation to prevent the discovery of deliberative documents, but it is more commonly used to avoid disclosure of documents requested under the Freedom of Information Act ("F.O.I.A."). *In re Sealed Case*, 121 F.3d at 737. Exemption 5 of the F.O.I.A. has been interpreted to include the common law deliberative process privilege. *See* 5 U.S.C. § 552(b)(5); *Klamath*, 532 U.S. at 8. The inclusion of the deliberative process privilege under Exemption 5 of the F.O.I.A. may indeed facilitate the protection of robust policy discussions within the government by preventing public disclosure of superficial, provocative, or even weird or misguided policy suggestions that never become the basis of adopted policy. *Cf.* 26A Charles Alan Wright & Kenneth W. Graham, Jr., Federal Practice and Procedure § 5680 (1992) ("The candor rationale would be adequately served by a privilege that protected the name of the idiot but not the nature of the idiocy.") However, in a litigation context, where the rules of discovery allow a court "to protect a party or person from annoyance [or] embarrassment" through a protective order, RCFC 26(c), limited disclosure of deliberative process documents should be less likely to result in significant harm to policy debates within an agency.

Furthermore, not only "have hundreds of DOE and other government documents addressing [these] topics already been produced to spent nuclear fuel plaintiffs," Pl's Mot. to Compel at 16, but many of the very same documents sought by Dairyland have already been disclosed in the litigation of other SNF cases. Consequently, to the extent, if any, that the previous, limited disclosure of these documents may "chill" future internal DOE deliberations, any additional "chilling" effect caused by redisclosure should be de minimis.

Additionally, as Plaintiff points out, any documents that this Court orders disclosed will be subject to the existing protective order in this litigation. Pl.'s Mot. to Compel at 15. Moreover, this Court believes that Plaintiff's evidentiary need for these documents and the Government's interest their confidentiality can be best accommodated within the context of an amended protective order. To ensure the most equitable result in this discovery dispute the Court **AMENDS** the existing August 17, 2006, Protective Order as follows:

> Every document to be produced pursuant to this Order shall be subject to the protective order issued by this Court on August 17, 2006, with the further limitation that such documents may be used only by counsel in this case solely for this litigation and may not be used or disclosed for any business or other purpose whatsoever.

By this limitation on who can see and use the documents, the harm to government deliberations from disclosure to the public is further minimized.

**2. *In Camera* Review**

In conducting this balancing test, the Court has the option of requesting the Government to provide the documents for *in camera* review. *See Marriott Int'l Resorts, L.P. v. United States*, 437 F.3d at 1307 ("The customary and appropriate method of proceeding is an in camera review by the Court of the documents on the Government's privilege log."). However, in *EPA v. Mink*, the Supreme Court emphasized, "in camera inspection of all documents is not a necessary or inevitable tool in every case." 410 U.S. at 93. Moreover, RCFC 25(b)(5) *supra*, like its counterpart in the Federal Rules, anticipates that the required descriptions of the documents over which a privilege has been asserted "should reduce the need for in camera examination of the documents." Fed. R. Civ. P. 26, Advisory Committee Notes, 1993 Amendment, reprinted in Thompson/West, United States Code Annotated Title 28 Federal Rules of Civil Procedure, at 11 (West 2007 Supp.) Therefore, in accordance with policy underlying RCFC 26(b)(5), the Court has weighed the applicability of the deliberative process privilege based on the descriptions and reasons provided in the privilege log,[5] in the affidavits contained in the Appendix to Defendant's response, and in the parties briefs. *See* Def.'s Resp. to Mot. at App. 1.

**Evaluation of the Applicability of the Privilege**

**A. Procedural Requirements**

**1. The Authority To Invoke The Privilege Was Properly Delegated To Milner and Friedman**

On May 13, 2002, the Secretary of the Department of Energy, Spencer Abraham, executed a document entitled "Amendment To The Department Of Energy Delegation Order No. 00-002.00 To The Under Secretary For Energy, Science, And Environment." The Amendment added paragraph 1.10.C. to "Department of Energy Delegation Order No. 00-002.00E To The Under Secretary For Energy, Science, and Environment" and delegates to the Under Secretary the authority to "[a]ssert on a nonexclusive basis, the Federal Government's deliberative process privilege with respect to any matters arising under his or her cognizance." Def.'s Resp. at App. 106, 119. Order 00-002.00E permits redelegation as appropriate. Also on May 13, 2002, the Under Secretary for Energy, Science, and Environment, Robert G. Card, executed a document entitled "Amendment To The Department Of Energy Redelegation Order No. 00-002.06 To The Director, Office Of Civilian Radioactive Waste Management," which subdelegated the privilege invocation authority and the right to further delegate it to the Director of the Office of Civilian Radioactive Waste Management ("OCRWM"), Dr. Margaret S. Y. Chu. Def.'s Resp. at App.

[5] Also termed a "Vaughn Index." *EPA. v. Mink*, 410 U.S. 73, 93, 93 S.Ct. 827, 839, 35 L.Ed.2d 119 (1973). The purpose of this index is to narrow the scope of the court's inquiry and to reduce or avoid the need to review the disputed documents *in camera*. *See Vaughn v. Rosen*, 484 F.2d 820, 827 (D.C. Cir. 1973).

120. Finally and also on May, 13, 2002, Director Chu issued a memorandum subdelegating this authority to Ronald A. Milner, the Chief Operating Officer of the OCRWM.[6] Def.'s Resp. at App. 121.

These delegations were undertaken in 2002, prior to the Federal Circuit's holding in *Marriott* requiring that delegation of the authority to invoke the deliberative process privilege must be "carefully undertaken." *Marriott*, 437 F.3d at 1308. As the court observed in *Pacific Gas*, "the various delegations and redelegations of authority on which defendant relies were extremely broad in scope and provided little, if any, criteria for invoking the privilege." 70 Fed. Cl. 128, 138 (citation omitted). Nevertheless, courts have rarely rejected the Government's invocation of the deliberative process privilege on procedural grounds. *See e.g.*, *Landry v. F.D.I.C*, 204 F.3d 1125, 1135-36 (D.C. Cir. 2000) ("[T]he gains from imposing demands in the interest of careful assertion must be balanced against the losses that would result [from] imposing super-stringent procedures.") Moreover, because the Federal Circuit permits delegation of the authority to invoke the deliberative process privilege, and because Mr. Milner has since exercised this authority on several occasions, the procedural shortcomings of these delegations are not sufficient to invalidate the Government's claim of privilege. *Accord Pacific Gas*, 70 Fed. Cl. 128, 137 (Fed. Cl. 2006). The Court observes that the chain of redelegation is clear, and that delegation to Mr. Milner "promotes both efficiency in judicial administration and actual personal involvement in the complex process of invoking the privilege." *Marriot Int'l Resorts*, 437 F.3d at 1307 (Fed. Cir. 2006). However, the Federal Circuit's condition that delegations of this authority be "carefully undertaken" is a clear, well-reasoned standard and the Government ought to refine its delegation processes in the future to conform to the *Marriott* prescriptions.[7]

**2. The Government Has Identified With Particularity The Documents That It Claims Are Privileged**

The affidavits and privilege log are sufficiently specific for the Court and the parties to identify which documents the Government seeks to protect from discovery. The Government has generally provided a description of the contents of each document, and for many of the materials it has provided the title, date, author, and recipient. The Government has not made blanket assertions of privilege, but has "state[d] with particularity what information is subject to the privilege." *Walsky*, 20 Cl. Ct. at 320.

---

[6] Mr. Friedman invoked the privilege pursuant to his authority under the Inspector General Act of 1978 as the head of the Office of the Inspector General, Department of Energy. *See* 5 U.S.C. App. § 3.

[7] In *Marriott*, the Federal Circuit noted and praised several features of the "carefully undertaken" delegation at issue in that case. "This case provides an excellent example of the Agency's care in the delegation process." *Marriott*, 437 F.3d at 1308. In particular, the authority to invoke the privilege was delegated to "a high ranking Agency official with expertise in the nature of the privilege claim and documents at issue" who was not involved in the tax litigation at issue. *Id.* Moreover, the delegation order "provided detailed criteria for invoking the privilege." *Id.*

### 3. The Government Has Provided Precise and Certain Reasons For Maintaining The Confidentiality Of The Documents

The Government has provided precise and certain reasons for preserving the confidentiality of the documents it seeks to protect. In general, if a document is deliberative and predecisional some harm to the consultative process is presumed to result from disclosure. *See Dep't of Interior and Bureau of Indian Affairs v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8-9, 121 U.S. 1060, 149 L.Ed.2d 87 (2001) Moreover, for each document over which the Government asserts the deliberative process privilege, it has elaborated on the chilling effect that would result from disclosure. The Court will consider the precise and certain reasons for maintaining confidentiality expressed in the affidavits as it balances the Government's interest in protecting these documents from disclosure against Plaintiff's evidentiary need for the documents.

## B. Substantive Requirements

### 1. The Government Has Shown That The Documents Are Pre-decisional

For each document, the affidavits provided by the government highlight a particular decision or ongoing evaluative process for which it was created. For instance, the Milner Affidavit avers that Document Ref. Nos. E361, E366, E378, and E379 are presentations "based upon Under Secretary Card's request for an analysis of impact of changing the acceptance queue from oldest fuel first . . . to one based upon perceived ease of transportation through a particular state." Def.'s Resp. at App. 75. This typifies the Government's characterization of the pre-decisional nature of the documents it seeks to protect and satisfies the requirement that the documents be generated prior to the adoption of an agency policy.

### 2. The Government Has Established That The Documents Are Deliberative

The affidavits also address the deliberative nature of the documents over which the Government asserts the privilege. For example, with respect to Document Ref. Nos. E152, E164, E172, and E173, several drafts of a memorandum discussed in paragraph 17 of the Milner Affidavit, Mr. Milner states, "[t]he memorandum recommends a Presidential position, and includes recommendations to the President regarding various options of storing SNF, and discusses the advantages and disadvantages of each option." Def.'s Resp. at App. 40. This description indicates that this memorandum "contain[s] opinions, recommendations, or advice pertaining to agency decisions." *Abramson*, 39 Fed. Cl. at 295. The Court finds that the Government adequately describes the deliberative nature of the documents it seeks to protect.

