IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Electronically filed: July 20, 2007

| | | |
|---|---|---|
| DAIRYLAND POWER COOPERATIVE, | ) | |
| Plaintiff, | ) | No. 04-0106C |
| v. | ) | (Chief Judge Damich) |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

JOINT STATUS REPORT

Pursuant to the Court's Order of July 11, 2007, the parties submit the following status report delineating matters they propose to have discussed at the status conference scheduled by the Court for July 25, 2007:

1. Dairyland's April 2, 2007 Motion for Sanctions and to Enforce February 5, 2007 Order:

In this motion, Dairyland seeks to have the Court enforce the government's compliance with the Court's February 5, 2007 Order regarding the production of documents and answers to interrogatories. Dairyland also seeks sanctions. This motion is fully briefed.

2. Other Issues Regarding Government Compliance with Orders of February 5 and March 28, 2007:

Plaintiff's Position: Dairyland has raised additional issues with the government regarding its compliance with its document production obligations in the Court's Rules and as noted in the Court's Orders of February 5 and March 28, 2007. First, the government has also failed to provide source or custodian information for a significant portion of the government's

production. Second, the government has not served Dairyland with a privilege log since the one posted on its document production web site in January 2007. It would be inconsistent with prior experience if among the 100s of thousands of pages of documents the government has produced since then, the government was not withholding at least some documents on claims of privilege or protection. Third, the government has not completed its production of documents.

Relatedly, Dairyland would like to discuss the timing of the government's completion of the production of documents, including the resolution of the Dairyland's remaining challenges to the government's claim of the deliberative process privilege addressed in the Court's June 29, 2007 Order, and the timing of the completion of Dairyland's depositions of the government's witnesses. Dairyland does not view its three depositions of the government's witnesses as having been completed because the government has not completed compliance with its document production obligations.

Defendant's Position: Defendant disagrees with plaintiff's description of defendant's document production efforts, which, to date, have been extremely one-sided, with the government making extraordinary efforts to produce documents in comparison to Dairyland. Some of Dairyland's complaints above are newly identified, and we will endeavor to attempt to resolve them or identify their basis prior to the status conference on July 25. 2007.

In addition, the government inadvertently produced several privileged documents to Dairyland in response to the Court's orders. Pursuant to paragraph 10 of the protective order entered by the Court on August 17, 2006, the government intends to notify Dairyland by letter of the specific documents that were inadvertently produced and to request that Dairyland return or otherwise destroy any such documents that are in its possession. Finally, because we disagree with Dairyland's assertion that the government has failed to comply with the Court's discovery

orders, the government disputes Dairyland's claim that it is entitled to re-open the government's depositions in this matter. Given that fact discovery has closed, the government will challenge any effort by Dairyland to re-open the government's depositions in this case.

3. Government's April 20, 2007 Motion for Imposition of Reciprocal Obligations Upon the Parties:

Defendant's Position: By this motion, the government seeks an order directing Dairyland to provide the same level of information from Dairyland in response to the government's discovery requests that the government is required to provide to Dairyland. This motion has been fully briefed.

4. Dairyland's Motion for Relief for Government Discovery Violations Regarding Rule 30(b)(6) Deposition Testimony:

Plaintiff's Position: In this motion, Dairyland seeks to have the Court prohibit the government from offering evidence at trial on certain issues on which the government's RCFC 30(b)(6) designees did not provide appropriate – or any – testimony. This motion has just been filed, and the government's time to respond has not yet run. The government's protestations regarding Dairyland's efforts to resolve these issues without Court intervention reflect more a desire to deflect attention from the government's discovery failures than an effort to resolve these issues. Counsel conferred regarding these issues at the depositions in question, as well as on July 9, July 13 and July 16.

Defendant's Position: Although the United States currently has until August 6, 2007 to respond formally, the government preliminarily notes that Dairyland's counsel informed the government on July 9, 2007 that Dairyland intended to file its motion without seeking to "meet and "confer" with the government beforehand in an effort to avoid the need for the Court's

intervention. Because the government demanded on July 9, and July 13, 2007, that Dairyland first provide an opportunity for the parties to "meet and confer," counsel for Dairyland and counsel for the United States scheduled a "meet and confer" by telephone on July 16, 2007, during which the government suggested several compromise measures that would have resolved, at least in part, the disputes discussed in Dairyland's motion. Nevertheless, Dairyland rejected the government's proposed accommodations and proceeded to file its motion on July 18, 2007. Because the government properly discharged its obligations pursuant to RCFC 30(b)(6) and the Court's orders and further sought to provide Dairyland with additional concessions during the parties' "meet and confer' discussions which were rejected by Dairyland, the government believes that Dairyland's motion is without merit and constitutes a waste of judicial resources. Because this motion will not be fully briefed prior to the July 25, 2007 status conference, we request that discussion of the motion be deferred until briefing on it is complete.

5. Possible Amendment To The Government's Initial Disclosures:

Defendant's Position: During the course of fact discovery, the Department of Justice has become aware of a dispute between Dairyland and the Nuclear Regulatory Commission regarding the manner in which Dairyland accounts for its inventory of spent nuclear fuel. The government has taken steps to obtain additional information regarding this matter and may seek to amend its initial disclosures to add a fact witness from the Nuclear Regulatory Commission. In that regard, the government would not object to allowing Dairyland the opportunity to depose any such witness outside the fact discovery period.

6. Adjustments to Pretrial Schedule:

The parties have agreed to adjust the pretrial schedule as follows to accommodate the schedules of witnesses and counsel: Dairyland will serve any rebuttal expert witness reports by

August 17, 2007. The government may have through August 31, 2007 to complete its depositions of Dairyland experts offering rebuttal reports.

7. Time for Dispositive Motions:

The government desires to move this deadline from August 3, 2007 to August 31, 2007. Dairyland does not oppose this change provided that it does not otherwise lead to extension of the times for the pretrial conference and trial.

8. Pretrial Order:

The parties are aware that the Court has posted on the Court's web site a "Proposed Pre-Trial Order." The parties would like to have the Court set the times for the submissions and meeting of counsel discussed in that Order. In addition, the parties would like to discuss have the Court establish time frames for the briefing and any argument on motions *in limine*.

9. Site Visit By Court:

Dairyland would like to discuss the possibility of, timing and procedures for a visit of the Dairyland nuclear site by the Court.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

HAROLD D. LESTER, JR.
Assistant Director

s/ Russell A. Shultis by Jerry Stouck
RUSSELL A. SHULTIS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-7571
Fax: (202) 307-2503

Attorneys for Defendant

s/ Jerry Stouck
JERRY STOUCK
Greenberg Traurig, LLP
800 Connecticut Avenue, NW
Suite 500
Washington, DC 20006
(202) 331-3100 (Telephone)
(202) 261-4751 (Facsimile)
*Counsel for Plaintiff*
DAIRYLAND POWER COOPERATIVE

Of Counsel:
Robert L. Shapiro
Kevin E. Stern
GREENBERG TRAURIG, LLP

July 20, 2007