IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Filed electronically on August 13, 2007

| | | |
|---|---|---|
| DAIRYLAND POWER COOPERATIVE | ) | |
| Plaintiff, | ) | No. 04-106C |
| v. | ) | (Chief Judge Damich) |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

DAIRYLAND'S NOTICE OF AUTHORITY REGARDING
CONSEQUENCES OF GOVERNMENT FAILURE TO SERVE PRIVILEGE LOG

At a status conference on August 7, 2007, the Court inquired about the required timing for service of a privilege log and the appropriate consequences for the government's failure to serve such a log substantiating its claims of privilege over an untold number of documents the government has been withholding from production on claims of privilege. *See* Tr. at 58 and 63. Dairyland provides this notice to specify the relevant authority. As set out below, this Court Ordered the government to produce responsive documents by April 6, 2007, and the government's continued withholding of responsive documents is a blatant violation of that Order obviating the need for further specification of the appropriate deadline for the government's privilege log. In addition, the authority makes clear that the government has failed to serve a privilege log within a permissible time frame, and the appropriate consequence of that failure is waiver of the privilege.

1. The burden is on the party claiming a privilege to establish its entitlement to that protection from discovery. *See, e.g., Osage Nation and/or Tribe of Indians of*

*Oklahoma v. United States*, 66 Fed. Cl. 244, 251, n. 3 (2005); *Energy Capital Corp. v. United States*, 45 Fed. Cl. 481, 484 (2000); *Pacific Gas & Elec. Corp. v. United States*, 70 Fed. Cl. 128, 133 (2006). Here, there can be no question that the government has not met its burden to establish any claim of privilege regarding the documents covered by the Court's February 5, 2007 Order.

2. The Orders of this Court have not been ambiguous regarding the required timing of the government's production of documents. The Court's Order of February 5, 2007 directed the government to complete its production of documents by March 9, 2007. That Order did not carve out an exception for documents over which the government might intend to claim a privilege. Likewise, the Court's Orders of March 9, 2007 and March 28, 2007 extended the deadline for the government's production of responsive documents to March 23, 2007 and April 6, 2007 respectively. And those Orders also did not exempt from their commands documents claimed by the government to be privileged. As is the case regarding compliance with any Orders of this Court, if the government desired relief from these deadlines to enable it to serve a privilege log substantiating its claims of privilege, it should have sought a stipulation from Dairyland or an order from the Court. "[T]he onus should be on the producing party to secure from the relevant litigants, or by order, the appropriate time necessary to complete its discovery obligations." *Burlington Northern & Santa Fey Ry. Co. v. U.S. Distr. Court for Dist. of Montana*, 408 F.3d 1142, 1149, n.3 (9th Cir. 2005) (applying this rule to the obligation to prepare a privilege log).

Dairyland is not suggesting a draconian rule whereby if a general objection to a request for production is overruled, then any claims of privilege over responsive

documents would be deemed waived if the producing party has not previously logged its claims of privilege. As noted in *United States v. Phillip Morris, Inc.*, 347 F.3d 951, 954 (D.C. Cir. 2003), the producing party should have an opportunity to log documents after its general objections are overruled. *See also* 8 Wright, Miller & Marcus, *Federal Practice and Procedure: Civil 2d* § 2016.1 at 236 (1994) ("Ordinarily courts should not expect details on withheld documents until the materials are readied for production and the party seeking discovery may then challenge the privilege claim."). Here, the Court provided the government with a more than sufficient opportunity to prepare a privilege log after the Court's rejection of the government's more general discovery objections in its Order of February 5, 2007. That opportunity extended for two months, until the April 6, 2007 deadline for producing responsive documents.

