IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DAIRYLAND POWER COOPERATIVE, Plaintiff, | ) | |
| v. | ) | No. 04-106C (Chief Judge Damich) |
| THE UNITED STATES OF AMERICA, Defendant. | ) | |

DEFENDANT'S MOTION FOR LEAVE TO FILE A RESPONSE TO PLAINTIFF'S "NOTICE OF AUTHORITY REGARDING CONSEQUENCES OF GOVERNMENT FAILURE TO SERVE PRIVILEGE LOG," DATED AUGUST 13, 2007, AND PLAINTIFF'S "NOTICE OF NEW DEVELOPMENTS REGARDING GOVERNMENT'S FAILURE TO SERVE PRIVILEGE LOG," DATED AUGUST 17, 2007

Pursuant to Rule 7(b) of the Rules of the Court of Federal Claims, defendant, the United States, respectfully requests leave of the Court to file a response to the two "notices" that plaintiff, Dairyland Power Cooperative ("Dairyland"), recently filed with the Court: (1) "Dairyland's Notice of Authority Regarding Consequences of Government Failure to Serve Privilege Log," dated August 13, 2007; and (2) "Dairyland's Notice of New Developments Regarding Government's Failure to Serve Privilege Log," dated August 17, 2007.

Although Dairyland has styled its August 13 and August 17, 2007 filings as "notices," Dairyland effectively seeks relief from the Court in the form of an order deeming the Government's assertions of deliberative process privilege, attorney-client privilege, and attorney work product doctrine to be waived in light of the Government's continuing efforts to finalize its privilege log for the Government's massive document production in this matter. However,

because Dairyland's "notices" contain inaccurate statements of fact and law that unfairly mischaracterize the extent of the Government's efforts to date in complying with the Court's discovery orders, the Government has prepared a response to Dairyland's notices, which is attached hereto at Exhibit A. Nevertheless, because Dairyland has submitted the August 13 and August 17, 2007 filings as "notices," the Court's electronic case filing system does not permit the Government to file a corresponding response to these documents. Accordingly, to afford the Government with an adequate opportunity to respond to Dairyland's assertions and to provide the Court with additional information concerning the status of our efforts to complete the Government's document production and corresponding privilege log, we respectfully request that the Court grant the Government's request to file the attached "Defendant's Response To Plaintiff's 'Notice of Authority Regarding Consequences of Government Failure to Serve Privilege Log,' Dated August 13, 2007, and Plaintiff's 'Notice of New Developments Regarding Government Failure To Serve Privilege Log,' dated August 17, 2007," which is appended hereto at Exhibit A.

For the foregoing reasons, defendant respectfully requests that the Court grant this motion.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/Russell A. Shultis by s/Patrick B. Bryan
RUSSELL A. SHULTIS
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-7571
Fax: (202) 305-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

ALAN J. LO RE
Senior Trial Counsel

PATRICK B. BRYAN
JOSHUA E. GARDNER
SCOTT C. SLATER
Trial Attorneys
U.S. Department of Justice

August 23, 2007

# EXHIBIT A

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DAIRYLAND POWER COOPERATIVE, Plaintiff, | ) | |
| v. | ) | No. 04-106C (Chief Judge Damich) |
| THE UNITED STATES OF AMERICA, Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFF'S "NOTICE OF AUTHORITY REGARDING CONSEQUENCES OF GOVERNMENT FAILURE TO SERVE PRIVILEGE LOG," DATED AUGUST 13, 2007, AND PLAINTIFF'S "NOTICE OF NEW DEVELOPMENTS REGARDING GOVERNMENT'S FAILURE TO SERVE PRIVILEGE LOG," DATED AUGUST 17, 2007

