# Exhibit 2

**IMPORTANT**: This facsimile is intended only for the use of the individual or entity to which it is addressed. It may contain information that is privileged, confidential, or otherwise protected from disclosure under applicable law. If the reader of this transmission is not the intended recipient or the employee or agent responsible for delivering the transmission to the intended recipient, you are hereby notified that any dissemination, distribution, copying or use of this transmission or it's contents is strictly prohibited. If you have received this transmission in error, please notify us by telephoning and return the original transmission to us at the address given below.

**FROM:** Department of Justice
Civil Division

Voice No. 202-305-7571
Fax No. 202-305-7643

**SENT BY:** Russell A. Shultis
Trial Attorney

**TO:** Todd W. Monroe

**FAX No.** (202)331-3101

**DATE:** September 18, 2006

**NUMBER OF PAGES SENT (INCLUDING COVER PAGE):** 2
Dairyland Power Cooperative v. US, Fed. Cl. No. 04-0106C

U.S. Department of Justice

Civil Division

PDK:DMC:HDL:RAShultis
154-04-106

Telephone: (202) 305-7561
Facsimile: (202) 307-2503

*Washington, D.C. 20530*

September 18, 2006

**VIA FACSIMILE AND UNITED STATES MAIL**

Todd W. Monroe
Greenberg Traurig, LLP
800 Connecticut Avenue, N.W.
Suite 500
Washington, D.C. 20006

Re: *Dairyland Power Cooperative v. United States*, No. 04-0106C (Fed. Cl.)

Dear Mr. Monroe:

I am writing in response to your letter dated August 23, 2006, regarding documents that you previously produced to us which you now claim are privileged. As you requested, we have deleted or otherwise destroyed copies of the 74 documents that were on your list.

When a party withholds information that is otherwise discoverable based upon a claim of privilege, that party is required to specifically describe the documents with sufficient information to enable the other party to assess the applicability of the privilege. RCFC 26(b)(5). Blanket objections do not provide sufficient detail to allow the opposing party to make that determination. Universal City Development Partners, Ltd. v. Ride & Show Engineering, Inc., 230 F.R.D. 688, 695 (M.D. Fla. 2005). Because a blanket claim of privilege is not sufficient, a log or index of the materials that have been withheld must be produced. Id. Moreover, failure to provide such a log in a timely manner can effect a waiver of the privilege. Id. at 695-96.

Therefore, please produce a privilege log for the listed documents as soon as possible. If you have any further questions, do not hesitate to contact me.

Sincerely,

RUSSELL A. SHULTIS
Trial Attorney
Commercial Litigation Branch