IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Filed electronically on August 30, 2007

| | | |
|---|---|---|
| DAIRYLAND POWER COOPERATIVE | ) | |
| Plaintiff, | ) | No. 04-106C |
| v. | ) | (Chief Judge Damich) |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

DAIRYLAND'S REPLY TO GOVERNMENT RESPONSE TO DAIRYLAND FILINGS REGARDING GOVERNMENT'S FAILURE TO SERVE PRIVILEGE LOG

The government's response to Dairyland's recent filings regarding the government's failure to serve a privilege log underscores the extensiveness and seriousness of the government's failure and makes clear that swift and decisive action from the Court, including an order directing the immediate release to Dairyland (at least under the protection of the Court's protective order) is both appropriate and necessary to keep this case on track and to avoid further prejudice to Dairyland.

1. The government outrageously asserts that the fact that it has not yet produced a "complete privilege log to Dairyland regarding this new production is *reasonable under the circumstances*." Govt. Resp. at 6 (emphasis added). Of course, the government has not produced *any* privilege log to Dairyland covering its withholdings of documents notwithstanding this Court's Orders directing production of responsive documents by April 6, 2007, and there is nothing reasonable about the government's conduct. The government apparently doesn't understand or doesn't care that its failure to timely produce documents or assert privilege claims has prejudiced Dairyland, has

disrupted the orderly progress of this case and threatens to create further prejudice and delay. Dairyland should have had all responsive government documents not later than April 6 so that Dairyland could reasonably review them, depose the government's witnesses with them, determine which documents to put on its trial exhibit list and otherwise prepare for trial. The government's wrongful withholding has prevented Dairyland from completing these tasks in an orderly manner.

It has become clear that the government has been withholding (and continues to withhold) a massive quantity of documents. By Dairyland's computerized count (the government has produced paper copies of the documents, and Dairyland is incurring the expense of having them scanned and indexed), in the period August 15-24, the government released 51,969 pages constituting 2,907 responsive documents that the government had been wrongfully withholding as privileged. The government released another four boxes on August 27. *See* April 27, 2007 letter from Slater to Stouck, exhibit 1. The government's response admits that there have been "approximately 10,000 documents withheld as privileged." Govt. Resp. at 8. Thus, the government is apparently still withholding more than 6,000 documents comprising more than 100,000 additional pages (if the average size of the documents still being withheld is consistent with the size of the 2,907 recently released). Dairyland's counsel has asked the government's counsel this week to estimate the number of documents expected to be on the government's anticipated privilege log, but they responded that they could not do so.

Time is of the essence. With trial starting on January 28, 2008 and the pretrial conference set for January 15, 2008, the RCFC, Appendix A meeting of counsel should occur by November 13, with the parties exchanging pretrial materials before then.

Dairyland needs the responsive documents now so that it may reasonably prepare for these upcoming deadlines.

The government fails to suggest any mechanism short of the immediate release of the withheld documents (at least subject to the protective order) that would enable Dairyland to reasonably make use of any of the documents still being withheld.[1] Given that the government is still withholding an untold number of documents on the basis of the qualified deliberative process privilege and the Court's prior judgment that Dairyland's interest in disclosure of such documents outweighs the government's interest in secrecy in many instances, it cannot be assumed that adjudication of the government's claims of privilege would not result in the release of thousands of the documents still being withheld. But the government has seen to it that there is plainly insufficient time for such an adjudication even if the government meets its September 17 date for producing a privilege log and the Court were to appoint a special master to review the government's privilege claims.

