IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Filed electronically on September 18, 2007

| | | |
|---|---|---|
| DAIRYLAND POWER COOPERATIVE, Plaintiff, | ) | |
| v. | ) | No. 04-106C (Chief Judge Damich) |
| UNITED STATES OF AMERICA Defendant. | ) | |

DAIRYLAND'S MOTION TO COMPEL PRODUCTION OF "PRESIDENTIAL COMMUNICATIONS" DOCUMENTS

Dairyland moves this Court pursuant to RCFC 37(a)(2) to compel the government to produce five documents in unredacted form that it has improperly redacted on "presidential communications" privilege grounds.

## Introduction

On June 29, 2007, the Court issued an opinion and order ("June 29 Opinion") ruling on Dairyland's Motion to Compel Production of Documents Withheld Under the "Deliberative Process" and Attorney-Client Privileges that ordered the government to produce certain documents that it had withheld on deliberative process privilege grounds. In so ordering, the Court ruled that the government could redact all attorney-client and work product material included in these documents before producing them to Dairyland. Explanations of these redactions were to be provided in the margins of the documents.

On July 20, the government produced the deliberative process documents that had been ordered produced by the Court. However, five of the documents produced — Ref. Nos. E154,

E167, E170, E171 and E178 — were produced to Dairyland in completely redacted form. *See* Attachment A. Although the Court's June 29 Opinion only allowed for redactions for attorney-client and work product material, the apparent basis for the government's redactions in these documents is the "presidential communications" privilege. Based upon the letter and spirit of the Court's June 29 Opinion, there is no proper basis for the government's assertion of the presidential communications privilege for these five documents. Moreover, even assuming that this qualified privilege had been properly asserted by the government, Dairyland has already demonstrated a sufficient evidentiary need for these documents that outweighs the government's interest in protecting their confidentiality.

<u>Background</u>

In its June 29 Opinion, the Court ordered the production of numerous documents that the government had withheld from Dairyland on deliberative process privilege grounds. The Court's order was subject to the following redaction rule:

> The Government may redact all attorney-client and work product material included in these documents before producing them to Plaintiff. Explanations of these redactions should be provided in the margins. Production of these documents shall be made to Plaintiff on or before July 20, 2007.

June 29 Opinion at 30.

On July 20, the government produced the deliberative process documents that had been ordered produced. In a cover letter accompanying the government's production, government counsel asserted that the government had attempted to comply with the Court's redaction rule referenced above. However, contrary to that assertion, five documents — Ref. Nos. E154, E167, E170, E171 and E178 — were "produced" in completely redacted form well beyond the scope of the June 29 Opinion. In other words, these documents were not really produced at all. The apparent basis for the government's complete redaction of these documents is the "presidential

communications" privilege, which is a privilege that the Court did not recognize as a proper basis for redactions in its June 29 Opinion.

On August 20, 2007, Dairyland counsel wrote a detailed letter to government counsel informing it of Dairyland's objections to the redactions of the five documents on presidential communications grounds and requesting that these documents be produced in unredacted form. *See* Attachment B. Government counsel never responded to that part of this letter.

## Argument

### I. The Government Cannot Redact Documents Subject to the June 29 Opinion on "Presidential Communications" Privilege Grounds

The Count's June 29 Opinion directed the government to produce documents E154, E167, E170, E171 and E178, in addition to a number of others, subject only to an exception that it carved out permitting redactions for attorney-client and work product material. Contrary to the Court's order, the government has produced these documents in *completely* redacted form based apparently on an assertion of the "presidential communications" privilege. But if the Court considered such redactions permissible, it would have stated so in its Opinion by also carving out an exception for the presidential communications privilege. Moreover, it is wholly incompatible with the spirit as well as the letter of the June 29 Opinion for the Court to order the production of certain documents based on Dairyland's need for the documents, but, at the same time, allow such documents to be rendered useless because they are produced in completely redacted form.

In any event, there is no proper basis for the government's reliance on the presidential communications privilege. First, the government has failed to provide any indication as to who has invoked the privilege and under what authority. The Milner declaration submitted by the government does not speak to the presidential communications privilege for the five subject documents or any other documents withheld by the government, and we are not aware of any

other support in this case for asserting it. Moreover, even if Mr. Milner had actually invoked the privilege, there is no reason to believe that he is qualified to do so since there is no precedent for delegating a responsibility that is exclusively reserved for the President himself and, perhaps arguably, a few of his closest advisers. In other words, because the presidential communications privilege has not been properly invoked with the requisite authority, it has no place in this litigation.

Second, even assuming, *arguendo*, that the presidential communications privilege had been appropriately asserted, courts have repeatedly ruled that it is a qualified privilege that can be overcome if the requesting party demonstrates a sufficient evidentiary need for the documents that outweighs the government's interest in confidentiality. *See Sun Oil Co. v. United States*, 514 F.2d 1020 (Ct. Cl. 1975); *Judicial Watch, Inc. v. Dept. of Justice*, 265 F.3d 1108 (D.C. Cir. 2004); *In re Sealed Case*, 121 F.3d 729 (D.C. Cir. 1997). The Court's June 29 Opinion establishes that Dairyland has demonstrated a sufficient need for the documents at issue to overcome the deliberative process privilege. It necessarily follows that Dairyland already has similarly demonstrated sufficient need to overcome an assertion of the presidential communications privilege. Because Dairyland has already met its burden, there is no legitimate reason why these five documents should be allowed to be produced in redacted form based on a privilege so closely related to one that the Court has already ruled on.

