# In the United States Court of Federal Claims

No. 04-106 C
(Filed: September 21, 2007)

**************************************
*
**DAIRYLAND POWER COOPERATIVE,** *
*
Plaintiff, *
*
v. *
*
**THE UNITED STATES,** *
*
Defendant. *
*
**************************************

## ORDER

On September 20, 2007, the Court held a status conference concerning the motions outstanding in this case and the schedule for discovery and trial preparation. In this regard, the Court focused on five specific issues: 1) the government's assertions of privilege over pertinent documents Plaintiff seeks and the need to allow Plaintiff an opportunity to challenge such assertions within an appropriate time frame, 2) the appointment of a special master to examine the documents, 3) coordinating discovery before one judge for all spent nuclear fuel cases pending before the U.S. Court of Federal Claims, 4) postponing the date of trial from January 2008 to June 2008 at the earliest in order to accommodate resolution of outstanding discovery matters, and 5) whether the parties have reached a compromise on any of the outstanding discovery issues. Pursuant to what was discussed in this status conference, the Court hereby ORDERS the following:

### I. The Government's Assertions of Privilege

Government counsel has acknowledged that the government has forwarded a final log of all requested documents upon which the government intends to assert some claim of privilege. Furthermore, government counsel has also acknowledged the government's intention to forward to Plaintiff today formal declarations of privilege corresponding to the documents listed in the log. In order to facilitate the most efficient discovery schedule possible, this Court therefore ORDERS that the government forward these declarations to Plaintiff on or by 5:00 p.m., Friday, September, 21, 2007. The Court also ORDERS Plaintiff to file any motion to compel production of documents withheld under these assertions of privilege on or by 5:00 p.m., Friday, October 5, 2007. The government may respond to such a motion, and Plaintiff may reply, according to the time frame set out in the Rules of the Court of Federal Claims (RCFC).

## II. The Appointment of a Special Master

Given the number of documents over which the government may invoke privilege, this Court wishes to further explore the possibility of appointing a special master, with resulting fees to be split by the parties, to examine such documents in order to ensure that the government has properly asserted privilege. The Court ORDERS counsel for both parties to submit the names of five (5) persons, who are members of the Bar of this Court, to act as special master for this purpose and for any other discovery dispute to this Court on or by 5:00 p.m., Monday, October 15, 2007. The Court, however, acknowledges counsel's stated belief that they will be able to agree on acceptable individuals for this task by Friday, October 5, 2007 and strongly encourages counsel to submit this list by that date.

## III. Consolidating Spent Nuclear Fuel Case Discovery

Because similar spent nuclear fuel matters, which often involve overlapping evidence, remain pending before most judges of the U.S. Court of Federal Claims, this Court wishes to explore the possibility of consolidating the management of discovery in regard to each of these disputes under a single judge of the Court. Counsel for the government have emphasized their strong support for this idea given their involvement in a number of these other cases. As a result, the Court ORDERS counsel for the government to submit to this Court a brief discussion of its reasoning supporting this idea on or by 5:00 p.m., Friday, September 28, 2007. The Court ORDERS Plaintiff's counsel to submit a response on or by 5:00 p.m., Monday, October 9, 2007. Emphasize its strong preference for brevity in these submissions, the Court ORDERS counsel to limit the length of their presentations to not more than three (3) pages. The Court will accept such a presentation in "bullet point" format if counsel prefers.

## IV. Trial Preparation

As of March 27, 2007, the Court had scheduled a final pre-trial conference in this case for 10:00 a.m, Tuesday, January 15, 2008. Trial was accordingly planned for the period between Monday, January 28, 2008 and Friday, February 8, 2008. While the Court has not issued a trial preparation order specific to this case, the Court wishes to point out its practice, as demonstrated by its standard trial preparation order posted on the U.S. Court of Federal Claims website, of requiring a meeting of counsel no less than sixty-three (63) days, or nine (9) weeks, before the pre-trial conference. This means that formal trial preparation, setting aside such events as the presentation of proposed findings of fact and witness lists that would precede the meeting of counsel, would commence in mid-November of this year. Given the nature of the discovery disputes discussed in the status conference, however, the Court has become very skeptical as to whether adherence to this schedule remains possible. At this time, the earliest possible date to which the Court could postpone trial in this matter is some time in early June 2008. However, counsel for both parties have indicated their willingness to prepare a joint proposal concerning trial preparation, complete with an agreement as to whether postponement will be necessary, within the period of one week. The Court, therefore, ORDERS that counsel submit such a

proposal to the Court on or by 5:00 p.m., Monday, October 1, 2007. The Court will refrain from making any changes to the trial preparation schedule in order to accommodate counsel's attempt to compromise on this matter.

### V. Motions Outstanding

The following motions remain pending before this Court–1) Plaintiff's motion for sanctions on the government pursuant to RCFC 37, and the government's cross-motion for reciprocal obligations, 2) Plaintiff's motion for relief for government discovery violations regarding deposition testimony pursuant to RCFC 30(b)(6), 3) the government's motion for partial summary judgment regarding Plaintiff's claim for recovery of off-site fuel storage investments, and 4) Plaintiff's motions to compel production of documents over which the government has asserted a "presidential communications" privilege. The motion for sanctions pursuant to RCFC 37 involves Plaintiff's contention that the government has not produced appropriate documents with sufficient particularity. Counsel for both parties have agreed to make one final attempt to come to a compromise to resolve this particular issue. The Court will, therefore, not consider this motion further while the parties engage in appropriate discussions. However, the Court ORDERS counsel to file a status report as to whether they have resolved this matter on their own terms on or by 5:00 p.m., Monday, October 1, 2007. In the meantime, the Court will proceed to consider the other motions outstanding and accept any pertinent briefing if due.

* * *

For the parties' convenience, the Court summarizes the deadlines in this order below:

| | |
|---|---|
| Friday, September 21, 2007 | The government shall forward its formal privilege declarations to Plaintiff. |
| Friday, September 28, 2007 | The government shall submit to the Court documentation outlining the reasons for consolidating the management of discovery in each of the spent nuclear fuel cases under a single judge of the U.S. Court of Federal Claims. |
| Friday, October 5, 2007 | If Plaintiff seeks to challenge any of the government's declarations of privilege, Plaintiff shall file a motion to compel production of documents withheld under assertions of privilege. |

| | |
|---|---|
| Monday, October 1, 2007 | Counsel for both parties shall submit to the Court a joint proposal for a trial preparation schedule. |
| Monday, October 9, 2007 | Plaintiff shall submit to the Court a response, if any, to the government's arguments in favor of consolidating the management of discovery in the spent nuclear fuel cases under a single judge of the U.S. Court of Federal Claims. |
| Monday, October 15, 2007 | Both parties shall submit to the Court the names of five (5) members of the Bar of the U.S. Court of Federal Claims who the parties agree are qualified to act as a special master in this case, if this has not been done by the unofficial deadline of Friday, October 5, 2007. |

The parties should file or submit to the Court all the specified documentation by 5:00 p.m. on the date of each applicable deadline. Additionally, the parties are encouraged to contact law clerk Ernesto Sanchez at (202) 357-6486 with any questions that may arise.

**IT IS SO ORDERED.**

s/ Edward J. Damich
EDWARD J. DAMICH
Chief Judge