IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Electronically filed: October 3, 2007

| | | |
|---|---|---|
| DAIRYLAND POWER COOPERATIVE, | ) | |
| Plaintiff, | ) | No. 04-0106C |
| v. | ) | (Chief Judge Damich) |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

JOINT PROPOSAL FOR TRIAL PREPARATION SCHEDULE

Pursuant to the Court's Order of September 21, 2007 directing the parties to submit a joint proposal for a trial preparation schedule, the parties propose that the Court enter the order appended hereto as exhibit 1. As highlighted and explained below, the parties' joint proposal suggests some alterations from the procedures set out in the draft proposed pre-trial order posted on the Court's website and referenced in the September 21, 2007 Order. The bases for these suggested alterations are set out below, but the parties want to emphasize here that these suggestions are not being made merely to help maintain the January 28, 2008 trial date. To the contrary, the parties have been discussing suggesting these alterations to the draft pretrial procedures posted on the Court's website for some time, and the parties would be making these same suggestions even if the Court defers the trial date. To the extent the Court is disinclined to fully adopt all of the parties' proposed procedures, the parties respectfully request that they have an opportunity to propose an alternative schedule that would align with the procedures specified by the Court.

Events Before Meeting of Counsel

Consistent with Appendix A of the Court's Rules, the parties' proposed pretrial procedure does not include pretrial proposed findings of fact. Appendix A contemplates that the parties will submit to the Court *either* proposed findings of fact and conclusions of law or Memoranda Contentions of Fact and Law. App. A, ¶ 14(d). In the experience of the parties' counsel, memoranda are likely to be more informative and more useful for disclosing the parties' positions pretrial because memoranda address the factual and legal issues together. The parties contemplate that they will submit briefs after trial, when they can be tied directly to actual trial testimony and exhibits. In addition, the parties understand that one of the purposes of the exchange of proposed findings of fact pretrial is to facilitate the development of stipulations of fact. The parties believe that this purpose would be best served by a simultaneous exchange of proposed stipulations of fact.

The parties also propose that demonstrative exhibits need not be included on the list of exhibits. The parties' counsel have substantial experience litigating spent fuel cases and other cases in which demonstrative exhibits have been exchanged a couple of days before their intended use, and counsel have encountered no difficulty regarding objections to such exhibits. Indeed, the parties have found that issues regarding demonstrative exhibits are most efficiently and informatively addressed in the context of trial examinations and cross examinations than on the basis of written objections and responses pretrial. The parties have agreed to exchange planned demonstrative exhibits at a reasonable time in advance of their use at trial.

The parties propose that they exchange information (witness and exhibit lists) before the meeting of counsel simultaneously on November 14. The parties are well aware of each other's

positions, and they have determined that they do not need to see the other party's "case-in-chief" before developing their own lists of witnesses and exhibits.

Meeting of Counsel

The parties propose that the meeting of counsel be held on November 21, 2007. This date is slightly less than 63 days before the January 15, 2008 pretrial conference to best accommodate the schedule of counsel. This adjustment should not otherwise delay completion of pretrial filings. The parties do not propose alterations to the requirements for the conference otherwise set out in the Court's draft posted pretrial order or Appendix A, ¶ 13.

Filings After Meeting of Counsel

The parties propose that the first post-meeting filings, including the good faith statement regarding the meeting of counsel, proposed procedures for sequestration and objections to proposed witnesses or exhibits, be made on December 3, 2007 so as not to interfere with observance of Thanksgiving. The parties propose amending the provision for disclosure of intended use of deposition testimony to include disclosure of material offered pursuant to Fed. R. Evid. 801(d) (which is otherwise excluded form the disclosure and motion requirements of Appendix A, ¶ 15), including prior trial testimony.

The parties propose that the second set of post-meeting filings, including objections and counter-designations to proposed prior deposition and trial testimony, joint stipulations, and final exhibit and witness lists be made on January 11, 2008. Under the parties' proposed pretrial schedule, motions in limine concerning proposed witnesses and exhibits are due on December 3, 2007. The posted draft pretrial order does not specify a time for responses to motions in limine concerning proposed witnesses and exhibits. The parties propose that December 21, 2007 be set

as the date for such responses. The parties do not contemplate the filing of reply briefs on motions in limine.

