IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DAIRYLAND POWER COOPERATIVE, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 04-106C |
| | ) | (Chief Judge Damich) |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR AN ENLARGEMENT OF TIME TO RESPOND TO DAIRYLAND'S MOTION TO COMPEL PRODUCTION OF PRESIDENTIAL COMMUNICATIONS DOCUMENTS

Pursuant to Rule 6(b) of the Rules of the Court of Federal Claims, defendant, the United States, respectfully requests a 28-day enlargement of time, to and including Friday, November 2, 2007, to file its response to Dairyland Power Cooperative's ("Dairyland") "Motion to Compel Production of 'Presidential Communications' Documents," filed September 18, 2007. The Government's response to Dairyland's motion is presently due on October 5, 2007. Defendant has not previously sought an enlargement of time for this purpose. Counsel for plaintiff, Robert L. Shapiro, has represented that Dairyland opposes this request.

The Government has been working diligently to respond to Dairyland's presidential communications privilege challenge. However, the heightened nature of the privilege at issue and the process underlying its assertion necessitate our request for additional time. The presidential communications privilege is designed to protect the sanctity of confidential communications made at the very highest levels of the Government, ensuring that the "President and those who assist him [are] free to explore alternatives in the process of shaping policies and

making decisions . . . in a way many would be unwilling to express except privately." United States v. Nixon, 418 U.S. 638, 708 (1974). Accordingly, the presidential communications privilege "affords greater protection against disclosure" and is "more difficult to surmount" than the deliberative process privilege. In re Sealed Case, 121 F.3d 729, 741 (D.C. Cir. 1997). Thus, contrary to the position taken by Dairyland in its motion to compel, demonstrated need by a plaintiff sufficient to overcome the deliberative process challenge does not, standing alone, overcome assertions of presidential communications privilege by the Government. See id. Moreover, once placed at issue, maintenance of the privilege entails involvement by senior White House officials. Given the high-level review necessary to address Dairyland's presidential communications privilege challenge, an enlargement of time is reasonable and appropriate.

In addition, counsel for the Government's involvement in numerous active spent nuclear fuel cases has impeded defendant's ability to prepare a written response to Dairyland's motion to compel. Defendant's counsel of record, and other attorneys on the Government's trial team for Dairyland, have been heavily involved in the trial of Wisconsin Electric Power Co. v. United States, No. 00-697C (Merow, S.J.), now in its fourth week. Further, counsel for the Government have been deeply occupied by the drafting and development of the Government's post-trial brief in Boston Edison Co. v. United States, No. 99-447C (Lettow, J.), currently due October 10, 2007, and in preparing the Government's reply and response to the plaintiff-appellant's initial brief in Sacramento Municipal Utility District v. United States, Nos. 2007-5052, -5097 (Fed. Cir.), currently due tomorrow, October 5, 2007.

Dairyland will suffer no prejudice in the event the Court grants the Government another 28 days to respond to Dairyland's motion to compel. Only five documents are at issue. Should Dairyland's challenge fail, the issue will have proven to be of no consequence. Should Dairyland succeed in procuring the five documents withheld from the Government's production, Dairyland's counsel will have little trouble expeditiously reviewing these few documents and determining whether to incorporate them into Dairyland's case.

To afford the Government sufficient time to prepare an adequate response to this heightened privilege challenge, the Government respectfully requests that the Court grant this request for a 28-day enlargement of time.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/Russell A. Shultis by s/Scott Slater
RUSSELL A. SHULTIS
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-7571
Fax: (202) 305-2503

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

ALAN J. LO RE
Senior Trial Counsel

PATRICK B. BRYAN
JOSHUA E. GARDNER
SCOTT SLATER
Trial Attorneys
U.S. Department of Justice

October 4, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 4th day of October 2007, a copy of the foregoing "DEFENDANT'S UNOPPOSED MOTION FOR AN ENLARGEMENT OF TIME TO RESPOND TO DAIRYLAND'S MOTION TO COMPEL PRODUCTION OF PRESIDENTIAL COMMUNICATIONS DOCUMENTS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Scott Slater