IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Electronically filed: October 4, 2007

| | | |
|---|---|---|
| DAIRYLAND POWER COOPERATIVE, | ) | |
| Plaintiff, | ) | No. 04-0106C |
| v. | ) | (Chief Judge Damich) |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

DAIRYLAND'S OPPOSITION TO THE
GOVERNMENT'S MOTION FOR AN ENLARGEMENT OF TIME
TO RESPOND TO MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS
WITHHELD PURSUANT TO THE PRESIDENTIAL COMMUNICATIONS PRIVILEGE

The government's motion for a 28-day enlargement of time to respond to Dairyland's motion to compel five document withheld pursuant to the deliberative process privilege is meritless for a number of reasons.

First, it fails to come to grips with the fact that this Court's June 29, 2007 Order compelled the production of these documents subject only to an exception permitting redactions for material covered by the attorney client privilege or work product doctrine. The government has never sought relief from that Order. Instead, it has blatantly violated the Order by continuing to withhold this material pursuant to an asserted exception other than the two privileges mentioned in the Order. The government should not have more time to remain in violation of this Court's June 29, 2007 Order.

Second, the government fails to recognize that that this Court has already decided that Dairyland has sufficient need for the documents at issue to overcome any claim of presidential

communications privilege, making further litigation of that issue unnecessary and inappropriate. The government cites *In re Sealed Case*, 121 F.3d 729 (D.C. Cir. 1997), for the proposition that the presidential communications privilege affords greater protection against disclosure and is more difficult to surmount than the deliberative process privilege and argues that the Court's finding of Dairyland's need sufficient to overcome the deliberative process privilege would have to revisited regarding the government's presidential communications claim. Govt. Mot. at 2. The government misreads *In re Sealed Case*. The "greater protection" referred to there is the fact that the presidential communications privilege covers documents in their entirety, as well as post-decisional material, and not merely pre-decisional deliberative documents. 121 F.3d at 745. That fact does not aid the government here regarding the Court's finding of Dairyland's need for the documents. Similarly, the reference in that case to a presidential communications claim being "more difficult to surmount" goes to the fact that in the deliberative process privilege context no showing of need is necessary where allegations of serious misconduct are at issue, whereas need must always be shown in the context of the presidential communications privilege. *Id.* at 746. Here, however, the Court has already found the requisite need to overcome the claim of privilege.

Third, the government's motion's reference to a need to consult with "senior White House officials," Govt. Mot. at 2, makes clear that the government did not check with these officials before asserting the claim. These documents were requested nearly a year ago, if the government was going to raise such a claim of privilege, it should have vetted that claim with the proper officials long ago.

Fourth, the government does not establish why it needs 28 *more* days in which to address these five documents. Dairyland has no doubt that senior officials are busy, but they will be no

less busy 28 days from now. The time to deal with these five documents is now. Had the government needed merely a few extra days to respond, Dairyland may not have objected, but the government's request for 28 days is clearly excessive.

Fifth, and perhaps most importantly, the government should not be permitted through its request for additional time here to further disrupt the pretrial schedule leading to trial in January. Just yesterday, the parties filed a motion for a pretrial schedule that would maintain that trial date. In the government's statement at the end of the parties' joint motion, however, the government noted concern that discovery issues could make that date difficult to maintain. The government should not be permitted to make that concern a reality, to Dairyland's very great prejudice, by needlessly and inappropriately taking an excessive period to file the requisite papers to facilitate the prompt resolution of the pending discovery disputes.

For these reasons, the government's motion for an enlargement of time should be denied.

Respectfully submitted,

October 4, 2007

s/ Jerry Stouck
JERRY STOUCK
Greenberg Traurig, LLP
800 Connecticut Avenue, NW
Suite 500
Washington, DC 20006
(202) 331-3100 (Telephone)
(202) 261-4751 (Facsimile)
*Counsel for Plaintiff*
DAIRYLAND POWER COOPERATIVE

Of Counsel:
Robert L. Shapiro
Kevin E. Stern
GREENBERG TRAURIG, LLP
*WDC 371507588v1 10/4/2007*