No. 04-106C
(Chief Judge Damich)

Electronically Filed: October 5, 2007

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

---

DAIRYLAND POWER COOPERATIVE,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

---

DAIRYLAND'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS WITHHELD ON DELIBERATIVE PROCESS PRIVILEGE, ATTORNEY-CLIENT PRIVILEGE AND/OR WORK PRODUCT DOCTRINE GROUNDS

---

JERRY STOUCK
Greenberg Traurig, LLP
800 Connecticut Avenue, N.W.
Suite 500
Washington, DC 20006
(202) 331-3100 (Telephone)
(202) 261-4751 (Facsimile)
*Counsel for Plaintiff*
DAIRYLAND POWER COOPERATIVE

Of Counsel:

Robert L. Shapiro
Kevin E. Stern
GREENBERG TRAURIG, LLP

Table of Contents


Introduction ........................................................................................................ 1

Background ........................................................................................................ 2

I. The Government Has Waived Its Privilege Claims ........................................................ 3

II. Deliberative Process Documents ........................................................................ 3

A. Document Ref. No. S183 ........................................................................6

B. Document Ref. No. S184 ........................................................................6

C. Document Ref. Nos. S428, S1035, S1139, S1141, S1142, S1143 and S1144 .............7

D. Document Ref. Nos. S605, S606, S607, S609, S610, S611, S612, S613, S615, S616, S617, S618 and S619........................................................................7

E. Document Ref. Nos. S1073, S1074, S1127, S1128 and S1129....................................8

III. Attorney-Client Privilege and Work Product Doctrine Documents .................................. 8

A. The Attorney-Client Privilege........................................................................8

B. The Work Product Doctrine........................................................................9

C. Burden of Sustaining a Privilege Claim........................................................11

D. Duty to Produce Documents in Redacted Form ..........................................11

E. Challenged Attorney–Client Privilege and Work Product Documents .......................12

1. Document Ref. No. S6 ........................................................................ 12

2. Document Ref. Nos. S11, S232, S233 and S234 ............................................. 13

3. Document Ref. Nos. S236, S237, S238 and S239 ............................................ 14

4. Document Ref. Nos. S251 and S252 ......................................................... 14

5. Document Ref. No. S570 ........................................................................ 15

6. Document Ref. Nos. S589, S590, S591 and S604 ............................................ 15

7. Document Ref. No. S592 ........................................................................ 16

8. Document Ref. Nos. S594, S595, S596, S597 and S598 ..................................... 17

9. Document Ref. No. S614 ........................................................................ 18

10. Document Ref. No. S635 ....................................................................... 19

11. Document Ref. No. 641 ......................................................................... 20

12. Document Ref. Nos. S682, S683 and S1130 ....................................................... 21

13. Document Ref. No. 684 ......................................................................... 21

14. Document Ref. No. S690 ....................................................................... 22

15. Document Ref. No. S700 ....................................................................... 23

16. Document Ref. No. S701 ....................................................................... 23

17. Document Ref. No. S955 ....................................................................... 24

18. Document Ref. Nos. S956 and S957 .................................................................. 25

19. Document Ref. No. S1130 ...................................................................... 25

20. Document Ref. No. S1145 ...................................................................... 26

21. Documents Concerning Proposed Spent Fuel Disposal Contracts for
New Nuclear Reactors ........................................................................... 26

# TABLE OF AUTHORITIES

Federal Cases — Page

*AAB Joint Venture v. United States*, 75 Fed. Cl. 448 (2007) ........ passim
*Bogosian v. Gulf Oil Corp.*, 738 F.3d 587 (3d Cir. 1984) ........ 11
*CACI Field Servs., Inc. v. United States*, 12 Cl. Ct. 680 (1987) ........ 5
*Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854 (D.C. Cir. 1980) ........ 4
*Dairyland Power Cooperative v. United States*, 77 Fed. Cl. 330 (2007) ........ passim
*Dep't of Interior & Bureau of Indian Affairs v. Klamath Water Users Protective Ass'n*, 532 U.S. 1 (2001) ........ 3
*Deseret Mgmt. Corp. v. United States*, 76 Fed. Cl. 88 (2007) ........ passim
*Energy Capital Corp. v. United States*, 45 Fed. Cl. 481 (2000) ........ 9
*First Fed. Sav. Bank of Hegewisch v. United States*, 55 Fed. Cl. 263 (2003) ........ 9
*Hickman v. Taylor*, 329 U.S. 495 (1947) ........ 9
*In re Cendant Corp. Sec. Litig.*, 343 F.3d 658 (3rd Cir. 2003) ........ 10
*Jade Trading, LLC v. United States*, 65 Fed. Cl. 487 (2005) ........ 4
*Marriot Int'l Resorts, L.P. v. United States*, 437 F.3d 1302 (Fed. Cir. 2006) ........ 5
*Pac. Gas & Elec. Co. v. United States*, 69 Fed. Cl. 784 (2006) ........ passim
*Pac. Gas & Elec. Co. v. United States*, 70 Fed. Cl. 128 (2006) ........ passim
*Raytheon Aircraft Co. v. United States Army Corps of Engineers*, 183 F. Supp. 2d 1280 (D. Kan. 2001) ........ 20
*Smithkline Beecham Corp. v. Apotex Corp.*, 232 F.R.D. 467 (E.D. Pa. 2005) ........ 11
*Stout v. Ill. Farmers Ins. Co.*, 150 F.R.D. 594 (S.D. Ind. 1993) ........ 11
*Tyne v. Time Warner Entertainment Co., L.P.*, 212 F.R.D. 596 n. 4 ........ 20
*United States v. Adlman*, 134 F.3d 1194 (2d Cir. 1998) ........ 10
*United States v. Robinson*, 121 F.3d 971 (5th Cir. 1997) ........ 16, 19, 21
*Upjohn Co. v. Unted States*, 449 U.S. 385 (1981) ........ 9, 13, 23
*Wilderness Soc. v. United States Dep't of Interior*, 344 F. Supp. 2d 1 (D.D.C. 2004) ........ 9, 11
*Zenith Radio Corp. v. United States*, 764 F.2d 1577 (Fed. Cir. 1985) ........ 4

Federal Rules

RCFC 26(b)(3) .................................................. 10, 11
RCFC 26(b)(5) .................................................. 11
RCFC 37(a)(2) .................................................. 1

Other Authorities

Restatement (Third) of the Law Governing Lawyers § 87 cmt. h (2000) .................................................. 10

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DAIRYLAND POWER COOPERATIVE, Plaintiff, | ) | |
| v. | ) | No. 04-106C (Chief Judge Damich) |
| UNITED STATES OF AMERICA Defendant. | ) | |

DAIRYLAND'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS WITHHELD ON DELIBERATIVE PROCESS PRIVILEGE, ATTORNEY-CLIENT PRIVILEGE AND/OR WORK PRODUCT DOCTRINE GROUNDS

Dairyland moves this Court pursuant to RCFC 37(a)(2) to compel the government to produce documents on its privilege log produced on September 17, 2007 that it is withholding on deliberative process privilege, attorney-client privilege and/or work product doctrine grounds.

Introduction

By this motion, Dairyland seeks the production of 203 documents (out of a total of 1,496 documents) listed on the government's "Privilege Log for Dairyland Production" produced on September 17, 2007 ("September Privilege Log").[1] Of these 203 documents, 27 are being withheld by the government on deliberative process privilege grounds. As discussed below, the government should be compelled to produce these documents because they all concern issues that are highly relevant to this litigation and, therefore, Dairyland's evidentiary need for these documents outweighs the government's need to maintain their confidentiality, especially given the fact that these documents would be subject to the terms of the protective order in place in this

[1] Most of the documents at issue (142) are in a single category where the government has claimed the attorney-client privilege but has not identified an attorney as an author or a recipient of the documents. *See* pp. 27-29, *infra*.

case if produced. The remaining documents that Dairyland seeks to compel production of are being withheld by the government on attorney-client privilege and/or work product grounds. The government's privilege claims for these documents must be rejected because the government has failed to demonstrate, *inter alia*, that (i) these documents constitute or contain communications between government counsel and the government for the purposes of seeking or rendering legal advice, (ii) the documents were created for the purposes of or in anticipation of litigation, and/or (iii) the documents contain any actual litigation work product.

<u>Background</u>

On September 17, 2007, the government produced a "Privilege Log for Dairyland Production" ("September Privilege Log") that lists 1,496 documents that the government is withholding on deliberative process privilege, attorney-client privilege, and/or work product doctrine grounds. On September 27, 2007, Dairyland provided a letter and accompanying "Table of Challenges" to the government identifying the documents from the September Privilege Log that it believed should be produced. *See* Ltr. from Kevin Stern to Scott Slater dated Sept. 27, 2007 (A 50).[2] On September 28, 2007, the parties held a meet and confer session to discuss Dairyland's privilege challenges and more generally the government's failure to produce any documents on the September Privilege Log in redacted form where it was apparent, based upon the descriptions set forth in the government's privilege log, that a number of these withheld documents contain non-privileged information. On October 3, 2007, government counsel informed Dairyland counsel that the government would not be in a position to concede or substantively address any of Dairyland's privilege challenges before the Court-ordered October 5, 2007 deadline for Dairyland to file its motion to compel.

---

[2] "A___" refers to the appendix attached to this motion.

## Argument

### I. The Government Has Waived Its Privilege Claims

As an initial matter, Dairyland reiterates its argument that the government has waived all of its privilege claims for the documents listed in its September 17, 2007 Privilege Log because its privilege assertions have been made more than five months after the Court's April 6, 2007 deadline for the government to complete its production of documents to Dairyland and are, hence, untimely. *See* Dairyland's Notice of Authority Regarding Consequences of Government Failure to Serve Privilege Log dated Aug. 13, 2007.

Assuming the Court does not find a blanket waiver of the government's privilege claims, the documents from the September Privilege Log that the government should be compelled to produce are set forth in the attached "Dairyland Table of Challenges" (A1). The document reference numbers set forth in the Table of Challenges correspond to the order in which these documents are listed in the government's September Privilege Log. We first address the deliberative process documents listed in the Table of Challenges and then the attorney-client privilege and work product documents.

### II. Deliberative Process Documents

The deliberative process privilege "covers documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *Dep't of Interior & Bureau of Indian Affairs v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001) (internal citation and quotations omitted). The policy behind the privilege is "protect[ing] agency officials' deliberations, advisory opinions and recommendations in order to promote frank discussion of legal or policy matters in the decision-making process." *Dairyland Power Cooperative v. United States*, 77 Fed. Cl. 330, 336

(2007) (Damich, C.J.) (quoting *Zenith Radio Corp. v. United States*, 764 F.2d 1577, 1580 (Fed. Cir. 1985)). The burden of justifying the application of the deliberative process privilege rests with the party seeking to invoke it, *i.e.*, the government. *Deseret Mgmt. Corp. v. United States*, 76 Fed. Cl. 88, 95 (2007) (citation and quotations omitted).

In order for a document to be protected from discovery by the deliberative process privilege, it must be both "pre-decisional" and "deliberative." *Id.* (citing *Jade Trading, LLC v. United States*, 65 Fed. Cl. 487, 493 (2005)). "To qualify as pre-decisional, the material sought to be protected must address activities antecedent to the adoption of an agency policy." *Pac. Gas & Elec. Co. v. United States*, 70 Fed. Cl. 128, 133 (2006) ("*Pac. Gas II*"); *Dairyland*, 77 Fed. Cl. at 337. A document is not considered pre-decisional if it is adopted, formally or informally, as the agency position on an issue or is used by the agency in its dealings with the public. *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980). "To qualify as deliberative, the material sought to be protected must address a direct part of the deliberative process in that it makes recommendations or expresses opinions on legal or policy matters." *Pac. Gas II*, 70 Fed. Cl. at 133; *Dairyland*, 77 Fed. Cl. at 337 (""Deliberative" means containing opinions, recommendations, or advice pertaining to agency decisions.") (internal citations and quotations omitted). "Thus, factual findings and conclusions, as opposed to opinions and recommendations, are not protected." *Deseret Mgmt.*, 76 Fed. Cl. at 96 (citations and internal quotations omitted). "Essentially, in evaluating the Government's claim of privilege, the test is whether the material is so candid or personal in nature that public disclosure is likely in the future to stifle honest and frank communication within the agency." *Dairyland*, 77 Fed. Cl. at 337 (citations and internal quotations omitted).

The deliberative process privilege is not absolute. *Dairyland*, 77 Fed. Cl. at 337. It is a qualified privilege that is subject to judicial oversight. *Marriot Int'l Resorts, L.P. v. United States*, 437 F.3d 1302, 1307 (Fed. Cir. 2006). A plaintiff may overcome the privilege by showing that its evidentiary need for such information outweighs any harm that may result to the government from disclosure of such information. *Dairyland*, 77 Fed. Cl. at 338; *see also CACI Field Servs., Inc. v. United States*, 12 Cl. Ct. 680, 687 (1987); *Deseret Mgmt.*, 76 Fed. Cl. at 96. In weighing the parties' interests, it has been recognized that any potential harm the government may suffer from disclosure of deliberative process in a particular case is substantially mitigated where there exists, as is the case here, a protective order in place that restricts the parties from disclosing or using the other party's confidential documents outside the litigation. *See Dairyland*, 77 Fed. Cl. at 339 ("By this limitation on who can see and use the documents, the harm to government deliberations from disclosure to the public is further minimized."); *Pac. Gas II*, 71 Fed. Cl. at 214 n. 9.

As discussed below, assuming *arguendo* that the government has properly invoked the deliberative process privilege as to all these documents (a point Dairyland contests), the deliberative process documents that are being challenged in this motion should nevertheless be ordered produced because in each instance the balancing test clearly favors Dairyland, *i.e.*, it is readily apparent — and this Court has previously ruled — that these types of documents are highly relevant to key issues in this case and, therefore, Dairyland's evidentiary interest in these documents clearly outweighs whatever interest the government may have in continuing to maintain their confidentiality, particularly in light of the fact that these documents would be produced subject to the restrictions of the existing protective order in this litigation.

A. Document Ref. No. S183

Document Ref. No. S183 is an email addressing the Office of Civilian Radioactive Waste Management's (OCRWM) analyses of the potential for accelerated acceptance of spent nuclear fuel (SNF) and accelerated development of SNF storage and disposal facilities to support the development of Yucca Mountain. The rate at which the government would have or could have accepted SNF from utilities once it commenced performance is highly relevant to this litigation. This Court has already ordered production of several other documents withheld pursuant to the deliberative process in this case that concern accelerated SNF acceptance. *See Dairyland*, 77 Fed. Cl. at 351, 352, 355; *see also Pac. Gas. II*, 71 Fed. Cl. at 215 ("It appears to the court that these documents regarding the potential rate of acceptance by the government of SNF from nuclear utilities . . . are highly relevant to this litigation and that there may be no other way for plaintiff to obtain evidence that serves the same purpose as these documents."). Accordingly, Dairyland's evidentiary interest in this document outweighs the government's interest in maintaining its confidentiality and it should be produced subject to the terms of the protective order.

B. Document Ref. No. S184

Document Ref. No. S184 is a draft OCRWM presentation concerning OCRWM's transportation and waste acceptance program to support the Yucca Mountain project. OCRWM's SNF transportation and acceptance program plans are highly relevant to this litigation in terms of assessing how DOE could have or would have performed in the non-breach world. This Court has already ordered production of a number of other documents withheld pursuant to the deliberative process in this case that concern waste transportation and waste acceptance plans. *See Dairyland*, 77 Fed. Cl. at 348, 352, 356. Accordingly, Dairyland's

evidentiary interest in this document outweighs the government's interest in maintaining its confidentiality and it should be produced subject to the terms of the protective order.

C. Document Ref. Nos. S428, S1035, S1139, S1141, S1142, S1143 and S1144

Document Ref. Nos. S428, S1035, S1139, S1141, S1142, S1143 and S1144 all concern a whitepaper prepared by OCRWM personnel addressing scheduling of SNF acceptance. The schedule under which the government would have or could have picked up utilities' SNF in the non-breach world is a highly relevant issue in this case. This Court already ordered production of several documents withheld pursuant to the deliberative process in this case that concern the scheduling of waste acceptance. *See id.* at 348, 353, 354, 356; *see also Pac. Gas II,* 71 Fed. Cl. at 216 ("It appears to the court that these documents regarding the potential rate of acceptance by the government of SNF from nuclear utilities – which could be helpful in determining the rate of acceptance the government would have used has it began to perform the Standard Contract on January 31, 2006 [sic] – are highly relevant to this litigation . . . ."). Accordingly, Dairyland's evidentiary interest in these documents outweighs the government's interest in maintaining their confidentiality and they should be produced subject to the terms of the protective order.

D. Document Ref. Nos. S605, S606, S607, S609, S610, S611, S612, S613, S615, S616, S617, S618 and S619

Document Ref. Nos. S605, S606, S607, S609, S610, S611, S612, S613, S615, S616, S617, S618 and S619 are various draft memos and policy proposals concerning various SNF interim storage scenarios and options. Interim storage scenarios considered by DOE are highly relevant to several issues in this litigation, including the schedule and rate of SNF acceptance, priority acceptance for shutdown reactors in general and Dairyland in particular, and the Private Fuel Storage ("PFS") initiative pursued by Dairyland and other utilities. This Court already ordered production of several documents withheld pursuant to the deliberative process in this

case that concern interim storage scenarios and options. *See Dairyland*, 77 Fed. Cl. at 344. Accordingly, Dairyland's evidentiary interest in these documents outweighs the government's interest in maintaining their confidentiality and they should be produced subject to the terms of the protective order.

E. Document Ref. Nos. S1073, S1074, S1127, S1128 and S1129

Document Ref. Nos. S1073, S1074, S1127, S1128 and S1129 all concern a whitepaper regarding the current status of the Private Fuel Storage facility and proposed talking points for the Secretary of Energy for a meeting with the Governor of Utah. The government clearly intends to argue in this case that Dairyland's participation in PFS has been unreasonable. *See* Gov't Motion for Summary Judgment Regarding Plaintiff's Claim for Recovery of Off-Site Fuel Storage Investments at 13-14. This whitepaper and associated documents may address the government's view regarding the reasonableness of the PFS effort. PFS is a highly relevant issue in this litigation and PFS-related expenditures comprise a significant portion of Dairyland's damages claim. Accordingly, Dairyland's evidentiary interest in these documents outweighs the government's interest in maintaining their confidentiality and they should be produced subject to the terms of the protective order.

III. Attorney-Client Privilege and Work Product Doctrine Documents

A. The Attorney-Client Privilege

"The attorney-client privilege protects communications between the attorney and his client for the purpose of obtaining legal advice." *AAB Joint Venture v. United States*, 75 Fed. Cl. 448, 456 (2007) (Damich, C.J.) (citations omitted). The privilege applies only if:

> (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with the communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers

> (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding . . .; and (4) the privilege has been (a) claimed and (b) not waived by the client.

*Id.* (quoting *Energy Capital Corp. v. United States*, 45 Fed. Cl. 481, 484-85 (2000)). "The burden of establishing the attorney-client privilege rests with the party claiming privilege." *AAB Joint Venture*, 75 Fed. Cl. at 456 (citations omitted). Furthermore, because the privilege impedes the search for the truth, it is to be strictly construed. *Pac. Gas & Elec. Co. v. United States*, 69 Fed. Cl. 784, 811 (2006) ("*Pac. Gas I*") (citations omitted).

"[T]he attorney-client privilege does not shield all information that a client divulges to an attorney, or vice versa, but rather is limited to instances where legal advice is sought or rendered." *Pac. Gas I*, 69 Fed. Cl. at 810 (citing *First Fed. Sav. Bank of Hegewisch v. United States*, 55 Fed. Cl. 263, 266 (2003)). "The privilege only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney." *Upjohn Co. v. United States*, 449 U.S. 385, 395 (1981). Furthermore, merely because counsel's name is attached to a document in some capacity does not by itself render it privileged. *Id.* Thus, in the context where, as is the case here, a government agency is asserting the attorney-client privilege, the agency cannot withhold a document merely because it is a communication between the agency and its lawyers. *Wilderness Soc. v. United States Dep't of Interior*, 344 F. Supp. 2d 1, 16 (D.D.C. 2004). The agency must show that the information was provided by its lawyers was intended to be confidential and was not disclosed to any third party. *Id.*

B. <u>The Work Product Doctrine</u>

The work product doctrine, codified in RCFC 26(b)(3), "is intended to preserve a zone of privacy in which a lawyer can prepare and develop legal strategy with an eye toward litigation, free from unnecessary intrusion by adversaries." *Deseret Mgmt.*, 76 Fed. Cl. at 92 (citing *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947)) (internal quotations omitted). The doctrine

provides for the qualified protection of documents and tangible things prepared by or for a party or that party's representative "in anticipation of litigation or for trial." RCFC 26(b)(3). "'Litigation' includes civil and criminal trial proceedings, as well as adversarial proceedings before an administrative agency, an arbitration panel or a claims commission, and alternative-dispute-resolution proceedings such as mediation or mini-trial." *Deseret Mgmt.*, 76 Fed. Cl. at 92-93 (quoting *Restatement (Third) of the Law Governing Lawyers* § 87 cmt. h (2000)). Documents that are prepared in the ordinary course of business or that would have been created in essentially similar form irrespective of litigation are not protected under the work product doctrine. *United States v. Adlman*, 134 F.3d 1194, 1202 (2d Cir. 1998); *Pac. Gas I*, 69 Fed. Cl. at 798. The doctrine also does not protect facts contained within or underlying attorney work product. *AAB Joint Venture*, 75 Fed. Cl. at 454.

The work product doctrine is not an absolute bar to discovery of materials prepared in anticipation of litigation. *Pac. Gas I*, 69 Fed. Cl. at 789. Under RCFC 26(b)(3), work product can be produced

> upon a showing of that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

RCFC 26(b)(3). Thus, "'core' or 'opinion' work product that encompasses the mental impressions, conclusions, opinion, or legal theories of an attorney or other representative of a party concerning the litigation is generally afforded near absolute protection from discovery." *Pac. Gas I*, 69 Fed. Cl. at 789 (quoting *In re Cendant Corp. Sec. Litig.*, 343 F.3d 658, 663 (3d Cir. 2003)) (internal quotations omitted). However, "any doubts, ambiguities, uncertainties or

silences as to the scope of the work product Rule should be resolved in favor of the Rules' overall policy of liberal discovery." *Pac. Gas I,* 69 Fed. Cl. at 790 (quoting *Stout v. Ill. Farmers Ins. Co.,* 150 F.R.D. 594, 602 (S.D. Ind. 1993), *aff'd*, 852 F. Supp. 704, 705 (W.D. Ind. 1994)).

C. Burden of Sustaining a Privilege Claim

In order to sustain an attorney-client privilege or work product protection claim for withheld responsive documents, a party must "make the claim expressly and describe the nature of the documents, communications, or things not produced or disclosed in a manner that . . . will enable other parties to assess the applicability of the privilege or protection." RCFC 26(b)(5). This invariably means that the party must identify the author and recipient(s) of each document for which the privilege is asserted or must provide other equivalent evidence that shows an attorney was providing or being solicited for legal advice. *See Wilderness Soc'y,* 344 F. Supp. 2d at 17 (denying privilege where "defendants fail to identify the author . . . and in some cases do not even identify the recipient"); *Smithkline Beecham Corp. v. Apotex Corp.,* 232 F.R.D. 467, 475 (E.D. Pa. 2005) ("We . . . scrutinize closely any privilege claim where [a party] is unable to identify the author or has provided only a general group-wide description for the recipients."). It also means that the party must set forth objective facts to establish that the requirements for asserting the privilege are met. *AAB Joint Venture,* 75 Fed. Cl. at 456. Failing this, the withheld documents must be produced. *Smithkline,* 232 F.R.D. at 475.

D. Duty to Produce Documents in Redacted Form

Even if the government can sufficiently demonstrate that any withheld documents contain privileged communications and/or protected work product, it still must comply with its duty to produce documents that only partially contain privileged material in redacted form. *See Bogosian v. Gulf Oil Corp.,* 738 F.3d 587, 595 (3d Cir. 1984) ("[W]here the same document contains both facts and legal theories of the attorney, the adversary party is entitled to discovery

of the facts. . . .Where such combinations exist, it will be necessary to redact the document so that full disclosure of facts is made . . . ."); Fed. R. Civ. P. 26(b)(3) advisory committee's notes ("In enforcing [Rule 26(b)(3)'s protection of lawyer's mental impressions and legal theories], the courts will sometimes find it necessary to order disclosure of a document but with portions deleted."). Accordingly, in the event the Court determines that the government has demonstrated that any challenged document consist of some, but not all, privileged material, it should order the government to produce such document in appropriately redacted form.

