# In the United States Court of Federal Claims

No. 04-106 C
(Filed: October 5, 2007)

**************************************
*
**DAIRYLAND POWER COOPERATIVE,** *
*
Plaintiff, *
*
v. *
*
**THE UNITED STATES,** *
*
Defendant. *
*
**************************************

## PRE-TRIAL PREPARATION ORDER

The Court has considered the trial preparation schedule that the parties have jointly proposed. Given that both parties have agreed to this schedule, the Court will adopt the schedule and make no alterations at this time. However, the Court remains quite dubious as to whether this schedule is realistic given the number and complexity of discovery issues that remain unresolved. The parties' belief that they can abide by this schedule, exemplified by the proposal's description of discussions over such matters as the extent of Plaintiff's anticipated challenges to Defendant's claims of privilege set out in its September 17, 2007, privilege log, does little to allay the Court's strong concerns in this regard. In order to ensure that the parties become fully aware of the reasons underlying the Court's skepticism about the schedule that the Court will nonetheless adopt for the time being, the Court summarizes all outstanding discovery matters and matters the Court believes will affect trial preparation below.

### Motions Outstanding

The parties have presented the Court with a significant number of motions relating to evidence the parties could potentially present at trial, the outcome of which may alter either party's course of preparation at a date very close to, if not after, the commencement of the schedule:

1) Plaintiff's motion for RCFC 37 sanctions and any outstanding issues from Defendant's cross-motion, given Plaintiff's decision to modify its motion to solely include the request for sanctions and to withdraw its motion to comply with RCFC 34 obligations and with the Court's February 5, 2007 order to identify with particularity the Dairyland document requests to which the government's previously produced documents are responsive;

2) Plaintiff's motion for relief for government discovery violations regarding RCFC 30(b)(6);

3) Defendant's motion for partial summary judgment regarding Plaintiff's claim for recovery of off-site fuel storage investments;

4) Plaintiff's motion to compel production of documents withheld under the "presidential communications" privilege.

**Review of Documents, Future Motions, and Discovery Coordination**

In addition to the motions listed above, the Court must also review any challenges to Defendant's claims of privileges set out in the September 17 privilege log, as well as the documents already provided to the Court for in camera inspection. Should the Court elect to appoint a special master to review challenges stemming from the log, an option the Court has already discussed with the parties due to its own scheduling concerns, the Court believes that reconciling such a person's schedule with the tight time frame the parties have suggested will remain difficult.

Considering all of these factors, the Court believes a status conference to assess the trial date's viability will be necessary. A telephonic status conference, therefore, shall be held at 4:00 p.m. on Tuesday, November 13, 2007. One business day before the conference, counsel shall email chambers (damich_chambers@ao.uscourts.gov) or call Ms. Ellan Jackson at 202/357-6483 to provide the phone number where he or she can be reached and to inform the court whether any others will be participating for that party (and, if so, their names and affiliations). The conference will be on the record via audio-recording, unless either party requests that a reporter be present. Such a request must be made at least five business days in advance of the conference.

* * *

1. Definition of Terms

   a. "Service" means to provide to all counsel, but *not* to file with the Court.
   b. "File" means to serve on all counsel and to file with the Court.
   c. "Provide to chambers" means to submit to chambers by fax (202/357-6490), by email in Adobe PDF (damich_chambers@ao.uscourts.gov), or by postal or private delivery.

2. Trial Preparation

a. Events before the meeting of counsel[1]

(1) The parties shall serve the following information on or before November 14, 2007:

(a) Proposed Stipulations. The parties shall serve proposed factual stipulations.

(b) The Proposed Stipulations of Fact shall be sequentially numbered.

(2) The parties shall serve their witness lists (which should include the witnesses who will be called in rebuttal, to the extent that they are known) on the same date as they serve their Proposed Stipulations of Fact.

(a) For each witness, the parties shall indicate the specific topics to be addressed in the expected testimony.

(b) For each witness, the parties shall indicate the time needed for direct examination.

