IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DAIRYLAND POWER COOPERATIVE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-106C |
| | ) | (Chief Judge Damich) |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S EXPEDITED MOTION FOR
CLARIFICATION OF THE COURT'S OCTOBER 9, 2007 ORDER

Defendant, the United States, respectfully requests that the Court provide clarification of its order, dated October 9, 2007, granting in part and denying in part the Government's October 4, 2007 motion for an enlargement of time in connection with the September 18, 2007 motion by plaintiff, Dairyland Power Cooperative ("Dairyland"), to compel the production of certain documents withheld pursuant to the presidential communication privilege.

Specifically, as we requested in our October 5, 2007 reply brief in support of our motion for an enlargement of time, in which we also included a motion for a showing of particularized need for the subject privileged documents, we ask that the Court clarify whether Dairyland must first meet the initial burden to identify with particularity the justifications underlying its purported need for the five documents at issue, pursuant to the Supreme Court's ruling in Cheney v. United States District Court for the District of Columbia, 542 U.S. 367 (2004), before requiring the White House to engage in the lengthy and time-consuming process of preparing a formal response to Dairyland's motion to compel. Because the Court's October 4, 2007 order is silent on this issue, and given the impendency of the upcoming deadline for the filing of the

Government's response to Dairyland's motion to compel, we respectfully seek the Court's ruling on this matter on an expedited basis.

DISCUSSION

Although the assertion of presidential communications privilege over the five subject documents was indicated upon the Government's privilege log, which has been available to the spent nuclear fuel plaintiffs, including Dairyland and its counsel, since May 2002, Dairyland did not seek their production until it filed its motion to compel on September 18, 2007 – more than four months after the close of fact discovery in this case. In support of its motion, Dairyland argues that the documents should be released because the Court previously found that Dairyland had sufficiently overcome the assertion of deliberative process privilege over the subject documents, and Dairyland does not otherwise attempt to explain why it believes that such documents are necessary to its case or whether the information contained therein cannot be found from other available sources.

As we discussed in the reply that we submitted on October 5, 2007 in support of our October 4, 2007 motion for an enlargement of time, in light of the President's unique constitutional role, the presidential communications privilege "affords greater protection against disclosure" and is "more difficult to surmount" than the deliberative process privilege. In re Sealed Case, 121 F.3d 729, 746 (D.C. Cir. 1997). In United States v. Nixon, 418 U.S. 683 (1974), the Supreme Court found that there is "a presumptive privilege for Presidential communications," founded upon "a President's generalized interest in confidentiality." Id. at 708, 711. This privilege is necessary, the Court reasoned, to ensure that the "President and those who assist him [are] free to explore alternatives in the process of shaping policies and making

decisions . . . in a way many would be unwilling to express except privately." Id. at 708; accord In re Sealed Case, 121 F.3d 729, 750 (D.C. Cir. 1997) ("If presidential advisers must assume they will be held to account publicly for all approaches that were advanced, considered but ultimately rejected, they will almost inevitably be inclined to avoid serious consideration of novel or controversial approaches to presidential problems."). The Court observed that the presidential communications privilege is "inextricably rooted in the separation of powers under the Constitution," 418 U.S. at 708, and "flow[s] from the nature of [the President's] enumerated powers." Id. at 705. Indeed, the Supreme Court has long recognized that special considerations apply when a party seeks information from the President or his close advisors in the White House. See, e.g., Cheney, 542 U.S. at 382.

As a consequence of the respect afforded the President and his closest advisors by the judiciary, the Supreme Court in Cheney rejected the notion that the Executive Branch at its highest level shall bear the initial burden of invoking executive privilege with specificity or making particular objections to discovery on a line by line basis in order to safeguard executive functions and maintain the separation of powers. Id. at 388. Rather, a party seeking to overcome the Government's assertion of the presidential communications privilege bears the burden of demonstrating two elements: (1) proof that "each discrete group of the subpoenaed materials likely contains important evidence," and (2) proof that the "evidence is not available with due diligence elsewhere." In re Sealed Case, 121 F.3d at 745.

Accordingly, while we recognize that, in response to Dairyland's January 18, 2007 motion to compel based upon the deliberative process and attorney-client privileges, the Court found that the five subject documents were relevant to Dairyland's damages claims, the standard

for overcoming a deliberative process privilege claim is lower than that for a presidential communications privilege claim. Dairyland, however, has made no effort to overcome the presidential communications privilege by establishing how or why the subject documents are directly relevant to issues expected to be central to the trial of this case or, importantly, that the evidence therein is not available elsewhere. See In re Sealed Case, 121 F.3d at 754. Because Dairyland failed in its motion to satisfy its initial burden of satisfying the exacting standard set forth in Cheney "as an important safeguard against unnecessary intrusion into the operation of the Office of the President," Cheney, 542 U.S. at 387, in conjunction with the Government's request for a 28- day enlargement, we respectfully requested in our October 5, 2007 filing that the Court, before it requires the White House to engage in the extensive review and drafting effort necessary to support the presidential communications privilege, order Dairyland to set forth with particularity the justifications underlying its purported need for the five documents at issue, pursuant to the principles set forth in Cheney and in related cases.

On October 9, 2007, in response to the Government's requests, the Court issued a brief minute order providing the Government with a 14-day enlargement of time within which to respond to Dairyland's motion to compel. The October 9, 2007 order does not provide any discussion of the underlying reasoning for the Court's decision and it is otherwise silent with regard to the Government's concomitant request for an order requiring Dairyland to identify with particularity the justifications underlying its purported need for the five subject documents. Because of the impendency of the upcoming response deadline to Dairyland's motion, and in light of the respect that Federal courts afford the President when adjudicating matters effecting the inner workings of the President and his close advisors, we therefore seek, on an expedited

basis, further consideration and clarity from the Court concerning our request that the Court order Dairyland to meet its initial burden, under Cheney, to demonstrate with particularity the justifications underlying its purported need for the five subject documents, before requiring the Chief Executive to engage in the time-consuming exercise of preparing a formal response to Dairyland's privilege challenge.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court enter an order requiring Dairyland to support its motion to compel with the requisite showing required by the Supreme Court's decisions in Cheney and Nixon, as well as the United States Court of Appeals for the District of Columbia Circuit in Sealed Case, before the White House is obligated to engage in the time-consuming efforts required to respond to Dairyland's motion to compel.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/Russell A. Shultis by s/ Patrick B. Bryan
RUSSELL A. SHULTIS
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-7571
Fax: (202) 305-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

ALAN J. LO RE
Senior Trial Counsel

PATRICK B. BRYAN
JOSHUA E. GARDNER
SCOTT SLATER
Trial Attorneys
U.S. Department of Justice

October 12, 2007