IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DAIRYLAND POWER COOPERATIVE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-106C |
| | ) | (Chief Judge Damich) |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFF'S
OPPOSITION TO DEFENDANT'S EXPEDITED MOTION FOR
CLARIFICATION OF THE COURT'S OCTOBER 9, 2007 ORDER

Defendant, the United States, respectfully submits this reply to the "Opposition To The Government's Motion For Clarification Of The Court's Order Of October 9, 2007," which the plaintiff, Dairyland Power Cooperative ("Dairyland"), filed on October 16, 2007.

DISCUSSION

Consistent with its arguments in its September 18, 2007 motion to compel production of documents withheld pursuant to the presidential communications privilege, Dairyland, in its opposition to the Government's motion for clarification, again makes no attempt to explain why it believes that the five subject documents are necessary to its case or whether the information contained therein cannot be found from other available sources, and Dairyland otherwise fails to articulate how (if at all) its purported need for the subject documents surmounts the heightened burden that it must satisfy to overcome the assertion of presidential communications privilege, pursuant to Cheney v. United States District Court for the District of Columbia, 542 U.S. 367 (2004), and related cases. Rather, Dairyland merely reiterates that the subject documents should

be released by virtue of the Court's prior ruling that Dairyland had sufficiently overcome the assertion of deliberative process privilege over the subject documents.

As the relevant case law makes clear, Dairyland cannot merely rest upon the Court's prior ruling in the context of Dairyland's prior challenge concerning the Government's assertion of deliberative process, as the presidential communications privilege "affords greater protection against disclosure" and is "more difficult to surmount" than the deliberative process privilege. In re Sealed Case, 121 F.3d 729, 746 (D.C. Cir. 1997); see Yankee Atomic Electric Company v. United States, 54 Fed. Cl. 306, 310 n.2 (2002) (noting difference in protection afforded by the presidential communications and deliberative process privileges).[1] Accordingly, because of the heightened protections afforded the White House's assertion of presidential communications privilege, the Supreme Court has long recognized that special considerations apply when a party seeks information from the President or his close advisors in the White House. See, e.g., Cheney, 542 U.S. at 382. Consequently, the Supreme Court in Cheney rejected the notion –

[1] Notwithstanding Cheney and related case law, Dairyland cites Sun Oil Co. v. United States, 514 F.2d 1020 (Ct. Cl. 1975), in support of the proposition that it need not meet the initial burden of demonstrating a heightened, particularized need for the subject documents before shifting the burden to the White House to support formally the presidential communications privilege. However, unlike this case, Sun Oil – which was decided over 30 years ago, well before the Supreme Court's ruling in Cheney – did not involve a claim of presidential communications privilege by the White House. Rather, in Sun Oil, the Court of Claims was faced with the issue of whether a former president in his personal capacity as a private citizen could maintain a privilege as to certain papers sought in discovery by the plaintiff. As the Court of Claims noted, no claim of "executive privilege" was being asserted by the Government. Sun Oil, 514 F.2d at 1021 n.1. Without ruling on the issue of whether a heightened degree of privilege applied to a former president in his personal capacity, the Court of Claims nevertheless ordered the trial court to review the subject documents in camera to determine whether the documents were otherwise protected by privilege prior to releasing them in discovery. See id. at 1025. Here, however, because the United States has asserted the presidential communications privilege (unlike in Sun Oil), the subject documents are presumptively privileged, and, pursuant to Cheney, Dairyland should have to make an initial particularized showing of need to shift the burden to the White House to come forward with a formal declaration in support of the privilege.

advocated here by Dairyland – that the Executive Branch at its highest level shall bear the initial burden of invoking Executive privilege with specificity or making particular objections to discovery on a line-by-line basis in order to safeguard Executive functions and maintain the separation of powers. Id. at 388. Rather, a party seeking to overcome the Government's assertion of the presidential communications privilege bears the burden of demonstrating two elements: (1) proof that "each discrete group of the subpoenaed materials likely contains important evidence," and (2) proof that the "evidence is not available with due diligence elsewhere." In re Sealed Case, 121 F.3d at 745.[2]

Because Dairyland has failed to compel to satisfy its initial burden of satisfying the exacting standard set forth in Cheney "as an important safeguard against unnecessary intrusion into the operation of the Office of the President," Cheney, 542 U.S. at 387, we respectfully request that the Court order Dairyland to set forth with particularity the justifications underlying its purported need for the five documents at issue in our October 5, 2007 filing that the Court, before the Court requires the White House to engage in the extensive review and drafting effort necessary to support the presidential communications privilege, order Dairyland to set forth with particularity the justifications underlying its purported need for the five documents at issue, pursuant to the principles set forth in Cheney and in related cases.

---

[2] Similar to the procedure for the formal invocation of the deliberative process privilege, the White House is not obliged to "formally invoke [presidential communication privilege] in advance of the motion to compel," as it is sufficient that the Government "believed the withheld documents were privileged" and indicated such in response to the plaintiff's discovery requests. In re Sealed Case, 121 F.3d at 741; see Huntleigh USA Corp. v. United States, 71 Fed. Cl. 726, 727 (2006) ("[T]he procedural requirements for asserting the privilege 'are satisfied through the production of a declaration or affidavit by the agency head, and produced in response to a motion to compel.'") (citation omitted).

CONCLUSION

For the reasons set forth above, in our October 12, 2007 motion for clarification, and in our October 5, 2007 reply brief in support of its motion for an enlargement of time (in which we included a motion for a showing of particularized need for the subject privileged documents), the Government reiterates its request that the Court immediately order Dairyland to support its motion to compel with the requisite showing required by the Supreme Court's decisions in Cheney and in related cases before the White House is obligated to engage in the burdensome and time-consuming efforts required to respond to Dairyland's motion to compel.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/Russell A. Shultis by s/ Patrick B. Bryan
RUSSELL A. SHULTIS
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-7571
Fax: (202) 305-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

ALAN J. LO RE
Senior Trial Counsel

PATRICK B. BRYAN
JOSHUA E. GARDNER
SCOTT SLATER
Trial Attorneys
U.S. Department of Justice

October 17, 2007