IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DAIRYLAND POWER COOPERATIVE, Plaintiff, | ) | |
| v. | ) | No. 04-106C (Chief Judge Damich) |
| THE UNITED STATES OF AMERICA, Defendant. | ) | |

DEFENDANT'S MOTION FOR AN ENLARGEMENT OF TIME TO RESPOND TO DAIRYLAND'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS WITHHELD ON DELIBERATIVE PROCESS PRIVILEGE, ATTORNEY-CLIENT PRIVILEGE AND/OR WORK PRODUCT DOCTRINE GROUNDS

Pursuant to Rule 6(b) of the Rules of the Court of Federal Claims, defendant, the United States, respectfully requests a seven-day enlargement of time, to and including Monday, October 29, 2007, to file its response to the "Motion to Compel Production of Documents Withheld on Deliberative Process Privilege, Attorney-Client Privilege and/or Work Product Doctrine Grounds" that plaintiff, Dairyland Power Cooperative ("Dairyland"), filed on October 5, 2007. The Government's response to Dairyland's motion is presently due on October 22, 2007. Defendant has not previously sought an enlargement of time for this purpose. Counsel for plaintiff, Robert L. Shapiro, has represented that Dairyland opposes this request.

The Government has been working diligently to respond to Dairyland's latest round of privilege challenges. However, the scope of these challenges was broader than we had anticipated, based upon Dairyland's prior representations regarding that scope before filing its motion, and necessitates our request for additional time. On September 21, 2007, the Court

issued an order directing the parties to submit a joint proposal for a trial preparation schedule, reiterating its belief that, in light of the significant number of outstanding discovery issues in this case, "the Court has become very skeptical as to whether adherence to this schedule remains possible." Order, at 2 (Fed. Cl. Sept. 21, 2007). Subsequently, the parties endeavored to develop a mutually agreeable pre-trial schedule. In connection with the development of this schedule, and in apparent recognition of the Court's concerns, Dairyland represented to the Government that it intended to challenge only a "handful" of the documents identified in the Government's September 17, 2007 privilege log. Dairyland memorialized this representation in the parties' joint proposed trial schedule, dated October 3, 2007, stating that "[t]he number of challenges will not be large (the number of documents at issue will number *in the dozens, not hundreds*)." Joint Proposal For Trial Preparation Schedule, at 4 (emphasis added).

Contrary to Dairyland's representation, the documents placed at issue in its latest motion to compel exceed 200, not "dozens." Of the challenged documents, 179 documents were withheld by the Government as protected by the attorney-client privilege and/or on the basis of the work product doctrine, and 27 were withheld under the deliberative process privilege.[1] Accordingly, Dairyland's present motion to compel rivals the scope of its January 18, 2007 motion, which challenged the Government's assertions of privilege over 281 documents. As the Court is aware, a ruling on at least some of these documents remains pending pursuant to its *in camera* review. Given the extent of Dairyland's new privilege challenges, we have simply been

[1] The Government's deliberative process assertions are fully supported by declarations from officials at the Department of Energy.

unable to complete our response regarding all of them. A seven-day enlargement of time to respond is reasonable and appropriate.

In addition, counsel for the Government's involvement in numerous active spent nuclear fuel cases has impeded defendant's ability to prepare a response to Dairyland's present motion to compel. Defendant's counsel of record, and other attorneys on the Government's trial team for the Dairyland case, were heavily involved in the multi-week trial of Wisconsin Electric Power Co. v. United States, No. 00-697C (Merow, S.J.), which concluded on October 16, 2007. Further, counsel for the Government have been occupied by the drafting and development of the Government's post-trial brief in Boston Edison Co. v. United States, No. 99-447C (Lettow, J.), filed on October 10, 2007, and in preparing the Government's reply and response to the plaintiff-appellant's initial brief in Sacramento Municipal Utility District v. United States, Nos. 2007-5052, -5097 (Fed. Cir.), filed on October 15, 2007. Finally, for the past two weeks, counsel for the Government have also been engaged in depositions in Dominion Resources, Inc. and Dominion Nuclear Connecticut, Inc. v. United States, No. 04-0083 (Bruggink, J.), and Dominion Resources, Inc. and Virginia Electric and Power Co. v. United States, No. 04-0084 (same).

Finally, we are required pursuant to a directive applicable to all Department of Justice Civil Division attorneys to obtain, before filing our response to a motion to compel documents withheld based upon the deliberative process privilege, the review and approval of the Deputy Assistant Attorney General for the Commercial Litigation Branch. Because of the scope of his responsibilities, we need the requested additional time to permit him to conduct and complete his review.

For the foregoing reasons, we respectfully requests that the Court grant this request for a seven-day enlargement of time.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/Russell A. Shultis by s/Scott Slater
RUSSELL A. SHULTIS
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-7571
Fax: (202) 305-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

ALAN J. LO RE
Senior Trial Counsel

PATRICK B. BRYAN
JOSHUA E. GARDNER
SCOTT SLATER
Trial Attorneys
U.S. Department of Justice

October 17, 2007