# In the United States Court of Federal Claims

No. 04-106 C
(Filed: October 17, 2007)

**************************************
**DAIRYLAND POWER COOPERATIVE,**

Plaintiff,

v.

**THE UNITED STATES,**

Defendant.
**************************************

## ORDER

On September 18, 2007, Plaintiff filed a motion to compel the production of five specific documents that Defendant has withheld on the basis of the privilege of presidential communications. Defendant filed a motion for an enlargement of time of four weeks within which to file its response to the motion to compel. Plaintiff opposed the motion to enlarge and, in the course of its October 5 reply to Plaintiff's opposition, Defendant moved the Court to order Plaintiff to "set forth with particularity the justifications underlying its purported need for the five documents at issue."

In light of a pending deadline in the schedule for the parties to begin necessary trial preparation submissions and subsequent filings with the Court, on October 9 the Court granted Defendant an enlargement, only through October 19, to file its response to the motion to compel. On October 12, Defendant filed a motion for clarification whether Plaintiff "must first meet the initial burden" to identify with particularity its justifications for the documents.

The decision of the United States District Court for the District of Columbia Circuit in *In Re Sealed Case*, 121 F.3d 729 (1997) provides the most persuasive guidance on the procedural elements involved in weighing a claim of privilege based on presidential communications. There, the court addressed, inter alia, "what kind of demonstration of need must be shown to justify release . . . of materials that qualify for such a privilege." *Id.* at 742. The court used such varied language as "demonstrated, specific need", *id.* at 743, "adequate showing of need," *id.* at 745, "focused demonstration of need," *id.* at 746, and "sufficient showing of need," *id.*, in comparing the more difficult hurdle that the party seeking to overcome the presidential communications privilege must surmount to that of the deliberative process privilege.

The court concluded that such a party must demonstrate, first, "that each discrete group of . . . materials likely contains important evidence" and, second, "that this evidence is not available

with due diligence elsewhere." *Id.* at 754.

In its decision on the deliberative process privilege, issued on June 29, 2007, this Court has already found in effect that the five documents meet the first of the requirements articulated in *In Re Sealed Case*. For the sake of clarity, however, in its consideration of the presidential communications privilege as applied to the five documents, the Court hereby ORDERS Plaintiff to file, on or before 5:00 p.m. on October 19, 2007, a statement of need for the documents and why the evidence in the documents is not available with due diligence elsewhere.

Defendant shall then file its response to Plaintiff's motion to compel on or before 5:00 p.m. on October 24, 2007.

s/ Edward J. Damich
EDWARD J. DAMICH
Chief Judge