IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Electronically filed: October 18, 2007

| | | |
|---|---|---|
| DAIRYLAND POWER COOPERATIVE, | ) | |
| Plaintiff, | ) | No. 04-0106C |
| v. | ) | (Chief Judge Damich) |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

DAIRYLAND'S OPPOSITION TO THE GOVERNMENT'S MOTION FOR AN ENLARGEMENT OF TIME TO RESPOND TO DAIRYLAND'S MOTION TO COMPEL

Pursuant to RCFC 6, the necessary element of any motion for an enlargement of time is good cause. This element is entirely absent from the government's motion. Therefore, the government's motion should be denied.

The government's counsel state that given the extent of Dairyland's motion "we have simply been unable to complete our response regarding all of them."[1] The government fails to offer any explanation as to why it has been unable to complete its response within the allotted time or why it needs any more time to do so. Absent from the government's motion is any discussion of what effort in terms of either tasks or person-hours is required to respond to Dairyland's motion. This failure is fatal to the government's motion. *See* RCFC 7(b)(1) (a motion "shall state with particularity the grounds therefor"). Good cause may not simply be assumed.

[1] The government's statement here indicates that the government apparently has already completed its response to some of Dairyland's privilege challenges. The government offers no explanation as to why it should not present those on a timely basis and limit its motion for an enlargement to the few documents that it has not yet addressed.

The government also mentions the fact that its attorneys have been involved in other matters. *See* Govt. Mot. at 3. But the government's attorneys are always involved in other matters. By asking this Court to permit it to merely point to other matters on which its attorneys are engaged as good cause for an enlargement of time, the government is essentially asking the Court to cede control of the scheduling of this matter (and the Court's entire docket, since the government is a party in every case) to the government so that the government may prioritize its work on the matters before it as it sees fit. The Court obviously should not permit the government such control of this case. In any event, the existence of other matters for which various government counsel are responsible does not, by itself, establish good cause for an enlargement here. Because the government has not attempted to explain the effort that has been required or is still required to complete its response to Dairyland's motion to compel, it cannot establish that work on other matters has prevented its counsel from completing that effort in the time provided by the Court's Rules.

The government also states that it will have to consult with the Deputy Assistant Attorney General for Commercial Litigation regarding Dairyland's challenges to 27 documents withheld pursuant to the deliberative process privilege. *See* Govt. Mot. at 3. This may be true, but it is not good cause for an enlargement of time. The government does not attempt to explain why this consultation could not have been completed by now (Dairyland provided the government with its full list of deliberative process challenges on September 27) or why it cannot be completed by October 22. This is especially true since Dairyland is not challenging the government's claim that the deliberative process privilege applies to the 27 documents per se. Rather, Dairyland is arguing only that its need for the documents outweighs any government interest in confidentiality.

The reason the government likely did not provide any good cause in its motion (and the only conclusion the Court may draw given the government's failure) is that there isn't any. The plain fact of the matter is that the government could have and should have filed its response to Dairyland's motion by now, and it still could do so by the October 22 if the Court denies the government's enlargement request There isn't that much to be done. Dairyland's challenges to the government's claims of privilege are essentially of only two types. First, Dairyland argues that given the precedent set out in this Court's June 29, 2007 Order addressing claims of the deliberative process privilege, Dairyland's need for 27 withheld documents outweighs the government's interest in confidentiality. Given this Court's prior ruling, the government should have simply conceded the discoverability of these documents by now, and its failure to do so is purely dilatory and should be considered an affront to the Court. But even if the government is going to continue to press its claim of privilege over these documents, it needs no significant time to do so. As the Court is aware, before Dairyland filed its motion to compel, the government already had its declaration supporting the withholding of these documents. It is not time consuming to provide that declaration to the court.

The other type of challenge in Dairyland's motion addresses documents that are being withheld on claims of the attorney-client privilege or attorney work product where no attorney is listed as either an author or recipient of the document. It should not take long for the government to respond to these challenges either. The Court should recall that the government took nearly half a year after the completion of its production of documents to supply a privilege log for that production, presumably because the government was carefully vetting its claims of privilege. Thus, the government should either have good proof establishing how attorneys were involved in the documents at issue notwithstanding the fact that they are not listed as authors or

recipients (in which case, the government's response will be easy) or the government will not be able to sustain its claims of privilege, and the government should concede the point now.

In addition, if the Court is inclined to examine *sue sponte* how long it should take the government to respond to Dairyland' motion (notwithstanding the government's failure to present any good cause in its motion), the Court should also consider the fact that Dairyland was able to analyze the government's claims of privilege over approximately 1,500 documents and prepare its motion to compel within 18 calendar days. The government (which has had a substantial head start to address the privilege issue since it should have vetted its claims of privilege before serving its privilege log and because Dairyland presented its list of challenges to the government well in advance of the filing of its motion as part of the meet and confer process) will have had 17 days to respond to Dairyland's motion addressing only approximately 200 documents by the current due date. That time should have been ample for the government to complete its response.

Further, the government should not be permitted to continue to run the clock on Dairyland's motion to compel or the January 28, 2008 trial date set by the Court. It is appropriate for the Court to taken into account the totality of the time involved. Dairyland served its one and only request for the production of documents at issue on October 10, 2006, more than a year ago. Yet through repeated enlargements of various kinds granted to the government, Dairyland's entitlement to these documents remains unresolved. Dairyland respectfully submits that the Court has already tolerated an excessive amount of government delay in this case.

The government perhaps understanding that given the passage of time that a more prompt government response would have been expected by the Court, emphasizes that it has been

surprised by the extent of Dairyland's motion to compel. *See* Govt. Mot. at 1-2. The government's surprise claim is meritless. First, it cannot justify an enlargement of time. Regardless of any surprise or lack thereof, an enlargement of time requires the movant to establish good cause, and as explained above, the government has failed to do so. Second, the government should not have been surprised given that Dairyland set out its privilege challenges during the meet and confer process. *See* Letter from Stern to Slater dated September 27, 2007 at A 50-58 of Dairyland's Motion to Compel. Indeed, Dairyland is challenging the withholding of less than 14 percent of the documents withheld by the government. Moreover, with the exception of one category of documents comprising about 73 drafts of new spent fuel contracts (which could be readily addressed as a single document) and another 69 documents concerning these draft, Dairyland is only challenging the withholding of about five dozen documents.

For these reasons, the government's motion for an enlargement of time should be denied.

Respectfully submitted,

October 18, 2007

s/ Jerry Stouck
JERRY STOUCK
Greenberg Traurig, LLP
800 Connecticut Avenue, NW
Suite 500
Washington, DC 20006
(202) 331-3100 (Telephone)
(202) 261-4751 (Facsimile)
*Counsel for Plaintiff*
DAIRYLAND POWER COOPERATIVE

Of Counsel:
Robert L. Shapiro
Kevin E. Stern
GREENBERG TRAURIG, LLP

*WDC 371516430v1 10/18/2007*