# In the United States Court of Federal Claims

No. 04-106 C
(Filed: October 18, 2007)

*************************************
**DAIRYLAND POWER COOPERATIVE,**

Plaintiff,

v.

**THE UNITED STATES,**

Defendant.
*************************************

## ORDER

On October 17, 2007, Defendant filed a motion for an enlargement of time, to and including October 29, within which to file its response to Plaintiff's motion to compel the production of documents withheld on deliberative process privilege, attorney-client privilege, and/or work product doctrine grounds. Defendant notes that the scope of Plaintiff's privileges challenges is broader than had been anticipated based on earlier representations made by Plaintiff when the parties were crafting a proposed schedule for trial preparation proceedings.

Plaintiff opposes the enlargement on the grounds that Defendant has failed to establish good cause for an enlargement: that it has been on notice since September 27 of Plaintiff's deliberative process privilege challenges; that Defendant has had even more time to articulate its claim of attorney involvement in the documents withheld based on attorney-client privilege or attorney work product (where no attorney is listed as either an author or recipient of the document); and that Defendant's concern that Plaintiff's 208 document challenges are broader than anticipated is belied by the fact that a group of 73 documents, comprising merely drafts of new spent fuel contracts, is readily addressable as one item and another group of 69 documents relates to these drafts. With the exception of these two categories of documents, Plaintiff is only challenging the withholding of about five dozen documents. Plaintiff argues against allowing the government "to run the clock" on the motion to compel or the January 28, 2008, trial date.

The Court is aware of the looming deadline of November 14, 2007, for the resolution of discovery disputes in order to accommodate the proposed start of trial on January 28, 2008. The October 29 date that Defendant proposes in its motion for enlargement treads significantly on the potential for resolution of these matters by that November deadline. Granting Defendant's motion for enlargement thus works on balance to the detriment of Plaintiff's stated interest in keeping to the trial schedule.

In light of the above considerations, the Court GRANTS Defendant's motion in part and DENIES it in part. Defendant shall file its response to the motion to compel on or before October 22 with regard to Plaintiff's challenges to the attorney-client privilege and attorney work product doctrine assertions. As to the documents withheld on deliberative process privilege grounds, Defendant shall file its response to the motion to compel on or before 5:00 p.m. on October 29, 2007.

In addition, Defendant shall advise the Court and Plaintiff via email by no later than 3:00 p.m. on October 19, 2007, whether it will waive its option under Rule 53 of the Rules of the Court of Federal Claims to file objections, etc., to the report of a special master on the outstanding discovery disputes. The Court's email address is: damich_chambers@ao.uscourts.gov.

s/ Edward J. Damich
EDWARD J. DAMICH
Chief Judge