IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Electronically filed: October 18, 2007

| | | |
|---|---|---|
| DAIRYLAND POWER COOPERATIVE, | ) | |
| Plaintiff, | ) | No. 04-0106C |
| v. | ) | (Chief Judge Damich) |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

DAIRYLAND'S STATEMENT OF NEED FOR DOCUMENTS
WITHHELD ON CLAIMS OF PRESIDENTIAL COMMUNICATIONS PRIVILEGE

Pursuant to the Court's October 17, 2007 Order, Dairyland submits its statement of need for the five documents that the government is withholding on presidential communications privilege grounds and are the subject of Dairyland's motion to compel filed on September 18, 2007.

In its October 17 Order, the Court found the District of Columbia Circuit's decision in *In re Sealed Case*, 121 F.3d 729 (D.C. Cir. 1997),[1] as the "most persuasive guidance on the procedural elements involved in weighing a claim of privilege based on presidential communications." In that case, the court concluded that a party seeking to overcome a presidential communications privilege claim must demonstrate: "first, that each discrete group of the [requested] materials likely contains important evidence; and second, that this evidence is not

[1] With all due respect for the Court's ruling, Dairyland continues to believe that notwithstanding the Court's finding that *In re Sealed Case's* guidance is "most persuasive," *Sun Oil Co. v. United States*, 514 F.2d 1020-1024-25 (Ct. Cl. 1974), remains the binding precedent in this jurisdiction regarding this issue. Dairyland clearly meets the *Sun Oil* need standard given this Court's prior ruling that the documents at issue are "highly relevant" to this case.

available with due diligence elsewhere." *Id.* at 754. This Court has already found that the five presidential communications documents that Dairyland is seeking to compel satisfy the first prong of this test, *i.e.*, they likely contain evidence that is important to this case. *See* October 17 Order at 2; *Dairyland Power Coop. v. United States*, 77 Fed. Cl. 330, 344-45 (2007) (finding that the five subject documents appear "highly relevant to the present litigation"). In particular, each of these documents concern consideration of SNF interim storage by the government. Interim storage scenarios are highly relevant to several issues in this case, including the schedule and rate of SNF acceptance, priority acceptance for shutdown reactors in general and Dairyland in particular, and the Private Fuel Storage ("PFS") initiative pursued by Dairyland and other utilities. For example, the government has argued that Dairyland's participation in the PFS interim storage effort has been unreasonable mitigation. But that argument would be substantially weakened if it turns out that the government's own internal evaluations (as may well be evidenced by the five documents at issue here) show that the government considered interim storage to be a potentially meritorious solution to the government's partial breach. In fact, the government has argued in many other spent fuel cases (and to the Federal Circuit in the pending appeals) that a form of interim storage – Monitored Retrievable Storage ("MRS") was the approach the government preferred and planned to implement in order to meet the contractual 1998 start date. *See, e.g., System Fuels, Inc. v. United States*, No. 03-2623C, slip. op. at 21 (Fed. Cl. Oct. 16, 2007) ("[T]he [acceptance] rate projected by DOE assumes that no repository would have become available but that a MRS would have been sited and installed and that temporary storage would occur at the MRS."). Similarly, the government's discussion of interim storage may reveal the government's' views regarding a reasonable rate of acceptance at such facilities

or the appropriateness of according priority acceptance at such facilities to spent fuel from permanently shutdown nuclear reactors, such as Dairyland's.

With regard to the second prong of the *Sealed Case* test, it is readily apparent that these five documents and the evidence contained therein are not available elsewhere with any amount of diligence. The documents themselves have certainly not been produced in any other SNF case. Moreover, the importance of these documents to this case is that they may contain potential admissions from senior government officials regarding interim storage. Thus, it is the documents themselves, authored by government officials, rather than only the factual information in the documents, that makes them uniquely important and certainly not obtainable elsewhere.

In this regard, the present situation is akin to the situation in *Sealed Case.* In that case, the D.C. Circuit held that, in connection with Office of Independent Counsel's (OIC) grand jury investigation of the former Secretary of Agriculture, Mike Espy, the OIC had demonstrated sufficient need for certain subpoenaed documents withheld by the White House on presidential communications grounds because the documents likely contained evidence of statements made by Espy or his counsel that could be used to show that Espy made false statements to the White House during its own investigation of Espy's activities. *Sealed Case*, 121 F.3d at 761. Similarly, in this case, the five withheld documents likely contain unique statements from senior government officials that are not obtainable from other sources, and these documents could be used by Dairyland to support its positions and/or rebut the government's positions on a host of highly relevant issues in this case.

Respectfully submitted,

October 18, 2007

s/ Jerry Stouck

JERRY STOUCK
Greenberg Traurig, LLP
800 Connecticut Avenue, NW
Suite 500
Washington, DC 20006
(202) 331-3100 (Telephone)
(202) 261-4751 (Facsimile)
*Counsel for Plaintiff*
DAIRYLAND POWER COOPERATIVE

Of Counsel:
Robert L. Shapiro
Kevin E. Stern
GREENBERG TRAURIG, LLP