IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DAIRYLAND POWER COOPERATIVE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-106C |
| | ) | (Chief Judge Damich) |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION TO RESCHEDULE THE TRIAL DATE

In response to the plaintiff's misrepresentations to the United States when the parties filed their prior proposed scheduling order and the plaintiff's continued overly burdensome discovery efforts, defendant, the United States, respectfully requests that the Court reschedule the trial in this case, currently scheduled to commence on January 28, 2008.

## BACKGROUND

On September 20, 2007, the Court expressed its concern that, given the significant number of discovery issues currently outstanding, the chances of maintaining the January 28, 2008 trial date was "impossible" to maintain. Hear'g Tr. 31:13-24 (Sept. 20. 2007). However, in light of the request by plaintiff, Dairyland Power Cooperative ("Dairyland") to try to maintain the existing trial date, the Court permitted the parties to submit a proposed schedule, but stated that, "at some point, there will come this decision that [Dairyland] will have to make in whether to delay trial or get decisions on these documents." Hear'g Tr. 38:7-9 (Sept. 20, 2007).

On September 21, 2007, the Court issued an order directing the parties to submit a joint proposal for a trial preparation schedule and reiterated its belief that, in light of the significant number of outstanding discovery issues in this case, "the Court has become very skeptical as to

whether adherence to this schedule remains possible." Order, at 2 (Fed. Cl. Sept. 21, 2007). Subsequently, the parties endeavored to develop a mutually agreeable pre-trial schedule. In connection with the development of this schedule, and in apparent recognition of the Court's concerns about the trial schedule, Dairyland verbally represented to the Government that it intended to challenge only a "handful" of documents on the basis of privilege.

In the parties' joint proposed trial schedule, dated October 3, 2007, Dairyland expressly stated, in connection with its desire to maintain the January 28, 2008 trial date, that "[t]he number of challenges will not be large (the number of documents at issue will number in the dozens, not hundreds)." In that same filing, we expressed our concern about maintaining the current trial schedule in light of the need to resolve all of the pre-trial issues:

> While the Government does not oppose proceeding under the existing order scheduling the trial of this matter to commence on January 28, 2008, the Government shares the Court's concerns, expressed during the September 20, 2007 status conference, about the continuing viability of such a date in light of the discovery issues that remain outstanding. As the Court is aware, these issues extend beyond Dairyland's challenges to the Government's privilege log.

On October 5, 2007, the Court entered its pre-trial preparation order, adopting in large part the recommendations of the parties. In connection with the entry of that order, the Court explained that it

> remains quite dubious as to whether this schedule is realistic given the number and complexity of discovery issues that remain unresolved. The parties' belief that they can abide by this schedule, exemplified by the proposal's description of discussions over such matters as the extent of Plaintiff's anticipated challenges to Defendant's claims of privilege set out in its September 17, 2007, privilege log, does little to allay the Court's strong concerns in this regard.

Order, at 1 (Fed. Cl. Oct. 5, 2007). Further, in that order, the Court requested that the parties participate in a telephonic status conference, on November 13, 2007, to discuss the viability of the January 2008 trial date.

That same day, Dairyland filed its motion to compel production of documents, and, in contravention to its representation in the October 3, 2007 joint proposal that it was only challenging "dozens" of documents, challenged privilege claims over more than 200 documents over which the Government had asserted deliberative process privilege, attorney-client privilege, and work product immunity. In addition to these challenges, Dairyland still has pending in this Court challenges to privilege claims over more than 128 documents that are currently before this Court for in camera review, as well as other discovery challenges and issues.

## DISCUSSION

As this Court made clear during the September 20, 2007 hearing, Dairyland had a decision to make. It either could continue to pursue its challenges to the Government's discovery efforts or could maintain the currently scheduled trial date of January 28, 2008. Through its October 5, 2007 motion, Dairyland has made that decision. Through its broad challenges of the Government's privilege assertions, Dairyland has made clear its view that pursuing these documents over which the Government has claimed privilege is more important to Dairyland than maintaining the January 2008 trial date.

As this Court has repeatedly noted, there are a significant number of pre-trial issues that must be resolved prior to the trial in this case, including:

1. Dairyland's motion for RCFC 37 sanctions, and the Government's cross-motion for the imposition of reciprocal obligations regarding document identification requirements;

2. Dairyland's motion for relief for the Government's alleged discovery violations regarding RCFC 30(b)(6);

3. The Government's motion for partial summary judgment regarding Dairyland's claim for recovery of off-site fuel storage investments; and

4. Dairyland's motion to compel production of documents withheld under the "presidential communications" privilege.

See Order, at 1-2 (Fed. Cl. Oct. 5, 2007).

Further, as noted above, Dairyland has now challenged privilege claims associated with more than 200 additional documents, and the Court still has 128 documents in its possession that it requested (in response to a prior motion to compel) for in camera review. Although the Court has requested that the parties participate in a telephone conference on November 13, 2007, to discuss the viability of the January 2008 trial date, we believe it to be appropriate to express our significant concerns, as early as possible, that the January 2008 trial date no longer appears viable. It is unfair to the Government to be required to respond to plaintiff's constant discovery demands at the expense of our substantive pre-trial preparations. Dairyland has effectively precluded us from dedicating ourselves to such efforts. Consequently, we request that the Court reschedule the trial date to accommodate the resolution of the significant number of pre-trial issues that are currently before the Court.[1]

---

[1] Rescheduling the trial date in this case may be beneficial for additional reasons. For example, the primary issue in this case is the date on which the Department of Energy ("DOE") would have accepted the last of Dairyland's spent nuclear fuel. The resolution of this issue turns squarely upon the determination of the rate and schedule of spent nuclear fuel acceptance to which the Government is contractually obligation. This issue is before the United States Court of Appeals in two separate cases, which have been consolidated for purposes of oral argument before the same panel (Yankee Atomic Electric Company v. United States, Nos. 2007-5025, -5026, -5027, -5031, -5032, -5033 (Fed. Cir.), and Pacific Gas & Electric Company v. United

For the foregoing reasons, we respectfully request that the Court reschedule the trial date in this case.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/Russell A. Shultis by s/Joshua E. Gardner
RUSSELL A. SHULTIS
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-7571
Fax: (202) 305-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

PATRICK B. BRYAN
JOSHUA E. GARDNER
SCOTT C. SLATER
Civil Division
U.S. Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530

October 19, 2007

---

States, No. 2007-5046 (Fed. Cir.)), in which briefing is complete and in which the parties are awaiting the scheduling of oral argument, and a third case in which briefing is almost complete (Sacramento Municipal Utility District v. United States, Nos. 2007-5052, -5097 (Fed. Cir.)).

CERTIFICATE OF FILING

I hereby certify that on this 19th day of October 2007, a copy of foregoing "DEFENDANT'S MOTION TO RESCHEDULE THE TRIAL DATE" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Harold D. Lester, Jr.