IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Electronically filed: October 29, 2007

| | | |
|---|---|---|
| DAIRYLAND POWER COOPERATIVE, | ) | |
| Plaintiff, | ) | No. 04-0106C |
| v. | ) | (Chief Judge Damich) |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

JOINT PROPOSAL FOR REVISED TRIAL PREPARATION SCHEDULE AND STATEMENT REGARDING DAMAGES PERIOD

Revised Trial Preparation Schedule

Pursuant to the Court's Order of October 22, 2007 directing the parties to file a revised proposal for a pretrial schedule, the parties propose that the Court enter the order appended hereto as exhibit 1. The attached proposal is substantively the same as the Order entered on October 5, 2008, with the dates adjusted to reflect the March 24, 2008 trial date. The parties suggest that the pretrial conference be scheduled for March 10, 2007, consistent with the guidance provided in the Court's draft Order (the date is both two weeks before trial and two weeks after the filing of the government's memorandum of fact and law). The parties are available on other dates near that time if March 10, 2008 is inconvenient for the Court. In addition, the parties suggest that the Court may want to hold a hearing to focus on the parties' motions *in limine*. Under the parties' proposal, those motions will be fully briefed by February 15, 2008, and the parties suggest that the week February 26-29, 2008 would be appropriate for such a hearing.

Dairyland's Statement

Dairyland suggests that the Court allot additional time on its calendar for trial. When the parties previously estimated that two trial weeks would be sufficient, the parties had not focused on the duration of the trial day set out in the Court's draft pretrial preparation order, which is shorter than a number of others used by the Court. The attached proposal provides for 13 trial days. Alternatively, the parties would be amenable to having longer trial days.

Dairyland believes that the Court should allocate sufficient time to hear the parties' witnesses in this significant piece of litigation to facilitate the Court's search for truth. Dairyland believes that the additional time the parties are proposing here will meet that standard.

The government's suggestions, however, do not meet this standard; instead, they and are calculated to artificially truncate Dairyland's presentation of relevant evidence and hinder the Court's search for truth. The government is apparently not concerned that there will insufficient time for it to offer evidence supporting its positions. Rather, the government is apparently concerned that Dairyland will offer "too much" probative evidence supporting Dairyland's positions. Clearly, such a concern is no ground for altering the rules to prevent the consideration of such probative evidence.

As the plaintiff bearing the burden of proof, it may be appropriate for Dairyland to have more time to present its case than the government; ultimately, both parties should have sufficient time to present probative evidence to the Court. In any event, tracking of time is likely to be needlessly distracting and burdensome for the Court and its staff. The government notes instances where the Court has attempted to track time used by the parties. In most cases, including other spent fuel cases, the Court does not attempt to track usage of time. And in the

*Pacific Gas and Elec. Co. v. United States* case noted by the government, the trial ended early, and the Court's effort to track time was ultimately of no value.[1]

The government's suggestion that the parties be required to "read into the record" the prior trial and deposition testimony they designate pursuant to ¶¶ 2.c.i.(3) and 2.c.iii.(1) of the parties' proposed pretrial order is particularly inappropriate. It is difficult to think of a greater waste of time and resources than to have the Court sit through the reading of transcripts. Although the government notes a couple of instances where such reading has apparently taken place, that practice has been the exception at least in the spent fuel cases. As noted above, the sole ground offered by the government for this suggestion – that Dairyland might be able to offer "too much" probative evidence – is entirely meritless. Ultimately, the present filing is not the appropriate vehicle for resolving this issue. Instead, the Court should see what prior testimony is actually offered by the parties and what objections are made to such prior testimony before determining whether any special handling of prior testimony is appropriate.

<u>Government's Statement</u>

The Government does not oppose Dairyland's request for a 13-day trial conditioned on the Court's adoption of two additional proposals regarding the trial. First, the Government respectfully requests that the trial time be equally apportioned between the two parties and that the Court track the parties' time. The Court has used the same procedures in other spent nuclear fuel cases, including *Pacific Gas & Electric v. United States*, No. 04-0074C (Hewitt, J.), and *Boston Edison Co. v. United States*, No. 99-447C & *Entergy Nuclear Generation Co. v. United States*, No. 03-2626C (Lettow, J.), and the Government believes that it promotes the efficient and

[1] Dairyland is less familiar with the other cases noted by the government, but it is not aware of any instance in the spent fuel cases where the Court's effort to track time used by the parties at trial has had a material impact on trial.

fair use of trial time. Second, the Government respectfully requests that the parties be required to read into the record any designations and counter-designations, and that such readings count against the parties' time. . Again, this is consistent with the Court's procedure in *Boston Edison* and *Energy Nuclear*, and, and given the disproportionate number of government witnesses who have testified at numerous trials and in deposition, absent such a requirement, Dairyland would, in effect, be given substantially more time to put on its case than would the government.

