# In the United States Court of Federal Claims

No. 04-106 C
(Filed: October 31, 2007)

*************************************
**DAIRYLAND POWER COOPERATIVE,**

Plaintiff,

v.

**THE UNITED STATES,**

Defendant.
*************************************

## TRIAL PREPARATION ORDER

As noted herein, trial in this matter is set to begin on March 24, 2008, and to conclude on April 9, 2008 (13 days of trial). The parties' time shall be equally divided and the Court will track the time utilized by each side. The Court will not require the parties to "read into the record," as proposed by Defendant, any designations of prior trial or deposition testimony pursuant to ¶¶ 2.c.i.(3) and 2.c.iii.(1) of this order.

Plaintiff shall file an amended complaint to seek damages only through December 31, 2006, with the exception that it will be allowed to claim damages for the actual costs of the reactor pressure vessel (RPV) removal project. Plaintiff's amended complaint shall be filed on or before November 9, 2007. The parties shall note that the Court herein has set February 27, 2008, at 10:00 a.m. for a hearing on the parties' motions in limine.

* * *

1. Definition of Terms

a. "Service" means to provide to all counsel, but *not* to file with the Court.
b. "File" means to serve on all counsel and to file with the Court.
c. "Provide to chambers" means to submit to chambers by fax (202/357-6490), by email in Adobe PDF (damich_chambers@ao.uscourts.gov), or by postal or private delivery.

2. Trial Preparation

a. Events before the meeting of counsel[1]

(1) The parties shall serve the following information on or before January 17, 2008:
  (a) Proposed Stipulations. The parties shall serve proposed factual stipulations.
  (b) The Proposed Stipulations of Fact shall be sequentially numbered.

(2) The parties shall serve their witness lists (which should include the witnesses who will be called in rebuttal, to the extent that they are known) on the same date as they serve their Proposed Stipulations of Fact.
  (a) For each witness, the parties shall indicate the specific topics to be addressed in the expected testimony.
  (b) For each witness, the parties shall indicate the time needed for direct examination.

(3) The parties shall serve their list of exhibits on the same date as they serve their Proposed Stipulations of Fact. Within one week of that date the parties shall serve a set of such exhibits.

b. Meeting of Counsel

i. The meeting of counsel shall be held on or before January 23, 2008.

ii. Counsel shall follow the requirements set forth in Appendix A, ¶ 13, to the extent not otherwise addressed in this Order.

iii. At the meeting, counsel shall also discuss the sequestration of witnesses under Fed. R. Evid. 615, including such questions as:

---

[1]The exchange of information *before* the meeting of counsel, especially the exchange of objections, should facilitate resolving issues at the meeting of counsel without Court involvement. Counsel, therefore, should act in good faith to list all witnesses, exhibits, and objections in these "preliminary" exchanges. Although counsel will eventually file final lists with the Court, the opportunity for another filing should not be used as a method for circumventing the requirement of providing preliminary information. In addition, counsel should note the requirement, included in the initial special procedures order in this case (¶ 8 c. ii.), to report an expert witness's qualifications, compensation, and recent testimonial history.

(1) Should witnesses who have testified be permitted to discuss their testimony with witnesses who have not yet testified?;

(2) Should an attorney be permitted to relate, in any form, the substance of previous testimony to witnesses who have not yet testified?;

(3) Should an attorney be permitted to counsel a witness during breaks in the witness's testimony? *See Perry v. Leeke*, 488 U.S. 272, 280 (1989); *Reynolds v. Ala. Dep't of Transp.*, 4 F. Supp. 2d 1055, 1064-65 (M.D. Ala. 1988) (applying *Perry* to civil case).

c. Filings After Meeting of Counsel

i. No later than January 29, 2008, counsel shall file the following:

(1) A Joint Statement of Good Faith Conduct, stating that all objections to witnesses and exhibits were discussed in good faith and that settlement was explored at the meeting of counsel (this Joint Statement shall be filed as a "Notice" under Electronic Case Filing (ECF) and linked to this Pre-Trial Order).

(2) A Joint Notice of Proposed Procedures for Sequestration, if sequestration is requested by either party. If the parties have not been able to agree on such procedures, they shall separately file memoranda on sequestration by this date (this Joint Notice shall be filed as a "Notice" under ECF and linked to this Pre-Trial Order).

(3) Any motions, pursuant to Appendix A, ¶ 15(b), or designation pursuant to Fed. R. Evid. 801(d) to present substantive evidence by way of deposition testimony or prior trial testimony. Such motions shall list the pages of such transcripts and include copies of the listed pages.

(4) Any objections, including motions in limine, to the opposing party's proposed witnesses or exhibits. For each objection, the objecting party shall identify the witness or exhibit as proposed and the grounds for the objection. Responses to motions in limine shall be filed on or before February 15, 2008. Replies to such motions may not be filed without leave of Court. A hearing on the motions in limine shall be held on February 27, 2008, at 10:00 a.m.

ii. Memorandum of Fact and Law

(1) No later than January 28, 2008, Plaintiff shall file a Memorandum of Fact and Law.

(a) The Memorandum of Fact and Law shall set forth Plaintiff's conclusions of law with a complete exposition of the legal theory that supports each legal claim.

(b) Plaintiff shall explain the factual basis upon which it relies to support its claims.

(c) Absent good cause, the memorandum shall not exceed 30 pages.

(2) No later than February 25, 2008, Defendant shall file a Responsive Memorandum of Fact and Law.

(a) The Memorandum of Fact and Law shall set forth Defendant's conclusions of law with a complete exposition of the legal theory that supports each legal claim.

