HQR2190038 (E256), HQR2210002 - HQR2210013 (E268), HQR2360001 - HQR2360012 (E287), HQR2360038 - HQR2360055 (E290), and HQR2501711 - HQR2501733 (E350) are various memoranda, graphs and tables prepared for OCRWM to present to Under Secretary of Energy Card discussing the policy justifications and cost implications of increasing DOE's budget requests for the Yucca Mountain repository. As described above, Under Secretary Card's efforts led to the development and presentation of numerous proposals for the accelerated acceptance of SNF at the Yucca Mountain repository and related cost impacts on the OCRWM program. The release of these documents would inhibit DOE personnel from providing complete and open advice and opinions to DOE officials, because such release could lead, as shown by the current litigation, to extensive and ongoing depositions on issues that never became or developed into official DOE policies and activities.

55. The documents Bates-Stamped CTR1600143 - CTR1600149 (E119), CTR1610016 - CTR1610020 (E122), CTR1760001 - CTR1760004 (E143), HQR2501054 - HQR2501119 (E334), HQR2500400A - HQR2500400B (E311), HQR2500424 - HQR2500439 (E313), HQR2500624 - HQR2500645 (E322) are draft documents and "white papers" concerning shipments of spent nuclear fuel from shutdown nuclear reactor sites proposed as part of the budgetary analysis presented to Under Secretary Card. These documents were prepared in the process of formulating a recommendation by the Under Secretary regarding DOE's future budget requests and reflect DOE's policy deliberations in the



Protected Material To Be Disclosed Only In Accordance With Protective Order Entered By U.S. Court Of Federal Claims

budgetary process. In addition, these particular documents contain an individual's opinion regarding the implications of a faster acceptance rate upon shutdown reactors and the safety and national security factors relevant to shutdown reactors. However, the NRC has determined that the storage of SNF is just as safe at a shutdown reactor as an operating reactor. Release of this document, containing one individual's thoughts on the issue, could create the impression that DOE believes that there is an issue regarding the safe storage of SNF at these facilities, although the NRC has determined that there is not. If documents such as this one are released, individuals will be less likely in the future to bring perceived potential safety and national security issues to the attention of their superiors, having seen the difficulties caused by their disclosure. Such a chilling effect would be detrimental to assuring the safe and secure operation of the program and the industry.

56. The documents Bates-Stamped CTR1600112 - CTR1600117 (E118), CTR1620003 - CTR1620007 (E124), CTR1620028 - CTR1620032 (E127), CTR1770007 - CTR1770010 (E145), CTR1770011 - CTR1770014 (E146) and HQR2501236 - HQR2501245 (E341), are draft "white papers" and related documents presenting information and analysis regarding acceptance rates and system costs for Under Secretary Card. These documents addressed the potential impact on utilities of accelerated rates of SNF acceptance and were prepared in response to questions and issues raised as part of the deliberative process of formulating a recommendation to the Under Secretary regarding DOE's budget



Protected Material To Be Disclosed Only
In Accordance With Protective Order
Entered By U.S. Court Of Federal
Claims

requests. As noted above, this analysis did not produce any viable courses of action to meet the Under Secretary's objectives and no changes in program direction were implemented as a result. Because the contemplation of these goals as program objectives would be of extreme interest to so many of the program's constituencies, release of these documents would lead to extensive questioning of program personnel, by Congress in its consideration of budgets, in the licensing proceedings by the State of Nevada and other parties, and in the litigation pending before the U.S. Court of Federal Claims. Under Secretary Card was asking program personnel to think creatively about the program and its goals. If program personnel are questioned about this work, it will affect their willingness to freely provide feedback and recommendations in response to future requests from policy makers.

