IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Electronically Filed On November 9, 2007

| | | |
|---|---|---|
| DAIRYLAND POWER COOPERATIVE, | ) | |
| Plaintiff, | ) | No. 04-0106C |
| v. | ) | (Chief Judge Damich) |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

FIRST AMENDED COMPLAINT

Plaintiff, Dairyland Power Cooperative ("Dairyland"), alleges as follows:

SUMMARY OF DAIRYLAND'S CLAIMS

1. This case involves the United States Department of Energy's ("DOE") breach of the government's contractual obligation to implement and operate a program for the removal and ultimate disposal of spent nuclear fuel and high-level radioactive waste (collectively "SNF") from commercial nuclear power plants. Under the Nuclear Waste Policy Act of 1982 ("NWPA"), the government entered into a contract in 1983 with Dairyland under which the government, in return for payment of substantial fees by Dairyland, was obligated to remove Dairyland's SNF, beginning not later than January 31, 1998. Even though Dairyland has paid all required fees, the government has failed to perform its SNF removal obligations under the contract. As a result, Dairyland has suffered and continues to suffer damages.

2. Dairyland's contract with DOE involved the removal of SNF generated by the La Crosse Boiling Water Reactor (LACBWR), located in Genoa, Wisconsin.

## JURISDICTION

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1491 (a)(1).

## PARTIES

4. Plaintiff Dairyland is an electric generation and transmission cooperative that provides electrical power to 25 member electric cooperatives and 14 municipal electric utility members located in Wisconsin, Minnesota, Iowa, and Illinois.

5. The defendant is the United States of America, acting by and through the DOE.

## STATEMENT OF FACTS

### The La Crosse Boiling Water Reactor

6. Dairyland is the owner of LACBWR, a nuclear power plant located in Genoa, Wisconsin. LACBWR began commercial operations in 1969, under the ownership of the Atomic Energy Commission ("AEC"), as part of the second round of the AEC program to demonstrate civilian use of nuclear power for electric power production. In 1973, the AEC sold LACBWR to Dairyland. Dairyland operated the plant productively until 1987.

7. In 1987, continued operation of LACBWR became uneconomical, and Dairyland permanently shut down the plant. Dairyland now holds a possession-only license for the radioactive materials in the plant, which was issued by the Nuclear Regulatory Commission ("NRC").

8. During its operation, LACBWR was fueled by enriched uranium, contained in assemblies, otherwise known as nuclear fuel. Through the process of nuclear fission within the reactor vessel, the fuel would gradually become contaminated with other elements and lose its efficiency as reactor fuel. Periodically, as the plant generated electricity, the used nuclear fuel was replaced with fresh nuclear fuel. The removed fuel is referred to as spent nuclear fuel, and is stored in the LACBWR plant in a water-filled storage pool adjacent to the reactor within the reactor building.

9. Following the shutdown of LACBWR, Dairyland implemented plans to place LACBWR into the initial decommissioning stage known as "SAFSTOR," during which the facility is maintained in safe storage until the SNF is removed and the facility can be completely decommissioned. In 1987, Dairyland discharged all remaining fuel assemblies from the LACBWR reactor core into its spent fuel pool. Dairyland determined that it could not proceed with complete decommissioning until all of the spent fuel is removed from the facility. Dairyland has only 333 spent fuel assemblies.

The Nuclear Waste Policy Act and Dairyland's 1983 Contract

10. In 1982, Congress enacted the NWPA, 42 U.S.C. § 10222, which created a program for the removal and eventual disposal of SNF generated by commercial nuclear power plants. The NWPA codifies the government's responsibility for the removal and eventual disposal of SNF. Under the NWPA, utilities having nuclear generating units are responsible for the costs of this program.

11. Consistent with the NWPA, Dairyland entered into a contract with DOE on June 15, 1983. A copy of Dairyland's contract with DOE is attached as Exhibit 1.

12. Dairyland's contract provides that it would pay the government fees, which, together with fees paid by other utilities pursuant to similar contracts under the NWPA, would be sufficient for DOE to implement and operate a program for the timely removal of all the utilities' SNF, including Dairyland's.

13. Dairyland's contract provides that, in return for the payment of such fees, DOE would implement and operate a program for the timely removal of all SNF that Dairyland would be ready to deliver. The contract requires DOE to commence removal of Dairyland's SNF not later than January 31, 1998. The contract also requires DOE to provide transportation casks and all necessary transportation of SNF from LACBWR to a DOE facility.

