# In the United States Court of Federal Claims

No. 04-106 C
(Filed: November 19, 2007)

*************************************
*
**DAIRYLAND POWER COOPERATIVE**, *
*
Plaintiff, *
*
v. *
*
**THE UNITED STATES**, *
*
Defendant. *
*
*************************************

## ORDER

In the Court's Opinion and Order of June 29, 2007, Defendant was ordered to provide for *in camera* inspection a number of documents that were the subject of Plaintiff's January 18, 2007, motion to compel in light of Defendant's invocation of the deliberative process privilege and certain claims of attorney-client privilege.[1] Defendant submitted the documents in full, comprising five binders, to chambers on July 23, 2007. The Court hereby addresses the privilege claims of the documents in the first binder of Defendant's submission.[2]

Document E176 need not be produced by Defendant. The document is not clearly relevant and, in any event, Defendant's interest in confidentiality outweighs Plaintiff's need for the document or the information in the document.

Document E181 shall be produced to Plaintiff. The document is not deliberative in

[1] The Court's review of the boundaries of the deliberative process privilege is contained in the Opinion and Order of June 29, 2007, *Dairyland Power Coop. v. United States,* 77 Fed. Cl. 330 (2007).

[2] The order in which the documents are addressed herein corresponds to the order in which they were submitted within Defendant's binders, i.e., corresponding to the paragraphs in the Declaration of Ronald A. Milner, March 31, 2006. The documents are identified by reference numbers contained in Defendant's privilege log and, where applicable, the Bates-stamped page number(s).

nature, as it makes no policy recommendations, and the information it contains is almost entirely factual. Defendant shall produce the document subject to the following redactions: on page HQR0510009, Defendant may redact the last two lines (beginning, "Senator . . .") of the second paragraph; on page HQR0510010, Defendant may redact the first bullet and the final two lines (beginning, "Department . . .") in the last bullet on that page; on page HQR0510011, Defendant may redact the last two lines (beginning, "Senator . . .") of the second bullet.

Document E183 shall be produced. Despite the description of this document in ¶ 5 of Mr. Milner's Declaration, this one page document itself neither makes nor reflects legal advice nor the mental impressions or legal theories of Defendant's counsel in anticipation of litigation. Defendant's interest in keeping confidential estimated costs associated with various options regarding the delay in spent nuclear fuel (SNF) acceptance is outweighed by Plaintiff's evidentiary need.

Document E160 need not be produced. It explains policy options regarding ongoing SNF litigation and Defendant's interest in confidentiality clearly outweighs Plaintiff's need for the document.

Document E110 need not be produced. It is marginally relevant at best (probably not at all) and Plaintiff's need certainly does not outweigh Defendant's interest in confidentiality.

Document E184 need not be produced. It is clearly a sensitive internal policy recommendation of the very sort the deliberative process privilege is meant to protect.

Document 182 shall be produced. It does not constitute attorney-client communications regarding litigation or in anticipation of litigation nor does it constitute attorney work product. In addition, it is not clear to the Court that it is either pre-decisional or deliberative. Defendant's stake in confidentiality appears minimal and is outweighed by Plaintiff's interest in the document and its subject matter.

Documents 151 and 158 (duplicate memoranda) need not be produced, as they are clearly covered by the attorney-client privilege. Furthermore, the documents reflect internal policy recommendations and advice that is protected by the deliberative process privilege. Plaintiff's need for these documents does not outweigh Defendant's strong interest in confidentiality.

Document E112 shall be produced, with certain limitations. The first sentence of the second paragraph of page CTR0400568 may be redacted; the distribution list on page CTR0400569 may be redacted; and the middle paragraph and subtitle on page CTR0400572 may be redacted. The remainder of the document need not be produced. The portions to be produced are essentially factual, not deliberative, and thus do not fall within the protection of the deliberative process privilege. Document E166 is a duplicate version of E112 and need not be produced.

Document E153 shall be produced. Although it can certainly be read as deliberative in nature, there is no harm or embarrassment to Defendant in the production of this 1997 memorandum, especially under the terms of the protective order in this case, and Defendant's interest in confidentiality is more than outweighed by Plaintiff's evidentiary interest in the document. Documents E161 and E162 are duplicate, or nearly duplicative, versions of E153 and need not be produced.

Document E163 shall be produced for largely the same reasons as Document E153. On page HQR0320151, the last sentence of the first paragraph (beginning, "The storage . . .") may be redacted. Documents E168 and E169 are earlier versions or drafts of E163 and need not be produced.

Document E175 need not be produced. Plaintiff's evidentiary need for this document is marginal and does not outweigh Defendant's interest in confidentiality.

