IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DAIRYLAND POWER COOPERATIVE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-106C |
| | ) | (Chief Judge Damich) |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFF'S DECEMBER 3, 2007 REPORT

Pursuant to the Court's November 20, 2007 order, defendant, the United States, respectfully submits this response to the "Report On The Sufficiency Of The Government's Answers To Certain Contention Interrogatories" ("Report"), which the plaintiff, Dairyland Power Cooperative ("Dairyland"), filed on December 3, 2007.

DISCUSSION

I. THE GOVERNMENT REPEATEDLY HAS PROVIDED INFORMATION IN RESPONSE TO INTERROGATORY NOS. 9, 13, 15, 16, AND 17

In its order, the Court instructed Dairyland to provide a report "stating whether Dairyland has, in its view, received information since the completion of briefing for this motion that sufficiently answers the interrogatories numbered 9, 13, 15, 16, and 17" and to "set out for each interrogatory, the information received from the government since briefing on this motion, and the reasons, with particularity, why the information was insufficient to answer the interrogatory." Order at 10-11. Nevertheless, Dairyland's report fails to mention the additional "information received from the government since briefing on the motion" that satisfies the subject interrogatories, including, among other items, the testimony of the Government's RCFC 30(b)(6)

representatives on May 1-3, 2007, and Dairyland otherwise fails to explain "with particularity" why our interrogatory responses are insufficient.

With regard to Interrogatory Nos. 9, 15, 16, and 17, which seek our position as to whether the Government intends to challenge the "reasonableness" of Dairyland's costs or actions since January 31, 1998, our supplemental responses provide the Government's legal contentions concerning this issue. As Dairyland recognizes, the interrogatory responses state our position that we do not intend to challenge at trial the "reasonableness" of the costs incurred by Dairyland relating to spent nuclear fuel ("SNF") storage expenditures or studies. Pl. Mem. 1-2. Dairyland, however, contends that our responses do not "squarely answer the interrogatories posed by Dairyland" because the responses address whether the Government intends to "mak[e] arguments on those issues" at trial. Id. Dairyland's position is untenable. The purpose of a contention interrogatory is to determine a party's legal theory to "narrow and define issues for trial." Koch v. Koch Indus., Inc., 6 F. Supp. 2d 1192, 1200 (D. Kan. 1998); see McCaugherty v. Siffermann, 132 F.R.D. 234, 249 (N.D. Cal. 1990). By indicating to Dairyland that we do not intend to challenge the reasonableness of Dairyland's incurred costs relating to SNF storage expenditures or studies, our interrogatory responses are responsive and properly "narrow and define the issues for trial." Koch, 6 F. Supp. 2d at 1200.

Similarly, Dairyland's assertion that the Government has failed to satisfy Interrogatory No. 13 related to the topic of "failed fuel" is equally disingenuous. On May 3, 2007, Dairyland extensively examined DOE witness David Zabransky, the Government's RCFC 30(b)(6) witness concerning Dairyland's Topic No. 14 ("The purpose and role of provisions of the Standard Contracts governing, and DOE's plans for, scheduling acceptance and acceptance of failed fuel,

including failed fuel at Dairyland's site"), which relates to the same issue as Interrogatory No. 13. Consistent with our written response, Mr. Zabransky testified that DOE could not say whether it would accept failed fuel from utilities (including Dairyland) on a schedule different from that for fuel that was not failed, as DOE has never been presented with the possibility of having to accept failed fuel and the agency otherwise lacks sufficient data from the utilities (including Dairyland) concerning the extent of their failed fuel. Order, at 9 (Nov. 20, 2007); Def. Aug. 17, 2007 Br. at 17-19, 31.[1] Because the Court has found that Mr. Zabransky's testimony adequately discharged his obligations under RCFC 30(b)(6) and otherwise provided Dairyland with sufficient information concerning the degree of our understanding concerning the schedule for acceptance of failed fuel, we have provided Dairyland with information sufficient to satisfy Interrogatory No. 13, and Dairyland's requests for discovery sanctions should be denied.

## II. OUR INTERROGATORY RESPONSES COMPLY WITH RCFC 33(b)

Dairyland argues that the Government's responses to Interrogatory Nos. 9, 15, 16, and 17 are inadequate as a matter of law because the Government has not complied with the certification requirements contained in RCFC 33(b). Pl. Mem. 2-3. Dairyland's position is without merit. Pursuant to RCFC 26(e)(2), by signing discovery responses, the signatory attorney is providing "a certification that to the best of the signer's knowledge, information, and belief, formed after a reasonable inquiry, the . . . response . . . is," among other things, "consistent with these rules and

[1] Consistent with Mr. Zabransky's RCFC 30(b)(6) testimony, our response to Interrogatory No. 13 states that the Government lacks sufficient information at this time to determine whether Dairyland's failed fuel would be picked up according to a different schedule of acceptance, as DOE does not "have adequate information regarding plaintiff's failed fuel to respond appropriately."

warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law complete and correct as of the time it is made."

