IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DAIRYLAND POWER COOPERATIVE, Plaintiff, | ) | |
| v. | ) | No. 04-0106C (Chief Judge Damich) |
| THE UNITED STATES, Defendant. | ) | |

DEFENDANT'S MOTION FOR CLARIFICATION OF NOVEMBER 19, 2007 AND DECEMBER 4, 2007 ORDERS

Defendant, the United States, respectfully requests that the Court clarify its orders, dated November 19, 2007 and December 4, 2007,[1] to confirm that in ruling that plaintiff, Dairyland Power Cooperative ("Dairyland"), had overcome the Government's invocation of the deliberative process privilege, the Court did not intend to require the Government to produce the documents at issue where the Government had also asserted other privileges that Dairyland did not challenge. As discussed more fully below, the Government previously asserted that several documents referenced in the November 19 and December 4, 2007 orders were covered by the presidential communications privilege, and Dairyland has never challenged that assertion with regard to those documents. Therefore, we respectfully request that the Court clarify its orders to confirm that the Government is not required to produce documents pursuant to the Court's November 19, 2007 and December 4, 2007 orders that we identified as subject to the presidential communications privilege.

[1] The December 4, 2007 order was issued in response to a motion filed by plaintiff, Dairyland Power Cooperative ("Dairyland"), titled "Dairyland's Motion to Clarify and Enforce One Paragraph of November 19, 2007 Order and Request for Expedited Consideration."

BACKGROUND

In 2002, the United States provided the spent nuclear fuel plaintiffs with a privilege log that relates to several of the documents identified in the Court's November 19 and December 4, 2007 orders. Included on that privilege log were the documents that are identified in the November 19 and December 4, 2007 orders as Document Nos. E112, E153, E156, and E163. With regard to those four documents, the United States, in its 2002 privilege log, identified those documents as protected not only by the deliberative process privilege, but also by the presidential communications privilege.

On January 18, 2007, Dairyland filed a motion to compel the production of numerous documents, challenging the Government's invocation of the deliberative process privilege, the attorney-client privilege, and/or the work product doctrine over various documents identified in the Government's privilege logs (including the 2002 privilege log). Dairyland's motion did not mention the Government's identification of the presidential communications privilege.

On November 19, 2007, this Court issued a decision regarding some of the documents that the Government had submitted for *in camera* review, in compliance with the Court's prior order relating to Dairyland's January 18, 2007 motion to compel. By its terms, the Court's November 19, 2007 order addressed Dairyland's "January 18, 2007 motion to compel in light of the deliberative process and certain claims of attorney-client privilege." Order, at 1 (Nov. 19, 2007). Among other documents, the Court directed that portions of Document Nos. E112 and E156 "shall be produced" given that "Plaintiff's evidentiary interest can be seen to outweigh Defendant's desire for confidentiality," Order, at 2 & 3 (Nov. 19, 2007), and that Document Nos. E153 and E163 "shall be produced." Order, at 2 (Nov. 19, 2007). The Court directed that

defendant "shall produce such documents under the terms as noted herein on or before December 10, 2007." Order, at 5 (Nov. 19, 2007).

During the week of November 26, 2007, counsel for Dairyland contacted the Government, claiming there was an ambiguity in the Court's November 19, 2007 order with regard to Document No. E112. After reviewing the matter, counsel for Dairyland apparently realized that the Government had asserted the presidential communications privilege over Document No. E112 since May 2002 and that Dairyland had never challenged the Government's assertion of that privilege with regard to that document.[2] Consequently, counsel for the Government informed counsel for Dairyland that, consistent with past practice, the Government would produce that document to Dairyland on December 10, 2007, in fully redacted form, redacting that information subject to the presidential communications privilege. Counsel for the Government also informed counsel for Dairyland that the Government would notify the Court of that fact when those documents were produced.

