Page 61

and identify Southern Nuclear's request for production number one, the documents responsive to that request, I don't know that we have the ability to go back and do that absent undertaking the effort that we have done with Dairyland's production requests.
And those production requests, I mean, there are hundreds of production requests that we've received from plaintiffs in all these cases that led to the production of that million pages. So I want to be very clear as to what we think we could do without expending resources and going back and reviewing all of these containers again in response to such a request.
I certainly can provide the date on which documents were produced or collected, and that would tie up whether they were part of these waves, as Mr. Shapiro's. But the effort to go back and identify that that was particularly responsive to one of these requests will be terribly burdensome.
THE COURT: Yes. The rest of Mr. Shapiro's I think suggestion is that, insofar as you have information available that you should provide it so that it can make the Plaintiff's effort to identify what is really responsive to its requests easier, which seems like a reasonable suggestion.
I think the best way to handle this frankly,

Page 62

because you guys are living this case a lot more than I have – even the little few times that I have a lease on a case as opposed to your fee simple, I have a lease, it drives me nuts – so I think it's not optimal from everybody's standpoint for me to come in with a limited amount of knowledge and say, this is what should be done.
I mean, I'll do it because there's a motion and it's my duty to do it.
What I would suggest, though, is since I see some movement here, maybe Mr. Shapiro and Mr. Shultis or whoever on the government's side is the appropriate person could actually get together very quickly and try to work something out, especially being very candid about what you have available. And then if that is the case, I would render the motion to be moot or at least part of it to be moot, and then I won't have to make that decision.
It's the old saw which is really true, and that is you're in the best position to craft a solution. I'm in a lesser enlightened position than you are. I mean, as I say, it's my job and I'll do it, but you'll probably both be unhappy, whereas if you got together and try to work it out, then I think you might be able to both be happy, which is what we'd really like to have. I'm addressing you actually, Mr. Shultis, as the person I should be addressing.

Page 63

I mean, Mr. Shapiro, do you think it's worth the effort at least so far? There has been some movement here I think.
MR. SHAPIRO: Yes. I'd be happy to sit down with whoever the Department of Justice designates. I think Ms. Sullivan is probably the most knowledgeable.
THE COURT: Okay.
MR. SHAPIRO: But we'd be happy to do that.
THE COURT: Can we do this within a week?
MR. SHAPIRO: Certainly.
THE COURT: Because I don't want to hold back in beginning or continuing my looking at this motion for too long, because then obviously there will be a delay.
MR. SHAPIRO: Certainly. We can definitely do that within the week.
THE COURT: Is that okay, Ms. Sullivan?
MS. SULLIVAN: Understood, Your Honor. Yes, Your Honor. Thank you.
THE COURT: Thanks very much, and thanks for your explanation.
MS. SULLIVAN: Thank you.
THE COURT: One other issue, because we are running out of time here, is the recent motion to compel production of documents, this was on September 18 that the Plaintiff filed. And on June 29, the Court ordered

Page 64

for the Defendant to produce these documents. These are in response to the Defendant's invocation of the deliberative process privilege in the PG&E case, right? Is that an accurate description of the motion that was filed?
MR. SHAPIRO: Yes, Your Honor.
THE COURT: There seems to be a motion a week, so I'm going to make sure that I have this correct.
Okay. Now Defendant in response has raised the presidential communications privilege. Hello? Has raised the presidential communication privilege. Now do you know what I'm talking about?
Okay. All right. And let me just go on here a little bit. I want to vent a little more, and that is that there was this briefing already I think of deliberative process and there was another privilege, wasn't there? Was it attorney/client? The motion I think itself indicated the privileges that it was opposed to. But at any rate, the presidential communications was not part of it.
And my initial reaction was that there really is an obligation in order not to have a moving target, not to have issues come up piecemeal but to say, this is your opportunity to raise all of your privileges period, and anything after that is waived. I mean, I am sympathetic