Page 69

But what I'm saying is is that in some instances, that's important, but you can't rely upon the fact, you can't say it's my duty to inform you that unless you do something by this date, there will have been a waiver. There has to be an understanding from seasoned litigators that no court can tolerate things coming in piecemeal, that you have to look at an activity logically and say a diligent attorney looking at everything at that time would have made this argument or not, and since it was not done, it was waived. That's all I'm saying.

Okay. All right. So at any rate, I think that at least we seem to have a plan for the future. And what I'll ask my law clerk to do is to advise me on an appropriate order that would encompass all of this. He's telling me now that I should summarize all over again. But I was expecting you, you see, to have noted all this down so that you would know.

All right. Let me try to do this. Okay. So the privilege log is in, and we have totally updated. All of the privileges have been asserted. This is an example of waiver at this point.

Secondly, the declarations supporting have been prepared, and I have ordered then that those declarations be given to the Plaintiff, and I think the representation was that it could be done today, is that correct?

Page 70

MR. LO RE: That's correct.

THE COURT: Yes. Okay. All right. So I don't need to set those dates. The response of the Plaintiff then having the assertions of privilege and the justification for the assertion of privilege as to which ones they are going to challenge, when did we say? That was two weeks? Approximately two weeks?

MR. SHAPIRO: October 5, Your Honor.

THE COURT: October 5. That was that famous deadline. That's where you got that.

Okay. Now with regard to the appointment of a Special Master, the aspirational target date is October 5, but October 15 is the absolute deadline, okay?

MR. LO RE: And, Your Honor, just to be clear, I thought I heard you say the appointment of the Special Master. That would be us providing you with the list.

THE COURT: You provide me with a list of five on October 15.

MR. LO RE: Thank you.

THE COURT: You allow me at least a day to look at it. And the other thing is I don't know whether you will have ascertained in advance whether or not these people are willing, because I would have to do that, which may take more than one day.

MR. SHAPIRO: Thank you. We'll endeavor to do

Page 71

that, Your Honor.

THE COURT: Okay. All right. But I still may have to call the person anyway because I have to explain my view of what really has to be done by what particular date to see if he or she is willing to do it.

All right. Now that segued into the bigger issue of some better coordination of all the discovery, the second wave of discovery in the spent nuclear fuel cases. This is a parallel development. This is not really central to this case. And that is the justification for doing something along those lines, which you would have in by a week from Friday, Friday of next week and earlier if possible, because the Plaintiff won't have much time to react.

And quick and dirty bullet points. I don't care that much about citations as long as you're telling the truth, because eventually we will probably have to see whether you're telling the truth. Just the sort of grave, compelling hardships that the government is going through because of a lack of coordinated discovery and then the reaction of the Plaintiff that if the Court as a whole wanted to do this maybe the problems that you would face.

And again, try either if you can to fit it into your schedule to do some soundings from the other

Page 72

plaintiffs' counsel. If you can't, then just say what you think and you surmise what their objections might be just so I can have something to talk over with the Judges at the Judges' retreat.

And I would need that by the morning of October 9 ideally so I can read it on the plane. Otherwise, it would have to be sent to me electronically, and at least I would have to have it by 5:00 on that day so that I can read it at night, okay? So you see, it's not a boondoggle vacation.

(Laughter.)

THE COURT: It's a lot of work.

Okay. Then we talked about the trial date, and I said that I was to going to hold the trial date. But I probably will encompass in the order some indication, because I don't have the pretrial order and the dates filled in ahead of time, what the critical date will be. That is to say, things must be concluded by that time, otherwise they are dropped, okay, leaving you the option, although I will be annoyed, the option to say that you want to move the trial date because these things are so important. If you want to do that, that's all right. If you want to keep the current trial date, then we're going to have to drop things at some point.

So I'll indicate it. I have to look at the dates.