# In the United States Court of Federal Claims

No. 04-106 C
(Filed: December 10, 2007)

*************************************
*
**DAIRYLAND POWER COOPERATIVE,** *
*
Plaintiff, *
*
v. *
*
**THE UNITED STATES,** *
*
Defendant. *
*
*************************************

## ORDER

In the Court's Opinion and Order of June 29, 2007, Defendant was ordered to provide for *in camera* inspection a number of documents that were the subject of Plaintiff's January 18, 2007, motion to compel in light of Defendant's invocation of the deliberative process privilege and certain claims of attorney-client privilege.[1] Defendant submitted the documents in full, comprising five binders, to chambers on July 23, 2007. The Court addressed the privilege claims of the documents in the first binder of the Defendant's submission in the Order of November 19, 2007. The Court hereby addresses the privilege claims of the documents in the second binder of Defendant's submission.[2]

Document E136 need not be produced. It is the graphic analysis of repository design options which are pre-decisional and deliberative in nature, additionally, Plaintiff's evidentiary need for the document is insufficient to outweigh Defendant's interest in confidentiality.

---

[1] The Court's review of the boundaries of the deliberative process privilege is contained in the Opinion and Order of June 29, 2007, *Dairyland Power Coop. v. United States,* 77 Fed. Cl. 330 (2007).

[2] As in the Order of November 19, 2007, the order in which the documents are addressed herein corresponds to the order in which they were submitted within Defendant's binders, i.e., corresponding to the paragraphs in the Declaration of Ronald A. Milner, March 31, 2006. The documents are identified by reference numbers contained in Defendant's privilege log and, where applicable, the Bates-stamped page number(s).

Document E141 is a duplicate version of E136 and need not be produced.

Document E263 need not be produced. It is the analysis of repository design options and is similar to the material found in E136. Once again, Plaintiff's evidentiary need for the document is insufficient to outweigh Defendant's interest in confidentiality.

Document E261 need not be produced. It is a draft agenda which appears to be of minimal relevance to Plaintiff and Plaintiff's evidentiary need does not outweigh Defendant's interest in confidentiality.

Document E137 is a duplicate of document HQR2190071 which was part of E263 and need not be produced.

Document E382 shall be produced with several limitations. The document does contain items that are pre-decisional and deliberative in nature; therefore, only specific items shall be produced. HQR3130008 shall be produced, as it contains factual information and is a compilation of data taken from another report. HQR3130009, HQR313017 and HQR3130018 shall be produced, as they are charts regarding options for the receipt/handling of spent nuclear fuel (SNF). The remainder of the documents, HQR3130004 through HQR3130007, HQR3130010 through HQR3130016, and HQR3130019 through HQR3130022, contain an agenda, notes and diagrams regarding design review and need not be produced because Plaintiff's evidentiary need for the document is insufficient to outweigh Defendant's interest in confidentiality.

Document E383 need not be produced, as it contains sensitive diagrams and schematic drawings for the repository at Yucca Mountain. The document is not demonstrably relevant to Plaintiff's case and Plaintiff's evidentiary need for the document is insufficient to outweigh Defendant's interest in confidentiality.

Document E371 need not be produced. It is handwritten pre-decisional notes with analysis, opinion and recommendations from a meeting with the Under Secretary. In this instance Plaintiff's evidentiary need for the document is insufficient to outweigh Defendant's interest in confidentiality.

Document E367 shall be produced with several limitations. Although the document does contain recommendations for proposed modifications to utility disposal contracts and is therefore pre-decisional and deliberative in nature, Plaintiff's evidentiary need regarding waste acceptance strategies outweighs Defendant's interest in preserving their confidentiality. HQR2890184 through HQR2890187 shall be produced with the following limitations: HQR2890185 may be redacted as follows, the second and third bullet points under Milestone 4; HQR2890186 may be redacted as follows, all bullet points under Milestone 8 and 9 may be completely redacted. The remainder of the document, HQR2890188 through HQR2890198, contains the specific negotiation approach proposed for modifications to utility disposal contracts and Plaintiff's

evidentiary need for the document is insufficient to outweigh Defendant's interest in confidentiality.

Document E369 need not be produced. HQR2890201 through HQR2890204 contains the handwritten notes that were used to create HQR2890185 through HQR2890187; therefore, they are duplicative and need not be produced. HQR2890205 and HQR2890206 contain talking points regarding the Licensing Support Network (LSN) and are not demonstrably relevant to Plaintiff's case. HQR2890207 through HQR2890221 need not be produced, as they are duplicates of documents in E367. HQR289022 through HQR2890240 need not be produced, as they are duplicates of documents found in E367 and again in E369 (HQR2890207 through HQR2890221).

