IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Electronically filed: December 10, 2007

| | |
|---|---|
| DAIRYLAND POWER COOPERATIVE, Plaintiff, | No. 04-0106C |
| v. | (Chief Judge Damich) |
| UNITED STATES OF AMERICA, Defendant. | |

DAIRYLAND'S OPPOSITION TO THE GOVERNMENT'S
MOTION FOR CLARIFICATION OF NOVEMBER 19 AND DECEMBER 4 ORDERS

The government makes clear in its motion for clarification that it intends to flout this Court's Orders of November 19 and December 4 by redacting material from four documents that the Court has otherwise directed be produced by today. The government cites no ambiguity in the Court's Orders that warrants clarification, and the Court's Orders are not ambiguous in this regard. At best, the government's motion should be seen as a motion requesting reconsideration of the Court's Orders. But the government has presented no grounds that would justify the Court's reconsideration of its Orders. The government also cannot justify why it has not pressed this issue before now. The government waited almost three weeks since the November 19 Order, to the business day before performance is due – just as Dairyland predicted the government would – before raising this issue. In short, the government's motion and course of conduct regarding these documents is dilatory and contemptuous of this Court's Orders. The Court should deny the government's motion and sanction the government if its does not comply with its Orders.

In its November 19, 2007 Order, the Court, after *in camera review*, directed the government to produce certain documents being withheld from discovery by December 10 but permitted the government to redact certain material. Nov. 19 Order at 5 ("Defendant shall produce such documents under the terms as noted herein on or before December 10, 2007."). On November 30, Dairyland sought clarification of the Court's direction concerning permitted redactions to one of the documents, E112. Dairyland's motion also addressed the government's stated intention of not complying with the November 19 Order by refusing to produce any part of document E112 on the ground that it intended to assert the presidential communications privilege over the document. *See* Dairyland Mot. at 3-5. In its December 4 Order, the Court clarified the extent of permitted redactions concerning that document and reiterated its direction that the government produce all of the documents addressed in the Nov. 19 Order by today, December 10. Dec. 4 Order at 2 ("Defendant shall produce Document E112 under the terms as noted herein on or before December 10, 2007. The remainder of the documents shall be produced in accordance with the Order of November 19, 2007.").

In its present motion for "clarification," the government argues that it should be permitted to withhold four documents (E112, E153, E156 and E163) on grounds of the presidential communications privilege. But the government neither identifies any ambiguity in the Court's Orders directing production of these documents nor attempts to establish that these documents are covered by the presidential communications privilege. Notwithstanding the Courts Orders directing the government to produce documents with only limited, specified redactions, the government served Dairyland with a binder of documents today at 5:00 p.m. with the entirety of the contents of the four subject documents redacted. *See, e.g.,* "production" of E112, exhibit 1.

As Dairyland stated in its motion for clarification, Dairyland filed a motion to compel the production of documents, and the Court granted that motion. Dairyland Mot. at 4. In that motion, Dairyland also explained why the government's claim of the presidential communications privilege was not applicable to E112. That privilege is similarly unavailing for the other three documents addressed in the government's motion. As with E 112, the government has never attempted to properly invoke the presidential communications privilege over these documents. And the descriptions provided by the government regarding these documents (descriptions that the government has not provided in the context of Dairyland's spent fuel case) do not indicate that the privilege would be applicable. The government's privilege log, excerpt at exhibit 2 hereto, describes E153 merely as a "Memo re: nuclear waste lawsuit." E156 is described as a "Facsimile enclosing talking points for OMB-White House, release of DOE letter stating anticipated delay, marginalia and notes." And E163 is described as a "Memo re: proposed presidential position regarding interim storage of spent nuclear fuel and currently stated administration position and proposed recommendations." These memoranda and facsimile are hardly the sort of communications with the president or the most senior members of his staff that could characterize a document potentially protected by the presidential communications privilege.

