# In the United States Court of Federal Claims

No. 04-106 C
(Filed: December 12, 2007)

**************************************

**DAIRYLAND POWER COOPERATIVE,**

Plaintiff,

v.

**THE UNITED STATES,**

Defendant.

**************************************

## ORDER

In the Court's Order of November 19, 2007, after *in camera* inspection of the documents in the first binder of Defendant's submission,[1] Defendant was ordered to produce specific documents on or before December 10, 2007. In response to a motion filed by Plaintiff on November 30, 2007, the Court issued an Order of December 4, 2007, clarifying the Order of November 19, 2007. On December 7, 2007, Defendant filed its own Motion for Clarification of November 19, 2007 and December 4, 2007 Orders. Plaintiff filed its response on December 10, 2007.

Defendant's Motion for Clarification of November 19, 2007 and December 4, 2007 Orders is GRANTED. The Court attempts to clarify any ambiguity that may exist with a brief review of Plaintiff's original Motion to Compel and the derivative pleadings.

On January 18, 2007, Plaintiff filed a "Motion to Compel Production of Documents Withheld Under the 'Deliberative Process' and Attorney-Client Privileges." Defendant filed its response on February 28, 2007, and Plaintiff filed a reply on March 19, 2007. Plaintiff asked the Court to compel the production of 281 documents as to which Defendant invoked the deliberative process and/or attorney-client and work product privileges. The Court's Opinion and Order of June 29, 2007, and the subsequent Orders of November 19, 2007 and December 4, 2007, addressed only the issues raised in Plaintiff's Motion to Compel of January 18, 2007,

[1] The documents were provided for *in camera* inspection pursuant to the Court's Opinion and Order of June 29, 2007.

whether Defendant improperly withheld documents on claims of deliberative process and/or attorney client and work product privileges.[2]

Plaintiff has not challenged Defendant's assertion of the presidential communications privilege for the documents produced to the Court for *in camera* inspection. To compel the production of documents that Defendant has identified as subject to the presidential communications privilege Plaintiff must comply with Court of Federal Claims Rule 37(a)(2).[3]

The Court in its Order of October 17, 2007, discussed the decision of the United States District Court for the District of Columbia Circuit in *In Re Sealed Case*, 121 F.3d 729 (1997), which provides the most persuasive guidance on the procedural elements involved in weighing a claim of privilege based on presidential communications. The court concluded that a party requesting documents subject to this privilege must demonstrate, first, "that each discrete group of . . . materials likely contains important evidence" and, second, "that this evidence is not available with due diligence elsewhere." *Id.* at 754.

For the sake of judicial economy and in light of the impending close of discovery, if the Plaintiff files a motion to compel the production of these four (or five) documents the Court hereby ORDERS that Plaintiff contemporaneously file a statement of need for the documents and why the evidence in the documents is not available with due diligence elsewhere.

s/ Edward J. Damich
EDWARD J. DAMICH
Chief Judge

[2]In the Order of June 29, 2007, Defendant was ordered to produced several documents by July 20, 2007. Defendant redacted five of the documents, E154, E167, E170, E171 and E178, on presidential communications privilege grounds. Plaintiff filed "Dairyland's Motion to Compel Production of 'Presidential Communications' Documents" on September 18, 2007. Defendant filed its response and Cross-Motion for a Protective Order on October 24, 2007, and Plaintiff filed a reply on November 5, 2007. An Order has not yet issued with respect to production of these documents in light of Defendant's assertion of presidential communications privilege.

[3]Defendant has asserted presidential communications privilege for the documents E112, E153, E156, and E163. In the Court's Order of November 19, 2007, document E165 was inadvertently not addressed. After *in camera* inspection of E165 this document shall be produced. This will be fully addressed in the next order to issue regarding the privilege claims of the documents in the third binder of Defendant's submission of July 23, 2007. According to Defendant's privilege log this document is also subject to presidential communications privilege and it appears could be subject to the same redactions and challenges as the other four documents.