# In the United States Court of Federal Claims

No. 04-106 C

(Filed: December 11, 2007)

*************************************
*
**DAIRYLAND POWER COOPERATIVE,** *
*
*
*
v. *
*
**THE UNITED STATES,** *
*
Defendant. *
*
*************************************

## ORDER

The Court issued two opinions and orders on November 20, 2007. The first opinion and order granted in part and denied in part Plaintiff Dairyland Power Cooperative's ("Dairyland") motion for relief for government discovery violations regarding deposition testimony under Rule 30(b)(6) of the Rules of the Court of Federal Claims ("RCFC") ("Slip Opinion on RCFC 30(b)(6) Testimony"). The second granted in part and denied in part Dairyland's motion to compel Defendant United States's ("the government") compliance with the Court's order of February 5, 2007 ("February 5, 2007 Order") compelling discovery responses relating to interrogatories and document requests ("Slip Opinion on Dairyland's Motion to Compel"). On November 29, 2007, the government timely filed a motion for reconsideration ("Def.'s Mot.") of three portions of these two opinions. The Court DENIES the government's motion in regard to the first two portions: 1) the order to reopen the deposition of the U.S. Department of Energy's ("DOE") contracting officer, David Zabransky, regarding the parties' understanding and intention in entering into the Standard Contract and 2) the order for the government to supplement its response to Dairyland Interrogatory Number 5. In regard to the third portion, the Court's award to Dairyland of attorneys' fees and costs for reopening Mr. Zabransky's deposition, the Court ORDERS supplemental briefing as described below.

The government first seeks reconsideration of the Court's reopening of Mr. Zabransky's deposition in regard to the parties' understanding and intent in entering into the Standard Contract. In his deposition, Mr. Zabransky had testified that "fulfilling the terms or the

requirements of the [Nuclear Waste Policy Act] was the reason [DOE] entered into the contract," Zabransky Dep. Tr. 133: 5-7; *see also* 129: 17-18, 132: 2-5, and also stated that he actually was not prepared "to discuss any issues concerning the Department's intent in entering into the terms of the Standard Contract." *Id*. 132:12-18. Contending that DOE entered into the Standard Contract in order to enable utilities to avoid incurring additional at-reactor storage costs beyond the deadline for DOE to commence SNF acceptance, Dairyland, in its motion for relief for RCFC 30(b)(6) violations, alleged that this testimony was insufficient. In its opinion on Dairyland's motion for relief, this Court indicated its concern over how Mr. Zabransky's testimony differed from testimony in another SNF case, *Southern Nuclear Operating Company v. United States*, 77 Fed. Cl. 396 (2007), that appeared consistent with Dairyland's position. Slip Opinion on RCFC 30(b)(6) Testimony at 8. *Inter alia*, that testimony stated that DOE's intent "at the time of the execution of the Standard Contracts was..... 'to take the stuff away fast enough so that utilities would not have to add additional storage.'" *Id*. (quoting 77 Fed. Cl. at 414). The Court was troubled by the discrepancy between the testimony cited in *Southern Nuclear* and that of Mr. Zabransky, which while technically "answering" the questions posed to him, seemed to point out a failure on the government's part to consider contradictory information reasonably available and pertinent to the case. Slip Opinion on RCFC 30(b)(6) Testimony at 7-8.

The Court acknowledges its mistake of fact in depicting *Southern Nuclear* as a decision of which the government should have been aware at the time of the deposition, given that the opinion was indeed issued two months afterwards. *See* Slip Opinion on RCFC 30(b)(6) Testimony at 8. However, it notes that government counsel, in their coordinated SNF case defense efforts, should have been aware of this testimony, which occurred before Mr. Zabransky's deposition, and that the *Southern Nuclear* decision itself was issued before the completion of briefing on Dairyland's motion for relief concerning RCFC 30(b)(6) violations. Also, the Court remains troubled by the discrepancies between the government's contentions regarding DOE's contractual intent and the testimony cited in *Southern Nuclear*. In fact, another SNF damages decision, *Yankee Atomic Electric Company v. United States*, also concluded that the "intent.....of the parties to the Standard Contract was to avoid the construction by utilities of additional at-reactor storage" after the deadline for SNF acceptance. *Yankee Atomic Elec. Co. v. United States*, 73 Fed. Cl. 249, 265 (2006) (citations omitted). "For good cause, the [C]ourt may order discovery of any matter relevant to the subject matter involved in [this] action." RCFC 26(b)(1). In its briefing on its motion for reconsideration, the government acknowledges both the *Southern Nuclear* and *Yankee Atomic* decisions. Def.'s Mot. at 4 n.2. The Court, therefore, believes that Dairyland should have an opportunity to question Mr. Zabransky about the *Southern Nuclear* testimony and *Yankee Atomic*'s perspective on DOE's contractual intent.

The government also seeks reconsideration of the Court's order for supplementation of the response to Dairyland's Interrogatory Number 5. *See* Slip Opinion on Dairyland's Motion to Compel at 5-6. However, the government, on December 3, 2007, filed the supplemental response the Court ordered. Defendant's Supplemental Response to Plaintiff's Interrogatory Number 5 Pursuant to the Court's November 20, 2007 Order. The Court, as a result, will deny as moot the government's motion for reconsideration of the order to supplement the response to this

interrogatory, as the Court's order has been complied with in this regard.

Finally, the government asks the Court to reconsider its decision to award Dairyland attorneys' fees and costs for reopening Mr. Zabransky's deposition. In addition to reopening Mr. Zabransky's deposition regarding DOE's contractual intent, the Court overruled the government's invocation of the deliberative process privilege that had prevented Dairyland from questioning Mr. Zabransky about 1) DOE's plans, if any, to encourage utilities to utilize DOE's Transportation, Aging, and Disposal Canister Systems (TAD) and 2) DOE's initiatives with the Booz Allen consulting firm. Slip Opinion on RCFC 30(b)(6) Testimony at 11-14. The government now asks the Court to reconsider its decision to sanction the government in the form of awarding Dairyland the attorneys' fees and costs Dairyland will incur in further deposing Mr. Zabransky.

The Court has concluded that supplemental briefing is required to assist in the consideration of whether the government's conduct in regard to Mr. Zabransky's RCFC 30(b)(6) testimony merits any form of sanctions under RCFC 37. The Court, therefore, orders the parties to submit briefs on the following questions:

1. Must a party seeking to impose discovery sanctions in connection with a party's failure to adequately discharge the requirements of RCFC 30(b)(6) demonstrate that the violating party acted in bad faith? If so, does the conduct of the government in regard to the principal motion constitute bad faith? Why or why not?

2. When, if ever, is an invocation of the deliberative process privilege that the Court finds improper and that prevented a party from answering questions in a deposition, particularly one under RCFC 30(b)(6), sanctionable under RCFC 37?

Dairyland shall file a brief to this effect on or before **Friday, December 21, 2007.** The government should submit a response on or before **Friday, January 4, 2008.**

For the foregoing reasons, the government's motion to reconsider the Court's reopening of Mr. Zabransky's deposition in regard to DOE's contractual intent and order for the government to supplement its response to Dairyland Interrogatory Number 5 is DENIED. The Court holds in abeyance a decision on the government's motion for reconsideration of the imposition of sanctions pending the submission of supplemental briefing as described above.

s/ Edward J. Damich
EDWARD J. DAMICH
Chief Judge