IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Electronically filed: December 17, 2007

| | |
|---|---|
| DAIRYLAND POWER COOPERATIVE, Plaintiff, | No. 04-0106C |
| v. | (Chief Judge Damich) |
| UNITED STATES OF AMERICA, Defendant. | |

DAIRYLAND'S UNOPPOSED MOTION FOR THE COURT TO SCHEDULE A SITE VISIT

Pursuant to the provisions of RCFC 40, Dairyland respectfully moves that the Court, in connection with the trial and consideration of this action, schedule a site visit to La Crosse Boiling Water Reactor (LACBWR), located in Genoa, Wisconsin, at a time post trial which is convenient to the Court and the parties. By this motion, the Dairyland is not seeking to move the location of the trial to Genoa, Wisconsin.

This Court has found judicial site visits appropriate when taken in order to familiarize the fact-finder with the subject matter of the lawsuit. *Southland Enter., Inc. v. United States*, 24 Cl. Ct. 596, 602 (1991) (citing *E.E.O.C. v. Mercy Hosp. & Med. Center*, 709 F.2d 1195, 1200 (7th Cir. 1983)). Consistent with this authority, Dairyland is informed that judges have conducted site visits of nuclear power plants in connection with the trial of other spent fuel cases, including *Northern States Power v. United States*, No. 98-484C, *System Fuels, Inc. v. United States*, No. 03-2623C, and *Tenn. Valley Auth. v. United States*, No. 01-249C.

A site visit to LACBWR will help the Court obtain a better understanding of some of the significant issues in this case. In particular, Dairyland believes that such a visit will help the Court better understand the reactor pressure vessel ("RPV") removal process at this plant by allowing it to see the configuration and dimensions of the containment building from which the RPV was removed, the RPV's proximity to the spent fuel pool, and the pathway that was used to remove the RPV from the containment building. Dairyland also believes that a visit to the LACBWR site will help the Court obtain a better understanding of the site's compact dimensions and restrictive geographical location, both of which have been factors in Dairyland's spent fuel storage decision-making.

For the LACBWR site visit, Dairyland would provide a qualified tour guide (likely, one of the individuals who testifies at trial) to explain plant operations and answer questions posed by the Court and the parties about these and other relevant subjects, but there would be no court reporter present to transcribe the proceedings. Dairyland's counsel is informed that these procedures have been employed successfully in the nuclear plant site visits conducted in other spent fuel cases.

Dairyland makes this motion mindful of the Court's schedule; therefore, Dairyland is not suggesting a specific date or time other than that the visit should take place post-trial. In sum, a site visit would represent a valuable investment of time by the Court in understanding and assessing the extent and nature of the efforts Dairyland has taken to mitigate the effects of the government's partial breach and the testimony given at trial regarding these topics.

Counsel for Dairyland has discussed this motion with counsel for the government, Russell Shultis, and Mr. Shultis has informed Dairyland counsel that the government does not oppose this motion.

For the foregoing reasons, in connection with its consideration of this case, Dairyland respectfully requests that the Court schedule a site visit to tour LACBWR at a time post trial which is convenient to the Court .

Respectfully submitted,

December 17, 2007

s/ Jerry Stouck

JERRY STOUCK
Greenberg Traurig, LLP
2101 L Street, NW
Suite 1000
Washington, DC 20037
(202) 331-3100 (Telephone)
(202) 261-4751 (Facsimile)
*Counsel for Plaintiff*
DAIRYLAND POWER COOPERATIVE

Of Counsel:
Robert L. Shapiro
Kevin E. Stern
GREENBERG TRAURIG, LLP