# In the United States Court of Federal Claims

No. 04-106 C
(Filed: December 18, 2007)

***************************************

**DAIRYLAND POWER COOPERATIVE,**

Plaintiff,

v.

**THE UNITED STATES,**

Defendant.

***************************************

**ORDER**

In the Court's Opinion and Order of June 29, 2007, Defendant was ordered to provide for *in camera* inspection a number of documents that were the subject of Plaintiff's January 18, 2007, motion to compel in light of Defendant's invocation of the deliberative process privilege and certain claims of attorney-client privilege.[1] Defendant submitted the documents in full, comprising five binders, to chambers on July 23, 2007. The Court addressed the privilege claims of the documents in the first and second binders of the Defendant's submission in the Orders of November 19, 2007 and December 10, 2007, respectively. The Court hereby addresses the privilege claims of the documents in the third binder of Defendant's submission.[2]

Document E165 shall be produced. The document contains proposed presidential principles for interim storage and proposed expedited acceptance of spent fuel at Yucca Mountain. The contents of E165 are similar to E163. The document is pre-decisional and

---

[1] The Court's review of the boundaries of the deliberative process privilege is contained in the Opinion and Order of June 29, 2007, *Dairyland Power Coop. v. United States,* 77 Fed. Cl. 330 (2007).

[2] As in the Orders of November 19, 2007 and December 10, 2007, the order in which the documents are addressed herein corresponds to the order in which they were submitted within Defendant's binders, i.e., corresponding to the paragraphs in the Declaration of Ronald A. Milner, March 31, 2006. The documents are identified by reference numbers contained in Defendant's privilege log and, where applicable, the Bates-stamped page number(s).

deliberative in nature; however, Plaintiff's evidentiary need is sufficient to outweigh Defendant's interest in preserving confidentiality.[3]

Document E294 shall be produced. It is a presentation from 2002 by the Office of Civilian Radioactive Waste Management that discusses transportation strategies for spent nuclear fuel (SNF). The document is pre-decisional and deliberative in nature; however, Plaintiff's evidentiary need is sufficient to outweigh Defendant's interest in preserving confidentiality.

Document E296 need not be produced. It is a duplicate of E294.

Document E196 shall be produced. It is a "business case" for development and funding of the Yucca Mountain site. It is specifically tailored to analyzed potential budget shortfalls and the concerns surrounding development of Yucca Mountain. The document is pre-decisional and deliberative in nature; however, Plaintiff's evidentiary need is sufficient to outweigh Defendant's interest in preserving confidentiality. Defendant also claims that the document is protected by attorney-client and work product privilege; however, the document is not a communication regarding litigation or in anticipation of litigation nor does it constitute attorney work product.

Document E202 shall be produced in redacted form. E202 is similar to E196; however, there are some additional material and variations which may be relevant to Plaintiff. The redactions will protect any material that could be deemed to be protected by work product privilege.

Document E212 shall be produced in redacted form. E212 is substantially similar to E196 and E202; however, there are variations which may be relevant to Plaintiff. The redactions are the same as seen with document E202 and will protect material that could be deemed to be protected by work product privilege.

Document E220 shall be produced. It is substantially similar to E196; however, there are additions and deletions which may be relevant to Plaintiff.

Document E233 shall be produced in redacted form. It is substantially similar to E212 and E202; however, there are revisions that may be relevant to Plaintiff. The redactions will protect any material that could be deemed to be protected by work product privilege.

Document E268 and E287 shall be produced in redacted form. They are substantially similar to E212, E202, and E233; however, there are revisions that may be relevant to Plaintiff. The redactions will protect any material that could be deemed to be protected by work product privilege.

---

[3]Document E165 was in the first binder of Defendant's submission. It was inadvertently not addressed in the Order of November 19, 2007.

Document E290 shall be produced. It is substantially similar to E196; however, there are additional graphs within the document which may be relevant to Plaintiff. Defendant also claims that the document is protected by attorney-client and work product privilege; however, the document is not a communication regarding litigation or in anticipation of litigation nor does it constitute attorney work product.

Document E251 need not be produced. It is a duplicate of E290.

Document E253 shall be produced with one limitation. It is also substantially similar to E212, E202, E233, E268 and E287; however, there are revisions which may be relevant to Plaintiff. In the second full paragraph on page HQR2190004 the forth sentence beginning, "While..." may be redacted. The document is pre-decisional and deliberative in nature; however, Plaintiff's evidentiary need is sufficient to outweigh Defendant's interest in preserving confidentiality. Additionally, Defendant did not raise attorney-client or work product privilege with respect to this document; therefore, it shall be produced with only one redaction.

Document E379 need not be produced. It is an overview of the transportation options to the repository at Yucca Mountain. It is substantially similar to HQR2540056 through HQR2540083, which were not produced in E356. The document is pre-decisional and deliberative in nature and Plaintiff's evidentiary need is insufficient to outweigh Defendant's interest in preserving confidentiality.

Document E337 need not be produced. It is three emails that each contain links to white papers and presentations; however, no white papers or presentations are provided in E337. It is unlikely that the emails are relevant and Plaintiff's need is insufficient to outweigh Defendant's interest in confidentiality.

