# In the United States Court of Federal Claims

No. 04-106 C
(Filed: December 21, 2007)

| | |
|---|---|
| ************************************* | |
| | * |
| **DAIRYLAND POWER COOPERATIVE,** | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| **THE UNITED STATES,** | * |
| | * |
| Defendant. | * |
| | * |
| ************************************* | |

## ORDER

In the Court's Opinion and Order of June 29, 2007, Defendant was ordered to provide for *in camera* inspection a number of documents that were the subject of Plaintiff's January 18, 2007, motion to compel in light of Defendant's invocation of the deliberative process privilege and certain claims of attorney-client privilege.[1] Defendant submitted the documents in full, comprising five binders, to chambers on July 23, 2007. The Court addressed the privilege claims of the documents in the first, second and third binders of the Defendant's submission in the Orders of November 19, 2007, December 10, 2007 and December 18, 2007, respectively. The Court hereby addresses the privilege claims of the documents in the fourth and fifth binders of Defendant's submission.[2]

Document E297 need not be produced. It is an email and white paper that addresses

---

[1] The Court's review of the boundaries of the deliberative process privilege is contained in the Opinion and Order of June 29, 2007, *Dairyland Power Coop. v. United States,* 77 Fed. Cl. 330 (2007).

[2] As in the Orders of November 19, 2007, December 10, 2007 and December 18, 2007, the order in which the documents are addressed herein corresponds to the order in which they were submitted within Defendant's binders, i.e., corresponding to the paragraphs in the Declaration of Ronald A. Milner, March 31, 2006. The documents are identified by reference numbers contained in Defendant's privilege log and, where applicable, the Bates-stamped page number(s).

positions on legislative proposals and initiatives. The white paper addresses current statutory restrictions, the legislation that could overcome these statutory restrictions and the agency's opinion about this legislation. The document is pre-decisional and deliberative in nature and Plaintiff's evidentiary need is insufficient to outweigh Defendant's interest in preserving confidentiality.

Document E354 need not be produced. It is an email that proposes potential legislative fixes to allow for waste acceptance in 2010 at a geological repository. The document is pre-decisional and deliberative in nature and Plaintiff's evidentiary need is insufficient to outweigh Defendant's interest in preserving confidentiality.

Document E291 need not be produced. It is a proposed presentation that addresses legislative proposals and initiatives. The material contained in the presentation is similar to the white paper in E297. The document is pre-decisional and deliberative in nature and Plaintiff's evidentiary need is insufficient to outweigh Defendant's interest in preserving confidentiality.

Document E295 need not be produced. It is another version of the proposed presentation seen in E291. The document is pre-decisional and deliberative in nature and Plaintiff's evidentiary need is insufficient to outweigh Defendant's interest in preserving confidentiality.

Document E303 need not be produced. It is a short email regarding internal performance targets for 2001. It is unlikely that the email is relevant to Plaintiff; therefore, Plaintiff's evidentiary need is insufficient to outweigh Defendant's interest in preserving confidentiality.

Document E312 shall be produced with certain limitations. HQR2500407 is an email forwarding Congressional questions and answers and need not be produced. HQR2500408 through HQR2500414 shall be produced. It contains questions previously asked in committee and the answers, along with updated answers. These questions have already been asked by Congress. Additionally, both the answers and updated answers contain mainly factual information. HQR2500415 through HQR2500420 need not be produced. It is practice questions and proposed answers for a committee meeting regarding the 2003 FY budget. The six proposed questions are pre-decisional and deliberative in nature and Plaintiff's evidentiary need is insufficient to outweigh Defendant's interest in preserving confidentiality. HQR2500421 need not be produced. It is a duplicate of HQR2500407.

Document E314 need not be produced. It contains emails and proposed questions and answers similar to those seen (and not produced) in E312. The questions and answers are pre-decisional and deliberative in nature and Plaintiff's evidentiary need is insufficient to outweigh Defendant's interest in preserving confidentiality.

Document E316 need not be produced. It contains emails and post-hearing questions and proposed answers from a March 6, 2002 hearing. It is pre-decisional and deliberative in nature and Plaintiff's evidentiary need is insufficient to outweigh Defendant's interest in preserving

confidentiality.

