IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DAIRYLAND POWER COOPERATIVE,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ) | No. 04-0106C<br>(Chief Judge Damich) |

DEFENDANT'S UNOPPOSED MOTION TO AMEND TRIAL PREPARATION ORDER

Pursuant to Rule 7(b) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court modify the trial preparation order issued on October 31, 2007. The Government respectfully requests that the Court eliminate the restrictions regarding the length of each party's pretrial memoranda and revise the requirement regarding the pagination of the documentary exhibits to eliminate the requirement that each page of each exhibit be separately numbered. Counsel for plaintiff, Dairyland Power Cooperative ("Dairyland"), has represented that Dairyland does not oppose either request. As discussed more fully below, the relief being sought is requested in view of the parties' experience in other spent nuclear fuel cases and for the purpose of saving significant costs for both of the parties.

Paragraph 3.a.ii of the Court's October 31, 2007 order requires the parties to number each page of the documentary exhibits as well as number each documentary exhibit itself. Throughout the litigation, both the Government and the plaintiff have produced their documents with Bates stamp numbers on each page of their documents, at considerable expense. The Court's order, as currently written, would require both parties to repaginate all documents that would be used as exhibits in this case, even though they have already been paginated in a manner

that allows for easy reference, albeit not in the exact format that the Court's pretrial order requires. Contractors for the Government have estimated that it would take four staff members approximately two weeks to number an exhibit collection that was comparable to the size of the exhibit list in the Pacific Gas & Electric case, another spent nuclear fuel case that was tried last year. In light of the fact that most of the documentary exhibits to be used at trial will be separately Bates-numbered, simply labeling each exhibit with the exhibit number, as we have done in the past, would allow for the specific identification of each page of each exhibit without requiring the parties separately to paginate each page of each exhibit with a new number. Thus, by eliminating the requirement that each page of each exhibit be separately paginated, both parties could avoid significant effort and cost in preparing the pretrial submissions.

Paragraph 2.c.ii of the Court's October 31, 2007 order provides that the memorandum of fact and law shall not exceed 30 pages, absent a showing of good cause. The memorandum is required to set forth "a complete exposition" of the respective parties' legal theories and to "explain the factual basis" upon which each party intends to rely at trial. However, experience in other spent nuclear fuel cases has shown that task cannot be adequately accomplished in a memorandum of that brevity. In Pacific Gas & Electric v. United States, Nos. 04-0074, -0075C (Fed. Cl.), a case in which the plaintiff was represented by Dairyland's attorneys, the plaintiff's pretrial brief was 59 pages long, and the Government's brief was 83 pages in length. In other recent spent nuclear fuel cases, the parties have submitted briefs that were longer than 30 pages as well. See Carolina Power & Light Co. v. United States, No. 04-0037C (Fed. Cl.) (plaintiff's brief, 61 pages, Government's brief, 78 pages); Wisconsin Electric Power Company v. United States, No. 00-697C (Fed. Cl.) (plaintiff's brief, 46 pages, Government brief, 84 pages); System

Fuels, Inc./Entergy Arkansas v. United States, No. 03-2623C (Fed. Cl.) (plaintiff's brief, 31 pages, Government's brief, 83 pages). Given the complexity of the legal and factual issues required to understand Dairyland's $54 million claim, we respectfully request that there be no page limit on the length of the pretrial briefs in this case, even though page limitations upon the parties' post-trial briefs may be appropriate.

For the reasons discussed above, the Government respectfully requests that the Court modify the trial preparation order to remove the page limitation upon pretrial briefs and to eliminate the requirement that each page of the documentary exhibits be separately paginated.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/Russell A. Shultis
RUSSELL A. SHULTIS
Trial Attorney
Commercial Litigation Branch
Civil Division
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-7571
Fax: (202) 307-2503

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

ALAN J. LO RE
Senior Trial Counsel

PATRICK B. BRYAN
JOSHUA E. GARDNER
SCOTT C. SLATER
Trial Attorneys
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530

December 21, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 21st day of December 2007, a copy of foregoing "DEFENDANT'S UNOPPOSED MOTION TO AMEND TRIAL PREPARATION ORDER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Harold D. Lester, Jr.