# In the United States Court of Federal Claims

No. 04-106 C

(Filed: December 21, 2007)

**************************************

| | |
|---|---|
| | * |
| **DAIRYLAND POWER COOPERATIVE,** | * |
| | * |
| | * |
| | * |
| v. | * |
| | * |
| **THE UNITED STATES,** | * |
| | * |
| Defendant. | * |
| | * |

**************************************

**ORDER**

On November 20, 2007, the Court issued an opinion and order concerning Plaintiff Dairyland Power Cooperative's ("Dairyland") motion to compel Defendant United States ("the Government") to supplement its responses to Dairyland Interrogatory Numbers 5, 9, 13, 14, 15, 16, and 17 ("November 20, 2007 Order"). The Court denied Dairyland's motion in regard to Interrogatory Number 14. But the Court also ordered the Government to further supplement its response to Interrogatory Number 5. Dairyland was also ordered to submit a report stating whether it had received information since the completion of briefing on its motion to compel that sufficiently addressed the inquiries underlying the interrogatories that remained at issue. The November 20, 2007 Order also postponed ruling on Dairyland's motion for sanctions, pursuant to Rule 37 of the Rules of the Court of Federal Claims ("RCFC"), which had accompanied the motion to compel, pending receipt of the Government's supplemental response to Interrogatory Number 5 and Dairyland's report. November 20, 2007 Order at 10-11.

The Government, on December 3, 2007, submitted a Supplemental Response to Interrogatory Number 5. But Dairyland, in the report the Court had requested, continued to argue that the Government's responses to the remaining interrogatories–namely Numbers 9, 13, 15, 16, and 17–were inadequate, thereby indicating that it had received no further information from the Government on these inquiries. Dairyland's Report on the Sufficiency of the Government's Answer to Certain Contention Interrogatories ("Dairyland's Report"). Additionally, Dairyland maintained that the Government had violated RCFC 33(b) by not submitting any of its

interrogatory responses, or supplements thereto, under oath. Finally, Dairyland reiterated its request for sanctions under RCFC 37.

For the foregoing reasons, the Court now DENIES Dairyland's motion to compel the Government to supplement its responses to Interrogatory Numbers 9, 15, 16, and 17. However, the Court ORDERS the Government to submit a supplemental response to Interrogatory Number 13 and to submit an affidavit swearing to the truth of all its interrogatory responses and supplements thereto. Finally, the Court DENIES Dairyland's request for sanctions under RCFC 37.

**I. The Government's Responses to Interrogatory Numbers 9, 15, 16, and 17**

Interrogatory Numbers 9, 15, 16, and 17 asked for the Government's contentions concerning the following:

- Interrogatory No. 9–the reasonableness of any study, analysis, investigation, and/or implementation of spent fuel dry storage by Dairyland at any time subsequent to the U.S. Department of Energy's ("DOE") partial breach of Dairyland's spent fuel disposal contract;

- Interrogatory No. 15–the reasonableness of any spent fuel storage by Dairyland in the La Crosse (Wisconsin) Boiling Water Reactor (LACBWR) wet fuel storage pool at any time after DOE's partial breach of Dairyland's spent fuel disposal contract, any further contentions as to when such storage became unreasonable, and what specific alternative storage options would have been reasonable;

- Interrogatory No. 16–all spent fuel storage options Dairyland should have explored and/or implemented following DOE's partial breach of Dairyland's spent fuel disposal contract and descriptions of any such options Dairyland should have explored or implemented that differed from those explored and/or implemented for Dairyland's failed fuel, along with how and why these options should have been different;

- Interrogatory Number 17–all failed fuel storage options Dairyland should have explored and/or implemented after DOE partially breached Dairyland's spent fuel disposal contract and descriptions of any such options Dairyland should have explored and/or implemented that differed from spent fuel storage options explored or implemented, along with how and why they should have been different.

Plaintiff's First Set of Interrogatories, #9, #15, #16, #17.

Dairyland specifically takes issue with the portions of the Government's most recent responses stating that the Government: a) "does not currently plan to argue that it was unreasonable for Dairyland to study, investigate, and/or implement dry storage" (supplemental response to Interrogatory Number 9); b) "does not currently plan to argue that it was unreasonable for Dairyland to store its spent fuel at LACBWR in wet storage" (supplemental response to Interrogatory Number 15); c) "does not currently plan to argue that Dairyland should have explored and/or implemented any particular strategy for the storage of its spent fuel" (supplemental response to interrogatory number 16); and d) "does not currently plan to argue that Dairyland should have explored and/or implemented any particular strategy for the storage of its failed fuel" (supplemental response to interrogatory number 17). Defendant's Responses to Plaintiff's Interrogatories, Supplemental Responses, #9, # 15, #16, #17. According to Dairyland, "[t]hese responses, though indicating that the [G]overnment is not likely to dispute the reasonableness of Dairyland's mitigation efforts, improperly attempt to provide the [G]overnment with wiggle room [through use of the phrase "does not currently plan"] to do so at trial." Dairyland's Report at 2.

