IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Electronically filed: December 26, 2007

| | |
|---|---|
| DAIRYLAND POWER COOPERATIVE,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | No. 04-0106C<br>(Chief Judge Damich) |

DAIRYLAND'S MOTION FOR RECONSIDERATION OF ORDER GRANTING THE GOVERMMENT'S MOTION FOR AN ENLARGMEMENT OF TIME TO RESPOND TO MOTION TO COMPEL PRODUCTION OF FIVE REMAINING DOCUMENTS WITHHELD ON CLAIMS OF PRESIDENTIAL COMMUNICATIONS PRIVILEGE

The Court granted the government's motion for an enlargement of time as Dairyland was about to file its opposition to that motion. The government's request for additional time to respond to Dairyland's motion to compel the production of the five remaining documents being withheld on claims of the presidential communications privilege is unnecessary. In addition, the enlargement sought by the government would unfairly hamper the Court's opportunity to resolve this privilege efficiently before the close of discovery. Accordingly, Dairyland respectfully asks the Court to reconsider its December 26 Order.

The government's requested enlargement is unnecessary because the path forward for resolution of Dairyland's motion to compel is abundantly clear in light of the Court's Orders of December 12 and December 19. In its December 12 Order, the Court directed Dairyland to file a motion to compel and a statement of need regarding the five documents. *See* Order at 2. Dairyland filed that motion on December 14. In its Order of December 19, the Court addressed

Dairyland's motion to compel the production of five other documents withheld on claims of the presidential communications privilege. The Court decided that the Dairyland's motion to compel should be governed by the two-part test set out in *In re Sealed Case,* 121 F.3d 729, 754 (D.C. Cir. 1997) to overcome a claim of the presidential communications privilege. Order at 10-11. The Court then concluded that Dairyland had met this standard regarding the five documents addressed in that Order. *Id.* at 12-13. Although finding that Dairyland had me the standard for overcoming a claim of the privilege, the Court permitted the government to formally invoke the privilege through submission of a suitable affidavit and the unredacted documents for *in camera* review. *Id.* at 14. As explained in Dairyland's December 14 motion, the five remaining documents at issue are not materially different from the five addressed in the December 19 Order; they all address the government's consideration of interim storage of spent fuel. Thus, there is no reason to treat these documents any differently than those addressed in the December 19 Order. Accordingly, if the government is going to attempt to justify the continued withholding of these documents from production, it must formally invoke the presidential communications privilege over these documents through a suitable affidavit and submit them to the Court for *in camera* review. In other words, the government does not need additional time (or any time) to consult with the Office of Legal Counsel or others regarding an appropriate response to Dairyland's December 14 motion. Instead, the Court should order the government to submit a suitable affidavit and the documents.

The government's failure to follow the obvious path forward toward resolution of the government's presidential privilege claim over these documents is particularly inappropriate given the pressing deadlines in this case. Surely, it would be more efficient for the government to consult with the White House only once and submit only one affidavit regarding claims of the

presidential communications privilege for documents addressing interim storage of spent fuel. Similarly, it is likely to be more efficient for the Court to address this issue only once more in response to a single submission for the government. With the January 15 close of fact discovery and other pretrial deadlines approaching, it is important that the few remaining privilege issues get resolved as efficiently as possible.

For the foregoing reasons, the Court should reconsider its December 26 Order and deny the government's motion for an enlargement of time. Instead, the Court should order the government to submit a suitable affidavit formally invoking the presidential communications privilege regarding these documents by January 7, 20087 and submit the unredacted documents to the Court for *in camera* review.

Respectfully submitted,

December 26, 2007

s/ Jerry Stouck
JERRY STOUCK
Greenberg Traurig, LLP
800 Connecticut Avenue, NW
Suite 500
Washington, DC 20006
(202) 331-3100 (Telephone)
(202) 261-4751 (Facsimile)
*Counsel for Plaintiff*
DAIRYLAND POWER COOPERATIVE

Of Counsel:
Robert L. Shapiro
Kevin E. Stern
GREENBERG TRAURIG, LLP
*WDC 371,555,027v1 12/26/2007*