IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DAIRYLAND POWER COOPERATIVE, Plaintiff, | ) | |
| v. | ) | No. 04-106C (Chief Judge Damich) |
| THE UNITED STATES OF AMERICA, Defendant. | ) | |

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S DECEMBER 26, 2007 ORDER

Pursuant to RCFC 7(b), defendant, the United States, respectfully responds to the "Motion For Reconsideration Of Order Granting The Government's Motion For An Enlargement Of Time To Respond To Motion To Compel Production Of Five Remaining Documents Withheld On Claims Of Presidential Communications Privilege," that the plaintiff, Dairyland Power Cooperative ("Dairyland"), filed on December 26, 2007.[1]

As we explained in our December 21, 2007 enlargement motion, there is good cause to support the Court's order granting enlargement. Because Dairyland's December 14, 2007 motion to compel implicates the inner workings of the White House, counsel for the Government is required to coordinate with officials from various departments within the Department of Justice, including the Office of Legal Counsel, prior to responding to Dairyland's motion to

[1] Although Dairyland has styled its December 26, 2007 motion as a "motion for reconsideration," it cited no Rule or other authority for the relief it seeks. RCFC 59 – which pertains to motions for reconsideration of a judgement or final order – is inapplicable in this context. Thus, we assume that Dairyland must be relying upon RCFC 7, which authorizes a party, by motion, to request the Court to issue an order.

compel. Given that these officials have other important duties and prior vacation plans during the holidays, we requested a six-day enlargement of time to respond to ensure that the Government had sufficient time to complete the necessary review process in light of the holiday season. For these reasons, and in light of the "high respect" and deference that the judiciary affords the Chief Executive in litigation proceedings implicating the White House, Cheney v. United States District Court for the District of Columbia, 542 U.S. 367, 385 (2004), the Court properly granted our very modest request for a six-day enlargement of time.

Indeed, Dairyland's motion for reconsideration does not seriously challenge the Government's need to consult with Office of Legal Counsel and other relevant Government officials. Instead of directly challenging the Court's order granting our enlargement request, Dairyland raises arguments in its December 26, 2007 motion for reconsideration that are not properly before the Court and go well beyond the scope of our December 21, 2007 motion for an enlargement of time. In its motion, Dairyland argues that, as a legal matter, because the Court in its December 17, 2007 ruling found that Dairyland met its initial burden, pursuant to Cheney and Nixon v. United States, 418 U.S. 683 (1974), with regard to the five documents at issue in the September 18, 2007 motion to compel, the Court should also find that Dairyland met its initial burden with regard to the five separate documents that are at issue in Dairyland's December 14, 2007 motion to compel – even though the Court has not yet made any determination as to whether Dairyland has met its initial burden of particularized need with regard to the five additional documents at issue in the December 14, 2007 motion, pursuant to Cheney and Nixon. In essence, as Dairyland would have it, not only should the Government's enlargement motion be denied, but the Government should be precluded from submitting any response to Dairyland's

December 14, 2007 motion to compel. In so doing, Dairyland seeks to leapfrog over the procedural requirements for challenging the White House's assertion of presidential communications privilege that this Court established, following Cheney and Nixon, in its December 19, 2007 order. Such posturing by Dairyland is improper and runs afoul of the Court's December 19, 2007 order as well as the long-standing judicial principle of affording deference and restraint in deciding legal matters involving the White House. See Cheney, 542 U.S. at 385 ("The [Supreme] Court has held, on more than one occasion, that '[t]he high respect that is owed to the office of the Chief Executive . . . is a matter that should inform the conduct of the entire proceeding, including the timing and scope of discovery,' . . . and that the Executive's 'constitutional responsibilities and status [are] factors counseling judicial deference and restraint' in the conduct of litigation against it . . ..") (citations omitted).

Similarly, Dairyland's assertion that it would be more "efficient" if the White House were required to respond "only once" to Dairyland's two separate motions to compel presidential communications documents is misplaced. Pl. Mot. at 3. As we have noted previously, the five separate documents at issue in Dairyland's September 18 and December 14, 2007 motions to compel have been listed upon the Government's privilege log since 2002. Rather than bringing a single motion to compel early in the discovery period in this case, however, Dairyland instead chose to engage in piecemeal challenges to these documents by filing two separate motions to compel toward the close of discovery. Accordingly, to the extent that Dairyland now believes that the manner in which the Court and the Government are handling Dairyland's privilege objections are somehow inefficient – a position with which we disagree – Dairyland has no one but itself to blame.

Accordingly, for the foregoing reasons, the United States respectfully requests that the Court deny Dairyland's motion for reconsideration of the Court's December 26, 2007 order granting the Government's request for a six-day enlargement of time.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/Russell A. Shultis by s/ Patrick B. Bryan
RUSSELL A. SHULTIS
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-7571
Fax: (202) 305-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

ALAN J. LO RE
Senior Trial Counsel

PATRICK B. BRYAN
JOSHUA E. GARDNER
SCOTT SLATER
Trial Attorneys
U.S. Department of Justice

December 27, 2007

CERTIFICATE OF FILING

I hereby certify that on this 27th day of December 2007, a copy of the foregoing "DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S DECEMBER 26, 2007 ORDER," was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Patrick B. Bryan