IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DAIRYLAND POWER COOPERATIVE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-106C |
| | ) | (Chief Judge Damich) |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR AN ENLARGEMENT OF TIME TO SUBMIT THE WHITE HOUSE'S FORMAL INVOCATION OF PRESIDENTIAL COMMUNICATIONS PRIVILEGE PURSUANT TO THE COURT'S DECEMBER 19, 2007 ORDER, AND TO RESPOND TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF THE FIVE REMAINING PRESIDENTIAL COMMUNICATIONS PRIVILEGE DOCUMENTS

Pursuant to Rule 6(b) of the Rules of the Court of Federal Claims, defendant, the United States, respectfully requests a 15-day enlargement of time, to and including Tuesday, January 22, 2008, within which to submit the White House's formal invocation of the presidential communications privilege, as directed by the Court in its December 19, 2007 order, and a 14-day enlargement of time to file its response to the "Motion to Compel Production of All Five Remaining Presidential Communications Privilege Documents," which the plaintiff, Dairyland Power Cooperative ("Dairyland"), filed on December 14, 2007. The Government currently is required to submit the White House's formal assertion of privilege on January 7, 2008, and to file its response to Dairyland's motion to compel on January 8, 2008. This is our first request for an enlargement regarding the submission of the White House's formal invocation of the presidential communication privilege and our second request for an enlargement regarding the response to Dairyland's motion to compel the remaining five presidential communications documents, the Court previously having granted a six-day enlargement of time for this purpose.

The Government has consulted with Dairyland's counsel, Robert Shapiro, regarding Dairyland's position on this motion, and Mr. Shapiro has requested that we include here the following statement of Dairyland's position:

> Dairyland does not wish to unduly inconvenience the government and Dairyland would not ordinarily oppose the government's requested enlargements absent the approaching January 15, 2008 discovery cutoff and the concerns articulated by the Court during the October 22, 2007 telephone status conference regarding continued discovery activity beyond that date. *See* Tr. at 6. In order to accommodate the parties' concerns, and pursuant to RCFC 29, the parties have agreed to continue fact discovery beyond January 15 limited only to completion of briefing and resolution of the outstanding discovery motions (including the assertions of the presidential communications privilege) and the conclusion of the three depositions of government personnel. The parties have agreed, in accordance with RCFC 29, that they can accommodate this very limited discovery after January 15 without interfering with completion of tasks set out in the Court's pretrial schedule. Accordingly, Dairyland does not oppose the government's requested enlargements provided the Court does not object to the parties' arrangement noted above. However, if the Court would consider Dairyland's motion to compel moot if the government's opposition and affidavits are delayed until after the January 15, 2008 discovery cutoff, then Dairyland must oppose the government's requested enlargements and request that the Court resolve the pending motions prior to the January 15 discovery cutoff.

The requested enlargement is necessary for the following reasons. In its December 19, 2007 order, the Court ordered the Government to "file with this Court a suitable affidavit reflecting a formal invocation of the presidential communications privilege" with regard to the five documents at issue in Dairyland's September 18, 2007 motion to compel by "appropriate White House officials." Order, at 14 (Fed. Cl. Dec. 19, 2007). Because the White House officials whose participation is necessary to complete the formal assertion of privilege were and continue to be required to attend to other important duties since the date that the Court issued its December 19,

2007 order and also had scheduled prior holiday vacation plans during the intervening weeks, the Office of Legal Counsel ("OLC"), in consultation with the Office of the White House Counsel, has requested that we seek a 15-day enlargement of time for the submission of the necessary affidavit or affidavits. This enlargement of time is necessary to ensure that the appropriate individuals within the Office of the White House Counsel have sufficient opportunity to develop, review, and comment upon the White House declaration that the Government is to submit to assert formally the presidential communication privilege over the subject documents.

As the Court is aware, there is a long-standing judicial principal of affording deference to the White House in determining legal matters that implicate the inner workings of the office of the Chief Executive. See Cheney v. United States, 542 U.S. 367, 385 (2004) ("The [Supreme] Court has held, on more than one occasion, that '[t]he high respect that is owed to the office of the Chief Executive . . . is a matter that should inform the conduct of the entire proceeding, including the timing and scope of discovery,' . . . and that the Executive's 'constitutional responsibilities and status [are] factors counseling judicial deference and restraint' in the conduct of litigation against it . . ..") (citations omitted). In light of the high respect afforded the White House in these proceedings, and given the unavailability of the appropriate White House officials, we respectfully request that the Court grant our request for a 15-day enlargement of time.

With regard to the Government's response to Dairyland's December 14, 2007 motion to compel, we had anticipated that we would file by the current deadline for responding to that motion a brief that contains arguments similar to that in our response to Dairyland's September 18, 2007 motion to compel other documents protected by the presidential communications privilege. However, after further consultation with OLC regarding this matter, we understand that OLC is working with the Office of the White House Counsel to prepare a single affidavit that addresses not

only the five documents that are the subject of the Court's December 19, 2007 order, but also the five additional documents that are the subject of Dairyland's December 14, 2007 motion to compel. Rather than filing a brief in response to Dairyland's December 14, 2007 motion that does not provide an affidavit from the White House in support of the presidential communications privilege, it seems appropriate to file a single brief that not only addresses all of the necessary legal and factual arguments relating to the issues raised in Dairyland's December 14, 2007 motion, but that also is accompanied by an appropriate affidavit or affidavits from the White House in support of the privilege assertion. To permit that simultaneous filing, we respectfully request that the Court grant an enlargement of time for us to respond to Dairyland's December 14, 2007 motion that is co-extensive with the requested deadline for the submission of the White House affidavit(s).

Accordingly, the United States respectfully requests that the Court grant this request for an enlargement of time for the White House formally to invoke the presidential communications privilege and for the Government to respond to Dairyland's December 14, 2007 motion to compel.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/Russell A. Shultis by s/ Joshua E. Gardner
RUSSELL A. SHULTIS
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-7571
Fax: (202) 305-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

ALAN J. LO RE
Senior Trial Counsel

PATRICK B. BRYAN
JOSHUA E. GARDNER
SCOTT SLATER
Trial Attorneys
U.S. Department of Justice

January 2, 2008

CERTIFICATE OF FILING

I hereby certify that on this 2nd day of January 2008, a copy of the foregoing "DEFENDANT'S MOTION FOR AN ENLARGEMENT OF TIME TO SUBMIT THE WHITE HOUSE'S FORMAL INVOCATION OF PRESIDENTIAL COMMUNICATIONS PRIVILEGE PURSUANT TO THE COURT'S DECEMBER 19, 2007 ORDER, AND TO RESPOND TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF THE FIVE REMAINING PRESIDENTIAL COMMUNICATIONS PRIVILEGE DOCUMENTS," was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Joshua E. Gardner