IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DAIRYLAND POWER COOPERATIVE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-106C |
| | ) | (Chief Judge Damich) |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO EXPEDITED MOTION TO ESTABLISH
A DUE DATE FOR MOTIONS *IN LIMINE* REGARDING EXPERTS

Defendant, the United States, respectfully responds to the motion of plaintiff, Dairyland Power Cooperative ("Dairyland"), seeking expedited consideration of its request for the establishment of deadlines for the submission of *motions in limine* relating to expert witnesses. On January 14, 2008, this Court ordered the parties to refrain from further motions practice until the Court resolved several currently pending motions. 1/14/08 Order; see also 1/11/08 Tr. 31:15-17 ("When those [motions] are done we'll have a status conference and then we'll see where to go from there. But I don't want any new issues to come in."). At the status conference preceding the Court's ruling, Dairyland did not object to this course of action. Notwithstanding the Court's directive, Dairyland now moves for leave to file additional motions.

At this juncture, the filing of expert-related *motions in limine* would be premature. As the Court is well aware, fact discovery has yet to conclude. Presently before the Court are Dairyland's various challenges to the Government's good faith assertions of privilege over more than 200 documents, including those withheld on the grounds of presidential communications privilege, attorney-client privilege, deliberative process privilege, and attorney work product doctrine. The continued depositions of at least three Government witnesses are to occur following the resolution

of these privilege challenges. Also before the Court are the parties' summary judgment briefs on the issue of whether Dairyland is entitled to recover costs associated with an investment in Private Fuel Storage, LLC, by Genoa Fuel Tech, Inc., Dairyland's for-profit subsidiary. Further, the parties have not yet exchanged witness or exhibit lists.

Regardless of what either party may currently *expect* of the other with regard to its use of experts at trial, the *actual* purposes for which any expert may be called is potentially subject to change as a result of the unresolved issues identified above. Moreover, undertaking *motions in limine* practice now would invite unnecessary speculation by both movants and respondents regarding the subject of any given expert's testimony. Because both parties have yet to issue witness lists, it is impossible to know whether an expert's proffered testimony will deviate in any way from the opinions expressed in his report. Should this occur, it would threaten a second round of expert-related motions, resulting in significant waste of judicial resources. Additionally, the resolution of non-expert *motions in limine* may effect the resolution of expert-related motions, and piecemeal motions practice would prevent the Court from considering together all pending *motions in limine*. Simply put, Dairyland's extraordinary request that the parties be required to file *motions in limine* at this point – before the conclusion of fact discovery and prior to the submission of witness and exhibit lists – is premature and runs counter to the Court's directive.

We decline to respond in-kind to Dairyland's acerbic rhetoric, or to engage in a point-by-point refutation of its inaccurate characterization of the history of discovery in this matter. With regard to discovery in general, and with regard to Dairyland's persistent motions in particular, suffice it to say that, during the September 20, 2007 status conference in this case, the Court instructed that, "[i]f you want to keep the current trial date, then we're going to have to drop things at some point." 9/20/07 Tr. 72:22-24. Dairyland, however, pressed forward with its existing

motions, and then filed additional motions to compel the production of documents bearing little or no relevance to this action. See 8/7/07 Tr. 53:9-12 (recording Dairyland's counsel's representation that "I think Dairyland can win its case, win all the damages to which it's entitled to prove a compelling case for those damages without one additional page of documents."). Mindful of the likelihood of a delay in trial, Dairyland made its election. As a result, it is hardly fair for Dairyland now to blame us – or the Court for that matter – for the natural outcome of its litigation strategy.

For these reasons, we respectfully request that the Court deny Dairyland's expedited motion to establish an immediate due date for *motions in limine* regarding experts.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/Russell A. Shultis by s/Scott Slater
RUSSELL A. SHULTIS
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-7571
Fax: (202) 305-2503

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

ALAN J. LO RE
Senior Trial Counsel

PATRICK B. BRYAN
JOSHUA E. GARDNER
SCOTT SLATER
Trial Attorneys
U.S. Department of Justice

February 20, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 20th day of February 2008, a copy of the foregoing "DEFENDANT'S RESPONSE TO EXPEDITED MOTION TO ESTABLISH A DUE DATE FOR MOTIONS *IN LIMINE* REGARDING EXPERTS, " was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Scott Slater