IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DAIRYLAND POWER COOPERATIVE,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 04-0106C<br>(Chief Judge Damich) |

JOINT MOTION TO AMEND TRIAL PREPARATION ORDER

Pursuant to RCFC 7(b), plaintiff, Dairyland Power Cooperative ("Dairyland"), and defendant, the United States, respectfully request that the Court modify the trial preparation order issued on February 21, 2008. Specifically, the parties respectfully request that the Court (i) revise the requirement set forth in paragraph 3.a.ii of the Court's February 21, 2008 order regarding the pagination of the documentary exhibits to eliminate the requirement that each page of each exhibit be separately numbered in the manner currently required by the Court's order, and (ii) eliminate the restrictions, set forth in paragraph 2.c.ii of the Court's February 21, 2008 order, regarding the length of each party's pretrial memoranda.[1]

First, pursuant to paragraph 3.a.ii of the Court's February 21, 2008 order, documentary exhibits at trial "shall be contained in binders and shall be numbered and paginated (e.g., Plaintiff's Exhibit 5, page 10 shall be marked 'P5.10'), with tabs demarcating each exhibit." Throughout this litigation, both the Government and the plaintiff have produced their documents

[1] The relevant provisions of the Court's February 21, 2008 order are identical to those contained in the Court's October 31, 2007 trial preparation order. On December 21, 2007, the Government filed an unopposed motion seeking the same relief that the parties jointly seek in this motion. See Def. Motion, Dated Dec. 21, 2007. The Court did not rule upon the Government's December 21, 2007 motion. Ultimately, for separate reasons, by order dated January 14, 2008, the Court vacated the October 31, 2007 trial preparation order. See Order, at 1 (Fed. Cl. Jan. 14, 2008).

with Bates-stamp numbers on each page of their documents, at considerable expense. The Court's order, as currently written, would require both parties to repaginate all documents that would be used as exhibits in this case, even though they have already been paginated in a manner that allows for easy reference, albeit not in the exact format that the Court's pretrial order requires. In light of the fact that most of the documentary exhibits to be used at trial will be separately Bates-numbered, simply labeling each exhibit with the exhibit number, as we have done in the past, would allow for the specific identification of each page of each exhibit without requiring the parties separately to repaginate each page of each exhibit with a new number. Thus, by eliminating the requirement that each page of each exhibit be separately paginated in the manner currently required by the Court's pretrial order, both parties could avoid significant effort and cost in preparing the pretrial submissions.

Second, paragraph 2.c.ii of the Court's February 21, 2008 order provides that the memorandum of fact and law shall not exceed 30 pages, absent a showing of good cause. The memorandum is required to set forth "a complete exposition" of the respective parties' legal theories and to "explain the factual basis" upon which each party intends to rely at trial. The parties' experiences in other spent nuclear fuel cases in this Court suggest that, notwithstanding their best efforts, the parties in this case may not be able to present fully their respective legal and factual positions in a pre-trial memorandum of 30 pages or less, given the complexities of the technical, legal, and factual issues in dispute. For example, in Pacific Gas & Electric v. United States, Nos. 04-0074, -0075C (Fed. Cl.), a case in which the plaintiff was represented by Dairyland's attorneys and the parties presented similar claims and defenses as those at issue in Dairyland's case, the plaintiff's pretrial brief was 59 pages long, and the Government's brief was

83 pages in length. In other recent spent nuclear fuel cases, the parties have submitted briefs that were longer than 30 pages as well. See Carolina Power & Light Co. v. United States, No. 04-0037C (Fed. Cl.) (plaintiff's brief, 61 pages; Government's brief, 78 pages); Wisconsin Electric Power Company v. United States, No. 00-697C (Fed. Cl.) (plaintiff's brief, 46 pages; Government brief, 84 pages); System Fuels, Inc./Entergy Arkansas v. United States, No. 03-2623C (Fed. Cl.) (plaintiff's brief, 31 pages; Government's brief, 83 pages). In light of the complexity of the legal and factual issues required to understand Dairyland's $54 million claim, we respectfully request that there be no page limit on the length of the pretrial briefs in this case.

For the reasons discussed above, the parties jointly request that the Court modify the trial preparation order to eliminate the requirement that each page of the documentary exhibits be separately paginated and to remove the page limitation upon pretrial briefs.

Dated: March 6, 2008

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/Russell A. Shultis
RUSSELL A. SHULTIS
Trial Attorney
Commercial Litigation Branch
Civil Division
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-7571
Fax: (202) 307-2503

Attorneys for Defendant

s/ Jerry Stouck by Russell A. Shultis
JERRY STOUCK
Greenberg Traurig, LLP
2101 L Street, N.W.
Suite 1000
Washington, D.C. 20037
Tel: (202) 331-3173
Fax: (202) 331-3101
ALAN J. LO RE

Of Counsel:

ROBERT L. SHAPIRO
KEVIN E. STERN
Greenberg Traurig, LLP

Attorneys for Plaintiff

CERTIFICATE OF FILING

I hereby certify that on this 6th day of March 2008, a copy of foregoing "JOINT MOTION TO AMEND TRIAL PREPARATION ORDER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Patrick B. Bryan