# In the United States Court of Federal Claims

No. 04-106 C
(Filed: March 20, 2008)

**************************************
*
**DAIRYLAND POWER COOPERATIVE,** *
*
Plaintiff, *
*
v. *
*
**THE UNITED STATES,** *
*
Defendant. *
*
**************************************

## ORDER

On October 5, 2007, Plaintiff, Dairyland Power Cooperative ("Dairyland"), filed "Dairyland's Motion to Compel Production of Documents Withheld On Deliberative Process Privilege, Attorney-Client Privilege And/Or Work Product Doctrine Grounds." ("Pl.'s Mot. to Compel"). On October 24, 2007, Defendant, the United States ("the Government"), filed its response to Dairyland's attorney-client privilege and work product challenges ("Def.'s Resp. of October 24, 2007"). And on October 29, 2007, the Government filed its response to Dairyland's deliberative process privilege challenge ("Def.'s Resp. of October 29, 2007"). Dairyland filed a reply on November 2, 2007, regarding the claims of protection under attorney-client privilege and work product doctrine. ("Pl.'s Reply of November 2, 2007). Dairyland filed a second reply on November 8, 2008, concerning the invocation of deliberative process privilege. ("Pl.'s Reply of November 8, 2007").

This Court issued an Opinion and Order on February 22, 2008, which ordered the production of twenty-two documents. In the alternative, the opinion stated that if the Government continued to assert that any of the twenty-two documents should be protected, an amended privilege log was required. The amended privilege log was to allow the Court to assess the sufficiency of the renewed claims of attorney-client privilege and work product doctrine.

The Government submitted its Notice of Production and Amended Privilege Log on February 29, 2008. According to the Government fourteen documents were produced and eight were withheld under either attorney-client privilege or work product doctrine. Based on the parameters established in the Opinion and Order of February 22, 2008, the Court will review the Government's Amended Privilege Log of February 29, 2008, and determine if the eight documents shall be produced.

Document Ref. No. S6 (Bates-Stamped CTR3580612 - CTR3580614) need not be produced. The Government asserts that this document is protected by attorney-client privilege. Document S6 is described as a "whitepaper regarding ACR/DCS process; contains legal analysis of standard contract provided by J.Taylor, DOE [Department of Energy]-OGC [Office of General Counsel], in response to request for same by DOE's Office of Civilian Radioactive Waste Management [OCRWM]; advice and analysis communicated by J. Taylor to OCRWM." Amended Privilege Log of February 29, 2008, at 1. Ms. Taylor is listed as the author and according to the privilege log the OCRWM received the document. Previously, the Court concluded that it impossible was to determine the ambit of distribution for the whitepaper, and, therefore, impossible to determine if this was a communication between an attorney and a client. To maintain attorney-client privilege the disclosure must be limited to communications between the attorney and the client. *Carter v. Gibbs*, 909 F.2d 1450, 1451 (Fed. Cir. 1990) ("The attorney-client privilege evaporates upon any voluntary disclosure of confidential information to a third party."). Because the whitepaper contains advice and analysis by Ms. Taylor to DOE's OCRWM, the Government has justified the claim of attorney-client privilege for document S6.

Documents Ref. Nos. S251 (Bates-Stamped CTR6103228 - CTR6103253) and S252 (CTR6103254 - CTR6103279) need not be produced. The Government claims that these documents are protected by both attorney-client privilege and work product doctrine. The documents are both described as an:

> email and attached whitepaper regarding shipment of SNF to Yucca Mountain; contains legal advice provided by A. Kordyak, DOE-OGC to DOE's Office of Civilian Radioactive Waste Management at request of then-Director, P. Golan; prepared by and at the direction of counsel for DOE, in part, in connection with SNF litigation pending before the Court of Federal Claims; document contains counsel's mental impressions, conclusions and legal opinions; bears legend "litigation sensitive information, settlement discussion & prepared at the direction of an attorney."

Amended Privilege Log of February 29, 2008, at 1-2.

The Court will first review the Government's attorney-client privilege claim. According to the Government, Angela Kordyak of DOE, Office of General Counsel, provided legal advice at the request of the director of DOE. "[T]he central inquiry is whether the communication is one that was made by a client to an attorney for the purpose of obtaining legal advice or services." *In re Spalding Sports Worldwide, Inc.,* 203 F.3d 800, 805 (Fed. Cir. 2000). The Court concludes that Ms. Kordyak's advice to DOE regarding shipment of SNF to Yucca Mountain is a communication between an attorney and a client for the purpose of obtaining legal advice. For Documents S251 and S252, the Government has justified its claim of attorney-client privilege. Because the Court has already determined that both documents are protected under attorney-client privilege, the sufficiency of the Government's claim of protection under the work product doctrine need not be reviewed.

