No. 04-106C
(Chief Judge Damich)

Electronically Filed: April 29, 2008

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

---

DAIRYLAND POWER COOPERATIVE,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

---

DAIRYLAND'S NOTICE OF DEPOSITION AND TRIAL TESTIMONY DESIGNATIONS OR, ALTERNATIVELY, MOTION FOR LEAVE TO ADMIT PRIOR TESTIMONY INTO EVIDENCE

---

JERRY STOUCK
Greenberg Traurig, LLP
800 Connecticut Avenue, N.W.
Suite 500
Washington, DC 20006
(202) 331-3100 (Telephone)
(202) 261-4751 (Facsimile)
*Counsel for Plaintiff*
DAIRYLAND POWER COOPERATIVE

Of Counsel:

Robert L. Shapiro
Kevin E. Stern
GREENBERG TRAURIG, LLP

Table of Contents

I. JOHN ARTHUR ........ 3

II. LAKE H. BARRETT ........ 4

III. ALAN BROWNSTEIN ........ 5

IV. ROBERT BURGOYNE ........ 5

V. BILLY COLE ........ 7

VI. KEITH KLEIN ........ 7

VII. SUSAN KLEIN ........ 8

VIII. CHRISTOPHER KOUTS ........ 8

IX. MICHAEL LAWRENCE ........ 9

X. RONALD A. MILNER ........ 10

XI. THOMAS POLLOG ........ 10

XII. ROBERT M. ROSSELLI ........ 11

XIII. NANCY SLATER-THOMPSON ........ 12

XIV. VICTOR W. TREBULES, JR. ........ 12

XV. DAVID ZABRANKSY ........ 13

CONCLUSION ........ 14

Index to Appendix

Document Page No.

Appendix A: Designated Testimony Organized by Witness ....................................1

Appendix B: Designated Testimony Organized by Issue ......................................17

Appendix C: Deposition and Trial Testimony Transcripts....................................41

Deposition Transcripts:

Arthur, John ( 9/22/05) ....................................................................42
Barrett, Lake (4/22/02).....................................................................50
Barrett, Lake (4/23/02).....................................................................70
Barrett, Lake (4/26/02).....................................................................83
Barrett, Lake (5/8/02).......................................................................91
Barrett, Lake (5/10/02)....................................................................101
Barrett, Lake (5/14/02)....................................................................115
Barrett, Lake (5/15/02)....................................................................123
Brownstein, Alan (4/9/02) .............................................................128
Brownstein, Alan (4/10/02) ............................................................141
Brownstein, Alan (4/11/02) ............................................................160
Brownstein, Alan dated 5/23/02 .....................................................166
Burgoyne, Robert (7/8/04)..............................................................172
Cole, Billy (3/12/02) .......................................................................178
Cole, Billy (3/13/02) .......................................................................199
Cole, Billy (6/4/02) .........................................................................205
Klein, Keith (5/22/02).....................................................................208
Klein, Susan (4/24/02) ....................................................................219
Klein, Susan (4/25/02) ....................................................................235
Kouts, Christopher (10/11/06) ........................................................244
Kouts, Christopher (5/1/07) ............................................................248
Kouts, Christopher (5/2/07) ............................................................263
Lawrence, Michael (5/20/02)...........................................................269
Milner, Ronald (5/1/02) ..................................................................276
Milner, Ronald (5/2/02) ..................................................................286
Milner, Ronald (5/3/02) ..................................................................304
Milner, Ronald (5/7/02) ..................................................................312
Milner, Ronald (Coordinated Discovery - 5/7/02)...........................322
Milner, Ronald (5/8/02) ..................................................................328
Pollog, Thomas (4/11/02) ...............................................................334

Pollog, Thomas (4/12/02) ....................................................................339
Pollog, Thomas (5/15/02) ....................................................................350
Pollog, Thomas (5/16/02) ....................................................................353
Pollog, Thomas (5/22/02) ....................................................................357
Pollog, Thomas (10/12/06) ..................................................................363
Rosselli, Robert (4/15/02)....................................................................384
Slater-Thompson, Nancy (4/21/99) .....................................................407
Slater-Thompson, Nancy (4/22/99) .....................................................415
Slater-Thompson, Nancy (6/13/02) .....................................................419
Trebules, Victor (4/17/02) ...................................................................428
Trebules, Victor (Coordinated Discovery - 4/18/02)............................443
Trebules, Victor (4/18/02) ...................................................................451
Trebules, Victor (4/19/02) ...................................................................454
Zabransky, David (4/17/02).................................................................456
Zabransky, David (4/18/02).................................................................466
Zabransky, David (4/19/02).................................................................480
Zabransky, David (6/6/02)...................................................................486
Zabransky, David (11/1/05).................................................................489
Zabransky, David (5/3/07)...................................................................494

