IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Electronically filed: April 29, 2008

| | | |
|---|---|---|
| DAIRYLAND POWER COOPERATIVE, | ) | |
| Plaintiff, | ) | No. 04-0106C |
| v. | ) | (Chief Judge Damich) |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

DAIRYLAND'S MEMORANDUM REGARDING SEQUESTRATION

The Court's February 21, 2008 Trial Preparation Order directs counsel to discuss issues related to the sequestration of witnesses under Fed. R. Evid. 615. Paragraph 2(b)(iii) of the Order poses three questions for counsel to address: (1) Should witnesses who have testified be permitted to discuss their testimony with witnesses who have not yet testified?; (2) Should an attorney be permitted to relate, in any form, the substance of previous testimony to witnesses who have not yet testified?; and (3) Should an attorney be permitted to counsel a witness during breaks in the witness's testimony?

On April 24, 2008, counsel for the parties met to discuss pretrial issues, including the witness sequestration issues raised by the Trial Preparation Order. During that meeting, the government stated that it would invoke sequestration under Rule 615. Counsel for the parties then reached agreement that given the invocation of sequestration, the first two questions posed in ¶ 2(b)(iii) should be answered in the negative since such actions would be contrary to the spirit and purpose of sequestration (to prevent witnesses from knowing what other witnesses have said in order to limit any tendency to coordinate

testimony). The parties were unable to agree regarding procedures governing the counseling of witnesses by attorney during breaks.

Dairyland contends that counsel should be permitted to consult with witnesses freely during breaks except that they may not divulge the substance of previous testimony from other witnesses. Attorneys play an essential role in providing counsel to their clients. *See, e.g.*, *Powell v. Alabama*, 287 U.S. 45, 69 (1932) ("He requires the guiding hand of counsel at every step in the proceedings against him."), quoted in *Geders v. U.S.*, 425 U.S. 80, 88 (1976); *see also*, *Upjohn Co. v. United States*, 449 U.S. 383, 392 (1981). It is widely accepted that this role requires the ability of counsel to confer with their client and trial witnesses. There is no reason to believe that this role of counsel disappears during the period of breaks in a witness' testimony. Conferences between counsel and a witness during breaks are likely to address perfectly legitimate topics such as changes in plans concerning previously planned direct testimony, counsel's understanding of the purpose of a current line of cross-examination, trial strategy in light of the events of the current trial day (this last topic may be particularly important during breaks that occur between trial days).

In addition to being entirely legitimate and appropriate topics for discussion between counsel and witnesses (especially witnesses who are employees of a party), these topics do not implicate Rule 615 whatsoever. Rule 615 concerns divulging prior testimony from other witnesses, and that concern has nothing to do with conferring with a witness during breaks in his testimony.

Indeed, the notion that a witness' access to counsel should be prohibited during breaks bespeaks an unfortunate and totally unsupported negative view regarding the role

of counsel. It is generally accepted that the assistance of counsel aids the search for truth. *See*, *e.g.*, *Hickman v. Taylor*, 329 U.S. 495, 510 (1947) ("Historically, a lawyer is an officer of the court and is bound to work for the advancement of justice while faithfully protecting the rightful interests of his clients."). There is no reason to believe that the assistance of counsel works otherwise during breaks in a witness' testimony. In fact, the only plausible explanation for such a view is a concern that counsel would endeavor to twist witnesses' testimony in an untruthful direction. Such a concern is contrary to counsel's ethical duties, the teaching of *Hickman* noted above and the oath taken by the witnesses.

*Reynolds v. Ala. Dep't of Transp.*, cited in the Trial Preparation Order, attempts to distinguish between long breaks and short breaks in testimony. That decision suggests that perhaps consultation with counsel during long breaks should be permitted since they are more likely to be "strategizing" while consultation during short breaks should not because it is more likely to address "testimonial matters." *Reynolds,* 4 F. Supp.2d at 1066. But the timing of breaks in a witness' testimony is likely to be a matter of happenstance. The opportunity to confer with a witness should not depend on such happenstance. Moreover, there is no reason to conclude that consultation between a witness and counsel is any less appropriate or legitimate if it concerns "testimonial matters" versus "strategizing" or that there is a workable distinction between these two concepts. As long as the consultation does not involve divulgence of prior testimony, the interests of Rule 615 are not implicated.

For the reasons discussed above, counsel for the parties should not be prohibited from conferring with witnesses during breaks provided that they do not divulge the substance of previous testimony from other witnesses.

Respectfully submitted,

April 29, 2008

s/ Jerry Stouck
JERRY STOUCK
Greenberg Traurig, LLP
2101 L Street, NW
Suite 1000
Washington, DC 20037
(202) 331-3100 (Telephone)
(202) 261-4751 (Facsimile)
*Counsel for Plaintiff*
DAIRYLAND POWER COOPERATIVE

Of Counsel:
Robert L. Shapiro
Kevin E. Stern
GREENBERG TRAURIG, LLP