IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DAIRYLAND POWER COOPERATIVE, Plaintiff, | ) | |
| v. | ) | No. 04-0106C (Chief Judge Damich) |
| THE UNITED STATES, Defendant. | ) | |

DEFENDANT'S NOTICE OF PROPOSED PROCEDURES FOR SEQUESTRATION

Pursuant to Rule 615 of the Federal Rule of Evidence ("Fed. R. Evid.") and this Court's order of February 21, 2008, defendant, the United States, submits this notice of proposed procedures for sequestration.

In the Court's February 21, 2008 trial preparation order, the parties were directed to discuss, at the meeting of counsel, sequestration of the witnesses pursuant to Fed. R. Evid. 615. Specifically, the parties were directed to answer three questions:

1) Should witnesses who have testified be permitted to discuss their testimony with witnesses who have not yet testified?

2) Should an attorney be permitted to relate, in any form, the substance of previous testimony to witnesses who have not yet testified?

3) Should an attorney be permitted to counsel a witness during breaks in the witness's testimony? See Perry v. Leeke, 488 U.S. 272, 280 (1989); Reynolds v. Ala. Dep't of Transp., 4 F. Supp.2d 1055, 1064-65 (M.D. Ala. 1988) (applying Perry to civil case).

Counsel for the Government has informed counsel for plaintiff, Dairyland Power Cooperative ("Dairyland"), of our intention to invoke Fed. R. Evid. 615 at the trial in this matter,

except with regard to expert witnesses (who will need to be able to respond to evidence developed at trial). Consequently, the Government's response to the three questions in the Court's February 21, 2008 trial preparation order is to the negative. However, with regard to the third question, counsel for Dairyland indicated that the Court's application of Fed. R. Evid. 615 in this case should not preclude an attorney from counseling a witness during breaks in the witness's testimony.

The Government disagrees with Dairyland's interpretation of Fed. R. Evid. 615, which states that, at the request of a party, the court "shall order witnesses excluded so that they cannot hear the testimony of other witnesses." Fed. R. Evid. 615. Thus, the language of the rule provides a clear line that can be drawn by either party to prevent witnesses from hearing about the testimony of other witnesses. Indeed, in Perry, the Supreme Court concluded that the trial court properly precluded counsel from talking to his witness during a break, noting that a defendant which is a witness has no constitutional right to consult with his lawyer while he is testifying, and neither he nor his lawyer has a right to have the testimony interrupted in order to give him the benefit of counsel's advice. Perry, 488 U.S. at 280-81.

For the reasons discussed above, the Government respectfully requests that the Court apply an interpretation of Fed. R. Evid. 615 in this matter which: 1) precludes witnesses from discussing their testimony with fact witnesses who have not yet testified; 2) which prevents an attorney from relating the substance of any testimony of any of the previous witnesses to fact witnesses who have not yet testified; and 3) which precludes an attorney from counseling a witness during breaks in the witness's testimony.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Harold D. Lester Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/Russell A. Shultis
RUSSELL A. SHULTIS
Trial Attorney
Commercial Litigation Branch
Civil Division
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-7571
Fax: (202) 307-2503

OF COUNSEL:
JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

ALAN J. LO RE
Senior Trial Counsel

PATRICK B. BRYAN
JOSHUA E. GARDNER
SONIA ORFIELD
SCOTT SLATER
ANTHONY MOSES
Trial Attorneys
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530

April 29, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 29th day of April 2007, a copy of foregoing "DEFENDANT'S NOTICE OF PROPOSED PROCEDURES FOR SEQUESTRATION" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Russell A. Shultis