# INDEX TO APPENDIX TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT



| Exhibit No. | Title of Document | App. No. |
|---|---|---|
| DPC Exh. 1 | Affidavit of William J. Manion | 1-13 |
| DPC Exh. 2 | H.R. Rep. No. 491, 97th Cong., pt. 1; reprinted in 1982 U.S.C.C.A.N. 3792 | 14-73 |
| DPC Exh. 3 | Letter from Harold N. Miller, AEC, to Mr. John P. Madgett, DPC, Apr. 7, 1971 | 74-99 |
| DPC Exh. 4 | Memorandum to the Files from D.C. Drennon, July 20, 1971 | 100-103 |
| DPC Exh. 5 | Memorandum to the Files from D.C. Drennon, July 14, 1971 | 104-111 |
| DPC Exh. 6 | Letter from R.A. McFeely, AEC, Dec. 8, 1970 | 112-137 |
| DPC Exh. 7 | Letter from John P. Madgett, DPC, to Mr. Donald L. Grant, REA, Re: Sale of LACBWR, Mar. 16, 1973 | 138-146 |
| DPC Exh. 8 | Affidavit of Seymour J. Raffety | 147-151 |
| DPC Exh. 9 | Affidavit of Richard E. Shimshak | 152-159 |
| DPC Exh. 10 | Principles of Agreement for Sale of LACBWR to DPC, Feb. 9, 1972 | 160-162 |
| DPC Exh. 11 | Memorandum from M.J. Wise, to J.P. Madgett, Sept. 21, 1971 | 163-166 |
| DPC Exh. 12 | Message from William H. Layman, AEC to AEC Manager, Argonne, Il, Mar. 19 1973 | 167-173 |
| DPC Exh. 13 | Letter from John P. Madgett, DPC, to Harold N. Miller, AEC, Jan. 22, 1973 | 174-176 |
| DPC Exh. 14 | Letter from John P. Madgett, DPC, to John F. O'Leary, AEC, July 25, 1973 | 177-181 |
| DPC Exh. 15 | Letter from John P. Madgett, DPC, to Wesley Johnson, AEC, Nov. 6, 1972 | 182-189 |

| | | |
|---|---|---|
| DPC Exh. 16 | Memorandum from S.J. Raffety, to J.P. Madgett, June 2, 1972 | 190-191 |
| DPC Exh. 17 | Notes of S.J. Raffety, Oct. 2, 1972 | 192-194 |
| DPC Exh. 18 | LACBWR Nuclear Power Station Operating Costs | 195-199 |
| DPC Exh. 19 | Affidavit of John D. Parkyn | 200-207 |
| DPC Exh. 20 | DPC Plant Ledger for Dec. 31, 1977, Ref. 74-840 and Work Order No. Final W8829&R, Apr. 6, 1982 | 208-209 |
| DPC Exh. 21 | Decommissioning Plan, LACBWR, Dec. 1987 | 210-216 |
| DPC Exh. 22 | Analysis of LACBWR Decommissioning "Externally Invested" Fund | 217 |
| DPC Exh. 23 | Hearings on Review of Proposals Under Power Demonstration Program, Before the Joint Committee On Atomic Energy, 85th Cong., 2d Sess. (1958) | 218-221 |
| DPC Exh. 24 | Hearings on Cooperative Power Reactor Demonstration Program, 1963, Before the Joint Committee on Atomic Energy, 85th Cong., 1st Sess. (1963) | 222-239 |
| DPC Exh. 25 | Conference on Reactor Operating Experience, Reactor Operations Division, Amer. Nucl. Soc., Oct. 1-3, 1963 | 240-246 |
| DPC Exh. 26 | Letter from O.S. Hiestand to A. Samuels, Feb. 19, 1985 | 247-248 |
| DPC Exh. 27 | OC Clearance Form, Nov. 13, 1985 | 249-257 |
| DPC Exh. 28 | 42 U.S.C.A. §10131 (1983) | 258-261 |
| DPC Exh. 29 | U.S. Department of Energy, <u>Draft Mission Plan for the Civilian Radioactive Waste Management Program</u> (Apr. 1984) | 262-266 |
| DPC Exh. 30 | U.S. Department of Energy, <u>Mission Plan for the Civilian Radioactive Waste Management Program</u> (June 1985) | 267-268 |
| DPC Exh. 31 | <u>Second Waste Repository Site Selection: Hearing Before the Subcommittee on</u> | |

