# In the United States Court of Federal Claims

No. 04-106 C
(Filed: May 30, 2008)

*************************************
**DAIRYLAND POWER COOPERATIVE,**

Plaintiff,

v.

**THE UNITED STATES,**

Defendant.
*************************************

## ORDER

Pursuant to the Trial Preparation Order of February 21, 2008, Plaintiff, Dairyland Power Cooperative ("Dairyland") filed a Notice of Deposition and Trial Testimony Designations or, Alternatively, Motion for Leave to Admit Prior Testimony into Evidence on April 29, 2008, as required. Defendant, the United States ("the Government"), must file "any objections, including the grounds therefor, to the opposing party's motions regarding deposition testimony and any proposed cross-designation of transcript pages" by June 6, 2008. At a hearing regarding the parties' motions *in limine*, the Government requested an enlargement of time to file its objections and cross-designations. The Government made this request based on the volume of Dairyland's transcript designations.

Additionally, the Government argued that some of the deponents may testify at trial, making their deposition or prior testimony inadmissible under Fed. R. Evid. 804(b)(1), a hearsay exception which applies only if the declarant is unavailable. In Dairyland's Motion for Leave to Admit Prior Testimony into Evidence, however, Dairyland seeks to introduce prior testimony under Fed. R. Evid. 801(d)(2) as an admission by a party-opponent. An admission by a party-opponent under Fed. R. Evid. 801(d)(2) is not hearsay and, thus, the availability of the deponent as a witness is irrelevant to admissibility.

The parties' suggested to the Court that a review of the same issue in *Wisconsin Elec. Power Co. v. United* States, No. 00-697C (Fed. Cl. August 16, 2007) and *Sacramento Mun. Utility Dist. v. United States*, 70 Fed.Cl. 332 (2006) would be helpful. The Court has reviewed the decisions in both of the above cases, as well as the schedule set forth in the Trial Preparation Order, Dairyland's Motion for Leave to Admit Prior Testimony into Evidence and Fed. R. Evid.

802(d)(2), 804(b)(1) and 807. At this time, the Court is inclined to grant Dairyland's Motion for Leave to Admit Prior Testimony into Evidence for a number of reasons, including: (i) many of the transcripts appear to be admissions by a party-opponent that fall squarely under Fed. R. Evid. 801(d)(2), which does not require the unavailability of the witness; (ii) because these are deposition or trial transcripts they clearly have "circumstantial guarantees of trustworthiness" required for admission under Fed. R. Evid. 807; and (iii) the purpose of allowing the admission of transcripts is a time saving technique employed by the Court. However, the Government should be allowed the opportunity to respond to Dairyland's motion.

The Government has had Dairyland's Motion for Leave to Admit Prior Testimony into Evidence since April 29, 2008, and has had the full pretrial schedule for three months, as set forth in the Trial Preparation Order of February 21, 2008. While the Court understands the difficulties experienced by all the parties in preparing for trial, the Government has been aware of the schedule for several months and has also had ample time to review and prepare a response to Dairyland's motion.

Based on the foregoing reasons, the Court hereby GRANTS IN PART AND DENIES IN PART the Government's request for an enlargement of time to file an opposition to Dairyland's Motion for Leave to Admit Prior Testimony into Evidence and to submit its proposed cross-designation of transcript pages. The Government shall file its response to Dairyland's Motion for Leave to Admit Prior Testimony into Evidence by June 6, 2008, as required by the Trial Preparation Order of February 21, 2008. The Government's response to Dairyland's motion shall specifically inform the Court of its objections to individual depositions or prior trial transcripts. The Governments shall also specifically address the admission of the depositions or prior trial transcripts under Fed. R. Evid. 801(d), 804(b)(1) and 807. The Government shall provide the Court with any proposed cross-designation of transcript pages by June 23, 2008.

s/ Edward J. Damich
EDWARD J. DAMICH
Chief Judge