IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DAIRYLAND POWER COOPERATIVE, Plaintiff, | ) | |
| v. | ) | No. 04-0106C (Chief Judge Damich) |
| UNITED STATES OF AMERICA, Defendant. | ) | |

DEFENDANT'S UNOPPOSED MOTION TO AMEND TRIAL PREPARATION ORDER

Pursuant to Rule 7(b) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court modify the trial preparation order issued on February 21, 2008 to eliminate the requirement that the parties file a complete sets of the trial exhibits on June 6, 2008. Counsel for plaintiff, Dairyland Power Cooperative ("Dairyland"), has represented that Dairyland does not oppose this request. As discussed more fully below, the relief being sought is requested in view of the parties' experience in other spent nuclear fuel cases and for the purpose of saving significant costs for the parties as well as the Court.

Paragraph 2.c.iii.(4) of the Court's February 21, 2008 order requires that, in addition to each party's final exhibit list, the parties also submit two sets of the exhibits to the Court's chambers no later than June 6, 2008. However, because the Court's order also provides that the parties shall "file" each of the items listed following paragraph 2.c.iii, the order also requires that an additional set of the exhibits be submitted to the clerk's office for filing on that day. For the reasons discussed below, we respectfully request that the Court modify the Court's February 21, 2008 order to eliminate that filing requirement.

Currently, Dairyland's exhibit list contains 845 exhibits that fill more than 56 binders. The Government's exhibit list is comprised of 549 exhibits, one with 86 subparts, which fills 29 binders. Consequently, even one set of exhibits from either party requires submission of a large volume of materials which is costly to duplicate and cumbersome to transport. Additionally, our experience in other spent nuclear fuel cases has shown that filing the exhibits is unnecessary. Many exhibits currently on the parties' exhibit lists will not be used at trial. Other exhibits will not be admitted. Thus, the trial record is made after the Court has determined which exhibits to admit at trial. Therefore, requiring each party to produce and file multiple copies of exhibits that may never become part of the trial record would seem to be unnecessary, costly, and potentially confusing.

We are not suggesting that the parties should not be required to submit two complete copies of their exhibits to chambers so that the Court has access to the parties' proposed exhibits. However, burdening the clerk's office with these materials at this time is simply not necessary. Therefore, we respectfully request that the Court modify its February 21, 2008 order to eliminate the requirement that the parties file a set of the trial exhibits on June 6, 2008. Further, we request that the Court allow the parties to deliver copies of the exhibits to chambers at a time closer to the beginning of trial to provide the parties with additional time to continue to attempt to pare down the necessary exhibits and to complete the substantial copying effort that will be necessary.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

ALAN J. LO RE
Senior Trial Counsel

PATRICK B. BRYAN
JOSHUA E. GARDNER
ANTHONY W. MOSES
SONIA M. ORFIELD
SCOTT SLATER
Trial Attorneys
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530

June 4, 2008

JEANNE E. DAVIDSON
Director

s/Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/Russell A. Shultis
RUSSELL A. SHULTIS
Trial Attorney
Commercial Litigation Branch
Civil Division
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-7571
Fax: (202) 307-2503

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 4th day of June 2008, a copy of foregoing “DEFENDANT'S UNOPPOSED MOTION TO AMEND TRIAL PREPARATION ORDER” was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Russell A. Shultis