**No. 04-106C**
**(Chief Judge Damich)**

---

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**DAIRYLAND POWER COOPERATIVE,**

**Plaintiff,**

**v.**

**THE UNITED STATES OF AMERICA,**

**Defendant.**

---

# DEFENDANT'S RESPONSE TO PLAINTIFF'S NOTICE OF DEPOSITION AND TRIAL TESTIMONY DESIGNATIONS OR, ALTERNATIVELY, MOTION FOR LEAVE TO ADMIT PRIOR TESTIMONY INTO EVIDENCE

---

**GREGORY G. KATSAS**
**Acting Assistant Attorney General**

**JEANNE E. DAVIDSON**
**Director**

**HAROLD D. LESTER, JR.**
**Assistant Director**

**RUSSELL A. SHULTIS**
**Commercial Litigation Branch**
**U.S. Department of Justice**
**Attn: Classification Unit,**
**8th Floor**
**1100 L Street, N.W.**
**Washington, D.C. 20530**
**Tele: (202) 616-0347**
**Fax: (202) 307-2503**

**OF COUNSEL:**

**JANE K. TAYLOR**
**Office of General Counsel**
**U.S. Department of Energy**
**Office of General Counsel**
**1000 Independence Ave., S.W.**
**Washington, D.C. 20585**

**ALAN J. LO RE**
**Senior Trial Attorney**

**PATRICK B. BRYAN**
**JOSHUA E. GARDNER**
**ANTHONY W. MOSES**
**SONIA M. ORFIELD**
**SCOTT SLATER**
**Trial Attorneys**
**Commercial Litigation Branch**

**June 6, 2008**

**Attorneys for Defendant**

# TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES . . . . . ii

SUMMARY OF ARGUMENT . . . . . 1

DISCUSSION . . . . . 3

I. DAIRYLAND HAS NOT SHOWN CAUSE FOR THE ADMISSION OF TESTIMONY DESIGNATIONS IN LIEU OF LIVE TESTIMONY AT TRIAL . . . . . 3

II. DAIRYLAND HAS NOT ESTABLISHED A PROPER BASIS FOR THE ADMISSION OF DESIGNATED TESTIMONY PURSUANT TO FED. R. EVID. 801(d)(2) . . . . . 7

A. Dairyland Has Not Established Any Basis Upon Which To Avoid Its Burden Of Showing The Admissibility Of Each Of Its Proposed Designations . . . . . 7

B. Dairyland Cannot Designate Testimony From Individuals Who Were Not Employees Of The Federal Government At The Time Of Their Testimony . . . . . 10

C. Dairyland Has Not Identified A Foundation For Finding That The Remaining Witness Testimony Falls Within Fed. R. Evid. 801(d)(2)(D) . . . . . 11

CONCLUSION . . . . . 11

# TABLE OF AUTHORITIES

CASES PAGE(S)

Aliotta v. National R.R. Passenger Corp.,
315 F.3d 756 (7th Cir. 2003). .......... 8, 9

American Steel Works v. Hurley Constr. Co.,
46 F.R.D. 465 (D. Minn. 1969).......... 4

Angelo v. Armstrong World Indus., Inc.,
11 F.3d 957 (10th Cir. 1993). .......... 5

Banks v. Yokemick,
144 F. Supp. 2d 272 (S.D.N.Y. 2001).......... 3

Delaware v. Van Arsdall,
475 U.S. 673 (1986).......... 6

Evans v. Port Auth. of N.Y. & N.J.,
192 F. Supp. 2d 247 (S.D.N.Y. 2002).......... 7, 9

Globe Savings Bank, FSB v. United States,
61 Fed. Cl. 91 (2004). .......... passim

Griman v. Makousky,
76 F.3d 151 (7th Cir. 1966). .......... 4

Hill v. Speigel, Inc.,
708 F.2d 233 (6th Cir. 1983). .......... 8

Kolb v. County of Suffolk,
109 F.R.D. 125 (E.D.N.Y. 1985). .......... passim

Krause v. City of La Crosse,
246 F.3d 995 (7th Cir. 2001). .......... 7

Long Island Sav. Bank, FSB v. United States,
63 Fed. Cl. 157 (2004). .......... 8, 9

Napier v. Bossard,
102 F.2d 467 (2d Cir. 1939).......... 3

Sea-Land Serv., Inc. v. Lozen Int'l, LLC,
285 F.3d 808 (9th Cir. 2002). .......... 8, 9

TABLE OF AUTHORITIES (Cont'd)

CASES PAGE(S)

Shapiro, Lifschitz, & Schram, P.C. v. Hazard,
90 F. Supp. 2d 15 (D.D.C. 2000). .......... 10

Tallarico v. Trans World Airlines, Inc.,
881 F.2d 566 (8th Cir. 1989). .......... 8

United States v. Blum,
62 F.3d 63 (2d Cir. 1995). .......... 6

United States v. Holmes,
44 F.3d 1150 (2d Cir. 1995). .......... 6

United States v. Mathis,
559 F.2d 294 (5th Cir. 1977). .......... 3, 4

Williams v. Pharmacia, Inc.,
137 F.3d 944 (7th Cir. 1998). .......... 7

Young & Assoc. Pub. Relations, L.L.C. v. Delta Air Lines, Inc.,
216 F.R.D. 521 (D. Utah 2003). .......... 3

Young v. James Green Mgt., Inc.,
327 F.3d 616 (7th Cir. 2003). .......... 10

Zaben v. Air Prods. & Chems., Inc.,
129 F.3d 1453 (11th Cir. 1997). .......... 7

STATUTES

R. Ct. Fed. Cl. 1. .......... 5

R. Ct. Fed. Cl. App. A ¶ 15(b). .......... 1, 5

R. Ct. Fed. Cl. 32. .......... 4

Fed. R. Civ. P. 32. .......... 4, 5

Fed. R. Evid. 801(d). .......... passim

Fed. R. Evid. 804(b)(1). .......... 4

TABLE OF AUTHORITIES (Cont'd)

MISCELLANEOUS PAGE(S)

8A C. Wright, A. Miller, & R. Marcus, Federal Practice and Procedure § 2142 (2d ed. 1994). .......... 4

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DAIRYLAND POWER COOPERATIVE, Plaintiff, | ) | |
| v. | ) | No. 04-106C (Chief Judge Damich) |
| THE UNITED STATES OF AMERICA, Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFF'S NOTICE OF DEPOSITION AND TRIAL TESTIMONY DESIGNATIONS OR, ALTERNATIVELY, MOTION FOR LEAVE TO ADMIT PRIOR TESTIMONY INTO EVIDENCE

Defendant, the United States, respectfully responds to the notice of deposition and trial testimony designations or, alternatively, motion for leave to admit prior testimony into evidence, which plaintiff, Dairyland Power Cooperative ("Dairyland"), filed on April 29, 2008.[1]

SUMMARY OF ARGUMENT

Dairyland's motion to designate as substantive evidence over 1,100 pages of deposition and trial testimony from 15 past and present Government employees and contractors should be denied. Dairyland has not shown cause as to why this Court should admit its proffered designations into evidence in lieu of live testimony, as is the Court's preference. In fact, the parties indicated they presently either will or may call six of the subject witnesses to testify at trial,[2] thereby obviating any need for admission of their designated testimony. Dairyland has not

[1] Although Dairyland styled its filed request as a notice of deposition and trial testimony designations and, in the alternative, as a motion for leave to admit prior testimony, we treat Dairyland's request as a motion because it is the appropriate means by which to seek the admission of testimonial designations. See RCFC App. A ¶ 15(b).

[2] Dairyland has indicated that it may call Lake E. Barrett, Christopher Kouts, Thomas Pollog, and David K. Zabransky to testify at trial. We presently intend to call Messrs. Kouts and

shown that the other nine witnesses whose testimony it seeks to designate are unavailable to testify at trial. Furthermore, Dairyland has failed to make the required showing under Rule 801(d)(2) of the Federal Rules of Evidence that the testimony it designated may properly be considered to be the admission of a party opponent. In addition, Dairyland ignored or failed to identify numerous objections to the testimony upon which the Court must rule before the testimony can be admitted into the record of this case. Because the designated testimony is irrelevant, incomplete, and/or subject to extensive objections, Dairyland should not be allowed to burden the record with its admission. To the extent the Court deems any of Dairyland's testimony designations to constitute admissions by the United States and/or otherwise admissible in lieu of live testimony, we ask the Court to consider and rule upon our objections to this testimony – as identified in the deposition and trial testimony and in the appendix attached hereto – prior to admitting it into evidence. Notwithstanding this Court's trial preparation order dated February 21, 2008, we further ask the Court to require the parties to read the designated testimony – including the Government's counter-designations, which will be filed on or before June 23, 2008[3] – into the trial record and that the time devoted to that effort be included in the parties' respective trial time.

