# In the United States Court of Federal Claims

No. 04-106 C
(Filed: June 20, 2008)

| | |
|---|---|
| ************************************** | |
| | * |
| **DAIRYLAND POWER COOPERATIVE,** | * |
| | * |
| Plaintiff, | * |
| v. | * |
| | * |
| **THE UNITED STATES,** | * |
| | * |
| Defendant. | * |
| | * |
| ************************************** | |

**ORDER**

On April 29, 2008, Plaintiff, Dairyland Power Cooperative ("Dairyland"), filed a Notice of Deposition and Trial Testimony Designations or, Alternatively, Motion for Leave to Admit Prior Testimony into Evidence ("Pl.'s Mot. to Admit"). Defendant, the United States ("the Government"), filed Defendant's Response to Plaintiff's Notice of Deposition and Trial Testimony Designations or, Alternatively, Motion for Leave to Admit Prior Testimony into Evidence ("Def.'s Resp.") on June 6, 2008. Dairyland filed a reply on June 17, 2008. Dairyland seeks to introduce into evidence portions of deposition and trial testimony of fifteen witnesses pursuant to Rule 801(d)(2) of the Federal Rules of Evidence (Fed. R. Evid.). For the reasons set forth below Dairyland's Notice of Deposition and Trial Testimony Designations or Alternatively, Motion for Leave to Admit Prior Testimony into Evidence is GRANTED.

## I. Background

### A. Dairyland's Position

According to Dairyland the portions of deposition or trial testimony that it seeks to admit are from witnesses who are representatives or employees of the government. Pl.'s Mot. to Admit at 1. Dairyland argues that pursuant to Paragraph 15(b) of Appendix A of the Rules of the United States Court of Federal Claims (RCFC) a motion seeking leave to present substantive evidence by way of deposition transcript is not required because the testimony is an admission under Fed. R. Evid. 801(d).[1] Without conceding that a motion is required, Dairyland moves to

[1]Paragraph 15(b) of Appendix A states, "[a]ny party intending to present substantive evidence by way of deposition testimony, other than as provided by Fed. R. Evid. 801(d), shall

admit the testimony of fifteen witnesses. Pl.'s Mot. to Admit at 2. According to Dairyland, when offering deposition or trial testimony under Fed. R. Evid. 801(d)(2), the offering party need not show that the witness would be unavailable to testify at trial. *Id*. at 2 (citing *Globe Sav. Bank v. United States*, 61 Fed. Cl. 91, 96 (2004)). Rather to be admissible under Fed. R. Evid. 801(d)(2)(D) the statement must: (1) be offered against a party; (2) be made by the party's agent or servant; (3) concerning a matter within the scope of the agency or employment; and (4) made during the existence of the agency or employment relationship. Pl.'s Mot. to Admit at 2 (citing Fed. R. Evid. 801(d)(2)(D), *Globe Sav. Bank*, 61 Fed. Cl. at 97).

Dairyland contends that all fifteen of the testimony designations satisfy the requirement of Fed. R. Evid. 801(d)(2)(D). The testimony is being offered against the government, it was taken while the declarants were working as employees or agents of the government, and it is within the scope of the declarants' employment or agency relationship with the government. Pl.'s Mot. to Admit at 3. Dairyland urges the Court to allow this prior testimony because it will greatly expedite and simplify trial in this matter. *Id*.

### B. The Government's Position

The Government opposes Dairyland's request to admit as substantive evidence the deposition and trial testimony of "past and present Government employees." Def.'s Resp. at 1. According to the Government, pursuant to Paragraph 15(b) of Appendix A, Dairyland must show cause as to why the designated testimony should be admitted,[2] a burden that Dairyland has failed to meet. *Id*. The Government alleges that because six of the fifteen witnesses are listed as witnesses for either Dairyland or the Government, and these witnesses either will or may be called, there is no need for the admission of their designated testimony. *Id*. at 3. The Government also contends that Dairyland must show that the other nine witness are unavailable to testify at trial. *Id*. The Government argues that hearsay testimony is not a substitute for live testimony if the witness is available. *Id*. (citing *United States v. Mathis*, 559 F.2d 294, 299 (5th Cir. 1977).

---

serve and file a separate motion for leave to file the transcript of such testimony. The motion shall show cause why the deposition testimony should be admitted and identify specifically the portions of the transcript(s) that party intends to use at trial. See RCFC 32(a)(2) and (3). If the motion is granted, only those identified portions of the transcript may be filed. RCFC, Appendix A, Case Management Procedure, Paragraph 15(b).

