IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Electronically filed: June 26, 2008

| | | |
|---|---|---|
| DAIRYLAND POWER COOPERATIVE, | ) | |
| Plaintiff, | ) | No. 04-0106C |
| v. | ) | (Chief Judge Damich) |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

DAIRYLAND'S MOTION TO PRECLUDE ADMISSION OF DEFENDANT'S CROSS-DESIGNATIONS OF TESTIMONY AND REQUEST FOR EXPEDITED CONSIDERATION

Dairyland moves to preclude, as improper and inadmissible hearsay, the government's cross-designations of deposition and prior trial testimony. These cross-designations go far beyond the scope of Dairyland's designations and represent an improper attempt to introduce as evidence inadmissible hearsay. The Court should also preclude the government's cross-designation submission because it is procedurally defective; the government provides no method for Dairyland or the Court to determine which of Dairyland's testimony designations the government's cross-designations relate to, and no explanation of why its cross-designations are admissible. The government has had ample time to make a proper submission of cross-designations and has failed to do so. Accordingly, the government's cross-designations should be precluded.

Dairyland requests that this motion be granted expedited consideration considering the imminence of trial and the Court's prior ruling that cross-designations, if submitted, must be submitted before trial.

DISCUSSION

The government's cross-designations must be precluded because they do not fall under any of the proper grounds for admissibility under RCFC 32(a)(4) or Federal Rule of Evidence ("FRE") 106. Pursuant to RCFC 32(a)(4), "[i]f only part of a deposition is offered in evidence by a party, an adverse party may require the offeror to introduce any other part which ought in fairness to be considered with the part introduced…." FRE 106 provides that "[w]hen a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of another part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it." Fed. R. Evid. 106.[1]

Both RCFC 32(a)(4) and FRE 106 embody the rule of "completeness." *See* FRE 106 Advisory Committee Note. Although the rule of completeness "encourages completeness in writings or recordings, it restricts a requirement of completeness by the qualification that the portion sought to be admitted must be relevant to the issues, and *only the parts which qualify or explain the subject matter of the portion offered by the opponent* need be admitted." *United States v. Crosby,* 713 F.2d 1066, 1074 (5th Cir. 1983) (citation omitted) (emphasis added); *see also United States v. Soures*, 736 F.2d 87, 91 (3d Cir. 1984) ("The Rule [of completeness] does not require introduction of portions of a statement that are neither explanatory of nor relevant to the passages that have been admitted."); *In re Pagnotti*, 269 B.R. 326, 331 (Bankr. M.D. Pa. 2001) ("The Rules[s] do[] not require the introduction of portions of a statement that are neither explanatory of nor relevant to passages already admitted. [I]t is often perfectly proper to admit segments of prior testimony without including everything, and adverse parties are not entitled to

[1] Of course, to be admissible, any deposition testimony must qualify under a rule of evidence, such as FRE 106. *See Globe Savings Bank, FSB v. United States*, 61 Fed. Cl. 91, 95-96 (2004) (FRE 801 imposes admissibility requirements separate from RCFC 32).

offer additional segments just because they are there and the proponent has not offered them.") (citations omitted)). The rules "do[ ] not permit defendant to designate portions of the deposition testimony that *are irrelevant or prejudicial*, or portions that are *wholly unrelated* to discreet issues raised by plaintiff's own designations." *Anchor Savings Bank, FSB v. United States*, No. 95-39 C, 2005 WL 6112617, at *7 (2005) (emphasis added). And they do not "give defendant *carte blanche* to introduce wholesale deposition testimony that it might not otherwise be able to proffer because of the limitations of the hearsay rules." *Id.*

Here, the government's cross-designations are neither relevant to nor related to "discreet issues" raised in Dairyland's designations. Rather, the government is improperly attempting to use its cross-designations as a vehicle to introduce pages and pages of deposition testimony concerning a variety of unrelated topics and issues that are not addressed in Dairyland's designations. As a result, the government's purported "cross-designations" of testimony by current or former government employees and contractors, which go far beyond the scope of Dairyland's designations, are inadmissible hearsay that should not be a part of the trial record. Indeed, the government's broad attempt to misuse cross-designations here is ironic given the government's prior insistence that all witnesses should testify live. *See* Defendant's Response to Plaintiff's Notice of Deposition and Trial Testimony Designations or Alternatively, Motion for Leave to Admit Prior Testimony into Evidence at pp. 3-7 (June 6, 2008).

