# In the United States Court of Federal Claims

No. 04-106 C
(Filed: July 2, 2008)

**************************************

DAIRYLAND POWER COOPERATIVE,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

**************************************

**ORDER**

On June 26, 2008, Plaintiff, Dairyland Power Cooperative ("Dairyland"), filed a Motion to Preclude Admission of Defendant's Cross-Designations of Testimony ("Pl.'s Mot. to Preclude"). Defendant, the United States ("the Government"), has not yet responded. Dairyland seeks to preclude the Government's cross-designations of deposition and prior trial testimony filed on June 23, 2008. For the reasons set forth below, Dairyland's Motion to Preclude Admission of Defendant's Cross-Designation of Testimony is DENIED.

Pursuant to this Court's Trial Preparation Order of February 21, 2008, the parties were required to submit "[a]ny motions, pursuant to Appendix A, ¶ 15(b), or designation pursuant to Fed. R. Evid. 801(d) to present substantive evidence by way of deposition testimony or prior trial testimony. Such motions shall list the pages of such transcripts and include copies of the listed pages." Dairyland filed its proposed designations on April 29, 2008. The Government was given until June 23, 2008, to file proposed cross-designations of transcript pages.

In the instant motion, Dairyland contends that the Rules of the United States Court of Federal Claims ("RCFC") 32(a)(4)[1] and Federal Rules of Evidence ("Fed. R. Evid.") 106[2]

---

[1]According to RCFC 32(a)(4), "[i]f only part of a deposition is offered in evidence by a party, an adverse party may require the offeror to introduce any other part which ought in fairness to be considered with the part introduced, and any party may introduce any other parts." RCFC 32(a)(4).

[2]Fed. R. Evid. 106 states, "[w]hen a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part

preclude the Government's cross-designations. According to Dairyland the cross-designations go beyond the scope of Dairyland's designations and represent an improper attempt to introduce as evidence inadmissible hearsay. Pl's Mot. to Preclude at 1.

Upon consideration of the Government's cross-designated deposition and trial transcripts and the arguments by Dairyland, the Court is not persuaded that the Government's cross-designations are beyond the scope of Dairyland's designations. Additionally, based on the reasoning found in the Order of June 20, 2008, the Court holds that the cross-designations are not impermissible hearsay. Therefore, the cross-designated deposition and trial transcripts filed by the Government on June 23, 2008, shall be admissible. To the extent there is a specific objection within the deposition or trial transcript the Court will give that objection appropriate consideration.

s/ Edward J. Damich
EDWARD J. DAMICH
Chief Judge

or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it." Fed. R. Evid. 106.