## C. Balancing Test

Finally, having determined that the Government's assertion of the deliberative process privilege has met the procedural and substantive requirements, the Court must balance Plaintiff's evidentiary need for these documents against the Government's interest in preserving their confidentiality. In undertaking this balancing test, the Court will consider the five factor test described *supra*. Those five factors are:

> (i) the relevance of the evidence sought to be protected; (ii) the availability of other evidence; (iii) the 'seriousness' of the litigation and the issues involved; (iv) the role of the government in the litigation; and (v) the possibility of future timidity by government employees who will be forced to recognize that their secrets are violable.

*In re Subpoena Served upon Comptroller of Currency*, 967 F.2d at 634. Factors (iii), the seriousness of this litigation, and (iv), the Government's role, are the same for all of the documents considered below. The seriousness of this litigation is not disputed by either party because the damages sought here are substantial, and decisions in this case may have broad implications for other litigation as well as executive and legislative branch policy repercussions. Additionally, the Government is a party to this litigation and is the party that seeks to benefit from the invocation of the deliberative process privilege. The Government's stake in this litigation means that its invocation of the deliberative process privilege must be carefully scrutinized to ensure that the privilege retains its proper narrow scope.

The remaining three factors vary by document and must be evaluated on a document by document basis. In general, if Plaintiff's evidentiary need for a document clearly outweighs the Government's averred interest in preserving the confidentiality of that document as expressed in the affidavits, then the Court will order that document produced without *in camera* review. If the potential harm to Government deliberations resulting from the disclosure of a document clearly outweighs Plaintiff's evidentiary need, then the Court will protect that document from discovery. But if evaluation of the five factors in light of the affidavits indicates no obvious result, the Court will order the document be provided for *in camera* review so that the Court can determine whether the deliberative process privilege protects that document. Also, the Court will address the Government's claims of work product privilege and attorney-client privilege where necessary. For ease of reference, the Court follows the structure of the March 31, 2006, Milner affidavit. *See* Milner Aff. March, 2, 2007.

*Except as otherwise noted in the analysis below, the Government may redact attorney-client or work product material from the documents that it is ordered to produce to Plaintiff. If ordered to provide a document for in camera inspection, the Government should provide a copy of the document with proposed redactions in addition to an unredacted copy.*

Document Ref. No. E174 Bates-Stamped HQR0380108 - HQR0380111 (Milner Affidavit ¶ 1) concerns how DOE should improve its relationship with the State of Nevada. Plaintiff does not explain the relevance of this document or articulate an evidentiary need for any unique information it may contain. On the other hand, because internal government discussions such as these are particularly sensitive, disclosure may affect DOE's interaction with the State of Nevada. Although the risk of this is substantially reduced by the amendment of the protective order, Plaintiff's meager evidentiary need does not outweigh the Government's interest in confidentiality. Therefore, this document is protected from discovery.

Document Ref. No. E176 Bates-Stamped HQR0390447 - HQR0390454 (Milner Affidavit ¶ 2) discusses options DOE considered related to the acceptance of Cintichem fuel. The Court **ORDERS** that the Government provide this document for *in camera* review so that its relevance

to this litigation and potential harm to Government deliberations can be more precisely ascertained.

Document Ref. No. E180 Bates-Stamped HQR0510001 - HQR0510007 (Milner Affidavit ¶ 3) discusses possible settlement terms for the spent nuclear fuel lawsuits. The Government has not asserted the deliberative process privilege over this document. Instead, the Government claims attorney-client and work product privileges. Dairyland does not challenge the attorney-client or work product privilege as applied to this document. Moreover, the Court has a strong interest in encouraging settlement of the spent nuclear fuel cases and disclosure of this document may very well chill internal DOE settlement discussions. The Court **ORDERS** the government to produce this document to Plaintiff with the attorney-client and work product material redacted.

Document Ref. No. E181 Bates-Stamped HQR0510008 - HQR0510011 (Milner Affidavit ¶ 4) discusses possible settlement terms for the spent nuclear fuel lawsuits. The Government also asserts the attorney-client and work product privileges over this document. Dairyland does not challenge the attorney-client or work product privilege as applied to this document. Moreover, the Court has a strong interest in encouraging settlement of the spent nuclear fuel cases and disclosure of this document may very well chill internal DOE settlement discussions. The Court **ORDERS** that the Government provide this document for *in camera* review so the applicability of these privileges can be determined.

Document Ref. No. E183 Bates-Stamped HQR0510018 (Milner Affidavit ¶ 5) also deals with settlement negotiations and may contain work product and attorney-client privileged material. However, it also discusses estimates of costs associated with various spent nuclear fuel acceptance options. The Court **ORDERS** that the Government provide this document for *in camera* review so the applicability of these privileges can be determined.

Document Ref. No. E160 Bates-Stamped HQR0292342 - HQR0292353 (Milner Affidavit ¶ 6) discusses possible settlement terms for the spent nuclear fuel lawsuits. The Government also claims attorney-client and work product privileges. Dairyland does not challenge the attorney-client or work product privilege as applied to this document. Moreover, the Court has a strong interest in encouraging settlement of the spent nuclear fuel cases and disclosure of this document may very well chill internal DOE settlement discussions. The Court **ORDERS** that the Government provide this document for *in camera* review so the applicability of these privileges can be determined.

Document Ref. No. E110 Bates-Stamped CTR191370 - CTR191383 (Milner Affidavit ¶ 7) discusses the methods DOE considered for safeguarding irradiated nuclear materials. The court in *Pacific Gas* concluded that this document was "the type of document the deliberative process privilege was designed to protect." 71 Fed. Cl. 205, 211 (Fed. Cl. 2006). The Court **ORDERS** that the Government provide this document for *in camera* review so that its relevance to this litigation and potential harm to Government deliberations can be more precisely ascertained.

Document Ref. No. E184 Bates-Stamped HQR0510020 - HQR0510024 (Milner Affidavit ¶ 8) concerns DOE's request for the President's permission to negotiate with the Senate for nuclear waste legislation. It also discusses the DOE response to spent nuclear fuel litigation. The Government also claims attorney-client and work product privileges over this document.

Dairyland does not challenge the attorney-client or work product privilege as applied to this document. The Court **ORDERS** that the Government provide this document for *in camera* review so that the Court can determine whether, and to what extent, this material should be produced.

Document Ref. No. E182 Bates-Stamped HQR0510012 (Milner Affidavit ¶ 8) is similar to the E184, but appears to include information highly relevant to this litigation. The Court **ORDERS** that the Government provide this document for *in camera* review so that its relevance to this litigation can be more precisely ascertained and weighed against the Government's interest in protecting its work product and the confidentiality of its deliberations.

Document Ref. No. E151 Bates-Stamped HQR0283563 - HQR0283588 and Document Ref. No. E158 Bates-Stamped HQR290966 - HQR290970 (Milner Affidavit ¶ 9) are memoranda recommending certain actions in response to Indiana Michigan Power Co. v. DOE. The Government also claims attorney-client and work product privileges over these documents. Dairyland does not challenge the assertion of attorney-client or work product privilege with respect to these documents. The Court **ORDERS** that the Government provide these documents for *in camera* review so that the Court can determine whether, and to what extent, this material should be produced.

Document Ref. No. E112 Bates-Stamped CTR0400568 - CTR0400583 and Document Ref. No. E166 Bates-Stamped HQR0320182 - HQR0320197 (Milner Affidavit ¶ 10) concern options for the interim storage of spent nuclear fuel. The court in *Pacific Gas* concluded that these documents were "the type of document[s] the deliberative process privilege was designed to protect." 71 Fed. Cl. at 211. The Court **ORDERS** that the Government provide these documents for *in camera* review so that their relevance to this litigation, availability of their content from other sources, and potential harm to Government deliberations from disclosure can be more precisely ascertained.

Document Ref. No. E154 Bates-Stamped HQR0290177 - HQR0290190, Document Ref. No. E178 Bates-Stamped HQR04214.52 - HQR04214.64, and Document Ref. No. E171 Bates-Stamped HQR0320231- HQR0320245 (Milner Affidavit ¶ 11) discuss options for interim storage of spent nuclear fuel. This material appears highly relevant to the present litigation. Furthermore, the precise and certain harm that the Government elucidates, that publication may spur Congressional inquiries and reduce employees' willingness to provide creative opinions, will be mitigated because disclosure will occur under the amended protective order. Plaintiff's evidentiary need for these documents outweighs the harm that may result from the extremely limited disclosure permitted by the amended protective order. The Court **ORDERS** that the government produce these documents to Plaintiff.

Document Ref. No. E153 Bates-Stamped HQR0290044 - HQR0290051, Document Ref. No. E161 Bates-Stamped HQR0292365 - HQR0292368, and Document Ref. No. E162 Bates-Stamped HQR0292428- HQRH292434 (Milner Affidavit ¶ 12) also concern interim storage of spent nuclear fuel and discuss possible relief that DOE could provide to utilities involved in lawsuits. The Court **ORDERS** that the Government provide these documents for *in camera* review so that their relevance to this litigation, availability of their content from other sources,

and potential harm to Government deliberations from disclosure can be more precisely ascertained.

Document Ref. No. E163 Bates-Stamped HQR0320151 - HQR0320156, Document Ref. No. E169 Bates-Stamped HQR0320213 - HQR0320220, Document Ref. No. E170 Bates-Stamped HQR0320221 - HQR0320227, Document Ref. No. E165 Bates-Stamped HQR0320176 - HQR0320181, and Document Ref. No. E168 Bates-Stamped HQR0320207 - HQR0320212 (Milner Affidavit ¶ 13) discuss the Administration's current position regarding interim storage of spent nuclear fuel. These documents appear highly relevant. In particular, document E170 Bates-Stamped HQR0320221 - HQR0320227 was ordered produced in *Pacific Gas*. *See Pacific Gas*, No. 04-74C, Order of May 14, 2006 at 2. Because document E170 has already been produced in other litigation, any chilling of internal deliberations that would result from its disclosure should already have resulted. It is unlikely that redisclosure of this document in this case under the amended protective order will result in any additional future timidity by government employees. Therefore, Plaintiff's evidentiary need for document E170 outweighs the Government's interest in protecting its confidentiality and the Court **ORDERS** the Government to produce Document Ref. No. E170 to Plaintiff. The remaining documents addressed in paragraph 13 of the Milner affidavit are described with the identical language used for E170. The Court anticipates that, upon *in camera* review, if these documents are identical or substantially comparable to E170, it will order their production as well. The Government shall either voluntarily disclose these documents to Plaintiff or provide them (Document Ref. Nos. E163, E169, E165, and E168) for *in camera* review.