3. Ample authority supports waiver of the government's unsubstantiated claims of privilege as the appropriate consequence for its failure to serve a privilege log. In *Burlington Northern*, the Ninth Circuit upheld a ruling trial court ruling that privilege claims had been waived where the producing party failed to serve a privilege log for five months after serving its response to a request for documents. 408 F.3d at 1149. The Ninth Circuit declined to adopt a *per se* waiver rule requiring claims of privilege to be logged or waived by within the 30-day period for serving a written response to a request for documents under Rule 34. *Id.* Instead, the Ninth Circuit directed a case-by-case analysis to take into account factors such as the degree to which the objection or assertion of privilege enables the other litigants and the court to evaluate whether documents are privileged, the timeliness of the objections and accompanying information about the withheld documents, the magnitude of the document production and other circumstances

making responding to the discovery easier or more difficult. *Id.* The Ninth Circuit that, its ruling was also supported by the facts that the producing party, like the government in the spent fuel cases, was a "sophisticated corporate litigant" and that it was a "repeat player in environmental lawsuits and regulatory action involving the site that is the subject of the underlying lawsuit." *Id.; accord Universal City Development Partners, Ltd. v. Ride & Show Engineering, Inc.*, 230 F.R.D. 688, 695-96 (M.D. Fla. 2005). In *First Sav. Bank v. First Bank System, Inc,* 1995 WL 250394 at * 4 (D. Kan.), the trial court noted that it did not seem seriously disputed that the privilege would have attached if the producing party's objection had been timely and adequately asserted. Nevertheless, that court ordered the documents at issue produced in light of the inadequate showing of privilege in the last-minute privilege log produced in that case. *See also John Labatt Limited v. Molson Breweries*, 1995 WL 23603 at *1 (S.D.N.Y.) (noting grant of motion to compel where producing party failed to provide a complete privilege log); *Banks v. Office of the Senate Sergeant-at-Arms*, 226 F.R.D. 113, 115-17 (D.D.C. 2005) (finding that the producing party's failure to timely serve a privilege log warranted sanctions, but holding that ordering forfeiture of the privilege claimed was disproportionate to the harm caused in that case). These authorities are all consistent with the admonition in the 1993 Advisory Committee Note accompanying Fed. R. Civ. Pro. 26(b)(5) that "[t]o withhold materials without such notice [as provided in a privilege log] is contrary to the rule, subjects the party to sanctions under Rule 37(b)(2), and may be viewed as a waiver of the privilege or protection."

4. The authority noted above makes clear that the government should be deemed to have waived any claims of privilege over the documents it is still withholding.

The government's continued withholding of these documents beyond the April 6, 2007 deadline established by the Court and without even seeking further relief obviates the need for examination of the maximum time frame for producing a privilege log. The burden of establishing its claims of privilege rests on the government, and it has failed to meet that burden by the time production of the documents was due. And even if the Court had not established a date for production of responsive documents, it is far too late for the government to prepare a privilege log now. *Burlington Northern* found that a failure to produce a log for five months from the date of the Rule 34 response supported waiver of the privilege. Here, the Court ordered the government to serve its Rule 34 response by December 8, 2006 (the response was initially due November 9, 2006, and the Court granted the government two enlargements of this deadline). *See* Order of December 4, 2007. As of the August 7, 2007 status conference, the government's counsel could offer the Court no specific time when it might complete preparation of a privilege log, but that its completion (especially for claims of the deliberative process privilege) was clearly months away. Tr. at 97 (Mr. Lo Re: "But certainly we are hopeful that within several months, a month, two months, we will certainly *be making more progress* certainly on the attorney/client and work product doctrine documents.) (emphasis added).

No sanction short of the ordering of immediate production of the withheld documents (at least pursuant to the terms of the protective order entered in this case) and waiver of the claims of privilege (at least for purposes of litigation of the present case) would be sufficient to prevent even further prejudice to Dairyland. With the pretrial conference scheduled for January 15, 2008, pursuant to RCFC App. A, ¶13, the pre-trial

meeting of counsel must be conducted by November 13, 2007 and the parties must exchange information such as exhibit lists before that time. Thus, to make appropriate use of the withheld documents, Dairyland must receive them now.

For these reasons, the government should be ordered to produce immediately any documents responsive to the Court's Order of February 5, 2007 Order that are still being withheld.

Respectfully submitted,

Dated: August 13, 2007

s/ Jerry Stouck
JERRY STOUCK
Greenberg Traurig, LLP
800 Connecticut Avenue, N.W.
Suite 500
Washington, DC 20006
(202) 331-3100 (Telephone)
(202) 261-4751 (Facsimile)
*Counsel for Plaintiff*
DAIRYLAND POWER COOPERATIVE

Of Counsel:

Robert L. Shapiro
Kevin E. Stern
GREENBERG TRAURIG, LLP

*WDC 371461419v1 8/13/2007*