Defendant, the United States, respectfully responds to "Dairyland's Notice of Authority Regarding Consequences of Government Failure to Serve Privilege Log," dated August 13, 2007, and "Dairyland's Notice of New Developments Regarding Government's Failure To Serve Privilege Log," dated August 17, 2007. Although plaintiff, Dairyland Power Cooperative ("Dairyland"), has styled its August 13 and August 17, 2007 filings as "notices," Dairyland effectively seeks relief from the Court in the form of an order declaring that the Government's assertions of deliberative process privilege, attorney-client privilege, and attorney work product doctrine for certain of the documents that the Government has withheld be regarded as waived in light of the Government's continuing efforts to finalize its privilege log for the Government's massive document production in this matter. As discussed in greater detail below, Dairyland's

"notices" mischaracterize the Government's behavior in complying with the Court's prior discovery orders and otherwise misleads the Court as to the applicable facts and law relating to the Government's efforts to provide a finalized privilege log to Dairyland in connection with the nearly one million pages worth of documents that the Government has produced to Dairyland over the course of the past spring and summer. In addition, Dairyland's "notices," which Dairyland filed with the Court without first allowing us an opportunity to address the issues discussed therein in an effort to avoid the need for further Court intervention, underscore the uncooperative behavior demonstrated by Dairyland with regard to the parties' handling of discovery disputes, as evidenced during the August 17, 2007 hearing in this matter.

## DISCUSSION

### I. CONTRARY TO DAIRYLAND'S ASSERTIONS IN ITS AUGUST 17, 2007 NOTICE, THE GOVERNMENT'S CONDUCT DOES NOT GIVE RISE TO AN IMPLIED WAIVER OF PRIVILEGE, PARTICULARLY IN LIGHT OF THE MAGNITUDE AND COMPLEXITY OF THE GOVERNMENT'S DOCUMENT PRODUCTION

According to Dairyland, because the Government has not submitted yet a privilege log for the subset of documents that the Government has withheld as protected on the grounds of attorney-client privilege or the work product doctrine (out of the approximately one-million pages of documents that the United States has produced to Dairyland over the course of the past four months), the Government's conduct gives rise to an implied "waiver"of any applicable privilege. See Plaintiff's Notice, dated August 13, 2007, at 4. In support of its assertion, Dairyland relies primarily upon Burlington Northern & Santa Fe Railway Co. v. U.S. Distr. Court for Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005), in which the United States Court of Appeals for the Ninth Circuit upheld the lower court's finding of waiver where there were no

mitigating factors to justify a party's delay in filing a privilege log five months after the relevant deadline for producing documents. Dairyland, however, misapplies the standard for waiver that was articulated in Burlington Northern and other cases – which, contrary to Dairyland's assertions, suggest that, in fact, the Government's conduct to date in discovery should not give rise to a waiver of privilege.

A waiver, where otherwise applicable, may be either expressed or implied from conduct. See In re Spats Rest.& Saloon, 64 B.R. 442, 446 (Bankr. D. Nev. 1986). As a general matter, if a waiver is implicit, "the conduct must be so manifestly consistent with and indicative of an intent to relinquish voluntarily a particular right that no other reasonable explanation of [one's] conduct is possible." Bechtel v. Liberty National Bank, 534 F.2d 1335, 1340 (9th Cir. 1976). Indeed, in Federal courts, "[w]aivers of rights are inherently suspect," In re Shady Grove Tech Ctr. Assoc. Ltd. Partnership, 227 B.R. 422, 425 (Bankr. D. Md. 1998), and "doubtful situations will not support waiver." Buyer v. Fisk, 174 F.2d 260, 268 (8th Cir. 1949). Accordingly, implied waivers of the protections afforded by the attorney-client privilege and work product doctrine generally are "construed narrowly," as a "broad waiver rule would no doubt inhibit the kind of frank attorney-client communications and vigorous investigation of all possible defenses that the attorney-client and work product privileges are designed to promote." In re Lott, 424 F.3d 446, 453 (6th Cir. 2005) (citation omitted).

Consistent with these principles, and as Dairyland recognizes in its "notice," courts have refused to adopt "a per se waiver rule that deems a privilege waived if a privilege log is not produced" within the time prescribed time period for the production of documents in discovery. Burlington Northern, 408 F.3d at 1149; see Pensacola Beach Community United Church, Inc. v.