2. The government points to no authority that supports its argument that its conduct has been "reasonable under the circumstances," and there is none. The government cites one case where a court declined to find waiver where a producing party did not produce a privilege log immediately upon release of other documents, *Lawrence E. Jaffe Pension Plan v. Household Intel, Inc.* 2006 WL 3524016 (N.D. Ill), Govt. Resp. at 4, but the situation in that case differs substantially from the present case. There, the

[1] The parties have agreed in principle the Dairyland should be permitted to reopen the depositions of the government's witnesses based on the recently released documents and that such depositions should not be scheduled until issues concerning the government's withholding of documents are resolved and the government's release of documents is complete.

privilege was asserted in the month following the document request (the documents were subpoenaed on May 19, the subpoena was objected to on June 6, the claim of privilege was asserted on June 29 and the privilege log was provided on October 16, *id.* at *2 and 12), and there is no suggestion in the case that the timing of the privilege log in any way interfered with the orderly progress of that case. In *Burlington Northern & Santa Fe Railway Co. v. U.S. Distr. Court for Dist. of Montana*, 408 F.3d 1142, 1149 (9th Cir. 2005) and *Universal City Development Partners, Ltd. v. Ride & Show Engineering, Inc.*, 230 F.R.D. 688, 695-96 (M.D. Fla. 2005), the courts did find waiver. Indeed, the government previously found *Universal City* sufficiently authoritative to cite to Dairyland for the proposition that the failure to provide a privilege log can effect a waiver of the privilege. *See* Letter of September 18, 2006 from Shultis to Monroe, exhibit 2.

The government's claim that the cases Dairyland cites do not come close to the magnitude and complexity of the document production at issue here, Govt. Resp. at 5, n. 2, misses the mark. First, *Burlington* does not specify the magnitude and complexity of the document production at issue there. Second, *Burlington* counsels against a mechanistic examination of numbers of documents and days of delay in preparation of a log. Third, in light of the time frames of this case and the sophistication of the government as a litigant, it should have met its RCFC 26(b)(5) obligations far faster than it plans to.

3. The government's claim that Dairyland has not met its privilege log obligations, Govt. Resp. at 7 and n.3, is an obvious improper effort to distract attention from the government's discovery failure. If the government has a gripe with Dairyland's compliance with RCFC 26(b)(5) (the government certainly has not made any effort to

meet and confer with Dairyland's counsel on these issues), it should raise it directly, but any such complaint can't excuse the government's conduct. Moreover, Dairyland's conduct has not been at all like the government's. Although Dairyland did not "log" the very small number of redactions and withholdings at issue, it did essentially meet its RCFC 26(b)(5) obligation by providing all, or almost all, of the information that would otherwise be placed on a privilege log. The redactions the government refers to cover only 76 documents, and the government has had available to it the typical privilege log information (author, recipient, date, etc.) in the unredacted portions of the documents. Dairyland similarly identified the five documents it clawed back from production. Indeed, unlike the situation with the government's withholding of the documents, the absence of privilege log entries for Dairyland's documents has not prevented the government from challenging these claims of privilege, as the government challenged the privilege claims for some of the clawed back documents in its January 23, 2007 motion to compel. And the Court's March 27, 2007 Order compelled the production of two of those documents.

4. The government's complaint that Dairyland's assessment that the government has likely been withholding many of the recently produced 52,000 pages (plus four more boxes) for a significant period while knowing that they are not privileged is unfair and baseless, Govt. Resp. at 7-9, is belied by the facts. The government largely completed its production of documents to Dairyland in early April and in the following four months it did not release any previously withheld documents. After the government's improper withholding of documents was raised in a significant way at the August 7 status conference, the government released tens of thousands of pages of

documents within a few days. There appear to be only two possible explanations for this sudden release, either of which strongly suggests improper government conduct: (1) the government gradually has been making determinations since April that many of its withholdings had been improper but it failed to release any such documents until August, or (2) the government did not even begin to review its previously withheld documents or begin to prepare a privilege log in a serious way until August.

For these reasons, the Court should direct the government to immediately release all documents responsive to the Court's February 5, 2007 Order.

Respectfully submitted,

Dated: August 30, 2007

s/ Jerry Stouck
JERRY STOUCK
Greenberg Traurig, LLP
800 Connecticut Avenue, N.W.
Suite 500
Washington, DC 20006
(202) 331-3100 (Telephone)
(202) 261-4751 (Facsimile)
*Counsel for Plaintiff*
DAIRYLAND POWER COOPERATIVE

Of Counsel:

Robert L. Shapiro
Kevin E. Stern
GREENBERG TRAURIG, LLP

*WDC 371461419v1 8/13/2007*