## Conclusion

For the reasons set forth above, this Court should grant Dairyland's motion to compel and order the government to produce document Ref. Nos. E154, E167, E170, E171 and E178 in unredacted form.

Respectfully submitted,

Dated: September 18, 2007

s/ Jerry Stouck
JERRY STOUCK
Greenberg Traurig, LLP
800 Connecticut Avenue, N.W.
Suite 500
Washington, DC 20006
(202) 331-3100 (Telephone)
(202) 261-4751 (Facsimile)
*Counsel for Plaintiff*
DAIRYLAND POWER COOPERATIVE

Of Counsel:

Robert L. Shapiro
Kevin E. Stern
GREENBERG TRAURIG, LLP

# Attachment A

E154 PC

Policy options for interim storage of radioactive waste.

## POLICY OPTIONS FOR INTERIM STORAGE OF RADIOACTIVE WASTE

[redacted]

Draft: November 7, 1996/1:22pm

Printed, older

1

RESTRICTED DISTRIBUTION
PROTECTED MATERIAL WITH NON-GOVERNMENT DISTRIBUTION LIMITED TO COUNSEL FOR DAIRYLAND AS DEFINED ON PAGE 6 IN THE COURT'S ORDER DATED JUNE 29, 2007 (DAIRYLAND POWER COOPERATIVE V. U.S., NO. 04-106C) FOR USE ONLY IN THE DAIRYLAND CASE

[redacted]



RESTRICTED DISTRIBUTION
PROTECTED MATERIAL WITH NON-GOVERNMENT DISTRIBUTION LIMITED TO COUNSEL FOR DAIRYLAND AS DEFINED ON PAGE 6 IN THE COURT'S ORDER DATED JUNE 29, 2007 (DAIRYLAND POWER COOPERATIVE V. U.S., NO. 04-106C) FOR USE ONLY IN THE DAIRYLAND CASE

[redacted]



RESTRICTED DISTRIBUTION
PROTECTED MATERIAL WITH NON-GOVERNMENT DISTRIBUTION
LIMITED TO COUNSEL FOR DAIRYLAND AS DEFINED ON PAGE 6 IN THE
COURT'S ORDER DATED JUNE 29, 2007 (DAIRYLAND POWER
COOPERATIVE V. U.S., NO. 04-106C) FOR USE ONLY IN THE DAIRYLAND
CASE

# POLICY OPTIONS FOR INTERIM STORAGE OF RADIOACTIVE WASTE

[redacted]



RESTRICTED DISTRIBUTION
PROTECTED MATERIAL WITH NON-GOVERNMENT DISTRIBUTION LIMITED TO COUNSEL FOR DAIRYLAND AS DEFINED ON PAGE 6 IN THE COURT'S ORDER DATED JUNE 29, 2007 (DAIRYLAND POWER COOPERATIVE V. U.S., NO. 04-106C) FOR USE ONLY IN THE DAIRYLAND CASE

[redacted]



RESTRICTED DISTRIBUTION
PROTECTED MATERIAL WITH NON-GOVERNMENT DISTRIBUTION LIMITED TO COUNSEL FOR DAIRYLAND AS DEFINED ON PAGE 6 IN THE COURT'S ORDER DATED JUNE 29, 2007 (DAIRYLAND POWER COOPERATIVE V. U.S., NO. 04-106C) FOR USE ONLY IN THE DAIRYLAND CASE

# POLICY OPTIONS FOR INTERIM STORAGE OF RADIOACTIVE WASTE

[redacted]

[redacted]

[redacted]

- [redacted]
- [redacted]
- [redacted]

[redacted]

- [redacted]

[redacted]

- [redacted]
- [redacted]



RESTRICTED DISTRIBUTION
PROTECTED MATERIAL WITH NON-GOVERNMENT DISTRIBUTION LIMITED TO COUNSEL FOR DAIRYLAND AS DEFINED ON PAGE 6 IN THE COURT'S ORDER DATED JUNE 29, 2007 (DAIRYLAND POWER COOPERATIVE V. U.S., NO. 04-106C) FOR USE ONLY IN THE DAIRYLAND CASE

HQR0290182

[redacted]

• [redacted]

[redacted]

• [redacted]

[redacted]



RESTRICTED DISTRIBUTION
PROTECTED MATERIAL WITH NON-GOVERNMENT DISTRIBUTION LIMITED TO COUNSEL FOR DAIRYLAND AS DEFINED ON PAGE 6 IN THE COURT'S ORDER DATED JUNE 29, 2007 (DAIRYLAND POWER COOPERATIVE V. U.S., NO. 04-106C) FOR USE ONLY IN THE DAIRYLAND CASE

# POLICY OPTIONS FOR INTERIM STORAGE OF RADIOACTIVE WASTE

[redacted]

Draft: November 7, 1996/1:22pm

I.