The parties propose that Dairyland file its Memorandum of Fact and Law on December 14, 2007 and that the government have through January 11, 2008 in which to file its memorandum.

The parties do not propose alterations to the procedures or time frames set out in the remainder of the posted draft pretrial order.

Dairyland's Separate Statement Urging Court to Keep January 28, 2008 Trial Date

In light of the Court's expressed concern with keeping the January 28, 2008 trial date, the parties conferred and have confirmed their agreement that their proposed schedule remains appropriate. In particular, the parties conferred regarding the extent of Dairyland's anticipated challenges to the government's claims of privilege set out in its September 17, 2007 privilege log and determined that the extent of such challenges are consistent with the parties' proposed schedule. The number of challenges will not be large (the number of documents at issue will number in the dozens, not hundreds), and they will be grouped into a relatively small number of categories (approximately 25). Accordingly, maintaining the January trial date is not merely achievable, but eminently reasonable.

Dairyland implores the Court to keep the January 28, 2008 trial date. Keeping that date will help (1) keep Dairyland's recovery from being further unjustly diminished through the passage of time in the absence of pre-judgment interest, (2) keep Dairyland's already very substantial litigation expenses from growing even larger, (3) avoid further inconvenience to witnesses who have already arranged to be available for a trial starting on January 28, 2008, and (4) facilitate an earlier resolution of this case.

Government's Separate Statement Regarding January 28, 2008 Trial Date

While the Government does not oppose proceeding under the existing order scheduling the trial of this matter to commence on January 28, 2008, the Government shares the Court's concerns, expressed during the September 20, 2007 status conference, about the continuing viability of such a date in light of the discovery issues that remain outstanding. As the Court is aware, these issues extend beyond Dairyland's challenges to the Government's privilege log. Assuming, however, that all outstanding discovery issues can be, and are in fact, resolved in a timely manner, the Government believes proceeding to trial on January 28, 2008 remains a reasonable objective. To the extent the Court disagrees with the parties' proposed pre-trial order, it is likely that the trial date will have to be moved.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

HAROLD D. LESTER, JR.
Assistant Director

s/ Russell A. Shultis by s/Jerry Stouck
RUSSELL A. SHULTIS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-7571
Fax: (202) 307-2503

Attorneys for Defendant

s/ Jerry Stouck
JERRY STOUCK
Greenberg Traurig, LLP
800 Connecticut Avenue, NW
Suite 500
Washington, DC 20006
(202) 331-3100 (Telephone)
(202) 261-4751 (Facsimile)
*Counsel for Plaintiff*
DAIRYLAND POWER COOPERATIVE

Of Counsel:
Robert L. Shapiro
Kevin E. Stern
GREENBERG TRAURIG, LLP

October 3, 2007

# EXHIBIT 1

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Filed: October __, 2007

| | | |
|---|---|---|
| DAIRYLAND POWER COOPERATIVE, | ) | |
| Plaintiff, | ) | No. 04-106C |
| v. | ) | (Chief Judge Damich) |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

PRE-TRIAL ORDER

1. Definition of Terms

a. "Service" means to provide to all counsel, but *not* to file with the Court.
b. "File" means to serve on all counsel and to file with the Court.
c. "Provide to chambers" means to submit to chambers by fax (202/357-6490), by email in Adobe PDF (damich_chambers@ao.uscourts.gov), or by postal or private delivery.

2. Trial Preparation

a. Events before the meeting of counsel[1]

(1) The parties shall serve the following information on or before November 14, 2007.
(a) Proposed Stipulations. The parties shall serve proposed factual stipulations.
(b) The Proposed Stipulations of Fact shall be sequentially numbered.

(2) The parties shall serve their witness lists (which should include the witnesses who will be called in rebuttal, to the

[1] The exchange of information *before* the meeting of counsel, especially the exchange of objections, should facilitate resolving issues at the meeting of counsel without Court involvement. Counsel, therefore, should act in good faith to list all witnesses, exhibits, and objections in these "preliminary" exchanges. Although counsel will eventually file final lists with the court, the opportunity for another filing should not be used as a method for circumventing the requirement of providing preliminary information. In addition, counsel should note the requirement, included in the initial special procedures order in this case (¶ 8 c. ii.), to report an expert witness's qualifications, compensation, and recent testimonial history.

extent that they are known) on the same date as they serve their Proposed Stipulations of Fact.