E. Challenged Attorney–Client Privilege and Work Product Documents

1. Document Ref. No. S6

Document Ref. No. S6 is a whitepaper regarding the Annual Capacity Report (ACR)/Delivery Commitment Schedule (DCS) process that the government is withholding on attorney-client privilege grounds because the document purportedly "contains legal analysis of standard contract provided by counsel." However, the privilege log entry for this document does not list an attorney as an author or addressee of the document and does not provide any description of what type of "legal analysis" was provided. *See* A7. For this document as well as most of the other attorney-client privilege and work product documents that are being challenged under this motion, the name or names of an "AC Attorney" or "AC/AW Attorney" cryptically appear at the end of the log entry description for the document. (In the case of document S6 as well as many other documents, the AC Attorney listed is "J. Taylor (DOE-OGC)"). Despite inquiry from Dairyland's counsel, the government has not explained or attempted to explain the meaning or significance of the inclusion of an attorney name in a log entry's document description where there is no attorney listed as an author or addressee for the document. Of course, if it is the government's position that the attorney listed in the document description is the attorney who provided legal advice or created the work product, then it merely begs the

question how the government knows this if it was unable to identify the attorney as an author of the document. The government, therefore, has not demonstrated that an identifiable attorney provided any legal advice contained in the document or, even if an attorney did so provide, whether that advice was ever conveyed to the client. Furthermore, even if the government had demonstrated that the whitepaper contains privileged communications, it does not appear, based upon its log description, that the entire document could be considered privileged. Accordingly, this document should be produced or, at a minimum, it should be produced with any privileged material redacted.

2. Document Ref. Nos. S11, S232, S233 and S234

Document Ref Nos. S11, S232, S233 and S234 concern a "presentation regarding the Standard Contract" which "includes information related to spent nuclear fuel litigation at the Court of Federal Claims, settlements and legal analysis of counsel regarding the terms of [the] Standard Contract." *See* A8-9. The government claims the attorney-client privilege and work product protection for these documents on grounds that these documents contain "information and analysis provided by counsel and reflects advice legal advice and mental impressions of counsel." *Id.* The privilege log entries for each of these documents, however, do not list an attorney as an author or addressee and does not state that the presentation was made by an attorney or communicated by an attorney to the client. The entries also do not describe what kind of "legal analysis" is contained in the documents or who provided such analysis and do not state that the documents were prepared in anticipation of litigation or for trial. To the contrary, it appears from their descriptions that these documents were prepared for non-litigation purposes such as providing information to or responding to Congress. Furthermore, any "information" contained within these documents is not privileged even if it was provided by an attorney. *See Upjohn,* 449 U.S. at 395; *AAB Joint Venture,* 75 Fed. Cl. at 454. Finally, even if the government

had demonstrated that these documents contain privileged communications or work product, it does not appear, based upon their log descriptions, that the entire documents could be considered privileged. Accordingly, these documents should be produced or, at a minimum, they should be produced with any privileged material redacted.

3. Document Ref. Nos. S236, S237, S238 and S239

Document Ref. Nos. S236, S237, S238 and S239 are emails "forwarding attached results of analysis of potential liability arising from cases pending at the Court of Federal Claims." A9. The government claims work product doctrine protection for these four documents on grounds that the analysis was "prepared at the direction of counsel and reflects counsel's opinions and mental impressions regarding that litigation." *Id.* An attorney, however, is not listed in the privilege log as an author of these emails or the "attached results" and, according to the log descriptions, the "analysis" contained within the documents was not prepared by an attorney or in anticipation of litigation or for trial. The entries also do not describe what kind of analysis or "opinions" and "mental impressions" of counsel are contained in the documents, but merely state that the documents "reflect" such opinions and mental impressions. Finally, even if the government had demonstrated that these documents contain protected work product, it does not appear, based upon their log descriptions, that the entire documents could be considered privileged. Accordingly, these documents should be produced or, at a minimum, they should be produced with any privileged material redacted.

4. Document Ref. Nos. S251 and S252

Document Ref. Nos. S251 and S252 are both described as an "email and attached whitepaper regarding shipments of SNF to Yucca Mountain." A10. The government is claiming attorney-client privilege and work product protection for these two documents on grounds that they were "prepared at the direction of counsel, in part, in connection with litigation pending

before the Court of Federal Claims." *Id.* An attorney, however, is not listed in the privilege log as an author or addressee of these documents. Nor do the privilege log descriptions for these documents state that the documents contain any legal advice or that they were prepared primarily for litigation purposes or in anticipation of litigation. Finally, even if the government had demonstrated that these documents contain privileged material or protected work product, it does not appear, based upon their log descriptions, that the entire documents could be considered privileged. Accordingly, these documents should be produced or, at a minimum, they should be produced with any privileged material redacted.

5. Document Ref. No. S570

Document Ref. No. S570 is an undated "memorandum from J. Taylor (DOE-OGC) which the government contends "contain[s] legal advice regarding DOE acceptance of spent nuclear fuel provided in response to request for same." The government claims attorney-client privilege protection for this document. A10. The government's privilege log, however, does not show any addressee for this document and, therefore, it has not shown that the document is a communication between an attorney and the client for the purpose of obtaining legal advice. Accordingly, this document should be produced.

6. Document Ref. Nos. S589, S590, S591 and S604

Document Ref. Nos. S589, S590, S591 and S604 are documents that the government claims contain legal analysis and advice of DOE counsel pertaining to interim storage of SNF. The government claims attorney-client privilege protection for documents S589 and S591, attorney-client privilege and work product protection for document S591, and work product protection for document S604. *See* A10-11. The government's privilege log, however, does not list an attorney as an author or addressee for any of these four documents. In fact, there are no authors or addressees listed at all. The entries for these documents also do not describe what

kind of legal analysis or advice is contained in the documents, but merely state generally that the documents "contain" legal analysis and advice of unnamed DOE counsel. In addition, for document S591, the document is undated and there is no description as to what kind of work product is contained in the document — the log entry merely states that this undated document was "prepared by [unnamed] counsel in anticipation of pending spent nuclear fuel litigation." *Id.* at A11. Document S604 is similarly undated and the only work product described in its log entry are "mental impressions of [unnamed] counsel regarding the litigation." *Id.* at A11. Finally, even if the government had demonstrated that these documents contain privileged material or protected work product, it does not appear, based upon their log descriptions, that the entire documents could be considered privileged. Accordingly, these documents should be produced or, at a minimum, they should be produced with any privileged material redacted.

7. Document Ref. No. S592

Document Ref. No. S592 is a "draft whitepaper" which the government contends "reflect[s] review by and legal advice of counsel for DOE regarding maintenance of SNF acceptance in 2020 or soon thereafter." The government is claiming attorney-client privilege and work product protection for this document on grounds that the document contains legal advice of counsel and that document was prepared "in anticipation of upcoming licensing litigation and contains mental impressions of counsel relating thereto." *See* A11. The government's privilege log, however, does not list an attorney as an author or addressee for this document — in fact, the log does not list any author or addressee for this document. The entries for this document also does not describe what kind of legal advice is contained in the document, but merely states generally that the document "contains" legal advice from unnamed counsel. In addition, the fact that legal counsel may have reviewed this document at some point does not, by itself, render the document privileged. *See United States v. Robinson*, 121 F.3d 971, 975 (5th Cir. 1997) ("It goes

without saying that documents do not become cloaked with the lawyer-client privilege merely by the fact of their being passed from client to lawyer."). Furthermore, the government has not described with sufficient particularity the "upcoming licensing litigation" that this document was purportedly prepared in anticipation of and, therefore, has not satisfied its burden of showing that this document is entitled to work product protection. If it is the government's position that this document was prepared in anticipation of the NRC licensing proceedings for Yucca Mountain — a highly dubious assertion given that the document is dated December 12, 2004 and DOE is not expected to submit a Yucca Mountain license application until next year at the earliest — then the government still must demonstrate that these anticipated proceedings constitute *adversarial* proceedings before an administrative agency, which it has not done. *See Pac. Gas I,* 69 Fed. Cl. at 804 ("[B]ecause the purpose of NRC license application proceedings is not adversarial, and the inherent nature of these proceedings is largely *ex parte*, the court believes it is prudent to find that only those aspects of these proceedings that are truly adversarial should constitute "litigation" for the purposes of the work product doctrine."); *Deseret Mgmt.*, 76 Fed. Cl. at 92-93. Finally, even if the government had demonstrated that this document contains privileged material or protected work product, it does not appear, based upon its log description, that the entire document could be considered privileged. Accordingly, this document should be produced or, at a minimum, it should be produced with any privileged material redacted.

8. <u>Document Ref. Nos. S594, S595, S596, S597 and S598</u>

Document Ref. Nos. S594, S595, S596, S597 and S598 are all documents that purportedly concern DCS scheduling and/or DCS options. A12. The government is claiming attorney-client privilege protection for each of these documents on grounds that they request and/or reflect legal review and advice by counsel. *Id.* The government also claims work product protection for Document No. S597 on grounds that the document was "prepared at the direction

of an attorney in anticipation of pending spent nuclear fuel litigation." *Id.* The government's privilege log, however, does not list an attorney as an author or addressee for any of these documents — nor is there any author or addressee listed for these documents. The government has therefore failed to demonstrate that these documents are communications between the attorney and his client for the purpose of obtaining legal advice. In addition, the fact that legal counsel may have reviewed a document at some point does not, by itself, render the document privileged. *See Robinson,* 121 F.3d at 975. Furthermore, for document S597, there is no description as to what kind of work product is contained in the document — the log entry merely states that this document was "prepared by counsel in anticipation of pending spent nuclear fuel litigation." A12. It also does not appear based upon the description of document S597 — a "[Nov. 10, 2004] draft presentation regarding DCS scheduling and status" — that this document was prepared in anticipation of litigation. Instead, it appears that this document was created in connection with DOE's ongoing SNF disposal program. Finally, even if the government had demonstrated that these documents contain privileged material or protected work product, it does not appear, based upon their log descriptions, that the entire documents could be considered privileged. Accordingly, these documents should be produced or, at a minimum, they should be produced with any privileged material redacted.

9. <u>Document Ref. No. S614</u>

Document Ref. No. S614 is an undated "memorandum from D. Dreyfus, Director, OCRWM, to Undersecretary of Energy" that the government contends "reflect[s] review for legal sufficiency and advice of counsel for DOE regarding attached policy options paper concerning proposals for interim storage of nuclear waste." The government is claiming attorney-client privilege protection for this document on grounds that the attached policy options paper "incorporates legal advice by DOE-OGC." A13. Although the log entry for this document

includes a DOE-OGC attorney, B. Nordhaus, as an addressee, the document description suggests that the memorandum was written by a non-lawyer (OCRWM Director D. Dreyfus) to a non-lawyer (Undersecretary of Energy L. Kontoupes). The government has, therefore, failed to demonstrate that this document contains a communication between an attorney and the client for the purpose of obtaining legal advice. In addition, the fact that legal counsel may have reviewed this document at some point does not, by itself, render the document privileged. *See Robinson,* 121 F.3d at 975. Moreover, the reference to that review being "for legal sufficiency" is so vague as to be unhelpful. Furthermore, the log description states that the document concerns "policy options" for interim storage, not legal issues, and that the document "incorporates" unspecified legal advice from an unnamed attorney. Finally, even if the government had demonstrated that this document contains privileged material, it does not appear, based upon its log description, that the entire document should be considered privileged. Accordingly, this document should be produced or, at a minimum, it should be produced with any privileged material redacted.

10. Document Ref. No. S635

Document Ref. No. S635 is a "draft memorandum from OCRWM Director, E. Sproat, "to file" which the government asserts contains "legal advice and analysis provided by DOE counsel in response to request for same." This memorandum purportedly "analyzes liability issues relating to breach of standard contract." The government is claiming attorney-client privilege and work product protection for this document on grounds that it was prepared by DOE counsel in anticipation of SNF litigation pending in the Court of Federal Claims. A13. The government's privilege log, however, does not list an attorney as an author or addressee of this document. Nor is there any author or addressee listed for this document. In addition, according to the log description for this document, this document is a draft memorandum by a non-lawyer, OCRWM Director E. Sproat, which was written "to file" and not distributed to or communicated

to an attorney. Thus, the government has failed to demonstrate that this document contains a communication between an attorney and the client for the purpose of obtaining legal advice. Furthermore, the document description does not identify what particular work product is contained in the document and it confusingly states that the memorandum was prepared by counsel but that it also was prepared by a non-lawyer (E. Sproat).[3] Finally, even if the government had demonstrated that this document contains privileged material or protected work product, it does not appear, based upon its log description, that the entire document could be considered privileged. Accordingly, this document should be produced or, at a minimum, it should be produced with any privileged material redacted.

11. Document Ref. No. 641

Document Ref. No. 641 is a "memorandum" which the government asserts contains legal advice and analysis by counsel for DOE regarding acceptance of SNF from Dairyland Power Cooperative." The government is claiming the attorney-client privilege and work product protection for this document on grounds that it contains legal advice and it was "prepared by counsel in anticipation of SNF litigation pending in the Court of Federal Claims" and it "reflects counsel's mental impressions regarding litigation." A13. The government's privilege log, however, does not list an attorney as an author or addressee of this document or, for that matter, any author or addressee. The government, therefore, has failed to demonstrate that this

[3] The document description for document S635 (as well as for other documents that are the subject of this motion) noting that the document contains the legend "attorney-client privilege" is not helpful because the government has not established a factual basis for that legend. A party obviously cannot shield documents from discovery merely by putting a legend on them. *See Tyne v. Time Warner Entertainment Co., L.P.*, 212 F.R.D. 596, 600 n. 4 ("[The attorney-client privilege] label may serve to put recipients on notice that the document is confidential, but it does not at all prove the existence of privilege."); *Raytheon Aircraft Co. v. United States Army Corps of Engineers*, 183 F. Supp. 2d 1280, 1288 (D. Kan. 2001) ("Simply placing language on a document that identifies it as "work-product" is of no help in determining whether the documents are truly protected by the doctrine.").

document contains a communication between an attorney and the client for the purpose of obtaining legal advice. Furthermore, even if the government had demonstrated that this document contains privileged material or protected work product, it does not appear, based upon its log description, that the entire document could be considered privileged. Accordingly, this document should be produced or, at a minimum, it should be produced with any privileged material redacted.

12. Document Ref. Nos. S682, S683 and S1130

Document Ref. Nos. S682, S683 and S1130 appear to be copies of the same email dated October 20, 2003 from S. Smith from D. Zabransky. The government is claiming work product protection for these documents, asserting that they were "prepared at the direction of counsel in anticipation of litigation pending in the Court of Federal Claims" and they "reveal mental impressions of counsel regarding waste acceptance options and effect on litigation positions." A14. The government is also claiming attorney-client privilege protection for document S1130. *Id.* The government's privilege log, however, does not list an attorney as an author or addressee of these documents and it also does not appear that these documents were prepared for or in anticipation of litigation or trial because "waste acceptance options" would seem to concern the ongoing DOE SNF disposal program and not the pending SNF cases. The government, therefore, has not demonstrated that these documents contain any attorney-client privileged communications or they were prepared for or in anticipation of litigation or trial. Accordingly, these documents should be produced.

13. Document Ref. No. 684

Document Ref. No. S684 is an "email chain between C. Kouts and P. Golan" which the government asserts contains "comments prepared by counsel in anticipation of SNF litigation pending in the Court of Federal Claims." The government is claiming work product protection

for this document on grounds that the document "reveals mental impressions of counsel regarding litigation." Messrs. Kouts and Golan are not attorneys and the government's privilege log does not list any attorney as an author or addressee of the document. The government, therefore, has not demonstrated that this document contains material that was prepared for or in anticipation of litigation or trial. Furthermore, even if the government had demonstrated that this document contains protected work product, it does not appear, based upon its log description, that the entire document could be considered privileged. Accordingly, this document should be produced or, at a minimum, it should be produced with any privileged material redacted.

14. Document Ref. No. S690

Document Ref. No. S690 is an "email from H. Fitter to A. Brownstein" which the government claims is "forwarding legal advice and analysis provided to DOE by DOJ regarding proposed legislative testimony concerning SNF acceptance." The government is claiming attorney-client privilege and work product protection for this document on grounds that the document contains "advice prepared by DOJ in anticipation of licensing litigation, and contains counsel's mental impressions." A15. However, neither Mr. Fitter nor Mr. Brownstein is an attorney and the government's privilege log fails to identify an attorney as an author or addressee of the document. The government, therefore, has failed to demonstrate that this document contains a communication between an attorney and the client for the purpose of obtaining legal advice. The log entry for this document also does not identify the attorney whose legal advice and mental impressions are purportedly contained in the document; instead, it merely refers to "DOJ." In addition, the log entry description for this document shows that it was prepared for legislative purposes and not "in anticipation of licensing litigation." Furthermore, although the privilege log states that the document was prepared "in anticipation of licensing litigation," the government has not established that the applicable "licensing" proceeding was adversarial. If it

is the government's position that this document was prepared in anticipation of the NRC licensing proceedings for Yucca Mountain — that assertion is highly dubious since the document is dated April 24, 2002 and DOE is not expected to submit a Yucca Mountain license application until next year at the earliest. *See Pac. Gas I,* 69 Fed. Cl. at 804; *Deseret Mgmt*., 76 Fed. Cl. at 92-93. Accordingly, this document should be produced.

15. Document Ref. No. S700

Document Ref. No. S700 is an "email chain" which the government asserts "reflect[s] advice provided by DOJ regarding SNF litigation pending before Court of Federal Claims." The government is claiming attorney-client privilege and work product protection for this document on grounds that it reflects legal advice and also contains "information prepared at direction of DOJ in connection with SNF litigation." A15. The government's privilege log, however, does not list an attorney as an author or addressee of the document. In addition, any "information" contained within these documents is not work product even if it was provided at the direction of an attorney. *See Upjohn*, 449 U.S. at 395; *AAB Joint Venture*, 75 Fed. Cl. at 454. The government, therefore, has failed to demonstrate that this document contains a communication between an attorney and the client for the purpose of obtaining legal advice or that it contains any work product. Furthermore, even if the government had demonstrated that this document contains privileged material or protected work product, it does not appear, based upon its log description, that the entire document could be considered privileged. Accordingly, this document should be produced or, at a minimum, it should be produced with any privileged material redacted.

16. Document Ref. No. S701

Document Ref. No. S701 is an undated "draft report" which the government asserts "contain[s] mental impressions of counsel related to authorization of NWF collections,

mitigation of damages, SNF acceptance, and transportation safety concerns." The government is claiming work product protection for this document, asserting that this document contains mental impressions of counsel and was "prepared at the direction of counsel in connection with litigation pending at the Court of Federal Claims." A15. The government's privilege log, however, does not list an attorney as an author or addressee. It also does not appear, based upon the purported subject matter of this document — authorization of NWF collections, mitigation of damages, SNF acceptance and transportation safety concerns — that it entirely would have been prepared in connection with any pending litigation. In particular, authorization of NWF collections and transportation safety concerns do not appear to be matters litigated in the SNF cases in this court. The government, therefore, has failed to demonstrate that this document was prepared for or in anticipation of litigation or trial. Furthermore, even if the government had demonstrated that this document contains protected work product, it does not appear, based upon its log description, that the entire document could be considered privileged. Accordingly, this document should be produced or, at a minimum, it should be produced with any privileged material redacted.

17. Document Ref. No. S955

Document Ref. No. S955 is an undated "draft memorandum" which the government asserts provides "legal advice and analysis regarding legal authority to provide interim storage." The government is claiming attorney-client privilege and work product protection for this document on grounds that it contains legal advice and analysis and "counsel's opinions and mental impressions regarding litigation pending at the Court of Federal Claims and the Federal Circuit." A15. The government, however, does not list an attorney as an author or addressee. The government also does not demonstrate that this draft memorandum was actually provided by counsel to the client. Furthermore, the purported subject matter of the document — interim

storage — appears to be related to DOE's ongoing SNF disposal program rather than any (unnamed) pending litigation. The government, therefore, has failed to demonstrate that this document contains a communication between an attorney and the client for the purpose of obtaining legal advice or that it was prepared for or in anticipation of litigation or trial. Accordingly, this document should be produced.

18. <u>Document Ref. Nos. S956 and S957</u>

Document Ref. Nos. S956 and S957 are undated documents concerning proposed legislation and draft talking points regarding interim storage. The government is claiming attorney-client privilege and work product protection for these documents on grounds that these documents were "prepared by counsel in response to a request for analysis by OCRWM in connection with litigation pending in the Court of Federal Claims." A16. The government's privilege log, however, does not list an attorney as an author or addressee of this document and there is no indication that these documents contain any legal advice that was conveyed by an attorney to the client. Furthermore, the log entries for these documents show that they were prepared for legislative purposes, not litigation purposes, and the entries do not describe any actual work product. The government, therefore, has failed to demonstrate that this document contains a communication between an attorney and the client for the purpose of obtaining legal advice or that it was prepared for or in anticipation of litigation or trial. Accordingly, these documents should be produced.

19. <u>Document Ref. No. S1130</u>

Document Ref. No. S1130 is an "email regarding draft paper on waste acceptance options." The government is claiming attorney-client privilege and work product protection for this document on grounds that it "contains legal analysis and discussion of currently pending litigation before the Court of Federal Claims provided by counsel." A16. The privilege log,

however, does not identify an attorney as an author or addressee of this document. It also does not state that this document contains any legal advice or describe any actual work product. Moreover, the subject matter of the document — waste acceptance options — appears to be related to DOE's ongoing SNF disposal program rather than the pending SNF litigation. The government, therefore, has failed to demonstrate that this document contains a communication between an attorney and the client for the purpose of obtaining legal advice or that it was prepared for or in anticipation of litigation or trial. Accordingly, this document should be produced.

20. Document Ref. No. S1145

Document Ref. No. S1145 is a "summary of meeting results from a discussion concerning acceptance scenarios." The government is claiming attorney-client privilege protection for this document, asserting that it "reflects legal advice provided by counsel at meeting." The government, however, does not identify any author and it lists one attorney among ten addressees for this document. The government, therefore, has failed to demonstrate that this document contains a communication between an attorney and the client for the purpose of obtaining legal advice. Furthermore, even if the government had demonstrated that this document contains privileged material, it does not appear, based upon its log description, that the entire document could be considered privileged. Accordingly, this document should be produced or, at a minimum, it should be produced with any privileged material redacted.

21. Documents Concerning Proposed Spent Fuel Disposal Contracts for New Nuclear Reactors

a. Draft Contract Documents

Dairyland also moves to compel production of 73 documents — Document Ref. Nos. S310, S371-S376, S379-S382, S385, S395-S405, S409, S410, S415, S420, S421, S424, S433-

S439, S455, S472, S491, S492, S556, S557, S559-S561, S600, S601, S889, S946-S948, S973-S982, S984, S993-S1000, S1008, S1009, and S1012 — that the government asserts are draft of proposed spent fuel disposal contracts for new nuclear reactors. The government is claiming attorney-client privilege protection for each of these documents. The government's privilege log, however, does not list an attorney as an author or addressee for any of these documents. In fact, there is no author or addressee identified for any of these documents. A draft contract does not per se reflect attorney-client communications. The government, therefore, has failed to demonstrate that these documents constitute or contain communications between an attorney and the client for the purpose of obtaining legal advice. Moreover, the government's assertion of the attorney-client privilege for these documents is inconsistent with the privilege assertions it has previously made with regard to the Department of Energy's work on spent fuel disposal contracts for new nuclear reactors. In particular, during the May 3, 2007 deposition of DOE's Contracting Officer for SNF disposal contracts, David K. Zabransky, government counsel instructed Mr. Zabransky not to answer several questions from Dairyland's counsel concerning this topic solely on *deliberative process* privilege grounds.[4] *See* Zabransky Dep. 61(14)-71(1) (A59). There was never any assertion of the attorney-client privilege with regard to any of these questions. Furthermore, even if the government had demonstrated that these documents contain privileged material, it does not appear, based upon their log descriptions, that the entire documents could be considered privileged. Accordingly, these documents should be produced or, at a minimum, they should be produced with any privileged material redacted.

[4] The government's deliberative process privilege assertion for these and other questions during Mr. Zabransky's deposition are the subject of another pending motion to compel brought by Dairyland.

b. Memoranda, Emails and Notes Concerning Draft Contracts

In addition to the draft contracts, Dairyland also requests production of 69 documents — Doc. Ref. Nos. S377, S378, S383, S384, S386-S394, S406, S411-S414, S416-S419, S423, S425, S432, S454, S456-S459, S465, S468, S471, S473, S474, S554, S555, S558, S562-S567, S602, S603, S887, S888, S890-S893, S901, S944, S945, S949, S950, S952, S953, S983, S988, S992, S1001-S1003, S1005-S1007, S1011, and S1013, which are memoranda, whitepapers, emails and notes that the government asserts concern the Department of Energy's consideration, drafting and analysis of spent fuel disposal contracts for new nuclear reactors. The government is claiming attorney-client privilege protection for each of these documents. Again, the government has not identified an attorney as an author or addressee for any of these documents or, for that matter, any author or addressee. It therefore has failed to demonstrate that these documents constitute or contain privileged attorney-client communications. Furthermore, even if the government had demonstrated that these documents contain privileged material, it does not appear, based upon their log descriptions, that the entire documents could be considered privileged. Accordingly, these documents should be produced or, at a minimum, they should be produced with any privileged material redacted.

Conclusion

For the reasons set forth above, this Court should grant Dairyland's motion to compel and order the government to produce the documents set forth in its Table of Challenges.