(3) The parties shall serve their list of exhibits on the same date as they serve their Proposed Stipulations of Fact. Within one week of that date the parties shall serve a set of such exhibits.

b. Meeting of Counsel

i. The meeting of counsel shall be held on or before November 21, 2007.

ii. Counsel shall follow the requirements set forth in Appendix A, ¶ 13, to the extent not otherwise addressed in this Order.

iii. At the meeting, counsel shall also discuss the sequestration of witnesses under Fed. R. Evid. 615, including such questions as:

(1) Should witnesses who have testified be permitted to discuss their testimony with witnesses who have not yet testified?;

---

[1]The exchange of information *before* the meeting of counsel, especially the exchange of objections, should facilitate resolving issues at the meeting of counsel without Court involvement. Counsel, therefore, should act in good faith to list all witnesses, exhibits, and objections in these "preliminary" exchanges. Although counsel will eventually file final lists with the court, the opportunity for another filing should not be used as a method for circumventing the requirement of providing preliminary information. In addition, counsel should note the requirement, included in the initial special procedures order in this case (¶ 8 c. ii.), to report an expert witness's qualifications, compensation, and recent testimonial history.

(2) Should an attorney be permitted to relate, in any form, the substance of previous testimony to witnesses who have not yet testified?;

(3) Should an attorney be permitted to counsel a witness during breaks in the witness's testimony? *See Perry v. Leeke*, 488 U.S. 272, 280 (1989); *Reynolds v. Ala. Dep't of Transp.*, 4 F. Supp. 2d 1055, 1064-65 (M.D. Ala. 1988) (applying *Perry* to civil case).

c. Filings After Meeting of Counsel

i. No later than December 3, 2007, counsel shall file the following:

(1) A Joint Statement of Good Faith Conduct, stating that all objections to witnesses and exhibits were discussed in good faith and that settlement was explored at the meeting of counsel (this Joint Statement shall be filed as a "Notice" under Electronic Case Filing (ECF) and linked to this Pre-Trial Order).

(2) A Joint Notice of Proposed Procedures for Sequestration, if sequestration is requested by either party. If the parties have not been able to agree on such procedures, they shall separately file memoranda on sequestration by this date (this Joint Notice shall be filed as a "Notice" under ECF and linked to this Pre-Trial Order).

(3) Any motions, pursuant to Appendix A, ¶ 15(b), or designation pursuant to Fed. R. Evid. 801(d) to present substantive evidence by way of deposition testimony or prior trial testimony. Such motions shall list the pages of such transcripts and include copies of the listed pages.

(4) Any objections, including motions in limine, to the opposing party's proposed witnesses or exhibits. For each objection, the objecting party shall identify the witness or exhibit as proposed and the grounds for the objection. Responses to motions *in limine* shall be filed on or before December 21, 2007. Replies to such motions may not be filed without leave of Court.

ii. Memorandum of Fact and Law

(1) No later than December 14, 2007, Plaintiff shall file a Memorandum of Fact and Law.

(a) The Memorandum of Fact and Law shall set forth

Plaintiff's conclusions of law with a complete exposition of the legal theory that supports each legal claim.

(b) Plaintiff shall explain the factual basis upon which it relies to support its claims.

(c) Absent good cause, the memorandum shall not exceed 30 pages.[2]

(2) No later than January 11, 2008, Defendant shall file a Responsive Memorandum of Fact and Law.

(a) The Memorandum of Fact and Law shall set forth Defendant's conclusions of law with a complete exposition of the legal theory that supports each legal claim.

(b) Defendant shall explain the factual basis upon which it relies to support its claims.

(c) Absent good cause, the memorandum shall not exceed 30 pages

iii. No later than January 11, 2008, the parties shall file:

(1) Any objections, including the grounds therefor, to the opposing party's motions regarding deposition testimony and any proposed cross-designation of transcript pages. In cross-designating, the party may not simply designate the entire transcript.

(2) A Joint Stipulation of Facts, Witnesses, and Exhibits as follows:

(a) a statement of the facts on which the parties agree, separately numbered;

(b) a listing of all witnesses to which neither party objects, with a brief description of each such witness;

(c) a descriptive listing of all exhibits to which neither party objects on the grounds of authenticity or admissibility (two sets of such exhibits shall concurrently be provided to chambers).

(3) Each party's Final Witness List, including a brief description of each witness and denoting stipulated witnesses, in the same format as prescribed in paragraph 2.a.i.(2).

(4) Each party's Final Exhibit List, and a set of such exhibits,

---

[2]The parties are reminded that this page limit appears in this Court's posted draft trial preparation order.

excluding joint exhibits (two sets of such exhibits shall concurrently be provided to chambers).