Dairyland asserts, without any authority, that it is appropriate for it to have more trial time than the Government because Dairyland bears the burden of proving each element of its damages claim. Regardless of that burden, the Government is aware of no legal authority that would allow Dairyland to have more time than the Government to present its case-in-chief. Indeed, in both *PG&E* and *Boston Edison*, the Court split the time evenly between the two parties. Consequently, there is no basis for Dairyland to have more time than the Government to present its case-in-chief. The Government has an obligation, to the extent Dairyland meets its burden of proof, to present evidence supporting the Government's position.

## Damages Period

### Dairyland's Statement

Dairyland seeks damages for the period through December 31, 2006, with one narrow exception. The exception is for part of Dairyland's claim for costs it has incurred for removal of its reactor pressure vessel ("RPV") that it claims it would not have incurred had the government removed its spent fuel before that project was undertaken. As the RPV removal project was completed earlier this year, a portion of the marginal costs sought by Dairyland were incurred in 2007. As the government is well aware from Dairyland's service of an expert witness report in March of 2007, Dairyland has developed evidence of what its RPV removal project would have

cost absent the breach; thus, Dairyland is prepared to demonstrate the additional cost of the RPV removal project, as a whole, because of the breach (this presentation is simplified by the fact that Dairyland's actual costs for its RPV removal have been incurred pursuant to a firm, fixed-price contract). As the government served a responsive expert witness report in June 2007, and the parties' experts have been deposed, the parties are clearly prepared to address Dairyland's RPV claim at trial. Conversely, contrary to the government's suggestion, it would not be "workable" to present evidence on the additional cost of the RPV removal project due to the breach on an annualized basis that would terminate in 2006. The RPV removal project was performed in a different manner and at a different time due to the breach; thus, the extra cost of that project due to the breach is best understood on the basis of the entire project. Thus, the government's position is nothing more than an effort to unfairly prejudice Dairyland's effort to claim those costs by interfering with Dairyland's presentation of the evidence it has developed that would demonstrate those costs in the most cogent manner.

The parties also differ on whether it is necessary for Dairyland to file an amended complaint in order to seek damages incurred subsequent to the filing of its complaint; Dairyland does not believe that it is necessary to file an amended complaint, but the government believes that an amended complaint is necessary. In order to avoid a dispute on this issue, Dairyland will promptly file an amended complaint.

<u>Government's Statement</u>

To the extent that Dairyland moves to amend its complaint, the Government does not oppose Dairyland's ability to claim damages through December 31, 2006, as the Government has had the opportunity to audit these claimed damages. However, the Government would oppose Dairyland's proposed piecemeal claim for some, but not all, costs after December 31, 2006. We

understand that Dairyland's 2007 RPV removal costs are approximately $7 million. Indeed, although Dairyland seeks certain 2007 costs associated with its RPV removal project, it apparently is not yet seeking the 2007 overhead costs associated with that project, or the 2007 operation and maintenance ("O&M") costs associated with the maintenance of the wet pool. Simply put, the December 31, 2006 date creates a bright-line, workable damages cut-off which the Government has had the opportunity to audit.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

HAROLD D. LESTER, JR.
Assistant Director

s/ Russell A. Shultis by s/Jerry Stouck
RUSSELL A. SHULTIS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-7571
Fax: (202) 307-2503

Attorneys for Defendant

s/ Jerry Stouck
JERRY STOUCK
Greenberg Traurig, LLP
800 Connecticut Avenue, NW
Suite 500
Washington, DC 20006
(202) 331-3100 (Telephone)
(202) 261-4751 (Facsimile)
*Counsel for Plaintiff*
DAIRYLAND POWER COOPERATIVE

Of Counsel:
Robert L. Shapiro
Kevin E. Stern
GREENBERG TRAURIG, LLP

October 29, 2007