(b) Defendant shall explain the factual basis upon which it relies to support its claims.

(c) Absent good cause, the memorandum shall not exceed 30 pages

iii. No later than February 29, 2008, the parties shall file:

(1) Any objections, including the grounds therefor, to the opposing party's motions regarding deposition testimony and any proposed cross-designation of transcript pages. In cross-designating, the party may not simply designate the entire transcript.

(2) A Joint Stipulation of Facts, Witnesses, and Exhibits as follows:

(a) a statement of the facts on which the parties agree, separately numbered;

(b) a listing of all witnesses to which neither party objects, with a brief description of each such witness;

(c) a descriptive listing of all exhibits to which neither party objects on the grounds of authenticity or admissibility (two sets of such exhibits shall concurrently be provided to chambers).

(3) Each party's Final Witness List, including a brief description of each witness and denoting stipulated witnesses, in the same format as prescribed in paragraph 2.a.i.(2).

(4) Each party's Final Exhibit List, and a set of such exhibits, excluding joint exhibits (two sets of such exhibits shall concurrently be provided to chambers).

3. Miscellaneous

a. Matters of Style for Exhibits

i. Joint exhibits shall be prefaced with a "J"; Plaintiff's with a "P"; and Defendant's with a "D." There shall be no duplication of exhibits.

ii. Documentary exhibits shall be contained in binders and shall be numbered and paginated (e.g., Plaintiff's Exhibit 5, page 10 shall be marked "P5.10"), with tabs demarcating each exhibit.

iii. The exhibits shall be accompanied by a table of contents listing and describing all exhibits in numerical order.

iv. All officially admitted exhibits shall be submitted to the court reporter at trial at the time they are admitted for incorporation into the trial record (it may be appropriate to move the admission of joint exhibits at the onset of trial). A copy of each such exhibit shall concurrently be submitted to the judge's law clerk.

v. In the unusual circumstance of any exhibits admitted at trial that were not previously listed and provided to chambers, the offering party shall submit such exhibit along with three copies (one each for the judge, the law clerk, and opposing counsel; the original of the exhibit shall be submitted to the court reporter).

b. Objections

i. Each objection shall provide the appropriate Federal Rule of Evidence number(s) and provide a short, narrative explanation of the basis for the objection. Informative cases may be cited in support of the objection.

ii. Motions in limine shall be utilized to present significant objections, including objections to the testimony and/or qualifications of expert witnesses.

iii. Objections to witnesses and exhibits shall be submitted in the time set forth in this order. Objections not so raised may be deemed waived. Motions in limine regarding other matters shall be filed at least two weeks before the pretrial conference.

c. Matters of Style for Amendment of Filings

i. Whenever a party submits an amended or revised filing, the party shall indicate in the caption how many previous amendments have been filed (*e.g.*, "Third Amended Witness List").

ii. Although this order sets out the style for captioning amended filings, the parties should not infer that leave is necessarily granted for amended filings. Appropriate objections will be entertained

d. Stipulations

i. In General

(1) The parties are expected and required to stipulate to the full extent to which complete or qualified agreement can or fairly should be reached regarding all matters not privileged which are relevant to the pending case, regardless of whether such matters involve fact or opinion or the application of law to fact. Included should be all facts, all documents and papers or contents or aspects thereof, and all evidence which fairly should not be in dispute.

(2) When the truth or authenticity of facts or evidence claimed to be relevant by one party is not disputed, an objection on the ground of materiality or relevance may be noted by any other party but is not to be regarded as just cause for refusal to stipulate.

(3) The requirement of stipulation applies without regard to where the burden of proof may lie with respect to the matters involved.

ii. Binding Effect

(1) A stipulation shall be treated, to the extent of its terms, as a conclusive admission by the parties to the stipulation, unless otherwise permitted by the Court or agreed upon by the parties.

(2) The Court will not permit a party to a stipulation to qualify, to change, or to contradict a stipulation, in whole or in part, except where justice so requires.

(3) A stipulation and the admissions therein shall be binding and have effect only in the pending case and not for any other purpose, and

cannot be used against any of the parties thereto in any other case or proceeding.

e. Trial Methods. The Court is committed to cost-effective methods of resolving and trying cases. The parties should consider whether direct testimony submitted in written form may be preferable. Under this procedure, parties submit their witnesses' affirmative testimony in writing in advance. The witnesses are then subject to cross-examination in open court.

4. Pre-trial conference. The pretrial conference will be held *in person* at the U.S. Court of Federal Claims on Tuesday, March 10, 2008. If, however, it should appear to the Court that the matters to be raised at the pretrial conference may be addressed satisfactorily via telephone, the Court shall notify counsel that the pretrial conference will be held instead by telephone. In such event, at least one business day before the conference, counsel shall notify the Court's chambers of the telephone number where they can be reached for the conference.

5. Trial dates and location. Trial shall commence on March 24, 2008 and shall continue for 13 trial days, or such time as agreed to at the pretrial conference, from 10:00 a.m. to 4:00 p.m. each day. It will be held in Washington, D.C. The Court expects to notify the parties of the precise location at or before the pretrial conference.

6. Ambiguity or confusion in this order. The parties should work together to resolve any ambiguities or uncertainties that they perceive in this order. The Court encourages the parties to raise any issues *as soon as possible* after a good faith attempt to resolve them. Even if the parties are able to resolve the issues, the Court would appreciate hearing the concerns of the parties so that the order can be clarified.

s/ Edward J. Damich
EDWARD J. DAMICH
Chief Judge