57. The documents Bates-Stamped HQR2640041 - HQR2640085 (E361), HQR2890138 - HQR2890183 (E366), HQR3080001 - HQR3080038 (E378) and HQR3080039 - HQR3080072 (E379) are draft, pre-decisional presentations titled "RW Waste Acceptance Analyses" to Under Secretary Card involving deliberations within DOE regarding waste acceptance scenarios. The presentations were based upon Under Secretary Card's request for an analysis of impact of changing the acceptance queue from oldest fuel first ("OFF") to one based upon regions of the country, based upon perceived ease of transportation through particular state. The presentation contains suggested options for the Under Secretary's consideration and no change in DOE policy was taken based



Protected Material To Be Disclosed Only In Accordance With Protective Order Entered By U.S. Court Of Federal Claims

upon this presentation. This document would be of great interest to states, utilities and others because it would represent a change from long-standing, and widely-accepted DOE policy regarding the order of SNF acceptance. The release of such documents would also limit the willingness of DOE personnel to provide open and complete responses to DOE decision makers that could effect change in existing DOE program strategy.

58. The documents Bates-Stamped HQR2890012 - HQR2890015 (E363), HQR2890016 - HQR2890033 (E364), HQR2890034 - HQR2890137 (E365), HQR2890138 - HQR2890183 (E366) and HQR2501135 - HQR2501137 (E337) are various draft "white papers" and documents regarding evaluations of various OCRWM waste acceptance scenarios, particularly the accelerated acceptance of SNF at a geologic repository. These documents were prepared in the process of developing a recommendation to Under Secretary Card regarding waste acceptance scenarios. The documents reveal the deliberations within DOE regarding the evaluation and development of waste acceptance scenarios. Again, the release of such documents would also limit the willingness of DOE personnel to provide open and complete responses to DOE decision makers that could effect change in existing DOE program strategy.

59. The documents Bates-Stamped HQR202 ID No. 7422 (E188), HQR 202 ID No. 7425 (E189), HQR2020001 - HQR2020105 (E190), HQR2020106 - HQR2020284 (E191), HQR2020285 - HQR2020311 (E192), HQR2050001 - HQR2050005 (E203), HQR2060003 - HQR2060059 (E208), HQR2160014 -



Protected Material To Be Disclosed Only In Accordance With Protective Order Entered By U.S. Court Of Federal Claims

HQR2160015 (E236) HQR2170024 - HQR2170031 (E240), HQR2170065 - HQR2170080 (E242) and HQR2330001 - HQR2330003 (E284) are draft spreadsheets and presentations analyzing the costs of various options for waste acceptance at a repository relating to DOE's budget requests in response to Under Secretary Card's efforts to address the potential for accelerated acceptance of SNF. The documents reveal DOE's policy deliberations regarding the budgetary process. These spreadsheets comprise an integral part of the analysis that underlies the presentations that were made to Under Secretary Card at his request. The release of these documents, which would reveal the opinions and advice offered by DOE personnel, could inhibit the ability of these personnel to provide frank and complete advice and opinions in the future because of concern that offering this type of information could subject them to further depositions in the litigation.

60. The document Bates-Stamped HQR2050012 - HQR2050014 (E205) is a brief untitled written summary prepared to assist in the evaluation of the potential effects of a funding reduction for OCRWM. The document Bates-Stamped HQR 2501706 - HQR 2501710 (E349) is an e-mail with brief written summaries regarding SNF storage costs prepared to assist in evaluating the timing of SNF emplacement and the potential effect of a funding reduction. HQR2501140 - HQR2501156 (E338), HQR2501233 - HQR2501235 (E340), HQR2501697 (E347), HQR2501706 - HQR2501710 (E349) are a series of May 2002 e-mails with attached spreadsheets and tables including recommendations and options for



Protected Material To Be Disclosed Only
In Accordance With Protective Order
Entered By U.S. Court Of Federal
Claims

accelerated waste acceptance and the impact on program costs. These documents were prepared as part of the Yucca Mountain business case to justify OCRWM's budget request. These documents specifically discuss accelerating acceptance of waste from DOE-owned sites. Release of these documents will be of particular interest to those constituencies around DOE facilities that are currently storing this waste. DOE's relationship with many of these constituencies, such as the State of Idaho, has been very contentious. The release of these documents that discuss potential acceptance strategies that have not been implemented will create further difficulties in DOE's relationship with these states as well as chill the willingness of employees to provide frank advice regarding such issues in the future.