14. The mutual intent of the parties at the time of contract formation was that DOE would remove the LACBWR-related SNF on a reasonable schedule, commencing no later than January 31, 1998. The parties intended that the Dairyland SNF would be removed as expeditiously as practicable after January 31, 1998.

15. Dairyland's contract also provides, and the government specifically contemplated, that the DOE would accord priority to removal of SNF from shut-down nuclear plants and that DOE would arrange for the removal of SNF promptly after shutdown. In addition, Dairyland's contract provides that utilities could exchange preliminary delivery schedules, thereby further expediting the removal of SNF.

16. In accordance with the contract, Dairyland has paid DOE all of the fees it owed for the removal of its SNF.

17. In the more than twenty years since the enactment of the NWPA, DOE failed to take successful actions to develop and implement the spent fuel removal and

disposal program or to perform its obligation to remove Dairyland's SNF in accordance with the contract and the NWPA.

18. The United States Court of Appeals for the Federal Circuit has held that the government's failure to commence the removal of SNF in 1998 constitutes a breach of the government's contractual obligations to the nuclear utilities that signed contracts with DOE pursuant to the NWPA. *Maine Yankee v. United States*, 225 F.3d 1336 (Fed. Cir. 2000).

19. DOE has informed Dairyland that it will not begin to remove SNF from any utility until at least 2017, and will not commit to any dates upon which it will remove any of Dairyland's SNF.

20. As a result of DOE's actions and failure to act, Dairyland has suffered and will continue to suffer damages resulting from the additional costs to design, construct, operate, secure, monitor and maintain facilities to store LACBWR-related SNF for an extended period, until DOE complies with its contractual obligation to remove Dairyland's LACBWR-related SNF, as well as other damages. These additional costs would not have been incurred had DOE performed its contractual obligations. Pursuant to the Court's Order of October 31, 2007, Dairyland is limiting its present claim for damages to those incurred through 2006 and the increased costs related to the removal of its reactor pressure vessel due to the presence of spent nuclear fuel at LACBWR.

COUNT I

(Partial Breach of Contract)

21. The 1983 contract between Dairyland and DOE imposed an unconditional obligation on DOE to remove Dairyland's SNF promptly according to a reasonable

acceptance schedule beginning no later than January 31, 1998, in return for Dairyland's payment of the specified fees.

22. Dairyland has paid in full all of the fees it was required to pay under the terms of the contract.

23. DOE has partially breached the parties' contract by breaching its contractual obligation to commence SNF removal by January 31, 1998, and to continue to remove Dairyland's SNF on a reasonable schedule thereafter, indicating that it will not commence SNF pick up and disposal under the contract until at least 2017.

24. As a result of DOE's actions and failure to act, Dairyland has suffered through and including December 31, 2006 damages resulting from the additional costs to design, construct, operate, secure, monitor and maintain facilities to store LACBWR-related SNF for an extended period, until DOE complies with its contractual obligation to remove Dairyland's LACBWR-related SNF and other damages. These additional costs would not have been incurred had DOE performed its contractual obligations.

25. As a result of DOE's actions and failure to act, Dairyland has suffered damages through and including December 31, 2006 related to the pursuit of alternative, off-site, interim storage of LACBWR-related spent fuel. These additional costs have been and will be incurred to mitigate the overall damages that Dairyland has incurred and will incur as a result of the DOE's breach, and would not have been or be incurred had DOE performed its contractual obligations.

26. As a result of DOE's actions and failure to act, Dairyland has suffered damages in the form of increased costs to remove its reactor pressure vessel. These

additional costs would not have been incurred had DOE performed its contractual obligations.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff Dairyland demands judgment against the United States:

On Count I, for damages as proven by Dairyland at trial, for interest and for such costs, expenses, and attorneys' fees as are available under applicable law, and such other relief as this Court may deem necessary and proper.

Pursuant to the Court's Order of October 31, 2007, Dairyland understands that only the damages set out in Count I will be adjudicated at the trial scheduled to begin on March 24, 2008. Dairyland respectfully reserves all rights to seek additional damages incurred after 2006 arising from DOE's actions and failure to act at another time.

Respectfully submitted,

Dated: November 9, 2007

_s/ Jerry Stouck_________________

JERRY STOUCK
Greenberg Traurig
800 Connecticut Avenue, N.W., Suite 500
Washington, D.C. 200005
(202) 331-3100
(202) 261-4751 (Fax)
*Counsel for Plaintiff*
DAIRYLAND POWER COOPERATIVE

Of Counsel:
Robert L. Shapiro
Kevin E. Stern
GREENBERG TRAURIG
*WDC 371526617v1 11/7/2007*