Document E150 shall be produced. There is no clear policy recommendation in this document itself and, to whatever extent it may nevertheless be seen as deliberative, Plaintiff's evidentiary need outweighs Defendant's desire to keep the document confidential.

Documents E152, E164, E172, and E173 are duplicate or draft versions of a high-level memorandum to the President seeking his decision on sensitive SNF policy matters. As such, they are clearly within the protection of the deliberative process privilege and Defendant's interest in confidentiality is appropriately persuasive. They need not be produced.

Document E156 contains three drafts of talking points for the "OMB-White House" regarding the anticipated delay in SNF acceptance scheduled to begin in 1998. The drafts do not appear to be significantly relevant. Page HQR0290826, however, shall be produced because Plaintiff's evidentiary interest can be seen to outweigh Defendant's desire for confidentiality.

Document E157 need not be produced. The document, an email requesting time-sensitive comment on a proposed question and answer regarding interim SNF storage, can fairly be read as having a sensitive political context. Defendant's interest in confidentiality outweighs what appears to be minimal value to Plaintiff.

Document E155 need not be produced. The document contains various policy options and alternatives for proposals to ameliorate the concerns of the SNF utilities, including anticipated questions and suggested answers prepared to brief the Secretary of the Department of Energy (DOE) in advance of a meeting with utility representatives. On balance, Defendant's interest in confidentiality outweighs Plaintiff's evidentiary need.

Document E179 need not be produced. It briefly addresses options regarding both litigation and legislative strategy in general terms, although with political overtones. Defendant's interest in confidentiality outweighs whatever marginal evidentiary value Plaintiff may find in

the document.

Documents E185, E302, and E304 need not be produced. They do not appear particularly relevant. In any event, Defendant's interest in confidentiality, particularly to the extent the document includes political/intergovernmental sensitivities, outweighs Plaintiff's need.

Documents E159 and E177 are duplicate copies of a memorandum regarding issues relating to settlement of litigation with the nuclear utilities. Defendant's interest in confidentiality clearly outweighs Plaintiff's need.

Documents E105 and E106 shall be produced. Neither document contains a policy recommendation and thus they do come under the protection of the deliberative process privilege. Document E107 need not be produced because it addresses the consequences of various policy options and its production would provide precedent likely to inhibit future candor in policy advice. Defendant's interest in confidentiality in this respect outweighs Plaintiff's need.

Documents E108 and E109 need not be produced. These are duplicate documents, the relevance of which is not strongly evident. Defendant's interest in confidentiality prevails over Plaintiff's need.

Document E115 shall be produced. Although the document contains advice and recommendations regarding options for waste package closure and emplacement, and is thus clearly deliberative, Plaintiff's evidentiary need in the context of its claims for damages relating to dry storage outweigh Defendant's interest in confidentiality.

Document E387 shall be produced. It is a memo discussing the initiation of the Delivery Commitment Schedule process for 2010 repository operations. Its relevance to Plaintiff's case is strong and Plaintiff's evidentiary need outweighs Defendant's interest in confidentiality. On page HQR339002, the last sentence of the first full paragraph (beginning, "While . .. .") may be redacted as well as all of the remainder of the page. Page HQR339003 may be redacted in its entirety. Documents E386, E388 and E390 need not be produced. They are duplicate, or near duplicates, of E387 and their production is unnecessary. Document E389 is a draft cover letter for the preceding documents and shall be produced.

Document E372 need not be produced. It relates to the Licensing Support Network for the repository at Yucca Mountain and is not demonstrably relevant to Plaintiff's case.

The Court notes that its review of the foregoing documents and its weighing of Plaintiff's evidentiary need versus Defendant's interest in confidentiality have been substantially informed by the fact of the protective order in place in this litigation. While the purpose of the deliberative process privilege it to enhance "the quality of agency decisions," by protecting open and frank discussion among agency policy advisers, *U.S. Dept. of the Interior v. Klamath*, 532 U.S. 1 (2001), the privilege is narrowly construed and the burden is on the government to justify

invocation of the privilege, *Deseret Management Corp. v. U.S.*, 78 Fed. Cl. 88, 95. If the privilege is to have reasonable boundaries, the practical inquiry is "whether the material is 'so candid or personal in nature' that public disclosure is likely in the future to stifle" such communication. *Exxon Corp. v. Department of Energy*, 91 F.R.D. 26, 43 (D. Tex. 1981) (citing *Coastal States Gas Corp. v. Dept. of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980). The protective order in effect in this case significantly limits the extent of any "public disclosure" of the documents and the potential deleterious effect on a policy adviser's candor for fear of embarrassment in the public spotlight.

Defendant shall produce such documents under the terms as noted herein on or before December 10, 2007.

s/ Edward J. Damich
EDWARD J. DAMICH
Chief Judge