Here, the Department of Justice ("DOJ") attorneys' signatures upon the Government's contention interrogatory responses constitute an appropriate certification of the Government's responses, particularly where, as here, the defendant is the United States, rather than a particular agency of the United States. Because the Government's amended and supplemental interrogatory responses do not concern factual issues within the possession of DOE or the Nuclear Regulatory Commission ("NRC"), but, instead, relate to the legal arguments that the United States expects to pursue in this litigation in response to fact discovery that DOJ obtained from Dairyland, there is no one within DOE or the NRC who can certify to the accuracy of any facts underlying these contention interrogatory responses.[2] See Lastick v. Bahama Cruise Line, Inc., No. 88-civ-3624, 1990 WL 139023, at *5 (S.D.N.Y. 1990).[3] Hence, where the knowledge relating to the Government's anticipated legal contentions is fully within the possession of DOJ,

---

[2] On May 1-2, 2007, Dairyland deposed Mr. Kouts, the Government's RCFC 30(b)(6) representative, concerning our position as to the "reasonableness" of Dairyland's incurred storage costs. See Order, at 9-11 (Nov. 20, 2007). Consistent with our interrogatory responses, Mr. Kouts testified that DOE does not collect cost data in the ordinary course concerning a given utility's incurred expenditures for SNF storage costs and that, as a consequence, the agency does not possess any information upon which to base a determination as to the "reasonableness" of the costs that Dairyland has incurred for SNF storage. See id. at 10-11. This Court found that Mr. Kouts' testimony properly satisfied RCFC 30(b)(6). See id.

[3] A rule requiring the individual fact witness to swear to contention interrogatory responses would be counterproductive. Because the "party could swear to the truth of the answers only on information and belief in reliance on information supplied by the attorney, the possibility of a loophole large enough to admit surprise at trial is not inconceivable." Lastick, 1990 WL 139023, at *6 n.11.

RCFC 33 does not identify any requirement that the Government provide Dairyland with some separate certification beyond that provided by the attorney in our written responses.

Dairyland's reliance upon Deseret Management Corp. v. United States, 75 Fed. Cl. 571 (2007), is misplaced. There, the Court addressed whether an attorney for the United States may certify interrogatories seeking factual information on behalf of the agency and, if so, the form of oath required for that certification. Id. at 573-74. The Court held that, under RCFC 33(a), an attorney for the United States is an officer or agent of the agency and, therefore, may certify interrogatories on the agency's behalf. Id. at 573. With respect to interrogatories seeking factual information, the Court that the form of the certification must read, "[u]nder penalties of perjury, I certify that the foregoing responses to interrogatories are true and correct," without any qualification regarding the signatory's knowledge. Id. at 575. However, the Court did not address Dairyland's central contention – namely, that DOJ attorneys must certify to the accuracy of contention interrogatories – and Dairyland has provided no support for such a proposition.[4] Hence, Dairyland cannot demonstrate that the Government has faied to certify properly its interrogatory responses.

[4] To the extent that Dairyland asserts that we must certify each response "as true and correct under oath without qualifying or limiting language," such a claim also lacks merit. First, we disagree with that portion of the Court's holding in Deseret and do not believe the Rules of the Court of Federal Claims impose any such requirement. Second, Dairyland itself has not attempted to comply with the requirement that it now appears to suggests is mandatory for the Government. In the certifications that accompanied Dairyland's responses to our first set and second set of interrogatories, the certifying individual stated only that "[t]he preceding interrogatory answers are based on a review of business records and the personal recollections of a number of employees" and that the signatory "ha[s] reviewed each response and believe[s] each to be true and correct." Appendix, attached hereto, at 26, 38 (emphasis added). Indeed, until Dairyland itself complies with the heightened certification requirement that it now proposes, Dairyland has no basis for stating that the Government has not complied with its certification obligations.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/Russell A. Shultis by s/ Patrick B. Bryan
RUSSELL A. SHULTIS
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-7571
Fax: (202) 305-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

ALAN J. LO RE
Senior Trial Counsel

PATRICK B. BRYAN
JOSHUA E. GARDNER
SCOTT SLATER
Trial Attorneys
U.S. Department of Justice

December 7, 2007

CERTIFICATE OF FILING

I hereby certify that on this 7th day of December 2007, a copy of the foregoing "DEFENDANT'S RESPONSE TO PLAINTIFF'S DECEMBER 3, 2007 REPORT," was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Patrick B. Bryan