On November 30, 2007, Dairyland filed a motion "To Clarify and Enforce One Paragraph of [the] November 19, 2007 Order." Claiming that the Government has only recently asserted the presidential communications privilege, Dairyland argued that the Government's privilege claim was "frivolous" because the Court had already completed the same analysis when it

---

[2] As discussed above, Document No. E112 is not the only document addressed by the Court's November 19, 2007 order that is also protected by the presidential communications privilege. Three other documents - E153, bates numbered HQR0290044-51; E163, bates numbered HQR0320151-156; and E156, bates numbered HQR0290820-32 - are also referenced in that order and are protected by the presidential communications privilege as well.

determined that the document was not protected by the deliberative process privilege. However, in a footnote, Dairyland admitted that, if the Court wished to consider the Government's assertion of the presidential communications privilege, the Court should do so "in conjunction with the five other documents" over which the Government had asserted the presidential communications privilege that Dairyland had challenged. Dairyland demanded that the Government be required to produce Document No. E112 by December 10, 2007, and that the Court direct the Government to reimburse Dairyland for the cost of its motion.

On December 4, 2007, the Court issued an order which states that "Document E112 shall be produced, with certain limitations." Order, at 1 (Dec. 4, 2007). The order then specifies which pages were to be redacted and which pages need not be produced. However, the order also stated that the "portions to be produced are essentially factual, not deliberative, and thus do not fall within the protection of the deliberative process privilege." Order, at 1-2 (Dec. 4, 2007). The order did not address the fact that the Government had previously asserted the presidential communications privilege over these documents.

## DISCUSSION

### THE COURT SHOULD CLARIFY THAT, THROUGH ITS ORDERS, THE COURT DID NOT INTEND TO REQUIRE DISCLOSURE OF INFORMATION THAT IS PROTECTED BY THE PRESIDENTIAL COMMUNICATIONS PRIVILEGE

The Supreme Court has recognized that the White House is unlike other litigants and has emphasized the necessity of protecting the Executive Branch at its highest level from vexatious litigation that might district it from the energetic performance of its constitutional duties. See

Cheney v. United States District Court for the District of Columbia, 542 U.S. 367, 382 (2004). As recognized by this Court, in light of the President's unique constitutional role, the presidential communications privilege affords greater protection against disclosure and is more difficult to surmount than the deliberative process privilege. See Order at 1 (Oct. 17, 2007) (noting that presidential communications privilege presents a more "difficult hurdle" for a party to overcome than the deliberative process privilege); In re Sealed Case, 121 F.3d 729, 746 (D.C. Cir. 1997) (presidential communications privilege "affords greater protection against disclosure" and is "more difficult to surmount" than the deliberative process privilege). As we have discussed in other briefing, owing to these considerations, parties seeking discovery from offices within the White House in close proximity to the President, as here, must demonstrate a heightened and particularized need for the information that they seek. See Cheney, 542 U.S. at 382. Such a demonstration of need by the plaintiff should include a showing that the subject documents meet "exacting," or heightened standards of "relevance," "admissibility," and "specificity." See Cheney, 542 U.S. at 386; see also Sealed Case, 121 F.3d at 746 ("[A] party seeking to overcome the presidential privilege [ ] must always provide a focused demonstration of need."). Therefore, the presidential communications privilege is distinct from the deliberative process and other privileges. Sealed Case, 121 F.3d at 746. Unlike the deliberative process privilege, a party seeking to challenge the assertion of presidential communications privilege bears the initial burden to demonstrate relevance, admissibility, and specificity. See Cheney, 542 U.S. at 386.