Document E331 need not be produced. It is an email, chart and a portion of a draft plan for enhancing confidence in the Waste Management Program. The document is pre-decisional and deliberative in nature and pertains to proposed scientific activities that would add confidence and understanding to the repository program. The document is not demonstrably relevant to Plaintiff's case and Plaintiff's evidentiary need for the document is insufficient to outweigh Defendant's interest in confidentiality.

Document E356 shall be produced, with certain limitations. This document contains memoranda and proposed presentations regarding the FY 2003 budget. It contains recommendations for the allocation of money in the event of a funding reduction in the FY 2003 budget and a draft of a brief for the Under Secretary regarding the Transportation Program. Plaintiff's evidentiary need is sufficient to outweigh Defendant's interest in preserving confidentiality with the following omissions or redactions: HQR2540001, HQR2540025, and HQR2540031 need not be produced; HQR2540033 footnotes a and b may be redacted; HQR2540039 the entire fourth bullet point on the page may be redacted; HQR2540047 the entire third bullet point on the page may be redacted; HQR2540056 through HQR2540083 need not be produced.

Document E113 need not be produced. The document contains a draft of a July 16, 2001 presentation regarding FY 2003 budget requests. This document contains opinions, recommendations and advice regarding agency policy and future budget recommendations. Plaintiff's evidentiary need for the document is insufficient to outweigh Defendant's interest in confidentiality.

Document E129 shall be produced. It contains graphs assessing the annual cost associated with delays in SNF acceptance. It may be pre-decisional and may have been used in group decisions, however, the graphs themselves are not deliberative in nature, they do not contain opinions, recommendations or advice pertaining to agency decisions. Additionally, Plaintiff's evidentiary need for the document is sufficient to outweigh Defendant's interest in confidentiality.

Document E198 is a duplicate of a graph found in E129 and need not be produced.

Document E199 need not be produced. It is a cost spreadsheet relating to Yucca Mountain. The document is not demonstrably relevant to Plaintiff's case and Plaintiff's evidentiary need for the document is insufficient to outweigh Defendant's interest in confidentiality.

Document E200 need not be produced. It contains graphs assessing the cost associated with different repository designs. The document is not demonstrably relevant to Plaintiff's case and Plaintiff's evidentiary need for the document is insufficient to outweigh Defendant's interest in confidentiality.

Document E201 is a duplicate of graphs found in E129 and need not be produced.

Document E210 is a duplicate of E200 and need not be produced.

Document E211 is a duplicate of E129 and E201 and need not be produced.

Document E219 is a duplicate of E200 and E210 and need not be produced.

Document E232 is a duplicate of CTR1660059 found in E129 and need not be produced.

Document E329 need not be produced. It is an email with a draft presentation attached which discusses the pros and cons of transportation options for SNF, as well as budget estimates and a draft presentation about the science program. The document is pre-decisional and deliberative and Plaintiff's evidentiary need for the document is insufficient to outweigh Defendant's interest in confidentiality.

Document E342 need not be produced. It is an email with a draft presentation attached reviewing budget strategies FY 2004 - FY 2010. The document is pre-decisional and deliberative in nature and Plaintiff's evidentiary need for the document is insufficient to outweigh Defendant's interest in confidentiality.

Document E217 need not be produced. This document is a memorandum that explains the impact of budget cuts on license applications. The document is not demonstrably relevant to Plaintiff's case and Plaintiff's evidentiary need for the document is insufficient to outweigh Defendant's interest in confidentiality.

Document E218 need not be produced. It is a graph that demonstrates the effects of different FY 2003 budget scenarios on license application submissions. It is not demonstrably relevant to Plaintiff's case and Plaintiff's evidentiary need for the document is insufficient to outweigh Defendant's interest in confidentiality.

Document E265 need not be produced. It is two different drafts of the same memorandum regarding the impact of budget cuts on license applications and it is duplicative of documents found in E217.

Document E228 need not be produced. It is a duplicate of documents found in E199.

Document E231 need not be produced. It is a duplicate of documents found in E199 and E228.

Document 257 need not be produced. It is a duplicate of documents found in E199, E228 and E231.

Defendant shall produce such documents under the terms as noted herein on or before December 19, 2007.

s/ Edward J. Damich
EDWARD J. DAMICH
Chief Judge