In any event, it is remarkably late in the litigation – Dairyland contends far too late – for the government to be raising another challenge to the production of these four documents in light of the Court's directive – twice – that they be produced today. The government's reference to the Court's admonition at the September 20, 2007 hearing noting frustration with privileges being raised piecemeal, Govt. Mot. at 7, misrepresents the Court's complaint. In the first instance, the Court was complaining about the government's late claim of the presidential

communications privilege. *See* Tr. at 64-65 ("And my initial reaction was that there really is an obligation in order not to have a moving target, not to have issues come up piecemeal but to say, this is your opportunity to raise all of your privileges period, and anything after that is waived. I mean, I am sympathetic with the Plaintiff. There has to be some point where that happens.").[1] Surely, waiting until the business day before production of the documents is due (after two Orders by the Court) before raising this issue is too late. The need for finality is even more pressing as the parties and the Court approach the conclusion of discovery. The Court is doing its part toward meeting its goal of addressing discovery motions by December 21 so that discovery can be concluded by January 15 (including follow-up depositions of the government's witnesses noticed for the first half of January). But the Court's efforts will come for naught if the government is permitted to further extend these disputes through numerous motions for clarification or reconsideration.

For these reasons, the government's motion for clarification should be denied, and the government should be sanctioned if it fails to produce documents as required by the Court's November 19 and December 4 Orders.

[1] Ultimately, the Court noted that there were opportunities for both parties to have advanced the privilege issues addressed at that hearing more promptly. Tr. at 66 ("So the bottom is a pox on both your houses."). That is why Dairyland suggested in its November 30 motion for clarification that if the Court is inclined to address the governments' assertions of the presidential communications privilege over E112, it should do so in conjunction with the five other documents over which the government is claiming this privilege. *See* Dairyland Mot. at 5, n.1. The other three claims of the presidential communications privilege raised by the government in its present motion could be similarly resolved in that context.

Respectfully submitted,

December 10, 2007

s/ Jerry Stouck

JERRY STOUCK
Greenberg Traurig, LLP
800 Connecticut Avenue, NW
Suite 500
Washington, DC 20006
(202) 331-3100 (Telephone)
(202) 261-4751 (Facsimile)
*Counsel for Plaintiff*
DAIRYLAND POWER COOPERATIVE

Of Counsel:
Robert L. Shapiro
Kevin E. Stern
GREENBERG TRAURIG, LLP

*WDC 371548837v1 12/10/2007*

# Exhibit 1

[redacted]

RESTRICTED DISTRIBUTION
PROTECTED MATERIAL WITH NON-GOVERNMENT DISTRIBUTION
LIMITED TO COUNSEL FOR DAIRYLAND AS DEFINED IN THE COURT'S
ORDER DATED NOVEMBER 19, 2007 (DAIRYLAND POWER COOPERATIVE
V. U.S., NO. 04-106C) FOR USE ONLY IN THE DAIRYLAND CASE

[redacted]

RESTRICTED DISTRIBUTION
PROTECTED MATERIAL WITH NON-GOVERNMENT DISTRIBUTION LIMITED TO COUNSEL FOR DAIRYLAND AS DEFINED IN THE COURT'S ORDER DATED NOVEMBER 19, 2007 (DAIRYLAND POWER COOPERATIVE V. U.S., NO. 04-106C) FOR USE ONLY IN THE DAIRYLAND CASE

[redacted]

RESTRICTED DISTRIBUTION
PROTECTED MATERIAL WITH NON-GOVERNMENT DISTRIBUTION
LIMITED TO COUNSEL FOR DAIRYLAND AS DEFINED IN THE COURT'S
ORDER DATED NOVEMBER 19, 2007 (DAIRYLAND POWER COOPERATIVE
V. U.S., NO. 04-106C) FOR USE ONLY IN THE DAIRYLAND CASE

[redacted]

2

RESTRICTED DISTRIBUTION
PROTECTED MATERIAL WITH NON-GOVERNMENT DISTRIBUTION
LIMITED TO COUNSEL FOR DAIRYLAND AS DEFINED IN THE COURT'S
ORDER DATED NOVEMBER 19, 2007 (DAIRYLAND POWER COOPERATIVE
V. U.S., NO. 04-106C) FOR USE ONLY IN THE DAIRYLAND CASE