Document E338 shall be produced. It contains several emails with graphs attached reviewing waste acceptance from different utilities. According to the Declaration of Ronald A. Milner of March 31, 2006, E338 is substantially similar to E340, E347 and E349; all of which were to be produced pursuant to the Court's Order of June 29, 2007. Additionally, Plaintiff's evidentiary need for the document is sufficient to outweigh Defendant's interest in confidentiality.

Document E197 shall be produced. It is a table containing a cost savings analysis for Yucca Mountain. According to Defendant's privilege log it is substantially similar to E35, which was to be produced pursuant to the Court's order of June 29, 2007. Additionally, Plaintiff's evidentiary need for the document is sufficient to outweigh Defendant's interest in confidentiality.

Document E204 and E225 need not be produced. They are earlier incomplete versions of the table found in E197. Plaintiff's evidentiary need for the document is insufficient to outweigh Defendant's interest in confidentiality.

Documents E209 and E222 need not be produced. They are duplicates of the table found in E197.

Document E227 shall be produced. It is a slightly different version of E197 which may be relevant to Plaintiff. Plaintiff's evidentiary need for the document is sufficient to outweigh Defendant's interest in confidentiality.

Document E229 need not be produced. It is a memorandum that proposes different cost saving measures. It is highly speculative and pre-decisional and deliberative in nature. Plaintiff's evidentiary need for the document is insufficient to outweigh Defendant's interest in confidentiality.

Document E230 shall be produced. It is another version of a table containing a cost savings analysis for Yucca Mountain. According to Defendant's privilege log it is also similar to E350, which was to be produced pursuant to the Court's order of June 29, 2007. The revisions made to the graph could be relevant to Plaintiff and Plaintiff's evidentiary need for the document is sufficient to outweigh Defendant's interest in confidentiality.

Document E235 need not be produced. It is an email recommending edits to a table, followed by two versions of the table. The first version of the table contains more pages than seen in E225; however, it is also an incomplete version of the table seen in E917. The second table is a duplicate of the table produced in E227. Plaintiff's evidentiary need for the document is insufficient to outweigh Defendant's interest in confidentiality.

Document E237 need not be produced. It is an earlier version of E229 and Plaintiff's evidentiary need for the document is insufficient to outweigh Defendant's interest in confidentiality.

Document E258 need not be produced. It is an email and memorandum regarding the strategy and requirements for the proposed savings plan. It is pre-decisional and deliberative in nature and Plaintiff's evidentiary need is insufficient to outweigh Defendant's need for confidentiality.

Document E260 need not be produced. It is an email recommending edits to the "business case." It is pre-decisional and deliberative in nature and Plaintiff's evidentiary need is insufficient to outweigh Defendant's need for confidentiality.

Document E271 need not be produced. It contains a duplicate of the table found in E235 and a version of the memorandum found in E229.

Document E273 need not be produced. It contains an email and mark-up recommending revisions to the table found in E225. It is pre-decisional and deliberative in nature and Plaintiff's evidentiary need is insufficient to outweigh Defendant's need for confidentiality.

Document E315 need not be produced. It contains several emails, multiple copies of notes from a February 27, 2002 meeting and a chart. The notes and chart assign tasks and create an action plan. It is unlikely that the material is relevant to Plaintiff. Additionally even if it had any relevance, it is pre-decisional and deliberative in nature and Plaintiff's evidentiary need is insufficient to outweigh Defendant's need for confidentiality.

Document E317 need not be produced. It contains several emails and memoranda with updates on individuals progress on tasks assigned in the action plan. It is unlikely that the material is relevant to Plaintiff. Additionally even if it had any relevance, it is pre-decisional and deliberative in nature and Plaintiff's evidentiary need is insufficient to outweigh Defendant's need for confidentiality.

Document E318 need not be produced. It is an email with an action plan attached. It is unlikely that the material is relevant to Plaintiff and it is pre-decisional and deliberative in nature. Plaintiff's evidentiary need is insufficient to outweigh Defendant's need for confidentiality.

Document E131 need not be produced. It is a duplicate of E379.

Document E283 shall be produced. It is a draft of a potential approach to advance receipt and emplacement of SNF at Yucca Mountain. The document is pre-decisional and deliberative in nature; however, Plaintiff's evidentiary need is sufficient to outweigh Defendant's interest in preserving confidentiality. Additionally, these documents have already been produced in other litigation, *Pacific Gas & Elec. Co. v. United States,* No. 04-74 C (consolidated), Order of May 14, 2006 at 2, any chilling of internal deliberations that would result from their disclosure should already have occurred. It is unlikely that redisclosure of these documents under the amended protective order will result in any additional future timidity by government employees.

Defendant shall produce such documents under the terms as noted herein on or before December 26, 2007. Plaintiff is reminded that these documents, as well as the documents produced pursuant to the Orders of November 19, 2007 and December 10, 2007, are covered by the Protective Order of August 17, 2006, which was amended in the Court's Order of June 29, 2007.

s/ Edward J. Damich
EDWARD J. DAMICH
Chief Judge