Document E321 need not be produced. It contains an email and several versions of a proposed answers to congressional questions. It is pre-decisional and deliberative in nature and Plaintiff's evidentiary need is insufficient to outweigh Defendant's interest in preserving confidentiality.

Document E351 need not be produced. It is an email with an attachment that provides several proposed responses to an assertion. According to the Declaration of Ronald A. Milner of March 31, 2006, the assertion was made by Governor Guinn, then governor of Nevada. The first email with the attachment is followed by a string of emails between staff at the Department of Energy attempting to write an appropriate response to Mr. Guinn's assertion. It is pre-decisional and deliberative in nature and Plaintiff's evidentiary need is insufficient to outweigh Defendant's interest in preserving confidentiality.

Document E353 need not be produced. It is an email with an attached proposed answer. According to the Declaration of Ronald A. Milner of March 31, 2006, it is a proposed response to a Congressional question. It is pre-decisional and deliberative in nature and Plaintiff's evidentiary need is insufficient to outweigh Defendant's interest in preserving confidentiality.

Document E355 shall be produced with certain limitations. It is an email with an attached memorandum that provides information about radioactive waste. HQR2502103, the email, need not be produced. HQR2502104 through HQR2502115, the memorandum, shall be produced. The first full paragraph in HQR2502112 beginning with "The House and Senate..." may be entirely redacted. The last sentence on HQR2502112 beginning with "Both approaches..." and continuing on HQR2502113 ending with "...S.1287." may be redacted. The entire section titled "Committee members with..." beginning on HQR2502113 and ending on HQR2502114 may be redacted. Plaintiff's evidentiary need is sufficient to outweigh Defendant's interest in preserving confidentiality.

Document E357 need not be produced. It is a memorandum with questions and proposed answers for the Office of the Inspector General. It is pre-decisional and deliberative in nature and Plaintiff's evidentiary need is insufficient to outweigh Defendant's interest in preserving confidentiality.

Document E358 and E359 need not be produced. They are duplicates of the questions and proposed answers found in E357.

Document E305 need not be produced. It is a series of emails and a proposed answer for the Office of the Inspector General. It is pre-decisional and deliberative in nature and Plaintiff's evidentiary need is insufficient to outweigh Defendant's interest in preserving confidentiality.

Document E307 need not be produced. It is a series of emails providing proposed answers for the Office of the Inspector General and a draft memorandum from the Office of the Inspector General to the Director of the Office of Civilian Radioactive Waste Management. It is pre-decisional and deliberative in nature and Plaintiff's evidentiary need is insufficient to outweigh Defendant's interest in preserving confidentiality.

Document E310 need not be produced. It is multiple drafts of the memorandum with questions and proposed answers for the Office of the Inspector General, it is similar to the memorandum seen in E357. It is pre-decisional and deliberative in nature and Plaintiff's evidentiary need is insufficient to outweigh Defendant's interest in preserving confidentiality.

Document E306[3] and E308 need not be produced. They are drafts of a memorandum from the Office of the Inspector General to the Director of the Office of Civilian Radioactive Waste Management. They are similar to the memorandum found in E307 and are pre-decisional and deliberative in nature and Plaintiff's evidentiary need is insufficient to outweigh Defendant's interest in preserving confidentiality.

Document E309 need not be produced. It is a letter from the Office of Inspector General, Las Vegas Audit Group, requesting additional information from the Office of Civilian Radioactive Waste Management. It is unlikely that this request for information is relevant to Plaintiff; therefore, Plaintiff's evidentiary need is insufficient to outweigh Defendant's interest in preserving confidentiality.

Defendant shall produce such documents under the terms as noted herein on or before January 2, 2008. Plaintiff is reminded that these documents, as well as the documents produced pursuant to the Orders of November 19, 2007, December 10, 2007, and December 18, 2007, are covered by the Protective Order of August 17, 2006, which was amended in the Court's Order of June 29, 2007.

s/ Edward J. Damich
EDWARD J. DAMICH
Chief Judge

[3] Documents E306, E308 and E309 are addressed in paragraphs 11 and 12 of the Declaration of Gregory H. Friedman, April 10, 2006.