The Government, in initially addressing Dairyland's motion to compel, stated that its interrogatory responses could be developed through consultation with expert witnesses. Defendant's Response to Plaintiff's Motion to Enforce February 5, 2007 Order and for Sanctions, and Defendant's Motion for Imposition of Reciprocal Obligations Upon the Parties at 15. The November 20, 2007 Order explicitly asked about whether the Government had consulted with expert witnesses and obtained further information to answer the interrogatories since the completion of briefing on Dairyland's motion to compel. November 20, 2007 Order at 6-7. But there is no mention of a consultation in its latest submission. The Court is puzzled as to why the Government, if it intended to do so, has not consulted with its expert witnesses at this late stage of discovery.

Furthermore, instead of adequately answering the interrogatories, the Government states that it "do[es] not intend to challenge at trial the 'reasonableness' of the costs incurred by Dairyland relating to spent nuclear fuel.....storage expenditures or studies." Defendant's Response to Plaintiff's December 3, 2007 Report ("Def.'s Resp. to Dairyland's Report") at 2. This appears to be quite a concession, and the Court wonders why Dairyland does not see this statement as obviating the need for answers to at least some of its interrogatories. Dairyland, nonetheless, remains entitled to a decision on its motion to compel, as it continues to press the point.

The Court believes that, for purposes of discovery, the Government's responses to date to Dairyland Interrogatory Numbers 9, 15, 16, and 17 are adequate, despite the fact that the Government's use of the term "currently" to characterize its planned contentions is not as helpful to Dairyland as a more definitive statement. After all, contention interrogatories are meant to "narrow and define issues for trial." *Koch v. Koch Indus., Inc.*, 6 F.Supp.2d 1192, 1200 (D. Kan. 1998). There does not, however, appear to be any authority, particularly in the Federal Circuit, that requires a party to *commit* to making a contention when responding to a contention interrogatory. If indeed the Government does not "currently" plan to make the contentions

specified in Interrogatory Numbers 9, 15, 16, and 17 at trial, the Government has responded to these interrogatories truthfully. But it is indeed remarkable that the Government cannot make a definitive statement about these contentions when discovery is set to end on January 15, 2008. The Court reminds both parties that they have an obligation to finalize their contentions of fact and law on specific dates during pretrial as specified by the Rules of the Court and by this Court's pretrial order. *See* Rules of the Court of Federal Claims, Appendix A, ¶ 14; *see also* Trial Preparation Order (October 31, 2007).

**II. Interrogatory Number 13**

Interrogatory Number 13 seeks the Government's contention as to whether DOE would have picked up Dairyland's failed fuel later than the rest of its spent fuel had the Government begun spent fuel acceptance from utilities by the date of commencement for spent fuel acceptance that Dairyland's contract had scheduled. Plaintiff's First Set of Interrogatories, #13. The Government's response to this interrogatory referred Dairyland to DOE contracting officer David Zabransky's trial testimony in *Yankee Atomic Electric v. United States*, another SNF case. Additionally, the Government stated that the contract did not necessarily obligate the acceptance of Dairyland's failed fuel on the same schedule as that for standard fuel. Defendant's Responses to Plaintiff's Interrogatories, Original Response, # 13. Now, in its response to Dairyland's report, the Government points to Mr. Zabransky's deposition testimony in this case, which stated that DOE could not say whether it would accept failed fuel from utilities (including Dairyland) on a schedule different from that for standard fuel, as DOE had never been placed in such a situation and lacked sufficient information from Dairyland concerning the extent of its failed fuel. Def.'s Resp. to Dairyland's Report at 2-3.

The Federal Circuit has not addressed attempts to respond to interrogatories by referring to other documents or testimony; therefore, the November 20, 2007 Order cited case law generally disfavoring such attempts on the grounds that clear and direct interrogatory responses more effectively aided finders of fact. November 20, 2007 Order at 5-6 (citing *Fresenius Med. Care Hldngs., Inc. v. Roxane Lab.'s*, No. 2:05-cv-0889, 2007 WL 527903, at *2 (S.D. Oh. Feb. 14, 2007) (it was not entirely clear that the defendant swore to the accuracy of allegations in a pleading simply by referring to them in an interrogatory answer); *Mahoney v. Kempton*, 142 F.R.D. 32, 33 (D. Mass. 1992) (interrogatory answers must be full and complete within themselves and shall not refer or incorporate by reference other documents). So if indeed the Government cannot say whether it would have accepted failed fuel from Dairyland on a schedule different than that for standard fuel given its lack of experience with such a situation and sufficient information from Dairyland regarding the extent of its failed fuel, it should say so directly. Consequently, the Court will order the Government to submit a supplemental response to Dairyland Interrogatory Number 13 that does not merely refer Dairyland to other documentation or testimony.