Document Ref. Nos. S589 (Bates-Stamped HQR5011446 - HQR5011448), S590

(HQR5011449 - HQR5011452), and S604 (HQR5050209 - HQR5050215) need not be produced. For document S589 and S590, the Government asserts that they are protected by attorney-client privilege. The Government asserts that document S604 is protected by work product doctrine.

Document S589 is described as a "whitepaper containing legal analysis and advice by T. Getz DOE-OGC, regarding provisions for interim storage of spent nuclear fuel under the NWPA; advice communicated by T. Getz to DOE's Office of Nuclear Energy." Amended Privilege Log of February 29, 2008, at 2. S589 lists T. Getz as the attorney that provided legal analysis and advice to DOE Office of Nuclear Energy. Because the Court is now able to determine that an attorney from DOE provided advice to DOE's Office of Nuclear Energy, document S589 is protected by attorney-client privilege. "It is enough that the overall tenor of the document indicates that it is a request for legal advice or services." *In re Spalding Sports*, 203 F.3d at 806.

Document S590 is described as a "memorandum containing legal advice and analysis by J. Taylor, DOE-OGC . . . [that] pertains to DOE authority to provide interim storage of commercial spent nuclear fuel; advice rendered as part of DOE-OGC's responsibility to provide legal services to DOE." Amended Privilege Log of February 29, 2008, at 3. Ms. Taylor is an attorney in DOE's Office of General Counsel. She provided legal advice and analysis to DOE's Office of Congressional Affairs regarding interim storage of commercial spent nuclear fuel. This description provides adequate information and the Court concludes that document S590 was a communication between an attorney and client for the purpose of obtaining legal advice.

Document S604 is described as a "draft whitepaper regarding DOE strategy relating to interim storage of spent nuclear fuel, FY 2008-2012, and potential effects upon SNF litigation pending before the Court of Federal Claims, including liability estimates generated at request of counsel; contains legal advice and analysis by J. Taylor." Amended Privilege Log of February 29, 2008, at 3. According to the Government document S604 is protected under work product doctrine. The description makes it clear that the document was prepared at the direction of Ms. Taylor and that it contains liability estimates which were prepared for litigation purposes. Because the Government has established that the material was prepared in anticipation of litigation and contains "opinion[]" work product, the Court will "protect [the document] against disclosure." *See* RCFC 26(b)(3).

Document Ref. No. S594 (HQR5020097 - HQR5020099) need not be produced. According to the Government the document is protected by attorney-client privilege. Document S594 is described as a "letter from C. Kouts to M. Chu and T. Garrish reflecting request for counsel review and legal advice as contained within attached draft options paper; advice provided by J. Taylor . . . [that] pertains to options for disposition by DOE of recently submitted delivery commitment schedules." Amended Privilege Log of February 29, 2008, at 4. According to the description in the Amended Privilege Log, this letter from DOE's OCRWM requests advice from Ms. Taylor. Because this Court recognizes that "the purpose of the privilege to be 'to encourage clients to make full disclosure to their attorneys'"*Fisher v. United States*, 425 U.S. 391, 403 (1976), the Court concludes that document S594 is protected by attorney-client privilege.

Document Ref. No. S595 (HQR5020100 - HQR5020103) need not be produced. The Government claims that the document is protected by attorney-client privilege. Document S595 is described as a "draft options paper containing legal advice by J. Taylor, DOE-OGC . . . communicated to DOE's Office of Civilian Radioactive Waste Management . . . [that] pertains to options for disposition by DOE of recently submitted delivery commitment schedules." Amended Privilege Log of February 29, 2008, at 4. Based on the revised description, the Court concludes that DOE requested the legal advice from Ms. Taylor regarding delivery commitment schedules. This advice was a communication between an attorney and a client for the purpose of obtaining legal advice or services; therefore, for S595, the Government has justified its claim of attorney-client privilege.

## VI. Conclusion

For the reasons set forth above and based on the assertions of attorney-client privilege or work product doctrine found in the Government's Amended Privilege Log of February 29, 2008, the eight documents (S6, S251, S252, S589, S590, S604, S594 and S595) need not be produced.

s/ Edward J. Damich
EDWARD J. DAMICH
Chief Judge