Trial Testimony Transcripts:

*Carolina Power & Light Company v. US*
Court of Federal Claims No. 04-37C
(*Carolina Power*) (11/13/07) ..........................................................494
*Carolina Power* (11/9/07)...................................................................526
*Northern States Power v. US*
Court of Federal Claims No. 98-484C
(*Northern States*) (11/13/06)............................................................535
*Northern States* (11/14/06) ................................................................541
*Northern States* (11/15/06) ................................................................549
*Pacific Gas & Electric Company v. US*
Court of Federal Claims No. 04-74C
(*PG&E)* (6/13/06) .............................................................................557
*PG&E* (6/14/06)...................................................................................561
*PG&E* (6/15/06)...................................................................................570
*Sacramento Municipal Utility District v. US*
Court of Federal Claims No. 98-488C
*(SMUD)* (3/28/05) ..............................................................................576
*SMUD* (3/29/05)...................................................................................579
*Southern Nuclear Operating Company v. US*

Court of Federal Claims No. 98-614C
(*Southern Nuclear)* (10/26/05)....................................................586
*Southern Nuclear* (10/27/05) ....................................................603
*System Fuels, Inc. v. US*
Court of Federal Claims No. 03-2624C
(*System Fuels)* (1/16/07) ....................................................615
*System Fuels, Inc. v. US*
Court of Federal Claims No. 03-2623C
*(System Fuels)* (4/12/07) ....................................................619
*System Fuels* (4/13/07)....................................................629
*Tennessee Valley Authority v. US*
Court of Federal Claims No. 01-249C
*(TVA)*(6/24/05) ....................................................640
*TVA* (7/11/05)....................................................656
*TVA* (7/12/05)....................................................660
*Wisconsin Electric Power Company v. US*
Court of Federal Claims No. 00-697C
(*WEPCO) (9/12/07)* ....................................................666
*WEPCO* (10/9/07)....................................................671
*WEPCO* (10/10/07)....................................................681
*WEPCO* (10/11/07)....................................................685
*WEPCO* (10/12/07)....................................................689
*Yankee Atomic Electric, et al. v. US*
Court of Federal Claims Nos. 98-126C,
98-154C, and 98-474C (*Yankee*)
(8/2/04)....................................................695
*Yankee* (8/3/04) ....................................................700
*Yankee* (8/4/04) ....................................................706
*Yankee* (8/5/04) ....................................................718
*Yankee* (8/11/04) ....................................................734

# Table of Authorities

Federal Cases

*Globe Sav. Bank v. United States*, 61 Fed. Cl. 91 (2004) ........ 2

*Weaver-Bailey Contractors, Inc. v. United States*, 19 Cl. Ct. 474 (1990) ........ 2

Federal Rules

Fed. R. Evid. 801(d) ........ 1, 2

Fed. R. Evid. 801(d)(2) ........ 1, 2, 8

Fed. R. Evid. 801(d)(2)(C) ........ 7

Fed. R. Evid. 801(d)(2)(D) ........ 2, 6

RCFC Appendix A, ¶ 15(b) ........ 1, 2

OTHER

5 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence*, § 801.33[2][c] (2d ed. 2007) ........ 3

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Electronically filed: April 29, 2008

| | | |
|---|---|---|
| DAIRYLAND POWER COOPERATIVE, | ) | |
| Plaintiff, | ) | No. 04-0106C |
| v. | ) | (Chief Judge Damich) |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

DAIRYLAND'S NOTICE OF DEPOSITION AND TRIAL TESTIMONY DESIGNATIONS OR, ALTERNATIVELY, MOTION FOR LEAVE TO ADMIT PRIOR TESTIMONY INTO EVIDENCE

Dairyland hereby introduces into evidence the following portions of deposition and trial testimony of witnesses who are representatives or employees of the government as admissions of a party-opponent pursuant to Rule 801(d)(2) of the Federal Rules of Evidence. The designated admissions Dairyland hereby introduces are set forth in the attached appendices. Appendix A identifies and organizes the designated testimony by witness, while Appendix B identifies and organizes the designated testimony by issue. Appendix C consists of the transcript excerpts that have been designated.