| | | |
|---|---|---|
| | Energy Research and Development of the Senate Committee on Energy and Natural Resources, 99th Cong., 2nd Sess. 52 1986 (Statement of John S. Herrington, Secretary, U.S. Dept. of Energy) | 269-277 |
| DPC Exh. 32 | Implementation of the Nuclear Waste Policy Act: Oversight Hearing Before the Subcommittee on Energy and the Environment of the House Committee on Interior and Insular Affairs, 99th Cong., 2nd Sess. 10 (1986) (Statement of John S. Herrington, Secretary, U.S. Dept. of Energy) | 278-281 |
| DPC Exh. 33 | U.S. Department of Energy, Draft Mission Plan Amendment for the Civilian Radioactive Waste Management Program (Jan. 1987) | 282-283 |
| DPC Exh. 34 | U.S. Department of Energy, Draft Mission Plan Amendment (Sept. 1991) | 284-285 |
| DPC Exh. 35 | Letter from R.A. McFeely, Chief, Contracts and Procurement Staff, Savannah River Operations Office, AEC, to Mr. Seymour J. Raffety, DPC, Mar. 20, 1973 | 286-297 |
| DPC Exh. 36 | Letter from K.E. Bowman, General Electric Co., to Dr. Seymour Raffety, DPC, Mar. 15, 1973 | 298-299 |
| DPC Exh. 37 | Letter from William J. Manion, Gen'l Mgr., Gulf United Services, to Mr. R.E. Shimshak, DPC, Aug. 29, 1973 | 300 |
| DPC Exh. 38 | Letter from John P. Madgett, DPC, to Mr. C.R. Moore, NFS, Mar. 11, 1974 | 301 |
| DPC Exh. 39 | Annual Report to Congress of the Atomic Energy Commission for 1974, Part 2 | 302-304 |
| DPC Exh. 40 | Annual Report to Congress of the Nuclear Regulatory Commission for 1976 | 305-307 |
| DPC Exh. 41 | DOE Report to Congress on Reassessment of the Civilian Radioactive Waste Management Program, Nov. 1989 | 308-338 |

| | | |
|---|---|---|
| DPC Exh. 42 | Letter from C.R. Moore, NFS, to J.P. Madgett, DPC, Mar. 20, 1975 (w/out enclosure) | 339 |
| DPC Exh. 43 | AEC Annual Report to Congress for 1962 (Jan. 1963) | 340-348 |
| DPC Exh. 44 | Order To Authorize Decommissioning And Amendment No. 66 To Possession Only License No. DPR-45 For LaCrosse Boiling Water Reactor, Doc. No. 50-171, at 14-15 (Aug. 7, 1991) | 349-466 |
| DPC Exh. 45 | 1987 Dairyland Power Cooperative Annual Report | 467-494 |
| DPC Exh. 46 | Annual Report to Congress of the Atomic Energy Commission for 1961 | 495-499 |
| DPC Exh. 47 | Letter from E.G. Bettin, DPC, Oct. 18, 1973 | 500-522 |
| DPC Exh. 48 | Letter from Herbert N. Berkow, NRC, to James W. Taylor, DPC, Aug. 4, 1987 | 523-529 |

IN THE UNITED STATES CLAIMS COURT

| | | |
|---|---|---|
| DAIRYLAND POWER COOPERATIVE,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant. | ) | No. 91-1676C<br>(Judge Tidwell) |

PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S RESPONSE OPPOSING DEFENDANT'S MOTION TO DISMISS OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT

Pursuant to R.U.S.C.C. 56 and 83.2 Plaintiff, Dairyland Power Cooperative ("DPC") moves for summary judgment and files its Response Opposing Defendant's Motion To Dismiss Or, Alternatively For Summary Judgment ("U.S. Motion").

PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT

STATEMENT OF THE ISSUES

1. Whether DPC is entitled to rescission of the LACBWR Sale Agreement as a matter of law based on the theory of commercial impracticability.

2. Whether DPC is entitled to rescission of the LACBWR Sale Agreement as a matter of law based on the theory of frustration of purpose.

3. Whether DPC is entitled to rescission of the LACBWR Sale Agreement as a matter of law based on the theory of mutual mistake.

D135.016

## STATEMENT OF THE CASE

### I. Summary

This case arises out of the purported transfer of ownership of the La Crosse Boiling Water Reactor ("LACBWR") from the Atomic Energy Commission ("AEC") to DPC on August 6, 1973. When the parties entered into the agreement for the sale of the reactor (the "LACBWR Sale Agreement"), they mistakenly believed that commercial reprocessing facilities would continue to be available and that DPC would periodically ship LACBWR's spent fuel to a reprocessing facility. They also mistakenly expected that DPC would receive substantial financial benefits from the sale of the plutonium and uranium that would be extracted from the spent fuel during reprocessing and that DPC would be able to decommission the plant upon termination of its operations, without prolonged delays and without the protracted on-site storage of spent fuel.

The continued existence of commercial reprocessing was not an incidental consideration in negotiating the transfer of the plant. Rather, it was a basic premise affecting the intrinsic nature and value of the bargain.

This premise proved false, however, when, for a variety of reasons, commercial reprocessing in the United States ceased to exist. As a result, DPC must now safeguard and store its spent fuel on-site until the U.S. constructs a high-level waste repository, which even under the most optimistic timetable, will not be until 2011. This unexpected delay will cost DPC about $100 million.

The non-existence of commercial reprocessing facilities drastically altered the foundation of the LACBWR Sale Agreement and

On August 4, 1987, the NRC modified DPC's Provisional Operating License for LACBWR to a "possession only" license, in accordance with DPC's request. The NRC then terminated the lengthy licensing proceeding that was examining the conversion of DPC's provisional operating license to a full-term operating license. On August 7, 1991, the NRC approved LACBWR's decommissioning plan. PPFUF ¶ 45.

Contrary to the assumptions underlying the LACBWR Sale Agreement, the decommissioning plan calls for all of the spent fuel generated at LACBWR to be stored on-site during an extended safe storage ("SAFSTOR") period until at least 2010. PPFUF ¶ 46. This storage is necessary because commercial reprocessing is not available in the U.S. and because the proposed federal spent fuel repository required by the NWPA will not be available until 2010, at the earliest. PPFUF ¶ 47. The unexpected extended SAFSTOR period will cause DPC to expend approximately $94 million from 1989 to 2011 to provide for the safe storage of the facility until the spent fuel can be removed and decommissioning can begin. PPFUF ¶ 48. Of this total SAFSTOR cost, approximately $1.3 million <u>per year</u> (in 1990 dollars) is directly attributable to the additional costs that DPC will incur in connection with the continued on-site storage of spent fuel. PPFUF ¶ 49. Finally, if DPC can begin decommissioning in 2011, DPC conservatively estimates that the cost will be at least $96 million -- an amount that does not resemble the highest estimate contemplated by the parties at the time of the sale, even after inflation is taken into account. PPFUF ¶ 50.

to absolve the U.S. of responsibility. But those documents are either lacking in consideration, voidable, or wholly unrelated to this matter. The U.S. also seeks to hide behind the inapplicable doctrine of sovereign acts, although it has already waived that defense. Further, the U.S. attempts to raise the equitable defense of laches in a case where equity demands the correction of a fundamentally flawed contract. Finally, the U.S. raises irrelevant legal challenges to the three bases that justify the rescission of the LACBWR Sale Agreement.