---

Zabransky to testify at trial. In addition, we may call Alan Brownstein and Ronald Milner as trial witnesses.

[3] The Government's cross-designations to Dairyland's deposition and trial testimony designations were originally due on June 6, 2008, the same date on which the Government was to file its objections to Dairyland's motion for leave to admit prior testimony. By order dated May 30, 2008, the Court enlarged the time for the Government to submit its cross-designations until June 23, 2008.

## DISCUSSION

I. DAIRYLAND HAS NOT SHOWN CAUSE FOR THE ADMISSION OF TESTIMONY DESIGNATIONS IN LIEU OF LIVE TESTIMONY AT TRIAL

This Court should deny Dairyland's motion because at least six of the witnesses for whom it has attempted to designate testimony are presently identified to testify at trial as either will or may call witnesses, and Dairyland has not shown that any of the other nine witnesses whose testimony it seeks to designate are unavailable to testify at trial.

It is axiomatic that hearsay testimony is not substituted for live testimony when a witness is available for examination at trial. See, e.g., Kolb v. County of Suffolk, 109 F.R.D. 125, 127 (E.D.N.Y. 1985). As Federal courts have long recognized, live testimony is highly favored over out-of-court written testimony:

> In both civil and criminal cases, our common law heritage has always favored the presentation of live testimony over the presentation of hearsay testimony by the out-of-court-declarant. The jury's observation of the demeanor of the witness and the effectiveness of cross-examination in the discovery of the truth are the traditional reasons for the preference even though the out-of-court statement had been given under oath.

United States v. Mathis, 559 F.2d 294, 299 (5th Cir. 1977) (citations omitted); see also Young & Assoc. Pub. Relations, L.L.C. v. Delta Air Lines, Inc., 216 F.R.D. 521, 522 (D. Utah 2003) ("The deposition has always been, and still is, treated as a substitute, a second-best, not to be used when the original is at hand") (quoting from Judge Learned Hand in Napier v. Bossard, 102 F.2d 467, 469 (2d Cir. 1939)); Banks v. Yokemick, 144 F. Supp. 2d 272, 288 (S.D.N.Y. 2001) ("The general rule is that testimony at all trials must be live.... [D]eposition testimony is only a substitute, not to be resorted to if the witness can appear in person"). Live testimony is

necessary to provide the Court with an opportunity to evaluate the witnesses' demeanor during the discussion of events in which the witnesses were involved. See Mathis, 559 F.2d at 299. The reading of a deposition transcript does not serve as an adequate alternative to evaluation of the witness's testimony in person. American Steel Works v. Hurley Constr. Co., 46 F.R.D. 465, 470 (D. Minn. 1969); see also Griman v. Makousky, 76 F.3d 151, 153 (7th Cir. 1966) (recognizing "strong preference of Anglo-American courts for live testimony"); Kolb, 109 F.R.D. at 127 ("when depositions are submitted in place of live testimony, the trial judge is denied the opportunity to question the witness ... [c]learly, testimony by deposition is less desirable than oral testimony and should be used as a substitute only under very limited circumstances.").

The preference for live testimony is recognized in RCFC 32 itself, which provides that the Court may allow deposition testimony to be introduced unless it finds "it is not in the interest of justice, with due regard to the importance of presenting the testimony of witnesses orally in open court...." RCFC 32(a)(3)(E)(ii) (emphasis added). The inquiry on the admissibility of deposition and trial transcripts under RCFC 32 is further informed by the "long-established principle that testimony by deposition is less desirable than oral testimony and should ordinarily be used as a substitute only if the witness is not available to testify in person." 8A C. Wright, A. Miller, & R. Marcus, Federal Practice and Procedure § 2142, at 158 (2d ed. 1994) (discussing Fed. R. Civ. P. 32); see also Fed. R. Evid. 804(b)(1), Advisory Committee Notes (1972) ("[T]estimony given on the stand in person is preferred over hearsay," such as a witness's former testimony, and "tradition, founded in experience, uniformly favors production of the witness if

he is available" because the "opportunity to observe demeanor is what in a large measure confers depth and meaning upon oath and cross-examination.").

Pursuant to paragraph 15(b) of Appendix A of the Rules of this Court, in those instances where designated deposition or trial testimony may be appropriate, it is the movant's obligation to show cause for the use of such testimony, other than as provided by Fed. R. Evid. 801(d). RCFC, App. A, ¶ 15(b); see also Angelo v. Armstrong World Indus., Inc., 11 F.3d 957, 963 (10th Cir. 1993) (observing that proponent of using deposition testimony at trial bears burden of proving admissibility in lieu of live testimony under Fed. R. Civ. P. 32). Although paragraph 15(b) of Appendix A does not expressly require that a party show cause in a written motion regarding the admission of evidence pursuant to Fed. R. Evid. 801(d), this Court has a preference for live testimony and, even though Fed. R. Evid. 801(d) evidence may be presented at trial and supported orally, the party seeking to introduce duplicative, cumulative, and unnecessary evidence must properly support its request.

Finally, even if, as Dairyland represents, the Court in Globe Savings Bank, FSB v. United States, 61 Fed. Cl. 91 (2004), is correct, and deposition testimony satisfying the requirements of Fed. R. Evid. 801(d)(2) is admissible in cases where a witness is available to testify in person, the Court retains the discretion to preclude the wholesale introduction of designated testimony in order to avoid transforming the trial into a matter of document review.[4] See, e.g., Kolb, 109 F.R.D. at 127; RCFC 1. In this regard, a party's right to present its case in

[4] Unlike in Globe Savings Bank, FSB v. United States, 61 Fed. Cl. 91 (2004), where the Court admitted into evidence portions of a single individual's deposition testimony, Dairyland seeks the admission of prior deposition and trial testimony by 15 individuals, thereby raising the specter of "trial by deposition," a practice that is strongly disfavored in the Federal courts. Kolb, 109 F.R.D. at 127.

the manner that it desires "must be balanced against a court's leave to set reasonable limits on the admission of evidence." United States v. Blum, 62 F.3d 63, 67 (2d Cir. 1995) (citing Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986)). Judges are, of course, accorded wide latitude in excluding evidence that is repetitive or of only marginal relevance. Blum, 62 F.3d at 67 (citing Van Arsdall, 475 U.S. at 679); United States v. Holmes, 44 F.3d 1150, 1157 (2d Cir. 1995).

Dairyland asserts that its designations are proper because this case is one of approximately 60 spent nuclear fuel ("SNF") matters pending before the Court, these same witnesses have testified on multiple occasions in other SNF cases, and their testimony has been admitted previously as substantive evidence. Mot. at 3. While we appreciate Dairyland's concern for the burden that testifying in multiple trials presents, its representation is incorrect. John Arthur, Lake Barrett, Robert Burgoyne, Billy Cole, Kevin Klein, Susan Klein, Robert Rosselli, Nancy Slater-Thompson, and Victor Trebules have never testified at trial in any SNF case. Messrs. Brownstein and Milner have each testified only once at trial.[5] Dairyland has not met its burden to establish that any of these individuals are unavailable to provide live testimony at trial, or to show cause as to why their testimony should be admitted into the record through designation.

In accordance with preferred practice, the Court should require Dairyland to present its case through live testimony at trial, not to shirk this obligation by forcing the Court and the Government to engage in a cumbersome review of testimonial designations, at least some of

[5] Although some prior testimony of these individuals has previously been admitted through designations, the Court has done so over the Government's objections, which were founded upon many of the same grounds set forth in the appendix to this response.

which are duplicative of evidence available for presentation at trial. Dairyland's proffered designations deprive the Court of an opportunity to engage in credibility determinations by gauging witnesses' responses and preclude witnesses from explaining their prior testimony or responding to questions that the Court may have. In addition, because this Court possesses national jurisdiction and can summon witnesses to testify from throughout the United States, the Court should reject Dairyland's attempt to avoid presenting live testimony at trial.