[2]According to the Government, Dairyland is required to "show cause why the deposition testimony should be admitted and identify specifically the portions of the transcript(s) that party intends to use at trial." RCFC, Appendix A, Case Management Procedure, Paragraph 15(b). Dairyland argues because it seeks to admit the testimony pursuant to Fed. R. Evid. 801(d)(2), it is not required to show cause under the rules of this Court. *See Dairyland's Position, supra,* at1- 2.

In addition to the issues raised by the Government above, it is also asserted that Dairyland has not properly addressed the numerous objections that were raised during the depositions and found in Attachment A of the Government's response. *Id*. The Governments asks the Court to rule on each individual objection to the designated testimony and requests that the Court require the parties to read the designations into the record during the trial. *Id*. The Government also comments on *Globe Sav. Bank*, arguing that even if Dairyland's representation regarding the case "is correct, and deposition testimony satisfying the requirements of Fed. R. Evid. 801(d)(2) is admissible in cases where a witness is available to testify in person, the Court retains the discretion to preclude the wholesale introduction of designated testimony in order to avoid transforming the trial into matter of document review." *Id*. at 5 (citing *Globe Sav. Bank*, 61 Fed. Cl. at 97). The Government directs the Court to *Kolb v. County of Suffolk*, in support of the contention that allowing the admission of prior deposition and trial testimony of fifteen individuals amounts to a trial by deposition, which is strongly disfavored in the court. Def.'s Resp. at n4 (citing *Kolb v. County of Suffolk*, 109 F.R.D. 125, 127 (E.D.N.Y. 1985)).

## II. Analysis

Pursuant to this Court's Trial Preparation Order of February 21, 2008, the parties were required to submit "[a]ny motions, pursuant to Appendix A, ¶ 15(b), or designation pursuant to Fed. R. Evid. 801(d) to present substantive evidence by way of deposition testimony or prior trial testimony. Such motions shall list the pages of such transcripts and include copies of the listed pages." Trial Preparation Order of February 21, 2008, at 3. It is based on this Order that Dairyland filed its Notice of Deposition and Trial Testimony Designations or, Alternatively, Motion for Leave to Admit Prior Testimony into Evidence on April 29, 2008.

In the Trial Preparation Order of February 21, 2008, it is clear that the Court recognized the distinction between a motion required under Appendix A, ¶ 15(b) and a designation pursuant to Fed. R. Evid. 801(d). The filing of a motion is required under RCFC, Appendix A, ¶ 15(b), for "[a]ny party intending to present substantive evidence by way of deposition testimony, *other than as provided by Fed. R. Evid. 801(d)* . . . ." RCFC, Appendix A, Case Management Procedure, Paragraph 15(b) (emphasis added). As delineated in the Trial Preparation Order, designated testimony that is an admission by a party-opponent is excluded from the show cause requirement of RCFC, Appendix A, ¶ 15(b). *See Yankee Atomic Electric Company v. United States*, No.98-126C, at * 7 (September 21, 2004).

The Court now turns to whether the designated testimony is a non-hearsay admission by a party-opponent. The pertinent provisions of Fed. R. Evid. 801(d) specifically state:

> A statement is not hearsay if (2) Admission by a party-opponent. The statement is offered against a party and is . . . (C) a statement by a person authorized by the party to make a statement concerning the subject, or (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship.

Fed. R. Evid. 801(d)(2)(C), (D). Under Fed. R. Evid. 801(d), there is no requirement of unavailability of the declarant. *Globe Sav. Bank*, 61 Fed. Cl. at 95 ("the general rules that the witness must be shown unavailable for testifying in court does not apply to a party's use of his *party-opponent's deposition* . . . []for the simple reason that every statement of an opponent may be used against him as an admission . . . []the opponent's sworn statement, though a deposition, is no less an admission than any other statement of his." citing 5 John Henry Wigmore, *Evidence in Trials at Common Law* § 1415, at 243 (James H. Chadbourn ed., 1972)). Therefore, the fact that six of these witnesses may be called at trial has no bearing on the admissibility of the deposition or trial testimony.

According to Fed. R. Evid. 801(d)(2)(D), the deposition and trial testimony must be (1) offered against a party; (2) by a party's agent or employee; (3) concerning a matter within the scope of agency or employment; and (4) made during the existence of the relationship. *Globe Sav. Bank*, 61 Fed. Cl. at 97; *see also Wisconsin Electric Power Company v. United States*, No. 00-697C, at *21 (August 16, 2007). The Court finds that all of the testimony is offered against the Government, a point which the Government does not contest. Def.'s Resp. at 8-11. Therefore, the first prong of Fed. R. Evid. 801(d)(2)(D) has been satisfied for all fifteen individuals.