Moreover, the government's submission provides no basis for Dairyland, much less this Court, to evaluate whether the government's cross-designations are proper because the government (1) did not relate its cross-designations to particular Dairyland designations, and (2) did not provide any explanation of how the cross-designations are admissible and satisfy the rule of completeness. Instead, the government has merely listed dozens and dozens of passages (487

in total) from depositions and prior trial testimony of its own witnesses – with no correlation to any particular designation by Dairyland and no explanation whatsoever of why each cross-designation should be admissible. As the moving party, the government bears the burden of making a prima facie showing that its cross-designations are relevant, admissible and satisfy the rule of completeness. Dairyland should not have to bear the undue burden and cost of attempting to determine in the first instance which (if any) of the dozens of portions of testimony the government is cross-designating relates to each of Dairyland's designations. Nor should Dairyland have to guess at the reasons why the government asserts that each cross-designation is admissible. Yet given the government's "bare bones" submission – essentially, just a list of purported cross-designations – the government evidently expects that Dairyland, and ultimately the Court, will guess at those matters.[2]

A random sampling by Dairyland shows that the government's proposed cross-designations bear no relation to the testimony Dairyland designated. For example, the great majority of Dairyland's eight testimony designations from Lake Barrett's April 22, 2002 deposition address the development of a MRS facility in the early 1990's and whether 3000 MTU was a reasonable annual rate of acceptance of spent fuel. *See* Dairyland's Notice of Deposition and Trial Testimony Designations or, Alternatively, Motion for Leave to Admit Prior Testimony into Evidence at A50-69, Apr. 29, 2008. In response, the government submits seventeen cross-designations from various non-contiguous parts of Mr. Barrett's deposition, covering topics which are beyond the scope of Dairyland's designations, such as testimony on

[2] Indeed, ¶15(b) of Appendix A states that "Any party intending to present substantive evidence by way of deposition testimony, other than as provided by Fed. R. Evid 801(d), shall serve and file a separate motion for leave to file the transcript of such testimony. The motion shall show cause why the deposition testimony should be admitted and identify specifically the portions of the transcript(s) the party intends to use at trial…." The government has not satisfied this requirement either.

the statutory linkages in the 1987 amendment to the NWPA. *See* Defendant's Cross-Designations of Deposition and Prior Trial Testimony Transcripts, Lake Barrett's April 22, 2002 deposition attached thereto, June 23, 2008.

In addition, the government has not satisfied its burden to explain why its specific cross-designations are admissible.[3] The *only* possible basis for admission of the hearsay testimony of the government's witnesses in the cross-designations is RCFC 32(a)(4)'s and FRE 106's narrow exception based on the rule of completeness. Yet the government has made no effort to explain, or provide the tools for Dairyland or the Court to determine, whether the rule of completeness is satisfied. The government instead attempts to dump hundreds of pages of inadmissible and self-serving hearsay into the record without any justification. Because the government has not explained why any of its cross-designations are admissible, and because it is the government's burden to establish the admissibility of evidence it proffers, these cross-designations must all be precluded.

The government has had more than enough time to review Dairyland's designations and submit proper cross-designations. The government has had Dairyland's Motion for Leave to Admit Prior Testimony into Evidence for nearly two months, since April 29, 2008, and has had the full pretrial schedule for four months, as set forth in the Trial Preparation Order of February 21, 2008. In setting the June 23, 2008 due date for the cross-designations, the Court recognized in its May 30, 2008 Order that the government "has been aware of the schedule for several months and has also *had ample time to review and prepare a response* to Dairyland's motion." Order at 2, May 30, 2008 (emphasis added).

[3] By contrast, as reflected in the Court's Order of June 20, 2008, Dairyland has satisfied its burden and provided the government and this Court admissible designations of prior deposition and trial testimony by government personnel together with a full explanation of the purpose of, and the evidentiary basis for the submission of those designations.

Because the government has had ample time to properly respond, and because the date for its cross-designation submission has passed, the government's cross-designations should be precluded in their entirety. The government should not be afforded additional time to correct its defects because that would, in effect, reward the government's failure to make a proper submission in the first place or to explain why its cross-designations are proper, and also would reward the government's attempt to undermine the Court's ruling that any cross-designations be properly submitted before trial.[4]

CONCLUSION

Accordingly, the Court should preclude the entirety of the government's cross-designations, as well as any corresponding exhibits that the government is seeking to introduce through such cross-designations, from entering the evidentiary record in this case. Failure to do so would be improper because absent a proper showing to the contrary – which the government has not made – the cross-designation testimony is inadmissible hearsay. The government should not be rewarded for its failure to relate *any* of its cross-designations to the specific testimony designated by Dairyland, much less its failure to provide an explanation for the basis for its admission, or to properly provide its cross-designations on the pre-trial date set by the Court.

In addition, Dairyland respectfully requests expedited consideration of this Motion due to the close proximity of the start of trial. To facilitate such expedited consideration, the Court should require a response from the government within three business days if the Court does not summarily grant Dairyland's motion.

[4] The Court specifically rejected the government's previous request to provide its cross-designations after trial. *See* Hearing Tr. 138-142, May 29, 2008; Order, May 30, 2008. The government now should not be allowed to circumvent the Court's ruling by making it impracticable (at least for Dairyland) to determine before trial which cross-designations are admissible.

Dated: June 26, 2008

Respectfully submitted,

s/ Jerry Stouck
JERRY STOUCK
Greenberg Traurig, LLP
2101 L Street, NW
Suite 1000
Washington, DC 20037
(202) 331-3100 (Telephone)
(202) 261-4751 (Facsimile)
*Counsel for Plaintiff*
DAIRYLAND POWER COOPERATIVE

Of Counsel:
Robert L. Shapiro
Kevin E. Stern
GREENBERG TRAURIG, LLP