Document Ref. No. E167 Bates-Stamped HQR0320199 - HQR0320206 (Milner Affidavit ¶ 14) addresses whether DOE would accept spent nuclear fuel at an interim storage facility. This document appears highly relevant and was ordered produced in *Pacific Gas*. *See Pacific Gas*, No. 04-74C, Order of May 14, 2006 at 2. Because document E167 has already been produced in other litigation, any chilling of internal deliberations that would result from its disclosure should already have occurred. It is unlikely that redisclosure of this document in this case under the amended protective order will result in any additional future timidity by government employees. Therefore, Plaintiff's evidentiary need for document E167 outweighs the Government's interest in protecting the confidentiality of this document and the Court **ORDERS** the Government to produce Document Ref. No. E167 to Plaintiff.

Document Ref. No. E175 Bates-Stamped HQR0381321 (Milner Affidavit ¶ 15) contains draft language regarding the President's intention to veto the Nuclear Waste Policy Act of 2000. The Court **ORDERS** that the Government provide this document for *in camera* review so that its relevance to this litigation, availability of its content from other sources, and potential harm to Government deliberations from disclosure can be more precisely ascertained.

Document Ref. No. E150 Bates-Stamped HQR0240155 - HQR0240182 (Milner Affidavit ¶ 16) discusses the impact that the passage of the Nuclear Waste Policy Act of 2000 would have on the rate and cost of spent nuclear fuel acceptance. The Court **ORDERS** that the Government provide this document for *in camera* review so that its relevance to this litigation, availability of its content from other sources, and potential harm to Government deliberations from disclosure can be more precisely ascertained.

Document Ref. No. E152 Bates-Stamped HQR0284037 - HQR0284045, Document Ref. No. E164 HQR320166 - HQR320174 , Document Ref. No. E172 HQR0320280-HQR0320288, and Document Ref. No. E173 HQR0320321 - HQR0320327 (Milner Affidavit ¶ 17) are versions of a memoranda from Alice Rivlin and Hazel O'Leary asking President Clinton to decide the Administration's position on the storage of spent nuclear fuel and high level waste. Given that these particular officials are no longer involved in Government's policy deliberations, the Court does not expect that the disclosure of these documents will result in significant chilling of policy discussions. As a result, the Court anticipates that it will order these documents produced after *in camera* review. The Government shall either voluntarily disclose these documents to Plaintiff, or provide them for *in camera* review so that their relevance to this litigation, availability of their content from other sources, and potential harm to Government deliberations from disclosure can be more precisely ascertained.

Document Ref. No. E156 Bates-Stamped HQR0290820 - HQR0290832 (Milner Affidavit ¶ 18) addresses DOE's initial response to the expected delay in beginning spent nuclear fuel acceptance in 1998. The Court **ORDERS** that the Government provide this document for *in camera* review so that its relevance to this litigation, availability of its content from other sources, and potential harm to Government deliberations from disclosure can be more precisely ascertained.

Document Ref. No. E157 Bates-Stamped HQR0290839 - HQR0290841 (Milner Affidavit ¶ 19) discusses the time and place in which DOE intends to begin acceptance of spent nuclear fuel. The Milner affidavit points out, "[t]here is an extremely delicate relationship between DOE and the constituencies being considered for siting an interim storage facility . . . . it is important that these constituencies not be provoked with mere ideas and suggestions." Def's Resp. at App. 41. However, this document also appears relevant to this litigation. The Court **ORDERS** that the Government provide this document for *in camera* review so that its relevance to this litigation, availability of its content from other sources, and potential harm to Government deliberations from disclosure can be more precisely ascertained.

Document Ref. No. E155 Bates-Stamped HQR0290308 - HQR0290325 (Milner Affidavit ¶ 20) deals with potential proposals that DOE could offer to nuclear utilities for the acceptance of spent nuclear fuel. This material appears highly relevant to the Dairyland litigation, and much of this information may not be available from other sources. However, there are also potentially significant chilling effects that may result from disclosure. The Court **ORDERS** that the Government provide this document for *in camera* review so that its relevance to this litigation, availability of its content from other sources, and potential harm to Government deliberations from disclosure can be more precisely ascertained.

Document Ref. No. E179 Bates-Stamped HQR0430019 (Milner Affidavit ¶ 21) offers suggestions for dealing with the reaction to the release of the Yucca Mountain Viability assessment. The Court **ORDERS** that the Government provide this document for *in camera* review so that its relevance to this litigation, availability of its content from other sources, and potential harm to Government deliberations from disclosure can be more precisely ascertained.

Document Ref. No. E111 Bates Stamped CTR0193318-CTR0193319 (Milner Affidavit ¶ 22) concerns the possible sabotage of spent nuclear fuel shipments to Yucca Mountain. This is not relevant to the present litigation, and therefore this document need not be disclosed.

Document Ref. No. E302 Bates-Stamped HQR2500218 - HQR2500225, Document Ref. No. E304 Bates-Stamped HQR2500227 - HQR2500234, and Document Ref. No. E185 Bates-Stamped HQR0950014 - HQR0950025 (Milner Affidavit ¶ 23) relate to a request made by General Atomics that DOE accept spent nuclear fuel from General Atomic's facility. The Court **ORDERS** that the Government provide these documents for *in camera* review so that their relevance to this litigation, availability of their content from other sources, and potential harm to Government deliberations from disclosure can be more precisely ascertained.

Document Ref. No. E159 Bates-Stamped HQR0291737 - HQR0291739 and Document Ref. No. E177 Bates-Stamped HQR0392003-HQR039200 (Milner Affidavit ¶ 24) concern issues related to settlement of the spent nuclear fuel litigation now in the Court of Federal Claims. The Government also claims the work product privilege over these documents, and Dairyland does not specifically challenge this assertion. Moreover, the Court has a strong interest in encouraging government deliberations directly related to the settlement of the spent nuclear fuel cases. The Court **ORDERS** that the Government provide this document for *in camera* review so the applicability of the work product and deliberative process privileges can be determined.

Document Ref. No. E289 Bates-Stamped HQR2360030 - HQR2360037 (Milner Affidavit ¶ 25) concerns Greater-Than-Class-C radioactive waste disposal and is not relevant to this litigation. Without considering the applicability of the deliberative process privilege, the Court concludes that because this document is not relevant it does not need to be produced.

Document Ref. No. E105 Bates-Stamped COF0261673 - COF0261675, Document Ref. No. E106 Bates-Stamped COF0261780 - COF0261781, and Document Ref. No. E107 Bates-Stamped COF0261782 - COF0261785 (Milner Affidavit ¶ 26) relate to a request from Dairyland to DOE for assistance in disposing of its spent nuclear fuel. The Court **ORDERS** that the Government provide these documents for *in camera* review so that their relevance to this litigation, availability of their content from other sources, and potential harm to Government deliberations from disclosure can be more precisely ascertained.

Document Ref. No. E108 Bates-Stamped CTR0141786 - CTR0141787, and Document Ref. No. E109 Bates-Stamped CTR0141798 - CTR0141799 (Milner Affidavit ¶ 27) concern the Nuclear Waste Policy Act's provision related to acceptance, transportation, and storage. The Court **ORDERS** that the Government provide these documents for *in camera* review so that their relevance to this litigation, availability of their content from other sources, and potential harm to Government deliberations from disclosure can be more precisely ascertained.

Document Ref. No. E115 Bates-Stamped CTR1600071 - CTR1600085 (Milner Affidavit ¶ 28) relates to the deferral of waste package closure and emplacement at Yucca Mountain. The Court **ORDERS** that the Government provide this document for *in camera* review so that its relevance to this litigation, availability of its content from other sources, and potential harm to Government deliberations from disclosure can be more precisely ascertained.

Document Ref. No. E368 Bates-Stamped HQR2890199 - HQR2890200, Document Ref. No. E387 Bates-Stamped HQR3390001 - HQR3390003, Document Ref. No. E388 Bates-Stamped HQR3390004 - HQR3390006, Document Ref. No. E390 Bates-Stamped HQR3420001 - HQR3420009, and Document Ref. No. E389 Bates-Stamped HQR3390007 (Milner Affidavit ¶ 29) regard the 2004 Annual Capacity Report/Acceptance Priority Ranking and the Delivery Commitment Schedule. Dairyland does not challenge the Government's additional assertion of attorney-client privilege over E368. The Court **ORDERS** that the Government provide these documents for *in camera* review so that their relevance to this litigation, availability of their content from other sources, and potential harm to Government deliberations from disclosure can be more precisely ascertained.

Document Ref. No. E372 Bates-Stamped HQR3010001 - HQR3010009 (Milner Affidavit ¶ 30) addresses an audit of the Licensing Support Network for the Yucca Mountain Repository. The affidavit suggests that the harm that would result from the release of this document is that the individuals named in the document "could be called on to explain their advice . . . which would chill the willingness of these individuals to provide further advice." Def.'s Resp. at App. 50. In order to avoid this harm but still serve the policies of liberal discovery, the Court will consider whether the document should be produced with the names of the meeting participants redacted. The Court **ORDERS** that the Government provide this document for *in camera* review so that its relevance to this litigation, availability of its content from other sources, and potential harm to Government deliberations from disclosure can be more precisely ascertained.

Document Ref. No. E136 Bates-Stamped CTR1720056 - CTR1720058, Document Ref. No. E141 Bates-Stamped CTR1740067 - CTR1740069, Document Ref. No. E263 Bates-Stamped HQR2190057 - HQR2190074, Document Ref. No. E261 Bates-Stamped HQR2190054, and Document Ref. No. E137 Bates-Stamped CTR1720059 (Milner Affidavit ¶ 31) concern potential repository designs that were considered but are not being pursued. The Court **ORDERS** that the Government provide these documents for *in camera* review so that their relevance to this litigation, availability of their content from other sources, and potential harm to Government deliberations from disclosure can be more precisely ascertained.