Natal Union Fire Ins. Co., No. 06-CV-236, 2007 WL 737499, at *2 (N.D. Fla. Mar. 7, 2007) ("Failure to provide a privilege log does not result in an automatic waiver of privilege."). Rather, as the court found in Burlington Northern, trial courts should engage in a "reasonableness analysis" on a case-by-case basis, while taking into account such mitigating factors as "the magnitude of the document production" and "other particular circumstances of the litigation" making responding to the discovery easier or more difficult. Burlington Northern, 408 F.3d at 1149. Applying these principles, courts have failed to find a waiver of privilege arising from a delayed privilege log in complex cases involving the review and production of millions of pages of documents. See, e.g., Lawrence E. Jaffe Pension Plan v. Household Intel Inc., No. 02-5893, 2006 WL 3524016, at *12 (N.D. Ill. Dec. 6, 2006) (finding no waiver of privilege for delay in submitting privilege log in light of the fact that millions of documents had been reviewed and produced); c.f. Universal City Development Partners, Ltd. v. Ride & Show Engineering, Inc., 230 FRAT 688, 695-96 (M.D. Fla. 2005) (privilege waived where party produced privilege log eight months after the deadline for producing documents and where the case involved review and production of only "13,000 pages of documents").

In this case, when the above principles are applied, the Government's delay in producing a privilege log does not support a finding of implied waiver of privilege. As the Burlington Northern court emphasized, the "magnitude of the document production" in this context strongly weighs against the finding of a waiver in this instance. Even prior to the Court's discovery order in response to Dairyland's motion to compel documents, the Government had produced to Dairyland approximately one-million pages of documents that the Government had previously released to the spent nuclear fuel plaintiffs during and after the course of the Court's coordinated

discovery proceedings.[1] These documents have been available to Dairyland upon the Government's document production website since the commencement of its lawsuit against the United States in 2004. Following the Court's order in response to Dairyland's motion to compel documents, the United States produced to Dairyland over the course of the past four months approximately one million additional pages of documents in response to Dairyland's discovery requests. The Government produced these documents after a comprehensive search for responsive information that encompassed scores of Government program offices, laboratories, and research installations from around the country within two Federal agencies – the Department of Energy ("DOE") and the Nuclear Regulatory Commission ("NRC"). As a consequence, just in the past four months, the Government has newly produced to Dairyland more documents than it has produced to all the other spent nuclear fuel plaintiffs combined during the course of the past eight years of lengthy and protracted litigation.[2]

In addition to the sheer magnitude of the document production at issue, there are "other particular circumstances of the litigation" that weigh against the finding of waiver in this instance. Burlington Northern, 408 F.3d at 1149. As the Court is aware, because the documents

[1] It should be noted that the Government already has produced a privilege log to Dairyland for the over one million pages of documents that the Government made available to Dairyland from the coordinated discovery proceedings.

[2] None of the cases that Dairyland cites in its August 13, 2007 notice appear to deal with situations involving document productions that come even close to the magnitude and complexity of the document production at issue here. For example, in Universal City Development Partners, Ltd. v. Ride & Show Engineering, Inc., 230, F.R.D. 688 (M.D. Fl. 2005), upon which Dairyland relies, the court specifically noted that the document production at issue, which constituted 13,000 pages, was a "manageable" amount of documents that did not justify an eight-month delay in producing a corresponding privilege log for those documents among the 13,000 pages that were withheld on privilege grounds. See id. at 695-96.

that Dairyland requested relate to the Federal Government's continuing efforts in connection with the future establishment of a national repository for spent nuclear fuel – a matter of utmost national interest and importance that involves highly sensitive deliberations among senior Government officials that can have significant environmental, commercial, and national security implications – the Government is under an obligation to engage in a meticulous review of these materials to ensure that no information that may be protected by privilege, including, among others, the deliberative process and the Presidential communications privilege, are released voluntarily. Such an analysis necessarily involves the input and review of multiple agency officials from DOE, the NRC, and the Department of Justice. Given the magnitude of the documents reviewed and produced in this context and the necessary review and logging process for those documents over which the relevant Federal agencies declare privilege, the fact that the Government has yet to produce a complete privilege log to Dairyland regarding this new production is reasonable under the circumstances and should not give rise to a waiver of privilege.