RESTRICTED DISTRIBUTION
PROTECTED MATERIAL WITH NON-GOVERNMENT DISTRIBUTION LIMITED TO COUNSEL FOR DAIRYLAND AS DEFINED ON PAGE 6 IN THE COURT'S ORDER DATED JUNE 29, 2007 (DAIRYLAND POWER COOPERATIVE V. U.S., NO. 04-106C) FOR USE ONLY IN THE DAIRYLAND CASE

[redacted]

Draft: November 7, 1996/1:22pm



RESTRICTED DISTRIBUTION
PROTECTED MATERIAL WITH NON-GOVERNMENT DISTRIBUTION LIMITED TO COUNSEL FOR DAIRYLAND AS DEFINED ON PAGE 6 IN THE COURT'S ORDER DATED JUNE 29, 2007 (DAIRYLAND POWER COOPERATIVE V. U.S., NO. 04-106C) FOR USE ONLY IN THE DAIRYLAND CASE

# POLICY OPTIONS FOR INTERIM STORAGE OF RADIOACTIVE WASTE

[redacted]

[redacted]

[redacted]

[redacted]

- [redacted]
- [redacted]
- [redacted]

[redacted]

- [redacted]

[redacted]

- [redacted]
- [redacted]



RESTRICTED DISTRIBUTION
PROTECTED MATERIAL WITH NON-GOVERNMENT DISTRIBUTION LIMITED TO COUNSEL FOR DAIRYLAND AS DEFINED ON PAGE 6 IN THE COURT'S ORDER DATED JUNE 29, 2007 (DAIRYLAND POWER COOPERATIVE V. U.S., NO. 04-106C) FOR USE ONLY IN THE DAIRYLAND CASE

[redacted]



RESTRICTED DISTRIBUTION
PROTECTED MATERIAL WITH NON-GOVERNMENT DISTRIBUTION
LIMITED TO COUNSEL FOR DAIRYLAND AS DEFINED ON PAGE 6 IN THE
COURT'S ORDER DATED JUNE 29, 2007 (DAIRYLAND POWER
COOPERATIVE V. U.S., NO. 04-106C) FOR USE ONLY IN THE DAIRYLAND
CASE

HQR0290187

SUPPORTING INITIATIVES FOR POLICY OPTIONS

[redacted]



RESTRICTED DISTRIBUTION
PROTECTED MATERIAL WITH NON-GOVERNMENT DISTRIBUTION
LIMITED TO COUNSEL FOR DAIRYLAND AS DEFINED ON PAGE 6 IN THE
COURT'S ORDER DATED JUNE 29, 2007 (DAIRYLAND POWER
COOPERATIVE V. U.S. NO. 04-106C) FOR USE ONLY IN THE DAIRYLAND
CASE

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]



RESTRICTED DISTRIBUTION
PROTECTED MATERIAL WITH NON-GOVERNMENT DISTRIBUTION LIMITED TO COUNSEL FOR DAIRYLAND AS DEFINED ON PAGE 6 IN THE COURT'S ORDER DATED JUNE 29, 2007 (DAIRYLAND POWER COOPERATIVE V. U.S., NO. 04-106C) FOR USE ONLY IN THE DAIRYLAND CASE

[redacted]

- [redacted]
- [redacted]

[redacted]

- [redacted]
- [redacted]
- [redacted]



RESTRICTED DISTRIBUTION.
PROTECTED MATERIAL WITH NON-GOVERNMENT DISTRIBUTION LIMITED TO COUNSEL FOR DAIRYLAND AS DEFINED ON PAGE 6 IN THE COURT'S ORDER DATED JUNE 29, 2007 (DAIRYLAND POWER COOPERATIVE V. U.S., NO. 04-106C) FOR USE ONLY IN THE DAIRYLAND CASE

E167 PC

Memo re: Expedited acceptance of spent fuel at a Yucca fuel repository

EXECUTIVE OFFICE OF THE PRESIDENT

13-May-1995 09:36am

TO: Kathleen Peroff
TO: Gary L. Bennethum
TO: Robert L. Civiak

FROM: T J. Glauthier
Office of Mgmt and Budget, NRES

CC: Alice E. Shuffield

SUBJECT: Yucca -- interim storage policy group

[redacted]

RESTRICTED DISTRIBUTION
PROTECTED MATERIAL WITH NON-GOVERNMENT DISTRIBUTION LIMITED TO COUNSEL FOR DAIRYLAND AS DEFINED ON PAGE 6 IN THE COURT'S ORDER DATED JUNE 29, 2007 (DAIRYLAND POWER COOPERATIVE V. U.S., NO. 04-106C) FOR USE ONLY IN THE DAIRYLAND CASE

[redacted]

[redacted]

[redacted]

[redacted]

RESTRICTED DISTRIBUTION
PROTECTED MATERIAL WITH NON-GOVERNMENT DISTRIBUTION LIMITED TO COUNSEL FOR DAIRYLAND AS DEFINED ON PAGE 6 IN THE COURT'S ORDER DATED JUNE 29, 2007 (DAIRYLAND POWER COOPERATIVE V. U.S., NO. 04-106C) FOR USE ONLY IN THE DAIRYLAND CASE

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

RESTRICTED DISTRIBUTION
PROTECTED MATERIAL WITH NON-GOVERNMENT DISTRIBUTION LIMITED TO COUNSEL FOR DAIRYLAND AS DEFINED ON PAGE 6 IN THE COURT'S ORDER DATED JUNE 29, 2007 (DAIRYLAND POWER COOPERATIVE V. U.S., NO. 04-106C) FOR USE ONLY IN THE DAIRYLAND CASE

[redacted]

[redacted]

[redacted]

[redacted]



RESTRICTED DISTRIBUTION
PROTECTED MATERIAL WITH NON-GOVERNMENT DISTRIBUTION
LIMITED TO COUNSEL FOR DAIRYLAND AS DEFINED ON PAGE 6 IN THE
COURT'S ORDER DATED JUNE 29, 2007 (DAIRYLAND POWER
COOPERATIVE V. U.S., NO. 04-106C) FOR USE ONLY IN THE DAIRYLAND
CASE