(a) For each witness, the parties shall indicate the specific topics to be addressed in the expected testimony.

(b) For each witness, the parties shall indicate the time needed for direct examination.

(3) The parties shall serve their list of exhibits on the same date as they serve their Proposed Stipulations of Fact. With one week of that date the parties shall serve a set of such exhibits.

b. Meeting of Counsel

i. The meeting of counsel shall be held on or before November 21, 2007.

ii. Counsel shall follow the requirements set forth in Appendix A, ¶ 13, to the extent not otherwise addressed in this Order.

iii. At the meeting, counsel shall also discuss the sequestration of witnesses under Fed. R. Evid. 615, including such questions as:

(1) Should witnesses who have testified be permitted to discuss their testimony with witnesses who have not yet testified?;

(2) Should an attorney be permitted to relate, in any form, the substance of previous testimony to witnesses who have not yet testified?;

(3) Should an attorney be permitted to counsel a witness during breaks in the witness's testimony? *See Perry v. Leeke*, 488 U.S. 272, 280 (1989); *Reynolds v. Ala. Dep't of Transp.*, 4 F. Supp. 2d 1055, 1064-65 (M.D. Ala. 1988) (applying *Perry* to civil case).

c. Filings After Meeting of Counsel

i. No later than December 3, 2007, counsel shall file the following:

(1) A Joint Statement of Good Faith Conduct, stating that all objections to witnesses and exhibits were discussed in good faith and that settlement was explored at the meeting of counsel (this Joint Statement shall be filed as a "Notice" under Electronic Case Filing (ECF) and linked to this Pre-Trial Order).

(2) A Joint Notice of Proposed Procedures for Sequestration, if sequestration is requested by either party. If the parties have not been able to agree on such procedures, they shall separately file memoranda on sequestration by this date (this Joint Notice shall be filed as a "Notice" under ECF and linked to this Pre-Trial Order).

(3) Any motions, pursuant to Appendix A, ¶ 15(b), or designation pursuant to Fed. R. Evid. 801(d) to present substantive evidence by way of deposition testimony or prior trial testimony. Such motions shall list the pages of such transcripts and include copies of the listed pages.

(4) Any objections, including motions in limine, to the opposing party's proposed witnesses or exhibits. For each objection, the objecting party shall identify the witness or exhibit as proposed and the grounds for the objection. Responses to motions *in limine* shall be filed on or before December 21, 2007. Replies to such motions may not be filed without leave of Court.

ii. Memorandum of Fact and Law

(1) No later than December 14, 2007, Plaintiff shall file a Memorandum of Fact and Law.
   (a) The Memorandum of Fact and Law shall set forth Plaintiff's conclusions of law with a complete exposition of the legal theory that supports each legal claim.
   (b) Plaintiff shall explain the factual basis upon which it relies to support its claims.

(2) No later than January 11, 2008, Defendant shall file a Responsive Memorandum of Fact and Law.

(a) The Memorandum of Fact and Law shall set forth Defendant's conclusions of law with a complete exposition of the legal theory that supports each legal claim.

(b) Defendant shall explain the factual basis upon which it relies to support its claims.

iii. No later than January 11, 2008, the parties shall file:

(1) Any objections, including the grounds therefor, to the opposing party's motions regarding deposition testimony and any proposed cross-designation of transcript pages. In cross-designating, the party may not simply designate the entire transcript.

(2) A Joint Stipulation of Facts, Witnesses, and Exhibits as follows:

(a) a statement of the facts on which the parties agree, separately numbered;

(b) a listing of all witnesses to which neither party objects, with a brief description of each such witness;

(c) a descriptive listing of all exhibits to which neither party objects on the grounds of authenticity or admissibility (two sets of such exhibits shall concurrently be provided to chambers).

(3) Each party's Final Witness List, including a brief description of each witness and denoting stipulated witnesses, in the same format as prescribed in paragraph 2.a.i.(2).

(4) Each party's Final Exhibit List, and a set of such exhibits, excluding joint exhibits (two sets of such exhibits shall concurrently be provided to chambers).