Respectfully submitted,

Dated: October 5, 2007

s/ Jerry Stouck

JERRY STOUCK
Greenberg Traurig, LLP
800 Connecticut Avenue, N.W.
Suite 500
Washington, DC 20006
(202) 331-3100 (Telephone)
(202) 261-4751 (Facsimile)
*Counsel for Plaintiff*
DAIRYLAND POWER COOPERATIVE

Of Counsel:

Robert L. Shapiro
Kevin E. Stern
GREENBERG TRAURIG, LLP

# APPENDIX

# Dairyland Table of Challenges
## September 17, 2007 Government Privilege Log

| RefNo. | FIRSTIMAGE | LASTIMAGE | DATE | AUTHOR | ADDRESSEE | DESCRIPTION | PRIVILEGE |
|---|---|---|---|---|---|---|---|
| S183 | CTR597 0556 | CTR597 0556 | | | Williams, J.; Zabransky, D.; Burgoyne, R.; Gillespie, S.; Ross, S.L.; Siefken, D.; Moller, C.; Stroupe, W.; Black, J. | E-MAIL ADDRESSING OCRWM'S ANALYSES OF THE POTENTIAL FOR ACCELERATED ACCEPTANCE OF SNF AND ACCELERATED DEVELOPMENT OF SNF STORAGE AND DISPOSAL FACILITIES TO SUPPORT THE DEVELOPMENT OF YUCCA MOUNTAIN; THE DOCUMENT INCLUDES RECOMMENDATIONS MADE TO DOE'S DEPUTY SECRETARY CONCERNING OCRWM'S TRANSPORTATION PROGRAM, FORMING PART OF THE DELIBERATIVE PROCESS. | DP |
| S184 | CTR597 0654 | CTR597 0701 | 6/11/2002 | Williams, J. | | DRAFT PRESENTATION PREPARED BY OCRWM PERSONNEL FOR THE THEN UNDERSECRETARY OF ENERGY, CONCERNING OCRWM'S TRANSPORTATION AND WASTE ACCEPTANCE PROGRAM TO SUPPORT THE YUCCA MOUNTAIN PROJECT; THE DOCUMENT CONTAINS ANALYSES AND RECOMMENDATIONS CONCERNING THE STATUS AND RISKS RELATED TO THE PROGRAM AND WAS PREPARED FOR SENIOR DECISION MAKERS, FORMING PART OF THE DELIBERATIVE PROCESS. | DP |
| S428 | HQR492 1264 | HQR492 1279 | | | | PREDECISIONAL OUTLINE PREPARED BY OCRWM PERSONNEL ADDRESSING SCHEDULING OF SPENT NUCLEAR FUEL ACCEPTANCE; DOCUMENT EVALUATES ADVANTAGES AND DISADVANTAGES OF DIFFERENT ACCEPTANCE SCHEDULES, OUTLINES LEGISLATIVE STRATEGIES, AND REVEALS DELIBERATIONS BY AND AMONG SENIOR OCRWM OFFICIALS, THEREBY FORMING PART OF THE DELIBERATIVE PROCESS. | DP |
| S1035 | HQR613 0953 | HQR613 0968 | | | | PREDECISIONAL OUTLINE PREPARED BY OCRWM PERSONNEL ADDRESSING SCHEDULING OF SPENT NUCLEAR FUEL ACCEPTANCE; DOCUMENT EVALUATES ADVANTAGES AND DISADVANTAGES OF DIFFERENT ACCEPTANCE SCHEDULES, OUTLINES LEGISLATIVE STRATEGIES, AND REVEALS DELIBERATIONS BY AND AMONG SENIOR OCRWM OFFICIALS, THEREBY FORMING PART OF THE DELIBERATIVE PROCESS. | DP |

**Dairyland Table of Challenges**
**September 17, 2007 Government Privilege Log**

| RefNo. | FIRSTIMAGE | LASTIMAGE | DATE | AUTHOR | ADDRESSEE | DESCRIPTION | PRIVILEGE |
|---|---|---|---|---|---|---|---|
| S1139 | HQR665 0001 | HQR665 0005 | 12/9/2005 | Dawson, D. | Slater-Thompson, N. | E-MAIL AND DRAFT PAPER ADDRESSING OCRWM'S ANALYSES OF THE POTENTIAL FOR ACCELERATED ACCEPTANCE OF SNF AND ACCELERATED DEVELOPMENT OF SNF STORAGE AND DISPOSAL FACILITIES TO SUPPORT THE DEVELOPMENT OF YUCCA MOUNTAIN; THE DOCUMENT INCLUDES RECOMMENDATIONS MADE TO SENIOR DECISION MAKERS AND REFLECTS DOE'S POLICY CONSIDERATIONS REGARDING THE DEVELOPMENT OF YUCCA MOUNTING, FORMING PART OF THE DELIBERATIVE PROCESS. | DP |
| S1141 | HQR670 0002 | HQR670 0013 | 3/19/2007 | | | PREDECISIONAL WHITEPAPER PREPARED BY OCRWM PERSONNEL ADDRESSING SCHEDULING OF SPENT NUCLEAR FUEL ACCEPTANCE; DOCUMENT EVALUATES ADVANTAGES AND DISADVANTAGES OF DIFFERENT ACCEPTANCE SCHEDULES, OUTLINES LEGISLATIVE STRATEGIES, AND REVEALS DELIBERATIONS BY AND AMONG SENIOR OCRWM OFFICIALS, THEREBY FORMING PART OF THE DELIBERATIVE PROCESS. | DP |
| S1142 | HQR670 0015 | HQR670 0026 | 3/19/2007 | | | PREDECISIONAL WHITEPAPER PREPARED BY OCRWM PERSONNEL ADDRESSING SCHEDULING OF SPENT NUCLEAR FUEL ACCEPTANCE; DOCUMENT EVALUATES ADVANTAGES AND DISADVANTAGES OF DIFFERENT ACCEPTANCE SCHEDULES, OUTLINES LEGISLATIVE STRATEGIES, AND REVEALS DELIBERATIONS BY AND AMONG SENIOR OCRWM OFFICIALS, THEREBY FORMING PART OF THE DELIBERATIVE PROCESS. | DP |
| S1143 | HQR670 0028 | HQR670 0039 | 3/19/2007 | | | PREDECISIONAL WHITEPAPER PREPARED BY OCRWM PERSONNEL ADDRESSING SCHEDULING OF SPENT NUCLEAR FUEL ACCEPTANCE; DOCUMENT EVALUATES ADVANTAGES AND DISADVANTAGES OF DIFFERENT ACCEPTANCE SCHEDULES, OUTLINES LEGISLATIVE STRATEGIES, AND REVEALS DELIBERATIONS BY AND AMONG SENIOR OCRWM OFFICIALS, THEREBY FORMING PART OF THE DELIBERATIVE PROCESS. | DP |

-A2-

# Dairyland Table of Challenges
## September 17, 2007 Government Privilege Log

| RefNo. | FIRSTIMAGE | LASTIMAGE | DATE | AUTHOR | ADDRESSEE | DESCRIPTION | PRIVILEGE |
|---|---|---|---|---|---|---|---|
| S1144 | HQR670 0041 | HQR670 0053 | XXXXXXXX | | | PREDECISIONAL OUTLINE PREPARED BY OCRWM PERSONNEL ADDRESSING SCHEDULING OF SPENT NUCLEAR FUEL ACCEPTANCE; DOCUMENT EVALUATES ADVANTAGES AND DISADVANTAGES OF DIFFERENT ACCEPTANCE SCHEDULES, OUTLINES LEGISLATIVE STRATEGIES, AND REVEALS DELIBERATIONS BY AND AMONG SENIOR OCRWM OFFICIALS, THEREBY FORMING PART OF THE DELIBERATIVE PROCESS. | DP |
| | | | | | | | |
| S605 | HQR505 0225 | HQR505 0228 | xxxxxxxx | | | DRAFT PAPER ADDRESSING OCRWM'S REVIEW AND ANALYSES OF POTENTIAL INTERIM SNF STORAGE OPTIONS AND SCENARIOS, INCLUDING THE RISKS AND IMPLICATIONS OF PURSUING INTERIM SNF STORAGE; DOCUMENT REFLECTS DOE'S POLICY DELIBERATIONS CONCERNING INTERIM SNF STORAGE OPTIONS AND FORMS PART OF THE DELIBERATIVE PROCESS. | DP |
| S606 | HQR505 0229 | HQR505 0233 | xxxxxxxx | | | DRAFT PAPER ADDRESSING OCRWM'S REVIEW AND ANALYSES OF POTENTIAL INTERIM SNF STORAGE OPTIONS AND SCENARIOS, INCLUDING THE RISKS AND IMPLICATIONS OF PURSUING INTERIM SNF STORAGE; DOCUMENT REFLECTS DOE'S POLICY DELIBERATIONS CONCERNING INTERIM SNF STORAGE OPTIONS AND FORMS PART OF THE DELIBERATIVE PROCESS. | DP |
| S607 | HQR505 0268 | HQR505 0282 | xxxxxxxx | | | DRAFT PRESENTATION DISCUSSING OCRWM'S SCHEDULE AND STRATEGY OPTIONS TO ALLOW FOR THE ACCEPTANCE OF SNF AT YUCCA MOUNTAIN; THE DOCUMENT INCLUDES ANALYSIS AND RECOMMENDATIONS MADE FOR THE BENEFIT OF SENIOR DECISION MAKERS, FORMING PART OF THE DELIBERATIVE PROCESS. | DP |

-A3-

## Dairyland Table of Challenges
## September 17, 2007 Government Privilege Log

| RefNo. | FIRSTIMAGE | LASTIMAGE | DATE | AUTHOR | ADDRESSEE | DESCRIPTION | PRIVILEGE |
|---|---|---|---|---|---|---|---|
| S609 | HQR505 0963 | HQR505 0981 | xxxxxxxx | Glauthier,T.J.; Curtis,C; Under Secretary Of Energy | Glauthier, T.J.; Lew, J.; Cullom, P.; Adams, G.; Haber, L.; Curtis, C.; Dreyfus, D.; Mcginty, K.; Fidler, S.; Demars, Adm. B.; Honigman, S.; Bell, R.; Sestak, J.; Griffin, P.; Chow, B.; Holstein, E.; Burke, B.; Garvey, G.; Angell, J.; Schiffer, L.; Hale, M.; Sosnik, D.; Cohan, B. | DRAFT MEMORANDUM FROM T.J. GLAUTHIER, ASSOCIATE DIRECTOR, OMB AND CHARLES CURTIS, UNDER SECRETARY, DOE, ADDRESSING A REVIEW OF ADMINISTRATION POLICY CONCERNING INTERIM STORAGE OF RADIOACTIVE WASTE, INCLUDING THE RISKS AND IMPLICATION OF VARIOUS INTERIM STORAGE SCENARIOS; DOCUMENT REFLECTS DOE'S POLICY DELIBERATIONS CONCERNING INTERIM SNF STORAGE OPTIONS AND FORMS PART OF THE DELIBERATIVE PROCESS. | DP |
| S610 | HQR505 1034 | HQR505 1035 | 19950613 | | | DRAFT POLICY PROPOSAL CONCERNING INTERIM STORAGE OF RADIOACTIVE WASTE, INCLUDING THE RISKS AND IMPLICATION OF VARIOUS INTERIM STORAGE SCENARIOS; DOCUMENT REFLECTS DOE'S POLICY DELIBERATIONS CONCERNING INTERIM SNF STORAGE OPTIONS AND FORMS PART OF THE DELIBERATIVE PROCESS. | DP |
| S611 | HQR505 1036 | HQR505 1038 | 19950613 | | | PRELIMINARY DRAFT PAPER ADDRESSING ADMINISTRATION POLICY CONCERNING INTERIM STORAGE OF COMMERCIAL SNF; DOCUMENT REFLECTS DOE'S POLICY DELIBERATIONS CONCERNING INTERIM SNF STORAGE OPTIONS AND FORMS PART OF THE DELIBERATIVE PROCESS. | DP |
| S612 | HQR505 1040 | HQR505 1043 | 19950615 | | | DRAFT POLICY PROPOSAL CONCERNING INTERIM STORAGE OF RADIOACTIVE WASTE, INCLUDING THE RISKS AND IMPLICATION OF VARIOUS INTERIM STORAGE SCENARIOS; DOCUMENT REFLECTS DOE'S POLICY DELIBERATIONS CONCERNING INTERIM SNF STORAGE OPTIONS AND FORMS PART OF THE DELIBERATIVE PROCESS. | DP |

-A4-

# Dairyland Table of Challenges
## September 17, 2007 Government Privilege Log

| RefNo. | FIRSTIMAGE | LASTIMAGE | DATE | AUTHOR | ADDRESSEE | DESCRIPTION | PRIVILEGE |
|---|---|---|---|---|---|---|---|
| S613 | HQR505 1045 | HQR505 1049 | 19950619 | Pfeiffer, J. | Curtis, C.; Rosenzweig, R.; Dreyfus, D.; Bell, B.; Fidler, S.; Honigman, S.; Peroff, K.; Cullom, P. | MEMORANDUM FROM JOHN PFEIFFER, OMB, WITH ATTACHED DRAFT POLICY PROPOSAL CONCERNING INTERIM STORAGE OF RADIOACTIVE WASTE, INCLUDING THE RISKS AND IMPLICATION OF VARIOUS INTERIM STORAGE SCENARIOS; DOCUMENT REFLECTS DOE'S POLICY DELIBERATIONS CONCERNING INTERIM SNF STORAGE OPTIONS AND FORMS PART OF THE DELIBERATIVE PROCESS. | DP |
| S615 | HQR505 1056 | HQR505 1060 | xxxxxxxx | Smith, S. | Pfeiffer, J. | FAX COVER SHEET FROM SUSAN SMITH, OCRWM TO OMB AND ATTACHED DRAFT PAPER (INCLUDING HANDWRITTEN MARGINALIA) ADDRESSING DOE'S REVIEW AND ANALYSES OF POTENTIAL INTERIM SNF STORAGE OPTIONS AND SCENARIOS, INCLUDING THE RISKS AND IMPLICATIONS OF PURSUING INTERIM SNF STORAGE; DOCUMENT REFLECTS DOE'S POLICY DELIBERATIONS CONCERNING INTERIM SNF STORAGE OPTIONS AND FORMS PART OF THE DELIBERATIVE PROCESS. | DP |
| S616 | HQR505 1061 | HQR505 1064 | 19950621 | | | COMMENTS FROM NAVY REGARDING POLICY PROPOSAL CONCERNING INTERIM STORAGE OF RADIOACTIVE WASTE, INCLUDING THE RISKS AND IMPLICATION OF VARIOUS INTERIM STORAGE SCENARIOS; DOCUMENT REFLECTS DOE'S POLICY DELIBERATIONS CONCERNING INTERIM SNF STORAGE OPTIONS AND FORMS PART OF THE DELIBERATIVE PROCESS. | DP |
| S617 | HQR505 1065 | HQR505 1072 | 19950703 | White, B. | Curtis, C.; Dreyfus, D. | DRAFT MEMORANDUM FROM BILL WHITE, DEPUTY SECRETARY, FOR REVIEW BY DANIEL DREYFUS, DIRECTOR, OCRWM, AND CHARLES CURTIS, UNDER SECRETARY, WITH ATTACHED DRAFT POLICY PROPOSAL CONCERNING INTERIM STORAGE OF RADIOACTIVE WASTE, INCLUDING THE RISKS AND IMPLICATION OF VARIOUS INTERIM STORAGE SCENARIOS; DOCUMENT REFLECTS DOE'S POLICY DELIBERATIONS CONCERNING INTERIM SNF STORAGE OPTIONS AND FORMS PART OF THE DELIBERATIVE PROCESS. | DP |

# Dairyland Table of Challenges
## September 17, 2007 Government Privilege Log

| RefNo. | FIRSTIMAGE | LASTIMAGE | DATE | AUTHOR | ADDRESSEE | DESCRIPTION | PRIVILEGE |
|---|---|---|---|---|---|---|---|
| S618 | HQR505 1073 | HQR505 1079 | 19950628 | Peroff, K. | Dreyfus, D. | FAX COVER SHEET FROM OMB TO DOE WITH ATTACHED DRAFT POLICY PROPOSAL CONCERNING INTERIM STORAGE OF RADIOACTIVE WASTE, INCLUDING THE RISKS AND IMPLICATION OF VARIOUS INTERIM STORAGE SCENARIOS; DOCUMENT REFLECTS DOE'S POLICY DELIBERATIONS CONCERNING INTERIM SNF STORAGE OPTIONS AND FORMS PART OF THE DELIBERATIVE PROCESS. | DP |
| S619 | HQR505 1083 | HQR505 1089 | xxxxxxxx | | | DRAFT POLICY PROPOSAL CONCERNING INTERIM STORAGE OF RADIOACTIVE WASTE, INCLUDING THE RISKS AND IMPLICATION OF VARIOUS INTERIM STORAGE SCENARIOS; DOCUMENT REFLECTS DOE'S POLICY DELIBERATIONS CONCERNING INTERIM SNF STORAGE OPTIONS AND FORMS PART OF THE DELIBERATIVE PROCESS. | DP |
| | | | | | | | |
| S1073 | HQR644 0218 | HQR644 0219 | xxxxxxxx | | | WHITEPAPER REGARDING CURRENT STATUS OF PRIVATE FUEL STORAGE FACILITY AND PROPOSED TALKING POINTS FOR SECRETARY FOR MEETING WITH GOVERNOR OF UTAH; DOCUMENT PROVIDES OPINIONS AND RECOMMENDATIONS OF DOE PERSONNEL TO THE SECRETARY REGARDING POSITIONS TO BE TAKEN WITH REGARD TO PFS AND FORMS PART OF THE DELIBERATIVE PROCESS. | DP |
| S1074 | HQR644 0220 | HQR644 0221 | xxxxxxxx | | | WHITEPAPER REGARDING CURRENT STATUS OF PRIVATE FUEL STORAGE FACILITY AND PROPOSED TALKING POINTS FOR SECRETARY FOR MEETING WITH GOVERNOR OF UTAH; DOCUMENT PROVIDES OPINIONS AND RECOMMENDATIONS OF DOE PERSONNEL TO THE SECRETARY REGARDING POSITIONS TO BE TAKEN WITH REGARD TO PFS AND FORMS PART OF THE DELIBERATIVE PROCESS. | DP |

-A6-

# Dairyland Table of Challenges
## September 17, 2007 Government Privilege Log

| RefNo. | FIRSTIMAGE | LASTIMAGE | DATE | AUTHOR | ADDRESSEE | DESCRIPTION | PRIVILEGE |
|---|---|---|---|---|---|---|---|
| S1127 | HQR654 0003 | HQR654 0004 | 3/10/2005 | Smith, S. | Kouts, C. | EMAIL AND ATTACHED WHITEPAPER REGARDING CURRENT STATUS OF PRIVATE FUEL STORAGE FACILITY AND PROPOSED TALKING POINTS FOR SECRETARY FOR MEETING WITH GOVERNOR OF UTAH; DOCUMENT PROVIDES OPINIONS AND RECOMMENDATIONS OF DOE PERSONNEL TO THE SECRETARY REGARDING POSITIONS TO BE TAKEN WITH REGARD TO PFS AND FORMS PART OF THE DELIBERATIVE PROCESS. | DP |
| S1128 | HQR654 0005 | HQR654 0007 | 3/10/2005 | Smith, S. | Kouts, C.; Chumbris, N.; Slothouber, L. | EMAIL AND ATTACHED WHITEPAPER REGARDING CURRENT STATUS OF PRIVATE FUEL STORAGE FACILITY AND PROPOSED TALKING POINTS FOR SECRETARY FOR MEETING WITH GOVERNOR OF UTAH; DOCUMENT PROVIDES OPINIONS AND RECOMMENDATIONS OF DOE PERSONNEL TO THE SECRETARY REGARDING POSITIONS TO BE TAKEN WITH REGARD TO PFS AND FORMS PART OF THE DELIBERATIVE PROCESS. | DP |
| S1129 | HQR654 0008 | HQR654 0010 | 3/11/2005 | Smith, S. | Mccarty, J.; Slothouber, L.; Hanson, C. | EMAIL AND ATTACHED WHITEPAPER REGARDING CURRENT STATUS OF PRIVATE FUEL STORAGE FACILITY AND PROPOSED TALKING POINTS FOR SECRETARY FOR MEETING WITH GOVERNOR OF UTAH; DOCUMENT PROVIDES OPINIONS AND RECOMMENDATIONS OF DOE PERSONNEL TO THE SECRETARY REGARDING POSITIONS TO BE TAKEN WITH REGARD TO PFS AND FORMS PART OF THE DELIBERATIVE PROCESS. | DP |
| | | | | | | | |
| S6 | CTR358 0612 | CTR358 0614 | | | | WHITEPAPER REGARDING ACR/DCS PROCESS; CONTAINS LEGAL ANALYSIS OF STANDARD CONTRACT PROVIDED BY COUNSEL.<br>AC ATTORNEY: J. TAYLOR (DOE-OGC). | AC |
| | | | | | | | |

-A7-

## Dairyland Table of Challenges
## September 17, 2007 Government Privilege Log

| RefNo. | FIRSTIMAGE | LASTIMAGE | DATE | AUTHOR | ADDRESSEE | DESCRIPTION | PRIVILEGE |
|---|---|---|---|---|---|---|---|
| S11 | CTR358 7243 | CTR358 7261 | 2007/04/18 | | | PRESENTATION REGARDING THE STANDARD CONTRACT; PRESENTATION INCLUDES INFORMATION RELATED TO SPENT NUCLEAR FUEL LITIGATION AT THE COURT OF FEDERAL CLAIMS, SETTLEMENTS AND LEGAL ANALYSIS OF COUNSEL REGARDING TERMS OF STANDARD CONTRACT; INFORMATION AND ANALYSIS PROVIDED BY COUNSEL AND REFLECTS LEGAL ADVICE AND MENTAL IMPRESSIONS OF COUNSEL; BEARS LEGEND "ATTORNEY-CLIENT PRIVILEGED." AC/AW ATTORNEY: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC, AW |
| S232 | CTR610 0858 | CTR610 0899 | 2002/03/27 | | Pollog, T.; Benz, E. | EMAIL AND ATTACHED PRESENTATION REGARDING THE STANDARD CONTRACT; PRESENTATION INCLUDES INFORMATION RELATED TO SPENT NUCLEAR FUEL LITIGATION AT THE COURT OF FEDERAL CLAIMS, SETTLEMENTS AND LEGAL ANALYSIS OF COUNSEL REGARDING TERMS OF STANDARD CONTRACT; INFORMATION AND ANALYSIS PROVIDED BY COUNSEL AND REFLECTS LEGAL ADVICE AND MENTAL IMPRESSIONS OF COUNSEL.<br>AC/AW ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC, AW |
| S233 | CTR610 0900 | CTR610 0964 | 2002/03/28 | Barton, C. | Pollog, T.; Benz, E. | EMAIL AND ATTACHED PRESENTATION REGARDING THE STANDARD CONTRACT; PRESENTATION INCLUDES INFORMATION RELATED TO SPENT NUCLEAR FUEL LITIGATION AT THE COURT OF FEDERAL CLAIMS, SETTLEMENTS AND LEGAL ANALYSIS OF COUNSEL REGARDING TERMS OF STANDARD CONTRACT; INFORMATION AND ANALYSIS PROVIDED BY COUNSEL AND REFLECTS LEGAL ADVICE AND MENTAL IMPRESSIONS OF COUNSEL.<br>AC/AW ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC, AW |

-A8-

# Dairyland Table of Challenges
## September 17, 2007 Government Privilege Log

| RefNo. | FIRSTIMAGE | LASTIMAGE | DATE | AUTHOR | ADDRESSEE | DESCRIPTION | PRIVILEGE |
|---|---|---|---|---|---|---|---|
| S234 | CTR610 0965 | CTR610 1073 | 2002/04/02 | | Pollog, T.; Benz, E. | EMAIL AND ATTACHED PRESENTATION REGARDING THE STANDARD CONTRACT; PRESENTATION INCLUDES INFORMATION RELATED TO SPENT NUCLEAR FUEL LITIGATION AT THE COURT OF FEDERAL CLAIMS, SETTLEMENTS AND LEGAL ANALYSIS OF COUNSEL REGARDING TERMS OF STANDARD CONTRACT; INFORMATION AND ANALYSIS PROVIDED BY COUNSEL AND REFLECTS LEGAL ADVICE AND MENTAL IMPRESSIONS OF COUNSEL.<br>AC/AW ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC, AW |
| | | | | | | | |
| S236 | CTR610 1155 | CTR610 1182 | 2005/02/22 | | Benz, E. | TWO COPIES OF EMAIL FORWARDING ATTACHED RESULTS OF ANALYSIS OF POTENTIAL LIABILITY ARISING FROM CASES PENDING AT THE COURT OF FEDERAL CLAIMS; ANALYSIS PREPARED AT THE DIRECTION OF COUNSEL AND REFLECTS COUNSEL'S OPINIONS AND MENTAL IMPRESSIONS REGARDING THAT LITIGATION.<br>AW ATTORNEY: J. TAYLOR (DOE-OGC). | AW |
| S237 | CTR610 1183 | CTR610 1210 | 2005/02/23 | | Zabransky, D.; Pollog, T.; Benz, E. | TWO COPIES OF EMAIL FORWARDING ATTACHED RESULTS OF ANALYSIS OF POTENTIAL LIABILITY ARISING FROM CASES PENDING AT THE COURT OF FEDERAL CLAIMS; ANALYSIS PREPARED AT THE DIRECTION OF COUNSEL AND REFLECTS COUNSEL'S OPINIONS AND MENTAL IMPRESSIONS REGARDING THAT LITIGATION.<br>AW ATTORNEY: J. TAYLOR (DOE-OGC). | AW |
| S238 | CTR610 1211 | CTR610 1211 | 2005/03/18 | Benz, E. | Barton, C. | EMAIL REGARDING ANALYSIS OF POTENTIAL LIABILITY ARISING FROM CASES PENDING AT THE COURT OF FEDERAL CLAIMS; ANALYSIS PREPARED AT THE DIRECTION OF COUNSEL AND REFLECTS COUNSEL'S OPINIONS AND MENTAL IMPRESSIONS REGARDING THAT LITIGATION.<br>AW ATTORNEY: J. TAYLOR (DOE-OGC). | AW |
| S239 | CTR610 1212 | CTR519 1233 | 2005/04/13 | | Coryell, E.; Lopez, P.; Benz, E. | EMAIL FORWARDING ATTACHED RESULTS OF ANALYSIS OF POTENTIAL LIABILITY ARISING FROM CASES PENDING AT THE COURT OF FEDERAL CLAIMS; ANALYSIS PREPARED AT THE DIRECTION OF COUNSEL AND REFLECTS COUNSEL'S OPINIONS AND MENTAL IMPRESSIONS REGARDING THAT LITIGATION.<br>AW ATTORNEY: J. TAYLOR (DOE-OGC). | AW |