3. Miscellaneous

a. Matters of Style for Exhibits

i. Joint exhibits shall be prefaced with a "J"; Plaintiff's with a "P"; and Defendant's with a "D." There shall be no duplication of exhibits.

ii. Documentary exhibits shall be contained in binders and shall be numbered and paginated (e.g., Plaintiff's Exhibit 5, page 10 shall be marked "P5.10"), with tabs demarcating each exhibit.

iii. The exhibits shall be accompanied by a table of contents listing and describing all exhibits in numerical order.

iv. All officially admitted exhibits shall be submitted to the court reporter at trial at the time they are admitted for incorporation into the trial record (it may be appropriate to move the admission of joint exhibits at the onset of trial). A copy of each such exhibit shall concurrently be submitted to the judge's law clerk.

v. In the unusual circumstance of any exhibits admitted at trial that were not previously listed and provided to chambers, the offering party shall submit such exhibit along with three copies (one each for the judge, the law clerk, and opposing counsel; the original of the exhibit shall be submitted to the court reporter).

b. Objections

i. Each objection shall provide the appropriate Federal Rule of Evidence number(s) and provide a short, narrative explanation of the basis for the objection. Informative cases may be cited in support of the objection.

ii. Motions in limine shall be utilized to present significant objections, including objections to the testimony and/or qualifications of expert witnesses.

iii. Objections to witnesses and exhibits shall be submitted in the time set forth in this order. Objections not so raised may be deemed waived. Motions in limine regarding other matters shall be filed at least two weeks before the pretrial conference.

c. Matters of Style for Amendment of Filings

i. Whenever a party submits an amended or revised filing, the party shall indicate in the caption how many previous amendments have been filed (*e.g.*, "Third Amended Witness List").

ii. Although this order sets out the style for captioning amended filings, the parties should not infer that leave is necessarily granted for amended filings. Appropriate objections will be entertained

d. Stipulations

i. In General

(1) The parties are expected and required to stipulate to the full extent to which complete or qualified agreement can or fairly should be reached regarding all matters not privileged which are relevant to the pending case, regardless of whether such matters involve fact or opinion or the application of law to fact. Included should be all facts, all documents and papers or contents or aspects thereof, and all evidence which fairly should not be in dispute.

(2) When the truth or authenticity of facts or evidence claimed to be relevant by one party is not disputed, an objection on the ground of materiality or relevance may be noted by any other party but is not to be regarded as just cause for refusal to stipulate.

(3) The requirement of stipulation applies without regard to where the burden of proof may lie with respect to the matters involved.

ii. Binding Effect

(1) A stipulation shall be treated, to the extent of its terms, as a conclusive admission by the parties to the stipulation, unless otherwise permitted by the court or agreed upon by the parties.

(2) The court will not permit a party to a stipulation to qualify, to change, or to contradict a stipulation, in whole or in part, except where justice so requires.

(3) A stipulation and the admissions therein shall be binding and have effect only in the pending case and not for any other purpose, and cannot be used against any of the parties thereto in any other case

or proceeding.

e. Trial Methods. The Court is committed to cost-effective methods of resolving and trying cases. The parties should consider whether direct testimony submitted in written form may be preferable. Under this procedure, parties submit their witnesses' affirmative testimony in writing in advance. The witnesses are then subject to cross-examination before the court in open court.

4. Pre-trial conference. The pretrial conference will be held *in person* at the U.S. Court of Federal Claims on Tuesday, January 15, 2008. If, however, it should appear to the Court that the matters to be raised at the pretrial conference may be addressed satisfactorily via telephone, the Court shall notify counsel that the pretrial conference will be held instead by telephone. In such event, at least one business day before the conference, counsel shall notify the Court's chambers of the telephone number where they can be reached for the conference.

5. Trial dates and location. Trial shall commence on January 28, 2008 and shall continue for 10 trial days, or such time as agreed to at the pretrial conference, from 10:00 a.m. to 4:00 p.m. each day. It will be held in Washington, D.C. The court expects to notify the parties of the precise location at or before the pretrial conference.

6. Ambiguity or confusion in this order. The parties should work together to resolve any ambiguities or uncertainties that they perceive in this order. The Court encourages the parties to raise any issues *as soon as possible* after a good faith attempt to resolve them. Even if the parties are able to resolve the issues, the Court would appreciate hearing the concerns of the parties so that the order can be clarified.

s/ Edward J. Damich
EDWARD J. DAMICH
Chief Judge