61. The documents Bates-Stamped CTR1740001 - CTR1740003 (E138), CTR1740031 - CTR1740039 (E140), HQR2080001 - HQR2080005 (E213), HQR2080006 - HQR2080018 (E214) and HQR2080019 - HQR2080042 (E215) Bates-Stamped HQR2501120 - HQR2501123 (E335), are a series of e-mails and attached graphs, tables, and a list of assumptions generated in response to Under Secretary Card's request for advice and recommendations regarding whether the rate of acceptance could be accelerated once repository operations began. The e-mail messages identify the individuals involved in providing advice in response to this request from the Under Secretary and the graphs and tables provide the basis for their recommendations that contributed to the Under Secretary's consideration of this issue. As noted above, there was no change in program direction as a result of this analysis, but the Standard Contract holders that are in litigation with



Protected Material To Be Disclosed Only
In Accordance With Protective Order
Entered By U.S. Court Of Federal
Claims

DOE will be very interested in this analysis. For the effective management of the program, DOE policy makers need to be able to obtain recommendations regarding the effects of changes such as accelerated acceptance. However, if those recommendations and advice become the subject of depositions and other testimony, the program personnel will not be willing to provide these recommendations.

62. The documents Bates-Stamped HQR2040001 - HQR2040005 (E197), HQR2050006 - HQR2050011 (E204), HQR2070001 - HQR2070005 (E209), HQR2100021 - HQR2100025 (E222), HQR2130004 - HQR2130006 (E225), HQR2130016 - HQR2130027 (E227), HQR2130032 - HQR2130042 (E229), HQR2140001 - HQR2140014 (E230), HQR2160001 - HQR2160013 (E235), HQR2160016 - HQR2160026 (E237), HQR2190025 - HQR2190032 (E255), HQR2190041 - HQR2190045 (E258), HQR2190053 (E260), HQR2220011 - HQR2220026 (E271) and HQR2230001 - HQR2230007 (E273) are several draft memoranda, checklists and related e-mails that identify activities that could be undertaken to reduce program costs. These documents were prepared in response to Under Secretary Card's request that the program think about ways to reduce program costs. DOE policy makers need to be able to ask program personnel to provide recommendations regarding how activities can be changed to effectively manage the program. Under Secretary Card was asking program personnel to think creatively about how to reduce costs. If these documents are released and



Protected Material To Be Disclosed Only In Accordance With Protective Order Entered By U.S. Court Of Federal Claims

program personnel are questioned about this work, it will affect the ability of DOE policy makers to have program personnel think creatively in the future.

63. The documents Bates-Stamped HQR2170032 - HQR2170064 (E241) and HQR2170081 - HQR2170100 (E243) are draft spreadsheets titled "Minimum Funding Profiles" analyzing the costs relating to various options for the acceptance of SNF at a repository. The document Bates-Stamped HQR2170101 - HQR2170108 (E244) is a draft of an internal memorandum analyzing the potential effect of various options for SNF acceptance. The document Bates-Stamped HQR2170109 - HQR2170112 (E245) is a draft spreadsheet analyzing the potential costs related to an option for SNF acceptance. These documents were prepared in the process of formulating a recommendation for consideration by Under Secretary Card in response to his requests. The documents reflect the detailed analysis that individuals within the program undertook. DOE policy makers need to be able to obtain this analysis from OCRWM personnel to ensure a proper basis for decision making.