Neither the November 19, 2007 order nor the December 4, 2007 order address the

presidential communications privilege. By its own terms, the November 19, 2007 order stated that the Court's order dealt with the Government's "invocation of the deliberative process privilege and certain claims of attorney-client privilege." Order, at 1 (Nov. 19, 2007). With regard to Document No. E112, the Court directed that certain portions of that document were not privileged because they were "essentially factual, not deliberative, and thus do not fall within the protection of the deliberative process privilege." Order, at 2 (Nov. 19, 2007). In ordering production of Document Nos. E153, E163, and portions of E156 in its November 19, 2007 order, the Court again only does so in response to Dairyland's challenge to the Government's invocation of the deliberative process privilege. Similarly, the December 4, 2007 order, in discussing Document No. E112, mentions only the deliberative process privilege. Order, at 2 (Dec. 4, 2007).

The Court never mentions the presidential communications privilege in either order. The Court also did not engage in an analysis of Dairyland's threshold burden or whether Dairyland had made a sufficient showing to satisfy the relevance, admissibility, and specificity requirements. Further, while the Court's orders contemplate substantial redactions prior to production of Document No. E112, the presidential communications privilege applies to all of the information in a privileged document. See, e.g., Sealed Case, 121 F.3d at 745 (presidential communications privilege applies to documents in their entirety). Therefore, it is clear that neither of the Court's orders addressed the Government's assertions of the presidential communications privilege.

Dairyland has never previously challenged the Government's assertion of the presidential communications privilege over Document Nos. E112, E153, E156, and E163. Accordingly, we respectfully request that the Court clarify its November 19 and December 4, 2007 orders to specify that those orders related to the deliberative process privilege and did not purport to rule upon asserted privileges that Dairyland had not challenged or to direct production of documents covered by unchallenged privilege claims.

We note that the Government identified the presidential communications privilege over these four documents, along with the deliberative process privilege, in 2002. The only challenge that Dairyland has ever made with regard to the Government's assertion of the presidential communications privilege in this case dealt with just five documents - Document Nos. E154, E167, E170, E171, and E178 that are part of a motion to compel that Dairyland filed on September 18, 2007.[3] At a hearing held on September 20, 2007, the Court discussed Dairyland's motion challenging the assertion of presidential communications privilege with regard to those five documents and, at that time, the Court reminded the parties that piecemeal objections were not favored and that, as a matter of practical necessity, objections that were not asserted in a timely way would be waived. Transcript, September 20, 2007 Hearing, pp 64-70 (attached).

Following the hearing, on October 5, 2005, Dairyland filed a motion to compel the production of documents withheld upon the basis of the deliberative process privilege, attorney-

---

[3] The attachment to Dairyland's brief is labeled "Pacific Gas and Electric v. United States . . . Table of Challenges." Thus, Dairyland has known about the Government's presidential privilege assertion regarding this document for a long time.

client privilege, and work product doctrine. Although Dairyland sought the production of 203 additional documents, none of those documents involved a challenge to the Government's assertion of the presidential communications privilege, and Dairyland did not discuss that privilege with regard to the four documents at issue in this motion. To the extent that Dairyland elects to file a new motion to compel challenging the Government's assertion of the presidential communications privilege over these documents, Dairyland will be engaging in just such piecemeal challenges, and we will respond at that time.

## CONCLUSION

For the reasons discussed above, we respectfully request that the Court clarify its orders to confirm that the Court did not intend to direct the Government to produce documents that were identified as subject to the previously unchallenged presidential communications privilege.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Harold D. Lester Jr.
HAROLD D. LESTER, JR.
Assistant Director

OF COUNSEL:
JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

ALAN J. LO RE
MARIAN E. SULLIVAN
Senior Trial Counsel

s/Russell A. Shultis
RUSSELL A. SHULTIS
Trial Attorney
Commercial Litigation Branch
Civil Division
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-7571
Fax: (202) 307-2503

PATRICK B. BRYAN
JOSHUA E. GARDNER
SCOTT SLATER
Trial Attorneys
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530

December 7, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 7th day of December 2007, a copy of foregoing "DEFENDANT'S MOTION FOR CLARIFICATION OF NOVEMBER 19, 2007 AND DECEMBER 4, 2007 ORDERS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Russell A. Shultis