[redacted]

[redacted]

3

RESTRICTED DISTRIBUTION
PROTECTED MATERIAL WITH NON-GOVERNMENT DISTRIBUTION
LIMITED TO COUNSEL FOR DAIRYLAND AS DEFINED IN THE COURT'S
ORDER DATED NOVEMBER 19, 2007 (DAIRYLAND POWER COOPERATIVE
V. U.S., NO. 04-106C) FOR USE ONLY IN THE DAIRYLAND CASE

[redacted]

[redacted]

1.

RESTRICTED DISTRIBUTION
PROTECTED MATERIAL WITH NON-GOVERNMENT DISTRIBUTION LIMITED TO COUNSEL FOR DAIRYLAND AS DEFINED IN THE COURT'S ORDER DATED NOVEMBER 19, 2007 (DAIRYLAND POWER COOPERATIVE V. U.S., NO. 04-106C) FOR USE ONLY IN THE DAIRYLAND CASE

[redacted]

[redacted]



RESTRICTED DISTRIBUTION
PROTECTED MATERIAL WITH NON-GOVERNMENT DISTRIBUTION LIMITED TO COUNSEL FOR DAIRYLAND AS DEFINED IN THE COURT'S ORDER DATED NOVEMBER 19, 2007 (DAIRYLAND POWER COOPERATIVE V. U.S., NO. 04-106C) FOR USE ONLY IN THE DAIRYLAND CASE

[redacted]

[redacted]



RESTRICTED DISTRIBUTION
PROTECTED MATERIAL WITH NON-GOVERNMENT DISTRIBUTION LIMITED TO COUNSEL FOR DAIRYLAND AS DEFINED IN THE COURT'S ORDER DATED NOVEMBER 19, 2007 (DAIRYLAND POWER COOPERATIVE V. U.S., NO. 04-106C) FOR USE ONLY IN THE DAIRYLAND CASE

[redacted]



[redacted]

RESTRICTED DISTRIBUTION
PROTECTED MATERIAL WITH NON-GOVERNMENT DISTRIBUTION LIMITED TO COUNSEL FOR DAIRYLAND AS DEFINED IN THE COURT'S ORDER DATED NOVEMBER 19, 2007 (DAIRYLAND POWER COOPERATIVE V. U.S., NO. 04-106C) FOR USE ONLY IN THE DAIRYLAND CASE

[redacted]

[redacted]



RESTRICTED DISTRIBUTION
PROTECTED MATERIAL WITH NON-GOVERNMENT DISTRIBUTION
LIMITED TO COUNSEL FOR DAIRYLAND AS DEFINED IN THE COURT'S
ORDER DATED NOVEMBER 19, 2007 (DAIRYLAND POWER COOPERATIVE
V. U.S., NO. 04-106C) FOR USE ONLY IN THE DAIRYLAND CASE

[redacted]

2.

[redacted]

RESTRICTED DISTRIBUTION
PROTECTED MATERIAL WITH NON-GOVERNMENT DISTRIBUTION LIMITED TO COUNSEL FOR DAIRYLAND AS DEFINED IN THE COURT'S ORDER DATED NOVEMBER 19, 2007 (DAIRYLAND POWER COOPERATIVE V. U.S., NO. 04-106C) FOR USE ONLY IN THE DAIRYLAND CASE

[redacted]

[redacted]

1.