**III. The Certification of Responses Under Oath**

Dairyland also argues, correctly, that the Government should have submitted its

interrogatory responses under oath.[1] RCFC 33(b) states that "each interrogatory shall be answered separately and fully under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and answer to the extent the interrogatory is not objectionable." RCFC 33(b).

The Government, however, argues that because the interrogatories at issue here are contention interrogatories, responses under oath are not required. In support of this argument, the Government cites RCFC 26(g)(2) for the proposition that "attorneys' signatures upon the Government's contention interrogatory responses constitute an appropriate certification." Def.'s Resp. to Dairyland's Report at 4. Additionally, the Government states that the New York federal district court decision of *Lastick v. Bahama Cruise Line*, *Inc*., highlights how a rule requiring witnesses to swear to contention interrogatory responses would be counterproductive because a party could swear to the truth of answers in reliance upon information supplied by an attorney, leaving open "the possibility of a loophole large enough to admit surprise at trial...." *Id*. at 4 n.3 (quoting *Lastick v. Bahama Cruise Line Inc.*, No. 88-civ-3624, 1990 WL 139023, at *5 (S.D.N.Y. 1990).

The Court disagrees with the Government. RCFC 26(g)(2) states that an attorney's signature at the end of interrogatory responses certifies that to the best of the attorney's knowledge, following a reasonable inquiry, the responses are consistent with the Rules of the Court of Federal Claims and "warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law," and that they are "not interposed for any improper purpose" (e.g. to cause needless delay) nor "unreasonable or unduly burdensome." RCFC 26(g)(2). None of these requirements, however, is the same as an oath. The Government also misconstrues the *Lastick* decision, which actually concluded that it was appropriate for an attorney to certify a response to a contention interrogatory under oath pursuant to RCFC 33. *See Lastick*, 1990 WL 139023, at *5. This is precisely what Dairyland seeks to have Government counsel do here. Most importantly, RCFC 33(b) carves out no exception from the requirement of an oath for contention interrogatory responses. The Court consequently will require the Government to swear to the truth of all its interrogatory responses and supplements thereto.

## IV. Sanctions

For the Government's purported failure to comply with the Court's order of February 5, 2007 compelling supplemental interrogatory responses, Dairyland seeks sanctions against the Government, including costs and attorneys' fees in prosecuting this motion and also for responding to the Government's previous motions for enlargement of time to comply with the earlier order. A party may move to compel an answer, or a supplemental answer, to an interrogatory if an opposing party fails to satisfactorily respond to the same interrogatory. RCFC

[1]The Court is concerned that Dairyland has waited until now to raise this issue. But Dairyland's delay in doing so does not excuse the Government's failure to certify its interrogatory responses under oath pursuant to RCFC 33(b).

(2)(B). If the motion is granted, a court shall, after providing an opportunity to be heard, require the party whose conduct necessitated the motion "to pay to the moving party the reasonable expenses incurred in making the motion, including attorneys' fees, unless the court finds that the motion was filed" without a good faith effort to obtain the information necessary without court action, the response was substantially justified, or that other circumstances make an award of expenses unjust. RCFC 37(a)(4)(A).

In this case, the Court has now compelled the Government to supplement responses to two of seven interrogatories. Both of those responses, to Interrogatory Numbers 5 and 13, involved instances where the Government had initially referred to testimony or documentation in other cases. *See* November 20, 2007 Order at 5-6. The Court certainly understands Dairyland's frustration with the Government's failure to provide direct answers to these two inquiries. But the Court must balance that inconvenience with the fact that the Government has, for the most part, adequately discharged its obligations regarding interrogatory responses. For that reason, the Court will not award Dairyland the sanctions it seeks.

**V. Conclusion**

The Court ORDERS the Government to submit a supplemental response to Dairyland Interrogatory Number 13 consonant with the guidelines set forth by Section II of this Order. The Government should send such supplementation to Dairyland and file such supplementation with the Court on or before **January 7, 2008**. Furthermore, the Court ORDERS the Government to submit an affidavit, on or before the close of discovery on **January 15, 2008**, stating, under penalties of perjury, that all its interrogatory responses, including the supplemental responses the Court has ordered, are true and correct. The Court reminds the Government that it will be swearing to the truth of circumstances at the time it makes its oath. For example, if the Government has determined its contentions at that time, it is under an obligation to so state.

Dairyland's motion to compel the Government to submit supplemental responses to Interrogatory Numbers 9, 15, 16, and 17 and for sanctions is DENIED.

s/ Edward J. Damich
EDWARD J. DAMICH
Chief Judge