Paragraph 15(b) of Appendix A of the Rules of the United States Court of Federal Claims provides that "[a]ny party intending to present substantive evidence by way of deposition testimony, *other than as provided by Fed. R. Evid. 801(d)*, shall serve and file a separate motion for leave to file the transcript of such testimony." (emphasis added). Because all of the below-identified testimony designations are admissions by a party-opponent under Fed. R. Evid. 801(d), no motion is required under the rules of this Court. *See Globe Sav. Bank v. United States*, 61

Fed. Cl. 91, 96 (2004); *Weaver-Bailey Contractors, Inc. v. United States*, 19 Cl. Ct. 474, 482-483 (1990) (holding that the equivalent predecessor to RCFC Appendix A, ¶ 15(b) in the U.S. Claims Court Rules made the question of whether a plaintiff filed a motion to seek admission of testimony pursuant to FRE 801(d) "irrelevant"). However, in other spent fuel cases, counsel for the government has taken the position that, notwithstanding the unambiguous words of Appendix A, ¶ 15(b), a motion is necessary for purposes of designation and admission of evidence admissible under Fed. R. Evid. 801(d). Accordingly, in the interests of efficiency and as a courtesy to the Court (and without conceding that such a motion is required), Dairyland alternatively moves for leave to introduce the below-identified prior testimony of government representatives as substantive evidence.

A party offering deposition or trial testimony as a party admission under Rule 801(d)(2) need not show that the declarant will be unavailable to testify as a witness at trial. *Globe Sav.*, 61 Fed. Cl. at 94-95. Instead, to be admissible under Rule 801(d)(2)(D), the only requirements are that the statement must: (1) be offered against a party, (2) be made by a party's agent or employee, (3) concern a matter within the scope of the agency or employment, and (4) be made during the existence of the declarant's agency or employment relationship with the party. *Id*. at 97; Fed. R. Evid. 801(d)(2)(D).

It is a "widely accepted rule that admissions of a party-opponent under Rule 801(d)(2) are accorded generous treatment in determinations of admissibility." *Globe Sav.*, 61 Fed. Cl. at 97 (citation omitted). For purposes of admissibility, there is no "against interest" requirement to qualify as an admission. *Id.* (citation omitted). As Judge Merow stated in another spent fuel

case, *Wisconsin Elec. Power Co. v. United States*, No. 00-697C ("*WEPCO*"), "'admissions' are statements made in furtherance of the deponent's government job or contract. 'Simply put, to qualify as an admission, the statement need only be related to the declarant's duties.'" *WEPCO*, Order at 21 (Fed. Cl. Aug. 16, 2007) (quoting 5 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence*, § 801.33[2][c], 801-74.3 (2d ed. 2007)) (attached hereto).

All of Dairyland's testimony designations satisfy these requirements. The testimony designated here is being offered against the government, it was taken while the declarants were working as employees or agents of the government, and is within the scope of the declarants' respective employment or agency relationships with the government. Moreover, special consideration should be given to the fact that this is one of approximately sixty spent fuel cases before the Court. Most of these witnesses have testified in deposition and/or at trial on multiple occasions with government counsel present and defending them. Their prior testimony has also been previously admitted pursuant to designations in several other spent fuel cases as substantive evidence. While Dairyland does intend to call certain current and former DOE personnel to testify live at trial, the proceedings will be greatly expedited and simplified by admission of the below-identified prior testimony.

I. JOHN ARTHUR

When deposed in 2005, John Arthur was serving as the Deputy Director for the Office of Repository Development. The Office of Repository Development is accountable for development and preparation of a license application for the Yucca Mountain repository. The Office provides oversight of the contractors that are conducting the engineering and design of the

repository. In his position as Deputy Director, Mr. Arthur is the certifying official for the License Support Network, and he is the head of contracting authority for the Office of Civilian Radioactive Waste Management ("OCRWM"). The testimony of Mr. Arthur that Dairyland seeks to admit was taken on September 22, 2005. His designated testimony relates to the license application process and the planning and design of the repository, and thus concerns matters within the scope of his employment at DOE.