Most telling about the U.S. Motion is the absence of a challenge to the underlying basis for DPC's case -- that the LACBWR Sale Agreement rests on the parties' erroneous assumption that commercial reprocessing would continue to remain available to DPC. When reprocessing ceased to be available, the cessation caused a transformation in the contract that rendered it unrecognizable.

Accordingly, the Court should deny the U.S. Motion, grant DPC's Cross-motion, and order the rescission of the LACBWR Sale Agreement, with the payment to DPC of all requested damages.

Respectfully submitted,

Charles C. Thebaud, Jr.
John C. Person
Newman & Holtzinger, P.C.
1615 L Street, N.W.
Suite 1000
Washington, D.C. 20036
(202) 955-6600

Counsel for
Dairyland Power Cooperative

October 19, 1992

CERTIFICATE OF SERVICE

I hereby certify that I have this day served by messenger a copy of Plaintiff's Cross-Motion For Summary Judgment And Plaintiff's Response Opposing Defendant's Motion To Dismiss Or, Alternatively, For Summary Judgment; Plaintiff's Proposed Findings of Uncontroverted Fact; and Plaintiff's Statement of Genuine Issues upon:

Anthony J. Ciccone
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
2nd Floor, Todd Bldg.
Washington, D.C. 20530

Dated in Washington, D.C., this 19th day of October, 1992.

Charles C. Thebaud, Jr.
Newman & Holtzinger, P.C.
1615 L Street, N.W.
Suite 1000
Washington, D.C. 20036
(202) 955-6600

October 19, 1992

D135.105

REPRODUCED AT THE NATIONAL ARCHIVES

ORIGINAL

BRIEF FOR APPELLANT
DAIRYLAND POWER COOPERATIVE

IN THE

# United States Court of Appeals

FOR THE FEDERAL CIRCUIT

No. 93-5131

RECEIVED
'93 JUL 12 AM 11:09
U.S. COURT OF APPEALS
FEDERAL CIRCUIT

DAIRYLAND POWER COOPERATIVE,
*Plaintiff-Appellant,*

v.

THE UNITED STATES,
*Defendant-Appellee.*

**Appeal From A Decision Of The United States Court Of Federal Claims In 91-1676C Entered March 29, 1993, From Judge Moody R. Tidwell**

FILED
U.S. COURT OF APPEALS FOR THE FEDERAL CIRCUIT
JUL 12 1993
FRANCIS X. GINDHART
CLERK

Charles C. Thebaud, Jr.
NEWMAN & HOLTZINGER, P.C.
1615 L Street, N.W.
Suite 1000
Washington, D.C. 20036
(202)955-6600
Attorney of Record for
Plaintiff-Appellant,
Dairyland Power Cooperative

Dairyland
04-106C
Defendant's Exhibit
0146

July 12, 1993

D146.001

TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . iii

CERTIFICATE OF INTEREST . . . . . . . . . . . . . . . . . . . . v

STATEMENT OF RELATED CASES . . . . . . . . . . . . . . . . . ix

STATEMENT OF JURISDICTION . . . . . . . . . . . . . . . . . . x

STATEMENT OF THE ISSUE . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . 2

I. NATURE OF THE CASE . . . . . . . . . . . . . . . 2

II. THE COURSE OF PROCEEDINGS BELOW . . . . . . . . . 3

III. STATEMENT OF FACTS . . . . . . . . . . . . . . . 4

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . 11

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . 12

The Trial Court Erred By Drawing Factual Inferences Against DPC And Ignoring DPC's Evidence . . . . . . . . . . . . . . . 12

I. The Parties Did Not Intend The LACBWR Sale Agreement To Allocate The Risk Of The Demise Of Reprocessing To DPC . . . . . . . . . . . . . . . . . . . . . . 14

A. The Court Disregarded Applicable Law . . . . . . . . . . . . . . . . . . . . . 15

B. The Court Drew Impermissible Inferences . . . . . . . . . . . . . . . . . . 17

C. The Court Ignored DPC's Evidence . . . . . . 18

Page

II. The AEC Would Have Altered The LACBWR Sale Agreement Had The Parties Known About The Unavailability Of Reprocessing . . . . . . . . . . . . . . . . . 27