## II. DAIRYLAND HAS NOT ESTABLISHED A PROPER BASIS FOR THE ADMISSION OF DESIGNATED TESTIMONY PURSUANT TO FED. R. EVID. 801(d)(2)

### A. Dairyland Has Not Established Any Basis Upon Which To Avoid Its Burden Of Showing The Admissibility Of Each Of Its Proposed Designations

Dairyland's motion should be further denied because Dairyland has not met its burden to establish that the testimonial designations it seeks to admit into the record of this case constitute admissions by the United States pursuant to Fed. R. Evid. 801(d)(2). In its motion, Dairyland broadly asserts that all of the testimony it proffered is admissible as "admissions by a party-opponent under Fed. R. Evid. 801(d)." Mot. at 1. However, not every statement by every individual employed or formerly employed by a party constitutes an admission by that party. See, e.g., Krause v. City of La Crosse, 246 F.3d 995, 1002 (7th Cir. 2001) ("Rule 801(d)(2)(D) does not cast such a wide net" as to "hold a city accountable for statements made by any city employee" (emphasis added)); Williams v. Pharmacia, Inc., 137 F.3d 944, 950 (7th Cir. 1998) ("The precise reach of Rule 801(d)(2)(D) is sometimes difficult to discern, as there has been considerable debate about the justification for classifying vicarious admissions as non-hearsay."). At the very minimum, the employee must have had significant involvement in or responsibility for the decision at issue for his statements on the subject to qualify as admissions.

Evans v. Port Auth. of N.Y. & N.J., 192 F. Supp. 2d 247, 263 (S.D.N.Y. 2002); see also Zaben v. Air Prods. & Chems., Inc., 129 F.3d 1453, 1456-57 (11th Cir. 1997) (finding that plaintiff could not testify to statements made by co-workers because co-workers did not have supervisory or decision-making authority); Tallarico v. Trans World Airlines, Inc., 881 F.2d 566, 572 (8th Cir. 1989) (affirming refusal to admit derogatory remarks of company employees as vicarious admissions where employees were non-managers without involvement in decision); Hill v. Speigel, Inc., 708 F.2d 233, 237 (6th Cir. 1983) ("The mere fact that each of these men was a 'manager' within the expansive Spiegel organization is clearly insufficient to establish that matters bearing upon [plaintiff's] discharge were within the scope of their employment.").

Rule 801(d)(2) provides, in pertinent part, that a statement constitutes an admission of a party opponent if "[t]he statement is offered against a party and is ... (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship[]...." Fed. R. Evid. 801(d)(2)(D). To qualify as an admission under Rule 801(d)(2), a party must establish that the testimony offered meets three requirements: (1) the statement is made by the party that offered it; (2) the statement concerns matters within the scope of the "agency or employment;" and (3) the statement was made during the existence of the relationship. Long Island Sav. Bank, FSB v. United States, 63 Fed. Cl. 157, 164-65 (2004); Aliotta v. National R.R. Passenger Corp., 315 F.3d 756, 761 (7th Cir. 2003); Globe, 61 Fed. Cl. at 97.

It is up to the proffering party to lay a proper foundation to show that an otherwise excludable statement relates to a matter within the scope of employment of the agent or servant

and constitutes an admission.[6] See, e.g., Sea-Land Serv., Inc. v. Lozen Int'l, LLC, 285 F.3d 808, 821 (9th Cir. 2002). When evaluating whether such a foundation has been established, "[t]he contents of the statement shall be considered but are not alone sufficient to establish ... the agency or employment relationship and scope thereof." Id. (quoting Fed. R. Evid. 801(d)(2)) (internal quotations omitted). Moreover, the burden of establishing the admissibility of specific testimony for designation and inclusion in the trial record rests with the movant. Evans, 192 F. Supp. at 263 n.121. The Court is the ultimate decision-maker regarding whether the movant has met the requirements for admissibility and whether the designations sought constitute admissions by the adverse party. See Long Island Sav., FSB Bank, 63 Fed. Cl. at 164; Globe, 61 Fed. Cl. at 97; Aliotta, 315 F.3d at 761.

Dairyland relies upon Globe for the proposition that a party need not show unavailability of a witness to designate his or her testimony for the record so long as the three requirements set forth above are satisfied. Mot. at 2. Yet, prior to admitting any designated testimony, the Court in Globe undertook an analysis of the proffered designations to ensure that they met the requirements of Fed. R. Evid. 801(d)(2)(D). Globe, 61 Fed. Cl. at 96-97. Specifically, the Court required the plaintiffs in that case to establish that the statements were made by the party against whom they were offered, the United States; the subject matter of the testimony designated matched the "subject matter of the employee's job description[]"; and the individuals for whom testimony was designated were employed by the Government at the time of their statements. Globe, 61 Fed. Cl. at 97. Dairyland has failed to make an equivalent showing.

---

[6] In addition, to the extent any of the 15 witnesses whose prior testimony Dairyland seeks to designate discuss exhibits in their designated testimony, Dairyland's designations conflict with its obligation to establish a proper foundation for the admission of the exhibits.

B. Dairyland Cannot Designate Testimony From Individuals Who Were Not Employees Of The Federal Government At The Time Of Their Testimony

Dairyland cannot seek to admit the testimony of Robert Burgoyne, Billy Cole, and Michael Lawrence pursuant to Fed. R. Evid. 801(d)(2), because they were not employed by the Government at the time of their deposition and trial testimony. To fall within the parameters of Fed. R. Evid. 801(d)(2)(D), the individual making the statement constituting the alleged admission must have been an employee or agent of the party opponent at the time he or she made the statement. See, e.g., Young v. James Green Mgt., Inc., 327 F.3d 616, 622-23 (7th Cir. 2003) (statements made by former employees of party, who were not employed by party at time of statement, cannot be party admissions under Fed. R. Evid. 801(d)(2)(D)); Shapiro, Lifschitz, & Schram, P.C. v. Hazard, 90 F. Supp. 2d 15, 18 n.3 (D.D.C. 2000). When Mr. Burgoyne was deposed in 2004, he was an employee of Booz Allen Hamilton, a Government contractor. Given that Mr. Burgoyne was an employee of a Government contractor – and thus was not a Government employee – at the time of his testimony, Dairyland cannot seek to admit his testimony pursuant to Fed. R. Evid. 801(d)(2). In addition, Mr. Cole was retired from the workforce when he testified in 2002. Before Mr. Cole's retirement, he was an employee of a Government contractor. Like Mr. Burgoyne, Mr. Cole was not a Government employee at the time he testified, and, therefore, Dairyland cannot seek to admit his testimony pursuant to Fed. R. Evid. 801(d)(2). Mr. Lawrence also was not an employee of the Government when he testified in 2002 because he was employed by Battelle – a Government contractor – at the time of his deposition. Accordingly, Dairyland cannot seek to admit Mr. Lawrence's testimony pursuant to Fed. R. Evid. 801(d)(2).

### C. Dairyland Has Not Identified A Foundation For Finding That The Remaining Witness Testimony Falls Within Fed. R. Evid. 801(d)(2)(D)

With respect to the remaining 12 individuals who were Government employees at the time of their deposition or trial testimony, Dairyland's motion and designations are devoid of sufficient detail to establish that all of the proffered testimony was provided within the scope of these individuals' employment. For instance, Dairyland attempts to designate the testimony of Lake Barrett regarding the development of the 3,000 Metric Tons Uranium design rate for the Department of Energy's planned SNF repository. However, as Mr. Barrett explained during his deposition, this rate was developed before he ever joined the repository program. See Barrett Apr. 22, 2002 Dep. Tr., 149:5-12. As a result, Mr. Barrett's testimony concerning this subject lacks adequate foundation, and it cannot meet the admissibility test under Fed. R. Evid. 801(d) as an admission against the United States.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court deny Dairyland's motion. To the extent the Court deems any of Dairyland's testimony designations to constitute admissions by the United States and/or otherwise admissible in lieu of live testimony, we ask the Court to consider and rule upon our objections to this testimony – as identified in the deposition and trial testimony and in the appendix attached hereto – prior to admitting it into evidence. Notwithstanding this Court's trial preparation order dated February 21, 2008, we further ask the Court to require the parties to read the designated testimony – including the Government's counter-designations, which will be filed on or before June 23, 2008 – into the trial record and that the time devoted to that effort be included in the parties' respective trial time.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/Russell A. Shultis by s/Anthony W. Moses
RUSSELL A. SHULTIS
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7571
Fax: (202) 307-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

ALAN J. LO RE
Senior Trial Counsel

PATRICK B. BRYAN
JOSHUA E. GARDNER
ANTHONY W. MOSES
SONIA M. ORFIELD
SCOTT SLATER
Trial Attorneys
Commercial Litigation Branch
Civil Division
U.S. Department of Justice

June 6, 2008

# APPENDIX

# Index to the Appendix

ATTACHMENT A:

Defendant's Objections To Plaintiff's Deposition Testimony Designations[1] . . . . . . . . . . . 2

ATTACHMENT B:

Notices of Deposition Pursuant to RCFC 30(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

| | | |
|---|---|---|
| SUSAN KLEIN | April 24, 2002. . . . . . . . . . . . . . . . . . . . . . . . . . . . . | Tab 1 |
| CHRISTOPHER KOUTS | May 1, 2007. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | Tab 2 |
| THOMAS POLLOG | April 12, 2002. . . . . . . . . . . . . . . . . . . . . . . . . . . . . | Tab 3 |
| THOMAS POLLOG | May 4, 2007. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | Tab 4 |
| DAVID ZABRANSKY | April 19, 2007. . . . . . . . . . . . . . . . . . . . . . . . . . . . . | Tab 5 |


[1] In addition to the deposition testimony designations, Dairyland designated specific portions of transcripts from other SNF trials. The designated portions of the trial transcripts are identified in the appendices attached to Dairyland's notice of deposition and trial testimony designations or, alternatively, motion for leave to admit prior testimony into evidence. The Government preserves and reasserts any and all of its objections recorded in the designated portions of the trial transcripts. To the extent any of the witnesses for whom Dairyland designated trial testimony testify live at trial in this case, the Government reserves the right to object, when necessary, to questions posed to the witnesses by Dairyland.