The Court will review the second and fourth requirement of Fed. R. Evid. 801(d)(2)(D) concurrently. In the instant case, the Government concedes that twelve of the individuals were government employees at the time of their deposition or trial testimony. Def.'s Resp. at 11. That leaves three individuals at issue. According to the Government, Robert Burgoyne, Billy Cole and Michael Lawrence, were contractors not employees of the Government at the time of their deposition or trial testimony. *Id*. at 10; *see also* Pl.'s Mot. to Admit at 5, 7, 9. Additionally, Mr. Cole was retired when he testified in 2002. The Court holds, based on the reasoning found in this Court's Order on the parties' motions *in limine* issued on June 20, 2008, that the "contractors at issue here are akin to employees that carried out DOE's contractual responsibilities under the Nuclear Waste Policy Act [NWPA] and the Standard Contract." Order on Motions *in Limine* of June 20, 2008 (citing *Yankee Atomic Elec. Co.*, 2004 U.S. Claims LEXIS 363, at *8). Therefore, all fifteen individuals were government employees or akin to government employees at the time of their testimony. Additionally, Mr. Cole's proposed testimony concerns matters regarding the time when he was a government contractor working with the Department of Energy. Therefore, the Court holds that Mr. Cole's retirement status at the time of his testimony goes to the weight not the admissibility of his testimony. *Wisconsin Electric Power Company*, No. 00-697C, at *26. The second prong that the statement be made by a party's agent or employee has been satisfied. Fed. R. Evid. 801(d)(2)(D). Additionally, the final prong of Fed. R. Evid. 801(d)(2)(D), that the statements have been made during the existence of the relationship, has been satisfied for all fifteen individuals.[3]

---

[3]To the extent that Mr. Cole's retirement status effects the final prong of Fed. R. Evid. 801(d)(2)(D), the Court also concludes that Mr. Cole's testimony may be admissible under Fed. R. Evid. 804 or Fed. R. Evid. 807.

The final issue remaining is whether the testimony concerns matters within the scope of the agency or employment. Fed. R. Evid. 801(d)(2)(D). The Government contends that Dairyland has failed to establish that "all of the proffered testimony was provided within the scope of these individuals' employment." Def.'s Resp. at 11. A brief review of the designated testimony reveals that most, if not all, of the testimony pertains to matters within the scope of the individuals' employment. At the time of the deposition and/or trial testimony counsel for the Government was present. To the extent that the Government determined that a question was outside the scope of the individuals' employment, counsel objected. *See, inter alia,* Pl.'s Mot. to Admit, App. A at 55, 56, 58, 66, 68, 118, 176. Additionally, the Government has provided objections to Dairyland's proposed designations. Def.'s Resp., Attachment A at 3-23. In reviewing the deposition and trial testimony the Court is aware of all current or previously raised objections; however, an objection does not foreclose the admissibility of the testimony. The Court holds that the designated deposition and/or trial testimony concerns matters within the scope of agency or employment. Fed. R. Evid. 801(d)(2)(D); *Globe Sav. Bank*, 61 Fed. Cl. at 97. Additionally, all objections will receive appropriate consideration. Therefore, the third prong of Fed. R. Evid. 801(d)(2)(D) has been satisfied for all fifteen individuals.

The Court concludes that Dairyland's deposition and trial testimony designations are admissions of a party-opponent under Fed. R. Evid. 801(d)(2)(D). Dairyland has properly filed its "designation pursuant to Fed. R. Evid. 801(d) to present substantive evidence by way of deposition testimony or prior trial testimony." Trial Preparation Order of February 21, 2008. Furthermore, Dairyland need not show cause why the deposition testimony should be admitted. RCFC, Appendix A, Case Management Procedure, Paragraph 15(b).

## III. Conclusion

For the reasons set forth above the deposition and trial transcripts designated by Dairyland on April 29, 2008, shall be admissible. To the extent there is a specific objection either within the deposition or trial transcript, or as part of the Attachment A of the Government's Response to Plaintiff's Notice of Deposition and Trial Testimony Designations the Court will give that objection appropriate consideration. The deposition and trial transcript shall not be read into the record. The Government shall file its proposed cross-designation of transcript pages on or before June 23, 2008, as previously ordered.

s/ Edward J. Damich
EDWARD J. DAMICH
Chief Judge