Document Ref. No. E381 Bates-Stamped HQR3130001 - HQR3130003, Document Ref. No. E382 Bates-Stamped HQR3130004 - HQR3130022, and Document Ref. No. E383 Bates-Stamped HQR3130023 - HQR3130096 (Milner Affidavit ¶ 32) recommend how the Office of Civilian Radioactive Waste Management should proceed with the repository license application. Document Ref. No. E381 was ordered produced in *Pacific Gas*. *See Pacific Gas*, No. 04-74C, Order of May 14, 2006 at 4. Because document E381 has already been produced in other litigation, any chilling of internal deliberations that would result from its disclosure should already have occurred. It is unlikely that redisclosure of this document in this case under the amended protective order will result in any additional future timidity by government employees. Therefore, Plaintiff's evidentiary need for document E381 outweighs the Government's interest in protecting the confidentiality of this document and the Court **ORDERS** the Government to produce Document Ref. No. E381 to Plaintiff. Document Ref. Nos. E382 and E383 are described identically to E381 in the Milner Affidavit, but they have not been disclosed in prior litigation. Because these are described by the very same paragraph in the Milner Affidavit as E381, the Court is unable to ascertain whether there is any legitimate reason not to order E382 and E383 produced as well. Unless, the Government voluntarily discloses these documents to

Plaintiff, it shall provide them for *in camera* review so that the Court can determine if there is any reason that these documents should not also be disclosed.

Document Ref. No. E371 Bates-Stamped HQR2950001 - HQR2950003 (Milner Affidavit ¶ 33) are notes on information and advice prepared for a meeting between Under Secretary Card and personnel working on the Yucca Mountain Project. The Court **ORDERS** that the Government provide this document for *in camera* review so that its relevance to this litigation, availability of its content from other sources, and potential harm to Government deliberations from disclosure can be more precisely ascertained.

Document Ref. No. E377 Bates-Stamped HQR3060001 - HQR3060022 (Milner Affidavit ¶ 34) regards the choice of a rail corridor to transport the spent nuclear fuel to the repository. Disclosure of this document may affect other litigation in which the Government is involved. The Court concludes that the harm that may result from the disclosure of this document outweighs Plaintiff's evidentiary need. Although this harm is reduced because the document would be protected by the amended protective order, Plaintiff has not explained why the potential rail corridor routes are relevant to its claim. Without a strong evidentiary need to counterbalance the Government's interest in confidentiality, the Court concludes that this document should be protected from discovery.

Document Ref. No. E362 Bates-Stamped HQR2640086 - HQR2640099 (Milner Affidavit ¶ 35) addresses the Office of Civilian Nuclear Waste Management program strategy, waste acceptance, and waste transportation. This document was ordered produced in *Pacific Gas*. *See Pacific Gas*, No. 04-74C, Order of May 14, 2006 at 4. Because this document has already been produced in other litigation, any chilling of internal deliberations that would result from its disclosure should already have occurred. It is unlikely that redisclosure of this document in this case under the amended protective order will result in any additional future timidity by government employees. Therefore, Plaintiff's evidentiary need for document E362 outweighs the Government's interest in protecting the confidentiality of this document and the Court **ORDERS** the Government to produce Document Ref. No. E362 to Plaintiff.

Document Ref. No. E367 Bates-Stamped HQR2890184 - HQR2890198 and Document Ref. No. E369 Bates-Stamped HQR2890201 - HQR2890240 (Milner Affidavit ¶ 36) concern modifications to the Standard Contract. The court in *Pacific Gas* concluded that these documents were "the type of documents the deliberative process privilege was designed to protect." 71 Fed. Cl. 205, 212 (Fed. Cl. 2006). The Court **ORDERS** that the Government provide these documents for *in camera* review so that their relevance to this litigation, availability of their content from other sources, and potential harm to Government deliberations from disclosure can be more precisely ascertained.

Document Ref. No. E331 Bates-Stamped HQR2500981 - HQR2500981.45 (Milner Affidavit ¶ 37) regards the Office of Civilian Radioactive Waste Management's response to criticisms of the Nuclear Waste Technical Review Board. The Court **ORDERS** that the Government provide this document for *in camera* review so that its relevance to this litigation, availability of its content from other sources, and potential harm to Government deliberations from disclosure can be more precisely ascertained.

Document Ref. No. E130 Bates-Stamped CTR1660061 - CTR1660070, Document Ref. No. E206 Bates-Stamped HQR2050015 - HQR2050018, and Document Ref. No. E259 Bates-Stamped HQR2190046 - HQR2190052 (Milner Affidavit ¶ 38) regard the impact of various budget plans on the Office of Civilian Radioactive Waste Management. Plaintiff has not explained why the 2003 OCRWM budget is relevant to its claim. Without any evidentiary need to counterbalance the Government's interest in confidentiality, the Court concludes that these documents should be protected from discovery.

Document Ref. No. E373 Bates-Stamped HQR3030001 - HQR3030009, Document Ref. No. E374 Bates-Stamped HQR3030010 - HQR3030021, Document Ref. No. E375 Bates-Stamped HQR3030022 - HQR3030023, and Document Ref. No. E376 Bates-Stamped HQR30300024 - HQR3030027 (Milner Affidavit ¶ 39) concern the need to replan the 2003 OCRWM budget. Plaintiff has not explained why the 2003 OCRWM budget is relevant to its claim. Without any evidentiary need to counterbalance the Government's interest in confidentiality, the Court concludes that these documents should be protected from discovery.

Document Ref. No. E370 Bates-Stamped HQR2930031 - HQR2930044 (Milner Affidavit ¶ 40) reflects the DOE process of forming a budget request to submit to the Office of Management and Budget. Plaintiff has not explained why the 2005 OCRWM budget is relevant to its claim. Without any evidentiary need to counterbalance the Government's interest in confidentiality, the Court concludes that these documents should be protected from discovery.

Document Ref. No. E356 Bates-Stamped HQR2540001 - HQR2540083 (Milner Affidavit ¶ 41) concerns the potential effect of a budget amendment on the repository. Although the potential relevance of this document is not obvious to the Court, a close reading of the Milner Affidavit persuades the Court that the document may contain information relevant to Plaintiff's case. The Court **ORDERS** that the Government provide this document for *in camera* review so that its relevance to this litigation, availability of its content from other sources, and potential harm to Government deliberations from disclosure can be more fully ascertained.

Document Ref. No. E113 Bates-Stamped CTR0451252 - CTR0451269, Document Ref. No. E129 Bates-Stamped CTR1660055 - CTR1660060, Document Ref. No. E198 Bates-Stamped HQR2040006, Document Ref. No. E199 Bates-Stamped HQR2040007 - HQR2040008 , Document Ref. No. E200 Bates-Stamped HQR2040009 - HQR2040011, Document Ref. No. E201 Bates-Stamped HQR2040012 - HQR2040014, Document Ref. No. E210 Bates-Stamped HQR2070006 - HQR2070008, Document Ref. No. E211 Bates-Stamped HQR2070009 - HQR2070011, Document Ref. No. E219 Bates-Stamped HQR2100005 - HQR2100007, and Document Ref. No. E232 Bates-Stamped HQR.2140019 (Milner Affidavit ¶ 42) regard the impact of potential budget reductions on repository construction and spent nuclear fuel acceptance. The Court **ORDERS** that the Government provide these documents for *in camera* review so that their relevance to this litigation, availability of their content from other sources, and potential harm to Government deliberations from disclosure can be more precisely ascertained.

Document Ref. No. E327 Bates-Stamped HQR2500791 - HQR2500911, Document Ref. No. E329 Bates-Stamped HQR2500916 - HQR2500976, and Document Ref. No. E342 Bates-Stamped HQR2501246 - HQR2501272 (Milner Affidavit ¶ 43) focus on the budget implications

of program activities. Document Ref. No. E327 was ordered produced in *Pacific Gas*. *See Pacific Gas*, No. 04-74C, Order of May 14, 2006 at 4. Because document E327 has already been produced in other litigation, any chilling of internal deliberations that would result from its disclosure should already have occurred. It is unlikely that redisclosure of this document in this case under the amended protective order will result in any additional future timidity by government employees. Therefore, Plaintiff's evidentiary need for document E327 outweighs the Government's interest in protecting the confidentiality of this document and the Court **ORDERS** the Government to produce Document Ref. No. E327 to Plaintiff. Document Ref. Nos. E329 and E342 are described identically to E327 in the Milner Affidavit but have not been disclosed in prior litigation. Because these are described by the very same paragraph in the Milner Affidavit as E327, the Court is unable to ascertain whether there is any legitimate reason not to order E329 and E342 produced as well. Unless the Government voluntarily discloses these documents to Plaintiff, the Government shall provide them for *in camera* review so that the Court can determine if there is any reason that these documents should not also be produced.

Document Ref. No. E217 Bates-Stamped HQR2100001 - HQR2100003, Document Ref. No. E218 Bates-Stamped HQR2100004, and Document Ref. No. E265 Bates-Stamped HQR2200001 - HQR2200012 (Milner Affidavit ¶ 44) concern the effect of budget reductions on licensing and construction of the repository. The Court **ORDERS** that the Government provide these documents for *in camera* review so that their relevance to this litigation, availability of their content from other sources, and potential harm to Government deliberations from disclosure can be more precisely ascertained.

Document Ref. No. E228 Bates-Stamped HQR2130028 - HQR2130031, Document Ref. No. E231 Bates-Stamped HQR2140015 - HQR2140018, Document Ref. No. E257 Bates-Stamped HQR2190039 - HQR2190040 (Milner Affidavit ¶ 45) suggest possible activities that could reduce repository construction costs and shorten the construction schedule. The court in *Pacific Gas* concluded that these documents were "the type of document[s] the deliberative process privilege was designed to protect." 71 Fed. Cl. 205, 212 (Fed. Cl. 2006). The Court **ORDERS** that the Government provide these documents for *in camera* review so that their relevance to this litigation, availability of their content from other sources, and potential harm to Government deliberations from disclosure can be more precisely ascertained.