Finally, as the Court is aware, and as counsel for Dairyland recognized during the August 7, 2007 hearing in this matter, the Court's scheduling orders currently do not set a specific deadline for the submission of privilege logs. See August 7, 2007 Hearing Tr. 63:5-7 (Mr. Shapiro: "I mean, frankly, Your Honor, perhaps in hindsight, we should have asked the Court to set a specific deadline."). The Government has undertaken a good-faith effort to provide a proper privilege log in due course as quickly as possible. Notwithstanding the incredibly burdensome and time-consuming efforts that we are undertaking to comply fully with Dairyland's discovery requests, it does not appear that Dairyland, which has produced to the

Government approximately 36,000 documents to date in response to the Government's discovery requests (a figure which pales in comparison to the millions of pages that the Government has provided to Dairyland), has failed to provide the Government with all the privilege and redaction logs to which it is entitled in this case.[3] In light of these circumstances, it would be unfair to penalize the Government for its diligent efforts by finding a waiver of privilege.

## II. DAIRYLAND'S AUGUST 17, 2007 "NOTICE OF NEW DEVELOPMENTS REGARDING GOVERNMENT'S FAILURE TO SERVE PRIVILEGE LOG" INACCURATELY DEPICTS THE GOVERNMENT'S CONDUCT IN CONNECTION WITH THE GOVERNMENT'S DOCUMENT PRODUCTIONS TO DAIRYLAND

In its August 17, 2007 notice, Dairyland unfairly accuses the Government of intentionally withholding some 20,000 documents that we recently produced to Dairyland on August 15 and August 16, 2007, which the United States previously had identified as subject to the deliberative process privilege "while knowing that they were not privileged." Plaintiff's August 17, 2007 Notice, at 2. Dairyland's assertion that the Government somehow acted in bad faith in providing

---

[3] Specifically, during discovery, Dairyland produced to the Government various documents wherein portions of a page (and in some instances, the entire page) were deleted and stamped as "Redacted not relevant." Appendix ("A") at 1-2. Because there is no basis under the law to redact documents that are otherwise responsive to a party's document requests upon the basis of "relevance," we asked Dairyland to provide unredacted versions of these documents. In response, on February 7, 2007, Dairyland reproduced the requested documents without the "redacted not relevant" stamp, but asserted attorney-client privilege or work-product doctrine with regard to certain portions that had previously been redacted on the basis of relevance. A3. For these assertions of attorney-client privilege and work product doctrine, as Dairyland itself recognized, Dairyland was required to provide a supplemental privilege log. A3. To date, however, we have no record of having received this log from Dairyland.

Similarly, on February 14, 2007, Dairyland – invoking the protective order in this case – asked the Government to return or otherwise destroy certain documents that Dairyland previously produced to the Dairyland but that Dairyland subsequently determined were subject to privilege. The Government complied with Dairyland's request. However, our records do not indicate that Dairyland supplemented its privilege log to account for those documents that were the subject of Dairyland's request, which Dairyland was obligated to do under the discovery rules. A4.

these documents Dairyland lacks any factual basis and further illustrates the continued uncooperative and contentious spirit that Dairyland's counsel has demonstrated throughout this litigation.[4]

As we described to the Court during the August 7, 2007 status conference, over the course of the past spring and summer, the Government has engaged in an extensive review of literally millions of pages worth of documents to determine whether each particular document is responsive to Dairyland's requests and to what extent, if any, a particular document should be shielded from production upon the basis of privilege. See August 7, 2007 Hearing Tr. 46:12-49:21. In conducting this review, the Government has paid particular attention to ensuring that it follows the proper procedural steps when asserting the deliberative-process privilege with respect to a particular document. As we explained during the August 7, 2007 hearing, the Government takes seriously its obligation to ensure that the proper senior agency officials to whom the right of asserting the privilege has been delegated by the Secretary of Energy have had sufficient time to analyze the particular documents that the Government's lawyers have initially identified as potentially protected within the deliberative-process privilege. Id.