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

PRELIMINARY DRAFT May 15, 1995 /1:04 pm

RESTRICTED DISTRIBUTION
PROTECTED MATERIAL WITH NON-GOVERNMENT DISTRIBUTION
LIMITED TO COUNSEL FOR DAIRYLAND AS DEFINED ON PAGE 6 IN THE
COURT'S ORDER DATED JUNE 29, 2007 (DAIRYLAND POWER
COOPERATIVE V. U.S., NO. 04-106C) FOR USE ONLY IN THE DAIRYLAND
CASE

[redacted]

[redacted]

[redacted]

[redacted]



RESTRICTED DISTRIBUTION
PROTECTED MATERIAL WITH NON-GOVERNMENT DISTRIBUTION LIMITED TO COUNSEL FOR DAIRYLAND AS DEFINED ON PAGE 6 IN THE COURT'S ORDER DATED JUNE 29, 2007 (DAIRYLAND POWER COOPERATIVE V. U.S., NO. 04-106C) FOR USE ONLY IN THE DAIRYLAND CASE

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]



RESTRICTED DISTRIBUTION
PROTECTED MATERIAL WITH NON-GOVERNMENT DISTRIBUTION LIMITED TO COUNSEL FOR DAIRYLAND AS DEFINED ON PAGE 6 IN THE COURT'S ORDER DATED JUNE 29, 2007 (DAIRYLAND POWER COOPERATIVE V. U.S., NO. 04-106C) FOR USE ONLY IN THE DAIRYLAND CASE

[redacted]

[redacted]

[redacted]



RESTRICTED DISTRIBUTION
PROTECTED MATERIAL WITH NON-GOVERNMENT DISTRIBUTION LIMITED TO COUNSEL FOR DAIRYLAND AS DEFINED ON PAGE 6 IN THE COURT'S ORDER DATED JUNE 29, 2007 (DAIRYLAND POWER COOPERATIVE V. U.S., NO. 04-106C) FOR USE ONLY IN THE DAIRYLAND CASE

E170 PC

Duplicate or different version of document starting at HQR0320151 - Draft memo re: Options for expedited acceptance, interim storage, and compensating utilities, and presidential principles.

**OPTION FOR EXPEDITED ACCEPTANCE OF SPENT FUEL AT A YUCCA MOUNTAIN REPOSITORY**

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

PRELIMINARY DRAFT: June 13, 19953:47pm

RESTRICTED DISTRIBUTION
PROTECTED MATERIAL WITH NON-GOVERNMENT DISTRIBUTION LIMITED TO COUNSEL FOR DAIRYLAND AS DEFINED ON PAGE 6 IN THE COURT'S ORDER DATED JUNE 29, 2007 (DAIRYLAND POWER COOPERATIVE V. U.S., NO. 04-106C) FOR USE ONLY IN THE DAIRYLAND CASE

[redacted]



RESTRICTED DISTRIBUTION
PROTECTED MATERIAL WITH NON-GOVERNMENT DISTRIBUTION
LIMITED TO COUNSEL FOR DAIRYLAND AS DEFINED ON PAGE 6 IN THE
COURT'S ORDER DATED JUNE 29, 2007 (DAIRYLAND POWER
COOPERATIVE V. U.S., NO. 04-106C) FOR USE ONLY IN THE DAIRYLAND
CASE

**OPTION TO ENDORSE INTERIM STORAGE AS A CONTINGENCY PLAN ONLY, WITH CONGRESSIONAL REVIEW OF SITING**

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]



RESTRICTED DISTRIBUTION
PROTECTED MATERIAL WITH NON-GOVERNMENT DISTRIBUTION LIMITED TO COUNSEL FOR DAIRYLAND AS DEFINED ON PAGE 6 IN THE COURT'S ORDER DATED JUNE 29, 2007 (DAIRYLAND POWER COOPERATIVE V. U.S., NO. 04-106C) FOR USE ONLY IN THE DAIRYLAND CASE

[redacted]

RESTRICTED DISTRIBUTION
PROTECTED MATERIAL WITH NON-GOVERNMENT DISTRIBUTION LIMITED TO COUNSEL FOR DAIRYLAND AS DEFINED ON PAGE 6 IN THE COURT'S ORDER DATED JUNE 29, 2007 (DAIRYLAND POWER COOPERATIVE V. U.S., NO. 04-106C) FOR USE ONLY IN THE DAIRYLAND CASE

OPTION FOR COMPENSATING UTILITIES
FOR FEDERAL DELAYS IN WASTE ACCEPTANCE

[redacted]

PRELIMINARY DRAFT: June 13, 19953:47pm

RESTRICTED DISTRIBUTION
PROTECTED MATERIAL WITH NON-GOVERNMENT DISTRIBUTION
LIMITED TO COUNSEL FOR DAIRYLAND AS DEFINED ON PAGE 6 IN THE
COURT'S ORDER DATED JUNE 29, 2007 (DAIRYLAND POWER
COOPERATIVE V. U.S., NO. 04-106C) FOR USE ONLY IN THE DAIRYLAND
CASE

[redacted]