3. <u>Miscellaneous</u>

a. <u>Matters of Style for Exhibits</u>

i. Joint exhibits shall be prefaced with a "J"; Plaintiff's with a "P"; and Defendant's with a "D." There shall be no duplication of exhibits.

ii. Documentary exhibits shall be contained in binders and shall be numbered and paginated (e.g., Plaintiff's Exhibit 5, page 10 shall be marked "P5.10"), with tabs demarcating each exhibit.

iii. The exhibits shall be accompanied by a table of contents listing and describing all exhibits in numerical order.

iv. All officially admitted exhibits shall be submitted to the court reporter at trial at the time they are admitted for incorporation into the trial record (it may be appropriate to move the admission of joint exhibits at the onset of trial). A copy of each such exhibit shall concurrently be submitted to the judge's law clerk.

v. In the unusual circumstance of any exhibits admitted at trial that were not previously listed and provided to chambers, the offering party shall submit such exhibit along with three copies (one each for the judge, the law clerk, and opposing counsel; the original of the exhibit shall be submitted to the court reporter).

b. Objections

i. Each objection shall provide the appropriate Federal Rule of Evidence number(s) and provide a short, narrative explanation of the basis for the objection. Informative cases may be cited in support of the objection.

ii. Motions in limine shall be utilized to present significant objections, including objections to the testimony and/or qualifications of expert witnesses.

iii. Objections to witnesses and exhibits shall be submitted in the time set forth in this order. Objections not so raised may be deemed waived. Motions in limine regarding other matters shall be filed at least two weeks before the pretrial conference.

c. Matters of Style for Amendment of Filings

i. Whenever a party submits an amended or revised filing, the party shall indicate in the caption how many previous amendments have been filed (*e.g.*, "Third Amended Witness List").

ii. Although this order sets out the style for captioning amended filings, the parties should not infer that leave is necessarily granted for amended filings. Appropriate objections will be entertained

d. Stipulations

i. In General

(1) The parties are expected and required to stipulate to the full extent to which complete or qualified agreement can or fairly should be reached regarding all matters not privileged which are relevant to the pending case, regardless of whether such matters involve fact or opinion or the application of law to fact. Included should be all facts, all documents and papers or contents or aspects thereof, and all evidence which fairly should not be in dispute.

(2) When the truth or authenticity of facts or evidence claimed to be relevant by one party is not disputed, an objection on the ground of materiality or relevance may be noted by any other party but is not to be regarded as just cause for refusal to stipulate.

(3) The requirement of stipulation applies without regard to where the burden of proof may lie with respect to the matters involved.

ii. Binding Effect

(1) A stipulation shall be treated, to the extent of its terms, as a conclusive admission by the parties to the stipulation, unless otherwise permitted by the court or agreed upon by the parties.

(2) The court will not permit a party to a stipulation to qualify, to change, or to contradict a stipulation, in whole or in part, except where justice so requires.

(3) A stipulation and the admissions therein shall be binding and have effect only in the pending case and not for any other purpose, and cannot be used against any of the parties thereto in any other case or proceeding.

e. Trial Methods. The Court is committed to cost-effective methods of resolving and trying cases. The parties should consider whether direct testimony submitted in written form may be preferable. Under this procedure, parties submit their witnesses' affirmative testimony in writing in advance. The witnesses are then subject to cross-examination before the court in open court.

4. Pre-trial conference. The pretrial conference will be held *in person* at the U.S. Court of Federal Claims on Tuesday, January 15, 2008. If, however, it should appear to the Court that the matters to be raised at the pretrial conference may be addressed satisfactorily via telephone, the Court shall notify counsel that the pretrial conference will be held instead by telephone. In such event, at least one business day before the conference, counsel shall notify the Court's chambers of the telephone number where they can be reached for the conference.

5. Trial dates and location. Trial shall commence on January 28, 2008 and shall continue for 10 trial days, or such time as agreed to at the pretrial conference, from 10:00 a.m. to 4:00 p.m. each day. It will be held in Washington, D.C. The court expects to notify the parties of the precise location at or before the pretrial conference.

6. Ambiguity or confusion in this order. The parties should work together to resolve any ambiguities or uncertainties that they perceive in this order. The Court encourages the parties to raise any issues *as soon as possible* after a good faith attempt to resolve them. Even if the parties are able to resolve the issues, the Court would appreciate hearing the concerns of the parties so that the order can be clarified.

s/ Edward J. Damich
EDWARD J. DAMICH
Chief Judge

*WDC 371499117v2 9/26/2007*