-A9-

# Dairyland Table of Challenges
## September 17, 2007 Government Privilege Log

| RefNo. | FIRSTIMAGE | LASTIMAGE | DATE | AUTHOR | ADDRESSEE | DESCRIPTION | PRIVILEGE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| S251 | CTR610 3228 | CTR610 3253 | 2004/06/21 | Benz, E. | Best, R. | EMAIL AND ATTACHED WHITEPAPER REGARDING SHIPMENTS OF SNF TO YUCCA MOUNTAIN; PREPARED AT THE DIRECTION OF COUNSEL, IN PART, IN CONNECTION WITH LITIGATION PENDING BEFORE THE COURT OF FEDERAL CLAIMS; BEARS LEGEND "LITIGATION SENSITIVE INFORMATION, SETTLEMENT DISCUSSION & PREPARED AT THE DIRECTION OF AN ATTORNEY." AC/AW ATTORNEY: A. KORDYAK (DOE-OGC). | AC, AW |
| S252 | CTR610 3254 | CTR610 3279 | 2004/06/19 | Benz, E. | Best, R. | EMAIL AND ATTACHED WHITEPAPER REGARDING SHIPMENTS OF SNF TO YUCCA MOUNTAIN; PREPARED AT THE DIRECTION OF COUNSEL, IN PART, IN CONNECTION WITH LITIGATION PENDING BEFORE THE COURT OF FEDERAL CLAIMS; BEARS LEGEND "LITIGATION SENSITIVE INFORMATION, SETTLEMENT DISCUSSION & PREPARED AT THE DIRECTION OF AN ATTORNEY." AC/AW ATTORNEY: A. KORDYAK (DOE-OGC). | AC, AW |
| | | | | | | | |
| S570 | HQR501 0716 | HQR501 0721 | XXXX/XX/XX | Taylor, J. | | MEMORANDUM FROM J. TAYLOR (DOE-OGC) CONTAINING LEGAL ADVICE REGARDING DOE ACCEPTANCE OF SPENT NUCLEAR FUEL PROVIDED IN RESPONSE TO REQUEST FOR SAME; ADVICE RENDERED AS PART OF DOE-OGC'S RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE. AC ATTORNEY: J. TAYLOR (DOE-OGC). | AC |
| | | | | | | | |
| S589 | HQR501 1446 | HQR501 1448 | 6/12/2006 | | | WHITEPAPER CONTAINING LEGAL ANALYSIS AND ADVICE OF DOE COUNSEL REGARDING PROVISIONS FOR INTERIM STORAGE UNDER THE NWPA; ADVICE PROVIDED IN CONJUNCTION WITH DOE-OGC'S RESPONSIBILITY TO SUPPLY LEGAL SERVICES TO DOE. AC ATTORNEY: T. GETZ (DOE-OGC). | AC |

-A10-

## Dairyland Table of Challenges
## September 17, 2007 Government Privilege Log

| RefNo. | FIRSTIMAGE | LASTIMAGE | DATE | AUTHOR | ADDRESSEE | DESCRIPTION | PRIVILEGE |
|---|---|---|---|---|---|---|---|
| S590 | HQR501 1449 | HQR501 1452 | XXXX/XX/XX | | | MEMORANDUM CONTAINING LEGAL ADVICE AND ANALYSIS BY COUNSEL FOR DOE PROVIDED IN RESPONSE TO REQUEST FOR SAME; PERTAINS TO DOE AUTHORITY TO PROVIDE INTERIM STORAGE OF COMMERCIAL SPENT NUCLEAR FUEL; ADVICE RENDERED AS PART OF DOE-OGC'S RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE.<br>AC ATTORNEY: DOE-OGC. | AC |
| S591 | HQR501 1461 | HQR501 1463 | XXXX/XX/XX | | | DRAFT WHITEPAPER REFLECTING REVIEW BY AND LEGAL ADVICE OF COUNSEL FOR DOE REGARDING INTERIM STORAGE OF SPENT NUCLEAR FUEL; ADVICE RENDERED IN CONJUNCTION WITH DOE-OGC'S RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE; DOCUMENT PREPARED BY COUNSEL IN ANTICIPATION OF PENDING SPENT NUCLEAR FUEL LITIGATION.<br>AC/AW ATTORNEY: DOE-OGC. | AC, AW |
| S604 | HQR505 0209 | HQR505 0215 | xxxxxxxx | | | DRAFT WHITEPAPER REGARDING INTERIM STORAGE CONTAINING LEGAL ADVICE AND ANALYSIS OF COUNSEL FOR DOE REGARDING SPENT NUCLEAR FUEL LITIGATION; PREPARED BY AN ATTORNEY, AND CONTAINS MENTAL IMPRESSIONS OF COUNSEL REGARDING THE LITIGATION; BEARS LEGEND "PRIVILEGED - PREDECISIONAL - DELIBERATIVE PROCESS - PREPARED AT THE DIRECTION OF AN ATTORNEY FOR LITIGATION PURPOSES."<br>AW ATTORNEY: DOE-OGC. | AW |
| | | | | | | | |
| S592 | HQR502 0001 | HQR502 0012 | 2004/12/12 | | | DRAFT WHITEPAPER REFLECTING REVIEW BY AND LEGAL ADVICE OF COUNSEL FOR DOE REGARDING MAINTENANCE OF SNF ACCEPTANCE IN 2020 OR SOON THEREAFTER; ADVICE RENDERED IN CONJUNCTION WITH DOE-OGC'S RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE; DOCUMENT PREPARED IN ANTICIPATION OF UPCOMING LICENSING LITIGATION AND CONTAINS MENTAL IMPRESSIONS OF COUNSEL RELATING THERETO; BEARS LEGEND "PREDECISIONAL DRAFT/ATTORNEY CLIENT PRIVILEGED."<br>AC/AW ATTORNEY: DOE-OGC. | AC, AW |
| | | | | | | | |

## Dairyland Table of Challenges
## September 17, 2007 Government Privilege Log

| RefNo. | FIRSTIMAGE | LASTIMAGE | DATE | AUTHOR | ADDRESSEE | DESCRIPTION | PRIVILEGE |
|---|---|---|---|---|---|---|---|
| S594 | HQR502 0097 | HQR502 0099 | | | | LETTER REQUESTING COUNSEL REVIEW AND LEGAL ADVICE REGARDING ATTACHED DRAFT DCS OPTIONS PAPER; DRAFT PAPER REFLECTS LEGAL ADVICE OF COUNSEL ON DCS OPTIONS, PROVIDED AS PART OF DOE-OGC'S RESPONSIBILITY TO SUPPLY LEGAL SERVICES TO DOE; BEARS LEGEND "PREPARED AT THE DIRECTION OF AN ATTORNEY." AC ATTORNEY: J. TAYLOR (DOE-OGC). | AC |
| S595 | HQR502 0100 | HQR502 0103 | | | | DRAFT DCS OPTIONS PAPER REFLECTING LEGAL ADVICE OF COUNSEL PURSUANT TO REQUEST FOR SAME; REVIEW SOUGHT IN CONJUNCTION WITH DOE-OCG'S RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE; BEARS LEGEND "PREPARED AT THE DIRECTION OF AN ATTORNEY." AC ATTORNEY: J. TAYLOR (DOE-OGC). | AC |
| S596 | HQR502 0104 | HQR502 0104 | 2004/11/15 | | | LETTER REQUESTING LEGAL REVIEW AND ADVICE BY COUNSEL FOR DOE REGARDING DCS OPTIONS; REVIEW REQUESTED AS PART OF DOE-OCG'S RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE. AC ATTORNEY: J. TAYLOR (DOE-OGC). | AC |
| S597 | HQR502 0105 | HQR502 0110 | 2004/11/10 | | | DRAFT PRESENTATION REGARDING DCS SCHEDULING AND STATUS REFLECTING LEGAL REVIEW BY COUNSEL FOR DOE; REVIEW RENDERED AS PART OF DOE-OGC'S RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE; DOCUMENT PREPARED AT THE DIRECTION OF AN ATTORNEY IN ANTICIPATION OF PENDING SPENT NUCLEAR FUEL LITIGATION. AC/AW ATTORNEY: J. TAYLOR (DOE-OGC). | AC, AW |
| S598 | HQR502 0111 | HQR502 0111 | XXXX/XX/XX | | | DRAFT TALKING POINTS REFLECTING LEGAL REVIEW BY COUNSEL FOR DOE AND CONTAINING COUNSEL ANALYSIS PERTAINING TO DCS OPTIONS; REVIEW RENDERED AS PART OF DOE-OGC'S RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE. AC ATTORNEY: DOE-OGC. | AC |
| | | | | | | | |

-A12-

## Dairyland Table of Challenges
## September 17, 2007 Government Privilege Log

| RefNo. | FIRSTIMAGE | LASTIMAGE | DATE | AUTHOR | ADDRESSEE | DESCRIPTION | PRIVILEGE |
|---|---|---|---|---|---|---|---|
| S614 | HQR505 1051 | HQR505 1055 | xxxxxxxx | Dreyfus, D. | Under Secretary;<br>Kontoupes, L.;<br>Nordhaus, B. | MEMORANDUM FROM D. DREYFUS, DIRECTOR, OCRWM, TO UNDER SECRETARY OF ENERGY, REFLECTING REVIEW FOR LEGAL SUFFICIENCY AND ADVICE OF COUNSEL FOR DOE REGARDING ATTACHED POLICY OPTIONS PAPER CONCERNING PROPOSALS FOR INTERIM STORAGE OF NUCLEAR WASTE; ATTACHMENT INCORPORATES LEGAL ADVICE BY DOE-OGC; ADVICE RENDERED BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE.<br>AC ATTORNEY: R. NORDHAUS (DOE-OGC) | AC |
| | | | | | | | |
| S635 | HQR529 0109 | HQR529 0114 | 2006/10/01 | | | DRAFT MEMORANDUM FROM OCRWM DIRECTOR, E. SPROAT, TO FILE CONTAINING LEGAL ADVICE AND ANALYSIS PROVIDED BY DOE COUNSEL IN RESPONSE TO REQUEST FOR SAME; MEMO ANALYZES LIABILITY ISSUES RELATING TO BREACH OF STANDARD CONTRACT; MEMO PREPARED BY COUNSEL FOR DOE IN ANTICIPATION OF SNF LITIGATION PENDING IN COURT OF FEDERAL CLAIMS; BEARS LEGEND "ATTORNEY-CLIENT PRIVILEGE."<br>AC/AW ATTORNEY: J. TAYLOR (DOE-OGC). | AC, AW |
| | | | | | | | |
| S641 | HQR532 0001 | HQR532 0002 | 1996/01/19 | | | MEMORANDUM CONTAINING LEGAL ADVICE AND ANALYSIS BY COUNSEL FOR DOE REGARDING ACCEPTANCE OF SNF FROM DAIRYLAND POWER COOPERATIVE; ADVICE RENDERED IN CONJUNCTION WITH DOE-OGC'S RESPONSIBILITY TO SUPPLY LEGAL SERVICES TO DOE. MEMO PREPARED BY DOE COUNSEL IN ANTICIPATION OF SNF LITIGATION PENDING IN COURT OF FEDERAL CLAIMS, AND MEMO REFLECTS COUNSEL'S MENTAL IMPRESSIONS REGARDING LITIGATION.<br>AC/AW ATTORNEY: DOE OGC. | AC, AW |
| | | | | | | | |

**Dairyland Table of Challenges**
**September 17, 2007 Government Privilege Log**

| RefNo. | FIRSTIMAGE | LASTIMAGE | DATE | AUTHOR | ADDRESSEE | DESCRIPTION | PRIVILEGE |
|---|---|---|---|---|---|---|---|
| S682 | HQR538 0006 | HQR538 0008 | 2003/10/20 | Smith, S. | | EMAIL FROM S. SMITH TO D. ZABRANSKY PREPARED AT DIRECTION OF COUNSEL IN ANTICIPATION OF SNF LITIGATION PENDING IN COURT OF FEDERAL CLAIMS; DOCUMENT REVEALS MENTAL IMPRESSIONS OF COUNSEL REGARDING WASTE ACCEPTANCE OPTIONS AND EFFECT ON LITIGATION POSITIONS; BEARS LEGEND "ATTORNEY CLIENT PRIVILEGED/PRE-DECISIONAL DRAFT." AW ATTORNEY: J. TAYLOR (DOE-OGC). | AW |
| S683 | HQR538 0040 | HQR538 0042 | 2003/10/20 | Smith, S. | | EMAIL FROM S. SMITH TO D. ZABRANSKY PREPARED AT DIRECTION OF COUNSEL IN ANTICIPATION OF SNF LITIGATION PENDING IN COURT OF FEDERAL CLAIMS; DOCUMENT REVEALS MENTAL IMPRESSIONS OF COUNSEL REGARDING WASTE ACCEPTANCE OPTIONS AND EFFECT ON LITIGATION POSITIONS; BEARS LEGEND "ATTORNEY CLIENT PRIVILEGED/PRE-DECISIONAL DRAFT." AW ATTORNEY: J. TAYLOR (DOE-OGC). | AW |
| S1130 | HQR654 0013 | HQR654 0015 | 2003/10/20 | Smith, S. | Zabransky, D. | EMAIL REGARDING DRAFT PAPER ON WASTE ACCEPTANCE OPTIONS; CONTAINS LEGAL ANALYSIS AND DISCUSSION OF CURRENTLY PENDING LITIGATION BEFORE THE COURT OF FEDERAL CLAIMS PROVIDED BY COUNSEL; BEARS LEGEND "ATTORNEY CLIENT PRIVILEGED/PRE-DECISIONAL DRAFT." AC/AW ATTORNEY: J. TAYLOR (DOE-OGC). | AC, AW |
| | | | | | | | |
| S684 | HQR538 0085 | HQR538 0086 | 2006/02/17 | Kouts, C. | Golan, P.; Know, E.; Greene, W.; Smith, S. | EMAIL CHAIN BETWEEN C. KOUTS AND P. GOLAN CONTAINING COMMENTS PREPARED BY COUNSEL IN ANTICIPATION OF SNF LITIGATION PENDING IN COURT OF FEDERAL CLAIMS; DOCUMENT REVEALS MENTAL IMPRESSIONS OF COUNSEL REGARDING LITIGATION, AND BEARS LEGEND "ATTORNEY CLIENT PRIVILEGED/PRE-DECISIONAL DRAFT." AW ATTORNEY: J. TAYLOR (DOE-OGC). | AW |
| | | | | | | | |

-A14-

## Dairyland Table of Challenges
## September 17, 2007 Government Privilege Log

| RefNo. | FIRSTIMAGE | LASTIMAGE | DATE | AUTHOR | ADDRESSEE | DESCRIPTION | PRIVILEGE |
|---|---|---|---|---|---|---|---|
| S690 | HQR551 0014 | HQR551 0015 | 2002/04/24 | Fitter, E. | | EMAIL FROM H. FITTER TO A. BROWNSTEIN FORWARDING LEGAL ADVICE AND ANALYSIS PROVIDED TO DOE BY DOJ REGARDING PROPOSED LEGISLATIVE TESTIMONY CONCERNING SNF ACCEPTANCE; ADVICE PREPARED BY DOJ IN ANTICIPATION OF LICENSING LITIGATION, AND CONTAINS COUNSEL'S MENTAL IMPRESSIONS.<br>AC/AW ATTORNEY: DOJ. | AC, AW |
| | | | | | | | |
| S700 | HQR554 0549 | HQR554 0613 | 2002/07/30 | Senderling, M. | | EMAIL CHAIN REFLECTING ADVICE PROVIDED BY DOJ REGARDING SNF LITIGATION PENDING BEFORE COURT OF FEDERAL CLAIMS; ADVICE RENDERED AS PART OF DOJ'S RESPONSIBILITY TO PROVIDE LEGAL REPRESENTATION TO DOE; DOCUMENT ALSO CONTAINS INFORMATION PREPARED AT DIRECTION OF DOJ IN CONNECTION WITH SNF LITIGATION.<br>AC/AW ATTORNEY: R. SHULTIS (DOJ). | AC, AW |
| | | | | | | | |
| S701 | HQR555 0013 | HQR555 0017 | | | | DRAFT REPORT CONTAINING MENTAL IMPRESSIONS OF COUNSEL RELATED TO AUTHORIZATION OF NWF COLLECTIONS, MITIGATION OF DAMAGES, SNF ACCEPTANCE, AND TRANSPORTATION SAFETY CONCERNS; PREPARED AT THE DIRECTION OF COUNSEL IN CONNECTION WITH LITIGATION PENDING AT THE COURT OF FEDERAL CLAIMS; BEARS LEGEND "UNOFFICIAL - FOR INTERNAL RW DISCUSSION PURPOSES ONLY/PRELIMINARY DRAFT."<br>AW ATTORNEY: J. TAYLOR (DOE-OGC). | AW |
| | | | | | | | |
| S955 | HQR612 0553 | HQR612 0556 | XXXX/XX/XX | | | DRAFT MEMORANDUM PROVIDING LEGAL ADVICE AND ANALYSIS REGARDING LEGAL AUTHORITY TO PROVIDE INTERIM STORAGE; PREPARED COUNSEL IN RESPONSE TO REQUEST FOR ANALYSIS BY OCRWM; ALSO CONTAINS COUNSEL'S OPINIONS AND MENTAL IMPRESSIONS REGARDING LITIGATION PENDING AT THE COURT OF FEDERAL CLAIMS AND THE FEDERAL CIRCUIT.<br>AC/AW ATTORNEY: J. TAYLOR (DOE-OGC). | AC, AW |
| | | | | | | | |

-A15-

**Dairyland Table of Challenges**
**September 17, 2007 Government Privilege Log**

| RefNo. | FIRSTIMAGE | LASTIMAGE | DATE | AUTHOR | ADDRESSEE | DESCRIPTION | PRIVILEGE |
|---|---|---|---|---|---|---|---|
| S956 | HQR612 0557 | HQR612 0564 | XXXX/XX/XX | | | DRAFT PROPOSED LEGISLATION REGARDING INTERIM STORAGE, MEMORANDUM AND TALKING POINTS REGARDING NEED FOR SUCH LEGISLATION; DOCUMENTS PREPARED COUNSEL IN RESPONSE TO REQUEST FOR ANALYSIS BY OCRWM, IN CONNECTION WITH LITIGATION PENDING IN COURT OF FEDERAL CLAIMS, AND AS PART OF COUNSEL'S RESPONSIBILTY TO PROVIDE LEGAL SERVICES TO DOE.<br>AC/AW ATTORNEY: J. TAYLOR (DOE-OGC). | AC, AW |
| S957 | HQR612 0565 | HQR612 0567 | XXXX/XX/XX | | | DRAFT TALKING POINTS REGARDING NEED FOR INTERIM STORAGE LEGISLATION; PREPARED BY COUNSEL IN RESPONSE TO REQUEST FOR ANALYSIS BY OCRWM, IN CONNECTION WITH LITIGATION PENDING IN THE COURT OF FEDERAL CLAIMS, AND AS PART OF COUNSEL'S RESPONSIBILTY TO PROVIDE LEGAL SERVICES TO DOE.<br>AC/AW ATTORNEY: J. TAYLOR (DOE-OGC). | AC, AW |
| | | | | | | | |
| S1130 | HQR654 0013 | HQR654 0015 | 2003/10/20 | Smith, S. | Zabransky, D. | EMAIL REGARDING DRAFT PAPER ON WASTE ACCEPTANCE OPTIONS; CONTAINS LEGAL ANALYSIS AND DISCUSSION OF CURRENTLY PENDING LITIGATION BEFORE THE COURT OF FEDERAL CLAIMS PROVIDED BY COUNSEL; BEARS LEGEND "ATTORNEY CLIENT PRIVILEGED/PRE-DECISIONAL DRAFT."<br>AC/AW ATTORNEY: J. TAYLOR (DOE-OGC). | AC, AW |
| | | | | | | | |
| S1145 | HQR676 0001 | HQR676 0002 | 20070207 | | Summerson, J.; Zabransky, D.; Hellstrom, G.; Rivers, J.; Tosetti, R.; Kouts, C.; Pfaff, B.; Harrington, P.; Gomber, S.; Lechel, D. | SUMMARY OF MEETING RESULTS FROM A DISCUSSION CONCERNING ACCEPTANCE SCENARIOS; DOCUMENT REFLECTS LEGAL ADVICE PROVIDED BY COUNSEL AT MEETING.<br>AC ATTORNEY: G. HELLSTROM (DOE-OGC). | AC |
| | | | | | | | |

# Dairyland Table of Challenges
## September 17, 2007 Government Privilege Log

| RefNo. | FIRSTIMAGE | LASTIMAGE | DATE | AUTHOR | ADDRESSEE | DESCRIPTION | PRIVILEGE |
|---|---|---|---|---|---|---|---|
| S310 | CTR627 0098 | CTR627 0141 | | | | DRAFT CONTRACT FOR NEW REACTORS; PREPARED BY COUNSEL, CONTAINS LEGAL ANALYSIS AND ADVICE OF COUNSEL REGARDING CONTENTS OF DRAFT CONTRACT AMENDMENT.<br>AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |
| S371 | HQR473 0658 | HQR473 0705 | 20070126 | | | DRAFT OF PROPOSED CONTRACT AMENDMENT TO SPENT NUCLEAR FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, REFLECTING LEGAL ADVICE OF COUNSEL; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE; DRAFT BEARS LEGEND "ATTORNEY-CLIENT PRIVILEGE."<br>AC ATTORNEYS: C. REYNOLDS, J. TAYLOR (DOE-OGC). | AC |
| S372 | HQR473 0709 | HQR473 0714 | 20070306 | | | DRAFT OF PROPOSED CONTRACT AMENDMENT TO SPENT NUCLEAR FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, REFLECTING LEGAL ADVICE OF COUNSEL; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE.<br>AC ATTORNEYS: M. NEUMAYR, C. REYNOLDS, J. TAYLOR (DOE-OGC). | AC |
| S373 | HQR473 0715 | HQR473 0717 | XXXXXXXX | | | DRAFT OF PROPOSED CONTRACT AMENDMENT TO SPENT NUCLEAR FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, REFLECTING LEGAL ADVICE OF COUNSEL; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE; DRAFT BEARS LEGEND "ATTORNEY-CLIENT PRIVILEGE."<br>AC ATTORNEY: DOE-OGC. | AC |
| S374 | HQR473 0718 | HQR473 0723 | XXXXXXXX | | | DRAFT OF PROPOSED CONTRACT AMENDMENT TO SPENT NUCLEAR FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, REFLECTING LEGAL ADVICE OF COUNSEL; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE.<br>AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |

-A17-

# Dairyland Table of Challenges
## September 17, 2007 Government Privilege Log

| RefNo. | FIRSTIMAGE | LASTIMAGE | DATE | AUTHOR | ADDRESSEE | DESCRIPTION | PRIVILEGE |
|---|---|---|---|---|---|---|---|
| S375 | HQR473 0724 | HQR473 0729 | XXXXXXXX | | | DRAFT OF POTENTIAL AMENDMENT TO SPENT NUCLEAR FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, INCLUDING COUNSEL MARGINALIA, REFLECTING LEGAL ADVICE OF COUNSEL; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE.<br>AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |
| S376 | HQR473 0730 | HQR473 0736 | 1/30/2007 | | | DRAFT OF POTENTIAL AMENDMENT TO SPENT NUCLEAR FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, INCLUDING COUNSEL MARGINALIA, REFLECTING LEGAL ADVICE OF COUNSEL; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE.<br>AC ATTORNEYS: M. NEUMAYR, B. MCRAE, J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |
| S379 | HQR473 0741 | HQR473 0797 | XXXXXXXX | | | DRAFT OF PROPOSED CONTRACT AMENDMENT TO SPENT NUCLEAR FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, INCLUDING COUNSEL MARGINALIA, REFLECTING LEGAL ADVICE OF COUNSEL; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE; BEARS LEGEND "ATTORNEY-CLIENT PRIVILEGE."<br>AC ATTORNEYS: M. NEUMAYR, B. MCRAE, J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |
| S380 | HQR473 0798 | HQR473 0846 | 20070126 | | | DRAFT OF PROPOSED CONTRACT AMENDMENT TO SPENT NUCLEAR FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, INCLUDING COUNSEL MARGINALIA, REFLECTING LEGAL ADVICE OF COUNSEL; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE; BEARS LEGEND "ATTORNEY-CLIENT PRIVILEGE."<br>AC ATTORNEYS: C. REYNOLDS, J. TAYLOR (DOE-OGC). | AC |

**Dairyland Table of Challenges**
**September 17, 2007 Government Privilege Log**

| RefNo. | FIRSTIMAGE | LASTIMAGE | DATE | AUTHOR | ADDRESSEE | DESCRIPTION | PRIVILEGE |
|---|---|---|---|---|---|---|---|
| S381 | HQR473 0847 | HQR473 1103 | XXXXXXXX | | | DRAFT OF PROPOSED CONTRACT AMENDMENT TO SPENT NUCLEAR FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, INCLUDING COUNSEL MARGINALIA, REFLECTING LEGAL ADVICE OF COUNSEL; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE; BEARS LEGEND "ATTORNEY-CLIENT PRIVILEGE."<br>AC ATTORNEYS: C. REYNOLDS, J. TAYLOR (DOE-OGC). | AC |
| S382 | HQR473 1104 | HQR473 1152 | 20061231 | | | DRAFT REVISION OF PROPOSED SPENT FUEL DISPOSAL CONTRACT FOR NEW NUCLEAR REACTORS, INCLUDING COUNSEL MARGINALIA, REFLECTING LEGAL ADVICE FROM DOE-OGC; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE; BEARS LEGEND "ATTORNEY-CLIENT PRIVILEGE; PREPARED AT THE DIRECTION OF ATTORNEY."<br>AC ATTORNEYS: C. REYNOLDS, J. TAYLOR (DOE-OGC). | AC |
| S385 | HQR473 1158 | HQR473 1166 | 9/22/2006 | | | DRAFT OF SPENT NUCLEAR FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, WITH MARGINALIA, REFLECTING LEGAL ADVICE OF COUNSEL; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE.<br>AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |
| S395 | HQR473 1181 | HQR473 1185 | 1/30/2007 | | | DRAFT OF SPENT NUCLEAR FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, INCLUDING COUNSEL MARGINALIA, REFLECTING LEGAL ADVICE OF COUNSEL; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE.<br>AC ATTORNEYS: B. MCRAE, M. NEUMAYR (DOE-OGC). | AC |
| S396 | HQR473 1186 | HQR473 1221 | 1/26/2007 | | | DRAFT OF SPENT NUCLEAR FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, INCLUDING COUNSEL MARGINALIA, REFLECTING LEGAL ADVICE OF COUNSEL; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE; BEARS LEGEND "ATTORNEY-CLIENT PRIVILEGE" AND "PREPARED AT DIRECTION OF AN ATTORNEY."<br>AC ATTORNEY: M. NEUMAYR (DOE OGC). | AC |

-A19-

**Dairyland Table of Challenges**
**September 17, 2007 Government Privilege Log**

| RefNo. | FIRSTIMAGE | LASTIMAGE | DATE | AUTHOR | ADDRESSEE | DESCRIPTION | PRIVILEGE |
|---|---|---|---|---|---|---|---|
| S397 | HQR473 1222 | HQR473 1249 | | | | DRAFT OF SPENT NUCLEAR FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, INCLUDING COUNSEL MARGINALIA, REFLECTING LEGAL ADVICE OF COUNSEL; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE; BEARS LEGEND "ATTORNEY-CLIENT PRIVILEGE" AND "PREPARED AT THE DIRECTION OF AN ATTORNEY." AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |
| S398 | HQR473 1250 | HQR473 1266 | | | | DRAFT OF PORTION OF SPENT NUCLEAR FUEL DISPOSAL CONTRACT FOR NEW NUCLEAR REACTORS, REFLECTING LEGAL ADVICE OF COUNSEL; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE. AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |
| S399 | HQR473 1267 | HQR473 1273 | | | | DRAFT OF SPENT NUCLEAR FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, REFLECTING LEGAL ADVICE OF COUNSEL; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE; BEARS LEGEND "ATTORNEY-CLIENT PRIVILEGE" AND "PREPARED AT THE DIRECTION OF AN ATTORNEY." AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |
| S400 | HQR473 1274 | HQR473 1274 | 1/25/2007 | | | DRAFT OF PORTION OF SPENT NUCLEAR FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, REFLECTING LEGAL ADVICE OF COUNSEL; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE. AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |
| S401 | HQR473 1275 | HQR473 1320 | 1/18/2007 | | | DRAFT OF SPENT NUCLEAR FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, INCLUDING COUNSEL MARGINALIA, REFLECTING LEGAL ADVICE OF COUNSEL; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE; BEARS LEGEND "ATTORNEY-CLIENT PRIVILEGE" AND "PREPARED AT THE DIRECTION OF AN ATTORNEY." AC ATTORNEY: C. REYNOLDS (DOE-OGC). | AC |

# Dairyland Table of Challenges
## September 17, 2007 Government Privilege Log

| RefNo. | FIRSTIMAGE | LASTIMAGE | DATE | AUTHOR | ADDRESSEE | DESCRIPTION | PRIVILEGE |
|---|---|---|---|---|---|---|---|
| S402 | HQR473 1321 | HQR473 1358 | 1/23/2007 | | | DRAFT OF SPENT NUCLEAR FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, REFLECTING LEGAL ADVICE OF COUNSEL; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE; BEARS LEGEND "ATTORNEY-CLIENT PRIVILEGE" AND "PREPARED AT THE DIRECTION OF AN ATTORNEY." AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |
| S403 | HQR473 1359 | HQR473 1374 | 1/24/2007 | | | DRAFT OF PORTIONS OF SPENT NUCLEAR FUEL DISPOSAL CONTRACT FOR NEW NUCLEAR REACTORS, REFLECTING LEGAL ADVICE OF COUNSEL; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE. AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |
| S404 | HQR473 1375 | HQR473 1412 | 1/23/2007 | | | DRAFT OF SPENT NUCLEAR FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, REFLECTING LEGAL ADVICE OF COUNSEL; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE; BEARS LEGEND "ATTORNEY-CLIENT PRIVILEGE" AND "PREPARED AT THE DIRECTION OF AN ATTORNEY." AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |
| S405 | HQR473 1413 | HQR473 1426 | 1/24/2007 | | | DRAFT OF PORTION OF SPENT NUCLEAR FUEL DISPOSAL CONTRACT FOR NEW NUCLEAR REACTORS, REFLECTING LEGAL ADVICE OF COUNSEL; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE. AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |
| S409 | HQR473 1513 | HQR473 1515 | XXXXXXXX | | | DRAFT OF PROPOSED CONTRACT AMENDMENT TO SPENT NUCLEAR FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, INCLUDING COUNSEL MARGINALIA, REFLECTING LEGAL ADVICE OF COUNSEL; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE. AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |

**Dairyland Table of Challenges**
**September 17, 2007 Government Privilege Log**

| RefNo. | FIRSTIMAGE | LASTIMAGE | DATE | AUTHOR | ADDRESSEE | DESCRIPTION | PRIVILEGE |
|---|---|---|---|---|---|---|---|
| S410 | HQR473 1540 | HQR473 1595 | XXXXXXXX | | | DRAFT OF PROPOSED CONTRACT AMENDMENT TO SPENT NUCLEAR FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, INCLUDING COUNSEL MARGINALIA, REFLECTING LEGAL ADVICE OF COUNSEL; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE.<br>AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |
| S415 | HQR473 1644 | HQR473 1644 | XXXXXXXX | | | DRAFT LANGUAGE FOR AMENDMENT TO NUCLEAR WASTE POLICY ACT IN CONNECTION WITH PROMULGATION OF SPENT FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, REFLECTING LEGAL ADVICE OF DOE-OGC; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE.<br>AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |
| S420 | HQR473 1659 | HQR473 1694 | 2/2/2007 | | | DRAFT OF PROPOSED CONTRACT AMENDMENT TO SPENT NUCLEAR FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, REFLECTING LEGAL ADVICE OF COUNSEL; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE; BEARS LEGEND "ATTORNEY-CLIENT PRIVILEGE/PREPARED AT THE DIRECTION OF AN ATTORNEY."<br>AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |
| S421 | HQR473 1695 | HQR473 1703 | | | | DRAFT AMENDMENT TO STANDARD CONTRACT FOR PURPOSES OF TADS REFLECTING LEGAL ADVICE AND EDITS BY COUNSEL FOR DOE RESULTING FROM REQUESTED REVIEW FOR LEGAL SUFFICIENCY; ADVICE RENDERED BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE.<br>AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |
| S424 | HQR473 1710 | HQR473 1715 | XXXXXXXX | | | DRAFT AMENDMENT TO STANDARD CONTRACT IN CONNECTION WITH SPENT FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, REFLECTING LEGAL ADVICE OF COUNSEL; ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE.<br>AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |

-A22-

**Dairyland Table of Challenges**
**September 17, 2007 Government Privilege Log**

| RefNo. | FIRSTIMAGE | LASTIMAGE | DATE | AUTHOR | ADDRESSEE | DESCRIPTION | PRIVILEGE |
|---|---|---|---|---|---|---|---|
| S433 | HQR492 1344 | HQR492 1393 | 20070126 | | | DRAFT AMENDMENT TO STANDARD CONTRACT IN CONNECTION WITH SPENT FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, WITH COUNSEL MARGINALIA, REFLECTING LEGAL ADVICE OF COUNSEL; ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE.<br>AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |
| S434 | HQR492 1394 | HQR492 1445 | 20070126 | | | DRAFT AMENDMENT TO STANDARD CONTRACT IN CONNECTION WITH SPENT FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, WITH COUNSEL MARGINALIA, REFLECTING LEGAL ADVICE OF COUNSEL; ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE.<br>AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |
| S435 | HQR492 1446 | HQR492 1455 | xxxxxxxx | | | DRAFT AMENDMENT TO STANDARD CONTRACT IN CONNECTION WITH SPENT FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, WITH COUNSEL MARGINALIA, REFLECTING LEGAL ADVICE OF COUNSEL; ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE.<br>AC ATTORNEYS: M. NEUMAYR, J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |
| S436 | HQR492 1456 | HQR492 1509 | 20070126 | | | DRAFT AMENDMENT TO STANDARD CONTRACT IN CONNECTION WITH SPENT FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, WITH COUNSEL MARGINALIA, REFLECTING LEGAL ADVICE OF COUNSEL; ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE; BEARS LEGEND "ATTORNEY-CLIENT PRIVILEGE PREPARED AT THE DIRECTION OF AN ATTORNEY."<br>AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |

-A23-

**Dairyland Table of Challenges**
**September 17, 2007 Government Privilege Log**

| RefNo. | FIRSTIMAGE | LASTIMAGE | DATE | AUTHOR | ADDRESSEE | DESCRIPTION | PRIVILEGE |
|---|---|---|---|---|---|---|---|
| S437 | HQR492 1510 | HQR492 1562 | 20070126 | | | DRAFT AMENDMENT TO STANDARD CONTRACT IN CONNECTION WITH SPENT FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, WITH COUNSEL MARGINALIA, REFLECTING LEGAL ADVICE OF COUNSEL; ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE; BEARS LEGEND "ATTORNEY-CLIENT PRIVILEGE PREPARED AT THE DIRECTION OF ANY ATTORNEY."<br>AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |
| S438 | HQR492 1563 | HQR492 1608 | 20070118 | | | DRAFT AMENDMENT TO STANDARD CONTRACT IN CONNECTION WITH SPENT FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, WITH COUNSEL MARGINALIA, REFLECTING LEGAL ADVICE OF COUNSEL; ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE; BEARS LEGEND "ATTORNEY-CLIENT PRIVILEGE PREPARED AT THE DIRECTION OF AN ATTORNEY."<br>AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |
| S439 | HQR492 1609 | HQR492 1639 | xxxxxxxx | | | DRAFT AMENDMENT TO STANDARD CONTRACT IN CONNECTION WITH SPENT FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, WITH COUNSEL MARGINALIA, REFLECTING LEGAL ADVICE OF COUNSEL; ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE; BEARS LEGEND "ATTORNEY-CLIENT PRIVILEGE PREPARED AT THE DIRECTION OF AN ATTORNEY."<br>AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |
| S455 | HQR494 0559 | HQR494 0605 | XXXX/XX/XX | | | DRAFT AMENDMENT TO STANDARD CONTRACT IN CONNECTION WITH SPENT FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, WITH COUNSEL MARGINALIA, REFLECTING LEGAL ADVICE OF COUNSEL; ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE; BEARS LEGEND "ATTORNEY-CLIENT PRIVILEGE PREPARED AT THE DIRECTION OF AN ATTORNEY."<br>AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |

## Dairyland Table of Challenges
## September 17, 2007 Government Privilege Log

| RefNo. | FIRSTIMAGE | LASTIMAGE | DATE | AUTHOR | ADDRESSEE | DESCRIPTION | PRIVILEGE |
|---|---|---|---|---|---|---|---|
| S472 | HQR494 0675 | HQR494 0675 | XXXX/XX/XX | | | DRAFT PORTION OF AMENDMENT TO STANDARD CONTRACT IN CONNECTION WITH SPENT FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, REFLECTING REVIEW FOR LEGAL SUFFICIENCY AND ADVICE OF COUNSEL FOR DOE; ADVICE RENDERED BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE.<br>AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |
| S491 | HQR500 0001 | HQR500 0014 | XXXX/XX/XX | | | DRAFT CONTRACT AMENDMENT CONTAINING LEGAL ADVICE PROVIDED BY COUNSEL REGARDING DISPOSAL OF SNF/HLW; DRAFT INCLUDES COMMENTS OF AND EDITS BY COUNSEL, REFLECTING COUNSEL REVIEW AND ANALYSIS; BEARS LEGEND "ATTORNEY-CLIENT PRIVILEGE."<br>AC ATTORNEY: DOE-OGC. | AC |
| S492 | HQR500 0015 | HQR500 0050 | 2007/02/02 | | | DRAFT CONTRACT AMENDMENT CONTAINING LEGAL ADVICE PROVIDED BY COUNSEL REGARDING DISPOSAL OF SNF/HLW; DRAFT INCLUDES COUNSEL COMMENTS AND MARGINALIA PROVIDED BY COUNSEL, REFLECTING LEGAL REVIEW AND ANALYSIS; BEARS LEGEND "ATTORNEY-CLIENT PRIVILEGE."<br>AC ATTORNEY: DOE-OGC. | AC |
| S556 | HQR501 0559 | HQR501 0607 | 1/26/2007 | | | DRAFT SPENT FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, REFLECTING LEGAL ADVICE OF COUNSEL; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE; BEARS LEGEND "ATTORNEY-CLIENT PRIVILEGE/PREPARED AT THE DIRECTION OF AN ATTORNEY."<br>AC ATTORNEY: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |
| S557 | HQR501 0608 | HQR501 0656 | 1/26/2007 | | | DRAFT SPENT FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, REFLECTING LEGAL ADVICE OF COUNSEL; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE; BEARS LEGEND "ATTORNEY-CLIENT PRIVILEGE/PREPARED AT THE DIRECTION OF AN ATTORNEY."<br>AC ATTORNEY: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |

-A25-

# Dairyland Table of Challenges
## September 17, 2007 Government Privilege Log

| RefNo. | FIRSTIMAGE | LASTIMAGE | DATE | AUTHOR | ADDRESSEE | DESCRIPTION | PRIVILEGE |
|---|---|---|---|---|---|---|---|
| S559 | HQR501 0661 | HQR501 0666 | XXXX/XX/XX | | | DRAFT AMENDMENT TO STANDARD CONTRACT REFLECTING LEGAL REVIEW AND ADVICE BY COUNSEL FOR DOE IN RESPONSE TO REQUEST FOR SAME; REVIEW RENDERED BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE.<br>AC ATTORNEY: DOE-OGC. | AC |
| S560 | HQR501 0667 | HQR501 0672 | XXXX/XX/XX | | | DRAFT AMENDMENT TO STANDARD CONTRACT REFLECTING LEGAL REVIEW AND ADVICE BY COUNSEL FOR DOE IN RESPONSE TO REQUEST FOR SAME; REVIEW RENDERED BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE.<br>AC ATTORNEY: DOE-OGC. | AC |
| S561 | HQR501 0673 | HQR501 0681 | XXXX/XX/XX | | | DRAFT AMENDMENT TO STANDARD CONTRACT REFLECTING LEGAL REVIEW AND ADVICE BY COUNSEL FOR DOE IN RESPONSE TO REQUEST FOR SAME; REVIEW RENDERED BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE.<br>AC ATTORNEY: DOE-OGC. | AC |
| S600 | HQR502 0121 | HQR502 0130 | XXXX/XX/XX | | | DRAFT CONTRACT AMENDMENT REFLECTING REQUEST FOR LEGAL REVIEW AND CONTAINING MARGINALIA PROVIDING LEGAL ADVICE BY DOE COUNSEL; REVIEW AND ADVICE RENDERED AS PART OF DOE-OGC'S RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE.<br>AC ATTORNEY: DOE-OGC. | AC |
| S601 | HQR502 0131 | HQR502 0139 | XXXX/XX/XX | | | DRAFT CONTRACT AMENDMENT REFLECTING REQUEST FOR LEGAL REVIEW AND CONTAINING MARGINALIA PROVIDING LEGAL ADVICE BY DOE COUNSEL; REVIEW AND ADVICE RENDERED AS PART OF DOE-OGC'S RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE.<br>AC ATTORNEY: DOE-OGC. | AC |
| S889 | HQR611 1602 | HQR611 1648 | XXXX/XX/XX | | | DRAFT REVISION OF CONTRACT FOR NEW REACTOR OWNERS; REFLECTS LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE; BEARS LEGEND "ATTORNEY CLIENT PRIVILEGE" AND "PREPARED AT THE DIRECTION OF AN ATTORNEY."<br>AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |

## Dairyland Table of Challenges
## September 17, 2007 Government Privilege Log

| RefNo. | FIRSTIMAGE | LASTIMAGE | DATE | AUTHOR | ADDRESSEE | DESCRIPTION | PRIVILEGE |
|---|---|---|---|---|---|---|---|
| S946 | HQR612 0473 | HQR612 0478 | XXXX/XX/XX | | | DRAFT SPENT FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, REFLECTING LEGAL ADVICE OF COUNSEL; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE. AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |
| S947 | HQR612 0479 | HQR612 0484 | XXXX/XX/XX | | | DRAFT SPENT FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, REFLECTING LEGAL ADVICE OF COUNSEL; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE. AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |
| S948 | HQR612 0485 | HQR612 0493 | XXXX/XX/XX | | | DRAFT SPENT FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, REFLECTING LEGAL ADVICE OF COUNSEL; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE. AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |
| S973 | HQR612 1221 | HQR612 1234 | XXXX/XX/XX | | | PROPOSED DRAFT CONTRACT AMENDMENT; PREPARED BY AND AT THE DIRECTION OF COUNSEL AS PART OF COUNSEL'S RESPONSIBILITY TO PROVIDE LEGAL ADVICE AND SERVICES TO DOE ORGANIZATIONS AND CONTAINS LEGAL ANALYSIS AND ADVICE OF COUNSEL REGARDING CONTENTS OF DRAFT CONTRACT AMENDMENT; BEARS LEGEND, "ATTORNEY-CLIENT PRIVILEGE AND PREPARED AT THE DIRECTION OF AN ATTORNEY." AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |
| S974 | HQR612 1235 | HQR612 1270 | 2007/02/02 | | | DRAFT SPENT FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, REFLECTING LEGAL ADVICE AND ANALYSIS OF COUNSEL; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE; BEARS LEGEND "ATTORNEY-CLIENT PRIVILEGE/PREPARED AT THE DIRECTION OF AN ATTORNEY." AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |

**Dairyland Table of Challenges**
**September 17, 2007 Government Privilege Log**

| RefNo. | FIRSTIMAGE | LASTIMAGE | DATE | AUTHOR | ADDRESSEE | DESCRIPTION | PRIVILEGE |
|---|---|---|---|---|---|---|---|
| S975 | HQR612 1382 | HQR612 1390 | XXXX/XX/XX | | | PROPOSED DRAFT CONTRACT AMENDMENT; PREPARED BY AND AT THE DIRECTION OF COUNSEL AS PART OF COUNSEL'S RESPONSIBILITY TO PROVIDE LEGAL ADVICE AND SERVICES TO DOE ORGANIZATIONS AND CONTAINS LEGAL ANALYSIS AND ADVICE OF COUNSEL REGARDING CONTENTS OF DRAFT CONTRACT AMENDMENT. AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |
| S976 | HQR612 1391 | HQR612 1439 | 2007/01/26 | | | DRAFT SPENT FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, REFLECTING LEGAL ADVICE AND ANALYSIS OF COUNSEL; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE; BEARS LEGEND "ATTORNEY-CLIENT PRIVILEGE/PREPARED AT THE DIRECTION OF AN ATTORNEY." AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |
| S977 | HQR612 1440 | HQR612 1445 | XXXX/XX/XX | | | PROPOSED DRAFT CONTRACT AMENDMENT; PREPARED BY AND AT THE DIRECTION OF COUNSEL AS PART OF COUNSEL'S RESPONSIBILITY TO PROVIDE LEGAL ADVICE AND SERVICES TO DOE ORGANIZATIONS AND CONTAINS LEGAL ANALYSIS AND ADVICE OF COUNSEL REGARDING CONTENTS OF DRAFT CONTRACT AMENDMENT; DOCUMENT CONTAINS MARGINALIA WRITTEN BY COUNSEL REFLECTING LEGAL ANALYSIS AND REVIEW. AC ATTORNEY: J. TAYLOR (DOE-OGC). | AC |
| S978 | HQR612 1446 | HQR612 1474 | XXXX/XX/XX | | | DRAFT SPENT FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, REFLECTING LEGAL ADVICE AND ANALYSIS OF COUNSEL; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE; DOCUMENT CONTAINS MARGINALIA WRITTEN BY COUNSEL REFLECTING LEGAL ANALYSIS AND REVIEW; BEARS LEGEND "ATTORNEY-CLIENT PRIVILEGE/PREPARED AT THE DIRECTION OF AN ATTORNEY." AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |

**Dairyland Table of Challenges**
**September 17, 2007 Government Privilege Log**

| RefNo. | FIRSTIMAGE | LASTIMAGE | DATE | AUTHOR | ADDRESSEE | DESCRIPTION | PRIVILEGE |
|---|---|---|---|---|---|---|---|
| S979 | HQR612 1475 | HQR612 1527 | 2007/01/25 | | | DRAFT SPENT FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, REFLECTING LEGAL ADVICE AND ANALYSIS OF COUNSEL; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE; BEARS LEGEND "ATTORNEY-CLIENT PRIVILEGE/PREPARED AT THE DIRECTION OF AN ATTORNEY." AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |
| S980 | HQR612 1528 | HQR612 1574 | 2007/01/17 | | | DRAFT SPENT FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, REFLECTING LEGAL ADVICE AND ANALYSIS OF COUNSEL; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE; DOCUMENT CONTAINS MARGINALIA WRITTEN BY COUNSEL REFLECTING LEGAL ANALYSIS AND REVIEW; BEARS LEGEND "ATTORNEY-CLIENT PRIVILEGE/PREPARED AT THE DIRECTION OF AN ATTORNEY." AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |
| S981 | HQR612 1575 | HQR612 1636 | 2007/01/26 | | | DRAFT SPENT FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, REFLECTING LEGAL ADVICE AND ANALYSIS OF COUNSEL; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE; BEARS LEGEND "ATTORNEY-CLIENT PRIVILEGE/PREPARED AT THE DIRECTION OF AN ATTORNEY." AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |
| S982 | HQR612 1637 | HQR612 1685 | 2006/12/31 | | | DRAFT SPENT FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, REFLECTING LEGAL ADVICE AND ANALYSIS OF COUNSEL; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE; DOCUMENT CONTAINS MARGINALIA WRITTEN BY COUNSEL REFLECTING LEGAL ANALYSIS AND REVIEW; BEARS LEGEND "ATTORNEY-CLIENT PRIVILEGE/PREPARED AT THE DIRECTION OF AN ATTORNEY." AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |

# Dairyland Table of Challenges
## September 17, 2007 Government Privilege Log

| RefNo. | FIRSTIMAGE | LASTIMAGE | DATE | AUTHOR | ADDRESSEE | DESCRIPTION | PRIVILEGE |
|---|---|---|---|---|---|---|---|
| S984 | HQR612 1691 | HQR612 1699 | 9/22/2006 | | | DRAFT OF SPENT NUCLEAR FUEL CONTRACT FOR NEW NUCLEAR REACTORS, WITH MARGINALIA, REFLECTING THE LEGAL ADVICE OF COUNSEL; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE. AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |
| S993 | HQR612 1714 | HQR612 1718 | 2007/01/30 | | | PROPOSED DRAFT CONTRACT AMENDMENT; PREPARED BY AND AT THE DIRECTION OF COUNSEL AS PART OF COUNSEL'S RESPONSIBILITY TO PROVIDE LEGAL ADVICE AND SERVICES TO DOE ORGANIZATIONS AND CONTAINS LEGAL ANALYSIS AND ADVICE OF COUNSEL REGARDING CONTENTS OF DRAFT CONTRACT AMENDMENT; DOCUMENT CONTAINS MARGINALIA WRITTEN BY COUNSEL REFLECTING LEGAL ANALYSIS AND REVIEW. AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |
| S994 | HQR612 1719 | HQR612 1753 | 2007/01/26 | | | DRAFT SPENT FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, REFLECTING LEGAL ADVICE AND ANALYSIS OF COUNSEL; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE; DOCUMENT CONTAINS MARGINALIA WRITTEN BY COUNSEL REFLECTING LEGAL ANALYSIS AND REVIEW; BEARS LEGEND "ATTORNEY-CLIENT PRIVILEGE/PREPARED AT THE DIRECTION OF AN ATTORNEY." AC ATTORNEYS: J. TAYLOR, C. REYNOLDS, M. NEUMAYR (DOE-OGC). | AC |
| S995 | HQR612 1754 | HQR612 1806 | XXXX/XX/XX | | | DRAFT SPENT FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, REFLECTING LEGAL ADVICE AND ANALYSIS OF COUNSEL; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE; DOCUMENT CONTAINS ANNOTATIONS OF CHANGES MADE BY COUNSEL REFLECTING LEGAL ANALYSIS AND REVIEW; BEARS LEGEND "ATTORNEY-CLIENT PRIVILEGE/PREPARED AT THE DIRECTION OF AN ATTORNEY." AC ATTORNEYS: J. TAYLOR, C. REYNOLDS, M. NEUMAYR (DOE-OGC). | AC |

# Dairyland Table of Challenges
## September 17, 2007 Government Privilege Log

| RefNo. | FIRSTIMAGE | LASTIMAGE | DATE | AUTHOR | ADDRESSEE | DESCRIPTION | PRIVILEGE |
|---|---|---|---|---|---|---|---|
| S996 | HQR612 1807 | HQR612 1852 | 2007/01/18 | | | DRAFT SPENT FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, REFLECTING LEGAL ADVICE AND ANALYSIS OF COUNSEL; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE; DOCUMENT CONTAINS MARGINALIA WRITTEN BY COUNSEL REFLECTING LEGAL ANALYSIS AND REVIEW; BEARS LEGEND "ATTORNEY-CLIENT PRIVILEGE/PREPARED AT THE DIRECTION OF AN ATTORNEY." AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |
| S997 | HQR612 1853 | HQR612 1906 | 1/24/2007 | | | DRAFT SPENT FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, REFLECTING LEGAL ADVICE AND ANALYSIS OF COUNSEL; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE; DOCUMENT CONTAINS ANNOTATIONS OF CHANGES MADE BY COUNSEL REFLECTING LEGAL ANALYSIS AND REVIEW; BEARS LEGEND "ATTORNEY-CLIENT PRIVILEGE/PREPARED AT THE DIRECTION OF AN ATTORNEY." AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |
| S998 | HQR612 1907 | HQR612 1958 | 1/23/2007 | | | DRAFT SPENT FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, REFLECTING LEGAL ADVICE AND ANALYSIS OF COUNSEL; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE; DOCUMENT CONTAINS ANNOTATIONS OF CHANGES MADE BY COUNSEL REFLECTING LEGAL ANALYSIS AND REVIEW; BEARS LEGEND "ATTORNEY-CLIENT PRIVILEGE/PREPARED AT THE DIRECTION OF AN ATTORNEY." AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |
| S999 | HQR612 1959 | HQR612 1961 | XXXX/XX/XX | | | DRAFT NOTICE OF INQUIRY TO BE PUBLISHED IN FEDERAL REGISTER REGARDING SPENT NUCLEAR FUEL CONTRACTS FOR NEW NUCLEAR REACTORS; DOCUMENT CONTAINS MARGINALIA WRITTEN BY COUNSEL, REFLECTING LEGAL ADVICE OF COUNSEL; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE. AC ATTORNEY: J. TAYLOR (DOE-OGC). | AC |

-A31-

**Dairyland Table of Challenges**
**September 17, 2007 Government Privilege Log**

| RefNo. | FIRSTIMAGE | LASTIMAGE | DATE | AUTHOR | ADDRESSEE | DESCRIPTION | PRIVILEGE |
|---|---|---|---|---|---|---|---|
| S1000 | HQR612 1986 | HQR612 2038 | 12/18/2006 | | | DRAFT SPENT FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, REFLECTING LEGAL ADVICE AND ANALYSIS OF COUNSEL; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE; DOCUMENT CONTAINS MARGINALIA WRITTEN BY COUNSEL REFLECTING LEGAL ANALYSIS AND REVIEW; BEARS LEGEND "ATTORNEY-CLIENT PRIVILEGE/PREPARED AT THE DIRECTION OF AN ATTORNEY." AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |
| S1008 | HQR612 2099 | HQR612 2134 | 2007/02/02 | | | DRAFT SPENT FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, REFLECTING LEGAL ADVICE AND ANALYSIS OF COUNSEL; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE; BEARS LEGEND "ATTORNEY-CLIENT PRIVILEGE/PREPARED AT THE DIRECTION OF AN ATTORNEY." AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |
| S1009 | HQR612 2135 | HQR612 2143 | XXXX/XX/XX | | | PROPOSED DRAFT CONTRACT AMENDMENT; PREPARED BY AND AT THE DIRECTION OF COUNSEL AS PART OF COUNSEL'S RESPONSIBILITY TO PROVIDE LEGAL ADVICE AND SERVICES TO DOE ORGANIZATIONS AND CONTAINS LEGAL ANALYSIS AND ADVICE OF COUNSEL REGARDING CONTENTS OF DRAFT CONTRACT AMENDMENT. AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |
| S1012 | HQR612 2150 | HQR612 2155 | XXXX/XX/XX | | | PROPOSED DRAFT CONTRACT AMENDMENT; PREPARED BY AND AT THE DIRECTION OF COUNSEL AS PART OF COUNSEL'S RESPONSIBILITY TO PROVIDE LEGAL ADVICE AND SERVICES TO DOE ORGANIZATIONS AND CONTAINS LEGAL ANALYSIS AND ADVICE OF COUNSEL REGARDING CONTENTS OF DRAFT CONTRACT AMENDMENT. AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |
| | | | | | | | |

# Dairyland Table of Challenges
## September 17, 2007 Government Privilege Log

| RefNo. | FIRSTIMAGE | LASTIMAGE | DATE | AUTHOR | ADDRESSEE | DESCRIPTION | PRIVILEGE |
|---|---|---|---|---|---|---|---|
| S377 | HQR473 0737 | HQR473 0738 | | | | MEMORANDUM DISCUSSING POTENTIAL CHANGES TO CURRENT STANDARD CONTRACT FOR USE IN SPENT NUCLEAR FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, REFLECTING LEGAL ADVICE OF COUNSEL; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE; BEARS LEGEND "ATTORNEY-CLIENT PRIVILEGED/PREDECISIONAL DRAFT." AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |
| S378 | HQR473 0739 | HQR473 0740 | | | | MEMORANDUM DISCUSSING POTENTIAL CHANGES TO CURRENT STANDARD CONTRACT FOR USE IN SPENT NUCLEAR FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, WITH COUNSEL MARGINALIA, REFLECTING LEGAL ADVICE OF COUNSEL; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE; BEARS LEGEND "ATTORNEY-CLIENT PRIVILEGED/PREDECISIONAL DRAFT." AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |
| S383 | HQR473 1153 | HQR473 1156 | 20060906 | | | DRAFT MEMORANDUM REFLECTING CONSIDERATION OF POTENTIAL OPTIONS FOR THE PROMULGATION OF SPENT NUCLEAR FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, INCLUDING COUNSEL MARGINALIA, REFLECTING LEGAL ADVICE OF COUNSEL; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE; BEARS LEGEND "ATTORNEY-CLIENT/DELIBERATIVE PROCESS PRIVILEGE." AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |
| S384 | HQR473 1157 | HQR473 1157 | | | | HANDWRITTEN NOTES CONCERNING SPENT NUCLEAR FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS REFLECTING LEGAL ADVICE OF COUNSEL; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE. AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |

# Dairyland Table of Challenges
## September 17, 2007 Government Privilege Log

| RefNo. | FIRSTIMAGE | LASTIMAGE | DATE | AUTHOR | ADDRESSEE | DESCRIPTION | PRIVILEGE |
|---|---|---|---|---|---|---|---|
| S386 | HQR473 1167 | HQR473 1167 | 11/2/2006 | | | HANDWRITTEN NOTES REFLECTING CONVERSATIONS WITH COUNSEL FOR DOJ AND DOE-OGC REGARDING POTENTIAL OPTIONS FOR THE PROMULGATION OF SPENT NUCLEAR FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, REFLECTING LEGAL ADVICE OF COUNSEL; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE.<br>AC ATTORNEYS: B. MCRAE (DOE-OGC); H. LESTER (DOJ). | AC |
| S387 | HQR473 1168 | HQR473 1168 | 11/3/2006 | | | EMAIL FROM J. TAYLOR (DOE-OGC) TO B. MCRAE (DOE-OGC) AND M. CROSLAND (DOE-OGC) REFLECTING LEGAL ADVICE RENDERED BY COUNSEL FOR DOJ CONCERNING PROMULGATION OF SNF DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS IN RESPONSE TO REQUEST FOR SAME; LEGAL ADVICE GIVEN BY DOJ AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL REPRESENTATION TO DOE.<br>AC ATTORNEYS: J. TAYLOR, B. MCRAE, M. CROSLAND, C. REYNOLDS; H. LESTER (DOJ). | AC |
| S388 | HQR473 1169 | HQR473 1170 | 11/16/2006 | | | EMAIL CHAIN BETWEEN C. REYNOLDS (DOE-OGC) AND DOE-OGC CONCERNING PREPARATION OF ACTION MEMORANDUM FOR REVIEW OF SNF DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, REFLECTING LEGAL ADVICE OF COUNSEL IN RESPONSE TO REQUEST FOR SAME; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE.<br>AC ATTORNEYS: C. REYNOLDS, M. CROSLAND, B. MCRAE, J. TAYLOR (DOE-OGC). | AC |
| S389 | HQR473 1171 | HQR473 1172 | 11/16/2006 | | | TALKING POINTS REGARDING CONSIDERATION OF POTENTIAL OPTIONS FOR THE PROMULGATION OF SPENT NUCLEAR FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, REFLECTING LEGAL ADVICE OF COUNSEL; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE; BEARS LEGEND "ATTORNEY-CLIENT PRIVILEGE."<br>AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC); DOJ. | AC |

-A34-

# Dairyland Table of Challenges
## September 17, 2007 Government Privilege Log

| RefNo. | FIRSTIMAGE | LASTIMAGE | DATE | AUTHOR | ADDRESSEE | DESCRIPTION | PRIVILEGE |
|---|---|---|---|---|---|---|---|
| S390 | HQR473 1173 | HQR473 1174 | 11/28/2006 | | | EMAIL CHAIN BETWEEN COUNSEL FOR DOE REFLECTING DISCUSSION OF POTENTIAL OPTIONS FOR THE PROMULGATION OF SNF DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, INCLUDING COUNSEL MARGINALIA, REFLECTING LEGAL ADVICE OF COUNSEL; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE.<br>AC ATTORNEYS: M. CROSLAND, J. TAYLOR, C. REYNOLDS, B. MCRAE, N. STRAUSS (DOE-OGC). | AC |
| S391 | HQR473 1175 | HQR473 1175 | 12/6/2006 | | | HANDWRITTEN NOTES REFLECTING CONSIDERATION OF POTENTIAL SCHEDULE FOR THE PROMULGATION OF SNF DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, REFLECTING LEGAL ADVICE OF COUNSEL; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE.<br>AC ATTORNEYS: M. NEUMAYR, B. MCRAE, M. CROSLAND, N. STRAUSS, C. REYNOLDS (DOE-OGC). | AC |
| S392 | HQR473 1176 | HQR473 1176 | 12/5/2006 | | | EMAIL FROM B. MCRAE (DOE-OGC) TO DOE-OGC REFLECTING CONSIDERATION OF POTENTIAL OPTIONS FOR THE PROMULGATION OF SNF DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, INCLUDING COUNSEL MARGINALIA, REFLECTING LEGAL ADVICE OF COUNSEL; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE.<br>AC ATTORNEYS: B. MCCRAE, D. HILL, E. FYGI, M. NEUMAYR, M. CROSLAND, N. STRAUSS, C. REYNOLDS, M. JOHNSTON, J. TAYLOR (DOE-OGC). | AC |
| S393 | HQR473 1177 | HQR473 1177 | | | | DRAFT MEMORANDUM REFLECTING CONSIDERATION OF A PROPOSED COURSE OF ACTION REGARDING THE PROMULGATION OF SNF DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, INCLUDING MARGINALIA, REFLECTING LEGAL ADVICE OF COUNSEL; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE.<br>AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |

-A35-

**Dairyland Table of Challenges**
**September 17, 2007 Government Privilege Log**

| RefNo. | FIRSTIMAGE | LASTIMAGE | DATE | AUTHOR | ADDRESSEE | DESCRIPTION | PRIVILEGE |
|---|---|---|---|---|---|---|---|
| S394 | HQR473 1178 | HQR473 1178 | 12/5/2006 | | | HANDWRITTEN NOTES REFLECTING LEGAL CONSIDERATIONS RELATED TO THE PROMULGATION OF SNF DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, REFLECTING LEGAL ADVICE OF COUNSEL; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE.<br>AC ATTORNEYS: D. HILL, E. FYGI, N. STRAUSS (DOE-OGC). | AC |
| S406 | HQR473 1427 | HQR473 1432 | XXXXXXXX | | | HANDWRITTEN NOTES DRAFTED BY COUNSEL FOR DOE REFLECTING PROVISION OF LEGAL ADVICE IN RESPONSE TO REQUEST FOR SAME RELATING TO AMENDMENT TO SNF DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE.<br>AC ATTORNEYS: B. MCRAE, N. STRAUSS, C. REYNOLDS, J. TAYLOR (DOE-OGC). | AC |
| S411 | HQR473 1596 | HQR473 1600 | 9/11/2006 | | | DRAFT MEMORANDUM CONCERNING POTENTIAL OPTIONS FOR THE PROMULGATION OF SNF DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, WITH COUNSEL MARGINALIA, AND REFLECTING LEGAL ADVICE FROM DOE-OGC; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE.<br>AC ATTORNEYS: N. STRAUSS, D. HILL (DOE-OGC). | AC |
| S412 | HQR473 1616 | HQR473 1616 | XXXXXXXX | | | DRAFT Q&A CONCERNING ESTIMATED TIMING OF PROMULGATION OF SPENT FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, REFLECTING LEGAL ADVICE OF DOE-OGC PROVIDED IN RESPONSE TO REQUEST FOR SAME; ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE; BEARS LEGEND "PREDECISIONAL/DRAFT/DELIBERATIVE PROCESS."<br>AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |

# Dairyland Table of Challenges
## September 17, 2007 Government Privilege Log

| RefNo. | FIRSTIMAGE | LASTIMAGE | DATE | AUTHOR | ADDRESSEE | DESCRIPTION | PRIVILEGE |
|---|---|---|---|---|---|---|---|
| S413 | HQR473 1617 | HQR473 1620 | XXXXXXXX | | | DRAFT MEMORANDUM REFLECTING ANALYSIS OF ISSUES ASSOCIATED WITH PROMULGATION OF SPENT FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, WITH MARGINALIA, AND REFLECTING LEGAL ADVICE BY DOE-OGC; ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE; BEARS LEGEND "PREPARED AT THE DIRECTION OF AN ATTORNEY/PRIVILEGED AND CONFIDENTIAL." AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |
| S414 | HQR473 1640 | HQR473 1641 | XXXXXXXX | | | DRAFT MEMORANDUM CONTAINING ANALYSIS OF POTENTIAL OPTIONS ASSOCIATED WITH PROMULGATION OF SPENT FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, WITH MARGINALIA, AND REFLECTING LEGAL ADVICE BY DOE-OGC; ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE. AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |
| S416 | HQR473 1645 | HQR473 1645 | 9/25/2006 | | | EMAIL CHAIN BETWEEN DOE-OGC REFLECTING PROVISION OF LEGAL ADVICE CONCERNING POTENTIAL OPTIONS FOR THE PROMULGATION OF SPENT FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, WITH COUNSEL MARGINALIA; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE. AC ATTORNEYS: C. REYNOLDS, J. TAYLOR, M. JOHNSTON, B. MCRAE, M. NEUMAYR, M. MASTERSON, N. STRAUSS, M. CROSLAND (DOE-OGC). | AC |
| S417 | HQR473 1649 | HQR473 1652 | XXXXXXXX | | | MEMORANDUM REFLECTING LEGAL ADVICE CONCERNING POTENTIAL OPTIONS FOR THE PROMULGATION OF SPENT FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, WITH MARGINALIA; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE; BEARS LEGEND "PREPARED AT THE DIRECTION OF AN ATTORNEY/PRIVILEGED AND CONFIDENTIAL." AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |

# Dairyland Table of Challenges
## September 17, 2007 Government Privilege Log

| RefNo. | FIRSTIMAGE | LASTIMAGE | DATE | AUTHOR | ADDRESSEE | DESCRIPTION | PRIVILEGE |
|---|---|---|---|---|---|---|---|
| S418 | HQR473 1653 | HQR473 1653 | XXXXXXXX | Taylor, J. | | HANDWRITTEN NOTES REFLECTING LEGAL ADVICE BY COUNSEL FOR DOE CONCERNING POTENTIAL TERMS FOR INCLUSION IN SPENT FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE.<br>AC ATTORNEY: J. TAYLOR (DOE-OGC). | AC |
| S419 | HQR473 1656 | HQR473 1658 | XXXXXXXX | | | MEMORANDUM REFLECTING LEGAL ADVICE OF COUNSEL FOR DOE CONCERNING POTENTIAL OPTIONS FOR THE PROMULGATION OF SPENT FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, WITH MARGINALIA; ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE; BEARS LEGEND "PRIVILEGED/PREDECISIONAL DRAFT/ATTORNEY-CLIENT PRIVILEGE."<br>AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |
| S423 | HQR473 1706 | HQR473 1709 | XXXXXXXX | | | MEMORANDUM CONCERNING ISSUES ASSOCIATED WITH PROMULGATION OF SPENT FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, REFLECTING LEGAL ADVICE AND ANALYSIS OF DOE-OGC; ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE.<br>AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |
| S425 | HQR473 1716 | HQR473 1719 | XXXXXXXX | | | MEMORANDUM CONCERNING ISSUES ASSOCIATED WITH PROMULGATION OF SPENT FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, WITH MARGINALIA, AND REFLECTING LEGAL ADVICE AND ANALYSIS OF DOE-OGC; ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE.<br>AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |
| S432 | HQR492 1340 | HQR492 1343 | xxxxxxxx | | | MEMORANDUM CONCERNING ISSUES ASSOCIATED WITH PROMULGATION OF SPENT FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, WITH MARGINALIA, AND REFLECTING LEGAL ADVICE AND ANALYSIS OF DOE-OGC; ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE.<br>AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |

-A38-

## Dairyland Table of Challenges
## September 17, 2007 Government Privilege Log

| RefNo. | FIRSTIMAGE | LASTIMAGE | DATE | AUTHOR | ADDRESSEE | DESCRIPTION | PRIVILEGE |
|---|---|---|---|---|---|---|---|
| S454 | HQR494 0556 | HQR494 0558 | XXXX/XX/XX | | | MEMORANDUM REFLECTING LEGAL ADVICE CONCERNING PROPOSED OPTION FOR PROMULGATION OF SPENT FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, WITH MARGINALIA; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE; BEARS LEGEND "PRIVILEGED," "PREDECISIONAL DRAFT," AND "ATTORNEY-CLIENT PRIVILEGE." AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |
| S456 | HQR494 0606 | HQR494 0606 | XXXX/XX/XX | | | HANDWRITTEN NOTES CONCERNING SPENT NUCLEAR FUEL CONTRACTS FOR NEW NUCLEAR REACTORS REFLECTING ADVICE FROM COUNSEL; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE. AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |
| S457 | HQR494 0607 | HQR494 0609 | XXXX/XX/XX | | | MEMORANDUM REFLECTING LEGAL ADVICE OF COUNSEL FOR DOE CONCERNING PROPOSED OPTION FOR PROMULGATION OF SPENT FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, WITH ATTACHED MARGINALIA; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE. AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |
| S458 | HQR494 0610 | HQR494 0611 | XXXX/XX/XX | | | MEMORANDUM REFLECTING LEGAL ADVICE CONCERNING PROPOSED OPTION FOR PROMULGATION OF SPENT FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE. AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |
| S459 | HQR494 0612 | HQR494 0613 | | | | MEMORANDUM REFLECTING LEGAL ADVICE CONCERNING PROPOSED OPTION FOR PROMULGATION OF SPENT FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE. AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |

**Dairyland Table of Challenges**
**September 17, 2007 Government Privilege Log**

| RefNo. | FIRSTIMAGE | LASTIMAGE | DATE | AUTHOR | ADDRESSEE | DESCRIPTION | PRIVILEGE |
|---|---|---|---|---|---|---|---|
| S465 | HQR494 0622 | HQR494 0622 | XXXX/XX/XX | | | HANDWRITTEN NOTES REFLECTING LEGAL ADVICE BY COUNSEL FOR DOE REGARDING DRAFT AMENDMENT TO STANDARD CONTRACT IN CONNECTION WITH SPENT FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS; ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE.<br>AC ATTORNEY: M. CROSLAND (DOE-OGC). | AC |
| S468 | HQR494 0646 | HQR494 0646 | XXXX/XX/XX | | | DRAFT MEMORANDUM PREPARED BY C. REYNOLDS (DOE-OGC) AND J. TAYLOR (DOE-OGC) ENTITLED "PROPOSAL FOR NEW SPENT FUEL DISPOSAL CONTRACTS" CONTAINING LEGAL ADVICE FROM DOE-OGC REGARDING POTENTIAL OPTIONS FOR PROMULGATION OF SPENT FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS; ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE; BEARS LEGEND "ATTORNEY-CLIENT/DELIBERATIVE PROCESS PRIVILEGE."<br>AC ATTORNEYS: C. REYNOLDS, J. TAYLOR (DOE-OGC). | AC |
| S471 | HQR494 0674 | HQR494 0674 | 9/11/2006 | | | DRAFT MEMORANDUM PREPARED BY C. REYNOLDS (DOE-OGC) AND J. TAYLOR (DOE-OGC) ENTITLED "PROPOSAL FOR NEW SPENT FUEL DISPOSAL CONTRACTS" CONTAINING LEGAL ADVICE REGARDING POTENTIAL OPTIONS FOR PROMULGATION OF SPENT FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, WITH MARGINALIA; ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE; BEARS LEGEND "ATTORNEY-CLIENT/DELIBERATIVE PROCESS PRIVILEGE."<br>AC ATTORNEYS: C. REYNOLDS, J. TAYLOR (DOE-OGC). | AC |

# Dairyland Table of Challenges
## September 17, 2007 Government Privilege Log

| RefNo. | FIRSTIMAGE | LASTIMAGE | DATE | AUTHOR | ADDRESSEE | DESCRIPTION | PRIVILEGE |
|---|---|---|---|---|---|---|---|
| S473 | HQR494 0676 | HQR494 0677 | 9/6/2006 | | | DRAFT MEMORANDUM PREPARED BY C. REYNOLDS (DOE-OGC) AND J. TAYLOR (DOE-OGC) ENTITLED "PROPOSAL FOR NEW SPENT FUEL DISPOSAL CONTRACTS" CONTAINING LEGAL ADVICE FROM DOE-OGC REGARDING POTENTIAL OPTIONS FOR PROMULGATION OF SPENT FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS; ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE; BEARS LEGEND "ATTORNEY-CLIENT/DELIBERATIVE PROCESS PRIVILEGE." AC ATTORNEYS: C. REYNOLDS, J. TAYLOR (DOE-OGC). | AC |
| S474 | HQR494 0678 | HQR494 0681 | XXXX/XX/XX | | | DRAFT PROPOSED LEGISLATION AMENDING NWPA IN CONNECTION WITH PROMULGATION OF SPENT FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, REFLECTING THE LEGAL ADVICE OF COUNSEL FOR DOE; ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE; BEARS LEGEND "PREPARED AT THE DIRECTION OF COUNSEL" AND "PRIVILEGED AND CONFIDENTIAL." AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |
| S554 | HQR501 0556 | HQR501 0556 | 9/11/2006 | | | DRAFT MEMORANDUM PREPARED BY C. REYNOLDS (DOE-OGC) AND J. TAYLOR (DOE-OGC) ENTITLED "PROPOSAL FOR NEW SPENT FUEL DISPOSAL CONTRACTS" CONTAINING LEGAL ADVICE FROM DOE-OGC REGARDING POTENTIAL OPTIONS FOR PROMULGATION OF SPENT FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE; BEARS LEGEND "ATTORNEY-CLIENT/DELIBERATIVE PROCESS PRIVILEGE." AC ATTORNEYS: C. REYNOLDS, J. TAYLOR (DOE-OGC). | AC |
| S555 | HQR501 0557 | HQR501 0558 | 1/30/2007 | | | HANDWRITTEN NOTES REFLECTING LEGAL ADVICE PROVIDED BY COUNSEL FOR DOE IN RESPONSE TO REQUEST FOR SAME; ADVICE PERTAINS TO CONTRACT AMENDMENT FOR PURPOSES OF TADS, GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE. AC ATTORNEY: M. NEUMAYR (DOE-OGC). | AC |