64. The documents Bates-Stamped HQR2180005 - HQR2180026 (E249) and HQR2501471 - HQR2501696 (E346) are draft presentations addressing various options for SNF acceptance, entitled "OCRWM Transportation and Waste Acceptance Project: Status, Issues and Plans." These documents was prepared in the process of formulating a recommendation to Under Secretary Card regarding DOE's budget request to OMB. These documents reveal recommendations regarding OCRWM's transportation strategy and discussions regarding decisions



Protected Material To Be Disclosed Only
In Accordance With Protective Order
Entered By U.S. Court Of Federal
Claims

implicating the future development of the national transportation project to support DOE's acceptance of SNF at a repository. The OCRWM personnel, who made this presentation to Under Secretary Card, could be reluctant to offer the same type of open and free advice in the future if they believed or considered they could be subjected to questioning regarding advice and opinions that were never adopted or implemented by DOE. Moreover, as noted above, OCRWM's plans for transportation are still being formulated. It is vital that OCRWM personnel responsible for this planning, [redacted], be able to provide complete recommendations to decision makers as these plans are finalized. NAME REDACTED

65. The documents Bates-Stamped HQR2500446 - HQR250510 (E315), HQR2500512 - HQR2500558 (E317), HQR2500559 - HQR0563 (E318), HQR2500646 - HQR2500654 (E323), HQR2500661 - HQR2500790 (E326), HQR2501124 - HQR2501134 (E336,), HQR2501698 - HQR1705 (E348) are e-mails with attached meeting notes and action items following a meeting on February 27, 2002 with Under Secretary Card analyzing, among other things, an option for accelerated SNF acceptance at Yucca Mountain. The action items included options for proposed activities to support the submission of a license application for the repository with the NRC. The documents identify the individuals within the program who were tasked to provide advice and recommendations to Under Secretary Card on the issues raised in the Yucca Mountain business case. If these documents are released, these individuals will be



Protected Material To Be Disclosed Only
In Accordance With Protective Order
Entered By U.S. Court Of Federal
Claims

asked about the advice and recommendations that they provided to Under Secretary Card, which will likely affect their willingness to freely provide advice in response to future requests from policy makers.

66. The document Bates-Stamped HQR2500610 (E320) is an e-mail suggesting language for an internal memorandum regarding an option for accelerated SNF acceptance and the possible effects of such an option upon the obligations under the Standard Contract. The e-mail identifies those individuals who were responsible for considering the effects of accelerated acceptance, and these individuals would be questioned about their recommendations in this regard if the document is released. DOE policy makers need to be able to seek advice regarding the effects of proposed policy initiatives upon the Department's obligations under the contract. OCRWM personnel need to be able to provide this advice, without that advice becoming the subject of further depositions in the pending litigation.

67. The documents Bates-Stamped CTR1680001 - CTR1680025 (E131) and HQR3080039 - HQR3080072 (E379) are draft presentations prepared for Under Secretary Card regarding transportation options for a repository at Yucca Mountain. These documents reveal the deliberations within DOE regarding transportation options for the repository and reflect the recommendations of OCRWM personnel. The OCRWM personnel, in particular Mr. Williams, who offered these opinions and advice could be inhibited from offering the same type of open and free advice in the future if they believed or considered they could be



Protected Material To Be Disclosed Only
In Accordance With Protective Order
Entered By U.S. Court Of Federal
Claims

subjected to questioning regarding advice and opinions that were never adopted or implemented by DOE. Moreover, as noted above, OCRWM's plans for transportation are still being formulated. It is vital that OCRWM personnel responsible for this planning, [redacted], be able NAME REDACTED to provide complete recommendations to decision makers as these plans are finalized.

68. The documents Bates-Stamped HQR2130001 - HQR2130003 (E224) and HQR2130007 - HQR2130015 (E226) are internal memoranda that identify possible actions that could be undertaken to accelerate waste acceptance and reduce the costs of the program, including licensing costs, design costs, and operational costs. This document was generated in response to Under Secretary Card's request for ideas as to how program costs could be reduced. The thoughtful preparation of documents such as these for decision makers is vital to the proper management of the program because decision-makers need good ideas as to how to reduce costs. If OCRWM personnel know that documents containing such ideas will be released and that they will be questioned about why activities can be reduced or eliminated, they will be unwilling to think creatively about how program costs can be reduced in the future.