RESTRICTED DISTRIBUTION
PROTECTED MATERIAL WITH NON-GOVERNMENT DISTRIBUTION
LIMITED TO COUNSEL FOR DAIRYLAND AS DEFINED IN THE COURT'S
ORDER DATED NOVEMBER 19, 2007 (DAIRYLAND POWER COOPERATIVE
V. U.S., NO. 04-106C) FOR USE ONLY IN THE DAIRYLAND CASE

[redacted]

[redacted]

2

RESTRICTED DISTRIBUTION
PROTECTED MATERIAL WITH NON-GOVERNMENT DISTRIBUTION LIMITED TO COUNSEL FOR DAIRYLAND AS DEFINED IN THE COURT'S ORDER DATED NOVEMBER 19, 2007 (DAIRYLAND POWER COOPERATIVE V. U.S., NO. 04-106C) FOR USE ONLY IN THE DAIRYLAND CASE

[redacted]

[redacted]

1

RESTRICTED DISTRIBUTION
PROTECTED MATERIAL WITH NON-GOVERNMENT DISTRIBUTION LIMITED TO COUNSEL FOR DAIRYLAND AS DEFINED IN THE COURT'S ORDER DATED NOVEMBER 19, 2007 (DAIRYLAND POWER COOPERATIVE V. U.S., NO. 04-106C) FOR USE ONLY IN THE DAIRYLAND CASE

[redacted]

[redacted]



RESTRICTED DISTRIBUTION
PROTECTED MATERIAL WITH NON-GOVERNMENT DISTRIBUTION LIMITED TO COUNSEL FOR DAIRYLAND AS DEFINED IN THE COURT'S ORDER DATED NOVEMBER 19, 2007 (DAIRYLAND POWER COOPERATIVE V. U.S., NO. 04-106C) FOR USE ONLY IN THE DAIRYLAND CASE

[redacted]

[redacted]

3.

RESTRICTED DISTRIBUTION
PROTECTED MATERIAL WITH NON-GOVERNMENT DISTRIBUTION
LIMITED TO COUNSEL FOR DAIRYLAND AS DEFINED IN THE COURT'S
ORDER DATED NOVEMBER 19, 2007 (DAIRYLAND POWER COOPERATIVE
V. U.S., NO. 04-106C) FOR USE ONLY IN THE DAIRYLAND CASE

# Exhibit 2

Pacific Gas and Electric v. United States
United States Court of Federal Claims 04-74C
Table of Challenges