II. LAKE H. BARRETT

When deposed in 2002, Lake Barrett was serving as the Deputy Director of OCRWM. As the Deputy Director, he was the second-ranking officer in the spent fuel program. He also served as Acting Director of OCRWM from 1993 to 1999. From 1990 to 1993, Mr. Barrett was Director of the Rocky Flats Program Office, Office of Defense Programs, DOE, and previously served in a variety of senior management positions at OCRWM between 1985 and 1990. OCRWM is charged with developing and managing the federal system for disposing of spent nuclear fuel under the Nuclear Waste Policy Act ("NWPA") and the Standard Contract for Disposal of Spent Nuclear Fuel and/or High-Level Radioactive Waste ("Standard Contract"). The testimony of Mr. Barrett that Dairyland seeks to admit is from depositions taken on April 22, April 23, April 26, May 8, May 10, May 14, and May 15, 2002. His designated testimony concerns DOE's plans, objectives, and intent regarding implementation of the NWPA and the Standard Contract, and the government's expected acceptance rate of fuel and the role and purpose of Delivery Commitment Schedules ("DCSs"), and thus concerns matters within the scope of his employment at DOE.

III. ALAN BROWNSTEIN

Alan Brownstein joined DOE in 1985. Beginning in 1985, he was a nuclear industry specialist in the spent fuel program, where he had responsibility for various "schedule" issue matters, such as creating ACRs. From the late 1980s up to the early part of 1995, Mr. Brownstein served as Branch Chief, and later as division leader. Between 1985 and 1995, he was responsible for implementing the terms of the standard contract and dealing with the utility industry. Beginning in March 1995, Alan Brownstein was Director of the OCRWM Regulatory Coordination Division, the office charged with managing the federal waste system. In 2001, he began serving as a senior policy advisor to the OCRWM Director, principally responsible for site recommendation activities. Mr. Brownstein continued to hold this position when he was deposed in 2002. In 2006, Mr. Brownstein was appointed Chief Operating Officer for OCRWM, and he continued to hold this position during trial testimony he gave in 2007. The testimony of Mr. Brownstein that Dairyland seeks to admit is from depositions taken on April 9, April 10, April 11, and May 23, 2002. Dairyland also seeks to admit Mr. Brownstein's testimony given at the *WEPCO* trial on October 9, 2007. His designated testimony concerns DOE's plans, objectives, and intent regarding implementation of the NWPA and the Standard Contract, and thus concerns matters within the scope of his employment at DOE.

IV. ROBERT BURGOYNE

When deposed in 2004, Robert Burgoyne was a licensed engineer and task manager for a DOE contractor, Booz Allen Hamilton. Mr. Burgoyne had held this position since 1995. Booz Allen Hamilton is the management and technical support contractor for the spent nuclear fuel

program. Mr. Burgoyne's responsibilities include helping to facilitate the procurement of a transportation fleet for DOE's acceptance of spent nuclear fuel. The deposition testimony of Mr. Burgoyne that Dairyland seeks to admit was taken on July 8, 2004. His designated testimony relates to the development of a transportation fleet, waste acceptance issues, and the storage of spent nuclear fuel, and thus falls within the scope of Mr. Burgoyne's work as a contractor agent for DOE. Although a contractor is not always an agent of the contracting party for all purposes, OCRWM's use of contractors is unique in its breadth and depth. As Judge Merow has observed in the *Yankee* cases, "[t]o a significant, if not exclusive extent, DOE's activities, duties and responsibilities under NWPA, have been and are conducted through its national laboratories and management and operation ("M & O") contractors." *Yankee Atomic Elec. Co. v. United States*, No. 98-126 C, 2004 WL 2450874, at *3 (Fed. Cl. Sept. 17, 2004). Judge Merow explained that:

> Any distinction between a nuclear physicist preparing tonnage estimates for DOE under a direct employment contract versus the M&O contracts here is questionable, and at best a matter of degree… These contractors were retained under unique circumstances to perform DOE's function, provided critical and essential data and input to DOE, and operate and manage national laboratories for and on behalf of DOE.

*Id*. at *11.