III. Allocation Of The Risk To DPC Is Inappropriate And Unreasonable . . . . . . . . . 31

CONCLUSION AND RELIEF SOUGHT . . . . . . . . . . . . . . . . . . 34

ADDENDUM

PROOF OF SERVICE



D146.003

# TABLE OF AUTHORITIES

Pages

FEDERAL CASES

Anderson v. City of Bessemer,
470 U.S. 564 (1985) . . . . . . . . . . . . . . . . . . . . 13

Anderson v. Liberty Lobby, Inc.,
477 U.S. 242 (1986) . . . . . . . . . . . . . . . . . . passim

Balboa Ins. Co.,
775 F.2d 1158 (Fed. Cir. 1985) . . . . . . . . . . . . . . 14

Beta Systems, Inc. v. United States,
838 F.2d 1179 (Fed. Cir. 1988) . . . . . . . . . . . . . . 16

Burnside-Ott Aviation Training Center, Inc. v. United States,
985 F.2d 1574 (Fed. Cir. 1993) . . . . . . . . . . . . . . 15

Burnside-Ott Aviation Training Center. v. United States, 24 Cl. Ct. 553 (1991), . . . . . . . . . . . . . . . . . 15

Celotex Corp. v. Catrett,
477 U.S. 317 (1986) . . . . . . . . . . . . . . . . . . . . 12

First National Bank of Arizona v. Cities Service Co.,
391 U.S. 253 (1968) . . . . . . . . . . . . . . . . . . 12, 13

Mingus Constructors, Inc. v. United States,
812 F.2d 1387 (Fed. Cir. 1987) . . . . . . . . . . . . . . 12

National Presto Industries v. United States,
338 F.2d 99 (Ct. Cl. 1964) . . . . . . . . . . . . . . . . 30

Olde Tyme Foods, Inc. v. Roundy's Inc.,
961 F.2d 200 (Fed. Cir. 1992) . . . . . . . . . . . 13, 16, 17

Poller v. CBS,
368 U.S. 464 (1962) . . . . . . . . . . . . . . . . . . . . 16

Ramseur v. Chase Manhattan Bank,
865 F.2d 460 (2d Cir. 1989) . . . . . . . . . . . . . . 14, 16

Pages

Schwabenbauer v. Board of Education,
667 F.2d 305 (2d Cir. 1981) . . . . . . . . . . . . . . . 13

United States v. Diebold, Inc.,
369 U.S. 654 (1962) . . . . . . . . . . . . . . . . . . . 13

United States v. Sacramento Municipal Utility District,
652 F.2d 1341 (9th Cir. 1981). . . . . . . . . . . . . . . .16

**FEDERAL STATUTES**

28 U.S.C. § 1295 (a)(3)(1988). . . . . . . . . . . . . . . . . . .8

## CERTIFICATE OF INTEREST

Counsel for the appellant, Dairyland Power Cooperative, certifies the following:

1. The full name of every party or amicus represented by me is: Dairyland Power Cooperative.

2. The name of the real party in interest is the same: Dairyland Power Cooperative.

3. The parent companies, subsidiaries (except wholly-owned subsidiaries), and affiliates that have issued shares to the public, of the party represented by me are: None.