ATTACHMENT A

DEFENDANT'S OBJECTIONS TO PLAINTIFF'S DESIGNATIONS

DEFENDANT'S OBJECTIONS TO PLAINTIFF'S DESIGNATIONS

## GUIDE TO OBJECTIONS

| **OBJECTION** | **MEANING** |
|---|---|
| FOUNDATION | QUESTION SEEKS TESTIMONY THAT IS OUTSIDE OF WITNESS'S PERSONAL EXPERIENCE OR OUTSIDE THE SCOPE OF EMPLOYMENT, OR THE WITNESS'S PERSONAL EXPERIENCE HAS NOT BEEN ESTABLISHED |
| LEGAL CONCLUSION | QUESTION CALLS FOR LEGAL CONCLUSION |
| SPECULATION | QUESTION SEEKS INFORMATION EITHER NOT BASED UPON THE WITNESS'S KNOWLEDGE OR EXPERIENCE OR CONCERNS A HYPOTHETICAL |
| BEST EVIDENCE | TESTIMONY CONTAINS EXCERPTS FROM A DOCUMENT OR DISCUSSES A DOCUMENT, THE BEST EVIDENCE OF WHICH IS THE DOCUMENT ITSELF (WHICH MAY NOT BE IN EVIDENCE OR IDENTIFIED AS A TRIAL EXHIBIT) |
| VAGUE | MEANING OF TERMS WITHIN THE QUESTION ARE UNCLEAR |
| RELEVANCE | TESTIMONY IS NOT RELEVANT TO THE ISSUES TO BE DECIDED BY THE COURT |
| HEARSAY | TESTIMONY CONTAINS STATEMENTS MADE BY OTHERS |

**JOHN ARTHUR**

Objections:

| Testimony | Objections |
|---|---|
| **September 22, 2005 Deposition** | |
| 116:8-118:11 | Vague, mischaracterizes prior testimony, hearsay, best evidence |
| 118:12-120:19 | Vague, foundation, speculation, hearsay, best evidence |
| 136:5-137:6 | Vague, mischaracterizes the document, best evidence, relevance |
| 194:6-194:20 | Foundation, hearsay, best evidence, relevance |
| 196:3-197:17 | Foundation, hearsay, best evidence |

**LAKE BARRETT**

Objections:

| **Testimony** | **Objections** |
|---|---|
| **April 22, 2002 Deposition** | |
| 50:1-59:11 | Foundation, vague, legal conclusion, best evidence, mischaracterizes prior testimony, speculation |
| 74:2-74:15 | Foundation, speculation, vague |
| 84:2-93:8 | Foundation, speculation, vague, mischaracterizes prior testimony |
| 116:14-122:6 | Foundation, legal conclusion, best evidence, vague, speculation, mischaracterizes prior testimony |
| 149:5-149:21 | Foundation, best evidence, speculation, vague |
| 159:16-160:19 | Foundation, legal conclusion |
| 196:22-198:10 | Foundation, best evidence, vague (as to "studies"), speculation |
| **April 23, 2002 Deposition** | |
| 337:10-350:11 | Foundation, best evidence, vague, speculation, relevance |
| 414:14-415:9 | Foundation, best evidence, legal conclusion, speculation |
| 425:12-427:13 | Foundation, best evidence |
| **April 26, 2002 Deposition** | |
| 706:19-707:15 | Mischaracterizes prior testimony |
| 761:19-763:12 | Mischaracterizes prior testimony, vague, speculation |
| 763:13-764:3 | Relevance |
| 793:20-796:3 | Foundation, best evidence, legal conclusion, speculation, vague |
| **May 08, 2002 Deposition** | |
| 900:6-900:10 | Vague (as to "systems"), speculation |
| 945:13-953:7 | Foundation, legal conclusion, vague, best evidence, mischaracterizes prior testimony |

| | |
|---|---|
| 962:13-964:7 | Foundation, legal conclusion, speculation, best evidence |
| 1050:1-1050:9 | Legal conclusion, foundation |
| **May 10, 2002 Deposition** | |
| 1163:10-1166:7 | Foundation, best evidence, legal conclusion, vague (as to "mission"), completeness (question and answer begin at 1162:12) |
| 1284:19-1286:7 | Foundation, best evidence |
| 1301:21-1307:17 | Foundation, best evidence, relevance, speculation |
| 1331:21-1334:16 | Foundation, best evidence, vague |
| 1346:19-1347:13 | Foundation, speculation, vague, best evidence |
| 1369:4-1371:21 | Foundation, best evidence, speculation, vague |
| **May 14, 2002 Deposition** | |
| 64:6-65:24 | Legal conclusion, vague, speculation |
| 71:3-72:18 | Foundation, speculation |
| 90:16-91:8 | Vague, speculation |
| 120:22-121:10 | Foundation, vague |
| 174:7-177:19 | Speculation, vague |
| 178:3-178:12 | Legal conclusion, vague |
| **May 15, 2002 Deposition** | |
| 339:13-340:6 | Vague |
| 363:19-363:24 | Speculation |
| 364:20-365:11 | Speculation |
| 394:11-395:17 | Foundation, speculation, vague (as to "expectation") |

**ALAN BROWNSTEIN**

Objections:

| **Testimony** | **Objections** |
|---|---|
| **April 09, 2002 Deposition** | |
| 37:3-37:9 | Mischaracterizes prior testimony, vague |
| 40:7-41:23 | Vague (as to "other documents") |
| 79:22-80:14 | Foundation, vague, speculation |
| 98:17-100:17 | Best evidence, legal conclusion, speculation, foundation |
| 136:7-136:25 | Foundation, best evidence, legal conclusion, completeness (answer continues to 137:6) |
| **April 10, 2002 Deposition** | |
| 275:25-277:9 | Foundation, vague (as to "linkages"), best evidence, legal conclusion, speculation |
| 282:5-283:15 | Foundation, best evidence |
| 299:15-299:20 | Foundation, legal conclusion, vague (as to "whether question was about ACR or APR- see 299:21-24") |
| 329:14-330:12 | Legal conclusion, best evidence |
| 343:17-344:8 | Speculation, foundation |
| 376:22-378:5 | Legal conclusion, foundation |
| 405:16-405:20 | Foundation, legal conclusion |
| 412:16-412:21 | Foundation, speculation |
| 420:23-421:24 | Best evidence |
| 424:1-425:3 | Best evidence, speculation, foundation |
| 439:4-443:19 | Foundation, best evidence, speculation, vague |
| 452:9-453:7 | Best evidence |
| 455:24-457:14 | Speculation |
| 459:17-460:12 | Best evidence |

| | |
|---|---|
| 460:13-463:3 | Best evidence, mischaracterizes prior testimony, foundation, relevance |
| **April 11, 2002 Deposition** | |
| 630:9-631:17 | Best evidence, foundation, vague, speculation |
| **May 23, 2002 Deposition** | |
| 104:18-107:13 | Foundation, vague |
| 216:10-220:20 | Foundation, vague, speculation, completeness, best evidence, mischaracterizes prior testimony |

**ROBERT BURGOYNE**

Objections:

| **Testimony** | **Objections** |
|---|---|
| **July 8, 2004 Deposition** | |
| 119:12-120:6 | Foundation, speculation, completeness |
| 132:16-133:22 | Foundation, speculation, vague, mischaracterizes prior testimony |
| 137:8-138:10 | Foundation, speculation, best evidence, legal conclusion |