Document Ref. No. E123 Bates-Stamped CTR1620001 - CTR1620002 (Milner Affidavit ¶ 46) provides estimates of at-reactor storage costs for spent nuclear fuel. This document was ordered produced in *Pacific Gas*. *See Pacific Gas*, No. 04-74C, Order of May 14, 2006 at 5. Because this document has already been produced in other litigation, any chilling of internal deliberations that would result from its disclosure should already have occurred. It is unlikely that redisclosure of this document in this case under the amended protective order will result in any additional future timidity by government employees. Therefore, Plaintiff's evidentiary need for document E123 outweighs the Government's interest in protecting the confidentiality of this document and the Court **ORDERS** the Government to produce Document Ref. No. E123 to Plaintiff.

Document Ref. No. E292 Bates-Stamped HQR2500021 - HQR2500025 (Milner Affidavit ¶ 47) presents questions that were anticipated from the Office of Management and Budget ("OMB") for the 2002 budget rollout process. These questions were suggested by staff members named in the document. The Government asserts that if this document is disclosed, "it will have a chilling

effect upon the willingness of these staff members to provide frank advice in the future because they do not want to be required to explain why they perceive problems with the program." Def.'s Resp. at App. 65. The Court believes that the plaintiff's evidentiary need for this document and the Government's interest in confidentiality can be equitably served if the document is produced without the names of the individuals who provided the suggestions. The Court therefore **ORDERS** that the Government produce Document Ref. No. E292 to Plaintiff with the names of the OCRWM staff members redacted except for any staff members who are already being deposed in this litigation.

Document Ref. No. E293 Bates-Stamped HQR2500026 - HQR2500028 (Milner Affidavit ¶ 48) addresses a request by the OMB for a briefing on spending plans and the concerns of the Technical Review Board. This email sought information for the response to the OMB request from "individuals" who are identified by the email. The Government asserts that if this document is disclosed, "the individuals identified could be expected to be asked to testify about what information they provided to the OMB regarding these matters, which would . . . chill the willingness of these employees to provide frank and candid advice in the future." Def.'s Resp. at App. 65. The Court believes that the plaintiff's evidentiary need for this document and the Government's interest in confidentiality can be equitably served if the document is produced with the names and email addresses of the individuals identified redacted. The Court therefore **ORDERS** that the Government produce Document Ref. No. E293 to Plaintiff with the names and email addresses of the identified individuals redacted except for any individuals who are already being deposed in this litigation.

Document Ref. No. E294 Bates-Stamped HQR2500031 - HQR2500043 and Document Ref. No. E296 Bates-Stamped HQR2500063 - HQR2500076 (Milner Affidavit ¶ 49) "were part of OCRWM's effort to validate and support the program's . . . decisions regarding the selection of program priorities and goals and the budget implications of selecting the program priorities." Def.'s Resp. at App. 69. The Court **ORDERS** that the Government provide these documents for *in camera* review so that their relevance to this litigation, availability of their content from other sources, and potential harm to Government deliberations from disclosure can be more precisely ascertained.

Document Ref. No. E333 Bates-Stamped HQR2501051 - HQR2501053 (Milner Affidavit ¶ 50) discusses program priorities and accelerated waste acceptance alternatives. This document was ordered produced in *Pacific Gas*. *See Pacific Gas*, No. 04-74C, Order of May 14, 2006 at 2. Because this document has already been produced in other litigation, any chilling of internal deliberations that would result from its disclosure should already have occurred. It is unlikely that redisclosure of this document in this case under the amended protective order will result in any additional future timidity by government employees. Therefore, Plaintiff's evidentiary need for document E333 outweighs the Government's interest in protecting the confidentiality of this document and the Court **ORDERS** the Government to produce Document Ref. No. E333 to Plaintiff.

Document Ref. No. E114 Bates-Stamped CTR1600035 - CTR1600055, Document Ref. No. E116 Bates-Stamped CTR1600091 - CTR1610105, Document Ref. No. E120 Bates-Stamped CTR1600208 - CTR1600225, Document Ref. No. E121 Bates-Stamped CTR1600301 - CTR1600353, Document Ref. No. E126 Bates-Stamped CTR1620012 - CTR1620027,

Document Ref. No. E147 Bates-Stamped CTR1770015 - CTR1770022 , Document Ref. No. E148 Bates-Stamped CTR1770023 - CTR1770049, Document Ref. No. E149 Bates-Stamped CTR1770050 - CTR1770058, Document Ref. No. E194 Bates-Stamped HQR2030005 - HQR2030017, Document Ref. No. E234 Bates-Stamped HQR2150001 - HQR2150064, Document Ref. No. E239 Bates-Stamped HQR2170001 - HQR2170023, Document Ref. No. E247 Bates-Stamped HQR2180001 - HQR2180002, Document Ref. No. E250 Bates-Stamped HQR2180027 - HQR2180039, Document Ref. No. E288 Bates-Stamped HQR2360013 - HQR2360029, Document Ref. No. E339 Bates-Stamped HQR2501157 - HQR2501232, Document Ref. No. E343 Bates-Stamped HQR2501273 - HQR2501326, and Document Ref. No. E345 Bates-Stamped HQR2501335 - HQR2501470 (Milner Affidavit ¶ 51) address how waste acceptance could be accelerated through various options for the design and operation of the Yucca Mountain repository. These documents were ordered produced in *Pacific Gas*. *See Pacific Gas*, 71 Fed. Cl. at 215. Because these documents have already been produced in other litigation, any chilling of internal deliberations that would result from their disclosure should already have occurred. It is unlikely that redisclosure of these documents in this case under the amended protective order will result in any additional future timidity by government employees. Therefore, Plaintiff's evidentiary need for these documents outweighs the Government's interest in maintaining their confidentiality and the Court **ORDERS** the Government to produce them to Plaintiff.

Document Ref. No. E117 Bates-Stamped CTR1600106 - CTR1600111, Document Ref. No. E144 Bates-Stamped CTR1770001 - CTR1770006, and Document Ref. No. E344 Bates-Stamped HQR2501327 - HQR2501334 (Milner Affidavit ¶ 52) regards the costs of waste acceptance rates and waste transportation plans. These documents were ordered produced in *Pacific Gas*. *See Pacific Gas*, 71 Fed. Cl. at 215. Because these documents have already been produced in other litigation, any chilling of internal deliberations that would result from their disclosure should already have occurred. It is unlikely that redisclosure of these documents in this case under the amended protective order will result in any additional future timidity by government employees. Therefore, Plaintiff's evidentiary need for these documents outweighs the Government's interest in maintaining their confidentiality and the Court **ORDERS** the Government to produce them to Plaintiff.

Document Ref. No. E128 Bates-Stamped CTR1620033 - CTR1620046, Document Ref. No. E133 Bates-Stamped CTR1720001 - CTR1720027, Document Ref. No. E134 Bates-Stamped CTR1720028 - CTR1720047, Document Ref. No. E139 Bates-Stamped CTR1740004 - CTR1740030, Document Ref. No. E142 Bates-Stamped CTR1740070 - CTR1740089, Document Ref. No. E328 Bates-Stamped HQR2500912 - HQR2500915, Document Ref. No. E330 Bates-Stamped HQR2500977 - HQR25000980, Document Ref. No. E360 Bates-Stamped HQR2640021 - HQR26400, Document Ref. No. E380 Bates-Stamped HQR3080073 - HQR3080085, and Document Ref. No. E135 Bates-Stamped CTR1720048 - CTR1720055 (Milner Affidavit ¶ 53) concern the impact of accelerated waste acceptance. These documents were ordered produced in *Pacific Gas*. *See Pacific Gas*, 71 Fed. Cl. at 215. Because these documents have already been produced in other litigation, any chilling of internal deliberations that would result from their disclosure should already have occurred. It is unlikely that redisclosure of these documents in this case under the amended protective order will result in any additional future timidity by government employees. Therefore, Plaintiff's evidentiary need for

these documents outweighs the Government's interest in maintaining their confidentiality and the Court **ORDERS** the Government to produce them to Plaintiff.

Document Ref. No. E193 Bates-Stamped HQR2030001 - HQR2030004, Document Ref. No. E195 Bates-Stamped HQR2030018 - HQR2030031, Document Ref. No. E196 Bates-Stamped HQR2030032-HQR2030041, Document Ref. No. E202 Bates-Stamped HQR2040015 - HQR2040047, Document Ref. No. E207 Bates-Stamped HQR2050019, Document Ref. No. E212 Bates-Stamped HQR2070012 - HQR2070055, Document Ref. No. (Not Given) Bates-Stamped HQR2090001, Document Ref. No. E216 Bates-Stamped HQR2090003, Document Ref. No. E220 Bates-Stamped HQR2100008 - HQR2100018, Document Ref. No. E233 Bates-Stamped HQR2140020 - HQR2140030, Document Ref. No. E238 Bates-Stamped HQR2160027 - HQR2160031, Document Ref. No. E251 Bates-Stamped HQR2180040- HQR2180057, Document Ref. No. E253 Bates-Stamped HQR2190001 - HQR2190013, Document Ref. No. E254 Bates-Stamped HQR2190014 - HQR2190024, Document Ref. No. E256 Bates-Stamped HQR2190033 - HQR2190038, Document Ref. No. E268 Bates-Stamped HQR2210002 - HQR2210013, Document Ref. No. E287 Bates-Stamped HQR2360001 -HQR2360012, Document Ref. No. E290 Bates-Stamped HQR2360038 - HQR2360055, and Document Ref. No. E350 Bates-Stamped HQR2501711 - HQR2501733 (Milner Affidavit ¶ 54) discuss the costs and justifications of increasing DOE's budget request. Plaintiff challenges the assertion the attorney-client and work product privileges with respect to some of these documents. *See* Pl.'s Mot. at 26-27. The Court ORDERS the Government to provide two copies each of Document Ref. Nos. E196, E202, E212, E220, E233, E268, E287, and E290 for *in camera* review. One copy should include proposed redactions of attorney-client and work product material, and the second copy should remain unredacted. Document Ref. Nos. E193, E195, E207, E216, E238, E254, E256, and E350 have previously been produced in other litigation. *See Pacific Gas*, No. 04-74C, Order of May 14, 2006 at 2. Any chilling of internal deliberations that would result from their disclosure should already have occurred. It is unlikely that redisclosure of these documents in this case under the amended protective order will result in any additional future timidity by government employees. Plaintiff's evidentiary need for the these documents outweighs the Government's interest in protecting their confidentiality. The Court **ORDERS** the Government to produce to Plaintiff Documents Ref. Nos. E193, E195, E207, E216, E238, E254, E256, and E350. E251 and E253 are also described by paragraph 54 in the Milner Affidavit. Since the identical language describes all of the documents referenced in paragraph 54, the Court is unable to ascertain whether there is any legitimate reason not to order these two documents produced as well. Unless the Government voluntarily discloses E251 and E253 to Plaintiff, it shall provide Document Ref. Nos. E251 and E253 for *in camera* review so that the Court can determine if there is any reason that these documents should not also be produced.