In the process of finalizing the privilege log, we have sought the assistance of DOE and NRC to re-examine the approximately 10,000 documents withheld as privileged on the basis of guidance originally provided by those agencies. The documents that the United States produced to Dairyland on August 15 and August 16, 2007, are the result of that review and the

---

[4] Dairyland's contention that the Government has acted improperly in producing additional documents that were initially withhold as privileged is undermined by the fact that Dairyland itself has released to the Government various documents that it initially withheld from us from privilege. See A5.

Government's continuing and earnest efforts to produce as quickly as possible a finalized log and appropriate agency declarations for those document over which DOE will assert deliberative process privilege.[5] Based upon that review and the documents that remain privileged, we expect to be able to produce our privilege log by September 17, 2007. In no sense has the agency acted with the deliberative intent of obstructing the discovery process or otherwise to prejudice Dairyland, as Dairyland baselessly indicates in its notice. As we continue toward the conclusion of discovery in this matter, we hope to work cooperatively with Dairyland's counsel in an effort to resolve this and any other discovery-related disputes in an efficient manner without the need of further Court intervention.

CONCLUSION

For the foregoing reasons, we respectfully request that the Court refuse Dairyland's request to find that the Government has waived its right to assert privilege in this case over those documents for which a privilege log has not been provided yet to Dairyland.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel

s/Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

---

[5] The Government produced additional documents to Dairyland on August 17 and August 22, 2007, and expects to produce additional documents on August 24, 2007.

U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

ALAN J. LO RE
Senior Trial Counsel

PATRICK B. BRYAN
JOSHUA E. GARDNER
SCOTT C. SLATER
Trial Attorneys
U.S. Department of Justice

August 23, 2007

s/Russell A. Shultis
RUSSELL A. SHULTIS
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-7571
Fax: (202) 305-2503

Attorneys for Defendant

# APPENDIX

## INDEX TO APPENDIX


| Document | Page |
|---|---|
| January 23, 2007 Letter From Patrick B. Bryan to Kevin Stern | 1 |
| February 7, 2007 Letter from Kevin Stern To Patrick B. Bryan | 3 |
| February 14, 2007 Letter From Todd W. Monroe To Russell Shultis | 4 |
| November 13, 2006 Letter From Todd W. Monroe To Russell Shultis | 5 |

01/23/2007
DPC
3.1

U.S. Department of Justice

Civil Division

PDK:DMC:HDL:PBBryan
154-04-106

Telephone: (202) 305-7571
Facsimile: (202) 307-2503

*Washington, D.C. 20530*

January 23, 2007

**VIA FACSIMILE AND UNITED STATES MAIL**

Kevin Stern
Greenberg Traurig, LLP
800 Connecticut Avenue, N.W.
Suite 500
Washington, D.C. 20006

Re: *Dairyland Power Cooperative v. United States*, No. 04-0106C (Fed. Cl.)

Dear Mr. Stern:

In response to the Government's discovery requests in this matter, plaintiff, Dairyland Power Cooperative ("Dairyland"), has produced numerous documents wherein portions of the page (and in some cases, the entire page) have been deleted and stamped as "Redacted not relevant." For instance, our review to date of Dairyland's production of board meeting notes and minutes reveals that there are no fewer than 170 separate documents containing significant amounts of redacted material that Dairyland unilaterally determined to be "not relevant" to the matters at issue in this litigation. In fact, because Dairyland so heavily redacted its board meeting minutes, the vast majority of the information contained therein has been expunged completely. Notwithstanding the extensive amount of omitted material, other than the "Redacted not relevant" language appearing upon the blacked-out portions of these documents, Dairyland provides no basis in support of the redactions. Further, the redacted board minutes are not included among the documents listed in the privilege logs that Dairyland has produced to date, and we otherwise have not received from Dairyland a separate redaction log identifying the particular documents subject to redaction and the reasons for such redaction.