PRELIMINARY DRAFT: June 13, 1995 3:47pm

RESTRICTED DISTRIBUTION
PROTECTED MATERIAL WITH NON-GOVERNMENT DISTRIBUTION LIMITED TO COUNSEL FOR DAIRYLAND AS DEFINED ON PAGE 6 IN THE COURT'S ORDER DATED JUNE 29, 2007 (DAIRYLAND POWER COOPERATIVE V. U.S., NO. 04-106C) FOR USE ONLY IN THE DAIRYLAND CASE

**PRESIDENTIAL PRINCIPLES REGARDING INTERIM STORAGE**
**(with suggested revisions)**

[redacted]

**PRELIMINARY DRAFT: June 13, 19953:47pm**

RESTRICTED DISTRIBUTION
PROTECTED MATERIAL WITH NON-GOVERNMENT DISTRIBUTION LIMITED TO COUNSEL FOR DAIRYLAND AS DEFINED ON PAGE 6 IN THE COURT'S ORDER DATED JUNE 29, 2007 (DAIRYLAND POWER COOPERATIVE V. U.S., NO. 04-106C) FOR USE ONLY IN THE DAIRYLAND CASE

**POLICY OPTIONS FOR INTERIM STORAGE OF RADIOACTIVE WASTE**

[redacted]

E171 PC

Duplicate or different version of document starting at HQR0290177 -
Memo re: Policy options for interim storage of radioactive waste.

RESTRICTED DISTRIBUTION
PROTECTED MATERIAL WITH NON-GOVERNMENT DISTRIBUTION LIMITED TO COUNSEL FOR DAIRYLAND AS DEFINED ON PAGE 6 IN THE COURT'S ORDER DATED JUNE 29, 2007 (DAIRYLAND POWER COOPERATIVE V. U.S., NO. 04-106C) FOR USE ONLY IN THE DAIRYLAND CASE

# POLICY OPTIONS FOR INTERIM STORAGE OF RADIOACTIVE WASTE

[redacted]



RESTRICTED DISTRIBUTION
PROTECTED MATERIAL WITH NON-GOVERNMENT DISTRIBUTION LIMITED TO COUNSEL FOR DAIRYLAND AS DEFINED ON PAGE 6 IN THE COURT'S ORDER DATED JUNE 29, 2007 (DAIRYLAND POWER COOPERATIVE V. U.S., NO. 04-106C) FOR USE ONLY IN THE DAIRYLAND CASE

[redacted]



RESTRICTED DISTRIBUTION
PROTECTED MATERIAL WITH NON-GOVERNMENT DISTRIBUTION LIMITED TO COUNSEL FOR DAIRYLAND AS DEFINED ON PAGE 6 IN THE COURT'S ORDER DATED JUNE 29, 2007 (DAIRYLAND POWER COOPERATIVE V. U.S., NO. 04-106C) FOR USE ONLY IN THE DAIRYLAND CASE

[redacted]

Draft: June 13, 1995/3:52pm



RESTRICTED DISTRIBUTION
PROTECTED MATERIAL WITH NON-GOVERNMENT DISTRIBUTION
LIMITED TO COUNSEL FOR DAIRYLAND AS DEFINED ON PAGE 6 IN THE
COURT'S ORDER DATED JUNE 29, 2007 (DAIRYLAND POWER
COOPERATIVE V. U.S., NO. 04-106C) FOR USE ONLY IN THE DAIRYLAND
CASE

# POLICY OPTIONS FOR INTERIM STORAGE OF RADIOACTIVE WASTE

[redacted]



RESTRICTED DISTRIBUTION
PROTECTED MATERIAL WITH NON-GOVERNMENT DISTRIBUTION LIMITED TO COUNSEL FOR DAIRYLAND AS DEFINED ON PAGE 6 IN THE COURT'S ORDER DATED JUNE 29, 2007 (DAIRYLAND POWER COOPERATIVE V. U.S., NO. 04-106C) FOR USE ONLY IN THE DAIRYLAND CASE

[redacted]

Draft: June 13, 1995/3:52pm



RESTRICTED DISTRIBUTION
PROTECTED MATERIAL WITH NON-GOVERNMENT DISTRIBUTION
LIMITED TO COUNSEL FOR DAIRYLAND AS DEFINED ON PAGE 6 IN THE
COURT'S ORDER DATED JUNE 29, 2007 (DAIRYLAND POWER
COOPERATIVE V. U.S., NO. 04-106C) FOR USE ONLY IN THE DAIRYLAND
CASE

# POLICY OPTIONS FOR INTERIM STORAGE OF RADIOACTIVE WASTE

[redacted]



RESTRICTED DISTRIBUTION
PROTECTED MATERIAL WITH NON-GOVERNMENT DISTRIBUTION LIMITED TO COUNSEL FOR DAIRYLAND AS DEFINED ON PAGE 6 IN THE COURT'S ORDER DATED JUNE 29, 2007 (DAIRYLAND POWER COOPERATIVE V. U.S., NO. 04-106C) FOR USE ONLY IN THE DAIRYLAND CASE

[redacted]

Draft: June 13, 1995/3:52pm



RESTRICTED DISTRIBUTION
PROTECTED MATERIAL WITH NON-GOVERNMENT DISTRIBUTION LIMITED TO COUNSEL FOR DAIRYLAND AS DEFINED ON PAGE 6 IN THE COURT'S ORDER DATED JUNE 29, 2007 (DAIRYLAND POWER COOPERATIVE V. U.S., NO. 04-106C) FOR USE ONLY IN THE DAIRYLAND CASE