-A41-

## Dairyland Table of Challenges
## September 17, 2007 Government Privilege Log

| RefNo. | FIRSTIMAGE | LASTIMAGE | DATE | AUTHOR | ADDRESSEE | DESCRIPTION | PRIVILEGE |
|---|---|---|---|---|---|---|---|
| S558 | HQR501 0657 | HQR501 0660 | XXXX/XX/XX | | | MEMORANDUM REFLECTING LEGAL ADVICE CONCERNING TENTATIVELY RESOLVED ISSUES CONCERNING THE PROMULGATION OF SPENT FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, WITH MARGINALIA PROVIDING LEGAL ADVICE; ADVICE RENDERED BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE. AC ATTORNEY: DOE-OGC. | AC |
| S562 | HQR501 0682 | HQR501 0682 | XXXX/XX/XX | | | WHITEPAPER REFLECTING REVIEW AND ANALYSIS BY LEGAL COUNSEL FOR DOE IN RESPONSE TO REQUEST FOR SAME REGARDING AMENDMENT OF STANDARD CONTRACT FOR PURPOSES OF TAD; DOCUMENT BEARS LEGEND "ATTORNEY-CLIENT PRIVILEGE/PREDECISIONAL"; REVIEW PROVIDED IN CONJUNCTION WITH DOE-OGC'S RESPONSIBILITY TO SUPPLY LEGAL SERVICES TO DOE. AC ATTORNEYS: C. REYNOLDS, J. TAYLOR (DOE-OGC). | AC |
| S563 | HQR501 0683 | HQR501 0683 | XXXX/XX/XX | | | WHITEPAPER REFLECTING REVIEW AND ANALYSIS BY LEGAL COUNSEL FOR DOE IN RESPONSE TO REQUEST FOR SAME REGARDING AMENDMENT OF STANDARD CONTRACT FOR PURPOSES OF TAD; DOCUMENT BEARS LEGEND "ATTORNEY-CLIENT PRIVILEGE/PREDECISIONAL"; REVIEW PROVIDED IN CONJUNCTION WITH DOE-OGC'S RESPONSIBILITY TO SUPPLY LEGAL SERVICES TO DOE. AC ATTORNEYS: C. REYNOLDS, J. TAYLOR (DOE-OGC). | AC |
| S564 | HQR501 0684 | HQR501 0684 | XXXX/XX/XX | | | DRAFT MEMORANDUM OF AGREEMENT REGARDING SPENT FUEL DISPOSAL CONTRACTS FOR NEW REACTORS REFLECTING REVIEW BY COUNSEL FOR DOE AND LEGAL ADVICE PROVIDED IN RESPONSE TO REQUEST FOR SAME; REVIEW AND ADVICE RENDERED BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE. AC ATTORNEY: DOE-OGC. | AC |

-A42-

# Dairyland Table of Challenges
## September 17, 2007 Government Privilege Log

| RefNo. | FIRSTIMAGE | LASTIMAGE | DATE | AUTHOR | ADDRESSEE | DESCRIPTION | PRIVILEGE |
|---|---|---|---|---|---|---|---|
| S565 | HQR501 0685 | HQR501 0685 | 12/13/2006 | Taylor, J. | Neumayr, M.; Mcrae, B.; Strauss, N.; Bowers, M.; Crosland, M.; Zabransky, D.; Reynolds, C. | EMAIL FROM J. TAYLOR (DOE-OGC) TO DOE COUNSEL CONTAINING LEGAL ADVICE REGARDING POTENTIAL TIMELINE FOR PROMULGATION OF SPENT FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE.<br>AC ATTORNEYS: J. TAYLOR, M. NEUMAYR, B. MCRAE, N. STRAUSS, M. CROSLAND (DOE-OGC). | AC |
| S566 | HQR501 0687 | HQR501 0688 | XXXX/XX/XX | | | MEMORANDUM REFLECTING LEGAL ADVICE CONCERNING PROPOSED OPTION FOR PROMULGATION OF SPENT FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE.<br>AC ATTORNEY: DOE-OGC. | AC |
| S567 | HQR501 0689 | HQR501 0691 | XXXX/XX/XX | | | MEMORANDUM REFLECTING LEGAL ADVICE CONCERNING PROPOSED OPTION FOR PROMULGATION OF SPENT FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE; DOCUMENT MARKED "PRIVILEGED," "PREDECISIONAL DRAFT," AND "ATTORNEY-CLIENT PRIVILEGE."<br>AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC); DOJ. | AC |
| S602 | HQR502 0140 | HQR502 0140 | 9/11/2006 | | | DRAFT MEMORANDUM PREPARED BY C. REYNOLDS (DOE-OGC) AND J. TAYLOR (DOE-OGC) ENTITLED "PROPOSAL FOR NEW SPENT FUEL DISPOSAL CONTRACTS" CONTAINING LEGAL ADVICE FROM DOE-OGC REGARDING POTENTIAL OPTIONS FOR PROMULGATION OF SPENT FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE; BEARS LEGEND "ATTORNEY-CLIENT/DELIBERATIVE PROCESS PRIVILEGE."<br>AC ATTORNEYS: C. REYNOLDS, J. TAYLOR (DOE-OGC). | AC |

# Dairyland Table of Challenges
## September 17, 2007 Government Privilege Log

| RefNo. | FIRSTIMAGE | LASTIMAGE | DATE | AUTHOR | ADDRESSEE | DESCRIPTION | PRIVILEGE |
|---|---|---|---|---|---|---|---|
| S603 | HQR502 0141 | HQR502 0142 | | | | DRAFT TALKING POINTS REFLECTING LEGAL ADVICE FROM COUNSEL FOR DOE CONCERNING POTENTIAL OPTION FOR DEVELOPMENT OF SPENT FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE.<br>AC ATTORNEY: M. CROSLAND (DOE-OGC). | AC |
| S887 | HQR611 1599 | HQR611 1599 | XXXX/XX/XX | | | MEMORANDUM PROVIDING LEGAL ADVICE CONCERNING PROPOSED OPTION FOR PROMULGATION OF SPENT FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, WITH MARGINALIA; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE; BEARS LEGEND "PRIVILEGED," "PREDECISIONAL DRAFT," AND "ATTORNEY-CLIENT PRIVILEGE."<br>AC ATTORNEYS: J. TAYLOR, C. REYNOLS (DOE-OGC). | AC |
| S888 | HQR611 1600 | HQR611 1601 | XXXX/XX/XX | | | MEMORANDUM DISCUSSING SUBSTANTIVE CHANGES TO STANDARD CONTRACT IN CONNECTION WITH THE DEVELOPMENT OF SPENT NUCLEAR FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, WITH MARGINALIA, REFLECTING LEGAL ADVICE OF COUNSEL; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE; BEARS LEGEND "PRIVILEGED/PREDECISIONAL DRAFT/ATTORNEY-CLIENT PRIVILEGE."<br>AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |
| S890 | HQR611 1649 | HQR611 1649 | XXXX/XX/XX | | | HANDWRITTEN NOTES CONCERNING SPENT NUCLEAR FUEL CONTRACTS FOR NEW NUCLEAR REACTORS REFLECTING ADVICE FROM COUNSEL; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE.<br>AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |

# Dairyland Table of Challenges
## September 17, 2007 Government Privilege Log

| RefNo. | FIRSTIMAGE | LASTIMAGE | DATE | AUTHOR | ADDRESSEE | DESCRIPTION | PRIVILEGE |
|---|---|---|---|---|---|---|---|
| S891 | HQR611 1650 | HQR611 1652 | XXXX/XX/XX | | | MEMORANDUM REFLECTING LEGAL ADVICE CONCERNING PROPOSED OPTION FOR PROMULGATION OF SPENT FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE. AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |
| S892 | HQR611 1653 | HQR611 1654 | XXXX/XX/XX | | | MEMORANDUM REFLECTING LEGAL ADVICE CONCERNING PROPOSED OPTION FOR PROMULGATION OF SPENT FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE. AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |
| S893 | HQR611 1655 | HQR611 1656 | | | | MEMORANDUM REFLECTING LEGAL ADVICE CONCERNING PROPOSED OPTION FOR PROMULGATION OF SPENT FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE. AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |
| S901 | HQR611 1689 | HQR611 1689 | 11/9/2006 | | | DRAFT MEMORANDUM PREPARED BY C. REYNOLDS (DOE-OGC) AND J. TAYLOR (DOE-OGC) ENTITLED "PROPOSAL FOR NEW SPENT FUEL DISPOSAL CONTRACTS" CONTAINING LEGAL ADVICE FROM DOE-OGC REGARDING POTENTIAL OPTIONS FOR PROMULGATION OF SPENT FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE; BEARS LEGEND "ATTORNEY-CLIENT/DELIBERATIVE PROCESS PRIVILEGE." AC ATTORNEYS: C. REYNOLDS, J. TAYLOR (DOE-OGC). | AC |

-A45-

# Dairyland Table of Challenges
## September 17, 2007 Government Privilege Log

| RefNo. | FIRSTIMAGE | LASTIMAGE | DATE | AUTHOR | ADDRESSEE | DESCRIPTION | PRIVILEGE |
|---|---|---|---|---|---|---|---|
| S944 | HQR612 0468 | HQR612 0468 | 2006/09/11 | | | DRAFT MEMORANDUM ANALYZING PROPOSED OPTIONS AND NEXT STEPS ASSOCIATED WITH PROMULGATION OF SPENT FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, WITH MARGINALIA, REFLECTING LEGAL ADVICE OF COUNSEL; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE; BEARS LEGEND "ATTORNEY CLIENT" AND "DELIBERATIVE PROCESS PRIVILEGE."<br>AC ATTORNEY: DOE-OGC. | AC |
| S945 | HQR612 0469 | HQR612 0472 | XXXX/XX/XX | | | MEMORANDUM REGARDING LEGAL ISSUES TO BE RESOLVED IN DEVELOPMENT OF NEW REACTOR CONTRACTS; MEMORANDUM WRITTEN BY COUNSEL AND REFLECTS COUNSEL'S LEGAL ANALYSIS AND OPINIONS REGARDING PROPOSED CONTRACTS PROVIDED AS PART OF DOE-OGC'S RESPONSIBLITY TO PROVIDE LEGAL SERVICES TO DOE; MEMORANDUM ALSO CONTAINS MARGINALIA WRITTEN BY COUNSEL, WHICH REFLECTS REVIEW BY COUNSEL OF CONTRACT AMENDMENT FOR LEGAL SUFFICIENCY.<br>AC ATTORNEY: DOE-OGC. | AC |
| S949 | HQR612 0494 | HQR612 0495 | XXXX/XX/XX | | | MEMORANDUM REGARDING PROPOSED TAD AMENDMENT TO THE STANDARD CONTRACT; CONTAINS LEGAL ADVICE AND ANALYSIS PROVIDED BY COUNSEL AS A PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL ADVICE TO DOE ORGANIZATIONS; BEARS LEGEND "ATTORNEY-CLIENT PRIVILEGE/PREDECISIONAL."<br>AC ATTORNEY: DOE-OGC. | AC |
| S950 | HQR612 0496 | HQR612 0496 | XXXX/XX/XX | | | LAST PAGE OF A DRAFT MOA SENT FOR LEGAL REVIEW; CONTAINS LEGAL ADVICE FROM DOE-OGC REGARDING THE PROMULGATION OF SPENT FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE.<br>AC ATTORNEY: DOE-OGC. | AC |

-A46-

# Dairyland Table of Challenges
## September 17, 2007 Government Privilege Log

| RefNo. | FIRSTIMAGE | LASTIMAGE | DATE | AUTHOR | ADDRESSEE | DESCRIPTION | PRIVILEGE |
|---|---|---|---|---|---|---|---|
| S952 | HQR612 0499 | HQR612 0500 | XXXX/XX/XX | | | DRAFT MEMORANDUM REGARDING A PROPOSED OPTION FOR DEVELOPMENT OF SPENT FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, REFLECTING LEGAL ADVICE OF COUNSEL; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE.<br>AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |
| S953 | HQR612 0501 | HQR612 0503 | XXXX/XX/XX | | | MEMORANDUM REFLECTING LEGAL ADVICE CONCERNING A PROPOSED OPTION FOR THE DEVELOPMENT OF SPENT FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE; BEARS LEGEND "PRIVILEGED/PREDECISIONAL DRAFT/ATTORNEY-CLIENT PRIVILEGE."<br>AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |
| S983 | HQR612 1686 | HQR612 1690 | 2006/09/06 | | | DRAFT MEMORANDUM ANALYZING POTENTIAL OPTIONS FOR DEVELOPMENT OF SPENT FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, WITH MARGINALIA, REFLECTING LEGAL ADVICE OF COUNSEL; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE; BEARS LEGEND "ATTORNEY-CLIENT/DELIBERATIVE PROCESS PRIVILEGE."<br>AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |
| S992 | HQR612 1711 | HQR612 1711 | 12/05/06 | | | HANDWRITTEN NOTES WRITTEN BY COUNSEL REFLECTING LEGAL ADVICE CONCERNING PROMULGATION OF SPENT FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE.<br>AC ATTORNEYS: E. FYGI, N. STRAUSS, J. TAYLOR (DOE-OGC). | AC |

## Dairyland Table of Challenges
## September 17, 2007 Government Privilege Log

| RefNo. | FIRSTIMAGE | LASTIMAGE | DATE | AUTHOR | ADDRESSEE | DESCRIPTION | PRIVILEGE |
|---|---|---|---|---|---|---|---|
| S1001 | HQR612 2054 | HQR612 2054 | | | | DRAFT Q&A REGARDING TIMING OF PROMULGATION OF SPENT FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS; DOCUMENT REFLECTS LEGAL ADVICE OF DOE-OGC GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE. AC ATTORNEY: DOE-OGC. | AC |
| S1002 | HQR612 2055 | HQR612 2058 | | | | MEMORANDUM CONTAINING LEGAL ADVICE CONCERNING POTENTIAL OPTIONS FOR THE PROMULGATION OF SPENT FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, WITH MARGINALIA; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE; BEARS LEGEND "PREPARED AT THE DIRECTION OF AN ATTORNEY/PRIVILEGED AND CONFIDENTIAL." AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |
| S1003 | HQR612 2080 | HQR612 2081 | XXXX/XX/XX | | | MEMORANDUM REGARDING POTENTIAL AMENDMENT TO NWPA; MEMORANDUM WRITTEN BY COUNSEL AND REFLECTS COUNSEL'S LEGAL ADVICE AND ANALYSIS IN RESPONSE TO REQUEST FROM OCRWM; DOCUMENT ALSO CONTAINS MARGINALIA WRITTEN BY COUNSEL REFLECTING FURTHER LEGAL ANALYSIS OF POSSIBLE LEGISLATION. AC ATTORNEY: J. TAYLOR (DOE-OGC). | AC |
| S1005 | HQR612 2089 | HQR612 2092 | XXXX/XX/XX | | | MEMORANDUM REGARDING POTENTIAL AMENDMENT TO NWPA; MEMORANDUM WRITTEN BY COUNSEL AND REFLECTS COUNSEL'S LEGAL ADVICE AND ANALYSIS IN RESPONSE TO REQUEST FROM OCRWM; DOCUMENT ALSO CONTAINS MARGINALIA WRITTEN BY COUNSEL REFLECTING FURTHER LEGAL ANALYSIS OF POSSIBLE LEGISLATION; BEARS LEGEND "PREPARED AT THE DIRECTION OF COUNSEL" AND "PRIVILEGED AND CONFIDENTIAL." AC ATTORNEY: J. TAYLOR (DOE-OGC). | AC |

-A48-

**Dairyland Table of Challenges**
**September 17, 2007 Government Privilege Log**

| RefNo. | FIRSTIMAGE | LASTIMAGE | DATE | AUTHOR | ADDRESSEE | DESCRIPTION | PRIVILEGE |
|---|---|---|---|---|---|---|---|
| S1006 | HQR612 2093 | HQR612 2095 | XXXX/XX/XX | | | HANDWRITTEN NOTES WRITTEN BY COUNSEL REGARDING PROPOSED PROVISIONS OF CONTRACT FOR NEW REACTORS; DOCUMENT REFLECTS LEGAL ADVICE AND ANALYSIS OF COUNSEL; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE.<br>AC ATTORNEY: J. TAYLOR (DOE-OGC). | AC |
| S1007 | HQR612 2096 | HQR612 2098 | XXXX/XX/XX | | | MEMORANDUM REFLECTING LEGAL ADVICE CONCERNING PROPOSED OPTION FOR PROMULGATION OF SPENT FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS, WITH MARGINALIA; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE; BEARS LEGEND "PRIVILEGED," "PREDECISIONAL DRAFT," AND "ATTORNEY-CLIENT PRIVILEGE."<br>AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |
| S1011 | HQR612 2146 | HQR612 2149 | XXXX/XX/XX | | | MEMORANDUM PREPARED BY COUNSEL REFLECTING LEGAL ADVICE CONCERNING ISSUES CONCERNING THE PROMULGATION OF SPENT FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE.<br>AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |
| S1013 | HQR612 2156 | HQR612 2159 | XXXX/XX/XX | | | MEMORANDUM PREPARED BY COUNSEL REFLECTING LEGAL ADVICE CONCERNING ISSUES CONCERNING THE PROMULGATION OF SPENT FUEL DISPOSAL CONTRACTS FOR NEW NUCLEAR REACTORS; LEGAL ADVICE GIVEN BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE.<br>AC ATTORNEYS: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC |

**Greenberg Traurig**

Kevin E. Stern
Tel. 202.452.4878
Fax 202.261.0107
sternk@gtlaw.com

September 27, 2007

***VIA FACSIMILE AND HAND DELIVERY***

Scott Slater
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, NW
Washington, D.C. 20530

Re: *Dairyland Power Cooperative v. United States,* No. 04-106C

Dear Scott:

I am following up on our telephone conversation from yesterday concerning Dairyland's challenges to the government's claims of privilege set out in its September 17, 2007 privilege log. Please find enclosed a "Table of Challenges" identifying Dairyland's specific challenges. I want to make a couple of points of clarification regarding this table. First, because the government's privilege log as produced to Dairyland did not include reference numbers for the listed documents, we have added such numbers to the log (S1, S2, S3, etc.) for each document and have utilized these numbers in the Table of Privilege Challenges. An electronic copy of the government's privilege log that includes our reference numbers is enclosed. Second, in our table we have attempted, where possible, to organize the challenged documents by category description rather than listing each document individually, keeping in mind, of course, that the documents contained in a particular grouping may not be entirely identical to each other. We believe this type of organization will better facilitate our further discussions and any necessary briefing on this issue.

In addition to the challenges listed in our table, we have some concerns regarding the government's privilege assertions for an additional category of documents, namely, the draft spent fuel disposal contracts for new nuclear reactors (*see, e.g.,* documents S431-439, S887-893, S994-1003), that we would like to discuss with you. In particular, it is not clear to us why these contract drafts are privileged or how it is that the government knows that such drafts reflect or contain the advice of counsel (especially where the privilege log does not

ALBANY
AMSTERDAM
ATLANTA
BOCA RATON
BOSTON
BRUSSELS*
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON*
LOS ANGELES
MIAMI
MILAN*
NEW JERSEY
NEW YORK
ORANGE COUNTY
ORLANDO
PHILADELPHIA
PHOENIX
ROME*
SACRAMENTO
SILICON VALLEY
TALLAHASSEE
TAMPA
TOKYO*
TYSONS CORNER
WASHINGTON, D.C.
WEST PALM BEACH
ZURICH
*Strategic Alliance
Tokyo-Office/Strategic Alliance

WDC 371500889v2 9/26/2007

reflect counsel as either an author or recipient of the document). As we have previously mentioned, we also have concerns regarding the government's withholding of entire documents on attorney-client privilege and/or work product grounds where it appears, based upon their privilege log descriptions, that a number of these documents should have been produced with the segregable privileged material redacted (*see, e.g.,* documents S320-370) and, therefore, wish to discuss what further effort the government is willing to undertake in this regard.

We propose scheduling a further meet and confer on Dairyland's challenges and related issues for the afternoon of September 28, 2007. Please let us know what time works best for you.

Sincerely,

Kevin E. Stern

Enclosures

cc: Russell A. Shultis

## DAIRYLAND TABLE OF CHALLENGES

## SEPT. 17, 2007 GOVERNMENT PRIVILEGE LOG

| REF NOS. | CATEGORY DESCRIPTION | PRIVILEGE CLAIMED | BASES FOR CHALLENGE |
|---|---|---|---|
| S6 | WHITEPAPER REGARDING ACR/DCS PROCESS; CONTAINS LEGAL ANALYSIS OF STANDARD CONTRACT PROVIDED BY COUNSEL. AC ATTORNEY: J. TAYLOR (DOE-OGC). | AC | Attorney is not listed as author or recipient; unclear from document description what kind of "legal analysis" is contained in document or who provided such analysis; unclear whether entire document should be considered privileged. |
| S11, S232, S233, S234 | PRESENTATION REGARDING THE STANDARD CONTRACT; PRESENTATION INCLUDES INFORMATION RELATED TO SPENT NUCLEAR FUEL LITIGATION AT THE COURT OF FEDERAL CLAIMS, SETTLEMENTS AND LEGAL ANALYSIS OF COUNSEL REGARDING TERMS OF STANDARD CONTRACT; INFORMATION AND ANALYSIS PROVIDED BY COUNSEL AND REFLECTS LEGAL ADVICE AND MENTAL IMPRESSIONS OF COUNSEL; BEARS LEGEND "ATTORNEY-CLIENT PRIVILEGED." AC/AW ATTORNEY: J. TAYLOR, C. REYNOLDS (DOE-OGC). | AC, AW | Attorney is not listed as author or recipient; unclear from document description what kind of "legal analysis" is contained in document or who provided such analysis; unclear whether entire document should be considered privileged; factual information is not privileged; unclear whether entire document should be considered privileged. |
| S183 | E-MAIL ADDRESSING OCRWM'S ANALYSES OF THE POTENTIAL FOR ACCELERATED ACCEPTANCE OF SNF AND ACCELERATED DEVELOPMENT OF SNF STORAGE AND DISPOSAL FACILITIES TO SUPPORT THE DEVELOPMENT OF YUCCA MOUNTAIN; THE DOCUMENT INCLUDES RECOMMENDATIONS MADE TO DOE'S DEPUTY SECRETARY CONCERNING OCRWM'S TRANSPORTATION PROGRAM, FORMING PART OF THE DELIBERATIVE PROCESS. | DP | Accelerated waste acceptance schedule is key issue in this case - DPC's evidentiary interest in document outweighs government's confidentiality interest esp. w/ protective order already in place; court has previously ordered these types of DP docs to be produced |