69. The documents Bates-Stamped HQR2320001 - HQR2320018 (E283) is a draft memorandum discussing the costs and benefits of an option for receipt and emplacement of SNF in canisters at Yucca Mountain. The document identifies perceived advantages as well as potential problems or hurdles of the approach.



Protected Material To Be Disclosed Only In Accordance With Protective Order Entered By U.S. Court Of Federal Claims

This document was prepared in response to Under Secretary Card's request for ideas as to how waste acceptance could be accelerated once repository operations began. The idea of whether canistered fuel can be accepted at the repository is now under renewed consideration within OCRWM today. This type of document in which the potential problems are explored is needed when a new policy initiative is under consideration within the program or the Department to ensure that all potential problems are vetted. If OCRWM personnel know that they will be questioned at some time in the future about the problems they perceive with a proposed approach, they will be less willing to identify those problems for the policy makers.

70. The documents Bates-Stamped HQR2180003 - HQR2180004 (E248), HQR2190033 - HQR2190038 (E256) and HQR2220001 - HQR2220004 (E269) are copies of an internal memorandum titled "Yucca Project Expectations," prepared by Under Secretary Card in his direction to the program to find ways in which waste acceptance could be accelerated and program costs reduced, and an e-mail chain forwarding this direction to program personnel. The e-mails identify the personnel who were responsible for providing advice and recommendations to Under Secretary Card in response to his requests and the memorandum details Under Secretary Card's request for opinions. If these documents were to be released, the OCRWM program personnel identified could be expected to be deposed about the advice and recommendations that they provided to Under



Protected Material To Be Disclosed Only
In Accordance With Protective Order
Entered By U.S. Court Of Federal
Claims

Secretary Card on these topics. Such questioning will inhibit the willingness of individuals in the program to provide such advice freely in the future.

71. The documents Bates-Stamped CTR1620008 - CTR1620011 (E125), HQR2170113 - HQR2170122 (E246), HQR2180137 - HQR2180144 (E252), HQR2190055 - HQR2190056 (E262), HQR2190075 - HQR2190152 (E264), HQR2200013 (E266), HQR2210001 (E267), HQR2220005 - HQR2220010 (E270), HQR2220027 - HQR2220042 (E272), HQR2230008 - HQR2230015 (E274), HQR2240001 - HQR2240002 (E275), HQR2250001 (E276), HQR2260001 - HQR2260005 (E277), HQR2270001 - HQR2270016 (E278), HQR2280001 (E279), HQR2290001 (E280), HQR2300001 - HQR2300008 (E281) and HQR2310001 (E282) are a series of e-mails, draft presentation and other supporting materials generated in response to Under Secretary Card's request for analysis and recommendations. The e-mail messages identify the OCRWM personnel that provided advice to the Under Secretary and the draft presentations contain the opinions and recommendations of those individuals. These individuals prepared these materials containing their candid advice for Under Secretary Card with the expectation that their recommendations would not be disclosed. The release of these documents would impede the ability of DOE policy makers to obtain similar candid advice in the future.

72. The documents Bates-Stamped HQR2500168 - HQR2500180 (E297) and HQR2502102 (E354) are a whitepaper and an e-mail presenting possible legislative initiatives that OCRWM could explore for better management of the