| REFNO | BEGNO | ENDNO | PRIV LOG | DESCRIPTION | PRIV CLAIM |
|---|---|---|---|---|---|
| 151 | HQR0283563 | HQR0283588 | 12/2003 | Memorandum regarding "action in response to remand in Indiana Michigan power co. V. DOE"Memorandum prepared by M.A. Sullivan, DOE-OGC, and e. Holstein, DOE, regarding legal advice and recommended course of action after decision in Indiana Michigan co. V. DOE; attachments to the memorandum include draft of a proposed letter from the contracting officer and draft of preliminary determination for the contracting officer, identifying and discussing the legal reasons that the Department of Energy's delay in beginning spent fuel acceptance by January 31, 1998 was unavoidable, drafted by S. Klein, DOE-OGC,which were both prepared by S. Klein, DOE-OGC, in anticipation of further litigation, including that pending before the Court of Federal Claims.®AC/AW attorneys: M.A. Sullivan, S. Klein | AC, AW, PC, DP |
| 152 | HQR0284037 | HQR0284045 | 12/2003 | Subject: administration position on nuclear waste | DP, PC |
| 153 | HQR0290044 | HQR0290051 | 12/2003 | Memo re: nuclear waste lawsuit | DP, PC |
| 154 | HQR0290177 | HQR0290190 | 12/2003 | Policy options for interim storage of radioactive waste | DP, PC |
| 155 | HQR0290308 | HQR0290325 | 12/2003 | Secretary Pena's meeting on nuclear waste with utility representatives | SN, DP, PC |
| 156 | HQR0290820 | HQR0290832 | 12/2003 | Facsimile enclosing talking points for OMB-White House, release of DOE letter stating anticipated delay, marginalia and notes | DP, PC |
| 157 | HQR0290839 | HQR0290841 | 12/2003 | Facsimile enclosing e-mail re: Yucca Mountain q/a for review | DP, PC |
| 158 | HQR0290966 | HQR0290970 | 12/2003 | Duplicate or different version of document starting at HQR0283563 - Memo re: action in response to remand in Indiana Michigan Power Company v. DOE. Memorandum prepared by M.A. Sullivan, DOE-OGC, and e. Holstein, DOE, (at M.A. Sullivan's direction) regarding recommended course of action after decision in Indiana Michigan co. V. DOE; a draft of a possible contracting officer's letter to the contract holders is attached to the memorandum, which was prepared by S. Klein, DOE-OGC, in anticipation of further litigation.®AC/AW attorneys: M.A. Sullivan, S. Klein - | AC, AW, DP, PC |
| 159 | HQR0291737 | HQR0291739 | 12/2003 | Memo re: talking points for telephone call to jack lew, OMB, re: proposed settlement with utilities; prepared by counsel. Whitepaper presenting issues to be discussed with OMB regarding proposed settlement with utilities, prepared by OCRWM at the direction of M.A. Sullivan, DOE-OGC, for use in negotiations to settle litigation currently before the Court of Federal Claims.®AW attorney: M.A. Sullivan | AW, SN, PC, DP |
| 160 | HQR0292343 | HQR0292353 | 12/2003 | Memo re: 1998/00/00 litigation action options for internal discussion | AC, AW, DP, PC |
| 161 | HQR0292365 | HQR0292368 | 12/2003 | Memorandum re: nuclear waste lawsuit - Duplicate or different version of document starting at HQR0290044 | DP, PC |
| 162 | HQR0292428 | HQR0292434 | 12/2003 | Duplicate or different version of document starting at HQR0290044 - DOE memo to OMB and White House enclosing proposal to be made at congressional hearing in response to lawsuit | DP, PC |
| 163 | HQR0320151 | HQR0320156 | 12/2003 | Memo re: proposed presidential position regarding interim storage of spent nuclear fuel and currently stated administration position and proposed recommendations | DP, PC |
| 164 | HQR0320166 | HQR0320174 | 12/2003 | Duplicate or different version of document starting at HQR0284037 - Memorandum for the president re: administration position on nuclear waste | DP, PC |
| 165 | HQR0320176 | HQR0320181 | 12/2003 | Duplicate or different version of document starting at HQR0320151 - Memo re: options for a position on the interim storage of high level nuclear waste and enclosed memos re: acceptance of fuel | DP, PC |
| 166 | HQR0320182 | HQR0320197 | 12/2003 | Duplicate or different version of document starting at CTR0400568 - Memo re: review of administration policy for interim storage of radioactive waste and enclosed memo re: policy options for interim storage of radioactive waste. Same document as that described in CTR040 0568-0583. | DP, PC |
| 167 | HQR0320199 | HQR0320206 | 12/2003 | Memo re: expedited acceptance of spent fuel at a Yucca fuel repository | DP, PC |
| 168 | HQR0320207 | HQR0320212 | 12/2003 | Draft memo re: presidential principles and proposed presidential position regarding interim storage | DP, PC |
| 169 | HQR0320213 | HQR0320220 | 12/2003 | Duplicate or different version of document starting at HQR0320151 - Draft memo re: proposed presidential position regarding interim storage | DP, PC |
| 170 | HQR0320221 | HQR0320227 | 12/2003 | Duplicate or different version of document starting at HQR0320151 - Draft memo re: options for expedited acceptance, interim storage, and compensating utilities, and presidential principles | DP, PC |
| 171 | HQR0320231 | HQR0320245 | 12/2003 | Duplicate or different version of document starting at HQR0290177 - Memo re: policy options for interim storage of radioactive waste | DP, PC |
| 172 | HQR0320280 | HQR0320288 | 12/2003 | Duplicate or different version of document starting at HQR0284037 - Memorandum for the president re: administration position on nuclear waste | DP, PC |
| 173 | HQR0320321 | HQR0320327 | 12/2003 | Duplicate or different version of document starting at HQR0284037 - DOE and OMB memorandum for the president re: administration position on interim nuclear waste storage | DP, PC |
| 174 | HQR0380108 | HQR0380111 | 12/2003 | Draft proposal "to improve relationship with Nevada" | DP |