As such, Mr. Burgoyne was in an agency relationship working on waste acceptance issues with the DOE at the time his testimony was given and during the time about which he gave testimony. Therefore, his testimony should be admissible as the non-hearsay admission of a party-opponent under Fed. R. Evid. 801(d)(2)(D).

V. BILLY COLE

From 1985 to 1999, Billy Cole worked for DOE management and operations ("M&O") subcontractor Johnson Associates, Inc. and DOE's Pacific Northwest Laboratory, both of which have played major roles in implementing the spent fuel acceptance program. In his work as manager of waste acceptance for these companies, Mr. Cole was actively involved in a broad range of DOE spent fuel program activities. Indeed, Mr. Cole developed the acceptance rates set forth in the 1991 ACR. The testimony of Mr. Cole that Dairyland seeks to admit was taken on March 12, March 13, and June 4, 2002. His designated testimony relates to SNF acceptance rates, ACRs, and DCSs, and it therefore falls within the scope of his work as an agent for DOE. Although Mr. Cole was effectively retired by the time he testified in 2002**,** his prior testimony has been previously admitted in other cases (*see, e.g.*, *WEPCO,* Aug. 16, 2007 Order at 28) as non-hearsay pursuant to Fed. R. Evid. 801(d)(2)(C) on grounds that his testimony, as well as testimony from other DOE M&O contractors, are statements "authorized by the party to make a statement concerning the subject." *See also PG&E*, 73 Fed. Cl. at 440.

VI. KEITH KLEIN

When deposed in 2002, Keith Klein was serving as the Manager of the Richland Operations Office of the Department of Energy. Prior to this position, Mr. Klein worked at OCRWM starting from around the time the National Waste Policy Act was passed in 1982. His work there was associated with the storage and transportation of nuclear waste, predominantly spent fuel. Before he began work in his position at OCRWM, Mr. Klein was employed in DOE as a Director of Storage, responsible for establishing a program to demonstrate the viability and

licensing basis for dry cask storage at nuclear reactor sites. The deposition testimony of Mr. Klein that Dairyland seeks to admit was taken on May 22, 2002. His designated testimony concerns the development and implementation of the NWPA and the Standard Contract, including transportation issues and acceptance rates and Delivery Commitment Schedule exchanges, and thus concerns matters within the scope of his employment at DOE.

VII. SUSAN KLEIN

When her deposition was taken on April 24 and 25, 2002, Susan Klein was offered by the government as a Rule 30(b)(6) witness on issues concerning DOE's responses to DCS forms submitted by utility plaintiffs, including DOE's decision to stop approving DCS forms, the role and purpose of the shutdown priority provision in the Standard Contract, and the acceptance rate DOE is planning once acceptance of spent fuel begins. Ms. Klein was serving as the Senior Policy Advisor to the Director and Deputy Director of OCRWM when her 30(b)(6) deposition was taken and thus is admissible under Fed. R. Evid. 801(d)(2).

VIII. CHRISTOPHER KOUTS

At the time of his trial testimony in 2004 and 2005, Christopher Kouts was the Director of the OCRWM Office of Waste Management. He became Acting Principal Deputy Director of OCRWM in 2006 and was recently named Principal Deputy Director. Mr. Kouts has been with OCRWM since 1985, during which time his responsibilities have included planning for waste acceptance from utilities pursuant to the Standard Contract. The testimony of Mr. Kouts that Dairyland seeks to admit is from depositions taken on October 11, 2006, May 1, 2007, and May 2, 2007. Dairyland also seeks to admit Mr. Kouts' trial testimony at (i) the trial in *Yankee*

*Atomic Elec. Co. v. United States*, No. 98-126C, on August 2, 2004; (ii) the trial in *Southern Nuclear Operating Co. v. United States*, No. 98-614C, on October 26, 2005; (iii) the *TVA* trial on July 11 and 12, 2005; (iv) the *PG&E* trial on June 14, 2006; (v) the trial in *Northern States Power Co. v. United States*, No. 98-484C, November 13 and 14, 2006, (vi) the trial in *System Fuels, Inc. v. United States*, No. 03-2623C, on April 12, 2007; and (vii) the *WEPCO* trial on October 9 and 10, 2007.[1] His designated testimony concerns DOE's plans, objectives, and intent regarding implementation of the NWPA and the Standard Contract, and thus concerns matters within the scope of his employment at DOE.