Dairyland Power Cooperative is an electric generation and transmission association organized under the laws of the states of Wisconsin and Minnesota. Dairyland Power Cooperative is principally regulated by the Rural Electrification Administration. Dairyland Power Cooperative provides wholesale electric service to Class A members engaged in the retail sale of electricity to member consumers located in Wisconsin, Minnesota, Iowa, Illinois, and Michigan and provides electric and other services to Class C, D, and E members. The members of the Dairyland Power Cooperative system are:

**CLASS A MEMBERS**
**WISCONSIN**
Barron Electric Cooperative
Bayfield Electric Cooperative, Inc.
Buffalo Electric Cooperative
Chippewa Valley Electric Cooperative
Clark Electric Cooperative
Crawford Electric Cooperative
Dunn County Electric Cooperative

Eau Claire Electric Cooperative
Grant-Lafayette Electric Cooperative
Jackson Electric Cooperative
Jump River Electric Cooperative, Inc.
Oakdale Electric Cooperative
Pierce-Pepin Electric Cooperative
Polk-Burnett Electric Cooperative
Price Electric Cooperative, Inc.
Richland Electric Cooperative
St. Croix Electric Cooperative
Taylor Electric Cooperative
Trempealeau Electric Cooperative
Vernon Electric Cooperative

**IOWA**
Allamakee-Clayton Electric Cooperative, Inc.
Cedar Valley Electric Cooperative
Hawkeye Tri-County Electric
Winnebago Rural Electric Cooperative Association

**MINNESOTA**
Freeborn-Mower Electric Cooperative
People's Cooperative Power Association
Tri-County Electric Cooperative

**ILLINOIS**
Jo-Carroll Electric Cooperative, Inc.

**CLASS B MEMBERS**
Adams-Columbia Electric Cooperative
Central Wisconsin Electric Cooperative
Oconto Electric Cooperative
Rock County Electric Cooperative Association
Waushara Electric Cooperative

**CLASS C MEMBERS**
Cooperative Power
Minnkota Power Cooperative, Inc.
United Power Association

<u>CLASS D MEMBERS</u>
City of Arcadia, Wis.
Village of Argyle, Wis.
City of Austin, Minn.
City of Barron, Wis.
City of Blooming Prairie, Minn.
Village of Cashton, Wis.
City of Cumberland, Wis.
City of Elroy, Wis.
City of Fennimore, Wis.
City of Forest City, Iowa
City of La Farge, Wis.
City of Lake Mills, Iowa
City of Lanesboro, Minn.
Village of Merrillan, Wis.
City of New Lisbon, Wis.
City of Osage, Iowa
City of Preston, Minn.
City of Richland Center, Wis.
City of River Falls, Wis.
City of Rochester, Minn.
Southern Minnesota Municipal Power Agency
Village of Viola, Wis.

<u>CLASS E MEMBERS</u>
Interstate Power Company
Minnesota Power
Northern States Power Company-Minnesota
Northern States Power Company-Wisconsin
Northwestern Public Service Company
Northwestern Wisconsin Electric Company
Wisconsin Power & Light

Dairyland Power Cooperative has one wholly-owned subsidiary:

Curtis Telecommunications, Inc.

4. The names of all law firms and the partners or associates that appeared for the party now represented by me in the trial court or agency or are expected to appear in this court are:

Charles C. Thebaud, Jr. (shareholder)
John C. Person (associate)
Newman & Holtzinger, P.C. (law firm)

Charles C. Thebaud, Jr.
Newman & Holtzinger, P.C.
1615 L Street, N.W.
Suite 1000
Washington, D.C. 20036
(202) 955-6600

July 12, 1993

## STATEMENT OF JURISDICTION

Plaintiff-Appellant, Dairyland Power Cooperative, appeals from the Order and Judgment entered on March 29, 1993 by the United States Court of Federal Claims, Tidwell J. The United States Court of Appeals For The Federal Circuit has exclusive jurisdiction over this appeal pursuant to 28 U.S.C. § 1295 (a)(3)(1988).

BRIEF FOR APPELLANT
DAIRYLAND POWER COOPERATIVE

UNITED STATES COURT OF APPEALS
FOR THE
FEDERAL CIRCUIT

No. 93-5131

DAIRYLAND POWER COOPERATIVE,

Plaintiff-Appellant,

v.

THE UNITED STATES,

Defendant-Appellee.

Appeal from a decision of the United States Court of Federal Claims in 91-1676C entered March 29, 1993, from Judge Moody R. Tidwell.