**BILLY COLE**

Objections:

| Testimony | Objections |
|---|---|
| **March 12, 2002 Deposition** | |
| 33:10-362:4 | Relevance, foundation |
| 34:4-36:24 | Relevance, foundation |
| 74:23-75:14 | Foundation, vague, completeness |
| 78:11-81:13 | Foundation, relevance, best evidence |
| 103:11-104:12 | Foundation, completeness (answer concludes at 112:18) |
| 129:5-132:1 | Foundation, best evidence, vague, completeness |
| 162:14-163:16 | Foundation, hearsay |
| 171:9-176:8 | Legal conclusion, foundation, best evidence, vague, relevance |
| 201:4-203:5 | Foundation, hearsay |
| **March 13, 2002 Deposition** | |
| 354:18-355:13 | Hearsay |
| **June 04, 2002 Deposition** | |
| 199:5-200:11 | Foundation, legal conclusion, vague |

**KEITH KLEIN**

Objections:

| Testimony | Objections |
|---|---|
| **May 22, 2002 Deposition** | |
| 54:23-57:10 | Legal conclusion, foundation |
| 61:10-61:20 | Speculation |
| 73:6-74:9 | Speculation (as to "guess"), foundation |
| 79:8-80:16 | Vague (79:8-11), legal conclusion, relevance, foundation |
| 85:21-87:2 | Speculation, legal conclusion, foundation |
| 136:21-137:18 | Best evidence, legal conclusion, foundation |
| 138:23-139:11 | Foundation |

**SUSAN KLEIN**

Objections:

| Testimony | Objections |
|---|---|
| **April 24, 2002 Deposition** | |
| 61:20-62:14 | Beyond the scope of RCFC 30(b)(6) notice[2] |
| 84:16-85:1 | Beyond the scope of RCFC 30(b)(6) notice, vague |
| 146:22-147:15 | Beyond the scope of RCFC 30(b)(6) notice |
| 147:18-148:5 | Beyond the scope of RCFC 30(b)(6) notice, vague |
| 149:1-150:21 | Legal conclusion, speculation |
| 172:7-172:14 | Beyond the scope of RCFC 30(b)(6) notice, legal conclusion |
| 239:13-239:16 | Relevance |
| 246:14-247:4 | Relevance, vague |
| 247:18-248:5 | Vague, relevance |
| 252:19-253:5 | Beyond the scope of RCFC 30(b)(6) notice, best evidence |
| **April 25, 2002 Deposition** | |
| 283:16-284:6 | Relevance |
| 285:2-286:10 | Relevance, best evidence |
| 351:6-352:21 | Beyond the scope of RCFC 30(b)(6) notice |
| 354:1-354:16 | Beyond the scope of RCFC 30(b)(6) notice |
| 388:11-389:12 | Beyond the scope of RCFC 30(b)(6) notice, legal conclusion |
| 516:13-516:17 | Speculation |
| 524:17-525:8 | Beyond the scope of RCFC 30(b)(6) notice, speculation |
| 528:2-528:7 | Speculation |

[2] Exhibit 1 to Ms. Klein's April 24, 2002 deposition identifies the topics upon which she was designated to testify as the Government's RCFC 30(b)(6) witness. Appendix at Attachment B.

**CHRISTOPHER KOUTS**

Objections:

| **Testimony** | **Objections** |
| --- | --- |
| **October 11, 2006 Deposition** | |
| 63:7-64:21 | Vague (63:22-64:2), best evidence, foundation, |
| **May 1, 2007 Deposition** | |
| 42:4-43:1 | Vague |
| 73:11-73:22 | Legal conclusion |
| 190:5-191:6 | Vague (as to "day 1") |
| 190:22-191:6 | Vague (as to "planning") |
| 192:11-193:1 | Vague (as to "subsequently") |
| 200:17-200:21 | Mischaracterizes testimony |
| 206:18-209:11 | Best evidence |
| 223:6-224:4 | Relevance |
| 244:16-245:1 | Relevance, incomplete (counsel's objection at 245:2-9) |
| 245:19-247:1 | Relevance |
| 247:9-248:20 | Relevance |
| 255:4-256:16 | Relevance, beyond the scope of RCFC 30(b)(6) notice[3] (256:10-18), foundation, speculation |
| 261:13-262:15 | Relevance, foundation, speculation |
| **May 2, 2007 Deposition** | |
| 383:11-383:17 | Hearsay, best evidence |
| 384:7-390:3 | Incomplete (counsel's objection at 383:18-384:6), vague (384:13), mischaracterizes testimony (385:11-13), speculation (386:4-7, foundation (386:20-22), mischaracterizes the testimony (387:17-19), vague, speculation (388:7-10) |

[3] Exhibit 11 to Mr. Kouts May 1, 2007 deposition identifies the topics upon which he was designated to testify as the Government's RCFC 30(b)(6) witness. Appendix at Attachment B.

**MICHAEL LAWRENCE**

Objections:

| Testimony | Objections |
|---|---|
| **May 20, 2002 Deposition** | |
| 142:17-143:9 | Foundation, best evidence, vague (as to "intent") |
| 149:3-149:9 | Foundation, vague (as to "intent"), legal conclusion |
| 201:22-202:20 | Best evidence, foundation, vague (as to "plan") |

**RONALD MILNER**

Objections:

| Testimony | Objections |
|---|---|
| **May 1, 2002 Deposition** | |
| 73:10-73:22 | Foundation, vague, legal conclusion, best evidence |
| 83:15-85:14 | Best evidence, vague (84:11-14) |
| 114:19-117:23 | Foundation, best evidence |
| **May 2, 2002 Deposition** | |
| 217:8-217:22 | Legal conclusion, foundation |
| 245:19-249:2 | Best evidence, vague (as to "that" at 246:7-11), relevance (247:12-14) |
| 330:19-335:11 | Best evidence |
| 372:24-375:10 | Best evidence |
| 389:8-391:19 | Best evidence |
| 393:5-394:19 | Legal conclusion, best evidence |
| 398:1-402:4 | Best evidence |
| **May 3, 2002 Deposition** | |
| 418:18-418:25 | Relevance, vague, foundation, best evidence |
| 419:1-419:24 | Foundation |
| 447:2-448:1 | Relevance, speculation |
| 448:9-448:15 | Relevance, speculation |
| 524:23-525:24 | Relevance, speculation, best evidence, foundation |
| 575:21-578:2 | Legal conclusion, best evidence, foundation, speculation |
| **May 7, 2002 Deposition** | |
| 17:5-25:21 | Relevance, best evidence, foundation, speculation, legal conclusion |
| 28:11-32:11 | Relevance, best evidence, legal conclusion, speculation, vague |
| 37:9-37:22 | Legal conclusion, foundation |

| | |
|---|---|
| 40:5-40:11 | Relevance, foundation |
| **(Coordinated Discovery)** | |
| 626:13-628:21 | Best evidence, speculation |
| **May 08, 2002 Deposition** | |
| 155:4-156:1 | Relevance, best evidence, legal conclusion, speculation |
| 266:23-267:4 | Vague |
| 268:10-270:11 | Relevance, legal conclusion, speculation |
| 273:5-274:1 | Relevance, speculation, legal conclusion |
| 275:4-276:9 | Relevance, speculation, legal conclusion |

**THOMAS POLLOG**

Objections:

| **Testimony** | **Objections** |
|---|---|
| **April 11, 2002 Deposition** | |
| 94:20-98:13 | Vague, best evidence, speculation, relevance, hearsay mischaracterizes prior testimony |
| **April 12, 2002 Deposition** | |
| 43:13-43:22 | Vague |
| 44:24-45:3 | Vague, completeness |
| 45:7-45:14 | Relevance, vague, completeness |
| 60:20-62:8 | Best evidence |
| 62:17-63:13 | Best evidence |
| 136:8-136:24 | Best evidence, legal conclusion, speculation |
| 142:14-145:16 | Foundation, beyond the scope of RCFC 30(b)(6) deposition notice[4], speculation |
| **May 15, 2002 Deposition** | |
| 161:2-161:13 | Mischaracterizes prior testimony, completeness (answer continues on 163:15-167:9) |
| **May 16, 2002 Deposition** | |
| 277:9-277:16 | Legal conclusion, foundation, vague, speculation |
| 293:3-294:23 | Legal conclusion, relevance |
| 309:10-309:25 | Foundation, speculation |
| 390:13-390:25 | Speculation |
| **May 22, 2002 Deposition** | |
| 667:1-668:24 | Vague, speculation |

[4] Exhibit 1 to Mr. Pollog's April 12, 2002 deposition identifies the topics upon which he was designated to testify as the Government's RCFC 30(b)(6) witness. Appendix at Attachment B.

| | |
|---|---|
| **October 12, 2006 Deposition** | |
| 11:22-13:18 | Relevance, best evidence |
| 22:2-22:7 | Relevance, best evidence |
| **May 04, 2007 Deposition** | |
| 22:1-22:12 | Vague, foundation (22:9-10) |
| 22:20-26:21 | Vague |
| 45:1-45:15 | Best evidence |
| 49:3-49:21 | Vague, legal conclusion, best evidence |
| 52:9-14 | Vague |
| 56:14-59:9 | Legal conclusion, best evidence |
| 66:13-66:17 | Relevance, best evidence |
| 69:16-71:3 | Hearsay, best evidence, foundation, mischaracterizes prior testimony (70:6-11) |
| 93:18-94:5 | Best evidence |
| 119:5-126:16 | Vague, (as to "tied" in ln. 120:11-14), best evidence |
| 131:9-132:6 | Legal conclusion |
| 132:21-135:20 | Legal conclusion, relevance (132:21-133:2), relevance (133:19-21), foundation (135:4-20) |
| 174:15-175:17 | Legal conclusion |
| 186:2-187:8 | Best evidence |
| 188:6-192:14 | Best evidence, legal conclusion |
| 211:3-212:5 | Beyond the scope of RCFC 30(b)(6) notice[5] |

[5] Exhibit 3 to Mr. Pollog's May 4, 2007 deposition identifies the topics upon which he was designated to testify as the Government's RCFC 30(b)(6) witness. Appendix at Attachment B.