Document Ref. No. E119 Bates-Stamped CTR1600143 - CTR1600149, Document Ref. No. E122 Bates-Stamped CTR1610016 - CTR1610020, Document Ref. No. E143 Bates-Stamped CTR1760001 - CTR1760004, Document Ref. No. E334 Bates-Stamped HQR2501054 - HQR2501119, Document Ref. No. E311 Bates-Stamped HQR2500400A - HQR2500400B, Document Ref. No. E313 Bates-Stamped HQR2500424 - HQR2500439, and Document Ref. No. E322 Bates-Stamped CTR2500624 - CTR2500645 (Milner Affidavit ¶ 55) address the shipment of spent nuclear fuel from shutdown nuclear reactor sites in relation to the budget. Because these documents have already been produced in other litigation, *see Pacific Gas*, No. 04-74C, Order of May 14, 2006 at 2, any chilling of internal deliberations that would result from their disclosure

should already have occurred. It is unlikely that redisclosure of these documents in this case under the amended protective order will result in any additional future timidity by government employees. Therefore, Plaintiff's evidentiary need for these documents outweighs the Government's interest in maintaining their confidentiality and the Court **ORDERS** the Government to produce them to Plaintiff.

Document Ref. No. E118 Bates-Stamped CTR1600112 - CTR1600117, Document Ref. No. E124 Bates-Stamped CTR1620003 - CTR1620007, Document Ref. No. E127 Bates-Stamped CTR1620028 - CTR1620032, Document Ref. No. E145 Bates-Stamped CTR1770007 - CTR1770010, Document Ref. No. E146 Bates-Stamped CTR1770011 - CTR1770014, and Document Ref. No. E341 Bates-Stamped HQR2501236 - HQR2501245 (Milner Affidavit ¶ 56) concern spent nuclear fuel acceptance rates and costs. Because these documents have already been produced in other litigation, *see Pacific Gas*, No. 04-74C, Order of May 14, 2006 at 2, any chilling of internal deliberations that would result from their disclosure should already have occurred. It is unlikely that redisclosure of these documents in this case under the amended protective order will result in any additional future timidity by government employees. Therefore, Plaintiff's evidentiary need for these documents outweighs the Government's interest in maintaining their confidentiality and the Court **ORDERS** the Government to produce them to Plaintiff.

Document Ref. No. E361 Bates-Stamped HQR2640041 - HQR2640085, Document Ref. No. E366 Bates-Stamped HQR2890138 - HQR2890183, Document Ref. No. E378 Bates-Stamped HQR3080001 - HQR3080038, and Document Ref. No. E379 Bates-Stamped HQR3080039 - HQR3080072 (Milner Affidavit ¶ 57) consider the impact of a region-based waste acceptance queue. All but one of these documents, Ref. No. E379, have previously been produced in other litigation. *See Pacific Gas*, No. 04-74C, Order of May 14, 2006 at 2. Any chilling of internal deliberations that would result from their disclosure should already have occurred. It is unlikely that redisclosure of these documents in this case under the amended protective order will result in any additional future timidity by government employees. Therefore, except for Document Ref. No. E379, Plaintiff's evidentiary need for the documents covered by paragraph 57 of the Milner Affidavit outweighs the Government's interest in protecting the confidentiality of these documents. The Court **ORDERS** the Government to produce to Plaintiff all of these documents except E379. E379 is also described by paragraph 57 in the Milner Affidavit. Since the identical language describes all of the documents referenced in paragraph 57, the Court is unable to ascertain whether there is any legitimate reason not to order all of the documents to be disclosed. Unless the Government voluntarily discloses E379 to Plaintiff, it shall provide Document Ref. No. E379 for *in camera* review so that the Court can determine if there is any reason that it should not also be produced.

Document Ref. No. E363 Bates-Stamped HQR2890012 - HQR2890015, Document Ref. No. E364 Bates-Stamped HQR2890016 - HQR2890033, Document Ref. No. E365 Bates-Stamped HQR2890034 - HQR2890137, Document Ref. No. E366 Bates-Stamped HQR2890138 - HQR2890183 (also discussed in Milner Aff. ¶ 57), and Document Ref. No. E337 Bates-Stamped HQR2501135 - HQR2501137 (Milner Affidavit ¶ 58) address various waste acceptance scenarios. All but one of these documents, Ref. No. E337, have previously been produced in other litigation. *See Pacific Gas*, No. 04-74C, Order of May 14, 2006 at 2. Any chilling of internal deliberations that would result from their disclosure should already have occurred. It is

unlikely that redisclosure of these documents in this case under the amended protective order will result in any additional future timidity by government employees. Therefore, except for Document Ref. No. E337, Plaintiff's evidentiary need for the documents covered by paragraph 58 of the Milner Affidavit outweighs the Government's interest in protecting the confidentiality of these documents. The Court **ORDERS** the Government to produce to Plaintiff all of these documents except E337. E337 is also described by paragraph 58 in the Milner Affidavit. Since the identical language describes all of the documents referenced in paragraph 58, the Court is unable to ascertain whether there is any legitimate reason not to order E337 to be disclosed as well. Unless the Government voluntarily discloses E337 to Plaintiff, it shall provide Document Ref. No. E337 for *in camera* review so that the Court can determine if there is any reason that it should not also be produced.

Document Ref. No. E188 Bates-Stamped HQR202 ID No. 7422, Document Ref. No. E189 Bates-Stamped HQR202 ID No. 7425, Document Ref. No. E190 Bates-Stamped HQR2020001 - HQR2020105, Document Ref. No. E191 Bates-Stamped HQR2020106 - HQR2020284, Document Ref. No. E192 Bates-Stamped HQR2020285 - HQR2020311, Document Ref. No. E203 Bates-Stamped HQR2050001 - HQR2050005, Document Ref. No. E208 Bates-Stamped HQR2060003 - HQR2060059, Document Ref. No. E236 Bates-Stamped HQR2160014 - HQR2160015, Document Ref. No. E240 Bates-Stamped HQR2170024 - HQR2170031, Document Ref. No. E242 Bates-Stamped HQR2170065 - HQR2170080, and Document Ref. No. E284 Bates-Stamped HQR2330001 - HQR2330003 (Milner Affidavit ¶ 59) address the costs of accelerated waste acceptance in relation to the budget. Because these documents have already been produced in other litigation, *see Pacific Gas*, No. 04-74C, Order of May 14, 2006 at 2, any chilling of internal deliberations that would result from their disclosure should already have occurred. It is unlikely that redisclosure of these documents in this case under the amended protective order will result in any additional future timidity by government employees. Therefore, Plaintiff's evidentiary need for these documents outweighs the Government's interest in maintaining their confidentiality and the Court **ORDERS** the Government to produce them to Plaintiff.

Document Ref. No. E205 Bates-Stamped HQR2050012 - HQR2050014, Document Ref. No. E349 Bates-Stamped HQR2501706 - HQR2501710, Document Ref. No. E338 Bates-Stamped HQR2501140 - HQR2501156, Document Ref. No. E340 Bates-Stamped HQR2501233 - HQR2501235, and Document Ref. No. E347 Bates-Stamped HQR2501697 (Milner Affidavit ¶ 60) "specifically discuss accelerating acceptance of waste from DOE-owned sites." Def.'s Resp. at App. 78. All but one of these documents, Ref. No. E338, have previously been produced in other litigation. *See Pacific Gas*, No. 04-74C, Order of May 14, 2006 at 2. Any chilling of internal deliberations that would result from their disclosure should already have occurred. It is unlikely that redisclosure of these documents in this case under the amended protective order will result in any additional future timidity by government employees. Therefore, except for Document Ref. No. E338, Plaintiff's evidentiary need for the documents covered by paragraph 60 of the Milner Affidavit outweighs the Government's interest in protecting the confidentiality of these documents. The Court **ORDERS** the Government to produce to Plaintiff all of these documents except E338. E338 is also described by paragraph 60 in the Milner Affidavit. Since the identical language describes all of the documents referenced in paragraph 60, the Court is unable to ascertain whether there is any legitimate reason not to order all of the documents to be disclosed. Unless the Government voluntarily discloses E338 to Plaintiff, it shall provide

Document Ref. No. E338 for *in camera* review so that the Court can determine if there is any reason that it should not also be produced.

Document Ref. No. E138 Bates-Stamped CTR1740001 - CTR1740003, Document Ref. No. E140 Bates-Stamped CTR1740031 - CTR1740039, Document Ref. No. E213 Bates-Stamped HQR2080001 - HQR2080005, Document Ref. No. E214 Bates-Stamped HQR2080006 - HQR2080018, Document Ref. No. E215 Bates-Stamped HQR2080019 - HQR2080042, and Document Ref. No. E335 Bates-Stamped HQR2501120 - HQR2501123 (Milner Affidavit ¶ 61) concerns the acceleration of waste acceptance after the opening of the repository. Because these documents have already been produced in other litigation, *see Pacific Gas*, No. 04-74C, Order of May 14, 2006 at 2, any chilling of internal deliberations that would result from their disclosure should already have occurred. It is unlikely that redisclosure of these documents in this case under the amended protective order will result in any additional future timidity by government employees. Therefore, Plaintiff's evidentiary need for these documents outweighs the Government's interest in maintaining their confidentiality and the Court **ORDERS** the Government to produce them to Plaintiff.