As you are aware, a party "may obtain discovery regarding any matter . . . if [it] appears reasonably calculated to lead to the discovery of admissible evidence." FRCP 26(b)(1). In light of the very broad scope of discovery pursuant to FRCP 26(b), once a party has requested certain discovery, "the burden is on the party objecting to show that the discovery is not relevant." Smith v. MCI Telecommunications Corp., 137 F.R.D. 25, 27, (D. Kan. 1991). In the Federal courts, a "mere blanket averment" by counsel that unidentified documents may contain irrelevant material is not sufficient to permit redaction. United States v. Davis, No. 85-Civ-6090, 1988 WL 96843, at *3 (S.D.N.Y. Sept. 13, 1988). In particular, the "unilateral editing of documents by the

A1

producing party" is not permitted, as such a practice "frequently gives rise to suspicion that relevant material to the producing party has been obscured." In re Medeva Securities Litig., No. 93-4376, 1995 WL 943468, at *3 (C.D. Cal. May 30, 1995). Accordingly, "[t]he Federal Rules of Civil Procedure do not recognize irrelevance as a privilege or an objection that warrants redaction." Medtronic Sofamor Danket, Inc. v. Michelson, No. 01-2373, 2002 WL 33003691, at *8 (W.D. Tenn. Jan. 30, 2002). Therefore, "where a party has produced no caselaw or cited to no applicable privilege, information may not be redacted from a document because it is deemed irrelevant by the producing party, especially when a protective order is in place to govern production of confidential information." Id. at *5 (citing American Elec. Power Co. v. United States, 191 F.R.D. 132, 141-42 (S.D. Ohio 1999)) (emphasis added).

Here, Dairyland's withholding of the information marked as "Redacted not relevant" is improper, as Dairyland has not identified any applicable privilege that would justify the redaction of such material. Further, to the extent that Dairyland has concerns with respect to sensitivity of the information contained in either the board minutes or any other documents that it has produced to date, the protective order that was issued in this case on August 17, 2006, provides sufficient protection to prevent the disclosure of any such information. Hence, there is simply no basis for Dairyland's redaction of information upon the stated grounds of "not relevant," and the Government is entitled to review unredacted versions of any such documents.

Accordingly, the Government demands that Dairyland produce clean and unredacted copies of any documents from Dairyland's document production containing portions that are stamped as "redacted not relevant," including complete and unredacted versions of Dairyland's board minutes, as soon as possible. Please let us know, by January 26, 2007, whether and when Dairyland will produce such documents to the Government. The Government will seek the appropriate relief from the Court in the event that Dairyland refuses to produce the requested information.

Should you have any questions with respect to these matters, please do not hesitate to contact us. Thank you for your prompt attention to these matters.

Sincerely,

Patrick B. Bryan

PATRICK B. BRYAN
Trial Attorney
Commercial Litigation Branch

A2

Greenberg
Traurig

Kevin E. Stern
Tel. 202.452.4878
Fax 202.261.0107
sternk@gtlaw.com

February 7, 2007

*VIA HAND DELIVERY*

Patrick B. Bryan
Department of Justice
Commercial Litigation Branch
Civil Division – Classification Unit
8th Floor Mailroom
1100 L Street, N.W.
Washington, D.C. 20530

Re: *Dairyland Power Cooperative v. United States*

Dear Mr. Bryan:

I am writing in follow-up to my January 25, 2007 letter regarding certain board minutes Dairyland produced in redacted form. As noted in that letter, despite Dairyland's position that the redacted information is not responsive to any of the government's document requests or relevant to any issue in this case, Dairyland is willing to produce these documents in unredacted form, subject to the terms of the protective order in place for this case. We have identified 312 documents containing over 3,600 pages where portions of one or more pages were redacted as non-responsive. Where the information was not otherwise protected from disclosure under the attorney-client privilege or the work-product doctrine, the redactions have been removed. The updated images for each document we identified are enclosed on the disk labeled PROD13. A supplemental privilege log covering these documents will be provided in due course.