POLICY OPTIONS FOR INTERIM STORAGE OF RADIOACTIVE WASTE

[redacted]



RESTRICTED DISTRIBUTION
PROTECTED MATERIAL WITH NON-GOVERNMENT DISTRIBUTION
LIMITED TO COUNSEL FOR DAIRYLAND AS DEFINED ON PAGE 6 IN THE
COURT'S ORDER DATED JUNE 29, 2007 (DAIRYLAND POWER
COOPERATIVE V. U.S., NO. 04-106C) FOR USE ONLY IN THE DAIRYLAND
CASE

[redacted]

• [redacted]

[redacted]

• [redacted]

[redacted]



RESTRICTED DISTRIBUTION
PROTECTED MATERIAL WITH NON-GOVERNMENT DISTRIBUTION LIMITED TO COUNSEL FOR DAIRYLAND AS DEFINED ON PAGE 6 IN THE COURT'S ORDER DATED JUNE 29, 2007 (DAIRYLAND POWER COOPERATIVE V. U.S., NO. 04-106C) FOR USE ONLY IN THE DAIRYLAND CASE

# POLICY OPTIONS FOR INTERIM STORAGE OF RADIOACTIVE WASTE

[redacted]



RESTRICTED DISTRIBUTION
PROTECTED MATERIAL WITH NON-GOVERNMENT DISTRIBUTION LIMITED TO COUNSEL FOR DAIRYLAND AS DEFINED ON PAGE 6 IN THE COURT'S ORDER DATED JUNE 29 2007 (DAIRYLAND POWER COOPERATIVE V. U.S., NO. 04-106C) FOR USE ONLY IN THE DAIRYLAND CASE

[redacted]

RESTRICTED DISTRIBUTION
PROTECTED MATERIAL WITH NON-GOVERNMENT DISTRIBUTION LIMITED TO COUNSEL FOR DAIRYLAND AS DEFINED ON PAGE 6 IN THE COURT'S ORDER DATED JUNE 29, 2007 (DAIRYLAND POWER COOPERATIVE V. U.S., NO. 04-106C) FOR USE ONLY IN THE DAIRYLAND CASE

## SUPPORTING INITIATIVES FOR POLICY OPTIONS

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

- [redacted]
- [redacted]
- [redacted]

[redacted]

- [redacted]

[redacted]

- [redacted]

[redacted]

[redacted]



RESTRICTED DISTRIBUTION
PROTECTED MATERIAL WITH NON-GOVERNMENT DISTRIBUTION LIMITED TO COUNSEL FOR DAIRYLAND AS DEFINED ON PAGE 6 IN THE COURT'S ORDER DATED JUNE 29, 2007 (DAIRYLAND POWER COOPERATIVE V. U.S., NO. 04-106C) FOR USE ONLY IN THE DAIRYLAND CASE

[redacted]



RESTRICTED DISTRIBUTION
PROTECTED MATERIAL WITH NON-GOVERNMENT DISTRIBUTION
LIMITED TO COUNSEL FOR DAIRYLAND AS DEFINED ON PAGE 6 IN THE
COURT'S ORDER DATED JUNE 29, 2007 (DAIRYLAND POWER
COOPERATIVE V. U.S., NO. 04-106C) FOR USE ONLY IN THE DAIRYLAND
CASE

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]



RESTRICTED DISTRIBUTION
PROTECTED MATERIAL WITH NON-GOVERNMENT DISTRIBUTION LIMITED TO COUNSEL FOR DAIRYLAND AS DEFINED ON PAGE 6 IN THE COURT'S ORDER DATED JUNE 29, 2007 (DAIRYLAND POWER COOPERATIVE V. U.S., NO. 04-106C) FOR USE ONLY IN THE DAIRYLAND CASE

E178 PC

Memo from DOE to OMB and White House re: Nuclear waste lawsuit.

CC: Susan F.

**Department of Energy**
Washington, DC 20585

January 31, 1997

MEMORANDUM FOR T. J. GLAUTHIER
OFFICE OF MANAGEMENT AND BUDGET

BARBARA CHOW
WHITE HOUSE LEGISLATIVE AFFAIRS

ELGIE HOLSTEIN
WHITE HOUSE NATIONAL ECONOMIC COUNCIL

LINDA LANCE
WHITE HOUSE COUNCIL ON ENVIRONMENTAL QUALITY

FROM: CHARLES B. CURTIS
ACTING SECRETARY

THOMAS P. GRUMBLY
UNDER SECRETARY

SUBJECT: Nuclear Waste Lawsuit

[redacted]

[redacted]

[redacted]

RESTRICTED DISTRIBUTION
PROTECTED MATERIAL WITH NON-GOVERNMENT DISTRIBUTION LIMITED TO COUNSEL FOR DAIRYLAND AS DEFINED ON PAGE 6 IN THE COURT'S ORDER DATED JUNE 29, 2007 (DAIRYLAND POWER COOPERATIVE V. U.S., NO. 04-106C) FOR USE ONLY IN THE DAIRYLAND CASE

Printed with soy ink on recycled paper

HQR0421452

1-31-97
11:30 am

[redacted]

RESTRICTED DISTRIBUTION
PROTECTED MATERIAL WITH NON-GOVERNMENT DISTRIBUTION LIMITED TO COUNSEL FOR DAIRYLAND AS DEFINED ON PAGE 6 IN THE COURT'S ORDER DATED JUNE 29, 2007 (DAIRYLAND POWER COOPERATIVE V. U.S., NO. 04-106C) FOR USE ONLY IN THE DAIRYLAND CASE