*WDC 371500826v2 9/26/2007*

| | | | |
|---|---|---|---|
| S184 | DRAFT PRESENTATION PREPARED BY OCRWM PERSONNEL FOR THE THEN UNDERSECRETARY OF ENERGY, CONCERNING OCRWM'S TRANSPORTATION AND WASTE ACCEPTANCE PROGRAM TO SUPPORT THE YUCCA MOUNTAIN PROJECT; THE DOCUMENT CONTAINS ANALYSES AND RECOMMENDATIONS CONCERNING THE STATUS AND RISKS RELATED TO THE PROGRAM AND WAS PREPARED FOR SENIOR DECISION MAKERS, FORMING PART OF THE DELIBERATIVE PROCESS. | DP | DPC's evidentiary interest in document outweighs government's confidentiality interest esp. w/ protective order already in place; court has previously ordered these types of DP docs to be produced |
| S236, S237, S238, S239 | EMAIL FORWARDING ATTACHED RESULTS OF ANALYSIS OF POTENTIAL LIABILITY ARISING FROM CASES PENDING AT THE COURT OF FEDERAL CLAIMS; ANALYSIS PREPARED AT THE DIRECTION OF COUNSEL AND REFLECTS COUNSEL'S OPINIONS AND MENTAL IMPRESSIONS REGARDING THAT LITIGATION.<br>AW ATTORNEY: J. TAYLOR (DOE-OGC). | AW | Attorney not listed as author or recipient; according to description, analysis not prepared by attorney and unclear to what extent attorney's opinions or mental impressions are contained in document. |
| S251, S252 | EMAIL AND ATTACHED WHITEPAPER REGARDING SHIPMENTS OF SNF TO YUCCA MOUNTAIN; PREPARED AT THE DIRECTION OF COUNSEL, IN PART, IN CONNECTION WITH LITIGATION PENDING BEFORE THE COURT OF FEDERAL CLAIMS; BEARS LEGEND "LITIGATION SENSITIVE INFORMATION, SETTLEMENT DISCUSSION & PREPARED AT THE DIRECTION OF AN ATTORNEY."<br>AC/AW ATTORNEY: A. KORDYAK (DOE-OGC). | AC, AW | Attorney not listed as author or recipient; according to description, analysis not prepared by attorney and unclear to what extent attorney's opinions or mental impressions are contained in document. |
| S428, S1035, S1139, S1141, S1142, S1143, S1144 | PREDECISIONAL WHITEPAPER PREPARED BY OCRWM PERSONNEL ADDRESSING SCHEDULING OF SPENT NUCLEAR FUEL ACCEPTANCE; DOCUMENT EVALUATES ADVANTAGES AND DISADVANTAGES OF DIFFERENT ACCEPTANCE SCHEDULES, OUTLINES LEGISLATIVE STRATEGIES, AND REVEALS DELIBERATIONS BY AND AMONG SENIOR OCRWM OFFICIALS, THEREBY FORMING PART OF THE DELIBERATIVE PROCESS. | DP | Waste acceptance schedule is key issue in this case - DPC's evidentiary interest in document outweighs government's confidentiality interest esp. w/ protective order already in place; court has previously ordered these types of DP docs to be produced. |

| | | | |
|---|---|---|---|
| S570 | MEMORANDUM FROM J. TAYLOR (DOE-OGC) CONTAINING LEGAL ADVICE REGARDING DOE ACCEPTANCE OF SPENT NUCLEAR FUEL PROVIDED IN RESPONSE TO REQUEST FOR SAME; ADVICE RENDERED AS PART OF DOE-OGC'S RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE.<br>AC ATTORNEY: J. TAYLOR (DOE-OGC). | AC | No addressee listed so unclear whether advice contained in memo was ever rendered to client |
| S589, S590, S591, S604 | WHITEPAPER CONTAINING LEGAL ANALYSIS AND ADVICE OF DOE COUNSEL REGARDING PROVISIONS FOR INTERIM STORAGE UNDER THE NWPA; ADVICE PROVIDED IN CONJUNCTION WITH DOE-OGC'S RESPONSIBILITY TO SUPPLY LEGAL SERVICES TO DOE.<br>AC ATTORNEY: T. GETZ (DOE-OGC). | AC, AW | Attorney not listed as author or recipient; unclear what kind of legal analysis or advice contained in document or who rendered it; unclear whether entire document consists of legal advice and/or analysis |
| S592 | DRAFT WHITEPAPER REFLECTING REVIEW BY AND LEGAL ADVICE OF COUNSEL FOR DOE REGARDING MAINTENANCE OF SNF ACCEPTANCE IN 2020 OR SOON THEREAFTER; ADVICE RENDERED IN CONJUNCTION WITH DOE-OGC'S RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE; DOCUMENT PREPARED IN ANTICIPATION OF UPCOMING LICENSING LITIGATION AND CONTAINS MENTAL IMPRESSIONS OF COUNSEL RELATING THERETO; BEARS LEGEND "PREDECISIONAL DRAFT/ATTORNEY CLIENT PRIVILEGED."<br>AC/AW ATTORNEY: DOE-OGC. | AC, AW | Attorney not listed as author or recipient; unclear what kind of legal advice or analysis contained in document or who rendered it; unclear whether entire document consists of legal advice and/or analysis; review of document by counsel does not render document privileged; anticipated NRC licensing proceedings not adversarial "litigation" for purposes of work-product doctrine |
| S594, S595, S596, S597, S598 | LETTER REQUESTING COUNSEL REVIEW AND LEGAL ADVICE REGARDING ATTACHED DRAFT DCS OPTIONS PAPER; DRAFT PAPER REFLECTS LEGAL ADVICE OF COUNSEL ON DCS OPTIONS, PROVIDED AS PART OF DOE-OGC'S RESPONSIBILITY TO SUPPLY LEGAL SERVICES TO DOE; BEARS LEGEND "PREPARED AT THE DIRECTION OF AN ATTORNEY."<br>AC ATTORNEY: J. TAYLOR (DOE-OGC). | AC, AW | Attorney not listed as author or recipient; document is not rendered privileged by mere review by counsel; unclear from description what kind of legal advice is "reflected" in attached document; unclear whether entire document consists of legal advice and/or analysis. |

| | | | |
|---|---|---|---|
| S604 | DRAFT WHITEPAPER REGARDING INTERIM STORAGE CONTAINING LEGAL ADVICE AND ANALYSIS OF COUNSEL FOR DOE REGARDING SPENT NUCLEAR FUEL LITIGATION; PREPARED BY AN ATTORNEY, AND CONTAINS MENTAL IMPRESSIONS OF COUNSEL REGARDING THE LITIGATION; BEARS LEGEND "PRIVILEGED - PREDECISIONAL - DELIBERATIVE PROCESS - PREPARED AT THE DIRECTION OF AN ATTORNEY FOR LITIGATION PURPOSES."<br>AW ATTORNEY: DOE-OGC. | AW | Attorney not listed as author or recipient; unclear what kind of legal advice or analysis contained in document; unclear whether entire document consists of legal advice and/or analysis. |
| S605, S606, S607, S609, S610, S611, S612, S613, S615, S616, S617, S618, S619 | VARIOUS DRAFT MEMOS AND POLICY PROPOSALS CONCERNING VARIOUS INTERIM STORAGE SCENARIOS AND OPTIONS; DOCUMENT REFLECTS DOE'S POLICY DELIBERATIONS CONCERNING INTERIM SNF STORAGE OPTIONS AND FORMS PART OF THE DELIBERATIVE PROCESS. | DP | Interim storage is a key issue in this case - DPC's evidentiary interest in document outweighs government's confidentiality interest esp. w/ protective order already in place; court has previously ordered these types of DP docs to be produced. |
| S614 | MEMORANDUM FROM D. DREYFUS, DIRECTOR, OCRWM, TO UNDER SECRETARY OF ENERGY, REFLECTING REVIEW FOR LEGAL SUFFICIENCY AND ADVICE OF COUNSEL FOR DOE REGARDING ATTACHED POLICY OPTIONS PAPER CONCERNING PROPOSALS FOR INTERIM STORAGE OF NUCLEAR WASTE; ATTACHMENT INCORPORATES LEGAL ADVICE BY DOE-OGC; ADVICE RENDERED BY DOE-OGC AS PART OF ITS RESPONSIBILITY TO PROVIDE LEGAL SERVICES TO DOE.<br>AC ATTORNEY: R. NORDHAUS (DOE-OGC) | AC | Attorney not listed as author or recipient; unclear whether entire document consists of legal advice; review of document by counsel does not render document privileged. |
| S635 | DRAFT MEMORANDUM FROM OCRWM DIRECTOR, E. SPROAT, TO FILE CONTAINING LEGAL ADVICE AND ANALYSIS PROVIDED BY DOE COUNSEL IN RESPONSE TO REQUEST FOR SAME; MEMO ANALYZES LIABILITY ISSUES RELATING TO | AC, AW | Attorney not listed as author or recipient - memo is written by non-lawyer to file; unclear whether entire document consists of legal advice or analysis |

| | | | |
|---|---|---|---|
| | BREACH OF STANDARD CONTRACT; MEMO PREPARED BY COUNSEL FOR DOE IN ANTICIPATION OF SNF LITIGATION PENDING IN COURT OF FEDERAL CLAIMS; BEARS LEGEND "ATTORNEY-CLIENT PRIVILEGE."<br>AC/AW ATTORNEY: J. TAYLOR (DOE-OGC). | | |
| S641 | MEMORANDUM CONTAINING LEGAL ADVICE AND ANALYSIS BY COUNSEL FOR DOE REGARDING ACCEPTANCE OF SNF FROM DAIRYLAND POWER COOPERATIVE; ADVICE RENDERED IN CONJUNCTION WITH DOE-OGC'S RESPONSIBILITY TO SUPPLY LEGAL SERVICES TO DOE.<br>MEMO PREPARED BY DOE COUNSEL IN ANTICIPATION OF SNF LITIGATION PENDING IN COURT OF FEDERAL CLAIMS, AND MEMO REFLECTS COUNSEL'S MENTAL IMPRESSIONS REGARDING LITIGATION.<br>AC/AW ATTORNEY: DOE OGC. | AC, AW | Attorney not listed as author or recipient; unclear whether entire document consists of legal advice or analysis based upon description |
| S682, S683, S1130 | EMAIL FROM S. SMITH TO D. ZABRANSKY PREPARED AT DIRECTION OF COUNSEL IN ANTICIPATION OF SNF LITIGATION PENDING IN COURT OF FEDERAL CLAIMS; DOCUMENT REVEALS MENTAL IMPRESSIONS OF COUNSEL REGARDING WASTE ACCEPTANCE OPTIONS AND EFFECT ON LITIGATION POSITIONS; BEARS LEGEND "ATTORNEY CLIENT PRIVILEGED/PRE-DECISIONAL DRAFT."<br>AW ATTORNEY: J. TAYLOR (DOE-OGC). | AC, AW | Attorney not listed as author or recipient; unclear from document description as to how document was prepared at direction of counsel and what mental impressions of counsel contained in document or whether document consists entirely of work product |
| S684 | EMAIL CHAIN BETWEEN C. KOUTS AND P. GOLAN CONTAINING COMMENTS PREPARED BY COUNSEL IN ANTICIPATION OF SNF LITIGATION PENDING IN COURT OF FEDERAL CLAIMS; DOCUMENT REVEALS MENTAL IMPRESSIONS OF COUNSEL REGARDING LITIGATION, AND BEARS LEGEND "ATTORNEY CLIENT PRIVILEGED/PRE-DECISIONAL DRAFT."<br>AW ATTORNEY: J. TAYLOR (DOE-OGC). | AW | Attorney not listed as author or recipient; unclear from document description as to how document was prepared at direction of counsel and what mental impressions of counsel contained in document or whether document consists entirely of work product |

| | | | |
|---|---|---|---|
| S690 | EMAIL FROM H. FITTER TO A. BROWNSTEIN FORWARDING LEGAL ADVICE AND ANALYSIS PROVIDED TO DOE BY DOJ REGARDING PROPOSED LEGISLATIVE TESTIMONY CONCERNING SNF ACCEPTANCE; ADVICE PREPARED BY DOJ IN ANTICIPATION OF LICENSING LITIGATION, AND CONTAINS COUNSEL'S MENTAL IMPRESSIONS.<br>AC/AW ATTORNEY: DOJ. | AC, AW | Attorney not listed as author or addressee; anticipated NRC license proceedings are not adversarial "litigation" for purposes of work product doctrine and legislative testimony is not something that is produced in anticipation of litigation |
| S700 | EMAIL CHAIN REFLECTING ADVICE PROVIDED BY DOJ REGARDING SNF LITIGATION PENDING BEFORE COURT OF FEDERAL CLAIMS; ADVICE RENDERED AS PART OF DOJ'S RESPONSIBILITY TO PROVIDE LEGAL REPRESENTATION TO DOE; DOCUMENT ALSO CONTAINS INFORMATION PREPARED AT DIRECTION OF DOJ IN CONNECTION WITH SNF LITIGATION.<br>AC/AW ATTORNEY: R. SHULTIS (DOJ). | AC, AW | Attorney not listed as author or addressee; fact that document may "reflect" legal advice previously rendered does not render it privileged; "information" is not work product |
| S701 | DRAFT REPORT CONTAINING MENTAL IMPRESSIONS OF COUNSEL RELATED TO AUTHORIZATION OF NWF COLLECTIONS, MITIGATION OF DAMAGES, SNF ACCEPTANCE, AND TRANSPORTATION SAFETY CONCERNS; PREPARED AT THE DIRECTION OF COUNSEL IN CONNECTION WITH LITIGATION PENDING AT THE COURT OF FEDERAL CLAIMS; BEARS LEGEND "UNOFFICIAL - FOR INTERNAL RW DISCUSSION PURPOSES ONLY/PRELIMINARY DRAFT."<br>AW ATTORNEY: J. TAYLOR (DOE-OGC). | AW | Attorney not listed as author or addressee; subject matter of document does not appear directly related to SNF litigation |
| S955 | DRAFT MEMORANDUM PROVIDING LEGAL ADVICE AND ANALYSIS REGARDING LEGAL AUTHORITY TO PROVIDE INTERIM STORAGE; PREPARED COUNSEL IN RESPONSE TO REQUEST FOR ANALYSIS BY OCRWM; ALSO CONTAINS COUNSEL'S OPINIONS AND MENTAL IMPRESSIONS REGARDING LITIGATION PENDING AT THE COURT OF FEDERAL CLAIMS AND THE FEDERAL CIRCUIT. | AC, AW | Attorney not listed as author or recipient; unclear whether memo was provided by counsel to client |

| | | | |
|---|---|---|---|
| | AC/AW ATTORNEY: J. TAYLOR (DOE-OGC). | | |
| S956, S957 | DRAFT PROPOSED LEGISLATION REGARDING INTERIM STORAGE, MEMORANDUM AND TALKING POINTS REGARDING NEED FOR SUCH LEGISLATION; DOCUMENTS PREPARED COUNSEL IN RESPONSE TO REQUEST FOR ANALYSIS BY OCRWM, IN CONNECTION WITH LITIGATION PENDING IN COURT OF FEDERAL CLAIMS, AND AS PART OF COUNSEL'S RESPONSIBILTY TO PROVIDE LEGAL SERVICES TO DOE.<br>AC/AW ATTORNEY: J. TAYLOR (DOE-OGC). | AC, AW | Attorney not listed as author or recipient; document was prepared for legislative, not litigation purposes |
| S1073, S1074, S1127, S1128, S1129 | WHITEPAPER REGARDING CURRENT STATUS OF PRIVATE FUEL STORAGE FACILITY AND PROPOSED TALKING POINTS FOR SECRETARY FOR MEETING WITH GOVERNOR OF UTAH; DOCUMENT PROVIDES OPINIONS AND RECOMMENDATIONS OF DOE PERSONNEL TO THE SECRETARY REGARDING POSITIONS TO BE TAKEN WITH REGARD TO PFS AND FORMS PART OF THE DELIBERATIVE PROCESS. | DP | PFS is a key issue in this case - DPC's evidentiary interest in document outweighs government's confidentiality interest esp. w/ protective order already in place |
| S1130 | EMAIL REGARDING DRAFT PAPER ON WASTE ACCEPTANCE OPTIONS; CONTAINS LEGAL ANALYSIS AND DISCUSSION OF CURRENTLY PENDING LITIGATION BEFORE THE COURT OF FEDERAL CLAIMS PROVIDED BY COUNSEL; BEARS LEGEND "ATTORNEY CLIENT PRIVILEGED/PRE-DECISIONAL DRAFT."<br>AC/AW ATTORNEY: J. TAYLOR (DOE-OGC). | AC, AW | Attorney is not listed as author or recipient; unclear whether entire document consists of "legal analysis"; discussion of pending litigation is not work product or legal advice |
| S1145 | SUMMARY OF MEETING RESULTS FROM A DISCUSSION CONCERNING ACCEPTANCE SCENARIOS; DOCUMENT REFLECTS LEGAL ADVICE PROVIDED BY COUNSEL AT MEETING.<br>AC ATTORNEY: G. HELLSTROM (DOE-OGC). | AC | Attorney listed as recipient of memo; author unknown and document does not contain request for legal advice or services; unclear whether entire document consists of legal advice |

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| DAIRYLAND POWER COOPERATIVE, | |
| Plaintiff, | |
| v. | No. 04-106C |
| UNITED STATES OF AMERICA, | |
| Defendants. | |

Washington, D.C.

Thursday, May 3, 2007

Deposition of:

DAVID K. ZABRANSKY

called for oral examination by counsel for Plaintiff, Dairyland Power Cooperative, pursuant to notice at the Law Offices of Greenberg Traurig, LLP 800 Connecticut Avenue, N.W., Suite 500, Washington, D.C., before Vicky Stallsworth Reiner of Capital Reporting, a Notary Public in and for the District of Columbia, beginning at 9:14 a.m., when were present on behalf of the respective parties:

me to speculate could it go later. And I said sure. But it could equally go earlier. I don't know.

BY MR. SHAPIRO:

Q The part of your answer that is missing for me is do you consider the chance that the Department's acceptance could deviate from 2017, you would agree that that's a nonnegligible chance?

MS. SULLIVAN: Same objections and asked and answered.

THE WITNESS: And I think what I'm saying, Mr. Shapiro, it's nonnegligible it could be delayed. It's nonnegligible it could be advanced.

BY MR. SHAPIRO:

Q Next topic I would like to cover with you, Mr. Zabransky, is the Department's work and your work on developing contracts for new nuclear reactors.

MS. SULLIVAN: Go ahead. Sorry.

BY MR. SHAPIRO:

Q You're aware that the Department is developing contracts with wording other than the current Standard Contracts to cover newly

contemplated nuclear reactors, true?

MS. SULLIVAN: I'm going to direct the witness not to answer. There's been a formal assertion of deliberative process by the Office of Civilian Radioactive Waste Management concerning any consideration of, analysis of contracts for new reactors that may be built.

MR. SHAPIRO: Let me ask, Ms. Sullivan, you said there has been a formal assertion. Where is the formal assertion?

MS. SULLIVAN: Mr. Brownstein, the current delegee on behalf of OCRWM, has executed an assertion, a formal declaration asserting deliberative process to preclude Mr. Zabransky's testimony on this topic.

MR. SHAPIRO: Let me respectfully explore the contours of what we, you know, can or can't inquire into to try to minimize the chances of a discovery dispute, or at least to frame it.

BY MR. SHAPIRO:

Q Are you aware, Mr. Zabransky, that there have been public statements by the Department that


©2007

c972745c-fe5d-454e-9109-2fab9c441590

it is working on a new standard -- or a new contract to cover new nuclear power plants?

A I'm not sure that's the exact statement that's been made by the Department. The Department has acknowledged that it needs to develop -- to sign contracts for new reactors. I'm not sure what it said with respect to what it's doing.

Q What publicly available explanations has the Department offered as to why it has to develop new language for contracts for the acceptance of spent nuclear fuel from new reactors as opposed to simply using the existing wording in the Standard Contracts?

MS. SULLIVAN: Objection. Vague. Objection. Assumes facts not in evidence. And I direct the witness to answer only as to what he knows to be public statements and not testify as to any matters that -- over which the Department has asserted deliberative process with regard to the consideration or analysis of the need for contracts for new reactors.

Do you understand that instruction?



c972745c-fe5d-454e-9109-2fab9c441590

THE WITNESS: I do. And I guess I'm not aware -- if you want to show me the statement you're referring to. But I'm....

BY MR. SHAPIRO:

Q Well, I don't have any specific statements that I know are publicly available that I have in my list of exhibits.

Are you aware of any publicly available statements that -- or public statements by the Department explaining why it is developing a new contract for the acceptance of spent nuclear fuel?

MS. SULLIVAN: Objection. Assumes facts not in evidence, foundation. And the same direction with regard to answer only as to what public statements you may be aware of.

THE WITNESS: And I'm aware of statements that, to the effect that the Department recognizes it needs to sign contracts for new reactors. I'm not aware of the statements that you attribute to the Department. If you show where they are.

BY MR. SHAPIRO:

Q What's your understanding as to why the

Department is developing new contract language?

MS. SULLIVAN: And I'm going to direct him not to answer that question based on the assertion of deliberative process privilege.

MR. SHAPIRO: Let's mark this Exhibit 1.

(Zabransky Exhibit Number 1 was marked for identification.)

BY MR. SHAPIRO:

Q Mr. Zabransky, you've been handed what's marked as Exhibit 1 to your deposition. It appears to be a printout of an E-mail from Jane Taylor, dated December 13, 2006, to a number of individuals. And you're listed as a cc.

Do you recognize this E-mail?

MS. SULLIVAN: I'm going to direct the witness not to answer questions about this document for the same reasons that I think this falls within the assertion of deliberative process. And I'm concerned that this document was produced.

Is this part of the documents that were just recently produced?

MR. SHAPIRO: I frankly don't know

exactly when it was produced, but I know it was produced by the Department.

MS. SULLIVAN: Based on the date December 13, 2006 I think it's part of the recent production of Dairyland.

MR. SHAPIRO: I imagine it was produced after that date.

MS. SULLIVAN: Right. So that's going to be -- that's going to be my instruction.

MR. SHAPIRO: Are you anticipating that the government's going to be calling back this E-mail?

MS. SULLIVAN: We probably will. I don't know what -- I don't know what the protective order in Dairyland provides for. I need to research that. Let me -- actually, let me provisionally claw back, once I -- until I have an understanding as to why, what the parameters of the clawback provision are in Dairyland.

MR. SHAPIRO: Well-- let's put Exhibit 1 aside for the moment.

MS. SULLIVAN: Okay.

BY MR. SHAPIRO:

Q Mr. Zabransky, is the Department of Energy currently negotiating with any particular utilities about the wording of a -- new wording for a contract for the removal of spent nuclear fuel?

MS. SULLIVAN: Assumes facts not in evidence. I'm going to direct him not to answer the question on the basis of the assertion of deliberative process. I'm sorry, you want to know whether he's talking with --

MR. SHAPIRO: Yes.

MS. SULLIVAN: Whether he knows?

MR. SHAPIRO: Right.

MS. SULLIVAN: Can I have a second?

MR. SHAPIRO: Sure.

(Discussion off the record.)

MS. SULLIVAN: Yeah. I'm going to maintain my instruction not to answer because I don't want his answer to be construed as a waiver of the privilege, the assertion of privilege over all matters relating to DOE's deliberations with regard to new contracts.


©2007

c972745c-fe5d-454e-9109-2fab9c441590

MR. SHAPIRO: My question is -- let's make sure that we've got the right instruction to the right question.

My last question was whether Mr. Zabransky is aware whether the Department is negotiating with any particular utilities about the wording of a new contract for the removal of spent nuclear fuel. Not about internal deliberations, but whether there are external discussions.

MS. SULLIVAN: And I understand that you want to know, and I understand that discussions they might be having with other utilities or specific utilities would not be privileged. But Mr. -- allowing Mr. Zabransky to testify as to whether or not he knows goes down the road of letting him testify about these matters generally, and subjects him to questioning about matters that he may be providing advice about, which is the nature of the deliberative process privilege and why the Department has chosen to assert it.

I don't know if there's another way that we can give you the answer that no, they're not


©2007



c972745c-fe5d-454e-9109-2fab9c441590

talking to the utilities. But I can't let Mr. Zabransky talk about that.

BY MR. SHAPIRO:

Q Do you have any expectation, Mr. Zabransky, of the time frame when the Department might be issuing new language for contracts for the removal of spent nuclear fuel such that we could talk about the document?

MS. SULLIVAN: I'm going to direct him not to answer that question as well. I would also like to lodge a relevance objection to all questions about new -- contracts for new reactors that may be built. But I'm going to instruct him not to answer that based on the assertion of the deliberative process privilege by the Department.

BY MR. SHAPIRO:

Q Let me ask a couple more of my questions, not that I'm not anticipating an objection, but, again I want to frame the issue.

What changes is DOE considering making in the wording of new contracts for the removal of spent nuclear fuel that would be different than the

current Standard Contracts?

MS. SULLIVAN: Relevance and the same direction not to answer based upon the Department's assertion of deliberative process privilege over this matter.

BY MR. SHAPIRO:

Q What if any provisions is the Department considering putting into those new contracts for the acceptance of spent nuclear fuel that would address the rate of acceptance of spent nuclear fuel from utilities?

MS. SULLIVAN: Same objection. Relevance. And same direction not to answer.

BY MR. SHAPIRO:

Q What provisions for -- in new contracts for the acceptance of spent nuclear fuel by the Department is the Department considering that would address the sequence of removal of utilities' spent nuclear fuel?

MS. SULLIVAN: Objection. Relevance. Objection. Assumes facts not in evidence. And the same direction not to answer based on the assertion

of the deliberative process privilege.

MR. SHAPIRO: Exhibit 2.

(Zabransky Exhibit Number 2 was marked for identification.)

MS. SULLIVAN: Yep. I'm going to provisionally call this one back. And we will have to let you know.

MR. SHAPIRO: All right.

MS. SULLIVAN: Thank you.

MR. SHAPIRO: Just, for the record, Mr. Zabransky, we had marked -- I don't think anything would otherwise appear in the record. We had marked for purposes of identification Exhibit 2 to your deposition what appears to be an E-mail -- printout of an E-mail from Ben McRae to a number of individuals, topic is meeting on Standard Contract. The date is December 5th of 2006.

Ms. Sullivan has indicated that the Government will want to likely claw back -- that back.

MS. SULLIVAN: And both Exhibit 2 and Exhibit 1 have been marked -- the majority of --



c972745c-fe5d-454e-9109-2fab9c441590