Protected Material To Be Disclosed Only In Accordance With Protective Order Entered By U.S. Court Of Federal Claims

program. The whitepaper discusses the potential change to the timeline set forth in the NWPA for activities that follow the site recommendation. The e-mail discusses the legislative "fixes" necessary to meet 2010. The documents HQR2500001 - HQR2500020 (E291) and HQR2500044 - HQR2500062 (E295) are two e-mails forwarding two drafts of presentation to be made to Under Secretary Card regarding potential legislative proposals related to the OCRWM program. Specifically, the presentation discusses the need to separate the budget for OCRWM from the traditional budget process and possible options to "accelerate waste acceptance" from utilities. The ability of OCRWM personnel to identify such legislative initiatives for DOE policy makers is crucial to the successful management of the program. If these documents were released, the OCRWM staff members who prepared these drafts would be asked about why they proposed the legislative fixes they identified and why these fixes were necessary. For example, staff members would be asked why the legislative fixes set forth in the e-mail were necessary to enable the program to open the repository in 2010. Such questioning would chill the willingness of staff members to put forth such suggestions in the future. In addition, to the extent that DOE has chosen not to pursue the legislative "fixes" identified in these documents, OCRWM personnel could be subject to questioning as to why these fixes were not pursued. Again, staff members will be less inclined to identify possible legislative initiatives that they perceive to be necessary, if they believe that they will be questioned about those discussions later.



Protected Material To Be Disclosed Only In Accordance With Protective Order Entered By U.S. Court Of Federal Claims

73. The documents Bates-Stamped HQR2500214 - HQR2500215.4 (E300), HQR2500216 - HQR2500217 (E301) are a series of e-mails discussing DOE's comments to the Nuclear Regulatory Agency's ("NRC") proposed revisions to its rule regarding Greater-Than-Class-C waste, in response to a specific request of Mr. William Kane, NRC, to Dr. Ivan Itkin, Director, OCRWM, for input to the NRC's rulemaking. The documents reflect deliberations within OCRWM regarding the manner in which DOE should respond to the NRC's proposed revision to the rule. Release of this document, which is not the final Department response to the NRC, would have a chilling effect on OCRWM's ability to request such comments and advice from contractors and staff members because they do not want to be questioned about their frank advice regarding DOE's potential response. Such frank advice is necessary to ensure that all of DOE's possible comments about such a rulemaking are captured. In addition, the release of the document could also impede the ability of OCRWM to provide input to the NRC, which acts as the regulator for the program. OCRWM would not be willing to engage in the process to develop a requested response to the NRC for fear that the possible responses that were considered and discarded would be later released.

74. The document Bates-Stamped HQR2500226 (E303) is an e-mail sent to me asking for my advice and recommendations to update OCRWM's planned activities and its budget requirements for FY 2001 in light of a decision by Secretary Richardson to delay the site recommendation for Yucca Mountain and my response. This document was generated as part of the deliberations regarding



Protected Material To Be Disclosed Only
In Accordance With Protective Order
Entered By U.S. Court Of Federal
Claims

how to readjust OCRWM's plans based upon Secretary Richardson's decision and is the type of recommendation that I am often asked to provide. Release of this document would allow questioning of me and other OCRWM personnel listed on the e-mail by Congress and other interested constituencies about my advice regarding what activities should be undertaken or not undertaken in light of this redirection by the Secretary.

**Development of Congressional Testimony**:

The next group of documents concerns the development of Congressional testimony and answers to questions posed by Congress either before or after hearings. To develop testimony, OCRWM and contractor personnel are asked to draft testimony or answers to questions. In the course of drafting testimony, individuals are providing their opinions as to what the statement of DOE policy should be or their recommendations as to how to best respond to the Congressional inquiry. If these documents are released and individuals are asked to explain why they recommended a particular response or testimony that was not used, they will be unwilling to participate in the development of such responses in the future or will not provide opinions or suggestions that they believe may be rejected.

75. The documents Bates-Stamped HQR2500407 - HQR2500421 (E312) and HQR2500440 - HQR2500445 (E314), are two e-mails with attached draft responses to questions anticipated from Congress. These draft answers were generated in the preparation for hearings on DOE's FY 2003 budget request and indicate what OCRWM staff members believe will be the questions asked by Congress during the hearings. Release of these documents would allow Congress



Protected Material To Be Disclosed Only In Accordance With Protective Order Entered By U.S. Court Of Federal Claims

to find out what individual staff members advised policy makers regarding potential problems with the program and would probably eliminate this method of preparing for budget hearings.