IX. MICHAEL LAWRENCE

When deposed in 2002, Michael Lawrence was serving as the Associate Laboratory Director for Energy Science and Technology at DOE's Pacific Northwest Laboratory. In this position, Mr. Lawrence was responsible for the energy programs, the information science programs, and material science programs that the laboratory conducts for the Department of Energy. He was serving as Acting Director of OCRWM and Deputy Director of the NWPA Implementation Office at DOE at the time the Standard Contracts were signed. The testimony of Mr. Lawrence that Dairyland seeks to admit was taken on May 20, 2002**.** His designated testimony concerns DOE's plans, objectives, and intent regarding the implementation of the NWPA and the Standard Contract, as well as the DOE's planned acceptance rate. Thus, Mr. Lawrence's designated testimony concerns matters within the scope of his employment at DOE.

[1] As of this filing, the transcript of the follow-up deposition of Mr. Kouts that was recently taken in this case is not yet available. Dairyland reserves the right to supplement its testimony designations for Mr. Kouts once this transcript becomes available.

X. RONALD A. MILNER

At the time of his depositions in 2002 and trial testimony in 2004, Ronald Milner was the Chief Operating Officer of OCRWM. From 1995 to 1998, Mr. Milner served as Acting Deputy Director of OCRWM. From 1984 to 1995, Mr. Milner served in other positions at OCRWM, including as Branch Chief, Division Director, and Office Director. The scope of his work included issues related to development of a Monitored Retrievable Storage ("MRS") facility, OCRWM's transportation program, waste acceptance issues, the preparation of annual reports, and processing DCSs. The testimony of Mr. Milner that Dairyland seeks to admit is from depositions taken on May 1, May 2, May 3, May 7, and May 8, 2002. Dairyland also seeks to admit portions of Mr. Milner's trial testimony at the *Yankee Atomic* trial on August 11, 2004.. His designated testimony concerns DOE's plans, objectives and intent regarding implementation of the NWPA and the Standard Contract, the DOE's planned acceptance rate, and issues related to MRS and DCSs, and thus concerns matters within the scope of his employment at DOE.

XI. THOMAS POLLOG

At the time of his depositions and trial testimony, Thomas Pollog was employed at the DOE as a nuclear engineer. During his employment at DOE, Mr. Pollog has worked on managing and implementing the Standard Contract and various waste acceptance functions. As part of his employment responsibilities, Mr. Pollog has been responsible for implementing the Standard Contract between the DOE and utility contract holders and providing technical expertise to the DOE contracting officer. The testimony of Mr. Pollog that Dairyland seeks to admit is from depositions taken on April 11, 2002, April 12, 2002, May 15, 2002, May 16, 2002,

May 22, 2002, October 12, 2006, and May 4, 2007. Dairyland also seeks to admit portions of Mr. Pollog's trial testimony at (i) the *Yankee Atomic* trial on August 4, 2004; (ii) the trial in *Sacramento Municipal Utility Dist. v. United States* ("*SMUD*"), No. 98-488C, on March 29, 2005; (iii) the *TVA* trial on July 12, 2005, (iv) the *Southern Nuclear* trial on October 26, 2005; (v) the *Northern States* trial on November 15, 2006; and (vi) the trial in *Carolina Power & Light Co.*, No. 04-37C, on November 9, 2007.[2] His designated testimony addresses issues related to the scope of the Mr. Pollog's work involving the Standard Contract, including on-site storage and transportation, DCSs, acceptance rate and priority for shutdown utilities, the MRS, and failed fuel and thus concerns matters within the scope of his employment at DOE.

XII. ROBERT M. ROSSELLI

When deposed in 2002, Robert Rosselli was serving as the deputy manager for business services at DOE's Pacific Northwest Laboratory facility in Richland, Washington. He began this position in 1999, and he served as assistant manager for science and technology at PNL from 1994 to 1999. From 1982 to 1984, Mr. Roselli was the Director of the Resource Management Division at OCRWM. In that position, he worked on developing the Standard Contract, acceptance rates for fuel, and coordinating the Office's Mission Plan, reporting directly to the Director of OCRWM. The deposition testimony of Mr. Rosselli that Dairyland seeks to admit was taken on April 15, 2002. His designated testimony concerns DOE's plans, objectives, and

---

[2] As of this filing, the transcript of the follow-up deposition of Mr. Pollog that was recently taken in this case is not yet available. Dairyland reserves the right to supplement its testimony designations for Mr. Pollog once this transcript becomes available.

intent regarding implementation of the NWPA and the Standard Contract, and thus concerns matters within the scope of his employment at DOE.