STATEMENT OF THE ISSUE

Whether, in granting the United States' Motion For Summary Judgment, the United States Court of Federal Claims erred by drawing factual inferences in favor of the United States (the moving party) and by ignoring relevant evidence submitted by Dairyland Power Cooperative (the non-moving party).

## STATEMENT OF THE CASE

### I. Nature of the Case

This case arises out of the purported transfer of ownership of the La Crosse Boiling Water Reactor ("LACBWR") from the Atomic Energy Commission ("AEC") to Dairyland Power Cooperative ("DPC") on August 6, 1973. When the parties entered into the agreement for the sale of the reactor (the "LACBWR Sale Agreement"), they mistakenly believed that commercial reprocessing facilities would continue to be available, and that DPC would periodically ship LACBWR's spent nuclear fuel to an off-site reprocessing facility. They also mistakenly believed that DPC would benefit financially from the sale of the plutonium and uranium extracted from the spent fuel during reprocessing, and that DPC would be able to decommission the plant without prolonged delays and without the protracted on-site storage of spent fuel.

The continued existence of commercial reprocessing was not an incidental consideration in negotiating the transfer of the plant. Rather, it was a basic premise affecting the intrinsic nature and value of the bargain.

This premise proved false, however, when, for a variety of reasons, commercial reprocessing in the United States ceased to exist. As a result, DPC must now safeguard and store its spent fuel at LACBWR until the United States constructs a high-level waste repository. Even under the most optimistic timetable, that

This storage is necessary because commercial reprocessing is not available in the United States and because the proposed federal spent fuel repository required by the NWPA will not be available until 2010, at the earliest. (A1177-78; 1198-99). The unexpected extended SAFSTOR period will cause DPC to expend approximately $94 million from 1989 to 2011 to provide for the safe storage of the facility until the spent fuel can be removed and decommissioning can begin. (A1027-28). Of this total SAFSTOR cost, approximately $1.3 million per year (in 1990 dollars) is directly attributable to the additional costs that DPC will incur in connection with the continued on-site storage of spent fuel. (A1023; 1212-17). Finally, if DPC can begin decommissioning in 2011, DPC conservatively estimates that the cost will be at least $96 million -- an amount that does not remotely resemble the highest estimate contemplated by the parties at the time of the sale, even after inflation is taken into account. (A1029; 1175-76; 1199-1200; 1212).

Thus, a contract that was originally designed to provide comparable benefits to both parties, and an equitable balance of the risks between the parties, has become a one-sided exchange that has saddled DPC with obligations and expenses of enormous proportions that were never contemplated by the parties. (A524-30; 1027-28; 1029). The unforeseeable termination of commercial reprocessing left DPC -- the AEC's partner in the Cooperative Power Reactor Demonstration Program -- with sole responsibility

Accordingly, DPC requests that this Court reverse the lower court's order and remand this case to be the United States Court of Federal Claims with instructions to set this case for trial.

Respectfully submitted,

Charles C. Thebaud, Jr.

Charles C. Thebaud, Jr.
Newman & Holtzinger, P.C.
1615 L Street, N.W.
Suite 1000
Washington, D.C. 20036
(202) 955-6600

July 12, 1993

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served by first class mail, postage prepaid, two copies of Plaintiff-Appellant, Dairyland Power Cooperative's Principal Brief upon:

Anthony J. Ciccone
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
2nd Floor, Todd Bldg.
Washington, D.C. 20530

Dated in Washington, D.C., this 12th day of July, 1993

Charles C. Thebaud, Jr.
Newman & Holtzinger, P.C.
1615 L Street, N.W.
Suite 1000
Washington, D.C. 20036
(202) 955-6600

July 12, 1993

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DAIRYLAND POWER COOPERATIVE | : | |
| Plaintiff, | : | |
| | : | No. 04-106C |
| v. | : | (Chief Judge Damich) |
| UNITED STATES OF AMERICA | : | |
| Defendant. | : | |

**EXPERT WITNESS REPORT OF FRANK C. GRAVES**