**ROBERT ROSSELLI**

Objections:

| **Testimony** | **Objections** |
|---|---|
| **April 15, 2002 Deposition** | |
| 11:12-11:19 | Not a proper designation, encompassed by another designation |
| 17:11-17:20 | Not a proper designation, encompassed by another designation |
| 136:24-140:10 | Legal conclusion, best evidence, speculation |
| 140:11-141:18 | Legal conclusion, best evidence, speculation |
| 142:16-144:15 | Legal conclusion, best evidence, speculation |
| 148:3-148:17 | Legal conclusion, best evidence, speculation |
| 148:21-149:17 | Legal conclusion, best evidence, speculation |
| 154:23-154:19 | Not a proper designation, no testimony designated |
| 157:1-158:10 | Foundation, legal conclusion, best evidence |
| 166:23-169:2 | Foundation, speculation, best evidence |
| 176:5-181:2 | Foundation, best evidence |

**NANCY SLATER (THOMPSON)**

Objections:

| | |
|---|---|
| **April 22, 1999 Deposition** | |
| 289:20-289:23 | Foundation, speculation |
| **June 13, 2002 Deposition** | |
| 94:16-101:10 | Foundation, legal conclusion, best evidence, completeness (answer ends at 101:44) |
| 109:3-110:13 | Foundation, legal conclusion |
| 125:9-125:17 | Foundation, vague |
| 159:7-160:2 | Legal conclusion |

**VICTOR TREBULES**

<u>Objections</u>:

| Testimony | Objections |
|---|---|
| **April 17, 2002 Deposition** | |
| 52:11-54:4 | Legal conclusion, best evidence, speculation, foundation |
| 59:18-60:14 | Legal conclusion, best evidence |
| 97:1-103:22 | Foundation, best evidence |
| 122:10-124:18 | Best evidence |
| 180:7-180:22 | Relevance, best evidence |
| **April 18, 2002 Deposition** | |
| **(Coordinated Discovery)** | |
| 272:10-274:14 | Best evidence |
| 273:12-276:12 | Foundation, best evidence, mischaracterizes prior testimony |
| **April 18, 2002 Deposition** | |
| **(Yankee Atomic)** | |
| 19:17-20:16 | Foundation, legal conclusion, completeness (question begins at 18:22) |
| **April 19, 2002 Deposition** | |
| 4:22-5:14 | Vague (as to term“economically efficient”) |

**DAVID ZABRANSKY**

Objections:

| Testimony | Objections |
|---|---|
| **April 17, 2002 Deposition** | |
| 101:11-105:14 | Best evidence |
| 150:4-150:21 | Foundation, relevance, best evidence |
| 163:1-164:10 | Best evidence |
| **April 18, 2002 Deposition** | |
| 343:2-351:1 | Best evidence, legal conclusion |
| 352:8-353:20 | Legal conclusion, Vague |
| 358:11-359:10 | Foundation |
| 359:11-360:20 | Legal conclusion |
| 454:16-455:8 | Best evidence, legal conclusion |
| **April 19, 2002 Deposition** | |
| 632:1-632:5 | Legal conclusion, best evidence |
| **June 06, 2002 Deposition** | |
| 246:5-247:25 | Relevance, legal conclusion, speculation |
| **May 03, 2007 Deposition** | |
| 38:6-39:8 | Foundation, speculation, vague |
| 46:15-47:8 | Foundation, speculation, vague |
| 50:2-50:15 | Foundation, speculation, vague |
| 53:15-54:5 | Foundation, speculation, vague |
| 54:16-55:5 | Foundation, speculation, legal conclusion, vague |
| 56:1-56:9 | Foundation, speculation |
| 57:15-57:19 | Foundation, speculation |
| 76:7-79:22 | Legal conclusion |

| | |
|---|---|
| 88:15-90:22 | Legal conclusion, best evidence, beyond the scope of RCFC 30(b)(6) designation[6] |
| 101:8-102:20 | Legal conclusion, mischaracterizes prior testimony |
| 108:7-109:3 | Legal conclusion |
| 116:12-116:21 | Legal conclusion |
| 117:17-118:19 | Legal conclusion, best evidence, speculation |
| 126:21-127:11 | Relevance |
| 144:18-145:13 | Legal conclusion |
| 164:6-164:12 | Foundation, speculation, beyond the scope of RCFC 30(b)(6) designation |
| 165:4-165:21 | Foundation, speculation, beyond the scope of RCFC 30(b)(6) designation |
| 166:20-167:14 | Foundation, speculation, beyond the scope of RCFC 30(b)(6) designation |
| 170:12-171:3 | Mischaracterizes prior testimony, beyond the scope of RCFC 30(b)(6) designation |
| 174:17-175:13 | Foundation, speculation, beyond the scope of RCFC 30(b)(6) designation |
| 177:19-178:3 | Foundation, speculation, beyond the scope of RCFC 30(b)(6) designation |

[6] Mr. Zabransky's April 19, 2007 notice of deposition identifies the topics upon which he was designated to testify as the Government's RCFC 30(b)(6) witness. Appendix at Attachment B.

# ATTACHMENT B

## NOTICES OF DEPOSITION PURSUANT TO RCFC 30(b)(6)

SUSAN KLEIN

TAB 1

EXHIBIT
KLEIN #1
DV 4-24-02

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

YANKEE ATOMIC ELECTRIC COMPANY
(98-126C) (Merow, S.J.)
CONNECTICUT YANKEE ATOMIC POWER COMPANY
(98-154C) (Merow, S.J.)
MAINE YANKEE ATOMIC POWER COMPANY
(98-474C) (Merow, S.J.)
FLORIDA POWER & LIGHT COMPANY
(98-483C) (Wilson, J.)
NORTHERN STATES POWER COMPANY
(98-484C) (Wiese, J.)
DUKE POWER, A Division of DUKE ENERGY CORP.
(98-485C) (Sypolt, J.)
INDIANA MICHIGAN POWER COMPANY
(98-486C) (Hodges, J.)
SACRAMENTO MUNICIPAL UTILITY DISTRICT
(98-488C) (Yock, S.J.)
SOUTHERN NUCLEAR OPERATING COMPANY, et al.
(98-614C) (Merow, S.J.)
COMMONWEALTH EDISON COMPANY
(98-621C) (Hewitt, J.)
BOSTON EDISON COMPANY
(99-447C) (Allegra, J.)
GPU NUCLEAR, INCORPORATED
(00-440C) (Bush, J.)
WISCONSIN ELECTRIC POWER COMPANY
(00-697C) (Merow, S.J.)
POWER AUTHORITY OF THE STATE OF NEW YORK
(00-703C) (Damich, J.)
OMAHA PUBLIC POWER DISTRICT
(01-115C) (Bush, J.)
NEBRASKA PUBLIC POWER DISTRICT
(01-116C) (Sypolt, J.)
TENNESSEE VALLEY AUTHORITY
(01-249C) (Bruggink, J.)

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

Discovery Judge:
(Judge Sypolt)

**NOTICE OF DEPOSITION**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Rules of the Court of Federal Claims and the Order of the Discovery Judge dated March 25, 2002, counsel for the above-referenced Utility Plaintiffs will take the deposition of Defendant's designated representative at 9:30 a.m. on Wednesday, April 24, 2002, at the law offices of Jenner & Block, 601 Thirteenth St., NW, Suite 1200 South, Washington, DC 20005. The deposition will be recorded by stenographic means and will continue day to day until completed.

Defendant's designated representative will be examined with respect to the matters set forth in the attached exhibit.