Document Ref. No. E197 Bates-Stamped HQR2040001 - HQR2040005, Document Ref. No. E204 Bates-Stamped HQR2050006 - HQR2050011, Document Ref. No. E209 Bates-Stamped HQR2070001 - HQR2070005, Document Ref. No. E222 Bates-Stamped HQR2100021 - HQR2100025, Document Ref. No. E225 Bates-Stamped HQR2130004 - HQR2130006, Document Ref. No. E227 Bates-Stamped HQR2130016 - HQR2130027, Document Ref. No. E229 Bates-Stamped HQR2130032 - HQR2130042, Document Ref. No. E230 Bates-Stamped HQR2140001 - HQR2140014, Document Ref. No. E235 Bates-Stamped HQR2160001 - HQR2160013, Document Ref. No. E237 Bates-Stamped HQR2160016 - HQR2160026, Document Ref. No. E255 Bates-Stamped HQR2190025 - HQR2190032, Document Ref. No. E258 Bates-Stamped HQR2190041 - HQR2190045, Document Ref. No. E260 Bates-Stamped HQR2190053, Document Ref. No. E271 Bates-Stamped HQR2220011 - HQR2220026, and Document Ref. No. E273 Bates-Stamped HQR2230001 - HQR2230007 (Milner Affidavit ¶ 62) regard possible activities to reduce program costs. Document Ref. No. E255 was ordered produced in *Pacific Gas*. *See Pacific Gas*, No. 04-74C, Order of May 14, 2006 at 4. Because document E255 has already been produced in other litigation, any chilling of internal deliberations that would result from its disclosure should already have occurred. It is unlikely that redisclosure of this document in this case under the amended protective order will result in any additional future timidity by government employees. Therefore, Plaintiff's evidentiary need for document E255 outweighs the Government's interest in protecting the confidentiality of this document and the Court **ORDERS** the Government to produce Document Ref. No. E255 Bates-Stamped HQR2190025 - HQR2190032 to Plaintiff. The rest of these documents are described identically to E255 in the Milner Affidavit but have not been disclosed in prior litigation. Because these are described by the very same paragraph in the Milner Affidavit as E255, the Court is unable to ascertain whether there is any legitimate reason not to order the rest of the documents produced. Unless the Government voluntarily discloses these documents to Plaintiff, the Government shall provide the rest of the documents referenced in paragraph 62 of the Milner Affidavit for *in camera* review so that the Court can determine if there is any reason that these documents should not also be disclosed.

Document Ref. No. E241 Bates-Stamped HQR2170032 - HQR2170064, Document Ref. No. E243 Bates-Stamped HQR2170081 - HQR2170100, Document Ref. No. E244 Bates-Stamped HQR2170101 - HQR2170108, and Document Ref. No. E245 Bates-Stamped HQR2170109 - HQR2170112 (Milner Affidavit ¶ 63) address various issues related to spent nuclear fuel acceptance. Because these documents have already been produced in other litigation, *see Pacific Gas*, No. 04-74C, Order of May 14, 2006 at 2, any chilling of internal deliberations that would result from their disclosure should already have occurred. It is unlikely that redisclosure of these documents in this case under the amended protective order will result in any additional future timidity by government employees. Therefore, Plaintiff's evidentiary need for these documents outweighs the Government's interest in maintaining their confidentiality and the Court **ORDERS** the Government to produce them to Plaintiff.

Document Ref. No. E249 Bates-Stamped HQR2180005 - HQR2180026 and Document Ref. No. E346 Bates-Stamped HQR2501471 - HQR2501696 (Milner Affidavit ¶ 64) discuss the waste transportation strategy and the budget. Because these documents have already been produced in other litigation, *see Pacific Gas*, No. 04-74C, Order of May 14, 2006 at 2, any chilling of internal deliberations that would result from their disclosure should already have occurred. It is unlikely that redisclosure of these documents in this case under the amended protective order will result in any additional future timidity by government employees. Therefore, Plaintiff's evidentiary need for these documents outweighs the Government's interest in maintaining their confidentiality and the Court **ORDERS** the Government to produce them to Plaintiff.

Document Ref. No. E315 Bates-Stamped HQR2500446 - HQR250510, Document Ref. No. E317 Bates-Stamped HQR2500512 - HQR2500558, Document Ref. No. E318 Bates-Stamped HQR2500559 - HQR0563, Document Ref. No. E323 Bates-Stamped HQR2500646 - HQR2500654, Document Ref. No. E326 Bates-Stamped HQR2500661 - HQR2500790, Document Ref. No. E336 Bates-Stamped HQR2501124 - HQR2501134, and Document Ref. No. E348 Bates-Stamped HQR2501698 - HQR1705 (Milner Affidavit ¶ 65) concern the Yucca Mountain business case including options for accelerated waste acceptance and the repository license application with the Nuclear Regulatory Commission. Document Ref. Nos. E323, E326, E336, and E338 were ordered produced in *Pacific Gas*. *See Pacific Gas*, No. 04-74C, Order of May 14, 2006 at 2, 4. Because these four documents have already been produced in other litigation, any chilling of internal deliberations that would result from their disclosure should already have occurred. It is unlikely that redisclosure of these four documents in this case under the amended protective order will result in any additional future timidity by government employees. Therefore, Plaintiff's evidentiary need for documents E323, E326, E336, and E338 outweighs the Government's interest in protecting the confidentiality of these documents and the Court **ORDERS** the Government to produce Document Ref. Nos. E323, E326, E336, and E348 to Plaintiff. The remaining three documents are described identically to these four documents in the Milner Affidavit but have not been disclosed in prior litigation. Because E315, E317, and E318 are described by the very same paragraph in the Milner Affidavit as E323, E326, E336, and E338, the Court is unable to ascertain whether there is any legitimate reason not to order all of the documents produced. Unless the Government voluntarily discloses these three documents to Plaintiff, it shall provide Document Ref. Nos. E315, E317, and E318 for *in camera* review so that the Court can determine if there is any reason that these documents should not also be disclosed.

Document Ref. No. E320 Bates-Stamped HQR2500610 (Milner Affidavit ¶ 66) concerns options for the accelerated acceptance of spent nuclear fuel. Because this document has already been produced in other litigation, *see Pacific Gas*, No. 04-74C, Order of May 14, 2006 at 4, any chilling of internal deliberations that would result from its disclosure should already have occurred. It is unlikely that redisclosure of this document in this case under the amended protective order will result in any additional future timidity by government employees. Therefore, Plaintiff's evidentiary need for this document outweighs the Government's interest in maintaining its confidentiality and the Court **ORDERS** the Government to produce it to Plaintiff.

Document Ref. No. E131 Bates-Stamped CTR1680001 - CTR1680025 and Document Ref. No. E379 Bates-Stamped HQR3080039 - HQR3080072 (Milner Affidavit ¶ 67) present transportation options for the Yucca Mountain repository. The Court **ORDERS** that the Government provide these documents for *in camera* review so that their relevance to this litigation, availability of their content from other sources, and potential harm to Government deliberations from disclosure can be more precisely ascertained.

Document Ref. No. E224 Bates-Stamped HQR2130001 - HQR2130003 and Document Ref. No. E226 Bates-Stamped HQR2130007 - HQR2130015 (Milner Affidavit ¶ 68) discuss options for accelerating waste acceptance and reducing program costs. Because these documents have already been produced in other litigation, *see Pacific Gas*, No. 04-74C, Order of May 14, 2006 at 2, any chilling of internal deliberations that would result from their disclosure should already have occurred. It is unlikely that redisclosure of these documents in this case under the amended protective order will result in any additional future timidity by government employees. Therefore, Plaintiff's evidentiary need for these documents outweighs the Government's interest in maintaining their confidentiality and the Court **ORDERS** the Government to produce them to Plaintiff.

Document Ref. No. E283 Bates-Stamped HQR2320001 - HQR2320018 (Milner Affidavit ¶ 69) discusses receipt and emplacement of waste containers at Yucca Mountain. The Court **ORDERS** that the Government provide this document for *in camera* review so that its relevance to this litigation, availability of its content from other sources, and potential harm to Government deliberations from disclosure can be more precisely ascertained.

Document Ref. No. E248 Bates-Stamped HQR2180003 - HQR2180004, Document Ref. No. E256 Bates-Stamped HQR2190033 - HQR2190038, and Document Ref. No. E269 Bates-Stamped HQR2220001 - HQR2220004 (Milner Affidavit ¶ 70) seek recommendations for ways in which program costs can be reduced and spent nuclear fuel acceptance accelerated. Because these documents have already been produced in other litigation, *see Pacific Gas*, No. 04-74C, Order of May 14, 2006 at 2, any chilling of internal deliberations that would result from their disclosure should already have occurred. It is unlikely that redisclosure of these documents in this case under the amended protective order will result in any additional future timidity by government employees. Therefore, Plaintiff's evidentiary need for these documents outweighs the Government's interest in maintaining their confidentiality and the Court **ORDERS** the Government to produce them to Plaintiff.

Document Ref. No. E125 Bates-Stamped CTR1620008 - CTR1620011, Document Ref. No. E246 Bates-Stamped HQR2170113 - HQR2170122, Document Ref. No. E252 Bates-Stamped

HQR2180137 - HQR2180144, Document Ref. No. E262 Bates-Stamped HQR2190055 - HQR2190056, Document Ref. No. E264 Bates-Stamped HQR2190075 - HQR2190152, Document Ref. No. E266 Bates-Stamped HQR2200013, Document Ref. No. E267 Bates-Stamped HQR2210001, Document Ref. No. E270 Bates-Stamped HQR2220005 - HQR2220010, Document Ref. No. E272 Bates-Stamped HQR2220027 - HQR2220042, Document Ref. No. E274 Bates-Stamped HQR2230008 - HQR2230015, Document Ref. No. E275 Bates-Stamped HQR2240001 - HQR2240002, Document Ref. No. E276 Bates-Stamped HQR2250001, Document Ref. No. E277 Bates-Stamped HQR2260001 - HQR2260005, Document Ref. No. E278 Bates-Stamped HQR2270001 - HQR2270016, Document Ref. No. E279 Bates-Stamped HQR2280001, Document Ref. No. E280 Bates-Stamped HQR2290001, and Document Ref. No. E281 Bates-Stamped HQR2300001 - HQR2300008 (Milner Affidavit ¶ 71) are analyses and recommendations in response to a request by Under Secretary Card. The Government also claims attorney-client and work product privileges with respect to these documents, but Dairyland only challenges the applicability of the deliberative process privilege to this material. Because these documents have already been produced in other litigation, *see Pacific Gas*, No. 04-74C, Order of May 14, 2006 at 2, any chilling of internal deliberations that would result from their disclosure should already have occurred. It is unlikely that redisclosure of these documents in this case under the amended protective order will result in any additional future timidity by government employees. Therefore, Plaintiff's evidentiary need for these documents outweighs the Government's interest in maintaining their confidentiality and the Court **ORDERS** the Government to produce them to Plaintiff with any attorney-client or work product portions redacted.