Feel free to contact me if you have any questions or wish to discuss this further.

Sincerely,

Kevin E. Stern

Enclosure

A3

**Greenberg Traurig**

Todd W. Monroe
Tel. 202.530.8561
Fax 202.261.0174
monroet@gtlaw.com

February 14, 2007

*VIA FACSIMILE AND FIRST CLASS MAIL*

Russell Shultis
Department of Justice
Commercial Litigation Branch
Civil Division – Classification Unit
8th Floor Mailroom
1100 L Street, NW
Washington, D.C. 20530

Re: *Dairyland Power Cooperative v. United States*

Dear Mr. Shultis:

I am writing regarding certain documents produced to the government, where certain portions inadvertently reveal privileged or protected work-product material. The documents in question include three sets of meeting notes with Bates ranges of PLAC0052670-72, PLAC0052686689, and PLAC0052691-94.

Pursuant to paragraph 10 of the Protective Order dated August 17, 2006 in the above-referenced case, we ask that the government promptly 1) return (or destroy) all copies of the aforementioned unredacted documents and likewise delete them from the government's document database 2) not make any further use of these documents in this or other spent fuel cases, and 3) notify us that you have destroyed or returned all copies of these documents and deleted them from the government's database. Dairyland is replacing those unredacted documents with the enclosed revised versions, reflecting the redaction of privileged or protected information. A supplemental privilege log reflecting these redactions, and other recently clawed-back documents will be provided in due course.

Please let me know if you have any questions regarding these matters.

Very truly yours,

Todd W. Monroe

Enclosures

A4

ALBANY
AMSTERDAM
ATLANTA
BOCA RATON
BOSTON
CHICAGO
DALLAS
DENVER
FORT LAUDERDALE
LOS ANGELES
MIAMI
NEW JERSEY
NEW YORK
ORANGE COUNTY, CA
ORLANDO
PHILADELPHIA
PHOENIX
SILICON VALLEY
TALLAHASSEE
TYSONS CORNER
WASHINGTON, D.C.
WEST PALM BEACH
WILMINGTON
ZURICH

www.gtlaw.com


Greenberg Traurig, LLP | Attorneys at Law | 800 Connecticut Avenue, NW | Suite 500 | Washington, D.C. 20006
Tel 202.331.3100 | Fax 202.331.3101

# Greenberg Traurig

Todd W. Monroe
Tel. 202.530.8561
Fax 202.261.0174
monroet@gtlaw.com

November 13, 2006

***VIA HAND DELIVERY***

Russell Shultis
Department of Justice
Commercial Litigation Branch
Civil Division – Classification Unit
8th Floor Mailroom
1100 L Street, NW
Washington, D.C. 20530

Re: *Dairyland Power Cooperative v. United States*

Dear Mr. Shultis:

In connection with the review of privileged documents and the production of Dairyland's privilege logs, we are producing a number of documents that were previously withheld. The enclosed disk labeled PROD07 contains these released documents.

If you have any questions regarding the enclosed, do not hesitate to contact me.

Sincerely,

Todd W. Monroe

Enclosure

A5

ALBANY
AMSTERDAM
ATLANTA
BOCA RATON
BOSTON
CHICAGO
DALLAS
DENVER
FORT LAUDERDALE
LOS ANGELES
MIAMI
NEW JERSEY
NEW YORK
ORANGE COUNTY, CA
ORLANDO
PHILADELPHIA
PHOENIX
SILICON VALLEY
TALLAHASSEE
TYSONS CORNER
WASHINGTON, D.C.
WEST PALM BEACH
WILMINGTON
ZURICH