[redacted]

[redacted]

[redacted]

RESTRICTED DISTRIBUTION
PROTECTED MATERIAL WITH NON-GOVERNMENT DISTRIBUTION LIMITED TO COUNSEL FOR DAIRYLAND AS DEFINED ON PAGE 6 IN THE COURT'S ORDER DATED JUNE 29, 2007 (DAIRYLAND POWER COOPERATIVE V. U.S., NO. 04-106C) FOR USE ONLY IN THE DAIRYLAND CASE

[redacted]

RESTRICTED DISTRIBUTION
PROTECTED MATERIAL WITH NON-GOVERNMENT DISTRIBUTION LIMITED TO COUNSEL FOR DAIRYLAND AS DEFINED ON PAGE 6 IN THE COURT'S ORDER DATED JUNE 29, 2007 (DAIRYLAND POWER COOPERATIVE V. U.S., NO. 04-106C) FOR USE ONLY IN THE DAIRYLAND CASE

1/31/97 12:31 PMACR98_DS.WK4

[redacted]

01/31/97 12:31 PM ACR98_DS.WK4\

RESTRICTED DISTRIBUTION
PROTECTED MATERIAL WITH NON-GOVERNMENT DISTRIBUTION LIMITED TO COUNSEL FOR DAIRYLAND AS DEFINED ON PAGE 6 IN THE COURT'S ORDER DATED JUNE 29, 2007 (DAIRYLAND POWER COOPERATIVE V. U.S., NO. 04-106C) FOR USE ONLY IN THE DAIRYLAND CASE

[redacted]



RESTRICTED DISTRIBUTION
PROTECTED MATERIAL WITH NON-GOVERNMENT DISTRIBUTION LIMITED TO COUNSEL FOR DAIRYLAND AS DEFINED ON PAGE 6 IN THE COURT'S ORDER DATED JUNE 29, 2007 (DAIRYLAND POWER COOPERATIVE V. U.S., NO. 04-106C) FOR USE ONLY IN THE DAIRYLAND CASE

[redacted]

01/31/97 12:30 PMACR98_DS.WK4

RESTRICTED DISTRIBUTION
PROTECTED MATERIAL WITH NON-GOVERNMENT DISTRIBUTION LIMITED TO COUNSEL FOR DAIRYLAND AS DEFINED ON PAGE 6 IN THE COURT'S ORDER DATED JUNE 29, 2007 (DAIRYLAND POWER COOPERATIVE V. U.S., NO. 04-106C) FOR USE ONLY IN THE DAIRYLAND CASE

[redacted]

1/31/97 12:30 PM ACR98_DS.WK4\

RESTRICTED DISTRIBUTION
PROTECTED MATERIAL WITH NON-GOVERNMENT DISTRIBUTION LIMITED TO COUNSEL FOR DAIRYLAND AS DEFINED ON PAGE 6 IN THE COURT'S ORDER DATED JUNE 29, 2007 (DAIRYLAND POWER COOPERATIVE V. U.S., NO. 04-106C) FOR USE ONLY IN THE DAIRYLAND CASE

[redacted]

RESTRICTED DISTRIBUTION
PROTECTED MATERIAL WITH NON-GOVERNMENT DISTRIBUTION LIMITED TO COUNSEL FOR DAIRYLAND AS DEFINED ON PAGE 6 IN THE COURT'S ORDER DATED JUNE 29, 2007 (DAIRYLAND POWER COOPERATIVE V. U.S., NO. 04-106C) FOR USE ONLY IN THE DAIRYLAND CASE

1/31/97 12:30 PM ACR98_DS.WK4

[redacted]

01/31/97 12:29 PM ACR98_DS.WK4\

RESTRICTED DISTRIBUTION
PROTECTED MATERIAL WITH NON-GOVERNMENT DISTRIBUTION LIMITED TO COUNSEL FOR DAIRYLAND AS DEFINED ON PAGE 6 IN THE COURT'S ORDER DATED JUNE 29, 2007 (DAIRYLAND POWER COOPERATIVE V. U.S., NO. 04-106C) FOR USE ONLY IN THE DAIRYLAND CASE

[redacted]

/31/97 12:29 PM ACR98_DS.WK4\

RESTRICTED DISTRIBUTION
PROTECTED MATERIAL WITH NON-GOVERNMENT DISTRIBUTION LIMITED TO COUNSEL FOR DAIRYLAND AS DEFINED ON PAGE 6 IN THE COURT'S ORDER DATED JUNE 29, 2007 (DAIRYLAND POWER COOPERATIVE V. U.S., NO. 04-106C) FOR USE ONLY IN THE DAIRYLAND CASE

HQR0421463

[redacted]

01/31/97 12:29 PMACR98_DS.WK4\

RESTRICTED DISTRIBUTION
PROTECTED MATERIAL WITH NON-GOVERNMENT DISTRIBUTION LIMITED TO COUNSEL FOR DAIRYLAND AS DEFINED ON PAGE 6 IN THE COURT'S ORDER DATED JUNE 29, 2007 (DAIRYLAND POWER COOPERATIVE V. U.S., NO. 04-106C) FOR USE ONLY IN THE DAIRYLAND CASE

# Attachment B

Greenberg Traurig

Jerry Stouck
Tel. 202.331.3100
Fax 202.331.3101
stouckj@gtlaw.com

August 20, 2007

**VIA FACSIMILE, E-MAIL & U.S. MAIL**
Marian E. Sullivan
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, N.W.
Washington, D.C. 20530

**Re: Dairyland Power Cooperative v. US, No. 04-106C**

Dear Marian:

I am writing about several outstanding matters pertaining to the government's claims of privilege. The first concerns certain redacted documents that the government produced on July 20, 2007 pursuant to Chief Judge Damich's June 29, 2007 Order ("June 29 Order") regarding deliberative process and attorney-client privileges. Please note that each numbered document referenced below corresponds to The Table of Challenges attached to Dairyland's original motion to compel.