76. The document Bates-Stamped HQR2500511 - HQR2500511.6 (E316) is an e-mail message forwarding draft responses to questions from Congress regarding Secretary Abraham's testimony on March 6, 2002, regarding the FY 2003 budget. The e-mail identifies those individuals who were involved in the preparation and review of this draft, including me. Until the answers were approved by the Secretary and issued by DOE to Congress, these answers are simply drafts prepared by staff members and constitute their recommendations of what the statement of DOE policy should be.

77. The documents Bates-Stamped HQR2500565 - HQR2500609 (E319), HQR2500611 - HQR2500623 (E21), HQR2500655 - HQR2500656 (E324), are a series of e-mails with attached draft responses to hearing questions posed to Mr. Lake Barrett, on March 14, 2002, that I, among others within OCRWM, was asked to answer. HQR2500565 (e-mail sent to Dong Kim and me). Because these questions required technical analysis regarding the amount of SNF to be generated and stored by commercial nuclear utilities and the time period required to collect that SNF, assuming our current acceptance rates for the repository, these answers were forwarded to our contractors for the necessary analysis. Among the documents are the response of our contractors. In formulating a proposed answer, the contractor provided analysis of several options based upon policy choices. For



Protected Material To Be Disclosed Only
In Accordance With Protective Order
Entered By U.S. Court Of Federal
Claims

example, the contractor calculated the dates by which SNF could be accepted from all shutdown reactors and from dry storage facilities at all commercial utility sites if such priorities in acceptance became a "matter of national priority." HQR2500609. This analysis represents the opinions of the contractor for consideration by policy makers to decide whether the priorities in acceptance should change. If these documents are released, it will impede the manner in which OCRWM develops answers to congressional inquiries, because OCRWM will be unable to ask for input from its contractors that are then the subject of questioning in the litigation pending before the Court of Federal Claims or in the licensing proceedings.

78. The document Bates-Stamped HQR250212 - HQR2500213 (E299) is an e-mail forwarding a draft response to questions posed to Secretary Abraham during a February 8, 2001 congressional hearing regarding the disposal of low-level radioactive waste. The document represents the suggestion of an individual contractor regarding a proposed response submitted for consideration to several OCRWM personnel. The proposed response does not represent approved DOE policy, but if released in draft form, would lead to questioning by interested parties of the author as well as the recipients of the proposed response. Such questioning would inhibit the practice of soliciting input to congressional questions from OCRWM staffers and contractor personnel and allowing for discussion before such answers are finalized and issued as DOE policy. The input



Protected Material To Be Disclosed Only In Accordance With Protective Order Entered By U.S. Court Of Federal Claims

of OCRWM personnel is necessary to ensure that coherent, well-thought out responses are provided to Congress.

79. The documents Bates-Stamped HQR2502017 - HQR2502080 (E351) are a series of e-mails between Eric Knox, who was then chief of staff to Under Secretary Card, and Chase Hutto, who was then a senior policy advisor to the Secretary, and members of OCRWM regarding the need for a response to an assertion made by Governor Guinn, then governor of Nevada, regarding the safe storage of commercial utility SNF in dry storage facilities at commercial utility sites. This response was developed as part of the site recommendation process, during which we dealt with the sensitive issue of on-site dry storage facilities becoming de facto repositories if Yucca Mountain was not made operational. In this series of e-mails, staff members provided their recommendations regarding what DOE should say to rebut this assertions. [redacted]. The preparation of responses to assertions by parties opposed to the licensing of the repository will become increasing important as OCRWM moves into the licensing proceedings for the repository. DOE policy makers need to be able to rely upon OCRWM personnel to provide the best possible advice regarding how to respond to assertions of parties opposed to the licensing of Yucca Mountain. The willingness of OCRWM personnel to provide such advice will be diminished if

DESCRIPTION OF HARM FROM RELEASE, UNRELATED TO THIS LITIGATION



Protected Material To Be Disclosed Only
In Accordance With Protective Order
Entered By U.S. Court Of Federal
Claims

they know that the documents that they prepare relaying the advice and recommendations prepared by these individuals will be released.