XIII. NANCY SLATER-THOMPSON

When deposed in 2002, Nancy Slater-Thompson was the Acting Director of the OCRWM Regulatory Coordination Division. Ms. Slater-Thompson was also a team leader in the OCRWM Regulatory Coordination Division dealing with regulatory concerns from 1997 to 2001, after which she served as the Acting Director of that Division. From 1991 to 1995, Ms. Slater-Thompson was involved in waste acceptance schedule issues, such as the preparation of the ACRs, APRs, DCS exchanges, and acceptance priority for shutdown reactors, and she responded to questions internally and externally regarding the terms and conditions of the Standard Contract between the DOE and utilities. The testimony or Ms. Slater-Thompson that Dairyland seeks to admit was taken on April 21, 1999 and June 13, 2002. Her designated testimony concerns DOE's plans, objectives, and intent regarding implementation of the NWPA and the Standard Contract, the preparation of ACRs and APRs, exchanges, and shutdown priority, and thus concerns matters within the scope of her employment at DOE.

XIV. VICTOR W. TREBULES, JR.

When deposed in 2002, Victor W. Trebules, Jr. was Director of the Office of Project Control at OCRWM. Mr. Trebules had held this position since 1998, and from the early 1990s until that time he served in various positions in OCRWM, including Director of the Program Management Division. His responsibilities included work on a proposed MRS and coordinating the preparation of DOE's 1985 Mission Plan. The testimony of Mr. Trebules that Dairyland

seeks to admit was taken on April 17, April 18, and April 19, 2002. His designated testimony concerns DOE's plans, objectives, and intent regarding implementation of the NWPA, Standard Contract, and Mission Plan, and thus concerns matters within the scope of his employment at DOE.

XV. DAVID ZABRANKSY

When deposed in 2002, David Zabransky was serving as the technical representative to the Standard Contract contracting officer at DOE. Since 2002, Mr. Zabransky has been employed at OCRWM as the Standard Contract contracting officer. Mr. Zabransky has worked for DOE in OCRWM since 1994. His responsibilities have included work on issues related to the Standard Contract, other technical issues on commercial waste acceptance, and providing advice on issues relating to the administration of the Standard Contract. The testimony of Mr. Zabransky that Dairyland seeks to admit is from depositions taken on April 17, 2002, April 18, 2002, April 19, 2002, June 6, 2002, November 1, 2005, and May 3, 2007. Dairyland also seeks to admit portions of Mr. Zabransky's trial testimony at (i) the *Yankee Atomic* trial on August 5, 2004; (ii) the *SMUD* trial on March 28 and 29, 2005; (iii) the *Southern Nuclear* trial on October 27, 2005; (iv) the *PG&E* trial on June 15, 2006; (v) the *System Fuels* trial on January 16, 2007 and April 12 and April 13, 2007; (vi) the *WEPCO* trial on September 12, 2007 and October 11 and 12, 2007; and (vii) the *Carolina Power* trial on November 13, 2007.[3] His designated testimony concerns his work on issues related to interpretation and implementation of the

[3] As of this filing, the transcript of the follow-up deposition of Mr. Zabransky that was recently taken in this case is not yet available. Dairyland reserves the right to supplement its testimony designations for Mr. Zabransky once this transcript becomes available.

Standard Contract, as well as technical issues on commercial waste acceptance, and thus concerns matters within the scope of his employment at DOE.

CONCLUSION

For the reasons set forth above, this Court should grant Dairyland's request to admit its designated deposition and trial testimony as substantive evidence.

Respectfully submitted,

April 29, 2008

s/ Jerry Stouck
JERRY STOUCK
Greenberg Traurig, LLP
2101 L Street, NW
Suite 1000
Washington, DC 20037
(202) 331-3100 (Telephone)
(202) 261-4751 (Facsimile)
*Counsel for Plaintiff*
DAIRYLAND POWER COOPERATIVE

Of Counsel:
Robert L. Shapiro
Kevin E. Stern
GREENBERG TRAURIG, LLP