Dated: April 18, 2002

Respectfully submitted,

Alex D. Tomaszczuk by Daniel Herzfeld

Alex D. Tomaszczuk
SHAW PITTMAN LLP
1650 Tysons Boulevard
McLean, VA 22102-4859
Telephone: 703.770.7940
Fax: 703.770.7901

Counsel of Record for Plaintiffs
Florida Power & Light Company, Northern States Power Company, Duke Power, Indiana Michigan Power Company, Boston Edison Company, GPU Nuclear, Inc., Power Authority of the State of New York, Omaha Public Power District, and Nebraska Public Power District

**OF COUNSEL:**
Jay E. Silberg
Devon E. Hewitt
Daniel S. Herzfeld
Jack Y. Chu
SHAW PITTMAN LLP
2300 N Street, N.W.
Washington, DC 20037-1128

M. Stanford Blanton
Balch & Bingham, LLP
1710 Sixth Avenue North
Birmingham, AL 35203
Tel: (205) 251-8100
Counsel of Record for Plaintiff:
Southern Nuclear Operating Company, et al.

Richard C. Johnson
Jenner & Block
601 13th Street, N.W.
Suite 1200 South
Washington, D.C. 20005
Tel: (202) 639-6075
Counsel of Record for Plaintiff:
Commonwealth Edison Company

Richard W. Oehler
Perkins Coie LLP
1201 Third Avenue, 40th Floor
Seattle, WA 98101-3099
Tel: (206) 583-8419
Counsel of Record for Plaintiff:
Wisconsin Electric Power Company

Melvin C. Garbow
Arnold & Porter
555 12th Street, N.W.
Washington, D.C. 20004-1206
Tel: (202) 942-5666
Counsel of Record for Plaintiff:
Sacramento Municipal Utility District

Peter Shea by [signature]
Peter K. Shea
Office of General Counsel
Tennessee Valley Authority
400 West Summit Hill Drive
Knoxville, TN 37902-1401
Tel: (865) 632-7319
Counsel of Record for Plaintiff:
Tennessee Valley Authority

**EXHIBIT**

3. DOE's responses to DCS forms submitted by the utility plaintiffs, including DOE's decision to stop approving such DCS forms.

5. DOE's consideration of its obligation to accept Greater-Than-Class-C waste.

7. The date that DOE currently believes that it will begin accepting fuel under the Standard Contract and the acceptance rate that DOE is planning to use once acceptance begins.

9. The role and purpose of the provision on priority for shutdown reactors in the performance of the Standard Contract.

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of April 2002, I caused a copy of the foregoing NOTICE OF DEPOSITION to be served by facsimile and by U.S. mail, postage prepaid, on:

Harold D. Lester, Jr.
Assistant Director
Commercial Litigation Branch
Civil Division
United States Department of Justice
Washington, D.C. 20530

Attention: Classification Unit
8th Floor, 1100 L Street, N.W.

Document #: 1180086 v.2

CHRISTOPHER KOUTS

TAB 2

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DAIRYLAND POWER COOPERATIVE,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | ) | No. 04-106C<br>(Chief Judge Damich) |

NOTICE OF DEPOSITION

Please take notice that, pursuant to Rules 30(a)(1) and 30(b)(6) of the Rules of the Court of Federal Claims, plaintiff Dairyland Power Cooperative will take the deposition of Christopher Kouts upon oral examination before an officer authorized by law to administer oaths, commencing May 1, 2007, at Greenberg Traurig, LLP, 800 Connecticut Avenue, NW, Suite 500, Washington, DC 20006, commencing at 9:00 a.m., or at a time and place agreed upon between counsel for the parties, and continuing from day to day until completed.

Pursuant to RCFC 30(b)(6), defendant United States has designated Mr. Kouts to testify upon its behalf as to the following subjects:

1. The rate(s) of acceptance that DOE planned to use under the Standard Contracts (a) before DOE determined that it would not begin accepting spent fuel in a permanent repository in 1998, and (b) after that time.

2. A reasonable annual rate of acceptance for spent fuel under the Standard Contracts, and the factors to consider in determining a reasonable rate.

3. The earliest date that DOE currently believes that it will begin accepting spent fuel under the Standard Contracts.

DC 371419420v1 4/19/2007

Δ π EXHIBIT 11
Deponent Kouts
Date 5-1-07 Rptr. VR
WWW.DEPOBOOK.COM

4. The acceptance rate that DOE is planning to use once spent fuel acceptance begins pursuant to the Standard Contracts.

5. The date on which DOE currently plans to complete picking up spent fuel from Dairyland's site.

6. The reasonableness or unreasonableness of Dairyland's expenditures on private fuel storage initiatives.

7. The reasonableness or unreasonableness of Dairyland's storage of its spent fuel in its spent fuel pool during the period subsequent to January 31, 1998.

8. The reasonableness or unreasonableness of Dairyland's study, analysis investigation and implementation of dry storage for its spent fuel during the period subsequent to January 31, 1998.

April 19, 2007

Respectfully submitted,

JERRY STOUCK
Greenberg Traurig, LLP
800 Connecticut Avenue, NW
Suite 500
Washington, DC 20006
(202) 331-3173 (Telephone)
(202) 261-4751 (Facsimile)
*Counsel for Plaintiff*
DAIRYLAND POWER COOPERATIVE

Of Counsel:
Robert L. Shapiro
Kevin E. Stern
GREENBERG TRAURIG, LLP

CERTIFICATE OF SERVICE

I certify that I caused a copy of the foregoing Notice of Deposition be served by facsimile and first class mail this 19th day of April 2007 on:

Russell A. Shultis
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Classification Unit, Eighth Floor
1100 L Street, N.W.
Washington, D.C. 20530

Kevin E. Stern

THOMAS POLLOG

TAB 3

AC 5.2.1

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

YANKEE ATOMIC ELECTRIC COMPANY (98-126C) (Merow, S.J.)
CONNECTICUT YANKEE ATOMIC POWER COMPANY (98-154C) (Merow, S.J.)
MAINE YANKEE ATOMIC POWER COMPANY (98-474C) (Merow, S.J.)
FLORIDA POWER & LIGHT COMPANY (98-483C) (Wilson, J.)
NORTHERN STATES POWER COMPANY (98-484C) (Wiese, J.)
DUKE POWER, A Division of DUKE ENERGY CORP. (98-485C) (Sypolt, J.)
INDIANA MICHIGAN POWER COMPANY (98-486C) (Hodges, J.)
SACRAMENTO MUNICIPAL UTILITY DISTRICT (98-488C) (Yock, S.J.)
SOUTHERN NUCLEAR OPERATING COMPANY, et al. (98-614C) (Merow, S.J.)
COMMONWEALTH EDISON COMPANY (98-621C) (Hewitt, J.)
BOSTON EDISON COMPANY (99-447C) (Allegra, J.)
GPU NUCLEAR, INCORPORATED (00-440C) (Bush, J.)
WISCONSIN ELECTRIC POWER COMPANY (00-697C) (Merow, S.J.)
POWER AUTHORITY OF THE STATE OF NEW YORK (00-703C) (Damich, J.)
OMAHA PUBLIC POWER DISTRICT (01-115C) (Bush, J.)
NEBRASKA PUBLIC POWER DISTRICT (01-116C) (Sypolt, J.)
TENNESSEE VALLEY AUTHORITY (01-249C) (Bruggink, J.)

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

Discovery Judge: (Judge Sypolt)

**NOTICE OF DEPOSITION**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Rules of the Court of Federal Claims and the Order of the Discovery Judge dated March 25, 2002, counsel for the above-referenced Utility Plaintiffs will take the deposition of Defendant's designated representative at 10:00 a.m. on April 11, 2002, in conference room 14C on the 14th Floor at the law offices of Shaw Pittman LLP, 1650 Tysons Boulevard, McLean, VA 22102. The deposition will be recorded by stenographic means and will continue day to day until completed.

Defendant's designated representative will be examined with respect to the matters set forth in the attached exhibit.

Dated: April 3, 2002

Respectfully submitted,

Alex D. Tomaszczuk

Alex D. Tomaszczuk
SHAW PITTMAN LLP
1650 Tysons Boulevard
McLean, VA 22102-4859
Telephone: 703.770.7940
Fax: 703.770.7901

Counsel of Record for Plaintiffs Florida Power & Light Company, Northern States Power Company, Duke Power, Indiana Michigan Power Company, Boston Edison Company, GPU Nuclear, Inc., Power Authority of the State of New York, Omaha Public Power District, and Nebraska Public Power District

**OF COUNSEL:**

Jay E. Silberg
Devon E. Hewitt
Daniel S. Herzfeld
Jack Y. Chu
SHAW PITTMAN LLP
2300 N Street, N.W.
Washington, DC 20037-1128

M. Stanford Blanton (by Alex D. Tomaszczuk)

M. Stanford Blanton
Balch & Bingham, LLP
1710 Sixth Avenue North
Birmingham, AL 35203
Tel: (205) 251-8100
Counsel of Record for Plaintiff:
Southern Nuclear Operating Company, et al.