Document Ref. No. E297 Bates-Stamped HQR2500168 - HQR2500180, Document Ref. No. E354 Bates-Stamped HQR2502102, Document Ref. No. E291 Bates-Stamped HQR2500001 - HQR2500020, and Document Ref. No. E295 Bates-Stamped HQR2500044 - HQR2500062 (Milner Affidavit ¶ 72) concern legislative proposals related to the Office of Civilian Radioactive Waste Management. The Court **ORDERS** that the Government provide these documents for *in camera* review so that their relevance to this litigation, availability of their content from other sources, and potential harm to Government deliberations from disclosure can be more precisely ascertained.

Document Ref. No. E300 Bates-Stamped HQR2500214 - HQR2170122 and Document Ref. No. E301 Bates-Stamped HQR2500216- HQR3500217 (Milner Affidavit ¶ 73) concern Greater-Than-Class-C Waste and are not relevant to the Dairyland litigation. Therefore, without considering applicability of the deliberative process privilege to these documents, they do not have to be produced because they are not relevant.

Document Ref. No. E303 Bates-Stamped HQR2500226 (Milner Affidavit ¶ 74) seeks advice from Ronald Milner for the OCRWM planned activities and budget. The Court **ORDERS** that the Government provide this document for *in camera* review so that its relevance to this litigation, availability of its content from other sources, and potential harm to Government deliberations from disclosure can be more precisely ascertained.

Document Ref. No. E312 Bates-Stamped HQR2500407 - HQR2500421 and Document Ref. No. E314 Bates-Stamped HQR2500440 - HQR2500445 (Milner Affidavit ¶ 75) are drafts of questions anticipated from Congress concerning the budget and suggested answers to those

questions. The Court **ORDERS** that the Government provide these documents for *in camera* review so that their relevance to this litigation, availability of their content from other sources, and potential harm to Government deliberations from disclosure can be more precisely ascertained.

Document Ref. No. E316 Bates-Stamped HQR2500511 - HQR2500511.6 (Milner Affidavit ¶ 76) concerns the March 6, 2002, testimony of Secretary Abraham. The Court **ORDERS** that the Government provide this document for *in camera* review so that its relevance to this litigation, availability of its content from other sources, and potential harm to Government deliberations from disclosure can be more precisely ascertained.

Document Ref. No. E319 Bates-Stamped HQR2500565 - HQR2500609, Document Ref. No. E321 Bates-Stamped HQR2500611- HQR2500623, and Document Ref. No. E324 Bates-Stamped HQR2500655 - HQR2500656 (Milner Affidavit ¶ 77) contain drafts of technical answers to questions posed in a Congressional hearing. Document Ref. Nos. E319 and E324 were ordered produced in *Pacific Gas*. *See Pacific Gas*, No. 04-74C, Order of May 14, 2006 at 2, 4. Because these two documents have already been produced in other litigation, any chilling of internal deliberations that would result from their disclosure should already have occurred. It is unlikely that redisclosure of these two documents in this case under the amended protective order will result in any additional future timidity by government employees. Therefore, Plaintiff's evidentiary need for documents E319 and E324 outweighs the Government's interest in protecting the confidentiality of this document and the Court **ORDERS** the Government to produce Document Ref. Nos. E319 and E324 to Plaintiff. Document Ref. No. E321 is described identically to these two documents in the Milner Affidavit but has not been disclosed in prior litigation. Because E321 is described by the very same paragraph in the Milner Affidavit as E319 and E324, the Court is unable to ascertain whether there is any legitimate reason not to order E321 produced as well. Unless the Government voluntarily discloses E321 to Plaintiff, it shall provide Document Ref. No. E321 for *in camera* review so that the Court can determine if there is any reason that this document should not also be disclosed.

Document Ref. No. E299 Bates-Stamped HQR250212 - HQR2500213 (Milner Affidavit ¶ 78) was not requested by plaintiff and therefore does not need to be produced.

Document Ref. No. E351 Bates-Stamped HQR2502017 - HQR2502080 (Milner Affidavit ¶ 79) addresses the need for a response to the Governor of Nevada regarding the safe dry storage of spent nuclear fuel. The Court **ORDERS** that the Government provide this document for *in camera* review so that its relevance to this litigation, availability of its content from other sources, and potential harm to Government deliberations from disclosure can be more precisely ascertained.

Document Ref. No. E353 Bates-Stamped HQR2502100 - HQR2502101 (Milner Affidavit ¶ 80) is a draft response to a Congressional question about spent nuclear fuel storage. The Court **ORDERS** that the Government provide this document for *in camera* review so that its relevance to this litigation, availability of its content from other sources, and potential harm to Government deliberations from disclosure can be more precisely ascertained.

Document Ref. No. E355 Bates-Stamped HQR2502103 - HQR2502115 (Milner Affidavit ¶ 81) concerns site recommendations, budgetary issues, and talking points. The Court **ORDERS** that the Government provide this document for *in camera* review so that its relevance to this litigation, availability of its content from other sources, and potential harm to Government deliberations from disclosure can be more precisely ascertained.

Document Ref. No. E357 Bates-Stamped HQR2580544 - HQR2580549, Document Ref. No. E358 Bates-Stamped HQR2580550 - HQR2580555, Document Ref. No. E359 Bates-Stamped HQR2580556 - HQR2580562, Document Ref. No. E305 Bates-Stamped HQR2500235 - HQR2500239, Document Ref. No. E307 Bates-Stamped HQR2500247 - HQR2500260, and Document Ref. No. E310 Bates-Stamped HQR2500266 - HQR2500359 (Milner Affidavit ¶ 82) concern surface facilities at the Yucca Mountain repository and the audit by the Inspector General. The Court **ORDERS** that the Government provide these documents for *in camera* review so that their relevance to this litigation, availability of their content from other sources, and potential harm to Government deliberations from disclosure can be more precisely ascertained.

Document Ref. No. E306 Bates-Stamped HQR2500240 - HQR2500246, and Document Ref. No. E308 Bates-Stamped HQR2500251 - HQR2500257 (Friedman Affidavit ¶ 11) concern Yucca Moutain's surface facilities. The Court **ORDERS** that the Government provide these documents for *in camera* review so that their relevance to this litigation, availability of their content from other sources, and potential harm to Government deliberations from disclosure can be more precisely ascertained.

Document Ref. No. E309 Bates-Stamped HQR2500261 - HQR2500265 (Friedman Affidavit ¶ 12) pertains to an audit of Yucca Mountain's proposed waste handling facility. The Court **ORDERS** that the Government provide this document for *in camera* review so that its relevance to this litigation, availability of its content from other sources, and potential harm to Government deliberations from disclosure can be more precisely ascertained.

## Conclusion

The Court **ORDERS** the following documents be produced to Plaintiff: Document Ref. Nos. E114, E116, E117, E118, E119, E120, E121, E122, E123, E124, E125, E126, E127, E128, E133, E134, E135, E138, E139, E140, E142, E143, E144, E145, E146, E147, E148, E149, E154, E167, E170, E171, E178, E180, E188, E189, E190, E191, E192, E193, E194, E195, E203, E205, E207, E208, E213, E214, E215, E224, E226, E234, E236, E238, E239, E240, E241, E242, E243, E244, E245, E246, E247, E248, E249, E250, E252, E254, E255, E256, E262, E264, E266, E267, E269, E270, E272, E274, E275, E276, E277, E278, E279, E280, E281, E284, E288, E292, E293, E311, E313, E319, E320, E322, E323, E324, E326, E327, E328, E330, E333, E334, E335, E336, E339, E340, E341, E343, E344, E345, E346, E347, E348, E349, E350, E360, E361, E362, E363, E364, E365, E366, E378, E380, and E381. The Government may redact all attorney-client and work product material included in these documents before producing them to Plaintiff. Explanations for the redactions should be provided in the margins. Production of these documents shall be made to Plaintiff on or before July 20, 2007.

The Court **ORDERS** the following documents be provided for *in camera* inspection: Document Ref. Nos. E105, E106, E107, E108, E109, E110, E112, E113, E115, E129, E131, E136, E137, E141, E150, E151, E152, E153, E155, E156, E159, E160, E161, E162, E163, E164, E165, E166, E168, E169, E172, E173, E175, E176, E177, E179, E181, E182, E183, E184, E185, E196, E197, E198, E199, E200, E201, E202, E204, E209, E210, E211, E212, E217, E218, E219, E220, E222, E225, E227, E228, E229, E230, E231, E232, E233, E235, E237, E251, E253, E257, E258, E260, E261, E263, E265, E268, E271, E273, E283, E287, E290, E291, E294, E295, E296, E297, E302, E303, E304, E305, E306, E307, E308, E309, E310, E312, E314, E315, E316, E317, E318, E321, E329, E331, E337, E338, E342, E351, E353, E354, E355, E356, E357, E358, E359, E367, E368, E369, E371, E372, E379, E382, E383, E387, E388, E389, and E390. If these documents contain any attorney-client or work product material, the Government should provide two copies of the document. One copy should include proposed redactions, the other copy should be left unredacted. The reasons for the redactions should be given in the margins of the copy with the proposed redactions. These documents shall be provided to the chambers of the undersigned judge on or before July 20, 2007.

Document Ref. Nos. E111, E130, E157, E174, E206, E259, E289, E299, E300, E301, E370, E373, E374, E375, E376, and E377 are either not relevant to this litigation or protected from discovery under the deliberative process privilege.[8]

s/ Edward J. Damich
EDWARD J. DAMICH
Chief Judge

---

[8] The Plaintiff moved the Court to compel 281 documents. *See* Pl.'s Mot. at 1. In its response, the Government assembled a "Table of Challenges" after consultation with Plaintiff, which identified 269 documents sought by Plaintiff. The court has followed the "Table of Challenges" provided in the Appendix to the Government's Response in determining which documents are at issue in this motion. *See* Def.'s Resp. at App. 1. If there are any additional documents at issue in this motion which the Court has not addressed, the Court **ORDERS** the parties to attempt to resolve the matter(s) among themselves or otherwise to address their respective positions in a Joint Status Report to be filed on or before July 20, 2007.