On page 30 of the June 29 Order, the Court ordered the production of certain documents, subject to the following redaction rule:

> The Government may redact all attorney-client and work product material included in these documents before producing them to Plaintiff. Explanations of these redactions should be provided in the margins. Production of these documents shall be made to Plaintiff on or before July 20, 2007.

Mr. Patrick Bryan's cover letter accompanying the government's July 20, 2007 document production asserted that the government attempted to comply with the Court's redaction rule referenced above. Contrary to that assertion, the following 5 documents were produced in completely redacted form well beyond the scope of the June 29 Order:

1) Doc. 154
2) Doc. 167
3) Doc. 170
4) Doc. 171
5) Doc. 178

ALBANY
AMSTERDAM
ATLANTA
BOCA RATON
BOSTON
BRUSSELS*
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON*
LOS ANGELES
MIAMI
MILAN*
NEW JERSEY
NEW YORK
ORANGE COUNTY
ORLANDO
PHILADELPHIA
PHOENIX
ROME*
SACRAMENTO
SILICON VALLEY
TALLAHASSEE
TAMPA
TOKYO*
TYSONS CORNER
WASHINGTON, D.C.
WEST PALM BEACH
ZURICH
*Strategic Alliance
Tokyo-Office/Strategic Alliance

www.gtlaw.com

The June 29 Order directed the government to produce these 5 documents, in addition to a number of others, subject only to an exception that it carved out permitting redactions for attorney-client and work product material. The apparent basis for the government's complete redaction of these documents is the presidential communications privilege. If the Court considered such redactions permissible, it would have stated so in its Order by also carving out an exception for the presidential communications privilege. Moreover, it seems wholly incompatible with the spirit as well as the letter of the June 29 Order for the Court to order the production of certain documents based on Dairyland's need for the documents, if, at the same time, such documents are rendered useless because they are produced in completely redacted form.

In any event, there is no proper basis for the government's reliance on the presidential communications privilege. First, the government has failed to provide any indication as to who has invoked the privilege and under what authority. Mr. Milner's declaration does not speak to the presidential communications privilege, and we are not aware of any other support in this case for asserting it. Moreover, even if Mr. Milner had invoked the privilege, there is no reason to believe that he is qualified to do so since there is no precedent for delegating a responsibility that is exclusively reserved for the President himself and, perhaps arguably, a few of his closest advisers. In other words, because the privilege has not been properly invoked with the requisite authority, it has no place in this litigation.

Second, even assuming, *arguendo*, that the presidential communications privilege had been appropriately asserted, courts have repeatedly ruled that it is a qualified privilege that can be overcome if the requesting party demonstrates a sufficient evidentiary need for the documents that outweighs the government's interest in confidentiality. *See Sun Oil Co. v. United States*, 514 F.2d 1020 (Ct. Cl. 1975); *Judicial Watch, Inc. v. Dept. of Justice*, 265 F.3d 1108 (D.C. Cir. 2004); *In re Sealed Case*, 121 F.3d 729 (D.C. Cir. 1997). As you know, the Court's June 29 Order establishes that Dairyland has demonstrated a sufficient need for the documents at issue to overcome the deliberative process privilege. It follows that Dairyland already has similarly demonstrated sufficient need to overcome an assertion of the presidential communications privilege. Because Dairyland has already met its burden, there is no reason why these documents should be redacted based on a privilege so closely related to one that the Court has already ruled on.

Accordingly, we request that you produce the five documents identified above without any redactions.

The second privilege matter I would like to raise is the request first made in my August 6 letter to Mr. Bryan for a listing of the documents you submitted to the Court for *in camera* review pursuant to the June 29 Order. We have not received that list yet and need to have it for several reasons, including to verify resolution of matters raised in my July 17 letter to you.

Finally, as you are aware, the government has recently produced many boxes of previously withheld documents. Dairyland expects to reopen the depositions of Messrs. Kouts, Zabransky and Pollog to address these documents. In order to be most efficient, we prefer to have only one additional deposition session with these witnesses. Thus, we do not intend to schedule these sessions until the Court resolves the remaining fact discovery issues (such as Dairyland's entitlement to the documents recently submitted for *in camera* review). But to the extent the government intends to oppose the reopening of these depositions, please indicate that intent to us now so that this issue can be raised with the Court in a timely manner, if necessary. We also mark that you inform us of the approximate date on which the government plans to produce its privilege log for documents it is withholding on claims if privilege, and the approximate number of such documents.

To avoid the need for Court intervention, please respond as soon as possible and not later than one week after receipt of this letter. If you believe a meet and confer session has any possibility of helping to resolve any issue raised in this letter, please contact me to initiate or schedule such a session. Also, please call if you would like to discuss any part of the above.

Very truly yours,

Jerry Stouck

JS/jd

cc: Russell A. Shultis