80. The document Bates-Stamped HQR2502100 - HQR2502101 (E353) is a draft response to a question posed by Congress regarding the repository at Yucca Mountain and the effect that its operation would have upon the amount of SNF held in storage by commercial nuclear utilities. This question is keyed to Governor Guinn's assertion regarding dry storage that was the subject of the exchange of e-mails in the preceding paragraph. This draft response was prepared by a contractor and contains his analysis of the effects of a possible change to sequence of acceptance from "oldest-fuel-first," which has been longstanding OCRWM policy, pursuant to the Standard Contract. Release of this document would lead to further questioning of contractor and DOE personnel about DOE's possible operations and the order of acceptance, which was an issue in the coordinated discovery, which will, in turn, chill the willingness of employees to obtain or provide frank advice in the future.

81. The document Bates-Stamped HQR2502103 - HQR2502115 (E355) is a draft of an internal memorandum to be included in the Secretary's briefing book regarding the site recommendation and budgetary issues relating to the OCRWM program. These documents provide advice and recommendations to the Secretary regarding how to respond to possible questions or criticisms of the Department's policies related to OCRWM. For example, the document addresses the implications for OCRWM's activities from the proposed "OMB passback" for FY2002 in terms of



Protected Material To Be Disclosed Only
In Accordance With Protective Order
Entered By U.S. Court Of Federal
Claims

what activities could or could not be accomplished. If this document were released, Congress could question current DOE and OCRWM leadership regarding which advice was followed and which was not. Such questioning would have a chilling effect upon the willingness of staff members to provide such input in the future.

82. The documents Bates-Stamped HQR2580544 - HQR2580549 (E357), HQR2580550 - HQR2580555 (E358), HQR2580556 - HQR2580562 (E359), HQR2500235 - HQR2500239 (E305), HQR2500247 - HQR2500260 (E307), and HQR2500266 - HQR2500359 (E310) are a series of e-mails between OCRWM staff members discussing the audit report by DOE Inspector General regarding the surface facilities at Yucca Mountain and OCRWM's responses to the Inspector General's inquiry. The IG investigation began in November 2000 and the final report was issued in April 2002. In this group of documents, there are e-mails forwarding draft responses to questions from the Inspector General, draft comments in response to the draft report and exchanges regarding the final report. The e-mails identify the individuals within OCRWM who were responsible for providing answers to the IG's questions as well as drafting a proposed response to the draft report. As I note above, the program is constantly subject to review by the IG as well as others. If these documents were to be released outside the department for purposes not related to the IG investigation itself, it would impede the willingness of program personnel to provide thoughtful assistance to the Director in responding to such investigations in the future. In addition, draft IG



Protected Material To Be Disclosed Only In Accordance With Protective Order Entered By U.S. Court Of Federal Claims

reports themselves are almost never released, so the release of these documents would provide insight into the contents of the draft report and allow questioning of individuals about the text of the draft report. Finally, many of the issues touched upon by the IG's investigation are still unresolved today (e.g. the final design of the surface facilities at the repository). The ability of OCRWM staff members to freely exchange ideas and provide recommendations to policy makers prior to a final decision on this topic is particularly important.

I declare under the penalty of perjury, this 31st day of March, 2006, that the foregoing is true and correct to the best of my knowledge and belief.

Ronald A. Milner

Ronald A. Milner
Chief Operating Officer
Office of Civilian Radioactive Waste Management



Protected Material To Be Disclosed Only In Accordance With Protective Order Entered By U.S. Court Of Federal Claims

**Attachment 3**

# OFFICE OF CIVILIAN RADIOACTIVE WASTE MANAGEMENT




9/28/2007