Richard C. Johnson (by Alex D. Tomaszczuk)

Richard C. Johnson
Jenner & Block
601 13th Street, N.W.
Suite 1200 South
Washington, D.C. 20005
Tel: (202) 639-6075
Counsel of Record for Plaintiff:
Commonwealth Edison Company

Richard W. Oehler (by Alex D. Tomaszczuk)

Richard W. Oehler
Perkins Coie LLP
1201 Third Avenue, 40th Floor
Seattle, WA 98101-3099
Tel: (206) 583-8419
Counsel of Record for Plaintiff:
Wisconsin Electric Power Company

Melvin C. Garbow (by Alex D. Tomaszczuk)

Melvin C. Garbow
Arnold & Porter
555 12th Street, N.W.
Washington, D.C. 20004-1206
Tel: (202) 942-5666
Counsel of Record for Plaintiff:
Sacramento Municipal Utility District

Peter K. Shea (by Aly D. Thuesy[illegible])

Peter K. Shea
Office of General Counsel
Tennessee Valley Authority
400 West Summit Hill Drive
Knoxville, TN 37902-1401
Tel: (865) 632-7319
Counsel of Record for Plaintiff:
Tennessee Valley Authority

**EXHIBIT**

1. The rate of acceptance in estimates made by DOE from 1982 to 1987 in the areas of program cost, waste acceptance, transportation planning, and receiving capacity of the program and the basis for those estimates, as set forth in the following documents:

   A. 1985 Mission Plan (and all published drafts) including:

      i. December 1983 Draft
      ii. January 1984 Draft
      iii. April 1984 Draft

   B. Report on Financing the Disposal of Commercial Spent Nuclear Fuel and Processed High-Level Radioactive Waste (June 1983)

   C. Proceedings of the 1983 Civilian Radioactive Waste Management Information Meeting (February 1984)

   D. Fee Adequacy Assessment Report (March 1986)

   E. 1987 Annual Capacity Report

   F. Monitored Retrievable Storage; Submission to Congress (March 1987):

      i. The MRS Proposal
      ii. The Environmental Assessment
      iii. The Program Plan

2. The role and purpose of the Delivery Commitment Schedules ("DCS") and Final Delivery Schedules in the performance of the Standard Contract.

4. The purpose of Annual Capacity Reports and Acceptance Priority Rankings developed pursuant to the Standard Contracts and the basis for the acceptance rates contained therein.

6. The rate(s) of acceptance that DOE planned to use under the Standard Contract before DOE determined that it would not begin accepting SNF in a permanent repository in 1998.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3d day of April 2002, I caused a copy of the foregoing NOTICE OF DEPOSITION to be served by facsimile and by U.S. mail, postage prepaid, on:

Harold D. Lester, Jr.
Assistant Director
Commercial Litigation Branch
Civil Division
United States Department of Justice
Washington, D.C. 20530

Attention: Classification Unit
8th Floor, 1100 L Street, N.W.

Alex D. Tomaszczuk

Document # 1180086 v 1

**EXHIBIT**

3. DOE's responses to DCS forms submitted by the utility plaintiffs, including DOE's decision to stop approving such DCS forms.

5. DOE's consideration of its obligation to accept Greater-Than-Class-C waste.

7. The date that DOE currently believes that it will begin accepting fuel under the Standard Contract and the acceptance rate that DOE is planning to use once acceptance begins.

9. The role and purpose of the provision on priority for shutdown reactors in the performance of the Standard Contract.

# THOMAS POLLOG

# TAB 4

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| DAIRYLAND POWER COOPERATIVE,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. 04-106C<br><br>(Chief Judge Damich) |

NOTICE OF DEPOSITION

Please take notice that, pursuant to Rules 30(a)(1) and 30(b)(6) of the Rules of the Court of Federal Claims, plaintiff Dairyland Power Cooperative will take the deposition of Thomas Pollog upon oral examination before an officer authorized by law to administer oaths, commencing May 4, 2007, at Greenberg Traurig, LLP, 800 Connecticut Avenue, NW, Suite 500, Washington, DC 20006, commencing at 9:00 a.m., or at a time and place agreed upon between counsel for the parties, and continuing from day to day until completed.

Pursuant to RCFC 30(b)(6), defendant United States has designated Mr. Pollog to testify upon its behalf as to the following subjects:

1. The purpose and role of instructions the Department of Energy ("DOE") has issued for completing Delivery Commitment Schedules ("DCSs"), including the instructions issued in 1991 and in 2004.

2. The purpose and role of Annual Capacity Reports and Acceptance Priority Rankings under the Standard Contracts and the development of and basis for the acceptance rates contained therein.

DEPOSITION EXHIBIT 3

3. How DOE's rate and schedule for acceptance of spent fuel is determined under the Standard Contracts.

4. All efforts undertaken by or on behalf of DOE to examine the manner or process by which DOE would remove spent fuel from Dairyland's site.

5. The role, purpose and development of DOE's Transportation, Aging and Disposal Canister System ("TAD") and DOE's plans, if any, consistent with use of TAD to accept spent fuel stored in other containers.

April 19, 2007

Respectfully submitted,

JERRY STOUCK
Greenberg Traurig, LLP
800 Connecticut Avenue, NW
Suite 500
Washington, DC 20006
(202) 331-3173 (Telephone)
(202) 261-4751 (Facsimile)
*Counsel for Plaintiff*
DAIRYLAND POWER COOPERATIVE

Of Counsel:
Robert L. Shapiro
Kevin E. Stern
GREENBERG TRAURIG, LLP

DAVID ZABRANSKY

TAB 5

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| DAIRYLAND POWER COOPERATIVE, Plaintiff, v. UNITED STATES OF AMERICA, Defendant. | No. 04-106C (Chief Judge Damich) |

NOTICE OF DEPOSITION

Please take notice that, pursuant to Rules 30(a)(1) and 30(b)(6) of the Rules of the Court of Federal Claims, plaintiff Dairyland Power Cooperative will take the deposition of David Zabransky upon oral examination before an officer authorized by law to administer oaths, commencing May 3, 2007, at Greenberg Traurig, LLP, 800 Connecticut Avenue, NW, Suite 500, Washington, DC 20006, commencing at 9:00 a.m., or at a time and place agreed upon between counsel for the parties, and continuing from day to day until completed.

Pursuant to RCFC 30(b)(6), defendant United States has designated Mr. Zabransky to testify upon its behalf as to the following subjects:

1. The purpose and role of Delivery Commitment Schedules ("DCSs") and Final Delivery Schedules under the Standard Contracts.

2. The Department of Energy's ("DOE") responses to DCS forms submitted by the utility plaintiffs, including DOE's decision to stop approving such DCS forms.

3. DOE's purpose and intent in entering into the Standard Contracts.

4. DOE's understanding of the utilities' purpose and intent in entering into the Standard Contracts.

5. The purpose and role of exchanges under the Standard Contracts.

6. The purpose and role of the provision on priority for shutdown reactors under the Standard Contracts.

7. The purpose and role of the provisions of the Standard Contracts governing, and DOE's plans for, scheduling acceptance and acceptance of failed fuel, including failed fuel at Dairyland's site.

8. The schedule on which DOE plans to remove Dairyland's spent fuel pursuant to Dairyland's Standard Contract.

April 19, 2007

Respectfully submitted,

JERRY STOUCK
Greenberg Traurig, LLP
800 Connecticut Avenue, NW
Suite 500
Washington, DC 20006
(202) 331-3173 (Telephone)
(202) 261-4751 (Facsimile)
*Counsel for Plaintiff*
DAIRYLAND POWER COOPERATIVE

Of Counsel:
Robert L. Shapiro
Kevin E. Stern
GREENBERG TRAURIG, LLP

CERTIFICATE OF SERVICE

I certify that I caused a copy of the foregoing Notice of Deposition be served by facsimile and first class mail this 19th day of April 2007 on:

Russell A. Shultis
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Classification Unit, Eighth Floor
1100 L Street, N.W.
Washington, D.C. 20530

Kevin E. Stern

CERTIFICATE OF FILING

I hereby certify under penalty of perjury that on this 6th day of June, 2008, a copy of the foregoing "DEFENDANT'S RESPONSE TO PLAINTIFF'S NOTICE OF DEPOSITION AND TRIAL TESTIMONY DESIGNATIONS OR, ALTERNATIVELY, MOTION FOR LEAVE TO ADMIT PRIOR TESTIMONY INTO EVIDENCE" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Anthony W. Moses